# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker,

　　　　　Debtor.

BKY No. 09-50779

Chapter 7

NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR EXPEDITED HEARING

---

TO:　ENTITIES SPECIFIED IN LOCAL RULE 9013-3

　　1.　Randall L. Seaver, the Chapter 7 Trustee herein, moves the Court for the relief request below and gives Notice of hearing herewith.

　　2.　The Court will hold a hearing on this motion at 3:30 p.m. on June 18, 2009 Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 or as soon thereafter as counsel can be heard. Under applicable rules, any objection must be in writing, be delivered to the Trustee and the United States Trustee. Because of the expedited nature of this hearing, the Trustee will not object, as to timeliness, to any response. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

　　3.　This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Fed.R.Bankr.P. 5005, and Local Rule 1070-1. The petition commencing this chapter 7 case was filed on June 4, 2009. The case is now pending in this court.

　　4.　This Motion arises under Fed.R.Bankr.P. 9019, Local Rule 9019-1 and is filed under Local Rules 9013-2 and 9013-5. The Trustee requests relief with respect to certain purchase agreements and a personal services agreement involving entities in which he is a majority shareholder as a result of Dennis E. Hecker's ("**Debtor**") bankruptcy filing. The Trustee does not anticipate any party will contest this Motion.

　　5.　The Trustee learned, upon the commencement of this case, that there was a pending sale of a dealership, Inver Grove Motors, LLC d/b/a Denny Hecker's Inver Grove

Toyota (the "**Dealership**") to Midwest Motors, LLC (the "**Buyer**") and the underlying parcels of real estate (the "**Real Estate**") to LKMCD Properties, LLC. The Dealership is owned by Inver Grove Motors LLC, a wholly owned subsidiary of Inver Grove Holding, LLC, which is owned 99% by Debtor and 1% by Inver Grove Investments, Inc., which is owned 100% by Debtor.

6. The real estate is owned by Jacob Holdings of Akron Avenue LCC and Jacob Holdings of Highway 110 LLC, respectively (the "**Jacob Entities**"). The Jacob Entities are owned by a parent entity, Jacobs Properties of Minnesota, LLC, which is 91% owned by Debtor, 5% owned by Rosedale Dodge, Inc., which is owned 100% by Debtor, and 4% trusts for the benefit of Debtor's four children (each trust owns 1%).

7. The Trustee has communicated with Debtor, his counsel and certain interested parties and believes that the sales should proceed as contemplated under the controlling agreements. Secured creditors appear to be receiving the proceeds of sale except where those secured creditors have agreed to a "carve out" to pay the expenses of the dealerships or transaction costs. Debtor is not receiving proceeds from the sale of the assets except as provided in the PSA (as defined below).

8. The Buyer has an agreement to pay Debtor over the course of four years the sum of $1,000,000.00 in what has been labeled a "Personal Services Agreement" (the "**PSA**"). The payments shall be referred to as the "**Hecker Payments**." The Debtor and the Trustee disagree as to the nature of the PSA with the Trustee asserting that the funds paid pursuant to the PSA are rightfully property of the estate.

9. The Trustee has been informed that the Buyer and its title company have required an Order of this Court approving corporate officers to execute resolutions to effectuate the contemplated transactions.

10. The Trustee believes that the closing of these transactions is in the best interest of the estate and its creditors as it creates obligations under the PSA which, the Trustee believes, will inure to the benefit of the estate.

11. Pursuant to the Settlement Agreement, attached hereto as Exhibit 1, the funds paid pursuant to the PSA will be paid to the Trustee until further Order of this Court.

12. Expedited approval of the proposed Settlement is required as Debtor cannot operate the subject dealership and its value, including its franchise, are in jeopardy should the Dealership "go dark."

13. If required, the Trustee gives notice that he may call himself as a witness at the hearing of this matter together with a representative to any or all parties to the underlying transactions.

WHEREFORE, the Trustee requests an Order of the court:

1. Granting the Trustee's motion for expedited hearing.

2. Granting the Trustee's motion for approval of the Settlement Agreement.

3. Approving the Trustee's authorizations in the Settlement Agreement for the appropriate corporate officers to sign such documents as are necessary to effectuate the terms of the Settlement Agreement.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

Dated: June 16, 2009

By: /e/ Matthew R. Burton
_____
Matthew R. Burton
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

# VERIFICATION

      I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker named in the foregoing Notice of Hearing and Motion for Approval of Settlement Agreement and Expedited Hearing declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

                                                          /e/ Randall L. Seaver

Executed on June 16, 2009                                   _____

                                                          Randall L. Seaver, Trustee

403251

EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Agreement**") is entered into between Randall L. Seaver, Trustee ("**Trustee**"), Dennis E. Hecker ("**Debtor**"), Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota ("**IGM**"), Jacob Holdings of Highway 110 LLC ("**JH-110**"), Jacob Holdings of Akron Avenue LLC ("**JH-Akron**," and together with IGM and JH-110, the "**Seller**"), LKMCD Properties, LLC ("**LKMCD**"), and Midwest Motors, LLC ("**Buyer**") and their respective successors and assigns (collectively referred to as the "**Parties**").

WHEREAS, on or about April 16, 2009, Debtor, IGM and Buyer's predecessor executed an Asset Purchase Agreement (the "**Purchase Agreement**") for the sale of substantially all of the operating assets of a Toyota and Scion automobile dealership operated by IGM;

WHEREAS, Toyota Motor Sales, U.S.A., Inc. ("**Toyota**") exercised its right of first refusal under the Purchase Agreement and Buyer has replaced its predecessor to the transaction;

WHEREAS, in addition to the purchase of the business pursuant to the Purchase Agreement by Buyer, LKMCD is purchasing the underlying real estate pursuant to **two Real Estate Purchase Agreements** (together, the "**Real Estate Purchase Agreements**");

WHEREAS, that, aside from the payments identified in the Purchase Agreement, which have the consent of the secured creditors, all proceeds of the aforementioned sales will be paid to secured creditors of the Seller, namely Home Federal Savings Bank; Chrysler Financial Services Americas, LLC; Toyota Motor Credit Corporation; and Toyota Financial Savings Bank, and Debtor is not entitled to and will not receive any payments under the Purchase Agreement or Real Estate Purchase Agreements;

WHEREAS, a Personal Services Agreement ("**PSA**") contemplated by the Purchase Agreement provides for payments to Debtor totaling $1,000,000.00 over four years for personal services provided by Debtor after the closing on the Purchase Agreement (the "**Hecker Payments**");

WHEREAS, the Trustee has objected to the Hecker Payments due to Debtor pursuant to the PSA, claiming that the funds are property of the estate;

WHERAS, the Parties believe that it is in all of their best interests that the sale of the business and real estate to close under the terms of the Purchase Agreement, Real Estate Purchase Agreements and related agreements as soon as possible in order for the business to operate without interruption and to maintain its value;

WHEREAS, the Buyer and the title company insuring Buyer's interest in the real estate have insisted upon a Court order approving of this stipulation and corporate authorizations provided herein as a result of Debtor filing for bankruptcy;

WHEREAS, the Parties consider the reservation of the issue of the Hecker Payments to Debtor and the non-objection of the Trustee to the sale proceeding to be a settlement with respect to the aforementioned transactions;

WHEREAS, Debtor's case was commenced on June 4, 2009, before the closing could occur;

WHEREAS, neither Debtor nor Seller executed a corporate authorization for Debtor or other representative of Seller to execute and deliver a deed to the underlying real estate**;**

NOW, THEREFORE, in consideration of the foregoing recitals, the covenants undertaken herein and for other good and valuable consideration, the parties make the following:

**STIPULATION**

1. In his capacity as majority shareholder of IGM and the Seller, the Trustee authorizes and consents to the closing of the Purchase Agreement and PSA, as well as the execution and delivery of any ancillary agreements or corporate authorizations necessary or appropriate to effectuate the terms of the Purchase Agreement and the PSA.

2. In his capacity as majority shareholder of JH-Akron and JH-110, the Trustee authorizes and consents to the closing of the Real Estate Purchase Agreements, as well as the execution and delivery of any ancillary agreements or corporate authorizations necessary or appropriate to effectuate the terms of the Real Estate Purchase Agreements.

3. Paragraphs 1 and 2 of this Stipulation are contingent upon the treatment of the Hecker Payments as provided in paragraphs 4 and 5 of this Stipulation.

4. All payments due Debtor pursuant the PSA and Purchase Agreement (if any), including the Hecker Payments, shall be paid to the Trustee pending further Order of this Court. Such payments shall be without prejudice to Buyer, Hecker, or the Trustee as to the party entitled to such payments.

5. Buyer, Debtor, and the Trustee reserve all rights and claims with respect to the PSA and the payments, if any, paid thereunder, including, but not limited to: (i) whether or not the PSA is an executory contract and whether such contract is susceptible to assumption or assumption and assignment by the Trustee under Bankruptcy Code section 365 and (ii) whether or not the Hecker Payments are property of the estate under section 541 of the Bankruptcy Code. Buyer, Debtor, and the Trustee further agree that entry into this stipulation does not and shall not be deemed to be a waiver or release any rights or claims of Buyer, Debtor, or the Trustee.

6. The reservations set forth in paragraph 5 of this Stipulation are for the limited purpose of disputing entitlement to the Hecker Payments. The Trustee and Debtor hereby waive and forever release any and all claims, rights, and interests that may exist to any of the real property, personal property, intangible assets, goodwill and other Dealership Assets and Property more particularly described and defined in the Purchase Agreement and Real Estate Purchase Agreements, and funds and other consideration given to close the Purchase Agreement and Real Estate Purchase Agreements.

4. The undersigned, by execution hereof, state that they have reviewed this Agreement with their respective legal counsel, if any, and that they understand and fully agree to each, all, and every provision hereof, and hereby acknowledge receiving a copy hereof.

5. This Agreement shall be construed under the laws of the State of Minnesota and is subject to final approval of the United States Bankruptcy Court. If such approval is not obtained for lack of jurisdiction, this Agreement is binding on the parties and fully enforceable. If such approval is not obtained for any other reason, this Agreement shall be null and void.

6. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives and their respective legal counsel.

7. This Agreement is valid if executed in counterparts which if read together constitute a fully executed Agreement.

| | |
|---|---|
| Dated: _____, 2009 | By /s/ _____ <br> Randall L. Seaver, Trustee |
| Dated: _____, 2009 | By /s/ _____ <br> Dennis E. Hecker |

**INVER GROVE MOTORS LLC D/B/A DENNY HECKER'S INVER GROVE TOYOTA**

| | |
|---|---|
| Dated: _____, 2009 | By: /s/ _____ <br><br> Its: _____ |

**JACOB HOLDINGS OF HIGHWAY 110 LLC**

| | |
|---|---|
| Dated: _____, 2009 | By: /s/ _____ <br><br> Its: _____ |

**JACOB HOLDINGS OF AKRON AVENUE LLC**

| | |
|---|---|
| Dated: _____, 2009 | By: /s/ _____ <br><br> Its: _____ |

**MIDWEST MOTORS, LLC**

| | |
|---|---|
| Dated: _____, 2009 | By: /s/ _____ <br><br> Its: _____ |

**LKMCD PROPERTIES, LLC**

| | |
|---|---|
| Dated: _____, 2009 | By: /s/ _____ <br><br> Its: _____ |

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

------------------------------------------------

BKY No. 09-50779

In re:

                                                                     Chapter 7

Dennis E. Hecker,

        Debtor.

------------------------------------------------

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2009, I caused the following documents:

*Notice of Motion and Motion for Approval of Settlement Agreement and for Expedited Hearing and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Monica L. Clark | clark.monica@dorseylaw.com |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Stephen F Grinnell | stephen.grinnell@gpmlaw.com |
| Douglas W. Kassebaum | dkassebaum@fredlaw.com, scharter@fredlaw.com |
| Connie Lahn | connie.lahn@fmjlaw.com, Aong.Moua@fmjlaw.com |
| Thomas Lallier | tlallier@foleymansfield.com |
| Nauni J. Manty | ecf@mantylaw.com |
| Jamie R. Pierce | jpierce@hinshawlaw.com, |
| Craig E. Reimer | creimer@mayerbrown.com, samahdi@mayerbrown.com; srozen@mayerbrown.com;hroin@mayerbrown.com |
| David E. Runck | david.runck@fmjlaw.com, Aong.Moua@fmjlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |

I further certify that I caused a copy of the foregoing documents to be e-mailed to the following:

| | |
|---|---|
| Andrew Moratzka | apm@mcmlaw.com |
| William O'Brien | wjo@mcmlaw.com |
| Gregory Taddonio | GTaddonio@ReedSmith.com |
| Bruce Parker | BJP@kskpa.com |
| Joseph W. Lawver | jlawver@messerlikramer.com |

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

**SEE ATTACHED SERVICE LIST**

Dated: June 16, 2009

/e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

403257

DENNIS E. HECKER
SERVICE LIST
BKY CASE NO. 09-50779

| | |
|---|---|
| ACE INSURANCE COMPANY<br>P.O. BOX 294836<br>CLEVELAND OH 44101 | BARBARA LYNN CUTTER<br>2350 S BEVERLY GLEN BLVD #5<br>W LOS ANGELES CA 90064 |
| ALLEN EIDE<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 | BAYPORT MARINA ASSOCIATION<br>200 5TH STREET<br>BAYPORT MN 55003 |
| ALLIANCE BANK<br>55 EAST 5TH STREET, SUITE 115<br>ST. PAUL MN 55101 | BELLAGIO<br>3600 LAS VEGAS BLVD<br>LAS VEGAS NV 89109 |
| AMERICAN BANK<br>1060 DAKOTA DRIVE<br>MENDOTA HEIGHTS MN 55120 | BREMER BANK<br>633 SOUTH CONCORD STREET,<br>SUITE 350<br>SOUTH ST. PAUL MN 55075 |
| AMERICAN EXPRESS<br>P. O. BOX 0001<br>LOS ANGELES CA 90096 | BRIGGS & MORGAN PA<br>2200 IDS CENTER<br>MINNEAPOLIS MN 55402 |
| ANCHOR BANK<br>1570 CONCORDIA AVE<br>SAINT PAUL MN 55104 | C AND C BOAT WORKS<br>36448 CTY RD 66<br>CROSSLAKE MN 56442 |
| ANCHOR BANK<br>P.O. BOX 7933<br>MADISON WI 53707 | CARLTON FINANCIAL<br>CORPORATION<br>1907 E. WAYZATA BLVD. SUITE 180<br>WAYZATA MN 55391 |
| ASSOCIATED BANK<br>IDS CENTER<br>740 MARQUETTE AVENUE<br>MINNEAPOLIS MN 55402 | CENTER POINT ENERGY<br>P.O. BOX 1144<br>MINNEAPOLIS MN 55440 |
| AXLE CAPITAL, LLC / SAGECREST<br>3 PICKWICK PLAZA<br>GREENWICH CT 06830 | CESSNA AIRCRAFT COMPANY<br>P.O. BOX 12270<br>WICHITA KS 67277 |
| BANK OF THE WEST<br>P.O. BOX 65020<br>WEST DES MOINES IA 50265 | CITY OF ASPEN<br>130 S. GALENA ST.<br>ASPEN CO 81611 |

| | |
|---|---|
| CITY OF BAYPORT<br>294 N. 3RD STREET<br>BAYPORT MN 55003 | GE CAPITAL<br>1415 WEST 22ND STREET, #600<br>OAKBROOK IL 60523 |
| COMMUNITY NATIONAL BANK<br>845 EAST COUNTY ROAD E<br>VADNAIS HEIGHTS MN 55127 | GE CAPITAL, FLEET SERVICES<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE MN 55344 |
| COOPERATIVE POWER<br>P.O. BOX 69<br>TWO HARBORS MN 55616 | GEMB LENDING, INC.<br>P.O. BOX 57091<br>IRVINE CA 92619 |
| CORNERSTONE BANK<br>2627 SOUTH UNIVERSITY<br>FARGO ND 58103 | GMAC MORTGAGE<br>9661 W. 143RD STREET<br>SUITE 200<br>ORLAND PARK IL 60462 |
| CROSSLAKE PROPERTY SOLUTIONS<br>P.O. BOX 810<br>CROSSLAKE MN 56442 | GMAC MORTGAGE<br>P.O. BOX 4622<br>WATERLOO IA 50704 |
| CROWN BANK<br>6600 FRANCE AVENUE SOUTH, SUITE 125<br>EDINA MN 55435 | GMAC, LLC<br>15303 94TH AVENUE<br>ORLAND PARK IL 60462 |
| DEERWOOD BANK<br>P.O. BOX 527<br>724 W. WASHINGTON STREET<br>BRAINERD MN 56401 | HOLY CROSS ENERGY<br>3799 HWY 82<br>GLENWOOD SPRINGS CO 81602 |
| DON GILBERT<br>1700 PHEASANT RUN<br>HUDSON WI 54016 | HYUNDAI MOTOR FINANCE COMPANY<br>10550 TALBERT AVENUE<br>MOUNTAIN VALLEY CA 92708 |
| ENCORE BANK<br>3003 TAMIAMI TRAIL NORTH, SUITE 100<br>NAPLES FL 34103 | INTER BANK<br>P.O. BOX 986<br>NEWARK NJ 07184 |
| FIFTH THIRD BANK<br>999 VANDERBILT BEACH, 7TH FLOOR<br>MD B9997E<br>NAPLES FL 34108 | INTERBANK EDINA<br>3400 WEST 66TH ST., #100<br>EDINA MN 55435 |
| | IRS<br>DEPARTMENT OF TREASURY<br>OGDEN UT 84201 |

JC BROMAC
11860 S. LA CIENEGA BLVD.
LOS ANGELES CA 90250

JOHN J. SORCI TRUST
2300 EAST VALLEY COURT
SAN JOSE CA 95148

JP MORGAN CHASE BANK, N.A.
726 MADISON AVENUE
NEW YORK NY 10021

KAPLAN STRANGIS & KAPLAN PA
5500 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

KLEINBANK
14141 GLENDALE ROAD
SAVAGE MN 55378

LAKE BANK, N.A., THE
613 FIRST AVENUE
TWO HARBORS MN 55616

LLOYD SECURITY
1097 10TH SE
MINNEAPOLIS MN 55414

M&I BANK
770 N. WATER STREET
MILWAUKEE WI 53202

MAC OF PINE CITY, LLC
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

MARC E TRESSLER
3400 BARBARA LN
BURNSVILLE MN 55337

MARSHALL BANK FIRST
225 SOUTH SIXTH STREET, #2900
MINNEAPOLIS MN 55402

MIKDEN PROPERTIES
7002 6TH STREET NORTH
OAKDALE MN 55128

MIRAGE
3400 LAS VEGAS BLVD
LAS VEGAS NV 89109

MOSS AND BARNETT
4800 WELLS FARGO CENTER
90 S. 7TH STREET
MINNEAPOLIS MN 55402

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

R. OLSON / WATERFORD PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK/FIRST FEDERAL SAVINGS BAN
CROSSLAKE - LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIS YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TOYOTA FINANCIAL SAVINGS BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

DENNIS E. HECKER
PO BOX 1017
CROSSLAKE, MN 56442

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV 89121

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---------------------------------------------

In re:

Dennis E. Hecker,

        Debtor.

---------------------------------------------

BKY No. 09-50779

Chapter 7

**ORDER**

This case is before the court on the Trustee's Expedited Motion for Approval of a Settlement Agreement filed by Randall L. Seaver, Trustee.

Based on the motion and the file and the court being fully advised in the premises,

IT IS ORDERED:

1.     The Trustee's motion for expedited relief is granted.

2.     The Trustee's Settlement with Dennis E. Hecker, Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, Jacob Holdings of Akron Avenue LLC, LKMCD, LLC and Midwest Motors, LLC (the "**Settlement Agreement**") is approved.

3.     The Trustee's authorizations in the Settlement Agreement for the appropriate corporate officers to sign such documents as are necessary to effectuate the terms of the Settlement Agreement are approved.

                                              BY THE COURT:

Dated: _____         _____
                                                  Robert J. Kressel
                                                  U.S. Bankruptcy Judge

403250