## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                      BKY No.:  09-50779

Dennis E. Hecker,                                           Chapter 7

        Debtor.

---

                                        Adv. Case No.:  09-5___

Randall L. Seaver, Trustee,

        Plaintiff,

vs.                                                         **ADVERSARY COMPLAINT**

Sydney Holdings of Crosslake LLC, Jacob Properties
Of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

        Defendants.

---

        Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Defendants Sydney Holdings of Crosslake LLC ("**Sydney**") and RiverWood Bank, f/k/a First Federal Savings Bank ("**RiverWood**") (collectively, "Defendants")  states and alleges as follows:

        1.      The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

        2.      This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

        3.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.  This case arises under 11 U.S.C. §105 and Bankr. Rule 7001(9).

5.      RiverWood extended credit to an entity controlled by the Debtor, Jacob Holdings of Edgewood, LLC ("**JHE**") on or about August 31, 2007 (the "**Note**").

6.      Each JHE and Sydney are owned by Jacob Properties of Minnesota LLC ("**JPM**"), which is substantially owned or controlled by the Debtor.

7.      Neither JHE nor Sydney operate as a business, but simply nominally hold real estate for the benefit of the Debtor.

8.      On information and belief, all of the costs of operation for JHE and Sydney were funded by the Debtor, not their own operations.

9.      Debtor has testified the purpose of limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

10.     Sydney is the owner of record of 34515 Happy Landing Road, Crosslake, MN 56442 (the "**Real Estate**") which is currently listed on the market for $495,000.00.

11.     Prior to March 31, 2009, the Real Estate was subject to a mortgage in favor of RiverWood securing a note in the original amount of $210,000.00.

12.     Prior to March 31, 2009, JHE apparently requested a reduction in the interest payments under the Note.

13.     On or about March 31, 2009, Sydney executed a "Third Party Pledge Agreement" which resulted in Defendant being granted a mortgage on the real estate in the amount of $500,000.00.  The grant and the recording of the mortgage are the "**Transfers**."

14.     At the time of the Transfers, Debtor was insolvent.

15.     Sydney is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result substantial unfairness to the creditors of this estate.

16.     At the first meeting of creditors held on July 15, 2009, Debtor testified, with respect to all of his limited liability companies that, "All of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside"

17.     Debtor is simply dealing with his own property through Sydney as absolutely as he might deal with it as an individual.  As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, or defeat strong equitable claims.

18.     The mortgage constituting the transfer was not executed by an individual with property authority to effect the Transfer in that the signator, Erik Dove, lacked proper authority to bind Sydney.

## COUNT I - DECLARATORY RELIEF

19.     Plaintiff realleges the foregoing Paragraphs of his Adversary Complaint.

20.     Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that the Debtor and Sydney are alter egos and that the assets of Sydney were truly property of Dennis Hecker, and of the estate at all times material herein.

21.     The corporate fiction of Sydney should be disregarded for purposes of this bankruptcy case.

22.     Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 determining that the signature on the mortgage was either undertaken on an ultra vires basis (if

the corporate formality were to be honored) or was ineffective to transfer an interest of the

Debtor in the real estate.

## COUNT II – FRAUDULENT TRANSFER AS TO PRESENT AND FUTURE CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.44(a)(2)

23.     The Trustee hereby realleges and incorporates herein by reference the foregoing

paragraphs of this Complaint.

24.     Debtor made the Transfers to Defendant without receiving a reasonably

equivalent value in exchange for the Transfers at a time when the Debtor was engaged in or was

about to engage in a business or a transaction for which the remaining assets of the Debtor were

unreasonably small in relation to the business or transaction or when the Debtor intended to

incur, or believed or reasonably should have believed that he would incur, debts beyond his

ability to pay as they became due.

25.     Pursuant to Minn. Stat. §513.44(a)(2) (Uniform Fraudulent Transfer Act), made

applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, Trustee seeks

recovery from Defendant of the value of the Transfers, plus prejudgment interest.

## COUNT III – FRAUDULENT TRANSFER AS TO PRESENT CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.45(a)

26.     The Trustee hereby realleges and incorporates herein by reference the foregoing

paragraphs of this Complaint.

27.     Debtor made the Transfer to Defendant without receiving a reasonably equivalent

value in exchange for the Transfers at a time when the Debtor was insolvent or the Debtor

became insolvent as a result of the Transfers.

28.     Pursuant to Minn. Stat. §513.45(a) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, the Trustee seeks recovery from Defendant of the value of the Transfers, plus prejudgment interest.

### COUNT IV – U.S.C. §548 (FRAUDULENT TRANSFER)

29.     The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

30.     Pursuant to 11 U.S.C. §548, the Trustee seeks avoidance of the Transfers and recovery from Defendant of the Transfer or judgment in the amount of the value of said Transfers, together with prejudgment interest.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against Defendant as follows:

1.     Pursuant to Count I, determining that: (a) the corporate fiction of Sydney be disregarded and that Sydney's assets are assets of this estate and (b) that the Transfer is ineffective as lacking proper corporate authorization.

2.     For judgment under Counts II through IV, avoiding the Transfers, ordering a recovery of the Transfers or the value thereof, and awarding a judgment in an amount to be proven at trial together with interest thereon.

3.     Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

/e/ Matthew R. Burton

Dated: August 18, 2009          By_____
                                Matthew R. Burton, #210018
                                Attorneys for Randall L. Seaver, Trustee
                                100 South Fifth Street, Suite 2500
                                Minneapolis, Minnesota  55402-1216
                                (612) 332-1030

406891