**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

Case No. 09-50779-RJK
Chapter 7

In Re:

Dennis E. Hecker,

Debtor.

---

## NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY

---

TO: Debtor Dennis E. Hecker; his attorney Clinton E. Cutler; United States Trustee; and all other entities specified in Local Rule 1204 (a):

1. Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C., ("Chrysler Financial"), a secured creditor in this Chapter 7 proceeding, by and through duly authorized and undersigned attorneys, moves the Court for the relief requested below, and gives notice of hearing.

2. The Court will hold a hearing on this motion on September 28, 2009, at 9:30 a.m., before the Honorable Robert J. Kressel, United States Bankruptcy Judge, in Courtroom No. 2, United States Courthouse, 515 West First Street, Duluth, MN 55802.

3. Any response to this motion must be filed and delivered not later than September 23, 2009, which is three days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or filed and served by mail no later than September 17, 2009, which is seven days before the time set for the hearing (excluding Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

**COUNT I**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 362 and Bankruptcy Rule 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-4, 9006-1, 9013-1 and 9017-1. Chrysler Financial requests relief from the automatic stay under § 362 of the Bankruptcy Code to foreclose its interest in certain personal property owned by Chrysler Financial as defined below.

6. Chrysler Financial owns and leased to Debtor a 2008 Dodge Ram 1500, VIN# 1D7HU18248S630225 (the vehicle). On July 31, 2008, the debtor, Dennis Hecker, executed a lease agreement, payments totaling $18,836.76, payable according to the terms and conditions therein, a copy of which is attached hereto as **Exhibit "A"**. The title evidencing the ownership interest of Chrysler Financial in a 2008 Dodge Ram 1500, VIN # 1D7HU18248S630225 is attached hereto as **Exhibit "B"**.

7. The lease agreement is in default for failure to make payments when due since July 1, 2009, a delinquency of $809.50 as of the date of the filing of this motion. As of June 4, 2009, the amount due was a payoff / buyout balance of $27,796.56. On information and belief, the value of the vehicle is $23,025.00 and the debtor has no equity in the vehicle.

8. The lease agreement is in default for failure to make payments when due. Chrysler Financial seeks relief from the automatic stay to foreclose its personal property interest in the vehicle.

9.      Pursuant to 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including lack of adequate protection.  Chrysler Financial believes that cause exists to grant it relief from the automatic stay to foreclose its personal property security interest, for the following reasons:

a.      Chrysler Financial has not been offered and is not being provided with adequate protection for its interest in the vehicle;

b.      The vehicle subject to the security interest of Chrysler Financial continues to depreciate and decline in value;

c.      Chrysler Financial has been unable to verify current proof of insurance on the vehicle; and

d.      The debtor has stopped making payments to Chrysler Financial.

10.     Pursuant to 11 U.S.C. § 362(d)(2), a creditor may be granted relief from the automatic stay, if there is no equity in the property which is the subject of the motion, and property is not necessary for an effective reorganization.  Here, the debtor has no equity in the vehicle that is the subject of this motion, and the vehicle is not necessary for an effective reorganization in this Chapter 7 proceeding.

11.     Chrysler Financial requests that any order modifying the automatic stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

12.     If any testimony is necessary on any of the facts relative to this motion, testimony will be given by James McNutt, or some other representative of the Movant, Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C. whose address is 27777 Inkster Rd Farmington Hills, MI 48334.

13. This notice of motion and motion also serves as notice of default as may be required by Cobb v. Midwest Recovery Bureau Co., 295 N.W.2d 232 (Minn. 1980). If the default is not cured before the hearing Chrysler Financial will repossess the Vehicle promptly upon the Court signing the Order.

14. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**COUNT II**

15. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

16. This motion arises under 11 U.S.C. § 362 and Bankruptcy Rule 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-4, 9006-1, 9013-1 and 9017-1. Chrysler Financial requests relief from the automatic stay under § 362 of the Bankruptcy Code to foreclose its interest in certain personal property owned by Chrysler Financial as defined below.

17. Chrysler Financial owns and leased to Debtor a 2008 Dodge Ram 1500, VIN# 1D7HU18288S631037 (the vehicle). On July 31, 2008, the debtor, Dennis Hecker, executed a lease agreement, payments totaling $20,016.12, payable according to the terms and conditions therein, a copy of which is attached hereto as **Exhibit "C"**. The title evidencing the ownership interest of Chrysler Financial in a 2008 Dodge Ram 1500, VIN # 1D7HU18288S631037 is attached hereto as **Exhibit "D"**.

18.     The lease agreement is in default for failure to make payments when due since July 1, 2009, a delinquency of $899.05 as of the date of the filing of this motion.  As of June 4, 2009, the amount due was a payoff / buyout balance of $29,578.91. On information and belief, the value of the vehicle is $23,025.00 and the debtor has no equity in the vehicle.

19.     The lease agreement is in default for failure to make payments when due. Chrysler Financial seeks relief from the automatic stay to foreclose its personal property interest in the vehicle.

20.     Pursuant to 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including lack of adequate protection.  Chrysler Financial believes that cause exists to grant it relief from the automatic stay to foreclose its personal property security interest, for the following reasons:

    a.      Chrysler Financial has not been offered and is not being provided with adequate protection for its interest in the vehicle;

    b.      The vehicle subject to the security interest of Chrysler Financial continues to depreciate and decline in value;

    c.      Chrysler Financial has been unable to verify current proof of insurance on the vehicle; and

    d.      The debtor has stopped making payments to Chrysler Financial.

21.     Pursuant to 11 U.S.C. § 362(d)(2), a creditor may be granted relief from the automatic stay, if there is no equity in the property which is the subject of the motion, and property is not necessary for an effective reorganization.  Here, the debtor has no equity in the vehicle that is the subject of this motion, and the vehicle is not necessary for an effective reorganization in this Chapter 7 proceeding.

22. Chrysler Financial requests that any order modifying the automatic stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

23. If any testimony is necessary on any of the facts relative to this motion, testimony will be given by James McNutt, or some other representative of the Movant, Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C. whose address is 27777 Inkster Rd Farmington Hills, MI 48334.

24. This notice of motion and motion also serves as notice of default as may be required by Cobb v. Midwest Recovery Bureau Co., 295 N.W.2d 232 (Minn. 1980). If the default is not cured before the hearing Chrysler Financial will repossess the Vehicle promptly upon the Court signing the Order.

25. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**COUNT III**

26. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

27. This motion arises under 11 U.S.C. § 362 and Bankruptcy Rule 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-4, 9006-1, 9013-1 and 9017-1. Chrysler Financial requests relief from the automatic stay under § 362 of the Bankruptcy Code to foreclose its interest in certain personal property owned by Chrysler Financial as defined below.

28.     Chrysler Financial owns and leased to Debtor a 2008 Dodge Ram 1500, VIN# 1D7HU18258S616091 (the vehicle).  On July 31, 2008, the debtor, Dennis Hecker, executed a lease agreement, payments totaling $18,472.80, payable according to the terms and conditions therein, a copy of which is attached hereto as **Exhibit "E"**.  The title evidencing the ownership interest of Chrysler Financial in a 2008 Dodge Ram 1500, VIN # 1D7HU18258S616091 is attached hereto as **Exhibit "F"**.

29.     The lease agreement is in default for failure to make payments when due since July 1, 2009, a delinquency of $781.87 as of the date of the filing of this motion. As of June 4, 2009, the amount due was a payoff / buyout balance of $27,072.37. On information and belief, the value of the vehicle is $23,025.00 and the debtor has no equity in the vehicle.

30.     The lease agreement is in default for failure to make payments when due. Chrysler Financial seeks relief from the automatic stay to foreclose its personal property interest in the vehicle.

31.     Pursuant to 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including lack of adequate protection.  Chrysler Financial believes that cause exists to grant it relief from the automatic stay to foreclose its personal property security interest, for the following reasons:

  a.     Chrysler Financial has not been offered and is not being provided with adequate protection for its interest in the vehicle;

  b.     The vehicle subject to the security interest of Chrysler Financial continues to depreciate and decline in value;

  c.     Chrysler Financial has been unable to verify current proof of insurance on the vehicle; and

d. The debtor has stopped making payments to Chrysler Financial.

32. Pursuant to 11 U.S.C. § 362(d)(2), a creditor may be granted relief from the automatic stay, if there is no equity in the property which is the subject of the motion, and property is not necessary for an effective reorganization. Here, the debtor has no equity in the vehicle that is the subject of this motion, and the vehicle is not necessary for an effective reorganization in this Chapter 7 proceeding.

33. Chrysler Financial requests that any order modifying the automatic stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

34. If any testimony is necessary on any of the facts relative to this motion, testimony will be given by James McNutt, or some other representative of the Movant, Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C. whose address is 27777 Inkster Rd Farmington Hills, MI 48334.

35. This notice of motion and motion also serves as notice of default as may be required by Cobb v. Midwest Recovery Bureau Co., 295 N.W.2d 232 (Minn. 1980). If the default is not cured before the hearing Chrysler Financial will repossess the Vehicle promptly upon the Court signing the Order.

36. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**COUNT IV**

37. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

38.     This motion arises under 11 U.S.C. § 362 and Bankruptcy Rule 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-4, 9006-1, 9013-1 and 9017-1. Chrysler Financial requests relief from the automatic stay under § 362 of the Bankruptcy Code to foreclose its interest in certain personal property owned by Chrysler Financial as defined below.

39.     Chrysler Financial owns and leased to Debtor a 2008 Dodge Ram 1500, VIN# 1D7HU18208S623627 (the vehicle). On July 31, 2008, the debtor, Dennis Hecker, executed a lease agreement, payments totaling $18,307.34, payable according to the terms and conditions therein, a copy of which is attached hereto as **Exhibit "G"**. The title evidencing the ownership interest of Chrysler Financial in a 2008 Dodge Ram 1500, VIN # 1D7HU18208S623627 is attached hereto as **Exhibit "H"**.

40.     The lease agreement is in default for failure to make payments when due since July 1, 2009, a delinquency of $765.51 as of the date of the filing of this motion. As of June 4, 2009, the amount due was a payoff / buyout balance of $27,608.98. On information and belief, the value of the vehicle is $23,025.00 and the debtor has no equity in the vehicle.

41.     The lease agreement is in default for failure to make payments when due. Chrysler Financial seeks relief from the automatic stay to foreclose its personal property interest in the vehicle.

42.     Pursuant to 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including lack of adequate protection. Chrysler Financial believes that cause exists to grant it relief from the automatic stay to foreclose its personal property security interest, for the following reasons:

      a.     Chrysler Financial has not been offered and is not being provided with adequate protection for its interest in the vehicle;

      b.     The vehicle subject to the security interest of Chrysler Financial continues to depreciate and decline in value;

      c.     Chrysler Financial has been unable to verify current proof of insurance on the vehicle; and

      d.     The debtor has stopped making payments to Chrysler Financial.

41.     Pursuant to 11 U.S.C. § 362(d)(2), a creditor may be granted relief from the automatic stay, if there is no equity in the property which is the subject of the motion, and property is not necessary for an effective reorganization.  Here, the debtor has no equity in the vehicle that is the subject of this motion, and the vehicle is not necessary for an effective reorganization in this Chapter 7 proceeding.

42.     Chrysler Financial requests that any order modifying the automatic stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

43.     If any testimony is necessary on any of the facts relative to this motion, testimony will be given by James McNutt, or some other representative of the Movant, Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C. whose address is 27777 Inkster Rd Farmington Hills, MI 48334.

44.     This notice of motion and motion also serves as notice of default as may be required by Cobb v. Midwest Recovery Bureau Co., 295 N.W.2d 232 (Minn. 1980).  If the default is not cured before the hearing Chrysler Financial will repossess the Vehicle promptly upon the Court signing the Order.

45.     THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION

OBTAINED WILL BE USED FOR THAT PURPOSE.

WHEREFORE, Chrysler Financial respectfully moves the Court for an order (i)

modifying the automatic stay of 11 U.S.C. §362 so as to permit Chrysler Financial to terminate

the Leases, take possession and dispose of the vehicles in accordance with Minnesota law, (ii)

finding that Bankruptcy Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not

applicable and (iii) granting such other relief as may be just and equitable.

Dated: August 19, 2009

RIEZMAN BERGER, P.C.

 **/e/ Marilyn J. Washburn**
Marilyn J. Washburn, #0324140
7700 Bonhomme Ave., 7th Floor
St. Louis, MO 63105
(314) 727-0101
FAX (314) 727-1086
Attorneys for Chrysler Financial





Motor Vehicle Lease

## Dates

The date of this lease is 07/31/2008

The scheduled term of this lease is 27 months ("Lease Term")

The scheduled date this lease ends is 11/01/2010 ("Lease End")

## Type of Lease

[X] Standard Lease [ ] Single Payment Lease

## Parties

Lessor/Dealer: FOREST LAKE CHRYSLER DODGE JEEP

Address: 321 19TH STREET, FOREST LAKE MN 55025

Lessee: CORPORATE MOTORS

Lessee's Billing Address: DENNIS HECKER 500 FORD ROAD, MINNEAPOLIS MN 55426, HENNEPIN

## Vehicle Information

VIN: 1D7HU18214S630225

2008 DODGE RAM QUAD 1500 — Odometer reading: 484

Primary Intended Use

## Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery | 2. Monthly Payments | 3. Other Charges | 4. Total of Payments |
|---|---|---|---|
| $ 8144.88 | Your first Monthly Payment of $ 394.88 is due on 07/31/2008, followed by 26 payments of $ 394.88 due on the 1st of each month. The total of your Monthly Payments is $ 10661.76 | a. Vehicle Turn-in Fee (if you do not purchase the vehicle) $ 425.00; b. N/A $ N/A; c. Total $ 425.00 | $ 10836.76 |

### 5. Itemization of Amount Due at Lease Signing or Delivery

a. Amount Due at Lease Signing or Delivery:

| | |
|---|---|
| 1. First Total Monthly Payment | $ 394.88 |
| 2. Capitalized Cost Reduction | + $ 7750.00 |
| 3. Acquisition Fee (if not capitalized) | $ N/A |
| 4. Sales/Use Taxes | + $ N/A |
| 5. Refundable Security Deposit | $ N/A |
| 6. Title Fees | + $ N/A |
| 7. License Fees | + $ N/A |
| 8. Registration Fees | + $ N/A |
| 9. N/A | + $ N/A |
| 10. N/A | + $ N/A |
| 11. N/A | + $ N/A |
| 12. N/A | + $ N/A |
| 13. Total | = $ 8144.88 |

b. How the Amount Due at Lease Signing or Delivery will be paid:

| | |
|---|---|
| 1. Net Trade-in Allowance | $ N/A |
| 2. Rebates and noncash credits | + $ 8144.88 |
| 3. Amount to be paid in cash | $ N/A |
| 4. N/A | + $ N/A |
| 5. Total | = $ 8144.88 |

### 6. Your monthly payment is determined as shown below:

| | |
|---|---|
| a. Gross Capitalized Cost. The agreed upon value of the vehicle ($ 35262.00) and any items you pay over the lease term | $ 37208.70 |
| b. Capitalized Cost Reduction | $ 7750.00 |
| c. Adjusted Capitalized Cost | = $ 29458.70 |
| d. Residual Value | $ 20692.70 |
| e. Depreciation and any amortized amounts | = $ 8766.00 |
| f. Rent Charge | + $ 1895.76 |
| g. Total of Base Monthly Payments | = $ 10661.76 |
| h. Lease Payments. The number of payments in your lease | ÷ 27 |
| Base Monthly Payment | = $ 394.88 |
| Monthly Sales/Use Taxes | + $ N/A |
| N/A | $ N/A |
| Total Monthly Payment | = $ 394.88 |

**7. Early Termination.** You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**8. Excessive Wear and Use.** ... 24113 miles ... at the rate of .20 per mile.

**9. Purchase Option at End of Lease Term.** ... $ 20692.70 plus a Purchase Option Fee of $ 150.00 ... $ N/A ...

**10. Other Important Terms.** See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

### 11. Itemization of Gross Capitalized Cost

| | |
|---|---|
| a. Price of Vehicle | $ 35262.00 |
| b. Approved Dealer Installed Equipment | $ N/A |
| c. Service Contract | $ N/A |
| d. Extended Warranty | $ N/A |
| e. Credit Life and/or Credit Disability Premium | $ N/A |
| f. Current Year Taxes, Title, Licenses, Registration | $ 537.25 |
| g. Acquisition Fee | $ 700.00 |
| h. Sales/Use Taxes | $ 634.45 |
| i. Other Tax (describe) N/A | $ N/A |
| j. N/A | $ N/A |
| k. N/A | $ N/A |
| l. DOC FEE | $ 75.00 |
| m. Total Gross Capitalized Cost | $ 37208.70 |

### 12. Estimated Official Fees and Taxes

... $ 1810.45 ...

### 13. Mileage Allowance

... 24113 ... N/A ...

### 14. New and Pre-owned Vehicle Warranty

WE LEASE THE VEHICLE TO YOU "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.

### 15. Optional Insurance and Other Products

Credit Life Provider: N/A — Initial Coverage $ N/A, Premium $ N/A

Credit Disability Provider: N/A — Maximum Mo. Benefit $ N/A, Premium $ N/A

Service Agreement Provider: N/A — Coverage is for N/A months or N/A miles, whichever happens first. Premium or charge $ N/A

Extended Warranty Provider: N/A — Coverage is for N/A months or N/A miles, whichever happens first. Premium or charge $ N/A

## Notices/Signatures

NOTICE TO LESSEE: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT. (2) YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.

LESSEE

By signing below you acknowledge that:

- This lease is completely filled out;
- You have read this entire lease carefully and agree to all of its terms, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE REVERSE SIDE.

X [signature] X [signature] DENNIS HECKER

CORPORATE MOTORS

LESSOR SIGNATURE AND ASSIGNMENT

X [signature] Mngr.

INSURANCE VERIFICATION

P.O. BOX 9224, FARMINGTON HILLS MI 48333-9224

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS LEASE.

EXHIBIT
tabbies
A

## [illegible]

[illegible]

17 Prohibited Uses of Vehicle

[illegible]

## Insurance

18 Vehicle Insurance

[illegible]

19 Total Vehicle Loss/Gap Waiver

[illegible]

## End of Lease

20 Purchase Option

[illegible]

21 Return of Vehicle

[illegible]

22 Default

[illegible]

## End of Lease (continued)

[illegible]

23 Interest on Unpaid Amounts

[illegible]

## Additional Information

24 Assignment and True Lease

[illegible]

25 Late Charges/Returned Payment and Other Fees/Fines and Tickets

[illegible]

26 Indemnification

[illegible]

27 Notices/General

[illegible]

28 Refundable Security Deposit

[illegible]

29 Modification

[illegible]

30 Enforceability

[illegible]

31 Delivery

[illegible]

32 Payment Obligations

[illegible]

33 Taxes, Registration and Titling

[illegible]

34 Security Interest

[illegible]

35 Power of Attorney

[illegible]

## Important Arbitration Disclosures

36 Arbitration

[illegible]

## PRIVACY POLICY

[illegible]

# STATE OF MINNESOTA
## CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 1D7HU18248S630225 | 08 | DODG | CW RPC | K2800X402 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 10/06/08 | 488 | 030560 | 10 | 980ALN | |
| | NEW | 07/31/08 | | EXP 06 | |

FIRST SECURED PARTY DOB
07/31/08

US BANK AS COLL AGT

PO BOX 997539
SACRAMENTO CA 95899

OWNER
DCFS TRUST

PO BOX 977/2050 ROANOKE RD
ROANOKE TX 76262-0977

TOTAL LIENS 1

Z

**ASSIGNMENT OF OWNERSHIP —BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK**

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS ______ (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS:

☐ ACTUAL MILEAGE
☐ EXCEEDS MECHANICAL LIMITS OF ODOMETER
☐ NOT ACTUAL MILEAGE — **WARNING ODOMETER DISCREPANCY**

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE ☐ HAS ☐ HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR, REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70% ACTUAL CASH VALUE.

POLLUTION SYSTEM DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE THE POLLUTION CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE ☐ HAS ☐ HAS NOT (CHECK ONE) BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE.

*Assignment: I (we) certify that this vehicle is free from all security interests, warrant title, and assign the registration, tax and vehicle.*

SELLER'S PRINTED NAME(S) — DATE OF SALE / / — BUYER'S PRINTED NAME(S)

SELLER'S ADDRESS — DEALER LICENSE # — BUYER'S ADDRESS

SELLER'S SIGNATURE(S) — X — BUYER'S SIGNATURE(S)

IMPORTANT - PLEASE READ. All information collected on a motor vehicle application is required by law and is used to identify your motor vehicle. Failure to provide required information may result in denial of the requested action. Except for certain uses permitted by federal and state laws, personal information contained in your application may not be disclosed to anyone without your express consent. You may express consent to the disclosure of your information in writing to the following address:

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST. PAUL, MINNESOTA 55101
Phone 651 297 2126 TTY 651-282-6555
mndriveinfo.org

PS2700-16

EP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

EXHIBIT B

Motor Vehicle Lease Agreement

## Dates

The date of this lease is 07/31/2008

The scheduled term of this lease is 27 months ("Lease Term")

The scheduled date this lease ends is 11/01/2010 ("Lease End")

## Type of Lease

[X] Standard Lease [ ] Single Payment Lease

## Parties

Lessor (Dealer): FOREST LAKE CHRYSLER DODGE JEEP

Address: 321 19TH STREET, FOREST LAKE MN 55025

Lessee: CORPORATE MOTORS

Lessee's Billing Address: DENNIS HECKER 500 FORD ROAD, MINNEAPOLIS MN 55426 HENNEPIN

## Vehicle Information

[X] New [ ] Pre-owned VIN 1D7HU18208S631037

2008 DODGE RAM 1500 QUAD CAB — 430 (Year / Make / Model / Body Style / Odometer reading)

Primary Intended Use: [ ] Personal Business, Commercial, or Agricultural Purposes

Statement of Tax Obligation

## Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery | 2. Monthly Payments | 3. Other Charges | 4. Total of Payments |
|---|---|---|---|
| $ 8188.56 | Your first Monthly Payment of $ 438.56 is due on 07/31/2008, followed by 26 payments of $ 438.56 due on the 1st of each month. The total of your Monthly Payments is $ 11841.12 | a. Vehicle Turn-In Fee (if you do not purchase the vehicle) $ 425.00; b. N/A $ N/A; c. Total $ 425.00 | $ 20016.12 |

5. Itemization of Amount Due at Lease Signing or Delivery

a. Amount Due at Lease Signing or Delivery

| Item | Amount |
|---|---|
| 1. First Total Monthly Payment | $ 438.56 |
| 2. Capitalized Cost Reduction | + $ 7750.00 |
| 3. Acquisition Fee (if not capitalized) | + $ N/A |
| 4. Sales/Use Taxes | + $ N/A |
| 5. Refundable Security Deposit | + $ N/A |
| 6. Title Fees | + $ N/A |
| 7. License Fees | + $ N/A |
| 8. Registration Fees | + $ N/A |
| 9. N/A | + $ N/A |
| 10. N/A | + $ N/A |
| 11. N/A | + $ N/A |
| 12. N/A | + $ N/A |
| 13. Total | = $ 8188.56 |

b. How the Amount Due at Lease Signing or Delivery will be paid

| Item | Amount |
|---|---|
| 1. Net Trade-in Allowance | $ N/A |
| 2. Rebates and noncash credits | + $ 8188.56 |
| 3. Amount to be paid in cash | + $ N/A |
| 4. N/A | + $ N/A |
| 5. Total | = $ 8188.56 |

6. Your monthly payment is determined as shown below

| Item | Amount |
|---|---|
| a. Gross Capitalized Cost (agreed upon value of the vehicle $ 37309.00 and any items you pay over the lease term) | $ 39299.19 |
| b. Capitalized Cost Reduction | - $ 7750.00 |
| c. Adjusted Capitalized Cost | = $ 31549.19 |
| d. Residual Value | - $ 21721.70 |
| e. Depreciation and any amortized amounts | = $ 9827.49 |
| f. Rent Charge | + $ 2013.63 |
| g. Total of Base Monthly Payments | = $ 11841.12 |
| h. Lease Payments (the number of payments in your lease) | 27 |
| i. Base Monthly Payment | = $ 438.56 |
| j. Monthly Sales/Use Taxes | + $ N/A |
| k. N/A | + $ N/A |
| l. Total Monthly Payment | = $ 438.56 |

7. Early Termination. You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

8. Excessive Wear and Use. You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 24120 miles (Mileage Allowance) for the term of this lease at the rate of .20 per mile.

9. Purchase Option at End of Lease Term. You have an option to purchase the vehicle at the end of the lease term for $ 21721.70 plus a Purchase Option Fee of $ 150.00, plus a one-time fee of $ N/A, plus all official fees and taxes. See the Purchase Option section on the back of this lease for more information.

10. Other Important Terms. See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance and any security interest, if applicable.

11. Itemization of Gross Capitalized Cost

| Item | Amount |
|---|---|
| a. Price of Vehicle | $ 37309.00 |
| b. Approved Dealer Installed Equipment | $ N/A |
| c. Service Contract | $ N/A |
| d. Extended Warranty | $ N/A |
| e. Credit Life and/or Credit Disability Premium | $ N/A |
| f. Current Year Taxes, Title, Licenses, Registration | $ 537.25 |
| g. Acquisition Fee | $ 700.00 |
| h. Sales/Use Taxes | $ 677.94 |
| i. Other Tax (describe) N/A | $ N/A |
| j. N/A | $ N/A |
| k. N/A | $ N/A |
| l. DOC FEE | $ 75.00 |
| m. Total Gross Capitalized Cost | $ 39299.19 |

12. Estimated Official Fees and Taxes

The total estimated amount you will pay for official fees, license, title and registration fees, and taxes over the term of your lease, whether included with your Monthly Payments or assessed otherwise is $ 1853.94.

13. Mileage Allowance

If your Mileage Allowance in section 8 above is greater than 24120 ... a credit or refund of N/A ...

14. New and Pre-owned Vehicle Warranty

We lease the vehicle to you "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.

15. Optional Insurance and Other Products

Credit Life Provider N/A; Credit Disability Provider N/A; Service Agreement Provider N/A; Extended Warranty Provider N/A — all amounts N/A.

## Notices/Signatures

NOTICE TO LESSEE: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT. (2) YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.

LESSEE

By signing below, you acknowledge that:

- This lease is completely filled out.
- You have read this entire lease carefully and agree to all of its terms, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE REVERSE SIDE.
- You have received a completed copy of this lease, and the Lessor may assign all right, title and interest in this lease, vehicle and Guaranty hereunder.

X [signature] X [signature] DENNIS HECKER

CORPORATE MOTORS

LESSOR SIGNATURE AND ASSIGNMENT

X [signature] [signature]

INSURANCE VERIFICATION

P.O. BOX 9224
FARMINGTON HILLS MI 48333-9224

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS LEASE

## Operation and Maintenance

[illegible]

17 Prohibited Uses of Vehicle

[illegible]

## Insurance

18 Vehicle Insurance

[illegible]

19 Total Vehicle Loss/Gap Waiver

[illegible]

## End of Lease

20 Purchase Option

[illegible]

21 Return of Vehicle

[illegible]

22 Default

[illegible]

## End of Lease (continued)

[illegible]

23 Interest on Unpaid Amounts

[illegible]

## Additional Information

24 Assignment and True Lease

[illegible]

25 Late Charges/Returned Payment and Other Fees/Fines and Tickets

[illegible]

26 Indemnification

[illegible]

27 Notices/General

[illegible]

28 Refundable Security Deposit

[illegible]

29 Modification

[illegible]

30 Enforceability

[illegible]

31 Delivery

[illegible]

32 Payment Obligations

[illegible]

33 Taxes, Registration and Titling

[illegible]

34 Security Interest

[illegible]

35 Power of Attorney

[illegible]

## Important Arbitration Disclosures

36 Arbitration

[illegible]

[illegible]



# STATE OF MINNESOTA
## CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 1D7HU18288S631037 | 08 | DODG | CW RPC | K2800X401 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 10/06/08 | 495 | 030560 | 10 | 979ALN | |
| | NEW | 07/31/08 | | EXP 06 | |

FIRST SECURED PARTY DOB OWNER
07/31/08 DCFS TRUST

US BANK AS COLL AGT

PO BOX 997539
SACRAMENTO CA 95899

PO BOX 977/2050 ROANOKE RD
ROANOKE TX 76262-0977

TOTAL LIENS 1

Z

**ASSIGNMENT OF OWNERSHIP —BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK**

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS ______ (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS:

ACTUAL MILEAGE

EXCEEDS MECHANICAL LIMITS OF ODOMETER

NOT ACTUAL MILEAGE — **WARNING ODOMETER DISCREPANCY**

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE HAS HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR, REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70 ACTUAL CASH VALUE.

POLLUTION SYSTEM DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE THE POLLUTION CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE HAS HAS NOT (CHECK ONE) BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE.

*Assignment. I (we) certify, that this vehicle is free from all security interests, warrant title, and assign the registration tax and vehicle to*

SELLER'S PRINTED NAME(S) / / BUYER'S PRINTED NAME

SELLER'S ADDRESS BUYER'S ADDRESS

SELLER'S SIGNATURE(S) X BUYER'S SIGNATURE(S)

IMPORTANT PLEASE READ: All information collected on a motor vehicle application is required by law and ... your motor vehicle. Failure to provide required information may result in denial of the requested action. ... permitted by federal and state laws, personal information contained in your application may not be ... your express consent. You may expressly consent to the ... of your information by writing to the following address:

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST. PAUL, MINNESOTA 55101
Phone 651 297-2126 TTY 651 282 6555
mndriveinfo.org

PS2700-16

KEEP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

tabbies EXHIBIT D

Motor Vehicle Lease

## Dates

The date of this lease is 07/31/2008

The scheduled term of this lease is 27 months ("Lease Term")

The scheduled date this lease ends is 11/01/2010 ("Lease End")

## Type of Lease

☐ Standard Lease ☐ Single Payment Lease

## Parties

Lessor (Dealer): FOREST LAKE CHRYSLER DODGE JEEP
Address: 321 19TH STREET
FOREST LAKE MN 55025

Lessee: CORPORATE MOTORS

Lessee's Billing Address: 500 FORD ROAD
MINNEAPOLIS MN 55426 HENNEPIN

## Vehicle Information

VIN: 1D7HU18258S616031

2008 DODGE RAM 1500 QUAD CAB 487 (Odometer reading)

Primary Intended Use

☐ Personal ☐ Business, Commercial or Agricultural Purposes

Statement of Tax Obligation

## Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery | 2. Monthly Payments | 3. Other Charges | 4. Total of Payments |
|---|---|---|---|
| (itemized below) $ 8131.40 | Your first Monthly Payment of $ 381.40 is due on 07/31/2008, followed by 26 payments of $ 381.40 due on the 31st of each month. The total of your Monthly Payments is $ 10297.60 | a. Vehicle Turn-in Fee (if you do not purchase the vehicle) $ 425.00; b. N/A $ N/A; c. Total $ 425.00 | (The amount you will have paid by the end of the lease) $ 10472.80 |

**5. Itemization of Amount Due at Lease Signing or Delivery**

a. Amount Due at Lease Signing or Delivery:

| | |
|---|---|
| 1. First Total Monthly Payment | $ 381.40 |
| 2. Capitalized Cost Reduction | + $ 7750.00 |
| 3. Acquisition Fee (if not capitalized) | + $ N/A |
| 4. Sales/Use Taxes | + $ N/A |
| 5. Refundable Security Deposit | + $ N/A |
| 6. Title Fees | + $ N/A |
| 7. License Fees | + $ N/A |
| 8. Registration Fees | + $ N/A |
| 9. N/A | + $ N/A |
| 10. N/A | + $ N/A |
| 11. N/A | + $ N/A |
| 12. N/A | + $ N/A |
| 13. Total | = $ 8131.40 |

b. How the Amount Due at Lease Signing or Delivery will be paid:

| | |
|---|---|
| 1. Net Trade-in Allowance | $ N/A |
| 2. Rebates and noncash credits | + $ 8131.40 |
| 3. Amount to be paid in cash | + $ N/A |
| 4. N/A | $ N/A |
| 5. Total | = $ 8131.40 |

**6. Your monthly payment is determined as shown below:**

| | |
|---|---|
| a. Gross Capitalized Cost. The agreed upon value of the vehicle ($ 34515.00) and any items you pay over the lease term | $ 36405.82 |
| b. Capitalized Cost Reduction | − $ 7750.00 |
| c. Adjusted Capitalized Cost | = $ 28655.82 |
| d. Residual Value | − $ 20205.15 |
| e. Depreciation and any amortized amounts | = $ 8450.67 |
| f. Rent Charge | + $ 1847.13 |
| g. Total of Base Monthly Payments | = $ 10297.80 |
| h. Lease Payments | ÷ 27 |
| i. Base Monthly Payment | = $ 381.40 |
| j. Monthly Sales/Use Taxes | + $ N/A |
| k. N/A | + $ N/A |
| l. Total Monthly Payment | = $ 381.40 |

**7. Early Termination.** You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**8. Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 24112 miles (Mileage Allowance) for the term of this lease, at the rate of .20 per mile.

**9. Purchase Option at End of Lease Term.** You have an option to purchase the vehicle at the end of the lease term for $ 20205.15 plus a Purchase Option Fee of $ 150.00 plus a processing fee of $ N/A plus all official fees and taxes. See the Purchase Option section on the back of this lease for more information.

**10. Other Important Terms.** See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance and any security interest, if applicable.

**11. Itemization of Gross Capitalized Cost**

| | |
|---|---|
| a. Price of Vehicle | $ 34515.00 |
| b. Approved Dealer Installed Equipment | $ N/A |
| c. Service Contract | $ N/A |
| d. Extended Warranty | $ N/A |
| e. Credit Life and/or Credit Disability Premium | $ N/A |
| f. Current Year Taxes, Title, License, Registration | $ 537.25 |
| g. Acquisition Fee | $ 700.00 |
| h. Sales/Use Taxes | $ 576.57 |
| i. Other Tax (describe) N/A | $ N/A |
| j. N/A | $ N/A |
| k. N/A | $ N/A |
| l. DOC FEE | $ 75.00 |
| m. Total Gross Capitalized Cost | $ 36405.82 |

**12. Estimated Official Fees and Taxes**

The total estimated amount you will pay for official fees and taxes over the term of your lease, whether included with your Monthly Payment or assessed otherwise: $ 1754.57

**13. Mileage Allowance**

If your Mileage Allowance in section 8 above is greater than 24112 ("Base Mileage Amount") ... refund of N/A per mile ...

**14. New and Pre-owned Vehicle Warranty**

☐ Remainder of standard new vehicle warranty from manufacturer
☐ Pre-owned vehicle warranty from manufacturer
☐ Pre-owned warranty from other third-party provider

WE LEASE THE VEHICLE TO YOU "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.

**15. Optional Insurance and Other Products**

☐ Credit Life Provider: N/A
Initial Coverage $ N/A Term $ N/A
☐ Credit Disability Provider: N/A
Maximum Mo. Benefit $ N/A Term $ N/A
☐ Service Agreement Provider: N/A
Coverage is for N/A months or N/A miles, whichever happens first
Premium or charge $ N/A
☐ Extended Warranty Provider: N/A
Coverage is for N/A months or N/A miles, whichever happens first
Premium or charge $ N/A

## Notices/Signatures

NOTICE TO LESSEE: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT. (2) YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.

**LESSEE**

By signing below, you acknowledge that:

- This lease is completely filled out.
- You have read this entire lease carefully and agree to all of its terms, INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE REVERSE SIDE.
- You have received a completed copy of this lease.

X [signature] Lessee Signature X [signature] Co-Lessee Signature

CORPORATE MOTORS

**LESSOR SIGNATURE AND ASSIGNMENT**

X [signature] [signature]

**INSURANCE VERIFICATION**

P.O. BOX 9224
FARMINGTON HILLS MI 48333-9224

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.

THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS LEASE.

## Operation and Maintenance

[illegible]

### 17 Prohibited Uses of Vehicle

[illegible]

## Insurance

### 18. Vehicle Insurance

[illegible]

### 19. Total Vehicle Loss/Gap Waiver

[illegible]

## End of Lease

### 20 Purchase Option

[illegible]

### 21 Return of Vehicle

[illegible]

### 22 Default

[illegible]

## End of Lease (continued)

[illegible]

### 23 Interest on Unpaid Amounts

[illegible]

## Additional Information

### 24 Assignment and True Lease

[illegible]

### 25 Late Charges/Returned Payment and Other Fees/Fines and Tickets

[illegible]

### 26 Indemnification

[illegible]

### 27 Notices/General

[illegible]

### 28 Refundable Security Deposit

[illegible]

### 29 Modification

[illegible]

### 30 Enforceability

[illegible]

### 31 Delivery

[illegible]

### 32 Payment Obligations

[illegible]

### 33 Taxes, Registration and Titling

[illegible]

### 34 Security Interest

[illegible]

### 35 Power of Attorney

[illegible]

## Important Arbitration Disclosures

### 36 Arbitration

[illegible]

## PRIVACY POLICY

[illegible]

# STATE OF MINNESOTA
## CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 1D7HU18258S616091 | 08 | DODG | CW RPC | K2800X400 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 10/06/08 | 487 | 030560 | 10 | 978ALN | |
| | NEW | 07/31/08 | | EXP 06 | |

FIRST SECURED PARTY DOB
07/31/08

US BANK AS COLL AGT

PO BOX 997539
SACRAMENTO CA 95899

OWNER
DCFS TRUST

PO BOX 977/2050 ROANOKE RD
ROANOKE TX 76262-0977

TOTAL LIENS 1

Z

## ASSIGNMENT OF OWNERSHIP —BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS ______ (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS:

[ ] ACTUAL MILEAGE
[ ] EXCEEDS MECHANICAL LIMITS OF ODOMETER
[ ] NOT ACTUAL MILEAGE — **WARNING ODOMETER DISCREPANCY**

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE [ ] HAS [ ] HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR, REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70% ACTUAL CASH VALUE.

POLLUTION SYSTEM DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE THE POLLUTION CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE [ ] HAS [ ] HAS NOT (CHECK ONE) BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE.

*Assignment: I (we) certify that the vehicle is free from all security interests, warrant title, and assign the registration tax and vehicle to:*

SELLER'S PRINTED NAME(S) — DATE OF SALE / / — BUYER'S PRINTED NAME(S)

SELLER'S ADDRESS — DEALER'S LICENSE # — BUYER'S ADDRESS

SELLER'S SIGNATURE(S) — X — BUYER'S SIGNATURE(S)

IMPORTANT — PLEASE READ: All information collected on a motor vehicle application is required by law and is used to identify your motor vehicle. Failure to provide required information may result in denial of the requested action. Except for certain uses permitted by federal and state laws, personal information contained in your application may not be disclosed to anyone without your express consent. You may expressly consent to the disclosure of your information by writing to the following address:

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST. PAUL, MINNESOTA 55101
Phone 651 297 2126 TTY 651 282 6555
mndriveinfo.org

PS2700-16

KEEP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

tabbies EXHIBIT F

Motor Vehicle Lease Agreement

## Dates

The date of this lease is 07/31/2008

The scheduled term of the lease is 27 months ("Lease Term")

The scheduled date this lease ends is 11/01/2010 ("Lease End")

## Type of Lease

[X] Standard Lease [ ] Single Payment Lease

## Parties

Lessor (Dealer): FOREST LAKE CHRYSLER DODGE JEEP

Address: 321 15TH STREET, FOREST LAKE MN 55025

Lessee: CORPORATE MOTORS

Lessee's Billing Address: 500 FORD ROAD, MINNEAPOLIS MN 55426 HENNEPIN

## Vehicle Information

[X] New [ ] Pre-owned VIN: 1D7HU182085623627

2008 DODGE RAM PU 4X4 — Odometer reading: 391

Primary Intended Use: [ ] Personal [ ] Business, Commercial or Agricultural Purposes

Statement of Tax Obligation: You declare your tax status is [ ] exempt or [X] non-exempt

Unless otherwise specified, "lease" refers to this Motor Vehicle Lease Agreement, "vehicle" refers to the vehicle described above, "you", "your", and "yours" refer to the Lessee and any Co-Lessee, "we", "us", and "our" refer to the Lessor and, after the lease is assigned, to DCFS Trust, or its successors and assigns. "Assignee" refers to DCFS Trust or its successors and assigns. The "Vehicle Turn-In Fee" is a fee to cover the cost of disposing of the vehicle, commonly referred to as a disposition fee. "Pre-owned" refers to used vehicles. You agree to lease the vehicle from us on the terms and conditions provided in the front and back of the lease. The terms and conditions contained in this lease are made on behalf of Lessor and Assignee.

## Consumer Leasing Act Disclosures

| 1. Amount Due at Lease Signing or Delivery (itemized below) | 2. Monthly Payments | 3. Other Charges (not part of your Monthly Payment) | 4. Total of Payments (The amount you will have paid by the end of the lease) |
|---|---|---|---|
| $ 8173.42 | Your first Monthly Payment of $ 373.42 is due on 07/31/2008, followed by 26 payments of $ 373.42 due on the 1st of each month. The total of your Monthly Payments is $ 10082.34 | a. Vehicle Turn-In Fee if you do not purchase the vehicle $ 425.00; b. N/A $ N/A; c. Total $ 425.00 | $ 18327.34 |

### 5. Itemization of Amount Due at Lease Signing or Delivery

**a. Amount Due at Lease Signing or Delivery:**

| Item | Amount |
|---|---|
| 1. First Total Monthly Payment (includes sales/use taxes) | $ 373.42 |
| 2. Capitalized Cost Reduction | + $ 7750.00 |
| 3. Acquisition Fee (if not capitalized) | + $ N/A |
| 4. Sales/Use Taxes | + $ N/A |
| 5. Refundable Security Deposit | + $ N/A |
| 6. Title Fees | + $ N/A |
| 7. License Fees | + $ N/A |
| 8. Registration Fees | + $ N/A |
| 9. N/A | + $ N/A |
| 10. N/A | + $ N/A |
| 11. DOC FEE | + $ 50.00 |
| 12. N/A | + $ N/A |
| 13. Total | = $ 8173.42 |

**b. How the Amount Due at Lease Signing or Delivery will be paid:**

| Item | Amount |
|---|---|
| 1. Net Trade-in Allowance | $ N/A |
| 2. Rebates and noncash credits | + $ 8173.42 |
| 3. Amount to be paid in cash | + $ N/A |
| 4. N/A | + $ N/A |
| 5. Total | = $ 8173.42 |

### 6. Your monthly payment is determined as shown below:

| Item | Amount |
|---|---|
| a. Gross Capitalized Cost. The agreed upon value of the vehicle ($ 34956.00) and any items you pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) | $ 36804.76 |
| b. Capitalized Cost Reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the Gross Capitalized Cost | − $ 7750.00 |
| c. Adjusted Capitalized Cost. The amount used in calculating your Base Monthly Payment | = $ 29054.76 |
| d. Residual Value. The value of the vehicle at the end of the lease used in calculating your Base Monthly Payment | − $ 20859.30 |
| e. Depreciation and any amortized amounts. The amount charged for the vehicle's decline in value through normal use and for other items paid over the lease term | = $ 8195.46 |
| f. Rent Charge. The amount charged in addition to the Depreciation and any amortized amounts | + $ 1886.88 |
| g. Total of Base Monthly Payments. The Depreciation and any amortized amounts plus the Rent Charge | = $ 10082.34 |
| h. Lease Payments. The number of payments in your lease | ÷ 27 |
| i. Base Monthly Payment | = $ 373.42 |
| j. Monthly Sales/Use Taxes | + $ N/A |
| k. N/A | + $ N/A |
| l. Total Monthly Payment | = $ 373.42 |

**7. Early Termination.** You may have to pay a substantial charge if you end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be.

**8. *Excessive Wear and Use.*** You may be charged for excessive wear based on our standards for normal use and for mileage in excess of 24116 miles (Mileage Allowance) for the term of this lease, at the rate of .20 per mile.

**9. *Purchase Option at End of Lease Term.*** You have an option to purchase the vehicle ("as is") at the end of the lease term for $ 20859.30 plus a Purchase Option Fee of $ 150.00 plus a processing fee of $ N/A plus all official fees and taxes. See the Purchase Option section on the back of this lease for more information.

**10. *Other Important Terms.*** See your lease documents for additional information on early termination, purchase options, maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

### 11. Itemization of Gross Capitalized Cost

| Item | Amount |
|---|---|
| a. Price of Vehicle | $ 34956.00 |
| b. Approved Dealer Installed Equipment | $ N/A |
| c. Service Contract | $ N/A |
| d. Extended Warranty | $ N/A |
| e. Credit Life and/or Credit Disability Premium | $ N/A |
| f. Current Year Taxes, Title, Licenses, Registrations | $ 537.25 |
| g. Acquisition Fee | $ 700.00 |
| h. Sales/Use Taxes | $ 565.51 |
| i. Other Tax (describe) N/A | $ N/A |
| j. N/A | $ N/A |
| k. N/A | $ N/A |
| l. N/A | $ N/A |
| m. Total Gross Capitalized Cost | $ 36804.76 |

### 12. Estimated Official Fees and Taxes

The total estimated amount you will pay for official fees, license, title and registration fees, and taxes over the term of your lease, whether included with your Monthly Payment or assessed otherwise is $ 1745.51. This is an estimate and the actual total of Official Fees and Taxes may be higher or lower than this estimate. The actual total of Official Fees and Taxes depends on the rates in effect, the value of the vehicle and the garage location of the vehicle at the time the fees and taxes are assessed.

### 13. Mileage Allowance

The odometer reading in the Vehicle Information section of this lease provides the number of miles existing on the vehicle when you entered this lease ("Existing Miles"). Your Mileage Allowance provided in section 8 refers to miles driven during the Lease Term and does not include the Existing Miles.

If your Mileage Allowance in section 8 above is greater than 24116 "Base Mileage Amount", you have chosen to purchase additional miles for your Mileage Allowance determination. If you have purchased additional miles, then at Lease End, except as provided below, you will be eligible for a credit or refund of N/A per mile for any unused additional miles between the Base Mileage Amount and your Mileage Allowance over the term of the lease. You will not receive a refund if the vehicle is destroyed or stolen, you are in default, you purchase the vehicle, or the refund is less than $1.

### 14. New and Pre-owned Vehicle Warranty

If the vehicle is new, it is covered by a standard new vehicle warranty from the manufacturer.

If the vehicle is pre-owned, it is not covered by a warranty unless indicated by a check in the corresponding box below:

- [ ] Remainder of standard new vehicle warranty from manufacturer
- [ ] Pre-owned vehicle warranty from manufacturer
- [ ] Pre-owned warranty from other third-party provider

We assign to you all rights we have under any of these warranties. You acknowledge that you have received a copy of the indicated warranties.

**WE LEASE THE VEHICLE TO YOU "AS IS". EXCEPT AS EXPRESSLY PROVIDED UNDER THIS LEASE, AND UNLESS PROHIBITED BY LAW, WE MAKE NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESS OR IMPLIED, AS TO THE VEHICLE'S (OR ANY PART OR ACCESSORY THEREOF) CONDITION, MERCHANTABILITY, OR FITNESS FOR ANY PARTICULAR PURPOSE AND WE MAKE NO OTHER REPRESENTATION OR WARRANTY WHATSOEVER.**

### 15. Optional Insurance and Other Products

You are not required to buy any of the optional insurance or other products listed below to enter into this lease, and they are not a factor in our credit decision. These insurance and other products will not be provided unless you are accepted by the provider. By your initials below, you agree that you have received a notice of the terms and cost of the insurance or product, and you want to obtain the insurance or product for the premium or charge shown. A portion of the premium or charge shown may be retained by the Lessor (Dealer). These coverages are not provided by the Lessor. You must pursue all matters related to these coverages, including refunds, through the provider. The terms and conditions for these coverages are provided in a separate contract, which you acknowledge that you have received and read.

If the price of these coverages is also included in the Itemization of Gross Capitalized Cost, it will be included in the Base Monthly Payments. If not, you have paid for the coverages in full upon signing this lease.

Unless you receive written notification otherwise, credit life and credit disability insurance end on the original due date of the last payment due under the lease.

[ ] Credit Life Provider N/A

Initial Coverage $ N/A Prem. $ N/A

Lessee/Co-Lessee Initials ______

[ ] Credit Disability Provider N/A

Maximum Mo. Benefit $ N/A Prem. $ N/A

Lessee/Co-Lessee Initials ______

[ ] Service Agreement Provider N/A

Coverage is for N/A months or N/A miles, whichever happens first

Premium or charge $ N/A Lessee/Co-Lessee Initials ______

[ ] Extended Warranty Provider N/A

Coverage is for N/A months or N/A miles, whichever happens first

Premium or charge $ N/A Lessee/Co-Lessee Initials ______

## Notices/Signatures

**NOTICE TO LESSEE: (1) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT. (2) YOU ARE ENTITLED TO A COPY OF THIS AGREEMENT.**

**LESSEE**

By signing below, you acknowledge that:

- This lease is completely filled out.
- You have read this entire lease carefully and agree to all of its terms, **INCLUDING THE IMPORTANT ARBITRATION DISCLOSURES AND PRIVACY POLICY ON THE REVERSE SIDE.**
- You have received a completed copy of this lease, and the Lessor may assign all rights, title, and interest in this lease, vehicle and Guaranty to Assignee.

X [signature] Lessee Signature X [signature] Co-Lessee

CORPORATE MOTORS

**LESSOR SIGNATURE AND ASSIGNMENT**

By signing below, the Lessor (or, if DCFS Trust is Lessor, through its attorney-in-fact) accepts the terms and conditions of this lease. If Lessor is not DCFS Trust, Lessor assigns all right, title, and interest in this lease, vehicle and Guaranty to DCFS Trust subject to the terms and conditions of the Retail Installment Contract and Lease Program Agreement between Lessor and DaimlerChrysler Financial Services Americas LLC.

X [signature] [signature] Title

**INSURANCE VERIFICATION**

Lessor (or Dealer) has verified that the insurance coverage required by this lease is in force on the date of this lease. All matters regarding insurance should be sent to: Chrysler Financial P.O. BOX 9224 FARMINGTON HILLS MI 48333-9224

Your insurance company / Policy No. / Insurance coverage verified (Employee of Lessor/Dealer please initial)

Your insurance agent / Agent's Phone number

Agent's Address

*NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.*

*THE ADDITIONAL TERMS AND CONDITIONS ON THE REVERSE SIDE ARE A PART OF THIS LEASE.*

EXHIBIT
G
tabbies

## Operation and Maintenance (continued)

[illegible]

**17 Prohibited Uses of Vehicle**

[illegible]

## Insurance

**18 Vehicle Insurance**

[illegible]

**No physical damage or liability insurance coverage for bodily injury or property damage caused to others is included in this lease.**

**19 Total Vehicle Loss/Gap Waiver**

[illegible]

## End of Lease

**20 Purchase Option**

[illegible]

**21 Return of Vehicle**

[illegible]

**22 Default**

[illegible]

## End of Lease (continued)

[illegible]

**23 Interest on Unpaid Amounts**

[illegible]

## Additional Information

**24 Assignment and True Lease**

[illegible]

**25 Late Charges/Returned Payment and Other Fees/Fines and Tickets**

[illegible]

**26 Indemnification**

[illegible]

**27 Notices/General**

[illegible]

**28 Refundable Security Deposit**

[illegible]

**29 Modification**

[illegible]

**30 Enforceability**

[illegible]

**31 Delivery**

[illegible]

**32 Payment Obligations**

[illegible]

**33 Taxes, Registration and Titling**

[illegible]

**34 Security Interest**

[illegible]

**35 Power of Attorney**

[illegible]

## Important Arbitration Disclosures

**36 Arbitration**

[illegible]

## Privacy Policy

[illegible]

# STATE OF MINNESOTA
## CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 1D7HU18208S623627 | 08 | DODG | CW RPC | K280DX403 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 10/06/08 | 491 | 030560 | 10 | 981ALN | |

NEW 07/31/08 EXP 06

FIRST SECURED PARTY DOB
07/31/08

US BANK AS COLL AGT

PO BOX 997539
SACRAMENTO CA 95899

OWNER
DCFS TRUST

PO BOX 977/2050 ROANOKE RD
ROANOKE TX 76262-0977

TOTAL LIENS 1

Z

**ASSIGNMENT OF OWNERSHIP —BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK**

ODOMETER DISCLOSURE STATEMENT. I (WE) CERTIFY THAT THE ODOMETER NOW READS ____________ (NO TENTHS) MILES AND TO THE BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS:

- ☐ ACTUAL MILEAGE
- ☐ EXCEEDS MECHANICAL LIMITS OF ODOMETER
- ☐ NOT ACTUAL MILEAGE — **WARNING ODOMETER DISCREPANCY**

DAMAGE DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE HAS ☐ HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR, REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70% ACTUAL CASH VALUE.

POLLUTION SYSTEM DISCLOSURE STATEMENT. TO THE BEST OF MY KNOWLEDGE THE POLLUTION CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE HAS ☐ HAS NOT (CHECK ONE) BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE.

*Assignment: I (we) certify that this vehicle is free from all security interests, warrant title, and assign the registration tax and vehicle to:*

SELLER'S PRINTED NAME(S) / / DATE OF SALE BUYER'S PRINTED NAME(S)

SELLER'S ADDRESS DEALER NUMBER BUYER'S ADDRESS

SELLER'S SIGNATURE(S) X BUYER'S SIGNATURE(S)

IMPORTANT: PLEASE READ. All information collected on a motor vehicle application is required by law and is used to identify your motor vehicle. Failure to provide required information may result in denial of the requested action. Except for certain uses permitted by federal and state laws, personal information contained in your application may not be disclosed to others without your express consent. You may expressly consent to the disclosure of your information by writing to the following address:

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST. PAUL, MINNESOTA 55101
Phone: 651 297-2126 TTY 651 282-6555
mndriveinfo.org

PS2700-16

...EP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE

tabbies EXHIBIT H

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re: Case No. 09-50779-RJK
Chapter 7

Dennis E. Hecker,

Debtor.

---

**VERIFICATION**

---

I, James McDott, an employee of Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C. named in the foregoing Notice of Hearing and Motion for Relief from Stay, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

DATED: Aug 19, 2009

SIGNED: [signature]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

Case No. 09-50779-RJK
Chapter 7

In Re:

Dennis E. Hecker,

Debtor.

---

# MEMORANDUM OF LAW

---

## INTRODUCTION

Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C., ("Chrysler Financial"), has made a motion for relief from the automatic stay. Chrysler Financial incorporates herein the facts set forth in the notice of hearing and motion for relief from stay.

There are four loans that are the subject of this motion secured by a security interest in four motor vehicles. The loans are in default for failure to make payments when due and Chrysler Financial seeks relief from the automatic stay to foreclose its personal property security interest. There is no equity in the vehicles.

## ARGUMENT

Pursuant to Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." 11 U.S.C. Section 362(d)(1). Payments are not being made as required by the Leases between the Debtor and Chrysler Financial. Chrysler Financial has otherwise not been provided with adequate protection of interest in the Vehicles or adequate assurance of future performance under the Leases. Such failure constitutes cause,

within the meaning of Section 362(d)(1), entitling Chrysler Financial to relief from the stay. **United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd. (In re Timbers of Inwood Assoc., Ltd.)**, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). **In Re Reinbold v. Dewey County Bank**, 942 F. 2d 1304, 1306 (8th Cir. 1991)

Pursuant to Section 362(d)(2) of the Bankruptcy Code, relief from the stay is also appropriate where no equity exists and the property is not necessary to an effective reorganization. **In re Albany Partners, Ltd**., 749 F.2d 670 (11th Cir. 1984), **In re Anderson**, 913 F.2d 530,532 (8th Cir. 1990). Clearly, no appreciable equity exists in the Vehicles.

**CONCLUSION**

For all the reasons set forth herein, Chrysler Financial is entitled to an order terminating the automatic stay of 11 U.S.C. § 362 and authorizing it to take possession of and terminate its leases regarding the Vehicles in accordance with Minnesota law.

DATED: August 19, 2009

RIEZMAN BERGER, P.C.

**/e/ Marilyn J. Washburn**

Marilyn J. Washburn, #0324140
7700 Bonhomme Ave., 7th Floor
St. Louis, MO 63105
(314) 727-0101
FAX (314) 727-1086
Attorneys for Chrysler Financial

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

Case No. 09-50779-RJK
Chapter 7

In Re:

Dennis E. Hecker,

Debtor.

---

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

---

Marilyn J. Washburn, an attorney licensed to practice law in this court, and employed by Riezman Berger, with an office address of 7700 Bonhomme Avenue, St. Louis, Missouri 63105, declares that on the date listed below, I served a **Notice of Hearing for Relief from Stay, Memorandum of Law** and **Proposed Order** upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class postage prepaid and depositing same in the post office at St. Louis, Missouri, addressed to each of them as follows:

(Debtor's Attorney)
Clinton E. Cutler
200 S. 6th St, Ste 4000
Minneapolis, MN 55402

(Chapter 7 Trustee)
Randall L. Seaver
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337

(Debtor)
Dennis E. Hecker
P.O. Box 1017
Crosslake, MN 56442

Office of the U.S. Trustee
1015 US Courthouse
300 South 4th St.
Minneapolis, MN 55415

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: August 19, 2009.

Signed: **/e/Marilyn J. Washburn**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In Re:

Case No. 09-50779-RJK
Chapter 7

Dennis E. Hecker
Debtor.

---

**ORDER**

---

This case is before the Court on the motion of Chrysler Financial Services Americas, L.L.C. f/k/a DaimlerChrysler Financial Services Americas, L.L.C., ("Chrysler Financial"), seeking relief from the automatic stay of 11 U.S.C. § 362(a).

Based on the files and records herein, the Court now finds that cause exists entitling Chrysler Financial to relief from the automatic stay.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that:

1. The automatic stay of 11 U.S.C. §362(a) is immediately terminated to Chrysler Financial and Chrysler Financial is authorized to terminate its Leases and take possession of the subject motor vehicles, a 2008 Dodge Ram 1500, VIN #1D7HU18248S630225, 2008 Dodge Ram 1500, VIN #1D7HU18288S631037, 2008 Dodge Ram 1500, VIN #1D7HU18258S616091, and 2008 Dodge Ram 1500, VIN #1D7HU18208S623627.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this Order is effective immediately.

Dated: ______________________

BY THE COURT:

______________________________________
Robert J. Kressel
United States Bankruptcy Judge