**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,   BKY No. 09-50779

       Debtor.

**NOTICE OF HEARING AND MOTION**
**FOR PROTECTIVE ORDER**

TO:   ENTITIES SPECIFIED IN LOCAL RULE 9013-3

    1.   Randall L. Seaver, the Chapter 7 Trustee herein, moves the Court for the relief request below and gives Notice of hearing herewith.

    2.   The Court will hold a hearing on this motion at 10:30 a.m. on September 2, 2009, in Courtroom 8 West, before the Honorable Robert J. Kressel, Federal Building, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard.

    3.   Any response to this Motion must be filed and served by delivery no later than August 28, 2009, which is three (3) days before the above date (excluding Saturdays, Sundays and holidays), or be filed and served by mail not later than August 24, 2009, which is seven (7) days before the date set for the hearing (excluding Saturdays, Sundays and holidays) in accordance with Local Rules.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.   This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Fed.R.Bankr.P. 5005, and Local Rule 1070-1.  The petition commencing this chapter 7 case was filed on June 4, 2009.  The case is now pending in this court.

5.  This Motion arises under 28 U.S.C. §1404 and Local Rule 1002-1(a) and is filed under Local Rules 9013-2 and 9013-5. The Trustee requests protective order pursuant to 11 U.S.C. §§107 and 704.

6.  The Trustee has determined that it is in the estate's interest to exchange certain information and otherwise cooperate with Chrysler Financial Services Americas LLC ("**Chrysler Financial**") in certain efforts to identify and recover property of this bankruptcy estate. Such cooperation may involve the exchange of documents and other information that qualifies as privileged attorney-client communications or attorney work product. The Trustee and Chrysler Financial desire therefore to enter into a Joint Cooperation and Non-Disclosure Agreement ("**Agreement**") in order to preserve applicable privileges and to maintain confidentiality of any documents or information that may be exchanged pursuant to the Agreement. A copy of the Agreement is attached hereto as Exhibit A.

7.  The Trustee believes that sharing of information by and between Chrysler Financial and the Trustee under the Agreement may lead to the recovery of estate assets which would benefit the estate. However, in order to preserve applicable privileges, and in order for the documents and information exchanged to provide maximum assistance to the Trustee's efforts, the information received pursuant to the Agreement must be kept confidential.

8.  The Trustee is concerned that in the absence of a protective order, 11 U.S.C. § 704(7) may require him to furnish information received or exchanged pursuant to the Agreement to parties in interest in the case. If this information is at risk of disclosure under circumstances that do not preserve applicable privileges, the Trustee may not receive such information from Chrysler Financial. In addition, disclosure may undermine the Trustee's efforts to effectively liquidate this estate.

9.  The Trustee may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests an Order of the Court:

1. Granting the Trustee a protective order to the effect that information received pursuant to the Agreement is not subject to disclosure pursuant to 11 U.S.C. §704; and,

2. Such other relief as is just and equitable.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

Dated: August 19, 2009

By: /e/ Matthew R. Burton
_____
Matthew R. Burton #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

3

## VERIFICATION

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker named in the foregoing Notice of Hearing and Motion for Protective Order, declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Executed on August 19, 2009

/e/ Randall L. Seaver
_____
Randall L. Seaver, Trustee

407553

# JOINT COOPERATION AND NON-DISCLOSURE AGREEMENT

This JOINT COOPERATION AND NON-DISCLOSURE AGREEMENT ("**Agreement**") is entered into by and between Chrysler Financial Services Americas LLC ("**Chrysler Financial**") and Randall L. Seaver, in his capacity as trustee for the bankruptcy estate of Dennis E. Hecker ("**Seaver**") (collectively referred to herein as the "**Parties**").

**WHEREAS,** Dennis E. Hecker ("**Hecker**") commenced a case under Chapter 7 of the bankruptcy code on or about June 4, 2009 in the United States bankruptcy court for the District of Minnesota (*In re Dennis E. Hecker,* Case No. 09-50779); and

**WHEREAS,** Seaver is the duly appointed and acting Trustee for Hecker's bankruptcy estate; and

**WHEREAS,** prior to the commencement of Hecker's bankruptcy case, Chrysler Financial obtained a judgment against Hecker in the amount of approximately $477 million in *Chrysler Financial Americas LLC v. Dennis E. Hecker,* Hennepin County Dist. Court file no. 27-CV-09-2152, a substantial portion of which remains unsatisfied ("**Judgment**"); and

**WHEREAS**, on or about July 8, 2009, Chrysler Financial commenced an adversary proceeding against Hecker seeking to have approximately $83 million of the debt represented by its Judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) (*Chrysler Financial Services Americas LLC v. Dennis E. Hecker*, Adversary Proceeding No. 09-05019); and

**WHEREAS,** the Parties, in many respects, have similar interests and objectives in the identification, preservation, collection and liquidation of Hecker's assets and reasonably believe that it may be in their best interest to exchange certain information and otherwise cooperate in a joint effort to recover and realize the maximum amount on Hecker's assets ("**Joint Collection Effort**"); and

**WHEREAS,** cooperation in such Joint Collection Effort may involve the exchange of information that otherwise qualifies as privileged attorney-client communications or attorney work product; and

**WHEREAS,** each Party may have confidential and privileged documents or information concerning Hecker that it may wish to disclose to the other Party and that Party's attorneys for purposes of the Joint Collection Effort; and

**WHEREAS,** the Parties recognize that a Joint Collection Effort is advisable to maximize overall recovery of Hecker's assets.

# EXHIBIT A

**NOW, THEREFORE,** the Parties hereby agree as follows:

1. The Parties, either directly or through counsel, may share such factual information and legal research and analysis as each Party, in its sole discretion, deems appropriate to undertake in the Joint Collection Effort. Shared information (the "**Joint Cooperation Materials**") may include, among other things: (a) documents belonging to a Party; (b) written and oral reports of factual investigations; (c) reports of witness interviews; (d) legal research and work product; (e) opinions and advice of counsel (oral, written or electronic), and in the context of meetings, telephone conferences or electronic exchanges (*e.g.,* emails) between the Parties and their counsel; (f) opinions, reports, or documents generated by attorneys, private investigators, or other consultants retained by Party or its counsel to assist in the Joint Collection Effort; and (g) other non-public confidential information related to the Joint Collection Effort.

2. Each Party will use its best efforts to mark Joint Cooperation Materials provided to the other Party with its name and the following legend:

> **"PRIVILEGED AND CONFIDENTIAL:
> ATTORNEY-CLIENT PRIVILEGE AND/OR
> ATTORNEY WORK PRODUCT
> SUBJECT TO JOINT COOPERATION AND
> NON-DISCLOSURE AGREEMENT"**

However, materials that are Joint Cooperation Materials as defined in this Agreement will be subject to this Agreement even if they are not so marked. Inadvertent disclosure of Joint Cooperation Materials that are not marked as provided in this section will not be a breach of this Agreement.

3. Each Party affirms that the Joint Cooperation Materials consist of or reflect information that has been communicated to counsel in confidence by one or both of the Parties for the purpose of securing legal advice and representation, or is attorney work product. All such Joint Cooperation Materials are therefore intended by the Parties to be, and believed by them to be, subject to the attorney-client privilege and/or work product protection.

4. The sharing or disclosure of Joint Cooperation Materials between the Parties or their counsel will not diminish in any way the confidentiality of the Joint Cooperation Materials or constitute a waiver of any applicable privilege or protection. Neither Party shall have the power to waive, without the express written consent of the other, any privilege applicable to Joint Cooperation Materials provided by the other Party. Any inadvertent or purposeful disclosure of Joint Cooperation Materials shall not constitute a waiver of any privilege or protection of the nondisclosing Party, and shall be construed as narrowly as possible with regard to the waiving Party.

5. In the event Joint Cooperation Materials received pursuant to this Agreement are requested of any Party by any third party, including, without limitation, Hecker or a party in other litigation, the Party to whom such request is directed shall: (a) promptly inform the other Party; (b) promptly and properly assert any and all claims of privilege or work product

2

protection; and, (c) shall take all appropriate legal measures to prevent the disclosure of such information (including, without limitation, objections, motions, or claims of privilege or work product protection in opposition to discovery), unless the Parties specifically agree in writing not to take such measures. The privilege or work product protection may also be asserted by the Party that provided the Joint Cooperation Materials, and the Party to whom the request is directed shall support and cooperate in assertion of the privilege or work product protection by the party that provided the Joint Cooperation Materials, if requested to do so by that Party.

6. Absent the express written consent of the Party providing the Joint Cooperation Materials, a Party receiving Joint Cooperation Materials shall use those materials solely for the purpose of the Joint Collection Effort, and must not disclose such Joint Cooperation Materials to any person other than the Parties' respective counsel and counsel's employees and agents (such as independent consultants) and those employees of the Party with a need to know the information in connection with the Joint Collection Effort. Each Party further agrees that it shall inform all such employees, agents, and counsel who receive access to Joint Cooperation Materials of the existence and scope of this Agreement and shall instruct such persons to adhere to this Agreement and not use any Joint Cooperation Materials, or disclose, disseminate, or transfer any Joint Cooperation Materials to any other person, except as required by law or as expressly permitted hereunder.

7. This Agreement shall continue in effect with respect to Joint Cooperation Materials exchanged under this Agreement notwithstanding any change in circumstances affecting the ongoing need to exchange further information, and such event will not waive, limit, or impact the privileges or work product protections afforded to Joint Cooperation Materials exchanged under this Agreement prior to such event.

8. The Parties may agree in writing to disclose Joint Cooperation Materials, or authorize their disclosure, beyond the disclosure otherwise provided for in this Agreement.

9. Information already possessed, or subsequently received by either of the Parties from third parties, is not subject to this Agreement even if it duplicates Joint Cooperation Materials.

10. This Agreement, and the activities that occur pursuant to this Agreement, including the receipt of Joint Cooperation Materials, shall not be used by either Party as a basis for seeking to disqualify an attorney representing the other Party from any future representation, including litigation between the Parties. Each Party expressly consents to such representation by counsel.

11. This Agreement may be terminated at any time by any Party upon written notice to the other Parties. Upon termination of this Agreement, each Party shall return to the originating Party all originals and copies of Joint Cooperation Materials received from the originating Party containing confidential information shared pursuant to this Agreement. Termination of this Agreement will not affect each Party's continuing obligation to protect and preserve the confidentiality of information shared pursuant to this Agreement.

12. Any modification to this Agreement must be in writing and signed by each of the Parties.

13. Provisions of this Agreement providing for or requiring a writing by a Party are also satisfied by a writing executed on behalf of the Party by the Party's counsel.

14. This Agreement shall be effective at such time as it has been executed by both Parties.

15. This Agreement may be executed in counterparts.

16. This Agreement shall be governed by the laws of the State of Minnesota.

**Chrysler Financial Services**         **Randall L. Seaver, Trustee**
    **Americas LLC**

By_____      By_____

Date: _____     Date: _____

GP:2621861 v2
407555

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,                                               Chapter 7 Bankruptcy

        Debtor.

---

**MEMORANDUM IN SUPPORT OF MOTION
PURSUANT TO 11 U.S.C. §§107 AND 704**

---

Randall L. Seaver, Trustee ("**Trustee**"), a Chapter 7 trustee, has duties of disclosure pursuant to 11 U.S.C. §704.  The Trustee desires to enter into a Joint Cooperation and Non-Disclosure Agreement ("**Agreement**") with Chrysler Financial Services Americas LLC ("**Chrysler Financial**") to allow for the confidential exchange of information while preserving applicable attorney-client communication, work product and other available privileges with respect to such information.  The purpose of the Agreement would be to assist the Trustee in collecting and liquidating assets of the estate.  If the information received and shared pursuant to that Agreement could not maintain its confidential nature, the purpose of the Agreement would be frustrated.

Section 704(7) gives the court discretion to decide whether the trustee should furnish information concerning the estate to a party in interest.  The exact language contained in §704(7) states: "unless the court orders otherwise."  One case has noted that:

> [A] trustee may obtain a protective order against disclosure of information under section 704(7) if disclosure would result in waiver of the attorney-client privilege, *In re Lee Way Holding Co.*, 120 B.R. 881, 908 (Bankr. S.D. Ohio 1990), or of information that is proprietary and confidential. *In re Grabill Corp.*, 109 B.R. 329, 333 (N.D. Ill. 1989); see also 6 Collier on Bankruptcy ¶ 704.11 (15th ed. 2005), at 704-23 (noting that section 107 of the Bankruptcy Code must also be kept in mind when considering a trustee's duty to furnish information).

*In re Refco, Inc.*, 336 B.R. 187, 193 (S.D. N.Y. 2006).

## CONCLUSION

The Trustee desires to receive and to share information regarding the Debtor and his financial affairs with Chrysler Financial. A condition of the Agreement is that the information remain confidential, which in the absence of an order of this Court, may not be possible. Accordingly, the Trustee requests relief from this Court allowing the information received under the Agreement to remain confidential.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: August 19, 2009

By: /e/ Matthew R. Burton
 Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

407554

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                          BKY No. 09-50779

Dennis E. Hecker,                                                                               Chapter 7

        Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I hereby certify that on August 19, 2009, I caused the following documents:

*Notice of Hearing and Motion for Protective Order, Memorandum in Support of Motion Pursuant to 11 U.S.C. §§107 and 704, Proposed Order*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Patti H Bass    ecf@bass-associates.com
- Tyler D. Candee    tcandee@lapplibra.com, dwegler@lapplibra.com
- Bruce H. Carlson    bruce.carlson@mlcfargolaw.com, tricia.fossen@mlcfargolaw.com
- Monica L. Clark    clark.monica@dorseylaw.com
- Gordon B. Conn    conn@kwgc-law.com
- Clinton E. Cutler    ccutler@fredlaw.com, mdavis@fredlaw.com
- Stephen F Grinnell    stephen.grinnell@gpmlaw.com
- Andrea M. Hauser    ahauser@losgs.com
- Douglas W. Kassebaum    dkassebaum@fredlaw.com, scharter@fredlaw.com;bankruptcy@fredlaw.com
- Jeffrey D. Klobucar    jklobucar@foleymansfield.com
- Connie Lahn    connie.lahn@fmjlaw.com, Aong.Moua@fmjlaw.com
- Thomas Lallier    tlallier@foleymansfield.com
- Joseph W. Lawver    jlawver@messerlikramer.com, mnygaard@messerlikramer.com
- Nauni J Manty    ecf@mantylaw.com

- Michael L Meyer    mlmeyer@ravichmeyer.com

- Ralph Mitchell    rmitchell@lapplibra.com, jpipp@lapplibra.com

- Andrew Paul Moratzka    apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com

- Cynthia A. Moyer    cmoyer@fredlaw.com, cthomas@fredlaw.com

- Robert G. Parish    rparish@faegre.com

- Jamie R. Pierce    jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com;mpocock@hinshawlaw.com;kmoore@hinshawlaw.com

- Recovery Management Systems Corp    claims@recoverycorp.com

- Craig E. Reimer    creimer@mayerbrown.com, samahdi@mayerbrown.com;srozen@mayerbrown.com;hroin@mayerbrown.com

- David E. Runck    david.runck@fmjlaw.com, Aong.Moua@fmjlaw.com

- Brad A Sinclair    bsinclair@serklandlaw.com, crohr@serklandlaw.com

- Rebecca G. Sluss    rsluss@oppenheimer.com

- Matthew A Swanson    matthew.swanson@leonard.com, callie.sanford@leonard.com

- US Trustee    ustpregion12.mn.ecf@usdoj.gov

- Marilyn J Washburn    MN_bank@riezmanberger.com;riezmanberger@gmail.com

I further certify that I caused a copy of the foregoing documents to be faxed, e-mailed and/or mailed by first class mail, postage paid, to the following:

Dennis E. Hecker
P.O. Box 1017
Crosslake, MN 56442

Micahel B. Lubic
Sonnenschein Nath & Rosenthal LLP
601 S Figueroa St Ste 2500
Los Angeles, CA 90017-5704

Nicholas N. Nierengarten
Gray, Plant, Mooty & Bennett
500 IDS Center
80 S 8th St
Minneapolis, MN 55402

Dated: August 19, 2009

/e/ Valerie Rittenbach
_____
Valerie Rittenbach
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

407689

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                                       BKY No. 09-50779

       Debtor.

**ORDER**

This case is before the court on the motion of Randall L. Seaver, Chapter 7 Trustee ("**Trustee**"), for a protective order.

Upon the motion and the files,

IT IS HEREBY ORDERED that any information received by the Trustee pursuant to the Joint Cooperation and Non-Disclosure Agreement with Chrysler Financial Services Americas LLC shall be excluded from the disclosure requirements of 11 U.S.C. §704 and the Trustee may keep the same confidential with respect to all interested parties.

                                                           **BY THE COURT:**

Dated: _____                  _____
                                                                Robert J. Kressel
                                                               U.S. Bankruptcy Judge

407073