UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                          Case No. BKY 09-50779
                    Debtor.                                                          Chapter 7 Case

**DEBTOR'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

Debtor Dennis E. Hecker ("Debtor") files this Response (the "Response") to Randall L. Seaver's (the "Trustee's") Motion for Protective Order (the "Motion"). Debtor objects to the Motion to the extent that the Joint Cooperation and Non-Disclosure Agreement ("Agreement") between the Trustee and Chrysler Financial Services Americas LLC ("Chrysler Financial") attempts to expand any applicable privileges or seeks to protect information that might otherwise be discoverable in proceedings in this case or in any other adversary proceeding or action.

## FACTUAL BACKGROUND

The facts relevant to this Response are set forth in the Motion. All capitalized terms have the meaning ascribed to them in the Motion.

## LEGAL ANALYSIS

Section 704(a)(7) of the Bankruptcy Code provides that one of the duties of the trustee is to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. § 704(a)(7). This duty is "fairly extensive, as [section 704(a)(7)] places the burden of providing requested information on the trustee, and reflects the overriding duty to keep parties in interest informed." *Pineiro v. Pension Benefit Guaranty Corporation*, 318 F.Supp.2d 67, 102 (S.D.N.Y. 2003). That said, the duty to provide information is not unlimited, and the court may order that a trustee has no duty to disclose certain

- 1 -

information.  *See* 11 U.S.C. § 704(a)(7); *In re Refco, Inc.*, 336 B.R. 187, 193 (Bankr. S.D.N.Y. 2006).

As discussed below, the Trustee should not be allowed to enter into the Agreement, and accordingly, the Trustee's Motion should be denied.  As an initial matter, the Trustee has made no showing that what is in essence a joint defense agreement can be used appropriately in a bankruptcy case where the interests of the parties can be in harmony on some issues and in conflict on other issues.  Further, even if applicable, neither the common interest nor joint defense doctrines apply in the instant case.  The usual purpose of such agreements is to preserve attorney-client and work product privileges where there are common interests.  The attorney-client privilege protects communications between the attorney and client in order to facilitate the giving of legal advice to clients.  The joint defense doctrine is designed to further this interest by allowing the *attorneys* representing different clients who have identical or common interests to communicate client confidences to one another that would otherwise be privileged in order to facilitate providing legal advice and counsel to the clients with identical interests.  Thus, the only information shielded by the joint defense privilege are communications between the attorneys regarding client confidences and not communications between the clients outside of the attorney-client privilege, documents which are not otherwise privileged, or information developed by the Trustee.

Moreover, some courts have held that the client's legal interests must be identical, not merely similar.  The "key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial."  *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1172 (D.S.C. 1974).  The Trustee's legal interests cannot possibly be identical to Chrysler

Financial's legal interest in all matters in this case because the Trustee is charged with a fiduciary duty to the entire estate and every creditor.[1]

Moreover, the Agreement is too broad and threatens to make otherwise discoverable information confidential and therefore non-discoverable. For example, paragraph 6 of the Agreement states that "a Party receiving Joint Cooperation Materials shall use those materials solely for the purpose of the Joint Collection Effort, and must not disclose such Joint Cooperation Materials to any person other than the Parties' respective counsel and counsel's employees and agents . . . ." The Joint Cooperation Materials are defined in the Agreement as including: (a) documents; (b) written or oral reports of factual investigations; (c) reports of witnesses; (d) legal research and work product; (e) opinions and advice of counsel; (f) opinions, reports, or documents generated by attorneys; and (g) other non-public confidential information related to the Joint Collection Effort. Agreement, ¶ 1.

Many categories of materials listed above would otherwise be discoverable under applicable discovery rules in this case or in adversary proceedings related to this case. The broad language of the Agreement raises the risk that even non-privileged information once shared and classified as Joint Cooperation Materials would no longer be discoverable because it could be considered confidential. This concern is further illustrated by the Trustee's request for this Court to grant a protective order, stating that all "information received pursuant to the Agreement is not subject to disclosure pursuant to" section 704(a)(7). Motion, at 3. Such a broad order would functionally expand the scope of the privileges such that unprivileged information would become non-discoverable.

---

[1] For example, it would be appropriate in this case for the Trustee to investigate whether Chrysler Financial was an insider of the Debtor for purposes of pursuing avoidance claims against Chrysler Financial.

In addition, Debtor is concerned that the breadth of the Agreement raises the possibility that the Trustee would be allowed to share with Chrysler Financial information covered by the pre-petition attorney-client and work product privileges belonging to the Debtor. The Trustee has been given permission by this Court to examine records that may be related to Chrysler Financial's adversary proceeding, Case No. 09-05019, against Debtor. The Trustee has also requested access to Debtor's counsel's pre-petition files related to additional litigation between Debtor and Chrysler Financial and related claims, some of which are raised in the adversary proceeding. Some of this information will be covered by the attorney-client and work product privileges protecting Debtor, and if the Trustee has access to it, the Trustee should not be allowed to share this privileged information with Chrysler Financial. In an individual chapter 7 case, the ability to waive the attorney-client and work product privileges, however, lies with Debtor and not the Trustee. *See In re Miller*, 247 B.R. 704, 710 (Bankr. N.D. Ohio 2000) (concluding that the trustee could not waive debtor's attorney-client privilege because the trustee's assumption of the privilege could result in great harm to the debtor). Because the Agreement and proposed order may allow the Trustee to share privileged information of the Debtor with Chrysler Financial, the Motion should be denied.

Pursuant to Local Rule 9013-2(b), this Response is accompanied by a Proposed Order and proof of service.

WHEREFORE, Debtor respectfully requests that the Court enter an order: (a) denying the Trustee's Motion; and (b) granting such other and further relief as the Court deems just and equitable.

Dated:  August 28, 2009

FREDRIKSON & BYRON, P.A.

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Cynthia A. Moyer (#211229)
Kendall L. Bader (#389001)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077

-and-

MOHRMAN & KAARDAL, P.A.

*/s/ William F. Morhman*
William F. Morhman
33 South Sixth Street
Suite 4100
Minneapolis, Minnesota 55402
Phone (612) 465-0928
Fax (612) 341-1076

ATTORNEYS FOR DEBTOR

4611029_1

Dennis E. Hecker
Service List
Bky No. 09-50779

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,     Case No. BKY 09-50779

Debtor.     Chapter 11 Case

## CERTIFICATE OF SERVICE

Kendall L. Bader, under penalty of perjury, states that on August 28, 2009, he caused to be served the following:

1. Debtor's Verified Response to Chapter 7 Trustee's Motion for Protective Order;

2. Certificate of Service; and

3. Proposed Order.

by sending true and correct copies via ECF to the parties on the attached list.

Dated: August 28, 2009     */s/ Kendall L. Bader*
    Kendall L. Bader

4611682_1

Dennis E. Hecker
Service List
Bky No. 09-50779

| | | |
|---|---|---|
| **SERVICE VIA ECF**<br><br>U.S. Trustee's Office<br>1015 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>ustpregion12.mn.ecf@usdoj.gov | United States Rent A Car and Maria Romano<br>c/o Jamie R. Pierce<br>Hinshaw & Culbertson, LLP<br>333 South Seventh Street, #2000<br>Minneapolis, MN 55402<br>jpierce@hinshawlaw.com | Nauman & Tansey, P.A.<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>mlmeyer@ravichmeyer.com |
| Randall L. Seaver<br>U.S. Trustee<br>Portland Corporate Center<br>12400 Portland Avenue South, #132<br>Burnsville, MN 55337<br>rlseaver@fullerseaverramette.com | Chrysler Financial Services Americas, LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Stephen F. Grinnell<br>Gray, Plant, Mooty, Mooty & Bennett, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>stephen.grinnell@gpmlaw.com | GE Money Bank<br>c/o Recovery Management Systems Corp.<br>Attn: Ramesh Singh<br>25 S.E. Second Avenue, #1120<br>Miami, FL 33131-1605<br>claims@recoverycorp.com |
| Randall L. Seaver<br>c/o Matthew R. Burton<br>Matthew R. Burton Esq.<br>Leonard, O'Brien, Spencer, Gale & Sayre<br>100 South Fifth Street, #2500<br>Minneapolis MN 55402<br>mburton@losgs.com | | HSBC Bank Nevada, N.A.<br>c/o Patti H. Bass<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, #200<br>Tucson, AZ 85712-1083<br>ecf@bass-associates.com |
| Randall L. Seaver<br>c/o Gordon B. Conn Jr.<br>Kalina, Wills, Gisvold & Clark & PLLP<br>6160 Summit Drive, Suite 560<br>Minneapolis MN 55430<br>conn@kwgc-law.com | Chrysler Financial Services Americas LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Craig E. Reimer<br>Mayer Brown, LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>creimer@mayerbrown.com | Associated Bank<br>c/o Joseph W. Lawver<br>Messerli & Kramer P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis MN 55402-1217<br>jlawver@messerlikramer.com |
| U.S. Bank National Association<br>c/o Monica Clark<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, #1500<br>Minneapolis, MN 55402-1498<br>clark.monica@dorseylaw.com | Chrysler Financial Services Americas, LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Marilyn J. Washburn<br>Riezman Berger, P.C.<br>7700 Bonhonne, 7th Floor<br>St. Louis, MO 63105<br>MN_bank@riezmanberger.com | VISIONBank<br>c/o Bruce H. Carlson<br>McNair, Larson & Carlson, Ltd.<br>51 Broadway, #600<br>Fargo, ND 58102<br>bruce.carlson@mlcfargolaw.com |
| Hyundai Capital America<br>c/o Connie A. Lahn<br>David E. Runck<br>Fafinski Mark & Johnson, PA<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, MN 55344<br>connie.lahn@fmjlaw.com<br>david.runck@fmjlaw.com | Crown Bank<br>c/o Thomas J. Lallier<br>Jeffrey D. Klobucar<br>Foley & Mansfield, P.L.L.P.<br>250 Marquette Avenue, #1200<br>Minneapolis MN 55401<br>tlallier@foleymansfield.com<br>jklobucar@foleymansfield.com | Blackstone Financial, LLC<br>c/o Brad A. Sinclair<br>Serkland Law Firm<br>10 Roberts Street<br>P.O. Box 6017<br>Fargo, ND 58108-6017<br>bsinclair@serklandlaw.com |
| Tamitha Hecker<br>c/o Nauni Jo Manty<br>Manty & Associates, P.A.<br>510 First Avenue North, #305<br>Minneapolis, MN 55403<br>ecf@mantylaw.com | JPMorgan Chase Bank, N.A.<br>c/o Matthew A. Swanson<br>Leonard, Street and Deinard, PA<br>2300 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis MN 55402<br>matthew.swanson@leonard.com | TCF National Bank<br>c/o Robert G. Parish<br>Faegre & Benson, LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402-3901<br>rparish@faegre.com |
| | Toyota Financial Savings Bank<br>Toyota Motor Credit Corporation<br>c/o Michael L. Meyer<br>Ravich Meyer Kirkman McGrath | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                             Case No. BKY 09-50779
           Debtor.                                                             Chapter 7 Case

**ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION FOR PROTECTIVE ORDER**

      Randall Seaver's (the "Trustee's") Motion for Protective Order (the "Motion") came on for a hearing before the undersigned United States Bankruptcy Judge. Appearances are noted on the record. All capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Motion.

      Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises in the Court's findings of fact and conclusions of law, if any, have been stated orally and recorded in open court following the close of argument:

IT IS HEREBY ORDERED,

    1.    The Trustee's Motion is denied.


Dated: _____, 2009                              _____
                                                      United States Bankruptcy Judge


4611613_1