UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                                                                              BKY No. 09-50779 RJK

Debtor.

## ROWAN'S MEMORANDUM OF LAW IN RESPONSE TO TRUSTEE'S MOTION TO TERMINATE OUTSTANDING RESIDENTIAL LEASE

### INTRODUCTION

On May 1, 2009, Christi M. Rowan, as tenant, signed a residential lease with the debtor for the residential property located at 1615 Northridge Drive, Medina, Minnesota 55391 ("Northridge").  The term of the lease is twenty four (24) months commencing May 1, 2009 through April 30, 2011.  The Trustee relies upon Bankruptcy Code Section 365, which does not govern this motion.  However, pursuant to 11 U.S.C. §365 (h)(1)(A)(ii), the Trustee's motion has no practical impact since Ms. Rowan has the undisputed legal right to "use, possession, quiet enjoyment…for the balance of the term of such lease…"  As stated in the Historical and Statutory Notes to the relevant Code provision, the Trustee's powers of termination are expressly limited in a situation where the debtor is the landlord in order to protect real property lessees of the debtor.

### FACTUAL BACKROUND

The facts are very straightforward.  Ms. Rowan signed a 24 month residential lease for the Northridge property on May 1, 2009.  A true and accurate reproduction of the lease is attached to Ms. Rowan's Affidavit ("Rowan Aff.") as Exhibit A.  It is undisputed that the landlord is the debtor, and that the lease was signed before the bankruptcy petition was filed.  See Rowan

Aff. at ¶ 1.  Ms. Rowan presently resides at the Northridge home with her two young children. Id. at ¶ 2.  Ms. Rowan has paid the monthly rent of $5,000 as required by the lease since signing the lease.  Id. at ¶ 3.   The rent for August in the amount of $5,000.00 was paid to the Trustee by Ms. Rowan as instructed by the Trustee's counsel,  but the Trustee has returned the check.  Id. There is no claim by the Trustee that Ms. Rowan has somehow breached the lease.  Id. at ¶ 4. Nor has Ms. Rowan been informed by anyone that she is in breach of the lease. Id. at ¶ 5.  Thus, the subject lease is in full force and effect with no breaches outstanding by the lessee.

As set forth below, the law is clear that Ms. Rowan maintains her legal rights contained in the lease, and has an undisputed legal right to have the lease continue through the remainder of its term.

## ARGUMENT

## ALTHOUGH THE TRUSTEE CAN REJECT THE LEASE, THE TENANT HAS THE RIGHT TO RETAIN THE LEASE

The Trustee recites Bankruptcy Code Section 365(a) in his memorandum of law and states that the Trustee can with Court approval  reject any unexpired lease of the Debtor.  There is no argument with that particular point as it relates to leases where the debtor is the tenant. However, the Trustee must read the relevant statute a little further to the relevant portion found in Bankruptcy Code Section 365(h)(1)(A) governing "if the Trustee rejects an unexpired lease of real property under which the debtor is the Lessor."

First, there is no dispute that the debtor is the lessor.  Accordingly, the applicable Bankruptcy Code Section 365(h)(1)(A)(ii) states in relevant part as follows:

> If the trustee rejects an unexpired lease of real property under which the debtor is the lessor-
>
> (ii)  if the term of such **lease has commenced**, the **lessee may retain it rights**

2

**under such lease** (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and **any right of use, possession, quiet enjoyment,** subletting, assignment, or hypothecation) that are in or appurtenant to the real property **for the balance of the term of such lease** and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law. " (Emphasis added)

Second, there is no dispute that the lease commenced prior to the filing of the bankruptcy petition wherein the debtor is the lessor in the lease.  Therefore, Ms. Rowan retains her legal rights under the subject lease to the use and possession for the balance of the lease term.  Ms. Rowan made the Trustee aware that she was asserting her rights to remain and paid the August rent as instructed by the Trustee's counsel. See Rowan Aff. at ¶s 3, 6 and 7.

Whether the Trustee rejects the lease or not has no practical effect and the Trustee's motion is in reality moot.  The Trustee is not allowed to ignore the legal rights of the pre-existing tenant of the debtor, in this case Ms. Rowan.

## CONCLUSION

Based on the foregoing, the Trustees motion to terminate the subject lease should be denied as a matter of law.

Dated: September 4, 2009                **SKOLNICK & SHIFF, P.A.**

/e/ William R. Skolnick
William R. Skolnick #137182
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
**ATTORNEY FOR CHRISTI ROWAN**

3