# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: )<br>)<br>    Dennis E. Hecker, )<br>)<br>                      Debtor. )<br>_____ )<br>CORNERSTONE Bank, )<br>CORNERSTONE Holding Company, )<br>Inc., and BLACKSTONE Financial, LLC, )<br>)<br>                      Plaintiff, )<br>)<br>vs. )<br>)<br>Dennis E. Hecker, )<br>)<br>                      Defendant. )<br>) | **Bankruptcy Case No.** 09-50779<br>**Chapter 7**<br><br>The Honorable Robert J. Kressel<br><br><br>**Adversary No.** _____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS

CORNERSTONE Bank, CORNERSTONE Holding Company, Inc., and BLACKSTONE Financial, LLC, hereafter jointly and severally referred to as "CORNERSTONE Bank", commences this Complaint against Defendant, Dennis E. Hecker, hereinafter referred to as "Hecker", in order to obtain a determination that certain debts owed by Hecker to CORNERSTONE are non-dischargeable pursuant to Title 11 U.S.C. § 523(a) of the Bankruptcy Code due to Hecker's false pretenses, false representations, fraud, defalcation, embezzlement, willful and malicious injury, false financial statements, and fraud or defalcation while acting in a fiduciary capacity to CORNERSTONE and its property and/or collateral, in order to obtain money or property

from and/or take money and/or property belonging to CORNERSTONE. In support of its Complaint, CORNERSTONE alleges as follows:

## I. PARTIES

1. CORNERSTONE Bank is a bank organized under the laws of the State of North Dakota with its principal business located in Enderlin, North Dakota, with branch offices in Fargo, North Dakota.

2. That CORNERSTONE Holding Company, Inc., is a corporation organized under the laws of the State of North Dakota.

3. That BLACKSTONE Financial, LLC, is a limited liability company organized under the laws of the State of North Dakota.

4. That CORNERSTONE executed an assignment of interest assigning to CORNERSTONE Holding Company, Inc., Hecker's obligations outstanding to CORNERSTONE Bank.

5. That CORNERSTONE Holding Company, Inc., has entered into an agreement with BLACKSTONE Financial, LLC, authorizing BLACKSTONE Financial, LLC, to collect all of Hecker's obligations outstanding to CORNERSTONE Bank assigned to CORNERSTONE Holding Company, Inc.

6. That Defendant Hecker is a resident and a citizen with the State of Minnesota. That Hecker is the debtor in the above entitled Chapter 7 bankruptcy case in which he commenced on June 4, 2009.

## II. JURISDICTION

7. The Debtor filed for Chapter 7 bankruptcy on June 4, 2009.

8. That the First Meeting of Creditors of Hecker was on July 15, 2009.

9.　　The deadline to file a complaint objecting to discharge of the Debtor and/or to determine dischargeability of certain debts is September 14, 2009.

10.　　This adversary proceeding arises out of and is related to the above-caption case pending before the United States Bankruptcy Court. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1334 since this is a civil case arising under 11 U.S.C. § 523. Venue is proper under 28 U.S.C. § 1409 since this proceeding arises under Title 11 U.S.C. § 523(a) and since Hecker's bankruptcy case is pending in this District.

11.　　This proceeding is core proceeding pursuant to Title 28 U.S.C. § 1157(b)(2)(I) because this proceeding seeks a determination as to dischargeability of certain debts.

12.　　That CORNERSTONE Bank, CORNERSTONE Holding Company, Inc., and BLACKSTONE Financial, LLC, are listed as Plaintiffs in this matter due to the various assignments between the parties.

### III. GENERAL ALLEGATIONS

13.　　That CORNERSTONE Bank entered into various loan agreements with Hecker including CORNERSTONE Bank lending Hecker and a number of entities that Hecker owns or controls thousands and millions of dollars. The loans were either made personally to Hecker or Hecker personally guarantied payment of the amounts loaned by CORNERSTONE to Hecker and/or Hecker's corporate entities.

14.　　That CORNERSTONE Bank's loans made to Hecker's corporate entities was controlled in all material respects by Hecker. Each of the actions described of and complained of herein were taken by Hecker or Hecker specific or implicitly directed with

3

Hecker possessing knowledge of such actions either violating CORNERSTONE Bank's rights and interests under various loan agreements governing Hecker's obligations outstanding to CORNERSTONE Bank or would cause direct and material damage to CORNERSTONE Bank.

15. CORNERSTONE entered into loan agreements with Hecker directly and/or Hecker's corporate entities with Hecker as a personal guarantor pursuant to various representations, statements, financial statements, either made or provided by Hecker to CORNERSTONE Bank.

16. On October 26, 2007, Hecker induced CORNERSTONE Bank to enter into a loan transaction with HogRider Investments, LLC, pursuant to Promissory Note #202059 payable in the principal amount of $4,000,000.00. To secure repayment of said indebtedness, Hecker induced CORNERSTONE Bank to obtain a security interest in all inventory, chattel paper, accounts, equipment, general intangibles of HogRider Investments, LLC; Dennis Hecker pledging 100% of his membership units of HogRider Investments, LLC; and Dennis Hecker personally guarantying said indebtedness. Dennis Hecker represented and warranted to CORNERSTONE Bank pursuant to Hecker's personal financial statement provided to CORNERSTONE Bank that said financial statement was true and correct, that Dennis Hecker had personal financial net worth of millions of dollars as reflected in his personal financial statement and that Dennis Hecker's 100% ownership interest/membership units of HogRider Investments, LLC, were encumbered and would be memorialized on HogRider Investments, LLC's books and records and certificates of ownership interests that CORNERSTONE Bank

4

had a security interest in the same and the same would be delivered to CORNERSTONE Bank's possession.

17. That based upon information and belief, either before or shortly after execution of the CORNERSTONE documents, Dennis Hecker entered into an agreement with JC Bromac Corporation, EagleRider, Inc., and Eagle Travel Systems, Inc., (hereinafter jointly referred to as JC Bromac) pledged and mortgaged his interests in HogRider Investments, LLC, and physically delivered certification of his ownership interest in HogRider Investments, LLC, to said corporations (JC Bromac) in contravention of Hecker's loan agreements, representations, and promises to CORNERSTONE Bank.

18. That subsequent to Hecker's conveying all of his rights, title and interest in HogRider Investments, LLC, to JC Bromac and JC Bromac subsequently obtaining possession of said shares of stock/membership interests and selling the same, all to the detriment of CORNERSTONE.

19. Due to Hecker's actions and inactions, CORNERSTONE has suffered a loss in excess of $4,000,000.00.

20. Any subsequent substitution of collateral or any renewals or extensions or modifications of Hecker's obligations outstanding to CORNERSTONE Bank does not constitute an accord and satisfaction of the original indebtedness and the original basis for CORNERSTONE entering into the loan transaction with Hecker.

21. That Hecker's encumbering his interest in HogRider Investments, LLC, to JC Bromac renders Hecker's obligation outstanding to CORNERSTONE non-dischargeable due to his fraud, deceit, misrepresentation, willful, malicious injury, fraud

or defalcation will acting in a fiduciary capacity, and constitutes obtaining money or services through false representations, false financial statements, all non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2), (4) and (6).

22. That on or about November 19, 2008, Hecker induced CORNERSTONE Bank to enter into various loan agreements and transactions with Rosedale Dodge, Inc., and Dennis Hecker in the amount of $3,000,000.00.

23. That Dennis Hecker made various representations, statements, and provided CORNERSTONE Bank with various financial information and records regarding the financial wherewithal of Rosedale Dodge and Dennis Hecker. CORNERSTONE Bank was induced to enter into said loan transaction due to the representations, warranties, financial statements, fraud, and deceit of Hecker.

24. Hecker is indebted to CORNERSTONE Bank in a sum in excess of $3,000,000.00 regarding the Rosedale Dodge/Dennis Hecker Promissory Note #209192 dated November 19, 2008, payable in the amount of $3,000,000.00 and CORNERSTONE Bank requests this Court to determine that said indebtedness is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2), (4) and (6) of the Bankruptcy Code.

25. That on or about November 20, 2007, Dennis Hecker induced CORNERSTONE Bank to enter into a loan agreement with Jacob Holdings of Monarch, LLC, in the amount of $800,000.00 with the indebtedness secured by Dennis Hecker.

26. Dennis Hecker made various representations and statements regarding the financial wherewithal of Jacob Holdings of Monarch, LLC, the unencumbered assets of Jacob Holdings of Monarch, LLC, the financial wherewithal of Jacob Holdings of

6

Monarch, LLC, and Dennis Hecker's statements all relied upon by CORNERSTONE Bank.

27.  That representations, warranties, and financial information and statements Hecker provided CORNERSTONE Bank were false, fraudulent, and deceptive.

28.  That Jacob Holdings is indebted to CORNERSTONE Bank in excess of $800,000.00.  CORNERSTONE Bank requests that Hecker's obligations outstanding to CORNERSTONE Bank be determined to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2), (4), and (6) of the United States Bankruptcy Code.

29.  On or about December 15, 2008, less than seven (7) months from the date of Hecker's filing for Chapter 7 relief, Hecker induced CORNERSTONE Bank to enter into a lending relationship with Jacob Holdings of Stillwater, LLC, in the amount of $1,800,000.00 with the indebtedness personally guarantied by Dennis Hecker and secured by a real estate mortgage upon Jacob Holdings of Stillwater, LLC's real estate.

30.  That Hecker made various representations, statements and provided CORNERSTONE Bank with various financial statements, financial projections, and other financial information inducing CORNERSTONE Bank to enter into said loan relationship with Jacob Holdings of Stillwater, LLC, and Dennis Hecker.

31.  Hecker's representations, warranties and financial statements that Hecker provided CORNERSTONE Bank were false, fraudulent and deceptive.

32.  That CORNERSTONE Bank respectfully requests that the Court determine that Hecker's obligations outstanding to CORNERSTONE Bank as evidenced by his personal guaranty of Jacob Holdings of Stillwater, LLC's indebtedness

7

outstanding in a sum in excess of $1,853,900.00 is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2),(4) and (6) of the United States Bankruptcy Code.

33. That on or about October 5, 2007, Hecker induced CORNERSTONE Bank to enter into a loan relationship with DEH Funding, LLC, as evidenced pursuant to Promissory Note #201709 payable in the principal amount of $3,000,000.00 secured by a security interest in various assets of DEH Funding, LLC, including various real and personal property, and Hecker's personal guaranty.

34. That Hecker induced CORNERSTONE Bank to enter into said lending relationship premised upon Hecker's various representations, statements, financial statements/equity, cash flow projections, and representations that were false, or misleading.

35. That as collateral for repayment of the DEH Funding, LLC, indebtedness, DEH Funding, LLC, made various representations and statements to CORNERSTONE Bank and granted CORNERSTONE Bank a security interest in various specific accounts receivable of DEH Funding, LLC.

36. The security interests in specific accounts receivable of DEH Funding, LLC, have been determined to be worthless, of no value either known to Hecker at the time of entering into the loan transaction and relationship or should have been known by Hecker at the time of entering into said loan and lending relationship.

37. That Hecker made various false statements, and representations to CORNERSTONE Bank in order to induce CORNERSTONE Bank to enter in to said loan relationship in addition to providing CORNERSTONE Bank with documentation, that were false, fraudulent, and misleading.

38. CORNERSTONE Bank respectfully requests that this Court determine that Hecker's guarantying repayment of the DEH Funding, LLC's obligations outstanding to CORNERSTONE Bank with a present balance outstanding in excess of $3,089,833.00 be determined to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2), (4), and (6) of the Bankruptcy Code.

### III. FIRST CAUSE OF ACTION

### Title 11 U.S.C. § 523(a)(2) False Pretenses, False Representations, Actual Fraud

39. CORNERSTONE Bank realleges the allegations as contained in its Complaint, paragraphs 1 through 38.

40. CORNERSTONE Bank alleges that pursuant to Title 11 U.S.C. § 523(a)(2), Hecker has obtained money, property, services and an extension, renewal, and refinancing of credit obtained by false representations, or actual fraud including granting CORNERSTONE Bank a security interest in Hecker's stock/membership interest in HogRider Investments, Inc., refusing to deliver said certificates/shares of stock to CORNERSTONE Bank, refusing to list CORNERSTONE Bank on the corporate books and records as having a security interest in the same, and subsequently re-conveying the same to JC Bromac, all in contravention of Hecker's duties, responsibilities, warranties and representations made to CORNERSTONE Bank.

41. That due to Hecker's actions and inactions by failing to list CORNERSTONE Bank as a lienholder on his shares of stock in HogRider Investments and subsequently re-mortgaging the stock/membership interest is paramount to fraud, deceit false statements, false representations and actual fraud and constitutes embezzlement and larceny while acting in a fiduciary capacity in addition to willfully and

9

maliciously injuring CORNERSTONE Bank causing CORNERSTONE Bank damages in excess of $3.5 million.

42. That due to Hecker's other actions and inactions and use of false representations, fraud, deceit, false pretenses, false financial statements, willful and malicious injury, violations of fiduciary duties and presenting CORNERSTONE Bank with false financial statements and inducing CORNERSTONE Bank to lend money to Hecker and/or Hecker's entities, CORNERSTONE Bank has incurred damages in excess of $12,743,733.00 and such is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2)(A).

## IV.  SECOND CAUSE OF ACTION

## TITLE 11 U.S.C. §§ 523(a)(2)(B) USE OF A STATEMENT IN WRITING THAT IS MATERIALLY FALSE

43. CORNERSTONE Bank realleges paragraphs 1 through 42.

44. CORNERSTONE Bank alleges that pursuant to Title 11 U.S.C. § 523(a)(2), Hecker has obtained money, property, services, and an extension, renewal, and refinancing of credit obtained by using false financial statement respecting Hecker's financial condition reasonably relied upon by CORNERSTONE Bank causing CORNERSTONE Bank to suffer damages in excess of $12,743,733.00

45. That Hecker's obligations outstanding to CORNERSTONE Bank is the amount of $12,743,733.00 was caused by Hecker obtaining money, property and services from CORNERSTONE Bank by the use of materially false financial statements that Hecker has published and delivered to CORNERSTONE Bank and reasonably relied upon by CORNERSTONE Bank has resulted in CORNERSTONE Bank entering into a loan transactions with Hecker for an amount in excess of $12,743,733.00.

46. Based upon the foregoing, all of Hecker's obligations outstanding to CORNERSTONE Bank, a sum in excess of $12,743,733.00 should be determined to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(2)(B).

## V.  THIRD CAUSE OF ACTION

### TITLE 11 U.S.C. § 523(a)(4) FRAUD, DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY EMBEZZLEMENT AND LARCENY

47. CORNERSTONE Bank realleges paragraphs 1 through 46.

48. CORNERSTONE Bank alleges that pursuant to Title 11 U.S.C. § 523(a)(4), the Debtor committed fraud, or defalcation while acting in a fiduciary capacity and/or embezzlement or larceny by knowingly re-mortgaging and/or selling, transferring, CORNERSTONE Bank's collateral including re-pledging the same to another lender and obtaining proceeds from a loan therefrom contrary to the Debtor's obligations, duties, responsibilities, agreements, relationships, and obligations to CORNERSTONE Bank.

49. Hecker, while acting in a fiduciary capacity, has committed fraud or defalcation to CORNERSTONE Bank by granting CORNERSTONE Bank various security interests in various corporate or personal assets as referred to in this Complaint and either re-mortgaging the same or selling the same contrary to Hecker's loan agreements with CORNERSTONE Bank causing CORNERSTONE Bank damages in excess of $3,000,000.00.

50. That due to Hecker's actions, CORNERSTONE Bank has been injured in a sum in excess of $3,000,000.00.

51. Based on the foregoing, CORNERSTONE Bank represents that Hecker's obligation outstanding to CORNERSTONE Bank, a sum in excess of $3,000,000.00 is non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(4).

## VI.  **FOURTH CAUSE OF ACTION**

### **TITLE 11 U.S.C. § 523(a)(6), WILLFUL AND MALICIOUS INJURY TO CORNERSTONE Bank**

52. CORNERSTONE Bank realleges paragraphs 1 through 51.

53. CORNERSTONE Bank alleges that pursuant to Title 11 U.S.C. § 523(a)(6), that the Debtor has willfully and maliciously injured CORNERSTONE Bank by re-mortgaging CORNERSTONE Bank's collateral in contravention of the Debtor's obligations, duties, responsibilities, agreements, relationships and obligations with CORNERSTONE Bank including converting CORNERSTONE Bank's collateral.

54. CORNERSTONE Bank further alleges that the Debtor intended to willfully and maliciously injure CORNERSTONE Bank by Hecker devising a scheme and a pattern of making various representations, warranties and statements to CORNERSTONE Bank to procure funds knowing that his financial wherewithal and ability to repay indebtedness was on the verge of collapsing and willfully and intentionally either converting CORNERSTONE's collateral and engaged in a pattern of deceptive and malicious activity to induce CORNERSTONE Bank to enter into loan transactions with Hecker in an amount in excess of $12,743,733.00 which is presently due and owing.  Due to Hecker's actions and inactions, Hecker's obligations outstanding to CORNERSTONE Bank in the amount in excess of $12,743,733.00 should be determined by this Court to be non-dischargeable pursuant to Title 11 U.S.C. § 523(a)(6).

12

## **PRAYER FOR RELIEF**

**WHEREFORE**, CORNERSTONE Bank respectfully requests that this Court enter judgment in favor of CORNERSTONE Bank and against Hecker:

- a. Determining pursuant to Title 11 U.S.C. § 523(a)(2)(A) that Hecker's obligation outstanding to CORNERSTONE Bank in excess of $12,743,733.00 is non-dischargeable in Hecker's Chapter 7 bankruptcy proceeding;

- b. Determining pursuant to Title 11 U.S.C. § 523(a)(2)(B) that Hecker's obligation outstanding to CORNERSTONE Bank in excess of $12,743,733.00 is non-dischargeable in Hecker's Chapter 7 bankruptcy proceeding;

- c. Determining that pursuant to Title 11 U.S.C. § 523(a)(4), that Hecker's obligations outstanding to CORNERSTONE Bank in excess of $12,743,733.00 is non-dischargeable in Hecker's Chapter 7 bankruptcy proceedings;

- d. Determining that pursuant to Title 11 U.S.C. § 523(a)(6), that Hecker's obligations outstanding to CORNERSTONE Bank in excess of $12,743,733.00 is non-dischargeable in Hecker's Chapter 7 bankruptcy proceedings;

- e. That CORNERSTONE Bank be granted its costs, disbursements in this action;

- f. That CORNERSTONE Bank be granted its attorney's fees, if applicable;

    g.    That CORNERSTONE Bank be allowed to amend its Complaint, after completion of discovery, to allege additional causes of action;

    h.    That CORNERSTONE Bank be granted such other and further relief as this Court deems just and equitable.

Dated this 10th day of September, 2009.

/s/ Brad A. Sinclair  
Brad A. Sinclair (#0161652), of  
SERKLAND LAW FIRM  
10 Roberts Street  
PO Box 6017  
Fargo, ND  58108-6017  
(701) 232-8957  
**ATTORNEYS FOR CORNERSTONE BANK**