UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Dennis E. Hecker,<br><br>    Debtor, | Case No.: 09-50779<br>Chapter 7<br><br>Hon. Robert J. Kressel |
| Carlton Financial Corporation<br><br>    Plaintiff,<br>v.<br><br>Dennis E. Hecker,<br><br>    Defendant. | Adversary No. _____ |

**COMPLAINT TO DETERMINE
DISCHARGABILITY OF DEBT PURSUANT TO
11 U.S.C. §523(a)(2)(A) and (B)**

Plaintiff for its Complaint against Dennis E. Hecker states and alleges as follows:

1. This is a Complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a). This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. The Debtor filed his petition for relief in this Court on June 4, 2009, pursuant to Chapter 7 of the United States Bankruptcy Code.

## PARTIES

3. Plaintiff Carlton Financial Corporation ("Carlton Financial") is a Minnesota corporation with its principal place of business located at 1907 East Wayzata Boulevard, Suite 180, Wayzata, Minnesota 55391.

4. Rosedale Dodge, Inc. d/b/a Rosedale Leasing ("Rosedale Leasing") is a Minnesota corporation with its principal place of business at 500 Ford Road, Minneapolis, MN 55426.

5. Defendant Dennis E. Hecker ("Hecker"), upon information and belief, is an individual residing at Crosslake, Minnesota 55391.

6. Hecker at all times material was an officer, director of Rosedale Leasing.

7. On April 9, 2008, Carlton Financial and Rosedale Leasing entered into a Master Lease Agreement for the lease of 306 Suzuki automobiles which vehicles were to be sublet to Southwest- Tex Leasing Corp d/b/a Advantage Rent A Car.

8. As an inducement to Carlton Financial entering into the Master Lease Agreement Hecker absolutely and unconditionally guaranteed ("Guaranty") to Carlton Financial the full and prompt payment and performance when due of each and every obligation of Rosedale Leasing.

9. Prior to entering into the Guaranty Hecker prepared and delivered to Carlton Financial a personal financial statement.

10. Hecker knew that the personal financial statements provide were false and misleading in that the failed to disclose substantial contingent liabilities and encumbrances against his assets.

11. Carlton Financial reasonably relied upon the personal financial statements provided by Hecker.

12. Prior to funding the vehicles and as an inducement to entering into the Master Lease Agreement with Rosedale Leasing, Hecker delivered to Carlton Financial a copy of the American Suzuki Motors Corporation 100% Guaranteed Depreciation Program Rules ("GDP") which guaranteed the resale price of vehicles sold after they are taken out of service based upon a depreciation schedule and the capitalized cost of each vehicle purchase and placed into service by Rosedale Leasing.

13. Prior to the funding of vehicle purchases for each of the lease schedules, Hecker delivered to Carlton Financial copies of the vehicle invoices detailing the invoice amount of each vehicle to be purchased as part of the lease inventory under the Carlton Master Lease Agreement and Lease Schedules. Each invoice specifically noted in the comment section "THIS VEHICLE IS NOT ELIGIBLE FOR ANY INCENTIVES OR HOLDBACK".

14. Hecker knew that each of the vehicles to be purchased by Carlton Financial were in fact subject to Fleet incentives and willfully withheld this information from Carlton Financial.

15. Carlton Financial financed the purchase of 29 2008 Model XL-7 AWD Luxury w/Sunroof 3-row AT vehicles each with a dealer invoice of $27,319.34. The aggregate Fleet Incentive was $140,155.26 which reduce the capitalized cost of each vehicle under the Suzuki GDP program to $22,600.

16. Carlton Financial financed the purchase of 7 2008 Model XL-7 FWD Luxury W/ Sunroof 3-Row AT vehicles each with a dealer invoice of $25,985.34. The aggregate Fleet Incentive was $30,078.58 which reduced the capitalized cost of the vehicles under the Suzuki GDP program to $21,600.

3

17. Carlton Financial financed the purchase of 270 2008 Model XL-7 AWD Premium 3-row AT vehicles each with a dealer invoice of $25,887.34. The aggregate Fleet Incentive was $1,427,581.80 which reduced the capitalized cost of each of the vehicles under the Suzuki GDP program to $20,600.

18. Hecker intended that Carlton Financial rely upon the Dealer Invoices and Suzuki GDP program which he delivered to it prior to funding of the lease schedules.

19. Carlton Financial reasonably relied upon the Dealer Invoices and Suzuki GDP program delivered to it by Hecker, to its detriment.

20. The total amount of funds overpaid by Carlton Financial to Rosedale Leasing as a direct result of Hecker's fraudulent misrepresentations by concealment of material facts was $1,597,815.64.

## FIRST CLAIM
## 11 U.S.C. §523(a)(2)(A)

Plaintiffs reallege paragraphs 1 through 21 as if fully stated herein and further states and alleges as follows:

21. Hecker is an insider of Rosedale Leasing and obtained monies and extended credit under false pretenses and upon making false representations and committing actual fraud by omitting to provide material information .

22. Hecker knew that he was concealing material information from Carlton Financial regarding the Fleet Incentives and capitalized costs of the vehicles under the Suzuki GDP program.

23. Hecker intended to deceive Carlton Financial at the time he presented the dealer invoices containing a representation "THIS VEHICLE IS NOT ELIGIBLE FOR ANY INCENTIVES OR HOLDBACK."

4

24. Hecker intended to deceive Carlton Financial at the time he presented the dealer invoices by withholding material information regarding to Fleet Incentives and the capitalized cost under the Suzuki GDP program.

25. Carlton Financial has been damaged by Heckers misrepresentation and fraud in the amount of $1,597,815.64 or such other amount as proven at trial and such debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM
## 11 U.S.C. §523(a)(2)(B)

Plaintiffs reallege paragraphs 1 through 25 as if fully stated herein and further state and allege as follows:

26. That Hecker submitted personal financial statements which were materially false respecting an insider's financial condition.

27. Carlton Financial reasonably relied upon the materially false financial statements provided by Hecker.

28. That Hecker caused the materially false financial statements to be prepared and delivered to Carlton Financial with the intent to deceive Carlton Financial.

29. That Carlton Financial has been damaged in the amount of $6,426,410.64 due to Hecker's misrepresentations and such debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, Plaintiff prays for Judgment against Defendant as follows:

1. On Plaintiff's first claim a money judgment of $1,597,815.64 which judgment is nondischargeable and excluded from Defendants discharge pursuant to 11 U.S.C. § 523(a)(2)(A); and

    2.    On Plaintiff's second claim for money judgment in the amount of $6,426,410.64 and that said judgment be nondischargeable and excluded from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(2)(B); and

    3.    For such other relief as the Court deems just and fair.

MESSERLI & KRAMER P.A.

Dated: September 11, 2009.

s/ Joseph W. Lawver
Joseph W. Lawver (#151269)
Joshua A. Hasko (#303471)
MESSERLI & KRAMER P.A.
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis, Minnesota 55402-4218
Telephone: (612) 672-3600

ATTORNEYS FOR PLAINTIFFS

776721.1