UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

DENNIS E. HECKER,                                    BANKRUPTCY NO. 09-50779
                                                              CHAPTER 7

     DEBTOR.

VISIONBANK,

     PLAINTIFF,

VS.                                                           ADVERSARY NO. _____

DENNIS E. HECKER,

     DEFENDANT.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

### General Allegations

Plaintiff, for its Complaint against the Defendant, alleges as follows:

1.     This Complaint is filed under Bankruptcy Rule 7001. The action arises under 11 U.S.C. §523. The petition commencing this case was filed on June 4, 2009, and the case is now pending before the Court. The Court has jurisdiction over all issues arising hereunder pursuant to 28 U.S.C. §1334 and §157. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

2.     Plaintiff is a North Dakota banking corporation with offices at 3000 25th Street South, Fargo, North Dakota.

1

3. Defendant, Dennis E. Hecker ("Hecker") is a citizen and resident of the State of Minnesota. Hecker is the Debtor in the above-entitled Chapter 7 Bankruptcy case which he commenced on June 4, 2009.

4. Defendant is indebted to the Plaintiff on a revolving line of credit which was last renewed on February 7, 2008, for $3,000,000.00. This revolving line of credit matured February 5, 2009.

5. Defendant is also indebted to the Plaintiff on a single pay Note which originated on March 14, 2008, in the principal amount of $5,000,000.00. This Note was extended from time-to-time, the last extension being on September 26, 2008, extending the maturity date to December 5, 2008.

6. Plaintiff's loans were made to Defendant principally for business related purposes.

7. At times relevant to the subject matter of this action, and specifically in connection with the loans their renewals and extensions, Defendant made various representations and statements relating to his, and his business financial condition, orally and in writing.

### Count One

### Defendant's Indebtedness to Plaintiff is Nondischargeable Under 11 U.S.C. §523(a)(2)(A)

Plaintiff realleges the above and foregoing contents of the Complaint and further alleges as follows:

8. Defendant obtained money, property, services, or an extension, renewal, or refinancing of credit, by false pretenses, false representations or actual fraud (other

2

than a statement about the debtor's or an insider's financial condition) within the meaning of 11 U.S.C. §523(a)(2)(A).

9. Prior to making the subject loans to Defendant and renewing and/or extending them, Plaintiff made inquiry into Defendant's business operations and related matters.

10. Defendant induced Plaintiff to enter into the lending relationships upon various representations, statements, which included concealment of material facts.

11. On information and belief, during the same time frame that Defendant was representing his business status to Plaintiff, as being current, Defendant had essentially stopped making payments of principal and interest required by loan agreements with other lenders and was, in reality, out of trust to floor plan lender(s) for a significant amount.

12. As a direct result of Defendant's positive assertions, in a manner not warranted by the information available to him, and/or suppression of material facts, Plaintiff has suffered damages of $7,122.744.26, the full amount outstanding on the subject loans.

13. Defendant obtained the subject loans and/or renewed and extended them under false pretenses, false representations, and/or actual fraud as defined under N.D.C.C. § 9-03-08, thereby damaging Plaintiff for the full amount of the unpaid indebtedness.

## Count Two

**Defendant's Indebtedness to Plaintiff is Nondischargeable Under 11 U.S.C. §523(a)(2)(B)**

Plaintiff realleges the above and foregoing contents of the Complaint and further alleges as follows:

14. Defendant obtained money, property, services or an extension, renewal, or refinancing of credit from Plaintiff by use of a statement in writing that was materially false, respecting his financial condition, on which Plaintiff reasonably relied and Defendant caused to be made or published with intent to deceive, all within the contemplation of 11 U.S.C. §523(a)(2)(B).

15. Defendant provided financial statements to Plaintiff to induce Plaintiff to enter into the loans, and to renew and extend them, which were false, fraudulent and misleading.

16. Defendant knew the personal financial statements provided were false and misleading.

17. Defendant represented his business was current and had surplus inventory at a time when Defendant was not current with said floor plan lender(s) and did not have reported inventory levels and Defendant significantly understated his contingent business liabilities.

18. Plaintiff's reasonably relied upon the financial statements provided by Defendant to its detriment.

19. As a result, Plaintiff has suffered damages of $7,122,744.26, the full amount outstanding on the subject loans.

**WHEREFORE**, Plaintiff, VisionBank, requests judgment against the Defendant, Dennis E. Hecker, as follows:

A.  For a money judgment in the sum of $7,122.744.26 which includes interest up to June 4, 2009, together with Plaintiff's costs, disbursements and reasonable attorney's fees as may be awarded Plaintiff upon a determination of nondischargeability;

B.  For a determination that the liability described herein is nondischargeable under 11 U.S.C. §523(a)(2)(A) and/or §523(a)(2)(B); and

C.  For such other relief as to the Court is just.

Dated this /4th day of September, 2009.

McNAIR, LARSON & CARLSON, LTD.

By: _____
DAVID L. JOHNSON, ID #3484
51 Broadway, Suite 600
Post Office Box 2189
Fargo, North Dakota 58108
Telephone: (701) 293-9190
Attorneys for Plaintiff, VisionBank


OF COUNSEL:

MICHAEL D. MCNAIR, ID #71304
McNAIR, LARSON & CARLSON, LTD.
51 Broadway, Suite 600
Post Office Box 2189
Fargo, North Dakota 58108
Telephone: (701) 293-9190

G:\26052\Adversary Complaint.wpd