IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

IN RE:

DENNIS E. HECKER

Debtor

Case No. 09-50779

_____

GELCO CORPORATION, D/B/A GE FLEET
SERVICES, a Delaware corporation,

         Plaintiff,

   v.

DENNIS E. HECKER,

Defendant.

Adv. No. _____.

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(B).

Plaintiff GE Fleet Corporation, d/b/a/ GE Fleet Services ("GE Fleet"), brings this Complaint against Dennis E. Hecker ("Hecker") in order to obtain a determination that certain debts owed by Hecker to GE Fleet are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) because Hecker obtained credit from GE Fleet by intentionally using materially false statements respecting Debtor's financial condition. In support of this Complaint, GE Fleet alleges as follows:

4821-3128-6276.1

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because this is a civil proceeding that arises under 11 U.S.C. § 523(a)(2)(B).

2.      This is a core proceeding that may be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)(I) because this Complaint seeks a determination as to the dischargeability of certain debts.

3.      Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1409(a) because this proceeding arises under 11 U.S.C. § 523(a)(2)(B) and Hecker's bankruptcy case is pending in this district.

## PARTIES

3.      GE Fleet is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota.

4.      Dennis E. Hecker is, on information and belief, a Minnesota resident residing in Crossland, Minnesota.

4821-3128-6276.1

## FACTUAL BACKGROUND

A.    **GE Fleet Lease**

5.    GE Fleet is engaged, among other things, in the business of leasing vehicles to businesses.

6.    On January 12, 2007 GE Fleet entered into a Master Lease Agreement (the "Lease") with Southwest-Tex Leasing Co., Inc., Rosedale Dodge, Inc. and Rosedale Leasing LLC pursuant to which GE Fleet leased in excess of 600 vehicles to Southwest-Tex Leasing Co., Inc. A true and correct copy of the Lease is attached hereto as Exhibit A.

7.    Through the Lease, each Lessee agreed to pay GE Fleet, inter alia, specified rental charges for the Vehicles.

8.    On January 12, 2007, in order to induce GE Fleet to enter into the Lease, Hecker executed a Personal Guaranty Agreement ("Lease Guaranty") in favor of GE Fleet. A true and correct copy of the Lease Guaranty is attached hereto as Exhibit B.

9.    Pursuant to the Lease Guaranty, Hecker unconditionally guaranteed the payment to GE Fleet of all debts, obligations and liabilities of Lessees existing and arising from and after January 12, 2007 under the Lease.

10.    Prior to entering into the Lease Guaranty, Hecker prepared and delivered to GE Fleet a written personal financial statement (the "Lease Guaranty Financial Statement").

11.    Hecker knew that the Lease Guaranty Financial Statement was materially false and misleading in that it failed to disclose a material amount of contingent liabilities that Hecker owed to other creditors.

12.    GE Fleet reasonably relied upon the Lease Guaranty Financial Statement.

13.     The Lease is in default and, as of the date that Hecker filed his voluntary petition for relief in this Court on June 4, 2009 (the "Filing Date"), $3,813,695 was due and owing to GE Fleet under the Lease and the Lease Guaranty.

**B.      GE Fleet Airplane Financings**

14.     On August 22, 2007, VFS Financing, Inc. made a $12,800,000 loan (the "Den-Star Loan") to Den-Star of Minnesota LLC ("Den-Star"). The Den-Star Loan is evidenced by, inter alia, (i) a Promissory Note (the "Den-Star Note") dated as of August 22, 2007 in the original principal amount of $12,800,000; and (ii) an Aircraft Security Agreement (the "Den-Star Security Agreement) dated as of August 22, 2007 by and between Den-Star and VFS Financing, Inc. (collectively, the Den-Star Note and the Den-Star Security Agreement, together with all ancillary documents shall be referred to hereinafter as the "Den-Star Loan Documents"). True and correct copies of the Den-Star Note and the Den-Star Security Agreement are attached hereto as Exhibit C.

15.     In order to induce VFS Financing, Inc. to make the Den-Star Loan, Hecker executed an Individual Guaranty Agreement (the "Den-Star Guaranty") in favor of VFS Financing, Inc. A true and correct copy of the Den-Star Guaranty is attached hereto as Exhibit D.

16.     Pursuant to the Den-Star Guaranty, Hecker unconditionally guaranteed the payment to VFS Financing, Inc. of all debts, obligations and liabilities of Den-Star existing and arising under the Den-Star Loan Documents.

17.     Prior to entering into the Den-Star Guaranty, Hecker prepared and delivered to VFS Financing, Inc. a written personal financial statement (the "Den-Star Guaranty Financial Statement").

4821-3128-6276.1

18.     Hecker knew that the Den-Star Guaranty Financial Statement was materially false and misleading in that it failed to disclose a material amount of contingent liabilities that Hecker owed to other creditors.

19.     VFS Financing, Inc. reasonably relied upon the Den-Star Guaranty Financial Statement.

20.     VFS Financing, Inc. transferred and assigned the Den-Star Loan Documents to GE Fleet and GE Fleet is the holder of each of the Den-Star Loan Documents.

21.     The Den-Star Loan is in default and, as of the Filing Date, $1,102,658.36 in principal (exclusive of accrued, unpaid interest fees and costs) was due and owing to GE Fleet under the Den-Star Loan Documents.

22.     On November 9, 2007, VFS Financing, Inc. agreed to make a loan to JAA 2011 L.L.C. (the "JAA 2011 Financing"). The JAA 2011 Financing is evidenced by, inter alia, an Interim Finance Agreement (together with all ancillary documents, the "JAA 2011 Loan Documents"). A true and correct copy of the Interim Financing Agreement is attached hereto as Exhibit E.

23.     In order to induce VFS Financing, Inc. to extend the JAA 2011 Financing, Hecker executed an Individual Guaranty Agreement (the "JAA 2011 Guaranty") in favor of VFS Financing, Inc. A true and correct copy of the JAA 2011 Guaranty is attached hereto as Exhibit F.

24.     Pursuant to the JAA 2011 Guaranty, Hecker unconditionally guaranteed the payment to VFS Financing, Inc. of all debts, obligations and liabilities of JAA 2011 existing and arising under the JAA 2011 Loan Documents.

4821-3128-6276.1

25.     Prior to entering into the JAA 2011 Guaranty, Hecker prepared and delivered to VFS Financing, Inc. a written personal financial statement (the "JAA 2011 Guaranty Financial Statement").

26.     Hecker knew that the JAA 2011 Guaranty Financial Statement was materially false and misleading in that it failed to disclose a material amount of contingent liabilities that Hecker owed to other creditors.

27.     VFS Financing, Inc. reasonably relied upon the JAA 2011 Guaranty Financial Statement.

28.     VFS Financing, Inc. transferred and assigned the JAA 2011 Loan Documents to GE Fleet and GE Fleet is the holder of each of the JAA 2011 Loan Documents.

29.     The JAA 2011 Financing is in default and, as of the Filing Date,  $12,380,049.18 in principal (exclusive of accrued, unpaid interest, fees and costs) was due and owing to GE Fleet under the JAA 2011 Loan Documents.

### C.     FIRST CLAIM FOR RELIEF
### (Determination of Non-Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(B) Respecting the Lease

30.     GE Fleet realleges and incorporates herein by this reference Paragraphs 1 through and including 29 of this Complaint.

31.     Through the Lease Guaranty Financial Statement, Hecker submitted a materially false written statement to GE Fleet.

32.     The materially false written statement delivered to GE Fleet was respecting Hecker's financial condition.

33.     Hecker is liable to GE Fleet pursuant to the Lease Guaranty

4821-3128-6276.1

6

34.     In extending credit pursuant to the Lease, GE Fleet reasonably relied upon the materially false Lease Guaranty Financial Statement that Hecker delivered to GE Fleet.

35.     Hecker caused the Lease Guaranty Financial Statement, to be published with the intent to deceive.

36.     As of the Filing Date, GE Fleet has been damaged in the amount of $3,813,695 due to Hecker's misrepresentation and such debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

**D.      SECOND CLAIM FOR RELIEF**

**(Determination of Non-Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(B) Respecting the Den-Star Loan**

37.     GE Fleet realleges and incorporates herein by this reference Paragraphs 1 through and including 29 of this Complaint.

38.     Through the Den-Star Guaranty Financial Statement, Hecker submitted a materially false written statement to GE Fleet's predecessor in interest, VFS Financing, Inc.

39.     The materially false written statement delivered to GE Fleet's predecessor in interest, VFS Financing, Inc., was respecting Hecker's financial condition.

40.     Hecker is liable to GE Fleet pursuant to the Den-Star Guaranty.

41.     In extending credit pursuant to the Den-Star Loan Documents, GE Fleet's predecessor in interest VFS Financing, Inc. reasonably relied upon the materially false Den-Star Guaranty Financial Statement that Hecker delivered to GE Fleet's predecessor in interest, VFS Financing, Inc.

35.     Hecker caused the Den-Star Guaranty Financial Statement to be published with the intent to deceive.

4821-3128-6276.1

36.    As of the Filing Date, GE Fleet has been damaged in the amount of at least $1,102,658.36 plus accrued, unpaid interest fees and costs due to Hecker's misrepresentation and such debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

E.    **THIRD CLAIM FOR RELIEF**

**(Determination of Non-Dischargeability of Debts Pursuant to 11 U.S.C. 523(a)(2)(B) Respecting the JAA 2011 Financing**

37.    GE Fleet realleges and incorporates herein by this reference Paragraphs 1 through and including 29 of this Complaint.

38.    Through the JAA Guaranty Financial Statement, Hecker submitted a materially false written statement to GE Fleet's predecessor in interest, VFS Financing, Inc.

39.    The materially false written statements delivered to GE Fleet's predecessor in interest, VFS Financing, Inc., were respecting Hecker's financial condition.

40.    Hecker is liable to GE Fleet pursuant to the JAA 2001 Guaranty.

41.    In extending credit pursuant to the Lease the JAA 2011 Loan Documents, GE Fleet's predecessor in interest VFS Financing, Inc. reasonably relied upon the materially false JAA 2011 Guaranty Financial Statement that Hecker delivered to GE Fleet's predecessor in interest, VFS Financing, Inc.

35.    Hecker caused the JAA 2011 Guaranty Financial Statement to be published with the intent to deceive.

36.    As of the Filing Date, GE Fleet has been damaged in the amount of at least $12,380,049.18 plus accrued, unpaid interest fees and costs due to Hecker's misrepresentation and such debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

WHEREFORE, GE Fleet prays that the Court:

4821-3128-6276.1

8

A.     On the First Claim For Relief, enter its judgment against Dennis E. Hecker in the amount to be proved at trial and declaring such debt to be non-dischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

B.     On the Second Claim For Relief, enter its judgment against Dennis E. Hecker in the amount proved at trial and declaring such debt to be non-dischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

C.     On the Third Claim For Relief, enter its judgment against Dennis E. Hecker in the amount proved at trial and declaring such debt to be non-dischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

Dated this 14th day of September, 2009.

GELCO CORPORATION D/B/A GE FLEET
SERVICES, Plaintiff


By: /s/ Joseph W. Lawver
     Joseph W. Lawver (#151269)
     Joshua A. Hasko (#303471)
     MESSERLI & KRAMER
     1800 Fifth Street Towers
     150 South Fifth Street
     Minneapolis, Minnesota  55402
     Telephone:  (612) 672-3698
     Facsimile:  (612) 672-3777


Attorneys for Gelco Corporation d/b/a GE Fleet
Services

4821-3128-6276.1