# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |
| Randall L. Seaver, Trustee, | Adv. Case No.: 09-5___ |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Jacob Holdings of Ventanas LLC, Jacob Properties of Minnesota LLC, Wells Fargo Bank, Cornerstone Bank, and Chrysler Financial Services Americas, LLC, | |
| Defendants. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Defendants Jacob Holdings of Ventanas, LLC ("**Ventanas**"), Jacob Properties of Minnesota LLC ("**JPM**"), Wells Fargo Bank ("**Wells Fargo**"), Cornerstone Bank ("**Cornerstone**"), and Chrysler Financial Services Americas, LLC ("**Chrysler**") (collectively, "**Defendants**") states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

5. Ventanas is owned by JPM, which is substantially owned or controlled by the Debtor.

6. Ventanas does not operate as a business, but simply nominally holds real estate for the benefit of the Debtor.

7. On information and belief, all of the costs of operation for Ventanas were funded by the Debtor, not its own operations.

8. Debtor has testified that the purpose of JPM and Ventanas, as well as other limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

9. Ventanas is the owner of Unit 103, Sur del Area Privativa Fase III del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "**Real Estate**"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso resort.

10. Debtor has testified that the only purpose of Ventanas was to hold the Real Estate for Debtor.

11. Prior to April 29, 2009, the Real Estate was not subject to a mortgage or other encumbrance of any kind in favor of Wells Fargo or any other creditor or to secure the Loans or any other debt.

12. Wells Fargo extended credit to Debtor and Ventanas on or about December 10, 2007 in the amounts of (i) $1,000,000 and (ii) $550,000 (collectively, the "**Loans**").

13. On or about February 25, 2009, Ventanas and Debtor executed a Repayment and Forbearance Agreement (the "**Forbearance Agreement**") under which Wells Fargo agreed to forbear from enforcing its rights under the Loans against Debtor and Ventanas.

14. On or about April 29, 2009, in accordance with the terms of the Forbearance Agreement, Ventanas executed a Letter of Instructions by which Ventanas, acting in its capacity as beneficiary under the Trust ownership of the Real Estate, instructed its fiduciary delegate to grant a first priority mortgage (the "**Wells Fargo Mortgage**") against the Real Estate securing the amount of $651,330.29, which was the amount allegedly owing Defendant Wells Fargo under the Loans pursuant to the Forbearance Agreement. On information and belief, the Wells Fargo Mortgage was not recorded until after this bankruptcy was commenced, if at all. The grant of the Wells Fargo Mortgage is referred to as "**Transfer 1**."

15. At the time of the Transfer 1, Debtor was insolvent.

16. At the first meeting of creditors held on July 15, 2009 (the "**Creditors Meeting**"), Debtor testified, with respect to all of his limited liability companies that, "[a]ll of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside."

17. Debtor further testified at the Creditors Meeting that, with regard to who paid expenses related to the Real Estate, "[i]t was me through [Ventanas]."

18. Debtor further testified at the Creditors Meeting that, with regard to the Real Estate, "[t]here is no mortgage."

19. Ventanas is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result in substantial unfairness to the creditors of this estate.

20. Debtor is simply dealing with his own property through Ventanas as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, and defeat strong equitable claims.

21. The Wells Fargo Mortgage constituting the Mortgage Transfer was not executed by an individual with property authority to affect the Mortgage Transfer in that the signator, Erik Dove, lacked proper authority to bind Ventanas.

22. The recording of the Wells Fargo Mortgage, if all, is "**Transfer 2**" (Transfer 1 and Transfer 2 are referred to herein as the "**Transfers**".)

23. Defendants Cornerstone and Chrysler claim to be secured creditors of Debtor and may claim a lien a Debtor's membership interest in Ventanas or JPM.

## COUNT I - DECLARATORY RELIEF

24. Plaintiff realleges the foregoing Paragraphs of his Adversary Complaint.

25. Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that:

   a. The Debtor and Ventanas are alter egos and that the assets of Ventanas were truly property of the estate at all times material herein;

   b. The corporate fiction of Ventanas should be disregarded for purposes of this bankruptcy case;

   c. That the signature(s) on the Wells Fargo Mortgage were either undertaken on an ultra vires basis (if the corporate formality were to be honored) or were ineffective to transfer an interest of the Debtor in the real estate; and,

   d. That the alleged liens of Cornerstone and Chrysler do not attach to the Real Estate.

## COUNT II – U.S.C. §548 (FRAUDULENT TRANSFER)

26. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

27. Pursuant to 11 U.S.C. §548, the Trustee seeks avoidance of Transfer 1 and recovery from Defendant Wells Fargo of Transfer 1 or to obtain a judgment in the amount of the value of Transfer 1, together with prejudgment interest.

### COUNT III – UNAUTHORIZED TRANSFER

28. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

29. The Trustee has, as of the commencement of this case, the rights and powers of a bona fide purchaser under 11 U.S.C. § 544(a)(3).

30. The Trustee's interest in the Real Estate is prior and superior to any interest held by Defendants in the Real Estate since Transfer 2 did not occur, if at all, until after the commencement of the bankruptcy case.

31. Neither the Trustee nor the Court authorized Transfer 2.

32. Transfer 2 is avoidable pursuant to 11 U.S.C. §§544 and 549.

33. The Trustee is entitled to recover Transfer 2 or the value of Transfer 2 from Defendant Wells Fargo pursuant to 111 U.S.C. § 550.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against the Defendants as follows:

1. Pursuant to Count I, determining that: (a) the corporate fiction of Ventanas be disregarded and that Ventanas's assets are assets of this estate, (b) that Transfer 1 is ineffective as lacking proper corporate authorization, and (c) that the alleged liens of Cornerstone and Chrysler do not attach to the Real Estate.

2. For judgment under Count II and Count III, avoiding Transfer 2, ordering a recovery of Transfer 2 or the value thereof, and awarding a judgment in an amount to be proven at trial together with interest thereon.

5

    3.    Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: September 16, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

407083