## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:  BKY No.: 09-50779

Dennis E. Hecker,  Chapter 7

       Debtor.

---

### NOTICE OF HEARING AND MOTION OBJECTING TO CLAIMED EXEMPTIONS
---

TO:    The Debtor and other entities specified in Local Rule 9013-3.

    1.    Randall L. Seaver, the duly appointed Chapter 7 trustee herein ("**Trustee**") moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 9:30 a.m. on October 28, 2009, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    Any response to this motion must be filed and served by delivery not later than October 23, 2009 which is three days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or filed and served by mail not later than October 19, 2009 which is seven days before the time set for the hearing (excluding Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. This Chapter 7 case was commenced on June 4, 2009.  The first meeting of creditors was originally scheduled for July 15, 2009.  The time for the Trustee to object to exemptions was extended by Stipulation and Order through September 30, 2009.  The Debtor filed an Amended Schedule C

on August 21, 2009. The Debtor filed a Second Amended Schedule C on September 1, 2009. The case is now pending in this Court.

5.  This motion arises under 11 U.S.C. §522, Bankruptcy Rule 4003 and Local Rule 4003-1(a). This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 and 9013-2.

6.  Attached hereto as Exhibit A is a true and correct copy of Debtor's Second Amended Schedule C.

7.  Objection is made to the Debtor's claimed exemption of a piano because the statute upon which he relies, Minn. Stat., §550.37(2) has been held to be unconstitutional. *In re Hilary*, 76 B.R. 683 (Bankr. D. Minn. 1987).

8.  Objection is made to the Debtor's claimed exemption of "household goods and furnishings" under Minn. Stat. §550.37 Subd. 4(b). The objection is made because that statute does not provide an exemption for "household goods and furnishings." Rather, it provides an exemption for "household furniture, household appliances, phonographs, radio and television receivers." The claimed exemption of those specified items is limited to $9,450. The claimed exemption by the Debtor of "household goods and furnishings" creates a purported exemption which does not exist under the statute. Objection to this claimed exemption is also made because there is no specificity in the items being claimed as exempt. Neither the Trustee nor this court could possibly tell what items are being claimed exempt as "household goods and furnishings." Finally, objection to the claimed exemption is made in order to assure that the value of the items claimed as exempt is limited to the items, if any, which are ultimately exempted, are limited to a value of $9,450 and that all value in excess of those amounts remains property of the bankruptcy estate. Debtor has provided the Trustee with, but has not filed with the Court, a list of some

2

specific items which he apparently believes to be included in the exemption. A copy of the transmittal letter and list of items is attached hereto as Exhibit B. The Trustee requested further specificity from the Debtor as to the components of the "misc. artwork and home accessories" and "misc. household tools and sport equipment." A copy of the Trustee's letter requesting that specific specificity is attached hereto is attached hereto as Exhibit C.

      9.      Objection is made to the claimed exemption of a wedding ring to assure that the claimed exemption entitles the Debtor only to receive $1,225 upon the Trustee's liquidation of the ring, and to further assure that all value in excess of that amount, together with the ring itself, remain property of the bankruptcy estate.

      10.      Objection is made to the claimed homestead exemption for two reasons. First, the Trustee does not believe that the Debtor actually occupied the claimed homestead on the date of filing as required to claim such an exemption pursuant to Minnesota law. Second, objection is made to this claimed exemption to assure that the Debtor is entitled only to $330,000 of equity as a result of the claimed exemption, and to assure that all value in excess of that amount remains property of the bankruptcy estate.

      11.      Objection is made to the Debtor's claimed exemption under Minn. Stat. §550.37(23) of an insurance policy. The Trustee cannot ascertain what policy is being claimed as exempt by the Debtor. Further, objection is made to assure that only one policy is being claimed as exempt, and that the claimed exemption entitles the Debtor only to receive $8,400 upon the Trustee's liquidation of the policy, and to assure that any additional surrender value of the policy, together with the policy itself, remain property of the bankruptcy estate.

      WHEREFORE, the Trustee requests an Order of the Court as follows:

      1.      Denying the Debtor's claimed exemption of a piano.

3

2.       Denying the Debtor's claimed exemption of one-half interest in household goods and furnishings and requiring that any amended claim of exemption of such items be made with specificity.

3.       Holding that the claimed exemption of a wedding ring entitles the Debtor to receive $1,225 upon the Trustee's liquidation of the ring, and holding that the ring itself and all ring equity in excess of $1,225 remain property of the estate.

4.       Denying the Debtor's claimed homestead exemption.

5.       Holding that the claimed insurance policy exemption entitles the Debtor to receive $8,400 upon the Trustee's liquidation of the insurance policies, and to assure that the additional surrender value of the policies together with the policies themselves, remain property of the bankruptcy estate.

                                          **LEONARD, O'BRIEN**
                                          **SPENCER, GALE & SAYRE, LTD.**

                                            /e/ Matthew R. Burton

Dated: September 24, 2009        By_____
                                            Matthew R. Burton, #210018
                                            Attorneys for Randall L. Seaver, Trustee
                                            100 South Fifth Street, Suite 2500
                                            Minneapolis, Minnesota 55402-1234
                                            (612) 332-1030

## **VERIFICATION**

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on September 24, 2009          _____
                                         Randall L. Seaver

B6C (Official Form 6C) (12/07)

In re  Dennis E. Hecker  
                Debtor(s)  
Case No.  09-50779

# AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  
(Check one box)  
☐ 11 U.S.C. §522(b)(2)  
☒ 11 U.S.C. §522(b)(3)

☒ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| 11700 Cross Avenue, Crosslake, MN (tax legal description - That part of Lot 2, Block 2, Cross Lake Homesites, lying Easterly of the following described line: commencing at the Southeast corner of said Lot 2, thence North 81 degrees 39 minutes 23 seconds West, assumed bearing, along the South line of said Lot 2 for a distance of 60.38 feet to the point of beginning, according to the recorded plat thereof, Crow Wing County, Minnesota) (Titled of record in name of Jacob Holdings of Crosslake, LLC.) | Minn. Stat. §§ 510.01, 510.02 Reverse pierce of property titled to Jacob Holdings of Cross Lake, LLC, pursuant to Cargill, Inc. v. Hedge, 372 N.W.2d 477 (Minn. 1985) | $330,000.00 $0.00 | $3,983,000.00 |
| ~~11706 Cross Avenue, Crosslake, MN (tax legal description - Those parts of Lots 3 & 4, Block 2, Security Interest Cross Lake Homesites, lying Easterly of the following described line: commencing at the Southwest corner of said Lot 4, thence North 89 degrees 41 minutes, 32 seconds East, assumed bearing, along the South line of said Lot 4 for a distance of 55 feet to the point of beginning, according to the recorded plat thereof, Crow Wing County, Minnesota) (Titled of record in name of Jacob Holdings of Crosslake, LLC. Debtor asserts ownership interest through reverse piercing claim.)~~ | | ~~$0.00~~ | ~~3,983,000.00~~ |
| **Household Goods and Furnishings** | | | |
| 1/2 interest in Household Goods and Furnishings located at ~~11706~~ 11700 Cross Ave., Crosslake, MN 56442. | Minn. Stat. § 550.37(4)(b) | 9,450.00 | 15,715.00 |
| **Wearing Apparel** | | | |
| Debtor's Clothing | Minn. Stat. § 550.37(4)(a) | 25,000.00 | 25,000.00 |
| **Furs and Jewelry** | | | |
| Wedding Ring (See Exhibit B (7)) | Minn. Stat. section 550.37, subd. 4(c) | 1,225.00 | 24,000.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 1985 Kawai Baby Grand Piano (Hunter) | Minn. Stat. § 550.37(2) | 1,500.00 | 1,500.00 |

Schedule of Property Claimed as Exempt consists of 2 total page(s)

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy



Form B6C
(04/07)

## AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in Insurance Policies** | | | |
| See Exhibit B (9) attached hereto. Some policies held by trusts. Records seized by debtor believes one policy has cash surrender value. | Minn. Stat. § 550.37(23) | 8,400.00 | 12,000.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| UBS Financial Services, Inc. (xxxxx8133) - IRA - ending balance as of 12/31/08 - records seized. | 11 U.S.C. § 522(b)(3)(C) | 58,150.41 | 58,150.41 |
| IRA with Pershing, LLC (approx. value) | Minn. Stat. § 550.37(24) | 58,220.11 | 58,220.11 |
| | Total: | **491,945.52**<br>~~161,945.52~~ | 4,177,585.52 |

Sheet 2 of 2 total sheets in Schedule of Property Claimed as Exempt



Direct Dial: 612.492.7167
Email: cmoyer@fredlaw.com

September 1, 2009

**Via Email**
Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

    Re:    **Dennis E. Hecker**
              **Bankruptcy Case No. 09-50779**

Dear Mr. Burton:

    Enclosed please find a list of the household items that the Debtor is claiming as exempt under Minn. Stat. § 550.37. Please feel free to contact me with any questions or concerns.

                              Very truly yours,

                              Cynthia A. Moyer

cc:    Randall Seaver

4613634_1.DOC

Attorneys & Advisors / Fredrikson & Byron, P.A.
main 612.492.7000 / 200 South Sixth Street, Suite 4000
fax 612.492.7077 / Minneapolis, Minnesota
www.fredlaw.com / 55402-1425

MEMBER OF THE WORLD SERVICES GROUP
A Worldwide Network of Professional Service Providers

OFFICES:
Minneapolis / Bismarck / Des Moines / London / Monterrey, Mexico / Shanghai



EXHIBIT B

## HOUSEHOLD EXEMPT INVENTORY

| Category | Description | Value |
|---|---|---|
| Gym | Treadmill Life Fitness 95TI | |
| (All 3 years old) | Life Stride Total Body Trainer | |
| | Stairmaster bike | |
| | Massage table | |
| | Hoist bench/free weights, dumbell | |
| Total of Gym Items | | $1,500 |
| | | |
| Kitchen/Household | Plates (dinner, salad) | |
| (All 3 years old) | Bowls | |
| | Coffee cups | |
| | Glassware | |
| | Wine glasses | |
| | Lowball glasses | |
| | Utensils | |
| | Silverware | |
| | Pots | |
| | Baking pans | |
| | Mixing bowls | |
| | Cookware | |
| | Toaster | |
| | Fryer | |
| | Crockpots | |
| | Coffeemaker | |
| | BBQ | |
| | Barstools | |
| | 6 Stools/Chairs | |
| | Knives, kitchen set | |
| | Linens (4 sets of sheets) | |
| | Towels (4x4 bath, 4x4 wash cloth, 4x4 hand towel) | |
| Total of Kitchen/Household | | $250 |
| | | |
| Miscellaneous | Jukebox | 500 |
| Total Miscellaneous | | $500 |
| | | |
| Outdoor Furniture | Lawn Furniture/Outdoor Furniture | 800 |
| Total Outdoor Furniture | | $800 |
| | | |
| Interior Furniture | Misc artwork and home accessories | 900 |
| | Misc household tools and sports equipment | 500 |
| | Great Room Furniture | 2,000 |
| | Dining Room Table and 8 chairs | 1,500 |
| | Master Bedroom Furniture | 1,500 |
| Interior Total | | $6,400 |
| | | |
| GRAND TOTAL | | $9,450 |



# Fredrikson
### & BYRON, P.A.

Cynthia A. Moyer
612.492.7167
cmoyer@fredlaw.com

September 11, 2009

VIA EMAIL
Randall L. Seaver
United States Chapter 7 Panel Trustee
Portland Corporate Center
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337

Re:  Dennis E. Hecker
     Bky No. 09-50779

Dear Mr. Seaver:

Thank you for your letter dated September 10, 2009, which I received today. Regarding the "miscellaneous artwork and home accessories" and the "tools and sports equipment" claimed by Mr. Hecker on his list of household exempt inventory, he is claiming all of the items at the Cross Lake home that fall into those categories. With regard to the artwork and home accessories, this includes things like lamps, throw rugs, coasters, placemats, pictures and frames, paperweights, and other knick-knacks and decorative items, as well as wall-hangings, vases, and the like.

Please feel free to contact me with any questions or concerns.

Very truly yours,

*Cynthia Moyer*

Cynthia A. Moyer

cc:  Matthew R. Burton
     Dennis E. Hecker
     Clinton E. Cutler
4618097_1.DOC

Attorneys & Advisors / Fredrikson & Byron, P.A.
main 612.492.7000 / 200 South Sixth Street, Suite 4000
fax 612.492.7077 / Minneapolis, Minnesota
www.fredlaw.com / 55402-1425

MEMBER OF THE WORLD SERVICES GROUP       OFFICES:
A Worldwide Network of Professional Service Providers   Minneapolis / Bismarck / Des Moines / London / Monterrey, Mexico / Shanghai



EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                          BKY No.: 09-50779

Dennis E. Hecker,                                               Chapter 7

        Debtor.

### MEMORANDUM IN SUPPORT OF OBJECTION TO EXEMPTION

This memorandum is submitted in support of the Trustee's objection to the Debtor's claimed exemption.

### LEGAL ARGUMENT

**1.    The Debtor's claimed exemption of a piano should be denied.**

The exemption should be denied because the statute, Minn. Stat. §550.37(2) has been held to be unconstitutional. *In re Hilary*, 76 B.R. 683 (Bankr. D. Minn. 1987).

**2.    "Household Goods and Furnishings."**

Minn. Stat. §550.37(4)(b) states as follows:

> Household furniture, household appliances, phonographs, radio and television receivers of the debtor and the debtors' family, not exceeding $4,500 in value. (The adjusted limit is $9,450).

This exemption is referred to in the Debtor's schedules as "household goods and furnishings." However, the exemption is only applicable to household furniture, household appliances, phonographs, radio and television receivers. The statute does not include any exemption for wall hangings, gym equipment or tools and sports equipment. Nonetheless, it appears from correspondence from the Debtor's attorney to the Trustee, that the Debtor is attempting to exempt such items although they are not specifically identified. The exemption claimed by the Debtor of "household goods and furnishings" is a misstatement of the statute as it does not cover

all "goods and furnishings." Further, neither the trustee nor this court can possibly tell what items are being lumped by the Debtor into this category.

The Debtor's non-specificity in the claimed exemptions, could, without this objection by the trustee, result in the Debtor retaining ownership of items not actually scheduled and having values far in excess of that which he could claim as exempt. This claimed exemption should be denied. The Debtor should be required to file an amended Schedule C stating, with specificity, the items that he seeks to claim as exempt under this section.

### 3. Wedding ring exemption.

Objection is made to this claimed exemption to assure that all value of the ring in excess of $1,225 together with the ring itself, remains property of the bankruptcy estate.

### 4. Insurance policy exemption.

Objection to this claimed exemption is made because the Trustee cannot determine what policy is being claimed as exempt, whether it is only one policy claimed as exempt, and the value of that policy. The Debtor should be required to state with specificity the policy and policy number being claimed as exempt, together with the actual value of that policy.

### 5. Homestead exemption.

Objection has first been made because it does not appear that the Debtor actually occupied the claimed homestead. It appears that the Debtor began staying intermittently at the Crosslake property claimed as exempt after this bankruptcy case was commenced. The Debtor continued to work at and physically go to his office in the Twin Cities for most of the summer, when he wasn't traveling to Hawaii or other places. In order to claim a property as a homestead, there must be actual occupancy. *In re Smoinikar,* 200 B.R. 640 (Bankr. D. Minn. 1996). Here the Debtor did not actually "occupy" the purported homestead on the date of filing. He had mere possession of it. In fact, correspondence sent to one of the Crosslake addresses was returned because there was no mail box at the address. It does not appear the Debtor actually occupied the property but would merely spend a few days there from time to time.

Objection is made to the claimed homestead exemption for two reasons. First, the Trustee does not believe that the Debtor actually occupied the claimed homestead on the date of filing as required to claim such an exemption pursuant to Minnesota law. Second, objection is made to this claimed exemption to assure that the Debtor is entitled only to $330,000 of equity as a result of the claimed exemption, and to assure that all value in excess of that amount remains property of the bankruptcy estate.

## CONCLUSION

The Debtor's claimed exemption of a piano, "household goods and furnishings," and the claimed homestead should be denied. The claimed exemption of a wedding ring and insurance policy should be limited as indicated.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: September 24, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

409570

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

----------------------------------------------

BKY No. 09-50779

In re:

                                                                                                                        Chapter 7

Dennis E. Hecker,

              Debtor.

----------------------------------------------

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2009, I caused the following documents:

    *Notice of Hearing and Motion Objecting to Claimed Exemptions, Memorandum in Support of Objection to Exemption and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

| | |
|---|---|
| Dennis E. Hecker<br>P.O. Box 1017<br>Crosslake, MN 56442 | Nicholas N. Nierengarten<br>Gray, Plant, Mooty & Bennett<br>80 South Eighth Street, Suite 500<br>Minneapolis, MN 55402 |
| Michael B. Lubic<br>Sonnenschein Nath & Rosenthal LLP<br>601 S Figueroa St Ste 2500<br>Los Angeles, CA 90017-5704 | Michael W. Malter<br>Binder & Malter LLP<br>2775 Park Avenue<br>Santa Clara, CA 95050 |

                                                                              /e/ Stephanie Wood

Dated: September 24, 2009                                _____
                                                                              Stephanie Wood
                                                                              100 South Fifth Street, Suite 2500
                                                                              Minneapolis, MN 55402
                                                                              (612) 332-1030

409674

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                      BKY No.: 09-50779

Dennis E. Hecker,                                                   Chapter 7

            Debtor.

## ORDER

The above matter is before the court on the objection of the Chapter 7 Trustee to exemptions.

Based upon the motion and the files,

IT IS HEREBY ORDERED:

That the Trustee's objection is sustained and

1.     The Debtor's claimed exemption of a piano is denied.

2.     The Debtor's claimed exemption of "household goods and furnishings" is denied.

3.     The Debtor's claimed $1,225 exemption of a wedding ring entitles the Debtor only to receive $1,225 upon the Trustee's liquidation of the ring.

4.     The claimed homestead exemption is denied.

5.     The Debtor shall only receive $8,400 upon the Trustee's liquidation of the insurance policy, and additional surrender value of the policy, together with the policy itself, remains property of the bankruptcy estate.

**BY THE COURT:**

Dated: _____, 2009           _____

                                                                         Robert J. Kressel
                                                                         U.S. Bankruptcy Judge

409566