## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker,                                                            BKY No. 09-50779

        Debtor.

---

## NOTICE OF HEARING AND MOTION TO COMPEL DEBTOR
## TO FILE COMPLETE AND ACCURATE SCHEDULES

---

TO:    ENTITIES SPECIFIED IN LOCAL RULE 9013-3

    1.    Randall L. Seaver, the Chapter 7 Trustee herein ("**Trustee**"), moves the Court for the relief request below and gives Notice of hearing herewith.

    2.    The Court will hold a hearing on this motion at 3:00 p.m. on October 7, 2009, in Courtroom 8 West, before the Honorable Robert J. Kressel, Federal Building, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel can be heard.

    3.    Any response to this Motion must be filed and served by delivery no later than October 2, 2009, which is three (3) days before the above date (excluding Saturdays, Sundays and holidays), or be filed and served by mail not later than September 28, 2009, which is seven (7) days before the date set for the hearing (excluding Saturdays, Sundays and holidays) in accordance with Local Rules.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  The petition commencing this chapter 7 case was filed on June 4, 2009.  The case is now pending in this court.

5.      This Motion arises Bankruptcy Rule 1009(a) and is filed under Bankruptcy Rule 9014 and Local Rule 9013-5.  The Trustee requests an order requiring the Debtor to file amended schedules and statement of financial affairs pursuant to 11 U.S.C. §521 and Rule 1007(b).

6.      Debtor filed his original bankruptcy schedules and statement of financial affairs on or about July 1, 2009 (Docket entry 63).  Debtor amended his Schedule A and C on or about August 21, 2009 (Docket entry 134), and filed amended schedules and an amended statement of financial affairs on or about September 1, 2009 (Docket Entry 148).

7.      The Trustee believes that the Debtor's schedules and statement of financial affairs are incomplete and inaccurate and requests an order requiring that at the Debtor comply with his duties under 11 U.S.C. §521 and Bankruptcy Rule 1007(b).

8.      There are errors and omissions in Debtor's filings which include, but are not limited to, the following:

(i)      Debtor lists no income in his Schedule I and no living expenses in his Schedule J.

(ii)     Items which are not furniture, appliances, phonographs, radio or television receivers, such as a tanning bed, jukebox, dock system and a pool table are not identified.

(iii)    Debtor has not particularized certain gifts and transfers at Item 7 of his Statement of Financial Affairs in such a fashion that the Trustee can make use of the information.  For instance, the Debtor discloses the transfer of $50,000.00 in cash, gifts and incentives to employees, but provides no further information about those transfers.

(iv)    The Statement of Financial Affairs, item 10, requires the disclosure of transfers in the past two years. The Debtor has not done so. For instance, the Debtor admits to the transfer of a $154,000.00 ring to Jessica Robb in May, 2008. He does not disclose that transfer at item 10. He should be ordered to file an amended statement of financial affairs which truthfully discloses all transfers made in the two years prior to filing.

9.    The Trustee may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests an Order of the Court:

1.    Ordering the Debtor to file complete and accurate schedules and statement of financial affairs within five (5) days of the date of the entry of an order in this matter; and,

2.    Such other relief as is just and equitable.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE LTD.**

/e/ Matthew R. Burton

Dated: September 24, 2009                By: _____
Matthew R. Burton #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

3

## <u>VERIFICATION</u>

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker named in the foregoing Notice of Hearing and Motion, declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

Executed on September 24, 2009

/e/  Randall L. Seaver

_____

Randall L. Seaver, Trustee

407833

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                                    BKY No. 09-50779

        Debtor.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEBTOR TO FILE COMPLETE AND ACCURATE SCHEDULES

### BACKGROUND

The Debtor's Chapter 7 petition was filed on June 4, 2009. The Debtor obtained extensions of time to file his schedules until July 1, 2009. At that time he filed schedules and the statement of financial affairs. It is known that, even with amendments, Debtor's schedules and statement of financial affairs are incomplete and inaccurate.

When this motion is heard, it will have been over 3 months since the Debtor filed this case.

### LEGAL ARGUMENT

1.  **Debtor should be required to amend schedules.**

The Trustee desires that the Debtor file complete and accurate schedules as required by law. The deficiencies in Debtor's schedules and statement of financial affairs were detailed, in part, in the verified notice of hearing and motion served and filed herewith.

The Bankruptcy Code provides that:

(a)The debtor shall—
    (1) file--
        (A) a list of creditors; and
        (B) unless the court orders otherwise--

(i) a schedule of assets and liabilities;
(ii) a schedule of current income and current expenditures;
(iii) a statement of the debtor's financial affairs

11 U.S.C. §521.

The Bankruptcy Rules add:

". . . On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court."

Bankr. Rule 1009(a).

Given the grave deficiencies in Debtor's schedules and statement of financial affairs, the Trustee requests an Order of this Court compelling the Debtor to file complete and accurate schedules and statement of financial affairs.

**2.      Schedules which were never completed must be filed.**

Both the Debtor's Schedules I and J contain the entries "0.00" for every single item. Obviously these statements are not true.  The Debtor, in a statement regarding Schedule J, indicated as follows:

> Debtor has used his accounting staff to pay bills for maintenance of his homes and personal expenses and therefore has little personal knowledge of the amount of his monthly expenses.  Debtor has undertaken to review bank account statements to identify expenses, but those statements were seized by law enforcement individuals.  Debtors [sic] is making efforts to obtain copies of the bank account statements and will amend Schedule J once he gathers the necessary information.

The Debtor has now had over 3 months to "figure out" what his monthly expenses are, but has not amended this schedule.

Similarly, Debtor certainly knows what his monthly income was, yet no amended schedule I has been filed.  The Debtor is required to provide this information and the Trustee needs this information in the administration of the case.

2

3**.**     **Statements or schedules containing false information or omissions.**

a.     **Item 10 of the statement of financial affairs contains substantial
known omissions.**

Item 10 of the statement of financial affairs require the debtor to:

List all other property, other than property transferred in the ordinary course of
business or financial affairs of the debtor, transferred either absolutely or as
security within **two years** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include transfers by
either or both spouses whether or not a joint petition is filed, unless the spouses
are separated and a joint petition is not filed.)

The Trustee, through investigation, has learned of many omitted transfers.

By way of example, the Trustee learned, through discovery, that the Debtor had

purchased a ring from Royal Jewelers in early 2008 for the sum of $154,000. Seaver Aff. Ex. A.

He also learned that the Debtor had purchased other items from Royal Jewelers in early 2008

with a total value of $145,000. *Id*. The Trustee corresponded with Debtor's counsel asking for

an explanation regarding the whereabouts of those items. Seaver Aff. Ex. B.

The Debtor's attorney then replied that in a letter that the $154,000 ring had been given

to Jessica Robb in May, 2008. *Id*. The Debtor's attorney indicated that the other items had been

given to Tamitha Hecker in early 2008. These items alone constitute almost $300,000 in

transfers originally undisclosed by the Debtor, until discovered by the Trustee, which were made

in the two years prior to filing. The Debtor has amended to disclose the transfers to his spouse,

with whom he is engaged in a marital dissolution, but has disclosed no additional transfers.

Similarly, the Debtor testified at the §341 hearing that he purchased rings and other items

totaling over $47,000.00 from Chanel in early 2008 yet he did not disclose at the §341 hearing,

or in his amended statement of financial affairs, to whom those items were transferred. Seaver

Aff. Exs. C and D.

3

The Debtor should be ordered to file a truthful and complete statement of financial affairs.

### b.        __Item 7 of the statement of financial affairs__.

Item 7 of the statement of financial affairs requires the disclosure of information as follows:

> List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient ...

For the date of gift, with a few exceptions, the Debtor simply stated: "within one year of petition date."  He should be required to file an amended schedule truthfully disclosing the dates of the transfers.

His response to item 7 also provides a section which states "in addition to the above, within one year of petition date, I have given or provided my employees with cash, gifts, and incentives totaling approximately $50,000."  This disclosure does not come close to the required information and is useless to the Trustee in attempting to identify avoidable transfers.  He should be required to disclose the name, address, amount transferred and date of transfer as required.

### __CONCLUSION__

The Debtor is required to provide truthful and complete financial information to the Trustee.  The Trustee should not be required to sift through a multitude of records and other documents to ascertain the truth regarding the Debtor's assets and transfers.  The Court should order the Debtor to file a truthful and complete statement of financial affairs, and truthful and complete schedules.

4

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

/e/ Matthew R. Burton

Dated: September 24, 2009                By: _____

Matthew R. Burton #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

408317

5

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                    BKY No. 09-50779

      Debtor.

## AFFIDAVIT OF RANDALL L. SEAVER, TRUSTEE

STATE OF MINNESOTA   )
                  ) ss.
COUNTY OF DAKOTA    )

     1.     I am the Trustee in the above matter and have personal knowledge of the facts contained herein.

     2.     I learned, through discovery, that the Debtor had apparently purchased a ring from Royal Jewelers in early 2008 for the sum of $154,000.00.  I also learned that the Debtor had apparently purchased other items from Royal Jewelers in early 2008 with a total value of $145,000.00.  I corresponded with Debtor's counsel regarding those items.  See attached Exhibit A.  The Debtor's response to that inquiry is attached as Exhibit B.

     3.     Attached as Exhibit C are copies of the cover page and page 128 of the transcript of the Debtor's §341 testimony.  Attached as Exhibit D is a true and correct copy of the Chanel receipt referred to in the §341 testimony.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Randall L. Seaver

Subscribed and sworn to before me
this _24_ day of September, 2009.

Notary Public

KARI L. FOGARTY
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

408797

2

# RANDALL L. SEAVER
## UNITED STATES CHAPTER 7 PANEL TRUSTEE

PORTLAND CORPORATE CENTER
12400 PORTLAND AVENUE SOUTH, SUITE 132
BURNSVILLE, MN 55337

Telephone (952) 890-0888
Facsimile (952) 890-0244

**copy via facsimile (612) 492-7077
and e-mail ccutler@fredlaw.com**

August 21, 2009



Clinton E. Cutler
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

RE:   Dennis E. Hecker
      BKY No. 09-50779

Dear Clint:

Attached are copies of statements numbered 336886 and 336691 from Royal Jewelers reflecting the purchases by Mr. Hecker of the following items in early 2008:

1.   Diamond bracelet - $30,000;
2.   Cartier watch - $30,000;
3.   Platinum diamond necklace - $85,000; and
4.   Ladies diamond ring with 7.74 carat diamond - $154,000.

Please have the Debtor tell me where these items are located. If any of these items were transferred to anyone by Mr. Hecker, please have him provide the name and the address of the recipients of the transfers, together with the transfer dates.

Also, Mr. Hecker's statement of financial affairs contained the names of transfer recipients but no addresses. I have enclosed a copy of pages 86-87 of his filing. I have circled names on those documents for whom I need addresses. Please have Mr. Hecker provide me with those addresses.

Finally, Mr. Hecker states, at page 86 which is enclosed, that he made an additional approximately $50,000 in transfers to various people in the year prior to filing. Please provide me with then names and addresses and specificity as to the transfers for each such transfer.

Please have Mr. Hecker provide me with the requested information within 3 weeks from the date of this letter.



Clinton E. Cutler
August 21, 2009
Page 2


Also, I do not believe that I have ever received from you the documents relating to and evidencing the seizures of funds by Associated Bank and JP Morgan Chase Bank as described at item 4 of the statement of financial affairs. Please provide those documents to me within the same time frame.

Thank you.

Very truly yours,

Randall L. Seaver
Trustee
*rlseaver@fullerseaverramette.com*

RLS:klf
Enclosure
cc:    Matthew R. Burton

**ROYAL JEWELERS**

33669I

BOX 2011 • 73 BROADWAY
FARGO, NORTH DAKOTA 58107
PHONE (701) 232-2491
FAX (701) 235-9412

*One of America's Finest Jewelers*

881508

ACCOUNT NUMBER

NAME _Jenny Hedden_

ADDRESS _977 S. mill St._

CITY STATE _Aspen Co 81611_

SECURITY AGREEMENT: "I (we) grant Royal Jewelers a security interest in the merchandise described in this charge slip until the purchase price is paid in full. If this charge is not paid in full in thirty (30) days I (we) will be charged and agree to pay interest on the unpaid balance at the rate of 1.5% per month until this charge is paid in full."

CUSTOMER SIGNATURE

| DESCRIPTION | AMOUNT |
|---|---|
| Saph/Dia brac. | 50,000 00 |
| Cartier watch | 50,000 00 |
| plat dia oper a length necklace approx 48.96 ct. tw. | 50,000 00 |
| | 50,000 00 |
| 786 W | |
| 1164 ck. | pr mrs mil |
| (Spec order) | TOTAL ▶ |

$0 1/21/08

**ROYAL**
**JEWELERS**

BOX 2011 · 73 BROADWAY
FARGO, NORTH DAKOTA 58107
PHONE (701) 232-2491
FAX (701) 235-9412

336886

*One of America's Finest Jewelers*

| | DEBIT | CREDIT | CHARGE | REC'D ON ACCT. | SOLD BY | DATE |
|---|---|---|---|---|---|---|

881508

**ACCOUNT NUMBER**

NAME Mr. Denny Neuter

ADDRESS 300 72rd Rd.

CITY Minneapolis, MN 55426

SECURITY AGREEMENT: "I (we) grant Royal Jewelers a security interest in the merchandise described in this charge slip until the purchase price is paid in full. If this charge is not paid in full in thirty (30) days I (we) will be charged and agree to pay interest on the unpaid balance at the rate of 1.5% per month until this charge is paid in full."

**CUSTOMER SIGNATURE**

| QUAN. | DESCRIPTION | AMOUNT |
|---|---|---|
| | Ladies w/g diamond | |
| | ring Containing one | |
| | princess cut weigh | |
| | approx. 7.74 ct. F Color | |
| | SI clarity GIA Cert. | |
| | # 15844453 | 154,000 00 |
| | | |
| | (See order) | |
| | **TOTAL** | 154,000 00 |



**Direct Dial:** 612.492.7070
**Email:** ccutler@fredlaw.com

August 27, 2009

<u>**VIA E-MAIL AND U.S. MAIL**</u>

Randall L. Seaver, Esq.
U.S. Chapter 7 Panel Trustee
Portland Corporate Center
12400 Portland Ave. S., Ste. 132
Burnsville, MN 55337

  **Re:** **Dennis E. Hecker**
     **Bky. Case No. 09-50779**

Dear Randy:

   This letter is in response to your letter of August 20, 2009, regarding four items of jewelry mentioned in the first paragraph of that letter. Mr. Hecker believes the first 3 items were gifts given to Tamitha Hecker. He believes that the gifts were given to Mrs. Hecker in connection with her birthday, in January 2008. The fourth item was a gift to Jessica Robb. Mr. Hecker believes this ring was given as a gift to Ms. Robb in May of 2008.

You have Tamitha Hecker's contact information. Mr. Hecker believes Jessica Robb can be reached at:

Minnesota Monthly
Greenspring Media Group Inc.
600 US Trust Building
730 Second Ave. S.
Minneapolis, MN 55402
Phone: 612-371-5800

**Attorneys & Advisors**
main  612.492.7000
fax  612.492.7077
www.fredlaw.com

Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota
55402-1425

MEMBER OF THE WORLD SERVICES GROUP
A Worldwide Network of Professional Service Providers

OFFICES:
Minneapolis / Bismarck / Des Moines / London / Monterrey, Mexico / Shanghai



Randall L. Seaver, Esq.
August 27, 2009
Page 2 of 2


We are working on the rest of the information you have requested in the letter and will respond in due course.

Very truly yours,

Clinton E. Cutler

CEC:mgd:#4609013/1 –058978.0887
cc:    Nauni Manty, Esq.
       Dennis Hecker
       Cindy Moyer, Esq.

Page 3

**Page 1**

```
 1          UNITED STATES BANKRUPTCY COURT
 2             DISTRICT OF MINNESOTA
 3   --------------------------------------
 4   In re:              Case No. 09-50779
 5   DENNIS E. HECKER,
 6            Debtor.
 7   --------------------------------------
 8          341 Meeting of Creditors held in the
 9   above-entitled matter on the 15th day of July, 2009,
10   at ten o'clock in the morning, at the United States
11   Courthouse, Room 1017, 300 South Fourth Street,
12   Minneapolis, Minnesota.
13
14
15
16
17
18          .    .    .
19
20
21
22
23
24
25
```

**Page 3**

```
                    I N D E X
 1
 2  WITNESS                        PAGE
    DENNIS E. HECKER
 3     Examination by the Trustee    4, 123,    133
       Examination by Mr. Clifton               94
 4     Examination by Mr. Cutler               130
 5
```

**Page 2**

```
 1   APPEARANCES:
 2        RANDALL L. SEAVER, Trustee,
 3   12400 Portland Avenue South, Suite 132,
 4   Burnsville, Minnesota 55337, appeared as
 5   Trustee.
 6        CLINTON E. CUTLER, Attorney at Law,
 7   Fredrikson & Byron, P.A., 200 South Sixth Street,
 8   Suite 4000, Minneapolis, Minnesota 55402-1425,
 9   appeared for and on behalf of the Debtor.
10        WILLIAM F. MOHRMAN, Attorney at Law,
11   Mohrman & Kaardal, P.A., 4100 Multifoods Tower,
12   33 South Sixth Street, Minneapolis, Minnesota
13   55402, appeared for and on behalf of the Debtor.
14
15
16
17
18
19
20
21
22        WHEREUPON, the following proceedings
23   were duly had and entered of record, to-wit:
24
25
```

EXHIBIT C

**Page 4**

 1       THE TRUSTEE: Good morning, folks. My
 2  name is Randy Seaver. I'm the Chapter 7 panel
 3  trustee appointed by the United States Department
 4  of Justice to administer the Denny Hecker
 5  bankruptcy case.
 6       This questioning is tape-recorded, and
 7  the recording goes next door to the Office of the
 8  U.S. Trustee.  Anyone can get a copy, I believe,
 9  from the Office of the U.S. Trustee.  There's
10  some small cost.
11       And I'm also having it -- a court
12  reporter taking down the testimony, and her name
13  is Julie Rixe and you can get a card from her.
14  She'll transcribe it and you can buy a copy from
15  her, which would be more expensive than just
16  getting the disc.  But those are options for
17  getting this.
18       Would you raise your right hand,
19  please, Mr. Hecker.
20       DENNIS E. HECKER,
21   after having been first duly sworn, was
22  examined and testified on his oath as follows:
23       EXAMINATION
24 BY THE TRUSTEE:
25 Q  And state your name for the record, please.

Page 125

1 Q  Okay. What other assets are in those trusts?

2 A  That's all.

3 Q  Just the insurance?

4 A  I believe so, yes.

5       THE TRUSTEE: Okay. Mr. Cutler, I

6  realize you're not testifying here, but --

7       MR. CUTLER: Thank you.

8       THE TRUSTEE: -- I sent a letter, and

9  then I'll address this --

10       Are you done, Mr. Clifton, completely?

11       MR. CLIFTON: I think so.

12       THE TRUSTEE: And I'll address this to

13  Mr. Hecker, too, but I had requested bank

14  statements going back to June 1st of 2008. And I

15  know that in your response to me, you indicated

16  that, you know, some records had been seized.

17  But today I have received from you the bank

18  account statements covering the date of filing,

19  which you're obligated and the debtor is

20  obligated to produce. Has any attempt been made

21  to get these other bank records that I've

22  requested?

23       So I'll direct it to you, Mr. Hecker, I

24  guess.

25       MR. CUTLER: I'm actually looking at

Page 126

1  Mr. Castlebomb. If I can confer with him.

2       THE TRUSTEE: Sure. What did you find

3  out?

4       MR. CUTLER: Mr. Seaver, they are

5  working on gathering information. We've been

6  getting numerous requests from you almost on a

7  daily basis, so we have to prioritize and triage

8  a little bit, but they are working on gathering

9  that information.

10       THE TRUSTEE: Okay. And just so we are

11  clear -- And I have been requesting a lot of

12  information, both me and my attorneys have been,

13  there's no doubt about that, but this was

14  something I sent a letter out back on June 16.

15  But I don't doubt that you're trying to get

16  those. So as soon as you do, if you would send

17  them out.

18       MR. CUTLER: Yes. We've had numerous

19  events that have happened since then, including

20  on that date.

21       THE TRUSTEE: I'm aware of that.

22       Are you Mr. Prohovsky?

23       MR. PROHOVSKY: Yes, I am.

24       THE TRUSTEE: Mr. Prohovsky, you're not

25  under oath here, of course, but have you paid the

Page 127

1  rent on that Cross Lake place?

2       MR. PROHOVSKY: Have I paid?

3       THE TRUSTEE: Yeah, the 24,000?

4       MR. PROHOVSKY: I'm waiting to get a

5  bill.

6       THE TRUSTEE: So the answer would be

7  no?

8       MR. PROHOVSKY: They haven't sent it to

9  me.

10       THE TRUSTEE: Okay. Well, when you pay

11  it, send it to Mr. Cutler to hold. I believe

12  that's property of this bankruptcy estate.

13  Okay?

14       MR. PROHOVSKY: I will check with my

15  attorney and see if he agrees. If he agrees,

16  yes. If not, I'll do whatever --

17       THE TRUSTEE: Sure. I'm just telling

18  you if it goes elsewhere, I don't think that it

19  should go elsewhere. But talk to your attorney,

20  of course.

21       MR. CUTLER: There's another party that

22  I think will have an interest in that, which is

23  TCF. They have an assignment of rents, I think,

24  on that property.

25 BY THE TRUSTEE:

Page 128

1 Q  Sure. Mr. Hecker, let me show you -- Well, let

2  me ask you this: Do you recall in March of 2008

3  purchasing $47,000, roughly, of jewelry from

4  Chanel in Las Vegas? It was a telephone

5  purchase. Here, let me show you this.

6 A  Yeah, I guess, if that's what it says.

7 Q  And this was paid for with your American Express

8  black card, right?

9 A  Yes.

10 Q  All right. Where did all these items go; who

11  has them?

12 A  There's a gift to -- I'm not sure.

13 Q  A gift to who?

14 A  I bought them as gifts to give away. I can find

15  out.

16 Q  All right. Were they all -- And I won't go

17  through each one, but there are seven different

18  things on here.

19 A  If we can get a copy of that, we'll try and give

20  you an answer.

21 Q  You don't recall now who you gifted these things

22  to?

23 A  No.

24 Q  Would it have been one *person*?

25 A  It might have been several.

# CHANEL

Fine Jewelers
3600 Las Vegas Bl. Ste. h
Las Vegas. NV 89109
702-765-5500

15 PM    3/21/2008   Trans:03004937
Store 217    Reg.001    Cashier:1776

HECKER, DENNIS
FORD RD

MINNEAPOLIS    MN    55426

SHIP TO:
0 FORD RD

MINNEAPOLIS    MN    55426
USA
(612) 386-5000

000938190    STYLE #:H20  # 1
J12 BLK 42MM GMT
Sales Assoc:1776
Qty: 1    $5,250.00    $5,250.00
Reference #:1912980

000934085    STYLE #:J2818  # 2
FIL DE COMETE EAR-WG-DIAM
Sales Assoc:1776
Qty: 1    $14,600.00    $14,600.00
Reference #:2101282

000412542    STYLE #:J0869  # 3
LG WG/DIAMOND STAR ON CHAIN
Sales Assoc:1776
Qty: 1    $6,200.00    $6,200.00
Reference #:210988

000852431    STYLE #:J1611  # 4
GEODE EARCLIPS *STAR EARRING*
Sales Assoc:1776
Qty: 1    $6,300.00    $6,300.00
Reference #:2101013

000290660    STYLE #:J0387  # 5
WG CROSSOVER RING/54 *STAR*
Sales Assoc:1776
Qty: 1    $5,975.00    $5,9



EXHIBIT D

STYLE #: 
01R RD/52 BLACK RING
.JC 1776
          $3,800.00      $3,800.00
Reference #:170965

000908444   STYLE #:J2491   # 7
DOME GEODE WG LG RING/53   DOME STAR
Sales Assoc:1776
Qty: 1     $4,900.00      $4,900.00
Reference #:J2491

          Total Merchandise:   $47,025.00
               Total Tax:          $0.00
          Total Amount Due:    $47,025.00
CARD TYPE:   AX
ACCT #:      *************6998
AUTH CODE:   117038

TOTAL AMOUNT:  $47,025.00


I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT.

Signature.....
          HECKER, DENNIS

     $47,025.00  0.0000% Tax Paid:    $0.00
— NO-TAX SEND-SALE —

MGR.

Returns and exchanges accepted within 14
days of purchase in original unworn
condition with proof of purchase.Sale or
markdown items and merchandise that has
been altered is not returnable. Refunds
will be issued in the original form of
tender,except cash and check purchases
which will be refunded via mail check.
Items purchased,altered or repaired must
be claimed within 180 days or they may
be disposed at the company's discretion

*EHZ0ABHHXAAJu*

Customer Copy

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

-----------------------------------------------

BKY No. 09-50779

In re:

Chapter 7

Dennis E. Hecker,

         Debtor.

-----------------------------------------------

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2009, I caused the following documents:

> ***Notice of Hearing and Motion to Compel Debtor to File Complete and Accurate Schedules, Memorandum in Support of Motion to Compel Debtor to File Complete and Accurate Schedules, Affidavit of Randall L. Seaver, Trustee and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be faxed and/or mailed by first class mail, postage paid, to the following:

Dennis E. Hecker
P.O. Box 1017
Crosslake, MN 56442

Michael B. Lubic
Sonnenschein Nath & Rosenthal LLP
601 S Figueroa St Ste 2500
Los Angeles, CA 90017-5704
Fax No.:  213-623-9924

Nicholas N. Nierengarten
Gray, Plant, Mooty & Bennett
80 South Eighth Street, Suite 500
Minneapolis, MN 55402
Fax No.:  612-632-4444

Michael W. Malter
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050
Fax No.:  408-295-531

Dated:  September 24, 2009

      /e/  Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
(612) 332-1030

409641

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                    BKY No. 09-50779

          Debtor.

## ORDER

      This case is before the Court on the motion of Randall L. Seaver, Chapter 7 Trustee, to compel the Debtor to file complete and accurate schedules.  Upon the motion and the files,

      IT IS HEREBY ORDERED:

      1.      The trustee's motion is granted; and

      2.      The Debtor shall file complete and accurate schedules and a complete and accurate statement of financial affairs within five (5) days of the date of this Order.

                         **BY THE COURT:**

Dated: _____                    _____
                                      Robert J. Kressel
407849                               U.S. Bankruptcy Judge