UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                    Case No. BKY 09-50779
                              Debtor.                                          Chapter 7 Case

---

**DEBTOR'S VERIFIED RESPONSE TO CHAPTER 7 TRUSTEE'S
MOTION FOR PROTECTIVE ORDER**

---

## INTRODUCTION

Debtor Dennis E. Hecker ("Debtor") files this Response (the "Response") to Randall L. Seaver's (the "Trustee's") Motion for Protective Order (the "Motion"). In support of his Motion, the Trustee argues that Debtor is intentionally disclosing only limited information, and that Debtor supplements his disclosures only when Debtor finds out that the Trustee knows something he has not yet disclosed. In fact, however, Debtor has made extensive disclosures to the best of his ability. The issue is that Debtor no longer has his own records, and the Trustee has collected many of the same records from third parties. Debtor simply wants access to records relating to him and his businesses that he once had before those records were seized. Under the Bankruptcy Rules, the Trustee is required to produce those records unless the Trustee makes an affirmative showing that some harm will come from the disclosure. Here, as discussed below, the Motion should be denied because the Trustee cannot meet his burden of establishing the need for a protective order.

## FACTUAL BACKGROUND

Except as supplemented in this section, the facts relevant to this Response are set forth in the Motion. All capitalized terms have the meaning ascribed to them in the Motion.

**1.      The Debtor Has High-Level Knowledge, But Lacks Knowledge of Details**

Prior to filing his petition for relief, Debtor operated a series of limited liability companies and other corporate entities and held ownership interests in more than twenty auto dealerships and numerous other entities and business interests.   When those entities were operational, Debtor had a high-level knowledge of the workings of all of his numerous businesses interests and entities, and depending on what he was focused, more detailed knowledge of certain issues effecting one or more of the entities.   Not surprisingly, however, even when the companies were operating, he did not have a working knowledge of all of the day-to-day issues and details that effected each of the many entities he owned.

Since filing the petition, the Debtor has laid off all of his staff, and the business are no longer running.   As such, the minutia of his many operations is impossible to recall without the assistance of records.

**2.      The Debtor Cannot Review His Own Records**

Typically, a debtor would be able to review his own records to prepare for an examination and to refresh his recollection.   With regard to the vast majority of Debtor's records, however, on June 17, 2009, law enforcement officials seized from Debtor's offices numerous records, including many related to his business interests, their operations, and his financial affairs.   Those records are essential to the full and accurate disclosure of Debtor's assets and financial affairs.   To date, the law enforcement officials have not returned Debtor's records to him.

Meanwhile, the Trustee has collected duplicates of those records from many entities and organizations.   To date, however, the Trustee has refused to share those records with the Debtor. In order to completely and accurately disclose all information related to his complex business

organization and financial affairs, Debtor must refer to the relevant financial data and records, which are no longer in his possession.

### 3.    The Debtor Has Requested Access to the Records

On July 29, 2009, Debtor sent a letter to counsel for the Trustee requesting copies of documents produced to the Trustee.  *See* Motion, Ex. A.  The Trustee replied that he was unwilling to provide the Debtor access to the records.  <u>See</u> Exhibit A (Emails from M. Burton to C. Moyer dated August 3, 2009, refusing to comply with Debtor's request).  Debtor had requested this information in order to prepare for his Rule 2004 examination and to fully and accurately disclose his assets and financial affairs.  Debtor also requested notice of when the Trustee would conduct Rule 2004 examinations of other parties, but the Trustee has refused to provide this information to Debtor.  <u>See</u> Exhibit B (Email from M. Burton to C. Moyer dated August 17, 2009, refusing to provide Debtor with dates of other 2004 examinations).

### <u>LEGAL ANALYSIS</u>

### I.    THE TRUSTEE MUST DEMONSTRATE CAUSE EXISTS BEFORE A PROTECTIVE ORDER MAY ISSUE.

Section 704 of the Bankruptcy Code requires that the Trustee "furnish such information concerning the estate and the estate's administration as is requested by a party in interest."  11 U.S.C. § 704(a)(7).  Here, the Trustee is requesting that the Court excuse this obligation by issuing a protective order that would allow the Trustee to withhold certain information from interested parties, including the Debtor.  Such relief is available only upon a showing of "good cause," Fed. R. Bankr. P. 7026(c), and the Trustee bears the burden of proof.  *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

A good cause showing "requires . . . that disclosure of the information will cause a clearly defined and serious injury."  *In re Handy Andy Home Improvement Centers, Inc.*, 199

B.R. 376, 380 (Bankr. N.D. Ill. 1996).  In evaluating whether "serious injury" will occur, courts generally consider the following factors:  (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose; (3) whether disclosure will embarrass a party; (4) whether the information being sought is important to public health and safety; (5) whether the sharing of information will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; (7) whether the case involves issues important to the public; and (8) a balancing of private versus public interests.  *Glenmede Trust Company v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995).

Here, the Trustee has not even addressed these factors, much less attempted to make a showing that he meets any of them.  Instead, he argues – without any factual basis – that the Debtor might "tailor subsequent testimony and actions in accordance with that knowledge."  <u>See</u> Trustee's Memorandum in Support of Motion, p. 1.  This argument is flawed for several reasons. First, the Trustee seems to assume that the Debtor has a complete grasp of all of the details of his many business interests, and is intentionally withholding information, which will be disclosed only if the Debtor finds out the Trustee knows about something.  That is not the case.  The Debtor does not have access to his own records.  As such, his information is by definition incomplete.  He is not intentionally withholding information.  He simply does not have complete information.

Second, the Trustee assumes every time the Debtor amends his schedules, it is further evidence that the Debtor withheld the information on purpose.  In fact, however, the Debtor is obligated to amend his schedules and statement of financial affairs if he realizes he omitted something, so seizing on any amendment as proof that the Debtor intentionally withheld information is just wrong.

Third, the concern that a witness may alter testimony based on documents is present in every case, but it does not excuse the production of documents.  As such, it does not excuse the Trustee from his obligation to provide the documents to the Debtor.  Otherwise, documents would never be produced.

As shown below, the Trustee cannot satisfy any of the factors courts typically consider when issuing a protective order.

## II.    CONSIDERATION OF THE ABOVE-FACTORS DEMONSTRATES THAT A PROTECTIVE ORDER IS NOT APPROPRIATE.

### A.    Disclosure of Information to Debtor will not Violate any Privacy Interest.

The information sought pertains to the Debtor; thus there is no privacy interest at stake. This factor does not support the Trustee's Motion.

### B.    The Information is Sought for a Legitimate Purpose.

Debtor seeks the information obtained by the Trustee in order to prepare for his Rule 2004 examination.  As noted above, Debtor owned and operated numerous automobile dealerships and other business operations.  Although Debtor had high-level knowledge of each of his business ventures, it is difficult for him to recall the minute details that his businesses dealt with each day.  By granting access to the information and records held by the Trustee, Debtor will be able to answer more completely the Trustee's questions at Debtor's examination.  This will aid the Trustee in the administration of the estate.  Because the information is being sought for a legitimate purpose, this factor does not support the Trustee's Motion.

### C.    Disclosure of the Information Being Sought will not Embarrass a Party.

Disclosure of the information sought to be protected will not embarrass any party.  This factor does not support the Trustee's Motion.

**D.       Sharing of the Information will Promote Fairness and Efficiency.**

This factor is the only one of the eight that applies here, and it weighs heavily in favor of allowing Debtor the opportunity to review the information obtained by the Trustee.

Since the inception of the case, Debtor has been as thorough as possible in disclosing information on his bankruptcy schedules and petition.  Indeed, Debtor's schedules and statement of financial affairs (collectively, "Schedules and Statement") are over one hundred pages long.

It is undisputed that the number of assets held by the Debtor and transactions made by the Debtor prior to the filing date were voluminous.  The Trustee's position seems to be that the Debtor's Schedules and Statement should be error-free.  But without access to the records, Debtor is unable to be as thorough in his disclosure as the Trustee would like.  Given this state of affairs, however, rather than share the information with the Debtor so that full and accurate disclosure can be made for the benefit of the estate, the Trustee seeks to withhold this information.  The Trustee argues that such disclosure would "undermine the Trustee's efforts to effectively liquidate this estate."  Motion, ¶ 8.  Further, the Trustee argues that if Debtor had access to the information sought, "[Debtor] will simply tailor his testimony and future actions in accordance with the extent of the Trustee's knowledge."  Memo p. 2.  But this argument relies on the unproven and unfounded assumption that Debtor intends to defraud this Court through material and willful omissions to his Schedules and Statement.  Quite to the contrary, Debtor has requested the information from the Trustee in order to ensure the accuracy of his Schedules and Statement and his testimony at his Rule 2004 examination.

It appears the Trustee is engaged in an effort to "trap" the Debtor into making misstatements, which the Trustee will claim were intentional.  This will inevitably lead to an action seeking to deny Debtor's discharge based, at least in part, on those misstatements.

By sharing the information requested, the bankruptcy estate and its creditors will be benefited.  Debtor seeks this information in order to prepare for his Rule 2004 examination. Without his personal records or the information sought from the Trustee, Debtor will be unable to give informed answers to many of the Trustee's questions.  To the extent that Debtor is able to provide thorough answers, the information he provides to the Trustee will aid the Trustee in more efficiently liquidating the estate, which will benefit all creditors.  Because sharing the information sought will promote fairness and efficiency, the Trustee's Motion should be denied.

**E.      Balancing Private and Public Interests Favors Disclosing the Information Sought.**

As demonstrated above, the Bankruptcy Code favors a policy of disclosure of information.  The Trustee has offered no argument that would overcome this policy goal. Therefore, the Trustee's Motion should be denied.

**F.      The Remaining Factors are Either Neutral or Not Significant**

The remaining factors do not merit granting the Motion.  The information sought by Debtor does not relate to public health or safety.  Further, although the Debtor's bankruptcy case is of primary importance to him personally, the public does have an interest in transparency when it comes to court proceedings.

In sum, none of the factors supports the Trustee's Motion.  Given that the Trustee bears the burden of proof in demonstrating the need for a protective order, the Motion should be denied.

**III.      SECTION 107 DOES NOT APPLY TO THE TRUSTEE'S MOTION.**

The Trustee's Motion also asserts that he seeks the protective under Code section 107, in addition to section 704.  Section 107 of the Code has no application to this Motion, however. Section 107 grants the bankruptcy court the power to protect certain documents that have been

*filed* during the course of a bankruptcy case.   11 U.S.C. § 107(a) ("Except as provided in subsections (b) and (c) of this section . . . , a paper filed in a case under this title and the dockets of a bankruptcy court are public records . . . ."). Section 107(b) allows the court to limit the availability of those documents that either refer to "trade secret[s] or confidential research, development, or commercial information," 11 U.S.C. § 107(b)(1), or  are scandalous or defamatory in nature. 11 U.S.C. § 107(b)(2).

Based on the plain language of the statute, it is clear that section 107 does not apply to the issue at bar.  The Trustee does not seek to protect, nor does Debtor seek access to, a paper that has been "filed" in this case.  Further, what information the Debtor does seek does not involve trade secrets or confidential research, nor is it scandalous or defamatory in nature.  As a result, section 107 has no application to the Trustee's Motion.

## **CONCLUSION**

Pursuant to Local Rule 9013-2, Debtors give notice that they may, if necessary call Dennis E. Hecker to testify at the hearing on the Response regarding the facts set out herein.

Pursuant to Local Rule 9013-2(b), this Response is accompanied by a Proposed Order and proof of service.

WHEREFORE, Debtor respectfully requests that the Court enter an order: (a) denying the Trustee's Motion in its entirety; and (b) granting such other and further relief as the Court deems just and equitable.

Dated:  October 2, 2009                    FREDRIKSON & BYRON, P.A.

                                          */s/ Clinton E. Cutler*
                                          Clinton E. Cutler (#158094)
                                          Cynthia A. Moyer (#211229)
                                          Kendall L. Bader (#389001)
                                          200 South Sixth Street, Suite 4000
                                          Minneapolis, MN 55402
                                          Phone (612) 492-7000
                                          Fax (612) 492-7077

                                          -and-

                                          SKOLNICK & SHIFF, P.A.

                                          */s/ William R. Skolnick*
                                          William R. Skolnick
                                          2100 Rand Tower
                                          527 Marquette Avenue South
                                          Minneapolis, Minnesota 55402
                                          Phone (612) 677-7600
                                          Fax (612) 677-7601

                                          ATTORNEYS FOR DEBTOR

4624891_1

**VERIFICATION**

I, Dennis E. Hecker, am Debtor named in the foregoing Response.  Based on my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Response are true and correct, according to the best of my knowledge, information and belief.

Dated:  October 2, 2009                    Signed:

Dennis E. Hecker

4624891_1

# EXHIBITS

EXHIBIT A

**Bader, Kendall**

---

**Subject:**                    FW: Hecker/Letter re documents


-----Original Message-----
From: Matthew Burton [mailto:MBurton@losgs.com]
Sent: Monday, August 03, 2009 10:46 AM
To: Moyer, Cynthia
Subject: Re: Hecker/Letter re documents

Cindy - Randy will not agree to turnover records to your office as requested in your letter of July 29,
2009.  Our job is to investigate the Debtor's financial affairs and sharing, such as you suggested, is
not in the estate's best interest.  If there is something in particular that you would like to review, we
can evaluate requests on a case by case basis.  Matt

>>> "Moyer, Cynthia" <cmoyer@fredlaw.com> 7/29/2009 1:18:41 PM >>>
 <<20090729131943.pdf>> Dear Matt -- Please see the attached letter.

Regards,

Cindy Moyer
_____
Cynthia A. Moyer
Fredrikson & Byron, PA
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
DIRECT:       612.492.7167
FAX:          612.492.7077
EMAIL:        cmoyer@fredlaw.com
ASSISTANT:  Cindy Thomas, 612.492.7562

**This is a transmission from the law firm of Fredrikson & Byron, P.A.
and may contain information which is privileged, confidential, and protected by the attorney-client or
attorney work product privileges.
If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of
this message is prohibited.
If
you have received this transmission in error, please destroy it and notify us immediately at our
telephone number 612.492.7000.**

**IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice
contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (a)
avoiding penalties under the Internal Revenue Code, or (b) promoting, marketing, or recommending
to another party any matters addressed herein.

The message is ready to be sent with the following file or link
attachments:

20090729131943.pdf

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

**Bader, Kendall**

**Subject:**                    FW: Hecker/Letter re documents

-----Original Message-----
From: Matthew Burton [mailto:MBurton@losgs.com]
Sent: Monday, August 03, 2009 12:27 PM
To: Moyer, Cynthia; rlseaver@qwest.net
Cc: Cutler, Clinton
Subject: Re: Hecker/Letter re documents

Cindy -

I wanted to further reply to your request (which we did not consider to
be made under Sec. 704).   If you are making the request under Sec. 704,
we ask that the request be withdrawn.  If it is a 704 request and not withdrawn, we will bring a motion
for a protective order under Secs. 107
and 704.   We think that our motion would be granted and that additional
press would be generated.  Please advise.  Matt

>>> "Moyer, Cynthia" <cmoyer@fredlaw.com> 7/29/2009 1:18:41 PM >>>
 <<20090729131943.pdf>> Dear Matt -- Please see the attached letter.

Regards,

Cindy Moyer

_____
Cynthia A. Moyer
Fredrikson & Byron, PA
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
DIRECT:      612.492.7167
FAX:         612.492.7077
EMAIL:       cmoyer@fredlaw.com
ASSISTANT:  Cindy Thomas, 612.492.7562

**This is a transmission from the law firm of Fredrikson & Byron, P.A.
and may contain information which is privileged, confidential, and protected by the attorney-client or
attorney work product privileges.
If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of
this message is prohibited.
If
you have received this transmission in error, please destroy it and notify us immediately at our
telephone number 612.492.7000.**

**IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice
contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of (a)
avoiding penalties under the Internal Revenue Code, or (b) promoting, marketing, or recommending
to another party any matters addressed herein.

The message is ready to be sent with the following file or link attachments:

20090729131943.pdf


Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.  Check your e-mail security settings to determine how attachments are handled.

EXHIBIT B

**Bader, Kendall**

**Subject:** FW: Hecker/Letter re documents

**From:** "Matthew Burton" <MBurton@losgs.com>
**Date:** August 17, 2009 9:28:55 AM CDT
**To:** "Cynthia Moyer" <cmoyer@fredlaw.com>
**Subject: RE: Hecker/Letter re documents**

Cindy - Since the document request issue hasn't gone away, we are going
to move ahead with a motion for a protective order.  As to the 2004
exams, our inclination is to not allow for attendance of others
including Mr. Hecker's representatives.   If you can cite case law
indicating that we must, we would be happy to reconsider our position.
Matt

        "Moyer, Cynthia" <cmoyer@fredlaw.com> 8/13/2009 6:34
        PM >>>

Matt -- I wanted to let you know we are still thinking about the
document issue.  In a related matter, I see the orders came in today
on
the 2004 examinations.  Can you let us know when those are taking
place
so we can make arrangements to attend?  Thank you.

Cindy Moyer

-----Original Message-----
From: Matthew Burton [mailto:MBurton@losgs.com]
Sent: Monday, August 03, 2009 12:27 PM
To: Moyer, Cynthia; rlseaver@qwest.net
Cc: Cutler, Clinton
Subject: Re: Hecker/Letter re documents

Cindy -

I wanted to further reply to your request (which we did not consider
to
be made under Sec. 704).   If you are making the request under Sec.
704,
we ask that the request be withdrawn.  If it is a 704 request and not
withdrawn, we will bring a motion for a protective order under Secs.
107
and 704.   We think that our motion would be granted and that
additional
press would be generated.  Please advise.  Matt

        "Moyer, Cynthia" <cmoyer@fredlaw.com> 7/29/2009
        1:18:41 PM >>>

9/30/2009

<<20090729131943.pdf>> Dear Matt -- Please see the attached letter.

Regards,

Cindy Moyer

_____
Cynthia A. Moyer
Fredrikson & Byron, PA
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
DIRECT:        612.492.7167
FAX:            612.492.7077
EMAIL:        cmoyer@fredlaw.com
ASSISTANT:  Cindy Thomas, 612.492.7562

**This is a transmission from the law firm of Fredrikson & Byron, P.A.
and may contain information which is privileged, confidential, and
protected by the attorney-client or attorney work product privileges.
If you are not the addressee, note that any disclosure, copying,
distribution, or use of the contents of this message is prohibited.
If
you have received this transmission in error, please destroy it and
notify us immediately at our telephone number 612.492.7000.**

**IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the IRS, we inform
you
that any U.S. tax advice contained in this communication (including
any
attachments) is not intended or written to be used, and cannot be
used,
for the purpose of (a) avoiding penalties under the Internal Revenue
Code, or (b) promoting, marketing, or recommending to another party
any
matters addressed herein.

The message is ready to be sent with the following file or link
attachments:

20090729131943.pdf


Note: To protect against computer viruses, e-mail programs may prevent
sending or receiving certain types of file attachments.  Check your
e-mail security settings to determine how attachments are handled.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                          Case No. BKY 09-50779
                        Debtor.                                    Chapter 7 Case

---

**CERTIFICATE OF SERVICE**

---

Kendall L. Bader, under penalty of perjury, states that on October 2, 2009, he caused to be served the following:

1.      Debtor's Verified Response to Chapter 7 Trustee's Motion for Protective Order;

2.      Order Denying Chapter 7 Trustee's Motion for Protective Order; and

3.      Certificate of Service

by sending true and correct copies to the parties on the attached service list.

Dated:  October 2, 2009                    */s/ Kendall L. Bader*
                                           Kendall L. Bader

4628532_1.DOC

Dennis E. Hecker
Service List
Bky No. 09-50779

**SERVICE VIA ECF**

U.S. Trustee's Office
1015 US Courthouse
300 S Fourth St
Minneapolis MN 55415
ustpregion12.mn.ecf@usdoj.gov

Randall L. Seaver
U.S. Trustee
Portland Corporate Center
12400 Portland Avenue South, #132
Burnsville, MN  55337
rlseaver@fullerseaverramette.com

Randall L. Seaver
c/o Matthew R. Burton
Matthew R. Burton Esq.
Andrea M. Hauser
Leonard, O'Brien, Spencer, Gale &
Sayre
100 South Fifth Street, #2500
Minneapolis MN 55402
mburton@losgs.com
ahauser@losgs.com

Randall L. Seaver
c/o Gordon B. Conn Jr.
Kalina, Wills, Gisvold & Clark &
PLLP
6160 Summit Drive, Suite 560
Minneapolis MN 55430
conn@kwgc-law.com

Randall L. Seaver
c/o Tyler D. Candee
Ralph Mitchell
Lapp, Libra, Thomson, Stoebner &
Pusch
2500 One Financial Plaza
120 South Sixth Street
Minneapolis MN 55402
tcandee@lapplibra.com
rmitchell@lapplibra.com

U.S. Bank National Association
c/o Monica Clark
Dorsey & Whitney, LLP
50 South Sixth Street, #1500
Minneapolis, MN  55402-1498
clark.monica@dorseylaw.com

U.S. Bank National Association
c/o Eric J. Sherburne
Stein & Moore, P.A.
The First National Bank Building
332 Minnesota St, Ste W-1650
St. Paul MN 55101
esherburne@steinmoore.com

Hyundai Capital America
c/o Connie A. Lahn
David E. Runck
Seth Leventhal
Fafinski Mark & Johnson, PA
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN  55344
connie.lahn@fmjlaw.com
david.runck@fmjlaw.com
seth.leventhal@fmjlaw.com

Tamitha Hecker
c/o Nauni Jo Manty
Manty & Associates, P.A.
510 First Avenue North, #305
Minneapolis, MN  55403
ecf@mantylaw.com

United States Rent A Car and
Maria Romano
c/o Jamie R. Pierce
Hinshaw & Culbertson, LLP
333 South Seventh Street, #2000
Minneapolis, MN  55402
jpierce@hinshawlaw.com

Chrysler Financial Services
Americas, LLC, f/k/a
DaimlerChrysler Financial Services
Americas, LLC
c/o Stephen F. Grinnell
Gray, Plant, Mooty, Mooty &
Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
stephen.grinnell@gpmlaw.com

Chrysler Financial Services
Americas LLC, f/k/a
DaimlerChrysler Financial Services
Americas, LLC
c/o Craig E. Reimer
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL  60606
creimer@mayerbrown.com

Crown Bank
c/o Thomas J. Lallier
Jeffrey D. Klobucar
Foley & Mansfield, P.L.L.P.
250 Marquette Avenue, #1200
Minneapolis MN 55401
tlallier@foleymansfield.com
jklobucar@foleymansfield.com

JPMorgan Chase Bank, N.A.
c/o Matthew A. Swanson
Leonard, Street and Deinard, PA
2300 Fifth Street Towers
150 South Fifth Street
Minneapolis MN 55402
matthew.swanson@leonard.com

Toyota Financial Savings Bank
Toyota Motor Credit Corporation
c/o Michael L. Meyer
Ravich Meyer Kirkman McGrath
Nauman & Tansey, P.A.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
mlmeyer@ravichmeyer.com

GE Money Bank
c/o Recovery Management Systems
Corp.
Attn:  Ramesh Singh
25 S.E. Second Avenue, #1120
Miami, FL  33131-1605
claims@recoverycorp.com

HSBC Bank Nevada, N.A.
c/o Patti H. Bass
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, #200
Tucson, AZ  85712-1083
ecf@bass-associates.com

Associated Bank
c/o Joseph W. Lawver
Messerli & Kramer P.A.
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis MN 55402-1217
jlawver@messerlikramer.com

VISIONBank
c/o Bruce H. Carlson
David L. Johnson
McNair, Larson & Carlson, Ltd.
51 Broadway, #600
Fargo, ND  58102
bruce.carlson@mlcfargolaw.com
david.johnson@mlcfargolaw.com

Blackstone Financial, LLC
c/o Brad A. Sinclair
Serkland Law Firm
10 Roberts Street
P.O. Box 6017
Fargo, ND  58108-6017
bsinclair@serklandlaw.com

Dennis E. Hecker
Service List
Bky No. 09-50779

TCF National Bank
c/o Robert G. Parish
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
rparish@faegre.com

Alliance Bank
c/o Kathleen K. Statler
Larry D. Espel
Greene Espel PLLP
200 South Sixth Street, #1200
Minneapolis, MN  55402
kstatler@greeneespel.com
lespel@greeneespel.com

LKMCD Properties, LLC
c/o Andrew P. Moratzka
Mackall, Crounse & Moore, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis MN 55402-2859
apm@mcmlaw.com

Grant Thornton, LLP
c/o Rebecca G. Sluss
Oppenheimer, Wolff & Donnelly
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis MN 55402
rsluss@oppenheimer.com

Dennis E. Hecker
c/o William F. Mohrman
mohrman@mklaw.com

Dennis E. Hecker
c/o William R. Skolnick
Skolnick & Shiff, P.A.
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN  55402
wskolnick@skolnick-shiff.com

Christi M. Rowan
c/o William R. Skolnick
Skolnick & Shiff, P.A.
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN  55402
wskolnick@skolnick-shiff.com

Anchor Bank, fsb
c/o Nicholas J. Vivian
Eckberg, Lammers, Briggs, Wolff
& Vierling, PLLP
1809 Northwestern Avenue
Stillwater, MN  55082
nvivian@eckberglammers.com

Toyota Motor Credit Corporation
c/o Timothy J. Peters
Peters Law Firm, PLC
2116 Second Avenue South
Minneapolis, MN  55404-2606
tpeters@peterslawplc.com

Carlton Financial Corporation
c/o Joshua A. Hasko
Messerli & Kramer P.A.
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis MN 55402-1217
jhasko@messerlikramer.com

RiverWood Bank
c/o Steven R. Qualley
Gammello & Qualley, P.A.
14275 Golf Course Drive, #200
Baxter MN 56425
steveq@gqlaw.net

4571482_1/058978.0002

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                    Case No. BKY 09-50779

               Debtor.                        Chapter 7 Case

---

## ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION FOR PROTECTIVE ORDER

---

Randall Seaver's (the "Trustee's") Motion for Protective Order (the "Motion") came on for a hearing before the undersigned United States Bankruptcy Judge.  Appearances are noted on the record.  All capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Motion.

Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises in the Court's findings of fact and conclusions of law, if any, have been stated orally and recorded in open court following the close of argument:

IT IS HEREBY ORDERED,

    1.      The Trustee's Motion is denied.

Dated: _____, 2009

_____
Robert J. Kressel
United States Bankruptcy Judge

4611613_1