UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,　　　　　　　　　　　　　　　　　　　　　Case No. BKY 09-50779
　　　　　　　　　Debtor.　　　　　　　　　　　　　　　　　　　　　Chapter 7 Case

**DEBTOR'S VERIFIED RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DEBTOR TO FILE COMPLETE AND ACCURATE SCHEDULES**

## INTRODUCTION

Debtor Dennis E. Hecker ("Debtor") files this Response (the "Response") to Randall L. Seaver's (the "Trustee's") Motion to Compel Debtor to File Complete and Accurate Schedules (the "Motion"). Because the Debtor, using reasonable diligence, will be unable to complete his schedules (the "Schedules") and statement of financial affairs (the "Statement") within the five days requested by the Trustee, the Motion should be denied.

## FACTUAL BACKGROUND

Except as supplemented in this section, the facts relevant to this Response are set forth in the Motion. All capitalized terms have the meaning ascribed to them in the Motion.

Prior to filing his petition for relief, Debtor operated a series of limited liability companies and other corporate entities and held ownership interests in more than twenty auto dealerships and numerous other entities and business interests. When they were operating, these entities generated numerous documents and records.

On June 17, 2009, law enforcement officials seized from Debtor's offices numerous records, including many related to his business interests, their operations, and his financial affairs. Those records are essential to the full and accurate disclosure of Debtor's assets and financial affairs. To date, the law enforcement officials have not returned Debtor's records to

- 1 -

him. In order to completely and accurately complete his Schedules and Statement, Debtor must have access to the relevant financial data and records, which are no longer in his possession.

Additionally, since the petition date, the Trustee has made numerous requests (sometimes multiple requests in a single day) to Debtor for the production of documents and other information related to Debtor's finances. Despite having no permanent staff, Debtor has worked diligently to comply with the Trustee's requests. Nevertheless, complying with the Trustee's numerous requests coupled with the seizure of his records by law enforcement has severely hampered Debtor's ability to complete his Schedules and Statement at this time.

Moreover, in addition to this bankruptcy proceeding, Debtor is engaged in a marital dissolution proceeding, and is aware of a criminal grand jury proceeding. Despite these other demands on Debtor, he is working to ensure that his Schedules and Statements are as complete as possible.

## LEGAL ANALYSIS

### I. DEBTOR MUST USE REASONABLE DILIGENCE IN COMPLETING HIS SCHEDULES AND STATEMENT.

Debtor does not dispute that Section 521 of the Bankruptcy Code requires that he file a number of documents with the Court, including schedules of assets, liabilities, income, and expenditures, as well as a statement of financial affairs. 11 U.S.C. § 521(a)(1). Debtor also acknowledges that he must use reasonable diligence in completing his schedules. *In re Fauchier*, 71 B.R. 212, 215 (9th Cir. B.A.P. 1987).

### II. DEBTOR HAS USED REASONABLE DILIGENCE IN HIS EFFORTS TO COMPLETE HIS SCHEDULES AND STATEMENT.

Here, Debtor has used reasonable diligence in his efforts to accurately complete his schedules. Because of the scope of his business interests, Debtor's schedules will necessarily

take longer to complete. This difficulty is compounded by the seizure of Debtor's records by law enforcement and the numerous requests by the Trustee for documents and information. Additionally, prior to filing his petition for relief, Debtor relied on employees to assist him with his personal and business finances. All of these factors demonstrate that, even though Debtor is exercising reasonable diligence, accurately completing his Schedules and Statement will require more than the five days that the Trustee seeks in the Motion.

### A. The Examples Cited by the Trustee Do not Demonstrate a Failure by Debtor to Use Reasonable Diligence in Completing his Schedules and Statements.

The Trustee notes that Debtor has not listed his income or living expenses in his Schedules. Motion, ¶ 8(i). Debtor intends to comply with this requirement, but has been slowed by the seizure of his records. Prior to filing his petition for relief, Debtor used an accounting staff to pay bills relating to his home and expenses. Debtor has made efforts to determine what these expenses will be going forward, but because of the seizure of his records and the general demands of the bankruptcy case, Debtor will be unable to accurately and completely disclose that information within the five day period the Trustee seeks in the Motion.

The Trustee also suggests that Debtor has not identified household items with particular specificity. Motion, ¶ 8(ii). Debtor is in the process of making an inventory of household goods that can be used to add detail to the list of goods supplied by Debtor in his schedules. This list, however, will not change the amount claimed, but rather will add detail to the claimed exemption. Debtor has used reasonable diligence in making an inventory of household goods, but he will be unable to complete this list, along with the other demands placed on him by the Trustee, within the five day period sought in the Motion.

The Trustee has also noted that Debtor has failed to particularize certain gifts made to employees. Motion, ¶ 8(iii). Debtor has disclosed the information to the extent that he can given

the state of his records at this time. Debtor's records may not contain specific information on some of these gifts, and the gifts may not be directly reflected in his bank statements. In order to provide the Trustee with the detail he requests, using reasonable diligence, Debtor will require more than the five day period sought in the Motion.

The Trustee also complains of Debtor's failure to disclose on his Statement certain transfers that were made in the past two years. Motion, ¶ 8(iv). The specific instance that the Trustee points to involves the "transfer" of a ring to a third party. Debtor did not disclose this "transfer" on item 10 of his Statement because the ring was a gift to the third party. Item 7 of the Statement requires the disclosure of all gifts made within one year of the filing date. Debtor's gift of the ring took place in May 2008, more than one year before he filed his petition for relief. Hence, Debtor was not required to list this gift on item 7, and was not required to list the gift as a "transfer" under item 10.

    **B.**    **Using Reasonable Diligence, Debtor will not be able to Complete his Schedules and Statements within Five Days.**

The Trustee, the bankruptcy estate, and Debtor's creditors are all benefited by allowing Debtor the opportunity to complete his schedules as thoroughly as possible. Although Debtor has worked diligently to collect and assemble the information necessary to complete his Schedules and Statement accurately, he will not be able to complete this task in the five day period requested by the Trustee in the Motion. Debtor is confident that his Schedules and Statement can be made more accurate if he is given more time to complete them and if he is given access to documents collected by the Trustee (see Debtor's Response to Trustee's Motion for a Protective Order).

Debtor has been diligent in his efforts to complete his Schedules and Statement. As amended, Debtor's Schedules and Statements total over one hundred pages. Debtor has also responded to numerous requests from the Trustee for information and documents. Given the nature of Debtor's prepetition business interests, the number of his assets, and the many different entities that he owns and operates, Debtor requires more than the five days requested in the Motion in which to complete his Schedules and Statement, and Debtor's bankruptcy estate will benefit from this additional time.

## CONCLUSION

Pursuant to Local Rule 9013-2, Debtor gives notice that he may, if necessary call Dennis E. Hecker to testify at the hearing on the Response regarding the facts set out herein.

Pursuant to Local Rule 9013-2(b), this Response is accompanied by a Proposed Order and proof of service.

WHEREFORE, Debtor respectfully requests that the Court enter an order: (a) denying the Trustee's Motion; and (b) granting such other and further relief as the Court deems just and equitable.

Dated: October 2, 2009　　　　　　　　　　　FREDRIKSON & BYRON, P.A.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Clinton E. Cutler*
　　　　　　　　　　　　　　　　　　　　　　Clinton E. Cutler (#158094)
　　　　　　　　　　　　　　　　　　　　　　Cynthia A. Moyer (#211229)
　　　　　　　　　　　　　　　　　　　　　　Kendall L. Bader (#389001)
　　　　　　　　　　　　　　　　　　　　　　200 South Sixth Street, Suite 4000
　　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　　　Phone (612) 492-7000
　　　　　　　　　　　　　　　　　　　　　　Fax (612) 492-7077

　　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEBTOR

4627644_1

- 5 -

## **VERIFICATION**

I, Dennis E. Hecker, am Debtor named in the foregoing Response. Based on my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Response are true and correct, according to the best of my knowledge, information and belief.

Dated: October 2, 2009                      Signed: /s/ Dennis E. Hecker

4627644_1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Case No. BKY 09-50779

Chapter 7 Case

**CERTIFICATE OF SERVICE**

      Kendall L. Bader, under penalty of perjury, states that on October 2, 2009, he caused to be served the following:

1. Debtor's Verified Response to Chapter 7 Trustee's Motion to Compel Debtor to File Complete and Accurate Schedules;

2. Order Denying Chapter 7 Trustee's Motion to Compel Debtor to File Complete and Accurate Schedules; and

3. Certificate of Service

by sending true and correct copies to the parties on the attached service list.

Dated: October 2, 2009

*/s/ Kendall L. Bader*
Kendall L. Bader

4628540_1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                              Case No. BKY 09-50779
          Debtor.                                                            Chapter 7 Case

**ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION TO COMPEL DEBTOR TO FILE COMPLETE AND ACCURATE SCHEDULES**

Randall Seaver's (the "Trustee's") Motion to Compel Debtor to File Complete and Accurate Schedules (the "Motion") came on for a hearing before the undersigned United States Bankruptcy Judge. Appearances are noted on the record. All capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Motion.

Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises in the Court's findings of fact and conclusions of law, if any, have been stated orally and recorded in open court following the close of argument:

IT IS HEREBY ORDERED,

1. The Trustee's Motion is denied.

Dated: _____, 2009

                                                   Robert J. Kressel
                                                   United States Bankruptcy Judge

4628558_1

Dennis E. Hecker
Service List
Bky No. 09-50779

| **SERVICE VIA ECF** |
|---|
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>ustpregion12.mn.ecf@usdoj.gov |
| Randall L. Seaver<br>U.S. Trustee<br>Portland Corporate Center<br>12400 Portland Avenue South, #132<br>Burnsville, MN 55337<br>rlseaver@fullerseaverramette.com |
| Randall L. Seaver<br>c/o Matthew R. Burton<br>Matthew R. Burton Esq.<br>Andrea M. Hauser<br>Leonard, O'Brien, Spencer, Gale & Sayre<br>100 South Fifth Street, #2500<br>Minneapolis MN 55402<br>mburton@losgs.com<br>ahauser@losgs.com |
| Randall L. Seaver<br>c/o Gordon B. Conn Jr.<br>Kalina, Wills, Gisvold & Clark & PLLP<br>6160 Summit Drive, Suite 560<br>Minneapolis MN 55430<br>conn@kwgc-law.com |
| Randall L. Seaver<br>c/o Tyler D. Candee<br>Ralph Mitchell<br>Lapp, Libra, Thomson, Stoebner & Pusch<br>2500 One Financial Plaza<br>120 South Sixth Street<br>Minneapolis MN 55402<br>tcandee@lapplibra.com<br>rmitchell@lapplibra.com |
| U.S. Bank National Association<br>c/o Monica Clark<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, #1500<br>Minneapolis, MN 55402-1498<br>clark.monica@dorseylaw.com |
| U.S. Bank National Association<br>c/o Eric J. Sherburne<br>Stein & Moore, P.A.<br>The First National Bank Building<br>332 Minnesota St, Ste W-1650<br>St. Paul MN 55101<br>esherburne@steinmoore.com |

| |
|---|
| Hyundai Capital America<br>c/o Connie A. Lahn<br>David E. Runck<br>Seth Leventhal<br>Fafinski Mark & Johnson, PA<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, MN 55344<br>connie.lahn@fmjlaw.com<br>david.runck@fmjlaw.com<br>seth.leventhal@fmjlaw.com |
| Tamitha Hecker<br>c/o Nauni Jo Manty<br>Manty & Associates, P.A.<br>510 First Avenue North, #305<br>Minneapolis, MN 55403<br>ecf@mantylaw.com |
| United States Rent A Car and Maria Romano<br>c/o Jamie R. Pierce<br>Hinshaw & Culbertson, LLP<br>333 South Seventh Street, #2000<br>Minneapolis, MN 55402<br>jpierce@hinshawlaw.com |
| Chrysler Financial Services Americas, LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Stephen F. Grinnell<br>Gray, Plant, Mooty, Mooty & Bennett, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>stephen.grinnell@gpmlaw.com |
| Chrysler Financial Services Americas LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Craig E. Reimer<br>Mayer Brown, LLP<br>71 South Wacker Drive<br>Chicago, IL 60606<br>creimer@mayerbrown.com |
| Crown Bank<br>c/o Thomas J. Lallier<br>Jeffrey D. Klobucar<br>Foley & Mansfield, P.L.L.P.<br>250 Marquette Avenue, #1200<br>Minneapolis MN 55401<br>tlallier@foleymansfield.com<br>jklobucar@foleymansfield.com |

| |
|---|
| JPMorgan Chase Bank, N.A.<br>c/o Matthew A. Swanson<br>Leonard, Street and Deinard, PA<br>2300 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis MN 55402<br>matthew.swanson@leonard.com |
| Toyota Financial Savings Bank<br>Toyota Motor Credit Corporation<br>c/o Michael L. Meyer<br>Ravich Meyer Kirkman McGrath Nauman & Tansey, P.A.<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>mlmeyer@ravichmeyer.com |
| GE Money Bank<br>c/o Recovery Management Systems Corp.<br>Attn: Ramesh Singh<br>25 S.E. Second Avenue, #1120<br>Miami, FL 33131-1605<br>claims@recoverycorp.com |
| HSBC Bank Nevada, N.A.<br>c/o Patti H. Bass<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, #200<br>Tucson, AZ 85712-1083<br>ecf@bass-associates.com |
| Associated Bank<br>c/o Joseph W. Lawver<br>Messerli & Kramer P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis MN 55402-1217<br>jlawver@messerlikramer.com |
| VISIONBank<br>c/o Bruce H. Carlson<br>David L. Johnson<br>McNair, Larson & Carlson, Ltd.<br>51 Broadway, #600<br>Fargo, ND 58102<br>bruce.carlson@mlcfargolaw.com<br>david.johnson@mlcfargolaw.com |
| Blackstone Financial, LLC<br>c/o Brad A. Sinclair<br>Serkland Law Firm<br>10 Roberts Street<br>P.O. Box 6017<br>Fargo, ND 58108-6017<br>bsinclair@serklandlaw.com |

Dennis E. Hecker
Service List
Bky No. 09-50779

| | |
|---|---|
| TCF National Bank<br>c/o Robert G. Parish<br>Faegre & Benson, LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402-3901<br>rparish@faegre.com | Toyota Motor Credit Corporation<br>c/o Timothy J. Peters<br>Peters Law Firm, PLC<br>2116 Second Avenue South<br>Minneapolis, MN  55404-2606<br>tpeters@peterslawplc.com |
| Alliance Bank<br>c/o Kathleen K. Statler<br>Larry D. Espel<br>Greene Espel PLLP<br>200 South Sixth Street, #1200<br>Minneapolis, MN  55402<br>kstatler@greeneespel.com<br>lespel@greeneespel.com | Carlton Financial Corporation<br>c/o Joshua A. Hasko<br>Messerli & Kramer P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis MN 55402-1217<br>jhasko@messerlikramer.com |
| LKMCD Properties, LLC<br>c/o Andrew P. Moratzka<br>Mackall, Crounse & Moore, PLC<br>1400 AT&T Tower<br>901 Marquette Avenue<br>Minneapolis MN 55402-2859<br>apm@mcmlaw.com | RiverWood Bank<br>c/o Steven R. Qualley<br>Gammello & Qualley, P.A.<br>14275 Golf Course Drive, #200<br>Baxter MN 56425<br>steveq@gqlaw.net |
| Grant Thornton, LLP<br>c/o Rebecca G. Sluss<br>Oppenheimer, Wolff & Donnelly<br>Plaza VII, Suite 3300<br>45 South Seventh Street<br>Minneapolis MN 55402<br>rsluss@oppenheimer.com | |
| Dennis E. Hecker<br>c/o William F. Mohrman<br>mohrman@mklaw.com | |
| Dennis E. Hecker<br>c/o William R. Skolnick<br>Skolnick & Shiff, P.A.<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN  55402<br>wskolnick@skolnick-shiff.com | |
| Christi M. Rowan<br>c/o William R. Skolnick<br>Skolnick & Shiff, P.A.<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN  55402<br>wskolnick@skolnick-shiff.com | |
| Anchor Bank, fsb<br>c/o Nicholas J. Vivian<br>Eckberg, Lammers, Briggs, Wolff<br>& Vierling, PLLP<br>1809 Northwestern Avenue<br>Stillwater, MN  55082<br>nvivian@eckberglammers.com | |

4571482_1/058978.0002