UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER,**

Debtor.

Case No. 09-50779

Chapter 7

### OBJECTION BY TAMITHA HECKER TO NOTICE OF SALE BY AUCTION OF TRUSTEE DATED SEPTEMBER 22, 2009

Tamitha Hecker ("Ms. Hecker"), through her undersigned counsel, hereby objects to the Notice of Sale By Auction filed by the Chapter 7 Trustee on September 22, 2009 [Doc. 200] (hereinafter referred to as the "Notice").

1. Ms. Hecker is married to the Debtor. She has been married to the Debtor for approximately 15 years.[1] The parties have two minor children. Throughout the course of the marriage, the Debtor and Ms. Hecker acquired personal property, including household goods and furnishings contained in their various homes. Ms. Hecker personally chose various items for the couple's homes.

2. The Debtor sets forth in his bankruptcy schedules that Ms. Hecker has a one-half interest in the household goods and furnishings contained in the various homes. *See* Schedules and Statement of Financial Affairs – Property held for another person.

3. The Trustee is proposing to sell personal property consisting of various items of household goods and furnishings in which Ms. Hecker has an undivided one-half interest. The

---

[1] Ms. Hecker served the Debtor with a petition for dissolution of marriage on or about May 15, 2009. The dissolution is still pending in Hennepin County, Family Court, File No. 27-FA-08-2731. As of this date, Ms. Hecker has not received an award of child support or maintenance.

Trustee is also proposing to sell personal property belonging to the minor children. The Notice does not reflect that Ms. Hecker has an interest in the property, or that the minor children have an interest. It does not preserve Ms. Hecker's interest in the sales proceeds, nor does it provide for a distribution to Ms. Hecker from the proceeds of the sale. The Trustee can take no greater rights in the property than the debtor possessed on the petition date. *Sharp v. Dery*, 253 B.R. 204 (E.D. Mich. 2000). The filing of the bankruptcy petition does not expand or change the debtor's interest in particular assets; it merely changes the party who holds that interest, and the trustee takes the property subject to the same restrictions that existed at the commencement of the case. To the extent an interest is limited in the hands of the debtor, it is equally limited as estate property. Any defense, legal or equitable, which might have been raised against the debtor may be raised against the trustee. *In re Quality Health Care*, 215 B.R. 543 (Bankr. N.D. Ind. 1997). Property of the estate cannot exceed the debtor's interest in the property prior to bankruptcy. *DeNadai v. Preferred Capital Markets, Inc.*, 272 B.R. 21 (D. Mass. 2001). Whatever rights a debtor has in property as of the commencement of the bankruptcy case continues in bankruptcy – no more, no less. *In re marchFIRST, Inc.*, 288 B.R. 526 (Bankr. N.D. Ill. 2002), *aff'd*, 293 B.R. 443 (N.D. Ill. 2003).

    4. Ms. Hecker has not previously objected to the sales noticed by the Trustee because Ms. Hecker had either stipulated with the Trustee as to the sale or the property being sold belonged to the Debtor personally.[2] The reason Ms. Hecker did not object to sales of the property personally owned by the Debtor is based upon legal precedent. As this Court has aptly

---

[2] The Trustee is currently asserting an interest in Ms. Hecker's jewelry that was given to her long before the Debtor became insolvent as well as her personal savings. Some of the jewelry was given to her by the Debtor, third parties, or she owned prior to her marriage to the Debtor.

noted in a case wherein a debtor spouse, in a separately filed case, was seeking an interest in property owned personally by the Debtor:

> The debtors' argument is really the proverbial double-edged sword. A contrary ruling would encourage bankruptcy trustees to pursue the property of non-debtor spouses on the basis that the debtors possess a marital interest in the assets of their spouses. *See In re Hohenberg*, 174 B.R. at 493 (holding that bankruptcy trustee who invoked Tennessee's marital property statute could not 'bootstrap' his claim to reach the separately owned, assets of the debtor's spouse: 'The existence of the term 'marital property' and its concepts do not grant the bankruptcy court authority to divest 'martial property' out of one spouse and place it into the bankruptcy estate).'

*In re Johnson*, 210 B.R. 153, 156 (Bankr. D. Minn. 1997). Ms. Hecker, until now, has felt it unnecessary to object to the proposed sales of property filed by the Trustee based upon prior agreement with the Trustee, or because the property was owned by the Debtor.

5. Ms. Hecker does not object to the actual sale of the items contained in the Notice. However, she does object to the form of the Notice for not providing for her one-half interest in the personal property being sold and for the payment to her from the proceeds, or providing for the interest of the minor children. 11 U.S.C. § 363(j) provides guidance as to the distribution of monies to a non-debtor spouse. It provides: the "[T]rustee shall distribute to the debtor's spouse or the co-owners of such property…the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale."

**WHEREFORE**, Tamitha Hecker respectfully requests that the sale of the personal property contained in the Notice be subject to her interest and the interest of the minor children,

that their interest in the sale proceeds attach to the sale proceeds with the same dignity, priority and extent as existed prior to the sale and that they be paid for their interest from the sales proceeds within ten days after the sale of the personal property.

           MANTY & ASSOCIATES, P.A.

           By    /e/Nauni Jo Manty
           Nauni Jo Manty(230352)
           Timothy J. Pramas (#240321)
           Jacqueline D. Kuiper (389387)
           510 First Avenue North #305
           Minneapolis, MN 55403
           (612) 340-7950
           Facsimile:  (612) 746-0310

Dated:  October 16, 2009

## VERIFICATION

I, Tamitha Hecker, named in the foregoing Objection to the Notice of Sale by Auction, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: October 16, 2009

Signed: _____
Tamitha Hecker

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Dennis E. Hecker,

       Debtor.

BKY 09-50779-RJK

Chapter 7 Case

UNSWORN CERTIFICATE OF SERVICE

     I, Jacqueline D. Kuiper, declare under penalty of perjury that on October 16, 2009, I served copies of the attached ***Objection by Tamitha Hecker to Notice of Sale By Auction of Trustee Dated September 22, 2009,*** and ***Unsworn Certificate of Service*** to the following parties via mail:

Dennis E. Hecker
PO Box 1017
Crosslake, MN 56442

Nicholas J. Vivian
Eckberg, Lammers, Briggs, Wolff &
Vierilng, PLLP
1809 Northwestern Avenue
Stillwater, MN 55082

Trustee Randall L. Seaver
12400 Portland Avenue South
Suite 132
Burnsville, MN 55337

Midwest Motors, LLC
Mackall, Crounse & Moore
c/o William O'Brien
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402

United States Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
USTPRegion12.mn.ecf@usdoj.gov (via ECF)

and via ECF:

| | |
|---|---|
| United States Trustee | USTPRegion12.mn.ecf@usdoj.gov |
| Patti H. Bass | ecf@bass-associates.com |
| Tyler D. Candee | tcandee@lapplibra.com, dwegler@lapplibra.com |
| Bruce H. Carlson | bruce.carlson@mlcfargolaw.com, tricia.fossen@mlcfargolaw.com |
| Monica L. Clark | clark.monica@dorseylaw.com |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Stephen F. Grinnell | stephen.grinnell@gpmlaw.com |

| | |
|---|---|
| Cynthia A. Moyer | cmoyer@fredlaw.com, cthomas@fredlaw.com |
| Douglas W. Kassebaum | dkassebaum@fredlaw.com, scharter@fredlaw.com, bankruptcy@fredlaw.com |
| Andrea M. Hauser | ahauser@losgs.com |
| Gordon B. Conn | conn@kwgc-law.com |
| Matthew R. Burton | mburton@losgs.com |
| Jeffrey D. Klobucar | jklobucar@foleymansfield.com |
| Connie Lahn | connie.lahn@fmjlaw.com, aong.moua@fmjlaw.com |
| Thomas Lallier | tlallier@foleymansfiled.com |
| Joseph W. Lawver | jlawver@messerlikramer.com, mnygaard@messerlikramer.com |
| Kendall L. Bader | kbader@fredlaw.com |
| William R. Skolnick | wskolnick@skolnick-shiff.com |
| Ralph Mitchell | rmitchell@lapplibra.com, jpipp@lapplibra.com |
| Andrew Paul Moratzka | apm@mcmlaw.com, jef@mcmlaw.com, ldj@mcmlaw.com |
| Michael B. Lubic | mlubic@sonnenschein.com |
| Michael W. Malter | michael@bindermalter.com |
| Julie H. Rome-Banks | julie@bindermalter.com |
| Michael L. Meyer | mlmeyer@ravichmeyer.com |
| Robert G. Parish | rparish@faegre.com |
| Jamie R. Pierce | jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com, mpocock@hinshawlaw.com, kmoore@hinshawlaw.com |
| Recovery Management | claims@recoverycorp.com |
| Craig E. Reimer | creimer@mayerbrown.com, samahdi@mayerbrown.com, srozen@mayerbrown.com, hroin@mayerbrown.com |
| David E. Runck | david.runck@fmjlaw.com, aong.moua@fmjlaw.com |
| Brad Sinclair | bsinclair@serklandlaw.com, crohr@serklandlaw.com |
| Rebecca G. Sluss | rsluss@oppenheimer.com |
| Matthew A. Swanson | matthew.swanson@leonard.com, callie.sanford@leonard.com |
| Marilyn J. Washburn | MN_bank@riezmanberger.com, riezmanberger@gmail.com |
| Kathleen K. Statler | kstatler@greeeneespel.com |
| Larry D. Espel | lespel@greeeneespel.com |
| Timothy J. Peters | tpeters@peterslawplc.com |
| Aaron R. Hartman | ahartman@aoblaw.com |
| Nicholas N. Nierengarten | Nicholas.nierengarten@gpmlaw.com |

Executed on:  October 16, 2009         Signed: /e/ Jacqueline D. Kuiper
                                        Jacqueline D. Kuiper, Attorney
                                        Manty & Associates, P.A.
                                        510 First Avenue North, Suite 305
                                        Minneapolis, MN  55403

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**DENNIS E. HECKER,**

Debtor.

Case No. 09-50779

Chapter 7

**ORDER**

This matter came before the Court on the Notice of Sale by Auction of Trustee Dated September 22, 2009 (the "Notice"). Tamitha Hecker objected to the Notice. Appearances were as noted in the record. Based upon the files, records, and arguments of counsel,

**IT IS HEREBY ORDERED**:

1. Tamitha Hecker's Objection to the Notice is hereby sustained.

2. The Trustee is authorized to sell the personal property contained in the Notice, with any interest of Tamitha Hecker and that of her minor children attaching to the proceeds of the sale with the same dignity, priority and extent as existed at the commencement of the case.

3. The Trustee shall pay Tamitha Hecker her one-half interest from the proceeds of the sale within ten days after the sale of the personal property.

Dated: _____

BY THIS COURT:

_____
Robert J. Kressel
U.S. Bankruptcy Judge