UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Case No. BKY 09-50779

Chapter 7 Case

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION FOR TURNOVER OF RECORDS**

**INTRODUCTION**

Debtor Dennis E. Hecker ("Debtor") files this Response (the "Response") to Randall L. Seaver's (the "Trustee's") Motion for Turnover of Records (the "Motion"). In the Motion, the Trustee requests a number of documents and records, many of which relate to Debtor's activities after filing his petition for relief. Those post-filing documents need not and should not be part of the public record related to Debtor's bankruptcy case. The Motion should therefore be conditioned on the issuance of a protective order preventing the Trustee from disclosing information related to Debtor's postpetition business and financial activities to the public and/or any other parties.

**FACTUAL BACKGROUND**

**1.      The Pre-Petition Documents – The Debtor Will Produce All Responsive Pre-Petition Documents**

In the Motion, the Trustee requests the turnover of a number of documents that pertain to Debtor's bankruptcy estate. As to the documents that pre-date the filing, Debtor does not dispute that the Trustee is entitled to the turnover of those records. To the extent that those records exist, Debtor has already assembled, or is in the process of assembling, much of the information that has been requested. Debtor anticipates turning over a number of these documents to the Trustee prior to the hearing on this Motion.

- 1 -

2. **The Post-Petition Records – The Debtor Requests A Protective Order and Is Willing to Produce the Documents**

Each request is either focused solely on post-petition records, or includes as part of the request certain post-petition records. For example, the Trustee asks for documents related to Debtor's new business, New Dimension Advisors, LLC ("New Dimension") for the time period June 1, 2009 through October 1, 2009. *See* Motion, ¶ 6(a), (e), and (f). The Trustee has also requested the turnover of records related to Debtor's businesses for the period after Debtor filed his petition for relief. And the Trustee seeks copies of credit card statements for the post-petition period, travel records for the post-petition period, records reflecting payments to any attorney for the post-petition period, payments to Christi Rowan in the post-petition period, and so on. (collectively with information requested regarding New Dimension, the "Postpetition Records"). *See* Motion ¶ 6(a), (b), (c), (d), (e), (f), (g), (h) and (p).

Debtor is willing to turn those records over to the Trustee on the condition that turnover of the Postpetition Records is conditioned on the issuance of a protective order preventing the Trustee from disclosing or discussing them with other parties or the public.

## LEGAL ANALYSIS

I. **BANKRUPTCY COURTS OFTEN PLACE CONDITIONS ON THE TURNOVER OF RECORDS.**

Pursuant to section 542(e) of the Bankruptcy Code, after notice and hearing, a court may "order an attorney, accountant, or other person that holds recorded information . . . relating to the debtor's property of financial affairs, to turn over or disclose such recorded information." 11 U.S.C. § 542(e). This section is "directed to persons holding recorded information that is not property of the estate but is otherwise relevant to the debtor's property or financial affairs." *Faulkner v. Kornman* (*In re The Heritage Org., L.L.C.*), 350 B.R. 733, 737 (Bankr. N.D. Tex.

2006). It is not uncommon for bankruptcy courts to place conditions on the use of records turned over pursuant to section 542(e). *See*, *e.g. In re The Terraces Subdivision, L.L.C.*, 2007 WL 4287742 (Bankr. D. Alaska) (conditioning turnover of AutoCAD files on limiting the parties who could view them).

## II.  A COURT MAY ISSUE A PROTECTIVE ORDER FOR CAUSE.

A court may issue a protective order for "good cause." Fed. R. Bankr. P. 7026(c)(1).[1] Pursuant to Fed. R. Bankr. P. 7026(c)(1)(D), a court may protect a party by "limiting the scope of disclosure . . . ." A good cause showing "requires . . . that disclosure of the information will cause a clearly defined and serious injury." *In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996). In evaluating whether "serious injury" will occur, courts generally consider the following factors: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose; (3) whether disclosure will embarrass a party; (4) whether the information being sought is important to public health and safety; (5) whether the sharing of information will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; (7) whether the case involves issues important to the public; and (8) a balancing of private versus public interests. *Glenmede Trust Company v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995).

---

[1] While this Motion does not arise in the context of an adversary proceeding, Rule 7026 applies nonetheless. Rule 2020 states that a "proceeding to contest any act or failure to act by the United States trustee is governed by Rule 9014," which governs contested matters. Rule 9014(c) provides that Rule 7026 applies to contested matters. Although Rule 9014(c) states that certain aspects of Fed. R. Civ. P. 26, as incorporated by Rule 7026, do not apply to contested matters, Rule 7026(c) is not one of the sections designated. Hence, Rule 7026(c) applies to this proceeding.

### III. CONSIDERATION OF THE ABOVE-FACTORS DEMONSTRATES THAT A PROTECTIVE ORDER IS APPROPRIATE.

#### A. Disclosure of Postpetition Records will Violate Debtor's Privacy Interest.

Many of the records sought by the Trustee relate to Debtor's postpetition business, financial, and other activities. This information is sensitive, and Debtor has an interest in keeping the records private. While debtors are required to disclose certain information that is typically private, that information is generally <u>pre</u>petition information. With regard to <u>post</u>petition information, debtors are not required to sacrifice their interest in keeping that information and those records private. Hence, this factor supports granting the protective order.

#### B. The Basis for the Request for the Postpetition Records May Be Legitimate, but the Trustee Does Not Need to Share That Information with Other Parties or the Public.

Setting aside whether the Postpetition Records will aid the Trustee in administering the bankruptcy estate, the Trustee does not need to share the Postpetition records with other parties or the public in order to administer the estate. Hence, although the information may be sought for a legitimate purpose, the Trustee has no legitimate reason to share this information with other parties or the public. This factor therefore supports granting a protective order.

#### C. Disclosure of the Postpetition Records Could Generate Unnecessary Publicity.

The third factor is whether disclosure would embarrass a party. While embarrassment for a party is not likely, it is undisputed that this case is generated an inordinate amount of publicity. That publicity may have the unintended consequence of harming certain non-parties (for instance, the Debtor's minor children). The Postpetition Records are private and related to his personal life and business prospects going forward out of bankruptcy. It should be protected.

### D. Protecting the Postpetition Records Will Not Hinder Either Fairness Or Efficiency.

Sharing the Postpetition Records with the Trustee will promote fairness and efficiency in administering the bankruptcy estate. Fairness and efficiency will not be promoted, however, by the Trustee sharing the Postpetition Records with other parties or the public. This factor therefore supports granting a protective order.

### E. Balancing Private and Public Interests Favors Protecting the Postpetition Records.

The Bankruptcy Code favors disclosure of information relevant to the bankruptcy estate. The Postpetition Records, however, relate to Debtor's new business operations and his financial activities postpetition. This information does not need to be disclosed to third parties or the public in order to properly administer Debtor's bankruptcy estate. Disclosure of the Postpetition Records to other parties and/or the public could have unforeseen consequences. As noted above, Debtor's bankruptcy case has been the subject of much publicity. Debtor is involved in a high profile divorce proceeding and is the subject of a grand jury investigation. To prevent any unforeseen consequences that might result from the disclosure of the Postpetition Records, this Court should issue a protective order preventing the Trustee from sharing the information with other parties or the public.

### F. The Remaining Factors are Either Neutral or Not Significant

The remaining factors merit granting issuing a protective order. The information sought by Debtor does not relate to public health or safety. Further, although the public has an interest in transparency when it comes to court proceedings, Debtor's bankruptcy case is of primary importance to him personally.

In sum, the above factors demonstrate that cause exists for issuance of a protective order. The Trustee's Motion should therefore be conditioned on issuance of a protective order preventing the Trustee from discussing or disclosing the contents of the Postpetition Records to other parties.

## CONCLUSION

Pursuant to Local Rule 9013-2(b), this Response is accompanied by a Proposed Order and proof of service.

WHEREFORE, Debtor respectfully requests that the Court enter an order: (a) that conditions the granting of the Trustee's Motion on the issuance of a protective order; and (b) granting such other and further relief as the Court deems just and equitable.

Dated: October 16, 2009

FREDRIKSON & BYRON, P.A.

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Cynthia A. Moyer (#211229)
Kendall L. Bader (#389001)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077

SKOLNICK & SHIFF, P.A.

*/s/ William R. Skolnick*
William R. Skolnick
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, Minnesota 55402
Phone (612) 677-7600
Fax (612) 677-7601

ATTORNEYS FOR DEBTOR

4634427_2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,   Case No. BKY 09-50779

Debtor.   Chapter 7 Case

**CERTIFICATE OF SERVICE**

      Kendall L. Bader, under penalty of perjury, states that on October 16, 2009, he caused to be served the following:

1. Debtor's Response to Chapter 7 Trustee's Motion for Turnover of Records;

2. Order on Trustee's Motion for Turnover of Records; and

3. Certificate of Service

by sending true and correct copies to the parties on the attached service list.

Dated: October 16, 2009   */s/ Kendall L. Bader*
                                                                           Kendall L. Bader

4628532_1.DOC

Dennis E. Hecker
Service List
Bky No. 09-50779

| | | |
|---|---|---|
| **SERVICE VIA ECF** | Hyundai Capital America<br>c/o Connie A. Lahn<br>David E. Runck<br>Seth Leventhal<br>Fafinski Mark & Johnson, PA<br>400 Flagship Corporate Center<br>775 Prairie Center Drive<br>Eden Prairie, MN  55344<br>connie.lahn@fmjlaw.com<br>david.runck@fmjlaw.com<br>seth.leventhal@fmjlaw.com | JPMorgan Chase Bank, N.A.<br>c/o Matthew A. Swanson<br>Leonard, Street and Deinard, PA<br>2300 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis MN 55402<br>matthew.swanson@leonard.com |
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>ustpregion12.mn.ecf@usdoj.gov | | Toyota Financial Savings Bank<br>Toyota Motor Credit Corporation<br>c/o Michael L. Meyer<br>Ravich Meyer Kirkman McGrath<br>Nauman & Tansey, P.A.<br>4545 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN  55402<br>mlmeyer@ravichmeyer.com |
| Randall L. Seaver<br>U.S. Trustee<br>Portland Corporate Center<br>12400 Portland Avenue South, #132<br>Burnsville, MN  55337<br>rlseaver@fullerseaverramette.com | Tamitha Hecker<br>c/o Nauni Jo Manty<br>Manty & Associates, P.A.<br>510 First Avenue North, #305<br>Minneapolis, MN  55403<br>ecf@mantylaw.com | |
| Randall L. Seaver<br>c/o Matthew R. Burton<br>Andrea M. Hauser<br>Leonard, O'Brien, Spencer, Gale & Sayre<br>100 South Fifth Street, #2500<br>Minneapolis MN 55402<br>mburton@losgs.com<br>ahauser@losgs.com | United States Rent A Car and Maria Romano<br>c/o Jamie R. Pierce<br>Hinshaw & Culbertson, LLP<br>333 South Seventh Street, #2000<br>Minneapolis, MN  55402<br>jpierce@hinshawlaw.com | GE Money Bank<br>c/o Recovery Management Systems Corp.<br>Attn:  Ramesh Singh<br>25 S.E. Second Avenue, #1120<br>Miami, FL  33131-1605<br>claims@recoverycorp.com |
| Randall L. Seaver<br>c/o Gordon B. Conn Jr.<br>Kalina, Wills, Gisvold & Clark & PLLP<br>6160 Summit Drive, Suite 560<br>Minneapolis MN 55430<br>conn@kwgc-law.com | Chrysler Financial Services Americas, LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Stephen F. Grinnell<br>Nicholas N. Nierengarten<br>Gray, Plant, Mooty, Mooty & Bennett, P.A.<br>500 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN  55402<br>stephen.grinnell@gpmlaw.com<br>nicholas.nierengarten@gpmlaw.com | HSBC Bank Nevada, N.A.<br>c/o Patti H. Bass<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, #200<br>Tucson, AZ  85712-1083<br>ecf@bass-associates.com |
| | | Associated Bank<br>c/o Joseph W. Lawver<br>Messerli & Kramer P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis MN 55402-1217<br>jlawver@messerlikramer.com |
| Randall L. Seaver<br>c/o Tyler D. Candee<br>Ralph Mitchell<br>Lapp, Libra, Thomson, Stoebner & Pusch<br>2500 One Financial Plaza<br>120 South Sixth Street<br>Minneapolis MN 55402<br>tcandee@lapplibra.com<br>rmitchell@lapplibra.com | | VISIONBank<br>c/o Bruce H. Carlson<br>David L. Johnson<br>McNair, Larson & Carlson, Ltd.<br>51 Broadway, #600<br>Fargo, ND  58102<br>bruce.carlson@mlcfargolaw.com<br>david.johnson@mlcfargolaw.com |
| U.S. Bank National Association<br>c/o Monica Clark<br>Dorsey & Whitney, LLP<br>50 South Sixth Street, #1500<br>Minneapolis, MN  55402-1498<br>clark.monica@dorseylaw.com | Chrysler Financial Services Americas LLC, f/k/a DaimlerChrysler Financial Services Americas, LLC<br>c/o Craig E. Reimer<br>Mayer Brown, LLP<br>71 South Wacker Drive<br>Chicago, IL  60606<br>creimer@mayerbrown.com | Blackstone Financial, LLC<br>c/o Brad A. Sinclair<br>Serkland Law Firm<br>10 Roberts Street<br>P.O. Box 6017<br>Fargo, ND  58108-6017<br>bsinclair@serklandlaw.com |
| U.S. Bank National Association<br>c/o Eric J. Sherburne<br>Stein & Moore, P.A.<br>The First National Bank Building<br>332 Minnesota St, Ste W-1650<br>St. Paul MN 55101<br>esherburne@steinmoore.com | Crown Bank<br>c/o Thomas J. Lallier<br>Jeffrey D. Klobucar<br>Foley & Mansfield, P.L.L.P.<br>250 Marquette Avenue, #1200<br>Minneapolis MN 55401<br>tlallier@foleymansfield.com<br>jklobucar@foleymansfield.com | |

Dennis E. Hecker
Service List
Bky No. 09-50779

| | |
|---|---|
| TCF National Bank<br>c/o Robert G. Parish<br>Faegre & Benson, LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402-3901<br>rparish@faegre.com | Toyota Motor Credit Corporation<br>c/o Timothy J. Peters<br>Peters Law Firm, PLC<br>2116 Second Avenue South<br>Minneapolis, MN  55404-2606<br>tpeters@peterslawplc.com |
| Alliance Bank<br>c/o Kathleen K. Statler<br>Larry D. Espel<br>Greene Espel PLLP<br>200 South Sixth Street, #1200<br>Minneapolis, MN  55402<br>kstatler@greeneespel.com<br>lespel@greeneespel.com | Carlton Financial Corporation<br>c/o Joshua A. Hasko<br>Messerli & Kramer P.A.<br>1400 Fifth Street Towers<br>100 South Fifth Street<br>Minneapolis MN 55402-1217<br>jhasko@messerlikramer.com |
| LKMCD Properties, LLC<br>c/o Andrew P. Moratzka<br>Mackall, Crounse & Moore, PLC<br>1400 AT&T Tower<br>901 Marquette Avenue<br>Minneapolis MN 55402-2859<br>apm@mcmlaw.com | RiverWood Bank<br>c/o Steven R. Qualley<br>Gammello & Qualley, P.A.<br>14275 Golf Course Drive, #200<br>Baxter MN 56425<br>steveq@gqlaw.net |
| Grant Thornton, LLP<br>c/o Rebecca G. Sluss<br>Oppenheimer, Wolff & Donnelly<br>Plaza VII, Suite 3300<br>45 South Seventh Street<br>Minneapolis MN 55402<br>rsluss@oppenheimer.com | Beal Bank Nevada<br>c/o Aaron R. Hartman<br>Anthony Ostlund Baer & Louwagie P.A.<br>3600 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN  55402<br>ahartman@aoblaw.com |
| Dennis E. Hecker<br>c/o William R. Skolnick<br>Skolnick & Shiff, P.A.<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN  55402<br>wskolnick@skolnick-shiff.com | |
| Christi M. Rowan<br>c/o William R. Skolnick<br>Skolnick & Shiff, P.A.<br>2100 Rand Tower<br>527 Marquette Avenue South<br>Minneapolis, MN  55402<br>wskolnick@skolnick-shiff.com | |
| Anchor Bank, fsb<br>c/o Nicholas J. Vivian<br>Eckberg, Lammers, Briggs, Wolff & Vierling, PLLP<br>1809 Northwestern Avenue<br>Stillwater, MN  55082<br>nvivian@eckberglammers.com | |

4571482_1/058978.0002

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Case No. BKY 09-50779
Chapter 7 Case

**ORDER ON TRUSTEE'S MOTION FOR TURNOVER OF RECORDS**

Randall Seaver's (the "Trustee's") Motion for Turnover of Records (the "Motion") came on for a hearing before the undersigned United States Bankruptcy Judge. Appearances are noted on the record. All capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Motion.

Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, and the Court's findings of fact and conclusions of law, if any, have been stated orally and recorded in open court following the close of argument:

IT IS HEREBY ORDERED:

1. Within thirty (30) days of the entry of this Order, Debtor shall make available to the Trustee the records sought in the Motion, to the extent that those records exist and subject to the provisions of the following Protective Order.

The Court hereby enters the following Protective Order:

2. As used in this Protective Order, these terms have the following meanings:

a. "Attorneys" means counsel of record.

b. "Confidential" means documents or deposition testimony designated as Confidential under Paragraph 3 below. A party may properly designate as Confidential any document, deposition testimony, answer to interrogatory or answer to request for admission that constitutes or discloses information relating to commissions. In addition, a party may properly

redact account information, customer information including customer names, addresses, social security numbers, and personal health information. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential. The parties shall endeavor to not designate materials as Confidential to the extent the information contained therein is otherwise publicly available.

  c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

  d. "Written Assurance" means an executed document in the form attached as Exhibit A.

  3. By visibly marking a document "Confidential" a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends meets the above definitions of "Confidential" materials.

  4. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 5.

  5. Access to any Confidential document shall be limited to:

   (a) the Court and its officers;

   (b) Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

   (c) persons shown on the face of the document to have authored or received it;

   (d) court reporters retained to transcribe testimony;

2

   (e)  The U.S. Trustee, and Randall Seaver, the Chapter 7 Trustee for this case;

   (f)  outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services and/or to give testimony in this action.

 6. Third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

 7. Each person appropriately designated pursuant to paragraphs 5(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least ten (10) days prior to disclosure to any person listed in paragraph 5(f) of documents designated as "Confidential." Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within ten (10) days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

 8. Any party who inadvertently fails to identify documents as "Confidential" shall provide written notice of the error and substituted copies of the inadvertently produced documents. Upon receipt of such notice, any party receiving inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" the parties may seek further protections against public disclosure from the Court.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within sixty days of the termination of this action, including any appeals, each party shall return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. A certification shall be forwarded as to such return and destruction as contemplated herein within the thirty-day period. The parties' outside counsel shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

13. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by this Protective Order shall survive the termination of this action. Within sixty (60) days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" or "Attorneys Eyes Only" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Dated: _____           _____
                                        Robert J. Kressel
                                        United States Bankruptcy Judge

5

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____,

county _____, state of _____;

I am currently employed by _____ located at

_____ and my current job title

is _____.

I have read and believe I understand the terms of the Protective Order dated

_____ , filed in Bankruptcy Case No. 09-50779, pending in the United States Bankruptcy Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty (30) days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States Bankruptcy Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 200___.

_____

4634860_1