UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                                                    BKY No. 09-50779

Dennis E. Hecker,                                                                                Chapter 7

                    Debtor.

_____

### TRUSTEE'S REPLY MEMORANDUM
### REGARDING TURNOVER OF RECORDS

The Chapter 7 Trustee, Randall Seaver ("**Trustee**") in carrying out his duties as a Chapter 7 trustee, has requested the turnover of records from Debtor Dennis E. Hecker ("**Debtor**"), some of which relate to postpetition activity. The Debtor does not appear to oppose the production of the records. However, the Debtor desires to impose restrictions on the Trustee's use of the same. The Trustee opposes any restrictions on the records received pursuant to the present motion. Allowing the Debtor to call the shots in the Trustee's investigation places restrictions on the Trustee which are inimical toward a meaningful investigation.

### ARGUMENT

It is no secret that the Debtor continues to live a lifestyle that would be foreign to just about any other recently-filed chapter 7 debtor. Recent disclosures made in this case about postpetition spending include travel to Hawaii and Las Vegas, negotiations to buy a multimillion dollar home and an offer to buy assets of the estate for $40,000.00. The Debtor has had a legion of attorneys representing him, or his interests, since he filed bankruptcy.[1] Each chapter 7 trustee is charged with investigating a debtor's financial affairs. In this case, the Debtor's past and

---

[1] At least three attorneys with Fredrikson & Byron have represented the Debtor. William Mohrman has also appeared in matters, including the first meeting of creditors. Of late, attorneys with Skolnick & Shiff have appeared for the Debtor in this case, as well as representing Debtor in his divorce and Christi Rowan, Debtor's girlfriend, in this case.

present conduct indicate that not only is an investigation merited, but that it should be comprehensive. The Debtor desires to neuter the investigation by way of his objection.

It does not appear that the Debtor is objecting to the actual production of all of the requested information to the Trustee. Instead, the Debtor wishes to place conditions upon the Trustee's use of the information. The Trustee opposes the imposition of any conditions. Further, the Trustee does not believe that the Debtor's 8-part analysis has any relevance to this proceeding.[2] The issue before the Court is statutory. Each the Debtor and the Trustee have duties under the Bankruptcy Code (which does not contain a measuring test). "Debtors have a mandatory duty to relinquish such records to a Chapter 7 trustee without the need for any formal discovery request, motion, hearing or order." *In re Farmer*, 237 B.R. 210 (Bankr. M.D. Fla. 1999), citing, 11 U.S.C. §521(4); *Goldberg v. Lawrence (In re Lawrence)*, 227 B.R. 907, 914 (Bankr. S.D. Fla. 1998) (referring to financial books and records).

A Debtor's postpetition conduct is often very relevant to a Trustee's investigation and Debtor's are often required to disclose postpetition information. As an example, all debtors are required to produce bank statements which include the date of filing at their first meeting of creditors. Most chapter 7 trustees routinely ask for more information including the next year's tax return. The Trustee is unaware of any debtor ever before, in this district, seeking to bar or limit a trustee's use of the information. Further, this Debtor's prepetition activities and postpetition are inextricably intertwined.[3]

Once the Trustee possesses the information that he is entitled to receive, he is entitled to utilize the same as he sees fit. For instance, records produced by the Debtor could be used in a third party's 2004 examination or by the Trustee in consulting with others with knowledge about

---

[2] Debtor has not filed a motion for a protective order nor would any such motion be appropriate.
[3] For instance, with each of the two dealerships being sold postpetition, Debtor is proposed to receive millions of dollars based on his prepetition standing. Each of the two deals has been negotiated by the Debtor.

2

the Debtor's financial affairs. To allow the Debtor to place restrictions on the Trustee's use is to allow the Debtor to copilot the investigation.

## CONCLUSION

There is nothing about this case which would excuse either the Debtor or the Trustee from performing their duties. The Debtor's objection is aimed at limiting the Trustee's abilities under the guise of protecting the Debtor. One of the fundamental concepts of bankruptcy law is the concept that full and adequate disclosure is the "price" the debtor in bankruptcy pays for the benefit of discharge. *In re Hammond*, 140 B.R. 197, 202 (Bankr. S.D. Ohio 1992), citing, *In re Sinder*, 102 B.R. 978, 988-89 (Bankr. S.D. Ohio 1989); *In re Halliwell*, 130 B.R. 508, 509 (Bankr. S.D. Ohio 1991). As such, the Trustee's motion should be granted over the Debtor's objection.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: October 19, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

410931

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I hereby certify that on October 19, 2009, I caused the following documents:

*Trustee's Reply Memorandum Regarding Turnover of Records*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).


/e/ Stephanie Wood

Dated: October 19, 2009  _____

Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

410979