UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          BKY No.: 09-50779

Dennis E. Hecker,                                               Chapter 7

Debtor.

### AFFIDAVIT OF MATTHEW R. BURTON

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

Your Affiant, being first duly sworn, deposes and states as follows:

1. I am counsel for Randall L. Seaver, the Chapter 7 Trustee herein.

2. Attached hereto as Exhibit A is a true and correct copy of the corrected Settlement Agreement without exhibits with respect to the Trustee's Motion for Approval of Settlement Agreement. I inadvertently attached an earlier draft to the signature pages prior to filing with the Court.

3. The attached Agreement is, in fact, the Agreement the parties agreed upon.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: October 23, 2009

_____
Matthew R. Burton

Subscribed and sworn to before me
this 23rd day of October, 2009.

_____
Notary Public
411234



STEPHANIE L. WOOD
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Agreement**") is entered into between Randall L. Seaver, Trustee ("**Trustee**"), Paul M. Walser ("**Walser**") and Dennis E. Hecker ("**Debtor**") and their respective successors and assigns (collectively referred to as the "**Parties**").

WHEREAS, Debtor has been negotiating the sale of the assets of Brainerd Imports LLC which operated Denny Hecker's Toyota Scion of Baxter/Brainerd (the "**Dealership**").

WHEREAS, the dealership, financed largely by Toyota Motor Sales, U.S.A., Inc. ("**Toyota**") has been closed since on or about September 5, 2009.

WHEREAS, Walser has been approved by Toyota to purchase the assets of the Dealership, as well as the real estate owned by Jacob Holdings of Baxter LLC ("**JHB**").

WHEREAS, Walser, the Dealership, JHB and the Debtor executed an "Asset Purchase Agreement" ("**APA**") dated September 14, 2009 together with a Consulting Agreement ("**CA**") and an entity owned by Walser ("**Real Estate Buyer**") and Jacob Holdings of Baxter LLC ("**JHB**") which owns the real estate where the Dealership operates signed a Real Estate Purchase Agreement ("**RPA**"), each of which are attached hereto as Exhibits A though C, respectively.

WHEREAS, the APA and the remainder of the transaction documents require the consent of the Trustee for a closing to occur.

WHEREAS, Toyota has set a deadline of October 22, 2009 for a transaction to close and the parties are working on extending the same.

WHEREAS, if the closing does not occur, the parties hereto will lose whatever value is possessed by the Dealership.

NOW, THEREFORE, in consideration of the foregoing recitals, the covenants undertaken herein and for other good and valuable consideration, the parties make the following:

# EXHIBIT A

## AGREEMENT

1. The Trustee hereby authorizes and consents to the closing of the APA, and consents to the Debtor's execution and delivery of any ancillary agreements or corporate authorizations as the Chief Manager of the Dealership and JHB as may be necessary or appropriate to effectuate the terms of the APA and the closing on the sale of the property thereunder by the Dealership to Walser, together with the CA and RPA subject to the following conditions:

   a. From the CA, the Trustee shall receive $100,000.00 at closing together with one half of all payments received by the Debtor pursuant to the CA until the Trustee has received a total of $300,000.00.

   b. Debtor agrees that $40,000.00 of the proceeds of the APA pursuant to Section 4.2(iii) of the APA shall be used to complete Debtor's tax returns for 2008, 2009 and prior years and shall be delivered to the Trustee at the closing for such purpose. Trustee agrees the remaining $60,000 of the proceeds of the APA pursuant to Section 4.2(iii) of the APA shall be paid at closing to William Skolnick or his law firm for legal services.

   c. The Trustee shall be granted a first priority, perfected security interest in the payments under the CA to protect the bankruptcy estate's interest to secure Hecker's obligation under par. 1(a).

2. The undersigned, by execution hereof, state that they have reviewed this Agreement with their respective legal counsel, if any, and that they understand and fully agree to each, all, and every provision hereof, and hereby acknowledge receiving a copy hereof.

3. This Agreement shall be construed under the laws of the State of Minnesota and is subject to approval of the United States Bankruptcy Court.

4. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives and their respective legal counsel.

5. This Agreement is valid if executed in counterparts which if read together constitute a fully executed Agreement.

6. Walser may satisfy his obligations under the CA by making equal monthly payments to Randall L. Seaver, Trustee, and to the Debtor. The checks shall be delivered to:

Randall L. Seaver, Trustee                Dennis E. Hecker
12400 Portland Ave. S., Ste 132           500 Ford Rd.
Burnsville, MN 55337                      Minneapolis, MN 55426

7. In the event that CA obligation payments become subject of legal process (i.e., garnishment, attachment, etc.), Walser will not be required to make any payments absent court order.

8. The bankruptcy estate and Hecker release Walser for any and all claims arising under or in connection with the negotiation and closing of this sale, and the consummation of the transactions contemplated thereunder, other than the obligations of Walser to be performed under the APA and CA.

9. The Trustee's consent to this settlement agreement remains subject to the approval of his accounting professional.

[Signatures appear on the following page.]

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement as of the latest date on which this Agreement has been executed by all of the parties as set forth below.

Dated: 10-22, 2009        By _____
                              Randall L. Seaver, Trustee

Dated: 10/22, 2009        By _____
                              Dennis E. Hecker

Dated: _____, 2009   By _____
                              Paul M. Walser

4

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement as of the latest date on which this Agreement has been executed by all of the parties as set forth below.

Dated: _____, 2009     By_____
                                        Randall L. Seaver, Trustee

Dated: _____, 2009     By_____
                                        Dennis E. Hecker

Dated: __10/22_____, 2009     By_____
                                        Paul M. Walser

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---------------------------------------------

In re:

Dennis E. Hecker,

        Debtor.

---------------------------------------------

BKY No. 09-50779

Chapter 7

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2009, I caused the following documents:

    *Affidavit of Matthew R. Burton*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).


Dated:  October 23, 2009

                                    /e/  Stephanie Wood
                          _____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
(612) 332-1030

411248