IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | ) Case No. 09-50779 |
| --- | --- |
|  | ) |
| Dennis E. Hecker, | ) Chapter 7 |
|  | ) |
| Debtor. | ) Hon. Robert J. Kressel |
|  | ) |

**STIPULATION REGARDING DISTRIBUTION OF PROCEEDS**

This Stipulation is made by and among Crown Bank ("Crown"), Randall L. Seaver, as trustee (the "Trustee") of the bankruptcy estate of Dennis E. Hecker ("Debtor") and Chrysler Financial Services Americas LLC ("Chrysler Financial"), each acting by and through its undersigned counsel.

## RECITALS

A.  The Debtor is indebted to Crown pursuant to (i) that certain promissory note dated January 30, 2009 in the original principal amount of $950,000 (the "Marina Note"), together with all accrued and accruing interest and other charges provided for therein, and (ii) that certain guaranty (the "Guaranty") dated July 27, 2007 of debts owed to Crown by Jacob Holdings of Edgewood, LLC ("JH Edgewood"), including without limitation amounts owing under JH Edgewood's promissory note dated July 27, 2007 in the original principal amount of $500,000 (the "Real Estate Note").

B.  As security for his obligations under the Marina Note and the Guaranty, the Debtor granted to Crown a security interest in his membership interests in Bayport Marina Association, Inc. and certain member boat slip lease agreements associated with those membership interests (collectively, the "Marina Interests") pursuant to a certain security agreement dated January 30, 2009. Crown perfected its security interest in the

Marina Interests by taking possession of the certificates evidencing the Debtor's membership interests. As security for its obligations under the Real Estate Note, JH Edgewood granted to Crown a mortgage on certain real property located in Baxter, Minnesota (the "Baxter Property").

C. The Debtor is indebted to Chrysler Financial in an amount exceeding $360 million pursuant to, *inter alia*, a certain master loan and security agreement by and among Chrysler Financial, the Debtor and parties affiliated with the Debtor (the "MLSA"). Pursuant to the MLSA, Chrysler Financial holds a security interest in essentially all of the Debtor's personal property, including, without limitation, investment property and general intangibles, and all proceeds of such collateral. Chrysler Financial perfected its security interest by filing a financing statement with the Minnesota Secretary of State on January 28, 2009.

D. On approximately September 10, 2009, the Trustee sold the Marina Interests for the sum of $1.1 million (the "Marina Proceeds"). Pursuant to the Bankruptcy Court's order authorizing the Trustee's sale, the Marina Proceeds remain subject to the security interests of Crown and Chrysler Financial with the same dignity, priority and effect as existed prior to the commencement of the Debtor's bankruptcy case.

E. By motion dated September 25, 2009, Crown sought relief from the automatic stay to foreclose its security interest in the Marina Proceeds.

F. Chrysler Financial and the Trustee have asserted that Crown should be required to marshal its collateral and apply the value associated with the Baxter Property to the Debtor's debt to Crown before applying the Marina Proceeds. Crown disputes that it has any such obligation.

2

G.  By this Stipulation, Crown, Chrysler Financial and the Trustee desire to set forth their agreement with respect to the disposition and application of the Marina Proceeds, and the disposition and application of any proceeds of sale or other disposition of the Baxter Property occurring in the future.

ACCORDINGLY, Crown, Chrysler Financial and the Trustee stipulate and agree as follows:

## AGREEMENT

1.  <u>Trustee Carveout</u>.  The Trustee shall retain, for the benefit of the Debtor's estate, $50,000, which sum shall be free and clear of any lien or security interest claimed by Crown or Chrysler Financial (the "Carveout").  The source of the Carveout shall be determined in accordance with the provisions of paragraphs 2 and 3 below.

2.  <u>Distribution and Application of Marina Proceeds</u>.  Initially, the Carveout shall be comprised of the first $50,000 of Marina Proceeds.  After reservation of the Carveout, the Trustee shall distribute so much of the Marina Proceeds as is necessary to pay in full amounts due Crown under the Marina Note.  The balance of the Marina Proceeds shall be retained by the Trustee and shall remain subject to the liens and security interests of Crown and Chrysler Financial.

3.  <u>Disposition of Baxter Property and Distribution of Proceeds</u>.  The parties agree that they will cooperate in efforts to sell the Baxter Property under circumstances that will maximize its realizable value.  In aid of such efforts, Crown agrees that it will not commence any action or proceeding to foreclose its mortgage on the Baxter Property before February 1, 2010.  The parties agree that upon any sale or other disposition of the Baxter Property, including any disposition following foreclosure of the Crown mortgage,

net proceeds of such disposition in excess of amounts due Crown under the Real Estate Note shall be applied to the Carveout. To the extent of such application, Marina Proceeds previously applied to the Carveout shall be deemed to constitute Marina Proceeds subject to Chrysler Financial's security interest and shall be paid by the Trustee to Chrysler Financial. In the event proceeds of the disposition of the Baxter Property exceed both the amount due Crown under the Real Estate Note and the Carveout, such proceeds shall be deemed to have been applied first to the Marina Note, and an amount equal to the Marina Proceeds previously applied to the Marina Note shall be paid by Crown and/or the Trustee to Chrysler Financial. To the extent the proceeds of disposition of the Baxter Property are insufficient to pay the Real Estate Note in full, the remaining Marina Proceeds in excess of the Carveout shall be paid first to Crown up to the amount of its remaining debt, and then to Chrysler Financial. Trustee agrees he will not raise any objection as to this disposition or distribution.

4. <u>Accounting for and Payment of Excess Proceeds Following Foreclosure</u>. In the event Crown forecloses its mortgage on the Baxter Property, it shall account to Chrysler Financial and the Trustee with respect to any disposition of the Baxter Property following such foreclosure and, pursuant to paragraph 2 above, shall pay over to Chrysler Financial any amount by which the sum of the Marina Proceeds and proceeds of the Baxter Property it has received exceed the total amounts due under the Marina Note, the Real Estate Note, and the Carveout.

5. <u>Termination of Automatic Stay</u>. The automatic stay shall be terminated as to Crown and Chrysler Financial as necessary to effectuate the applications and payments contemplated herein.

Dated: October 29, 2009      CROWN BANK


By /s/ *John Lindquist*
Its: Senior Vice President


Dated: October 29, 2009      LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.


By: /s/ *Matthew R. Burton*

Attorneys for Trustee


Dated: October 29, 2009      GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.


By: /s/ *Stephen F. Grinnell*

Attorneys for Defendant Chrysler Financial Services Americas LLC

## AFFIDAVIT OF SERVICE VIA ECF & U.S. MAIL

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

      Susan A. Doherty, of the City of Brooklyn Park, County of Hennepin, State of Minnesota, being duly sworn on oath, deposes and states that on October 30, 2009, she served via ECF and U.S. mail a Stipulation Regarding Distribution of Proceeds upon:

**Michael E. Ridgway**
U.S. Trustee Office
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415


**Sarah J Wencil**
US Trustee Office
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Steven B Nosek**
2855 Anthony Ln S
Ste 201
St Anthony, MN 55418
Attorney for Debtor

**Mathew Burton**
Leonard, O'Brien, Spencer, Gale
Attorney for Trustee

**Stephen F. Grinnell**
Gray, Plant, Mooty, Mooty & Bennett, P.A.
Attorneys for Defendant Chrysler Financial


via the District of Minnesota Bankruptcy ECF and by enclosing the same in an envelope with first-class mail, postage prepaid, and depositing same in the post office at Minneapolis, Minnesota.

                                        Susan A. Doherty

Subscribed and sworn to before me
on October 30, 2009.

_____
Notary Public

AMY S. NELSON
Notary Public
Minnesota
My Commission Expires January 31, 2011