# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                                                   BKY No. 09-50779

                                                                                                                             Chapter 7

        Debtor.

## NOTICE OF HEARING AND MOTION
## FOR CONTEMPT OF COURT

TO:     Parties specified in Local Rule 9013-3.

## **NOTICE OF HEARING**

      1.      Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**"), by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing herewith.

      2.      The Court will hold a hearing on this Motion at 10:30 a.m. on December 2, 2009, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel can be heard.

      3.      Any response to this motion must be filed and delivered no later than November 27, 2009 which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than November 20, 2009, which is seven (7) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## MOTION

4. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This Motion is filed under Local Rule 9013-2. The petition commencing this Chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. §105(a) and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure. Movant requests relief with respect to the failure of Christi Rowan ("**Rowan**") to comply with the Court's Order of October 21, 2009 ("**Order**") directing Rowan to pay all post-petition rents due under a lease at 1615 North Ridge Drive, Medina, MN to the Trustee and to remain current on said lease. A copy of the Order is attached hereto as Exhibit A.

6. Since entry of the Order, Rowan has not made a payment of any amount to the Trustee. It would appear that, by the time of the hearing on this motion, rent would be due for July through December at the rate of $5,000.00 per month, or $30,000.00.[1]

7. The Trustee expects that he will incur attorney's fees of not less than $660.00 in propounding this motion.

8. If required, the Trustee gives notice that he may testify at the hearing of this matter.

**WHEREFORE**, the Trustee requests that this Court find Rowan in civil contempt and that the Court:

1. Direct Rowan to comply with the October 21, 2009 Order within twenty four (24) hours of the Court's order finding Rowan in contempt;

2. Award the Trustee his costs and fees incurred in bringing this motion; and,

---

[1] Rowan filed an affidavit on September 4, 2009 [Docket item 164] which contains a copy of the lease.

3. For such other relief the Court deems just and proper under the circumstances.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

Dated: November 13, 2009

By: /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

## VERIFICATION

    I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, named in the foregoing Notice of Hearing and Motion for Contempt of Court, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

                                                                      /e/ Randall L. Seaver

Dated: November 13, 2009                                    _____
                                                                       Randall L. Seaver

412353

4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                          BKY No. 09-50779

Dennis E. Hecker,                               Chapter 7 Bankruptcy

    Debtor.

### ORDER

This case is before the court on the motion of Randall L. Seaver, the trustee, to approve his rejection of a residential lease for 1615 North Ridge Drive, Medina, MN 55391.

Upon the motion and the files,

IT IS ORDERED:

1. The trustee's motion is denied without prejudice.

2. Christi Rowan shall pay to the trustee all post-petition rents due under the lease within ten days of this order and remain current. The trustee's receipt and acceptance of the same shall not constitute waiver any rights of the trustee.

Dated: October 21, 2009

/e/ Robert J. Kressel
Robert J. Kressel
UnitedStates Bankruptcy Judge

407341

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/21/2009*
Lori Vosejpka, Clerk, By amm, Deputy Clerk



EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,                                                                               Bankr. No. 09-50779

      Debtor.

**MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR CONTEMPT**

## INTRODUCTION

The Trustee submits the following Memorandum of Law in Support of his Motion for Civil Contempt of Court. The relevant facts are outlined in the Notice of Hearing and Motion for Contempt of Court filed herewith.

## ARGUMENT

**I. THE COURT SHOULD FIND ROWAN IN CIVIL CONTEMPT OF COURT BECAUSE ROWAN VIOLATED A SPECIFIC ORDER OF WHICH SHE WAS AWARE.**

A bankruptcy court has the power to issue an order of contempt. *Koehler v. Grant*, 213 B.R. 567, 570 (8th Cir. 1997). Section 105(a) of the Bankruptcy Code provides, in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

Civil contempt, in contrast to criminal contempt, is meant to compensate the complaining party and/or coerce the defendant into complying with the court's order. *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 781 (8th Cir. 1987). The complaining party need not show that the defendant "willfully" violated the order. *In re Atkins*, 176 B.R. 998, 1009 (Bankr. D. Minn. 1994); see also, *United States v. Open Access Technology International, Inc.* 527 F.Supp.2d 910, 912 (D. Minn. 2007). Rather, the complaining party need only establish that the other party violated a specific order of which he was aware. *Atkins* at 1009.

In this case, it is undisputed that Rowan was on notice of the Order directing her to pay rent to the Trustee. Her attorney was in court at the original hearing and received the order from the court.

Rowan cannot argue that the Order was unclear. Rowan was simply required to pay all post-petition rents due under the lease and to remain current. She did not.

The Court may levy a fine against the party in contempt, which is payable to the moving party or the Court, or may order imprisonment. *Open Access*, at 912. The Trustee submits that his attorney's fees, estimated to be $660.00 should be paid by Rowan so that the estate's creditors are not harmed by the Trustee having to seek the Court's assistance in this matter.

## **CONCLUSION**

Based on the above, the Trustee requests that the Court find Rowan in civil contempt of court. The Trustee also respectively requests that the Court direct Rowan to fully comply with the Order within twenty four (24) hours of the entry of the Order finding the Rowan in contempt. Finally, the Trustee requests that the Court award, at a minimum, the Trustee all of his costs and fees incurred in bringing this motion.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

Dated: November 13, 2009

By: /e/ Matthew R. Burton
_____
Matthew R. Burton #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

412355

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

          Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2009, I caused the following documents:

> *Notice of Hearing and Motion for Contempt of Court, Memorandum of Law and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

| | |
|---|---|
| Dennis E. Hecker<br>P.O. Box 1017<br>Crosslake, MN 56442 | Michael B. Lubic<br>Sonnenschein Nath & Rosenthal LLP<br>601 S Figueroa St Ste 2500<br>Los Angeles, CA 90017-5704 |
| Christi Rowan<br>1615 North Ridge Drive<br>Medina, MN 55391 | Michael W. Malter<br>Binder & Malter LLP<br>2775 Park Avenue<br>Santa Clara, CA 95050 |

                                                         /e/ Stephanie Wood

Dated: November 13, 2009                _____
                                           Stephanie Wood
                                           100 South Fifth Street, Suite 2500
                                           Minneapolis, MN 55402
                                           (612) 332-1030

412417

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.
_____

**ORDER**
_____

This case is before the court on the motion of Randall L. Seaver, trustee seeking an order holding Christi Rowan ("Rowan") in civil contempt of court.

Based on the motion and the file,

**IT IS ORDERED**:

1. Rowan is in civil contempt of this Court's Order of October 21, 2009 ("Order").

2. Rowan must comply with the Order within twenty four (24) hours of the date hereof or risk being in further contempt of this court.

3. The trustee is awarded his costs and fees incurred in bringing this motion. Rowan shall pay $_____ to the trustee, by way of a check made payable to "Randall L. Seaver, Trustee," on or before December 4, 2009.

                                                                     **BY THE COURT:**

Dated: _____        _____
                                                     Robert J. Kressel
                                                     U.S. Bankruptcy Court Judge

412356