UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Dennis E. Hecker

                  Debtor.

Case No. 09-50779
Chapter 7

**OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ABANDONMENT REGARDING BRAINERD IMPORTS LLC AND JACOB HOLDINGS OF BAXTER LLC**

**TO: PARTIES IN INTEREST**

Cornerstone Bank, Cornerstone Holding Company, Inc., and Blackstone Financial, LLC, hereafter jointly and severely referred to as "Cornerstone" hereby object to the Trustee's, Randall L. Seaver, motion for the sale of Brainerd Imports LLC assets to Brainerd T, LLC and Jacob Holdings of Baxter, LLC assets to Walser Real Estate IV, LLC and the Trustee's proported settlement with Toyota Motor Credit Corporation. Cornerstone respectfully states and alleges to the Court as follows:

    1.    Dennis Hecker filed for Chapter 7 relief on June 4, 2009.

    2.    Randall L. Seaver has been appointed the Chapter 7 Trustee for the estate of Dennis Hecker.

    3.    That the Trustee's motion for approval of Settlement Agreement, Abandonment, and Motion for Expedited Hearing is set for a hearing on November 25, 2009 at 10:30 a.m. Trustee is seeking an expedited hearing and has asserted the Trustee will not object as to timeliness of any response.

4. That the Trustee's motion is misleading. The Trustee seeks consent to a sale of the Brainerd Imports LLC, assets, an entity owned by Dennis Hecker, to the purchaser, Brainerd T, LLC and Jacob Holdings of Baxter, LLC, assets, another Hecker entity, to Walzer Real Estate IV, LLC in consideration of an alleged settlement of a preference action against Toyota Motor Credit Corporation.

5. The Trustee seeks consent to the sale of the assets but is disguising the sale of assets as a settlement of a preference. In essence, the Trustee is circumventing the interests of Cornerstone Bank who has security interest in the Debtor's equity interest the proceeds from the sale of the assets.

6. Cornerstone has no objection to the Trustee obtaining $425,000.00 for the sale of the assets, however, Cornerstone Bank objects to the Trustee's intentions to have the proceeds earmarked as proceeds payable to unsecured creditors as a preference recovery and not proceeds from the sale of assets subject to Corporations security interests.

7. The Trustee previously scheduled for hearing on October 28, 2009, the Trustee's settlement regarding the sale of Debtors interest in Brainerd Imports LLC and Jacob Holdings of Baxter LLC in which the bankruptcy estate would receive $300,000.00.

8. Cornerstone joined in the Trustee's Motion but asserted the sales proceeds were subject to Cornerstone's security interest. This Court rejected the Trustee's proposed settlement.

9. Recently, Toyota Motor Sales, USA filed a motion for relief from stay which this Court granted on November 12, 2009.

10. Toyota Motor Credit Corporation (TMCC) has not filed any motion for relief from stay.

11. The Trustee asserts that the proposed sale of assets is a settlement/recovery of a preference action against Toyota Motor Credit Corporation. (TMCC). The Trustee asserts TMCC received alleged prepetition payments directly from the Debtor and in May of 2009, TMCC obtained possession of the Debtor's membership certificates in Brainerd Imports LLC and/or Jacob Holdings of Baxter, LLC.

12. The Trustee's motion for approval of settlement agreement should be denied since the Trustees Motion fails to disclose:

   A. The total amount of the Debtor's and the Debtor's related Corporations obligation outstanding to Toyota Motor Credit Corporation ninety days prior to the Debtor's filing for bankruptcy relief and also at the time of the Debtor's filing for bankruptcy relief;

   B. The value of TMCC's collateral and a description of the collateral ninety days prior to the Debtor's filing for bankruptcy relief and also the value of the collateral and description of the collateral at the time of the Debtor's filing for bankruptcy relief;

   C. The payments the Debtor, as a guarantor, tendered to Toyota Motor Credit Corporation during the 90 days preference period;

   D. The payments the Debtor's entities, Brainerd Imports LLC and Jacob Holdings of Baxter, LLC, tendered during the ninety day preference period to TMCC; and

   E. The valuation of the debtor's membership certificates in Brainerd Imports LLC and Jacob Holdings of Baxter, LLC, and whether those membership interests are uncertificated, certificated, and whether those membership interests were subject to transferability and/or granting a security interest in the same to any party including Toyota Motor Credit Corporation.

13. Upon obtaining all relevant information relating to whether a true preference exists, the Court then can determine then and only then whether the Trustee

3

is in fact disguising the Trustee's motion for sale of Brainerd Imports LLC and Jacob Holdings of Baxter, LLC assets as a settlement of a preference action with Toyota Motor Credit Corporation or a circumvention of Cornerstone's security interests in the general intangibles/asset sale proceeds.

14. Case law provides that if a creditor is fully secured ninety days before the filing of the debtor's bankruptcy petition, the creditor can never be subject to a preference attack. See *In Re Ebbler Furniture and Appliances*, 804 F.2d 87 (7th Cir. 1986).

15. In the case of *Missionary Baptist Foundation of America, Inc., v. First National Bank Lubic, Texas*, 796 F.2d 752 (5th Cir. 1986), the issue before the court was whether the loan payments tendered to the secured creditor holding valid security interest in accounts receivable of the Debtor received during the ninety day period prior to the Debtor's filing for bankruptcy relief amounted to a voidable preference. The secured creditor asserted that under Title 11 U.C.C. § 547(c)(5), which invokes what is known as the "improvement in position exception", that the bank was fully secured at all times and therefore, the Debtor's payments to the Debtor's lines of credits did not result in any improvement of the secured creditor's lien position. The court recognized that preference law exempts fully secured creditors from its grasps. The court also recognized under Title 11 U.C.C. § 547(c)(5) that a perfected security interest in inventory and receivables is subject to a two point net improvement test under § 547(c)(5) which requires the compilation of:

> 1. Loan balance outstanding ninety days prior to the bankruptcy;

2. The market value of the accounts receivable and inventory ninety days prior to the debtors filing for bankruptcy relief;
3. The new loan balance outstanding on the day of the bankruptcy petition was filed; and
4. The value of the accounts receivable and inventory on the day of bankruptcy filing.

16. The court observed that a creditor with a security interest in a "floating mass" such as inventory and/or accounts receivable is subject to preference attacks to the extent the creditor improves its position during the ninety day period before the bankruptcy filing. The court recognized the "two point improvement test" requires the determination of the secured creditor's position ninety days before the petition and at the time of the petition. The No preference occurs unless the loan is under-collateralized 90 days prior to the bankruptcy filing.

17. The Trustee has failed to demonstrate that a preference has occurred.

18. Cornerstone Bank does not object to the Trustee's sale of the estates interest in the assets of Brainerd Imports LLC and Jacob Holdings of Baxter, LLC to a third party for $425,000.00. Cornerstone Bank objects to the Trustee disguising the proceeds from the sale as a resolution of a potential recovery action against TMCC. The proceeds are subject to the security interests of Cornerstone Bank and surplus proceeds from the sale of assets free and clear of creditor's liens.

19. Dennis Hecker granted Cornerstone Bank, a security interest in Dennis Hecker's general intangibles. Case law provides that general and tangible extends to Dennis Hecker's share of profits and surplus in Hecker's various corporate entities including proceeds received from the Trustee's sale of proposed Hecker assets. In the case of <u>In re Ellingsen Maclean Oil Co,</u> 98 B.R. 284(Bankr. Mich. 1989), Debtor's

interest in a corporate investment was liquidated and the Debtor received approximately $84,000.00 from the liquidation proceeds. A bank having a security interest in the Debtor's contract rights and general intangibles assert a superior interest in the $84,000.00 liquidation proceeds. The Court found that partnership proceeds are general intangibles. A partner's interest in the partnership and the partner's share of the profits and surplus from the partnership is personal property. The Court recognizes that general intangibles are any personal property other than goods, accounts, chattel paper, documents, instruments and cash. The Court noted that contract for the sale of real property is personal property and falls within the definition of general intangibles.

20. In the case of *In re Robert E. Derecktor of Rhode Island, Inc.,* 150 B.R. 296 (Bankr. R.I. 1993), the Court found that the bank's security interest in the Debtor's general intangibles was broad enough to include Debtor's interest in settlement proceeds. In Derecktor, the unsecured creditor's committee argued that a secured creditor's lien in general intangibles did not extend to the settlement proceeds. The Court disagreed. The court recognized that general intangibles includes any personal property including things in action other than goods, accounts, chattel paper, documents, instruments and money. The court held that the Debtor's interest in the Settlement proceeds was a chosen action to which the secured creditor's security interest attached and that the secured creditor had a perfected security interest in the settlement proceeds.

21. The Minnesota Statutes § 336.8-103 provides that an interest in a Partnership or Limited Liability Company is a general intangible and is not a security or

financial asset unless it is traded in a securities exchange or securities market or is held in a securities account.

22. Cornerstone Bank asserts that it has a superior interest in the sale proceeds that Trustee seeks, $425,000.00. Cornerstone objects to the Trustees classifying the settlement entered into between the Trustee and the acquiring parties of the assets of Brainerd Imports, LLC and Jacob Holdings of Baxter, LLC as a settlement of a preference action with Toyota Motor Credit Corporation. The Agreement is a sale of assets free and clear. The Trustees interest is disguising the sale of assets free and clear as a settlement with Toyota Motor Credit Corporation is to circumvent the interests of Cornerstone Bank and the Trustee's Motion should be denied.

23. Cornerstone Bank does not object to Trustee selling the assets of Brainerd Imports, LLC and Jacobs Holding of Baxter, LLC for $425,000.00 Cornerstone requests that the funds be delivered to the sale proceeds and subject to Cornerstone's security interests. Cornerstone objects to the Trustee disguising the sale of the assets of Brainerd Imports, LLC and Jacob Holdings of Baxter, LLC as a settlement of a Toyota Motor Credit Corporation alleged preference action.

24. For the reasons stated here within, Cornerstone respectfully requests this court deny the Trustees Motion for Approval of Settlement Agreement and Abandonment regarding Brainerd Imports, LLC and Jacob Holdings, of Baxter, LLC assets.

25. Dennis Hecker granted Cornerstone Bank, a security interest in Dennis Hecker's general and tangibles. Case law provides that general and tangible extends to Dennis Hecker's share of profits and surplus in Hecker's various corporate entities.

Including proceeds received from the sale of corporate assets. In the case of *In re Ellingsen Maclean Oil Co,* 98 B.R. 284(Bankr. Mich. 1989), Debtor's interest in the corporation was liquidated and the Debtor received approximately $84,000.00 from the liquidation proceeds. A bank having a security interest in the Debtor's contract rights and general intangibles is entitled to the $84,000.00 liquidation proceeds. The Court found that a partnership proceeds are general and tangibles. A partner's interest in the partnership and the partner's share of the profits and surplus from the partnership is personal property. The Court recognizes that general intangibles are any personal property other than goods, accounts, chattel paper, documents, instruments and cash. The Court noted that contract for the sale of real property is personal property and falls within the definition of general intangibles.

26. In the case of *In re Robert E. Derecktor of Rhode Island, Inc.,* 150 B.R. 296 (Bankr. R.I. 1993) The Court found that the bank's security interest in borrower's general intangibles is broad enough to include borrower's interest in settlement proceeds of claim against insurance company. In Derecktor, the unsecured creditor's committee argued that the FDIC, success and interest to the bank, did not have a perfected security interest in the proceeds of a settlement asserting the banks interest attached to the funds. The Court disagreed. The court recognizes that general and intangibles includes any personal property including things in action other than goods, accounts, chattel paper, documents, instruments and money. The court held that the Debtor's interest in the Settlement Agreement is a chosen action to which the FDIC/Bank Security Interest attached and that the FDIC, is a successor and interest to

the bank, had a perfected security interest in the proceed of the proceed of the settlement.

27. The Minnesota statute section 336.8-103 provides that an interest in a Partnership or Limited Liability Company is a general and tangible and is not a security or financial asset unless it is traded in a securities exchange or securities market; or is held in a securities account.

28. Cornerstone bank alleges and pursuant to case law said here within, Cornerstone bank has in fact a superior interest in the sale proceeds that Trustee seeks, $425,000.00, in consideration of the sale of the assets of Brainerd Imports, LLC and Jacob Holdings, of Baxter, LLC. Cornerstone bank objects to the Trustees assertions that the settlement entered into between the Trustee and the acquiring parties of the assets of Brainerd Imports, LLC and Jacob Holdings of Baxter, LLC is in fact a settlement of a preference action with Toyota Motor Credit Corporation. The Agreement is a sale of assets free and clear. The Trustees interest is disguised as a settlement with Toyota Motor Credit Corporation. The Trustees motive is an attempt to circumvent the interest of Cornerstone bank should be denied.

29. Cornerstone Bank does not object to Trustee selling the assets of Brainerd Imports, LLC and Jacobs Holding of Baxter, LLC for $425,000.00 if the funds are in fact deemed to be sale proceeds subject to the liens of Cornerstone. Cornerstone objects to the Trustee disguising the sale of the assets of Brainerd Imports, LLC and Jacob Holdings of Baxter, LLC as a settlement of Toyota Motor Credit Corporation alleged preference action.

The reasons stated here within, Cornerstone bank respectfully requests this court deny the Trustees Motion for Approval of Settlement Agreement and Abandonment regarding Brainerd Imports, LLC and Jacob Holdings, of Baxter, LLC assets.

Conclusion

For the reasons cited here within Cornerstone Bank, Cornerstone Holding Company, Inc., and Blackstone Financial, Inc., hereby object to the Trustee's Motion for Approval of Settlement Agreement and Abandonment and for Expedited hearing and request that this Court deny the same.

Dated this 24th day of November, 2009.

/s/ Brad A. Sinclair
Brad A. Sinclair (MN#161652), of
SERKLAND LAW FIRM
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
(701) 232-8957
ATTORNEYS FOR BLACKSTONE
FINANCIAL, LLC

# AFFIDAVIT OF SERVICE BY MAIL

### In Re: Dennis E. Hecker, Debtor
### Bankruptcy Case No. 09-50779
### Chapter 7 Bankruptcy Case

STATE OF NORTH DAKOTA  )
                        ) ss.
COUNTY OF CASS          )

Carmen D. Rohr, being duly sworn, deposes and says that she is a resident of the City of West Fargo, State of North Dakota, is of legal age; and that she served the within

**OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ABANDONMENT REGARDING BRAINERD IMPORTS LLC AND JACOB HOLDINGS OF BAXTER LLC**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Clinton E. Cutler
Fredrikson & Byron, P.A.
200 South 6th Street, Ste. 4000
Minneapolis, MN 55402
ccutler@fredlaw.com

Douglas W. Kassebaum
Fredrikson & Byron, P.A.
200 South 6th Street, Ste. 4000
Minneapolis, MN 55402
dkassebaum@fredlaw.com

U.S. Trustee
1015 US Courthouse
300 South 4th Street
Minneapolis, MN 55415
Ustpregion12.mn.ecf@usdoj.gov

Thomas J. Lallier
Foley & Mansfield, P.L.L.P.
250 Marquette Avenue, Ste. 1200
Minneapolis, MN 55401
tlallier@foleymansfield.com

Randall L. Seaver
12400 Portland Avenue So.
Suite 132
Burnsville, MN 55337
rlseaver@fullerseaverramette.com

Monica Clark
Dorsey & Whitney LLP
50 South 6th Street, Ste. 1500
Minneapolis, MN 55402
Clark.monica@dorsey.com

Connie A. Lahn
Fafinski Mark & Johnson, P.A.
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
Connie.Lahn@fmjlaw.com

David E. Runck
Fafinski Mark & Johnson, P.A.
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
David.Runck@fmjlaw.com

Cynthia A. Moyer
Fredrikson & Byron, P.A.
200 South 6th Street, Ste. 4000
Minneapolis, MN 55402
cmoyer@fredlaw.com

Andrea M. Hauser
Leonard O'Brien Spencer Gale& Sayre
100 South 5th St., Ste. 2500
Minneapolis, MN 55402
ahauser@losgs.com

Gordon B. Conn
Kalina Wills Gisvold & Clark
6160 Summit Drive, Ste. 560
Minneapolis, MN 55430
conn@kwgc-law.com

Matthew R. Burton
Leonard O'Brien Spencer Gale& Sayre
100 South 5th St., Ste. 2500
Minneapolis, MN 55402
mburton@losgs.com

Ralph Mitchell
Lapp Libra Thomson Stoebner & Pusch
One Financial Plaza, Ste. 2500
120 S. 6th St.
Minneapolis, MN 55402
rmitchell@lapplibra.com

Andrew Paul Moratzka
Mackall Crounce & Moore
901 Marquette Ave.
1400 AT&T Tiower
Minneapolis, MN 55402
apm@mcmlaw.com

Nauni Jo Manty
Manty & Associates, P.A.
510 First Avenue North
Suite 305
Minneapolis, MN 55403
ecf@mantylaw.com

Jamie R. Pierce
Hinshaw & Culbertson LLP
333 South 7th Street
Suite 2000
Minneapolis, MN 55402
jpierce@hinshawlaw.com

Matthew A. Swanson
Leonard, Street & Deinard
150 South 5th St., Ste. 2300
Minneapolis, MN 55402
Matthew.swanson@leonard.com

Michael Meyer
Ravich Meyer Kirkman
4545 IDS Center
80 South 8th Street
Minneapolis, MN 55402
mlmeyer@ravichmeyer.com

Jeffrey D. Klobucar
Foley & Mansfield, PLLP
250 Marquette Ave., Ste. 1200
Minneapolis, MN 55401
jklobucar@foleymansfield.com

Joseph W. Lawver
Messerli & Kramer, P.A.
1800 Fifth Street Towers
150 South 5th Street
Minneapolis, MN 55402
Jlawver@messerlikramer.com

Bruce H. Carlson
McNair, Larson & Carlson, Ltd.
51 Broadway, Ste. 600
Fargo, ND 58102
Bruce.carlson@mlcfargolaw.com

Robert G. Parish
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
rparish@faegre.com

HSBC Bank Nevada, N.A.
Attn: Patti H. Bass
Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Ste. 200
Tucson, AZ 85712
ecf@bass-associates.com

Ramesh Singh
Recovery Management Systems Corp.
Financial Controller
25 SE 2nd Avenue, Ste. 1120
Miami, FL 33131-1605
claims@recoverycorp.com

Kendall L. Bader
Fredrikson & Byron, P.A.
200 South 6th Street, Ste. 4000
Minneapolis, MN 55402
kbader@fredlaw.com

Tayler D. Candee
Lapp Libra Thomson Stoebner & Pusch
2500 One Financial Plaza
120 South 6th Street
Minneapolis, MN 55402
tcandee@lapplibra.com

Eric J. Sherburne
Stein & Moore, P.A.
First National Bank Bldg.
332 Minnesota St., Ste. W-1650
St. Paul, MN 55101
esherburne@steinmoore.com

Seth Leventhal
Fafinski Mark & Johnson, PA
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
Seth.leventhal@fmjlaw.com

David L. Johnson
McNair, Larson & Carlson, Ltd.
51 Broadway, #600
Fargo, ND 58102
David.johnson@mlcfargolaw.com

Kathleen K. Statler
Greene Espel PLLP
200 South 6th Street, #1200
Minneapolis, MN 55402
kstatler@greeneespel.com

Larry D. Espel
Greene Espel PLLP
200 South 6th Street, #1200
Minneapolis, MN 55402
lespel@greeneespel.com

Rebecca G. Sluss
Oppenheimer Wolff & Donnelly
Plaza VII, Suite 3300
45 south 7th Street
Minneapolis, MN 55402
rsluss@oppenheimer.com

William R. Skolnick
Skolnick @ Shiff, P.A.
2100 Rand Tower
527 Marquette Avenue So.
Minneapolis, MN 55402
wskolnick@skolnick-shiff.com

Nicholas J. Vivian
Eckberg Lammers Briggs Wolff & Vierling
1809 Northwestern Avenue
Stillwater, MN 55082
nvivian@eckberglammers.com

Timothy J. Peters
Peters Law Firm PLC
2116 Second Avenue So.
Minneapolis, MN 55404
Tpeters@peterslawplc.com

Joshua A. Hasko
Messerli & Kramer, P.A.
1400 Fifth Street Towers
100 South 5th Street
Minneapolis, MN 55402
jhasko@messerlikramer.com

Steven R. Qualley
Gammello & Qualley, P.A.
14275 Golf Course Drive, #200
Baxter, MN 56425
steveq@gqlaw.net

Aaron R. Hartman
Anthony Ostlund Baer & Louwagie, PA
3600 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
ahartman@aoblaw.com

Stephen F. Grinnell
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-3796
stephen.grinnell@gpmlaw.com

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following non-ECF participants:

Dennis E. Hecker
P.O. Box 1017
Crosslake, MN 56442

Bayport Marina Association, Inc.
Attn: President, Managing Agent or other Officer
200 Fifth Avenue South
Bayport, MN 55003

Linda M. Berreau, CPA, CMA, CFE
16418 Gladys Lane
Minnetonka, MN 55345

Michael B. Lubic
Sonnenschein Nath & Rosenthal, LLP
601 S. Figueroa St., Ste. 2500
Los Angeles, CA 90017-5704

and depositing the same with postage prepaid in the United States mail at Fargo, North Dakota.

  To the best of affiant's knowledge, the address above given is the actual post office address of the party intended to be so served. The above document was mailed in accordance with the provisions of the Minnesota Rules of Civil Procedure.

*Carmen D. Rohr*
Carmen D. Rohr

Subscribed and sworn to before me this 24th day of November, 2009.

*Sarah D Klava*
Notary Public
Cass County, North Dakota
My Commission Expires:

(SEAL)
SARAH D KLAVA
Notary Public
State of North Dakota
My Commission Expires July 13, 2010