## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                          Chapter 7

            Debtor.

_____

### NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT
### AGREEMENT AND FOR EXPEDITED HEARING

_____

TO:     ENTITIES SPECIFIED IN LOCAL RULE 9013-3

        1.      Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**") herein, moves the Court for

the relief request below and gives Notice of hearing herewith.

        2.      The Court will hold a hearing on this motion at 10:00 a.m. on December 16, 2009

Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN

55415 or as soon thereafter as counsel can be heard.  Under applicable rules, any objection must

be in writing, be delivered to the Trustee and the United States Trustee.  Because of the

expedited nature of this hearing, the Trustee will not object, as to timeliness, to any response.

UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT

THE MOTION WITHOUT A HEARING.

        3.      This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334,

Fed.R.Bankr.P. 5005, and Local Rule 1070-1.  The petition commencing this chapter 7 case was

filed on June 4, 2009.  The case is now pending in this court.

        4.      This Motion arises under Fed.R.Bankr.P. 9019, Local Rule 9019-1 and is filed

under Local Rules 9013-2 and 9013-5.  The Trustee seeks approval of a settlement agreement

with the lone remaining Defendant, RiverWood Bank, in Adversary Proceeding No. 09-5031,

which includes the sale of the real estate located at 34515 Happy Landing Road, Crosslake, MN

56442 (the "**Property**").

5.      The Property will be sold to TMT Land LLC, or its designee (the "**Buyer**"), for the sum of $260,000.00.  Based upon the Trustee's investigation, this is a fair and reasonable price.  A copy of the offer is attached hereto as Exhibit A.

6.      By way of the Settlement Agreement, the Trustee and RiverWood Bank are sharing the sale proceeds, after costs of sale and payment of the sum of $194,743.21 to RiverWood Bank.  A copy of the Settlement Agreement is attached hereto as Exhibit B.

7.      The Trustee does not believe that any other party holds a perfected security interest in the Property.  The sale will be free and clear of any such interests and the interests.

8.      The Trustee will entertain bids for the Property, prior to the hearing, which exceed the Buyer's offer.

9.      Expedited relief is required as time is of the essence for the Buyer.

10.      Pursuant to Local Rule 9013-2(c), the Trustee gives notice that he may, if necessary, testify at the hearing regarding the proposed sale.

**WHEREFORE**, the Trustee moves the court for an order as follows:

1.      Granting the Trustee's motion for expedited hearing.

2.      Granting the Trustee's motion for approval of the Settlement Agreement.

3.      Authorizing the sale of the Property to Tim Thone, or his designee, for the sum of $260,000.00, free and clear of liens and encumbrances.

4.      Authorizing the sale of the Property to any other higher bidder on such terms as are acceptable to the Trustee.

2

**LEONARD, O'BRIEN, SPENCER,
GALE & SAYRE, LTD.**

/e/  Matthew R. Burton

Dated: December 1, 2009                By:_____

Matthew R. Burton
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

<u>**VERIFICATION**</u>

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker named in the foregoing Notice of Hearing and Motion for Approval of Settlement Agreement and Expedited Hearing declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

/e/  Randall L. Seaver

Executed on December 1, 2009          _____

Randall L. Seaver, Trustee

413072

3



**VACANT LAND PURCHASE AGREEMENT**
This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

1. Date _____ 10/30/09
2. Page 1 of _____ pages.

3. RECEIVED OF _____ *TmT Land LLC* _____

4. _____

5. the sum of *Fifty Thousand And No/00* _____ Dollars ($ 50,000 )

6. by ☒ CHECK ☐ CASH ☐ NOTE as earnest money to be deposited upon Final Acceptance of Purchase
   *(Check one.)*
7. **Agreement by all parties, on or before the third Business Day after Final Acceptance, in the trust account of**
8. **listing broker, unless otherwise agreed to in writing, but to be returned to Buyer if Purchase Agreement is not**
9. **accepted by Seller.**

10. Said earnest money is part payment for the purchase of the property located at
11. Street Address: _____ *34515 Happy Landings Road* _____
12. City of *Crosslake* , County of *Crow Wing* , State of Minnesota, legally
13. described as _____ *That part of Gov't Lot 4, Sect 29, Twp 137 Rge 27 legal to*
14. *Match Address.*
15. _____
16. _____

17. including all fixtures, if any, ☐ INCLUDING ☒ EXCLUDING all emblements within the property at the time of this
    *(Check one.)*
18. Purchase Agreement, if any, and ☐ INCLUDING ☐ EXCLUDING the following personal property, if any,
    *(Check one.)*
19. _____
20. _____
21. _____
22. _____

23. all of which property Seller has this day agreed to sell to Buyer for the sum of ($ 260,000 )
24. *Two hundred sixty thousand and no/* _____ Dollars,
25. which Buyer agrees to pay in the following manner:

26. 1. Cash of at least _____ 100 _____ percent (%) of the sale price, which includes the earnest money, PLUS
27. 2. Financing, the total amount secured against this property to fund this purchase, not to exceed _____ 0
28. percent (%) of the sale price.
29. Such financing shall be ☐ a first mortgage ☐ contract for deed or ☐ a first mortgage with subordinate
    *(Check one.)*
30. **financing, as described in the attached** *Addendum:*
31. ☐ **Conventional** ☐ **FHA** ☐ **DVA** ☐ **Assumption** ☐ **Contract for Deed** ☐ **Other:** _____
    *(Check all that apply.)*

32. **The date of closing shall be** *Sept 7 thru 271* , .

33. This Purchase Agreement ☐ IS ☒ IS NOT subject to a *Contingency Addendum* for sale of Buyer's property. (If
    *(Check one.)*
34. answer is **IS**, see attached *Addendum*.) (If answer is **IS NOT**, the closing of Buyer's property, if any, may still affect
35. Buyer's ability to obtain financing, if financing is applicable.)

36. This Purchase Agreement ☐ IS ☒ IS NOT subject to cancellation of a previously written purchase agreement dated
    *(Check one.)*
37. _____ , . (If answer is **IS**, said cancellation shall be obtained
38. no later than _____ .
39. If said cancellation is not obtained by said date, this Purchase Agreement is canceled. Buyer and Seller shall
40. immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money
41. paid hereunder to be refunded to Buyer.)

MN:VLPA-1 (8/09)
Larson Group Real Estate PO Box 929 Crosslake, MN 56442
Phone: (218) 692 - 6920        Fax: (218) 692 - 6921        Debbie Doerfler



**EXHIBIT**

A



**LARSON GROUP** REAL ESTATE

## VACANT LAND PURCHASE AGREEMENT

42. Page 2
43. Address ___34515 Happy Canleys Rd___

44. **SPECIAL CONTINGENCIES:** This Purchase Agreement is subject to the following contingencies, and if the
45. contingencies checked below are not satisfied or waived, in writing, by Buyer by _____, _____,
46. this Purchase Agreement is canceled as of said date. Buyer and Seller shall immediately sign a *Cancellation of*
47. *Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to
48. Buyer.
49. *(Select appropriate options a–i.)*
50. ☐ (a) ☐ **BUYER** ☐ **SELLER** shall provide a certificate of survey of the property, at ☐ **BUYER** ☐ **SELLER**
—(Check one.)— —(Check one.)—
51. expense.
52. ☐ (b) Buyer obtaining approval of city/township of proposed building plans and specifications at
53. ☐ **BUYER** ☐ **SELLER** expense.
—(Check one.)—
54. ☐ (c) Buyer obtaining approval of city/township of proposed subdivision development plans at
55. ☐ **BUYER** ☐ **SELLER** expense.
—(Check one.)—
56. ☐ (d) Buyer obtaining approval of city/township for rezoning or use permits at ☐ **BUYER** ☐ **SELLER** expense.
—(Check one.)—
57. ☐ (e) Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, percolation tests which are acceptable to Buyer.
—(Check one.)—
58. ☐ (f) Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, soil tests which indicate that the property may be
—(Check one.)—
59. improved without extraordinary building methods or cost.
60. ☐ (g) Buyer obtaining approval of building plans and/or specifications in accordance with any recorded subdivision
61. covenants and approval of the architectural control committee.
62. ☐ (h) Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, copies of all covenants, reservations and restrictions
—(Check one.)—
63. affecting the property.
64. ☐ (i) Other: _____
65. _____
66. Seller's expenses for these contingencies (if any) shall not exceed $ _____
67. **SPECIAL DISCLOSURES:** Seller discloses, to the best of Seller's knowledge, that the property described in this
68. Purchase Agreement consists of approximately ___19,000___ ☐ **ACRES** ☒ **SQUARE FEET** and is currently zoned
—(Check one.)—
69. _____
70. Seller discloses, to the best of Seller's knowledge, that the property ☐ **IS** ☒ **IS NOT** in a designated flood plain
—(Check one.)—
71. area.
72. Seller discloses, to the best of Seller's knowledge, that the property ☐ **DOES** ☒ **DOES NOT** currently receive
—(Check one.)—
73. preferential tax treatment (e.g. Green Acres).
74. Seller certifies that any and all leases applicable to the property in effect as of the date of this Purchase Agreement
75. are terminable on or before the date of closing as specified in this Purchase Agreement.
76. **ENVIRONMENTAL CONCERNS:** To the best of the Seller's knowledge there are no hazardous substances or
77. underground storage tanks, except where herein noted.
78. _____
79. _____

MN:VLPA-2 (8/09)

**LARSON GROUP** REAL ESTATE

## VACANT LAND PURCHASE AGREEMENT

80.  Page 3
81.  Address _____ 34515 Happy Lawrings Rd

82. Buyer may incur additional charges improving the property, including, but not limited to, hookup and/
83.  or access charges; municipal charges; costs for sewer access, stubbing access, water access, park dedication, road
84.  access, curb cuts, utility connection and connecting fees; and tree planting charges.
85. SELLER CERTIFIES, TO THE BEST OF SELLER'S KNOWLEDGE, WHETHER ANY OF THE FOLLOWING
86. PRESENTLY EXIST WITHIN THE PROPERTY:

87.  Connection to public water?                              ☐ Yes    ☒ No
88.  Connection to public sewer?                              ☐ Yes    ☒ No
89.  Connection to private water system off property?         ☐ Yes    ☒ No
90.  Connection to electric utility?                          ☒ Yes    ☐ No

91.  *(Check appropriate boxes.)*
92.  **SUBSURFACE SEWAGE TREATMENT SYSTEM**
93.  SELLER CERTIFIES THAT SELLER ☐ DOES ☐ DOES NOT KNOW OF A SUBSURFACE SEWAGE TREATMENT
94.  SYSTEM ON OR SERVING THE PROPERTY. (If answer is **DOES**, and the system does not require a state permit,
95.  see *Subsurface Sewage Treatment System Disclosure Statement*.)
96.  **PRIVATE WELL**
97.  SELLER CERTIFIES THAT SELLER ☐ DOES ☐ DOES NOT KNOW OF A WELL ON OR SERVING THE
98.  PROPERTY. (If answer is **DOES** and well is located on the property, see *Well Disclosure Statement*.)
99.  THIS PURCHASE AGREEMENT ☐ IS ☐ IS NOT SUBJECT TO A *SUBSURFACE SEWAGE TREATMENT SYSTEM*
100. *AND WELL INSPECTION CONTINGENCY ADDENDUM*. (If answer is **IS**, see attached *Addendum*.)
101. IF A WELL OR SUBSURFACE SEWAGE TREATMENT SYSTEM EXISTS ON THE PROPERTY, BUYER HAS
102. RECEIVED A *WELL DISCLOSURE STATEMENT* AND/OR A *SUBSURFACE SEWAGE TREATMENT SYSTEM*
103. *DISCLOSURE STATEMENT*.

104. BUYER ☐ HAS ☐ HAS NOT RECEIVED A *VACANT LAND DISCLOSURE STATEMENT* OR A *SELLER'S*
105. *DISCLOSURE ALTERNATIVES* FORM.

106. Buyer acknowledges that no oral representations have been made regarding the property. Buyer relies solely on
107. Seller's written disclosure forms or a written report prepared by an independent third-party inspector that has been
108. provided to Buyer.
109. **BUYER HAS RECEIVED INSPECTION REPORTS, IF REQUIRED BY MUNICIPALITY.**
110. **BUYER HAS THE RIGHT TO A WALK-THROUGH REVIEW OF THE PROPERTY PRIOR TO CLOSING TO**
111. **ESTABLISH THAT THE PROPERTY IS IN SUBSTANTIALLY THE SAME CONDITION AS OF THE DATE OF**
112. **THIS PURCHASE AGREEMENT. SELLER AGREES TO NOTIFY BUYER IMMEDIATELY IN WRITING OF ANY**
113. **SUBSTANTIVE CHANGES FROM ANY PRIOR REPRESENTATIONS REGARDING THE PROPERTY.**

114. **DEED/MARKETABLE TITLE:** Upon performance by Buyer, Seller shall deliver a
115. ☒ **Warranty Deed** or ☐ **Other:** _____ **Deed** joined in by spouse, if any, conveying marketable title, subject to
116.   (a) building and zoning laws, ordinances, state and federal regulations;
117.   (b) restrictions relating to use or improvement of the property without effective forfeiture provisions;
118.   (c) reservation of any mineral rights by the State of Minnesota;
119.   (d) utility and drainage easements which do not interfere with existing improvements;
120.   (e) **rights of tenants as follows** (unless specified, not subject to tenancies): _____
121.   _____ ; and
122.   (f) others (must be specified in writing): _____
123.   _____

MN:VLPA-3 (8/09)

# LARSON GROUP
REAL ESTATE

**VACANT LAND PURCHASE AGREEMENT**
164. Page 5

...MINATION: Within a reasonable time period after Final Acceptance of this Purchase Agreement,
...e one of the following title evidence options, at Seller's selection, which shall include proper searches
167. covering bankruptcies, state and federal judgments and liens, and levied and pending special assessments to Buyer
168. or Buyer's designated title service provider:

169. (1) A commitment for an owner's policy of title insurance on a current ALTA form issued by an insurer licensed to write
170. title insurance in Minnesota as selected by Buyer. Seller shall be responsible for the title search and exam costs
171. related to the commitment. Buyer shall be responsible for all additional costs related to the issuance of the title
172. insurance policy(ies), including but not limited to the premium(s), Buyer's name search and plat drawing, if any.
173. Seller shall surrender a copy of any owner's title insurance policy and Abstract of Title, if in Seller's possession or
174. control, for this property to Buyer or Buyer's designated title service provider.

175. (2) An Abstract of Title certified to date if Abstract Property or a Registered Property Abstract (RPA) certified to date
176. if Registered (Torrens) property. Seller shall pay for the abstracting or RPA costs and surrender any abstract for
177. this property in Seller's possession or control to Buyer or Buyer's designated title service provider. If property is
178. Abstract and Seller does not have an Abstract of Title, Option (1) will automatically apply.

179. Seller shall use Seller's best efforts to provide marketable title by the date of closing. In the event that Seller has not
180. provided marketable title by the date of closing, Seller shall have an additional 30 days to make title marketable or, in
181. the alternative, Buyer may waive title defects by written notice to Seller. In addition to the 30-day extension, Buyer
182. and Seller may by mutual agreement further extend the closing date. Lacking such extension, either party may declare
183. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
184. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
185. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
186. directing all earnest money paid hereunder to be refunded to Buyer.

187. **SUBDIVISION OF LAND:** If this sale constitutes or requires a subdivision of land owned by Seller, Seller shall pay all
188. subdivision expenses and obtain all necessary governmental approvals. This provision deals with the necessity of
189. subdividing land to complete the sale of the property described herein in contrast to the subdivision provision of lines
190. 54-55 which deals with the future development plans of Buyer. Seller warrants the legal description of the real property
191. to be conveyed has been or shall be approved for recording as of the date of closing. Seller warrants that there is a
192. right of access to the property from a public right of way. These warranties shall survive the delivery of the deed or
193. contract for deed.

194. Seller warrants that prior to the closing, payment in full will have been made for all labor, materials, machinery, fixtures
195. or tools furnished within the 120 days immediately preceding the closing. Seller warrants that Seller has not received
196. any notice from any governmental authority as to condemnation proceedings or violation of any law, ordinance or
197. regulation. If the property is subject to restrictive covenants, Seller warrants that Seller has not received any notice
198. from any person or authority as to a breach of the covenants. Any such notices received by Seller shall be provided to
199. Buyer immediately.

200. Seller agrees to allow Buyer reasonable access to the property for performance of any surveys, inspections or tests
201. or for water, sewer, gas or electrical service hookup as agreed to herein. Buyer shall restore the premises to the same
202. condition it was in prior to the surveys, inspections or tests and pay for any restoration costs relative thereto.

203. **RISK OF LOSS:** If there is any loss or damage to the property between the date hereof and the date of closing for
204. any reason, including fire, vandalism, flood, earthquake or act of God, the risk of loss shall be on Seller. If the property
205. is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's
206. option, by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement,
207. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
208. directing all earnest money paid hereunder to be refunded to Buyer.

209. **TIME OF ESSENCE:** Time is of the essence in this Purchase Agreement.

210. **ENTIRE AGREEMENT:** This Purchase Agreement, any attached exhibits and any addenda or amendments signed
211. by the parties shall constitute the entire agreement between Buyer and Seller and supersedes any other written or
212. oral agreements between Buyer and Seller. This Purchase Agreement can be modified or canceled only in writing
213. signed by Buyer and Seller or by operation of law. All monetary sums are deemed to be United States currency for
214. purposes of this Purchase Agreement. **Buyer or Seller may be required to pay certain closing costs, which may**
215. **effectively increase the cash outlay at closing or reduce the proceeds from the sale.**

MN:VLPA-5 (8/09)



**VACANT LAND PURCHASE AGREEMENT**

124. Page 4
125. Address _34515 Happy Canoeings Rd_

126. Seller shall pay on the date of closing all real estate taxes due and payable in all prior years including all penalties and
127. interest.

128. ☐ **BUYER SHALL PAY** ☒ **SELLER SHALL PAY** on date of closing any deferred real estate taxes
     *(Check one.)*
129. (e.g. Green Acres) or special assessments, payment of which is required as a result of the closing of this sale.

130. ☐ **BUYER AND SELLER SHALL PRORATE AS OF THE DATE OF CLOSING** ☒ **SELLER SHALL PAY ON**
     *(Check one.)*
131. **DATE OF CLOSING** all installments of special assessments certified for payment, with the real estate taxes due and
132. payable in the year or closing.

133. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PAY** on date of closing all other special assessments levied as
     *(Check one.)*
134. of the date of this Purchase Agreement.

135. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PROVIDE FOR PAYMENT OF** special assessments pending as
     *(Check one.)*
136. of the date of this Purchase Agreement for improvements that have been ordered by any assessing authorities.
137. (Seller's provision for payment shall be by payment into escrow of two (2) times the estimated amount of the
138. assessments or less, as required by Buyer's lender.)

139. Buyer shall pay any unpaid special assessments payable in the year following closing and thereafter, the payment of
140. which is not otherwise herein provided.

141. As of the date of this Purchase Agreement, Seller represents that Seller ☐ **HAS** ☒ **HAS NOT** received a notice
     *(Check one.)*
142. regarding any new improvement project from any assessing authorities, the costs of which project may be assessed
143. against the property. Any such notice received by Seller after the date of this Purchase Agreement and before
144. closing shall be provided to Buyer immediately. If such notice is issued after the date of this Purchase Agreement and
145. on or before the date of closing, then the parties may agree in writing, on or before the date of closing, to pay, provide
146. for the payment of or assume the special assessments. In the absence of such agreement, either party may declare
147. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
148. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
149. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
150. directing all earnest money paid hereunder to be refunded to Buyer.

151. Buyer shall pay ☒ **PRORATED FROM DAY OF CLOSING** ☐ _____ **12ths OF** ☐ **ALL** ☐ **NO** real estate
     *(Check one.)*
152. taxes due and payable in the year 20 _09_ .

153. Seller shall pay, ☒ **PRORATED TO DAY OF CLOSING** ☐ _____ **12ths OF** ☐ **ALL** ☐ **NO** real estate taxes
     *(Check one.)*
154. due and payable in the year 20 _09_ _____ . If the closing date is changed, the real estate taxes paid shall, if prorated,
155. be adjusted to the new closing date.

156. Buyer shall pay real estate taxes due and payable in the year following closing and thereafter, the payment of which
157. is not otherwise herein provided. No representations are made concerning the amount of subsequent real estate
158. taxes.

159. **POSSESSION:** Seller shall deliver possession of the property no later than _____ _Day of_ _____ after closing.
160. All interest; unit owners' association dues; rents; and charges for city water, city sewer, electricity and natural gas shall
161. be prorated between the parties as of date of closing. Buyer shall pay Seller for remaining gallons of fuel oil or liquid
162. petroleum gas on the day of closing, at the rate of the last fill by Seller. Seller agrees to remove ALL DEBRIS AND
163. ALL PERSONAL PROPERTY NOT INCLUDED HEREIN from the property by possession date.

MN:VLPA-4 (8/09)



**VACANT LAND PURCHASE AGREEMENT**

216. Page 6
217. Address _____ 34515 *Happy Coming Rd*

218. **FINAL ACCEPTANCE:** To be binding, this Purchase Agreement must be fully executed by both parties and a copy
219. must be delivered.

220. **CALCULATION OF DAYS:** Any calculation of days begins on the first day (calendar or Business Days as specified)
221. following the occurrence of the event specified and includes subsequent days (calendar or Business Days as specified)
222. ending at 11:59 P.M. on the last day.

223. **BUSINESS DAYS:** "Business Days" are days which are not Saturdays, Sundays or state or federal holidays unless
224. stated elsewhere by the parties in writing.

225. **DEFAULT:** If Buyer defaults in any of the agreements hereunder, Seller may terminate this Purchase Agreement
226. under the provisions of MN Statute 559.21. If either Buyer or Seller defaults in any of the agreements hereunder or
227. there exists an unfulfilled condition after the date specified for fulfillment, either party may cancel the Purchase
228. Agreement under MN Statute 559.217, Subd. 3. Whenever it is provided herein that the Purchase Agreement is
229. canceled, said language shall be deemed a provision authorizing a Declaratory Cancellation under MN Statute
230. 559.217, Subd. 4.

231. If this Purchase Agreement is not canceled or terminated as provided hereunder, Buyer or Seller may seek actual
232. damages for breach of this Purchase Agreement or specific performance of this Purchase Agreement; and, as to
233. specific performance, such action must be commenced within six (6) months after such right of action arises.

234. **NOTICE REGARDING AIRPORT ZONING REGULATIONS:** The property may be in or near an airport safety zone
235. with zoning regulations adopted by the governing body that may affect the property. Such zoning regulations are
236. filed with the county recorder in each county where the zoned area is located. If you would like to determine if such
237. zoning regulations affect the property, you should contact the county recorder where the zoned area is located.

238. **NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender**
239. **registry and persons registered with the predatory offender registry under MN Statute 243.166 may be**
240. **obtained by contacting the local law enforcement offices in the community where the property is located**
241. **or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections web**
242. **site at www.corr.state.mn.us.**

---

243.                                              **NOTICE**

244.   *Rob Birkeland*                     is ☐ Seller's Agent ☐ Buyer's Agent ☒ Dual Agent ☐ Facilitator.
       (Licensee)                                          (Check one.)

245.   *Larson Group Real Estate*
       (Real Estate Company Name)

246.   _____          is ☐ Seller's Agent ☐ Buyer's Agent ☐ Dual Agent ☐ Facilitator.
       (Licensee)                                          (Check one.)

247.   _____
       (Real Estate Company Name)

248.   **THIS NOTICE DOES NOT SATISFY MINNESOTA STATUTORY AGENCY DISCLOSURE REQUIREMENTS.**

---

MN:VLPA-6 (8/09)



**VACANT LAND PURCHASE AGREEMENT**
249. Page 7
250. Address _34515 Happy Camps Rd_

---

251.                    **DUAL AGENCY REPRESENTATION**
252. **PLEASE CHECK _ONE_ OF THE FOLLOWING SELECTIONS:**

253. ☐ Dual Agency representation DOES NOT apply in this transaction. *Do not complete lines 254-270.*

254. ☒ Dual Agency representation DOES apply in this transaction. *Complete the disclosure in lines 255-270.*

255. Broker represents both the Seller(s) and the Buyer(s) of the property involved in this transaction, which creates a
256. dual agency. This means that Broker and its salespersons owe fiduciary duties to both Seller(s) and Buyer(s). Because
257. the parties may have conflicting interests, Broker and its salespersons are prohibited from advocating exclusively for
258. either party. Broker cannot act as a dual agent in this transaction without the consent of both Seller(s) and Buyer(s).
259. Seller(s) and Buyer(s) acknowledge that

260.      (1) confidential information communicated to Broker which regards price, terms or motivation to buy or sell will
261.          remain confidential unless Seller(s) or Buyer(s) instructs Broker in writing to disclose this information. Other
262.          information will be shared;

263.      (2) Broker and its salespersons will not represent the interest of either party to the detriment of the other; and

264.      (3) within the limits of dual agency, Broker and its salespersons will work diligently to facilitate the mechanics of
265.          the sale.

266. With the knowledge and understanding of the explanation above, Seller(s) and Buyer(s) authorize and instruct Broker
267. and its salesperson to act as dual agents in this transaction.

268. Seller _____    Buyer X _____

269. Seller _____    Buyer _____

270. Date _____    Date _____

---

271. OTHER: _Buyer will Close 24 Hours Upon Seller providing Clean title_
272. _____
273. _____
274. _____
275. _____
276. _____
277. _____
278. _____
279. _____
280. _____
281. _____
282. _____
283. _____
284. _____
285. _____
286. _____

MN:VLPA-7 (8/09)

**LARSON GROUP** REAL ESTATE

**VACANT LAND PURCHASE AGREEMENT**

287. Page 8
288. Address _____

289. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
290. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

291. I, the owner of the property, accept this Purchase
292. Agreement and authorize the listing broker to withdraw
293. said property from the market, unless instructed otherwise
294. in writing.
295. **I have reviewed all pages of this Purchase Agreement.**

I agree to purchase the property for the price and on
the terms and conditions set forth above.
**I have reviewed all pages of this Purchase
Agreement.**

296. ☐ **If checked, this Agreement is subject to attached**
297.     *Counteroffer Addendum.*

298. X _____
    (Seller's Signature)                    (Date)

X _____
(Buyer's Signature)                    (Date)

299. X _____
    (Seller's Printed Name)

X *Tim Thone   TnT Land LLC*
(Buyer's Printed Name)   *CHIEF MANAGER*

300. X _____
    (Marital Status)

X _____
(Marital Status)

301. X _____
    (Seller's Signature)                    (Date)

X _____
(Buyer's Signature)                    (Date)

302. X _____
    (Seller's Printed Name)

X _____
(Buyer's Printed Name)

303. X _____
    (Marital Status)

X _____
(Marital Status)

304. **FINAL ACCEPTANCE DATE** _____

305.         **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
306.         **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

307. **I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE OPPORTUNITY TO REVIEW THE *ARBITRATION***
308. ***DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT*, WHICH IS AN OPTIONAL,**
309. **VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.**

310. **SELLER(S)** _____

**BUYER(S)** *Not Requested.*

311. **SELLER(S)** _____

**BUYER(S)** _____

MN:VLPA-8 (8/09)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                      BKY No.:  09-50779

Dennis E. Hecker,                                                      Chapter 7

            Debtor.

---

Randall L. Seaver, Trustee,                                 Adv. Case No.:  09-5031

            Plaintiff,

vs.

Sydney Holdings of Crosslake LLC, Jacob Properties
of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

            Defendants.

---

## SETTLEMENT AGREEMENT

---

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (**"Agreement"**) is entered

into between Randall L. Seaver (**"Plaintiff"**) and RiverWood Bank, its successors and

assigns (**"Defendant"**).

WHEREAS, Plaintiff initiated the litigation in the above-captioned action against Defendant

herein and others, to obtain declaratory relief regarding a mortgage claimed to be held by Defendant

in real estate known as 34515 Happy Landing Road, Crosslake, MN  56442 (the **"Real Estate"**); and

WHEREAS, the remaining defendants to this action have been dismissed by way of default

judgment;



EXHIBIT

B

WHEREAS, the parties hereto have received an offer for the purchase of the Real Estate for the sum of $260,000.00 (the "**Offer**"), a copy of which is attached as Exhibit A;

WHEREAS, the parties have agreed that the Trustee may sell the real estate pursuant to the Offer or to a higher bidder acceptable to the parties;

WHEREAS, this Settlement would allow the Trustee to liquidate an asset of the estate;

WHEREAS, the Plaintiff and Defendant enter into this Agreement without admitting any wrongdoing to the other nor making any additional promises other than those that are contained herein;

NOW, THEREFORE, in consideration of the foregoing recitals, the covenants undertaken herein and for other good and valuable consideration, Plaintiff and Defendant make the following:

## **STIPULATION**

1.      The parties shall file with the United States Bankruptcy Court for the District of Minnesota (the "**Court**") a Dismissal with prejudice of the above-captioned action.  Each party shall be responsible for their own costs and attorneys' fees incurred herein.

2.      Pursuant to this Settlement Agreement, the parties agree to seek Court authority to sell the Real Estate pursuant to the Offer, or a higher bidder, before January 1, 2010, with the parties equally splitting the proceeds, after costs of sale, and after payoff of Defendant's mortgage at the agreed balance of $194,743.21.

3.      Except for the obligations contained within this Agreement, and conditioned upon the full performance hereof by Defendant, Plaintiff and Defendant agree to release, acquit, and forever discharge each other and their respective successors and assigns, including the other directors, officers, employees, agents, and attorneys from and against any and all causes of action, claims and

damages arising out of all relationships and transactions which were the subject matter of Plaintiff's

Complaint on file in the above-captioned action.

4.      The United States Bankruptcy Court for the District of Minnesota shall retain

jurisdiction over this case.

5.      It is specifically understood and agreed that the consideration hereinfore recited is in

full, final, and complete compromise, settlement, accord, and satisfaction of disputed claims; and

there are no covenants, promises, or undertakings outside of this Agreement other than as

specifically set forth herein.

6.      The undersigned, by execution hereof, state that they have reviewed this Agreement

with their respective legal counsel, if any, and that they understand and fully agree to each, all, and

every provision hereof, and hereby acknowledge receiving a copy hereof.

7.      This Agreement shall be construed under the laws of the State of Minnesota and is

subject to final approval of the United States Bankruptcy Court.  If approval is not obtained, this

Agreement shall become null and void and Plaintiff shall return to Defendant his settlement payment

described herein.

8.      This Agreement shall not be amended or otherwise altered except by a writing that is

signed by the parties' authorized representatives and their respective legal counsel.

9.      The parties agree that time of the essence given that the Offer requires closing prior to

the end of 2009.

10.      This Agreement is valid if executed in counterparts which if read together constitute a

fully executed Agreement.

Dated: _____, 2009          By_____

                                                        Randall L. Seaver, Trustee

**RIVERWOOD BANK**

Dated: _____, 2009          By_____

                                             Its: _____

412795

4



**VACANT LAND PURCHASE AGREEMENT**
This form approved by the Minnesota Association of REALTORS®,
which disclaims any liability arising out of use or misuse of this form.
© 2009 Minnesota Association of REALTORS®, Edina, MN

1.  Date _____ 10/30/09 _____
2.  Page 1 of _____ pages.

3.  RECEIVED OF _____ TmT Land LLC _____

4.  _____

5.  the sum of _Fifty Thousand and No/00_____ Dollars ($ __50,000__ )
6.  by ☒ CHECK ☐ CASH ☐ NOTE as earnest money to be deposited upon Final Acceptance of Purchase
    ──(Check one.)──
7.  Agreement by all parties, on or before the third Business Day after Final Acceptance, in the trust account of
8.  listing broker, unless otherwise agreed to in writing, but to be returned to Buyer if Purchase Agreement is not
9.  accepted by Seller.
10. Said earnest money is part payment for the purchase of the property located at
11. Street Address: _34515 Happy Landings Road_____
12. City of _Crosslake_____ , County of _Crow Wing_____ State of Minnesota, legally
13. described as _That part of Gov't Lot 4, Sect 29, Twp 137 Rge 27 legal to_
14. _Match Address._____
15. _____
16. _____
17. including all fixtures, if any, ☐ INCLUDING ☐ EXCLUDING all emblements within the property at the time of this
    ──(Check one.)──
18. Purchase Agreement, if any, and ☐ INCLUDING ☐ EXCLUDING the following personal property, if any,
    ──(Check one.)──
19. _____
20. _____
21. _____
22. _____ ,
23. all of which property Seller has this day agreed to sell to Buyer for the sum of ($ _260,000_____ )
24. _Two hundred sixty thousand and no/_____ Dollars,
25. which Buyer agrees to pay in the following manner:
26. 1. Cash of at least _100_ percent (%) of the sale price, which includes the earnest money, PLUS
27. 2. Financing, the total amount secured against this property to fund this purchase, not to exceed _____ -0-_____
28. percent (%) of the sale price.
29. Such financing shall be ☐ a first mortgage ☐ contract for deed or ☐ a first mortgage with subordinate
    ──(Check one.)──
30. financing, as described in the attached *Addendum:*
31. ☐ Conventional ☐ FHA ☐ DVA ☐ Assumption ☐ Contract for Deed ☐ Other: _____ .
    ──(Check all that apply.)──
32. **The date of closing shall be** _Sep 7 Un 271_____ .
33. This Purchase Agreement ☐ IS ☒ IS NOT subject to a *Contingency Addendum* for sale of Buyer's property. (If
    ──(Check one.)──
34. answer is IS, see attached *Addendum.*) If answer is IS NOT, the closing of Buyer's property, if any, may still affect
35. Buyer's ability to obtain financing, if financing is applicable.)
36. This Purchase Agreement ☐ IS ☒ IS NOT subject to cancellation of a previously written purchase agreement dated
    ──(Check one.)──
37. _____ , _____ . (If answer is IS, said cancellation shall be obtained
38. no later than _____ , _____ .
39. If said cancellation is not obtained by said date, this Purchase Agreement is canceled. Buyer and Seller shall
40. immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and directing all earnest money
41. paid hereunder to be refunded to Buyer.)

MN:VLPA-1 (8/09)
Larson Group Real Estate PO Box 929 Crosslake, MN 56442
Phone: (218) 692 - 6920      Fax: (218) 692 - 6921      Debbie Doerfler

Produced with ZipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



EXHIBIT

A

**LARSON GROUP** REAL ESTATE

**VACANT LAND PURCHASE AGREEMENT**

42.  Page 2

43.  Address ___34515 Happy Landings Rd___

44.  **SPECIAL CONTINGENCIES:** This Purchase Agreement is subject to the following contingencies, and if the
45.  contingencies checked below are not satisfied or waived, in writing, by Buyer by _____, _____,
46.  this Purchase Agreement is canceled as of said date. Buyer and Seller shall immediately sign a *Cancellation of*
47.  *Purchase Agreement* confirming said cancellation and directing all earnest money paid hereunder to be refunded to
48.  Buyer.

49.  *(Select appropriate options a–i.)*

50.  ☐ (a)  ☐ **BUYER** ☐ **SELLER** shall provide a certificate of survey of the property, at ☐ **BUYER** ☐ **SELLER**
51.  ----------(Check one.)---------- expense. ----------(Check one.)----------

52.  ☐ (b)  Buyer obtaining approval of city/township of proposed building plans and specifications at
53.  ☐ **BUYER** ☐ **SELLER** expense. ----------(Check one.)----------

54.  ☐ (c)  Buyer obtaining approval of city/township of proposed subdivision development plans at
55.  ☐ **BUYER** ☐ **SELLER** expense. ----------(Check one.)----------

56.  ☐ (d)  Buyer obtaining approval of city/township for rezoning or use permits at ☐ **BUYER** ☐ **SELLER** expense.
----------(Check one.)----------

57.  ☐ (e)  Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, percolation tests which are acceptable to Buyer.
----------(Check one.)----------

58.  ☐ (f)  Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, soil tests which indicate that the property may be
----------(Check one.)----------
59.  improved without extraordinary building methods or cost.

60.  ☐ (g)  Buyer obtaining approval of building plans and/or specifications in accordance with any recorded subdivision
61.  covenants and approval of the architectural control committee.

62.  ☐ (h)  Buyer obtaining, at ☐ **BUYER** ☐ **SELLER** expense, copies of all covenants, reservations and restrictions
----------(Check one.)----------
63.  affecting the property.

64.  ☐ (i)  Other: _____
65.  _____

66.  Seller's expenses for these contingencies (if any) shall not exceed $ _____.

67.  **SPECIAL DISCLOSURES:** Seller discloses, to the best of Seller's knowledge, that the property described in this
68.  Purchase Agreement consists of approximately ___19,000___ ☐ **ACRES** ☒ **SQUARE FEET** and is currently zoned
----------(Check one.)----------
69.  _____.

70.  Seller discloses, to the best of Seller's knowledge, that the property ☐ **IS** ☒ **IS NOT** in a designated flood plain
----------(Check one.)----------
71.  area.

72.  Seller discloses, to the best of Seller's knowledge, that the property ☐ **DOES** ☒ **DOES NOT** currently receive
----------(Check one.)----------
73.  preferential tax treatment (e.g. Green Acres).

74.  Seller certifies that any and all leases applicable to the property in effect as of the date of this Purchase Agreement
75.  are terminable on or before the date of closing as specified in this Purchase Agreement.

76.  **ENVIRONMENTAL CONCERNS:** To the best of the Seller's knowledge there are no hazardous substances or
77.  underground storage tanks, except where herein noted.

78.  _____
79.  _____

MN:VLPA-2 (8/09)

# VACANT LAND PURCHASE AGREEMENT

**LARSON GROUP**
REAL ESTATE

80. Page 3
81. Address _____ 34515 Happy Canzpings Rd

82. Buyer may incur additional charges improving the property, including, but not limited to, hookup and/
83. or access charges; municipal charges; costs for sewer access, stubbing access, water access, park dedication, road
84. access, curb cuts, utility connection and connecting fees; and tree planting charges.

85. SELLER CERTIFIES, TO THE BEST OF SELLER'S KNOWLEDGE, WHETHER ANY OF THE FOLLOWING
86. PRESENTLY EXIST WITHIN THE PROPERTY:

87. Connection to public water?         ☐ Yes   ☒ No
88. Connection to public sewer?         ☐ Yes   ☒ No
89. Connection to private water system off property?   ☐ Yes   ☒ No
90. Connection to electric utility?        ☒ Yes   ☐ No

91. *(Check appropriate boxes.)*
92. **SUBSURFACE SEWAGE TREATMENT SYSTEM**
93. SELLER CERTIFIES THAT SELLER ☐ **DOES** ☐ **DOES NOT** KNOW OF A SUBSURFACE SEWAGE TREATMENT
94. SYSTEM ON OR SERVING THE PROPERTY. (If answer is **DOES**, and the system does not require a state permit,
           (Check one.)
95. see *Subsurface Sewage Treatment System Disclosure Statement.*

96. **PRIVATE WELL**
97. SELLER CERTIFIES THAT SELLER ☐ **DOES** ☐ **DOES NOT** KNOW OF A WELL ON OR SERVING THE
98. PROPERTY. (If answer is **DOES** and well is located on the property, see *Well Disclosure Statement.*)
           (Check one.)
99. THIS PURCHASE AGREEMENT ☐ **IS** ☐ **IS NOT** SUBJECT TO A *SUBSURFACE SEWAGE TREATMENT SYSTEM*
100. *AND WELL INSPECTION CONTINGENCY ADDENDUM.* (If answer is **IS**, see attached *Addendum.*)
       (Check one.)
101. **IF A WELL OR SUBSURFACE SEWAGE TREATMENT SYSTEM EXISTS ON THE PROPERTY, BUYER HAS**
102. **RECEIVED A *WELL DISCLOSURE STATEMENT* AND/OR A *SUBSURFACE SEWAGE TREATMENT SYSTEM***
103. ***DISCLOSURE STATEMENT.***

104. BUYER ☐ **HAS** ☐ **HAS NOT** RECEIVED A *VACANT LAND DISCLOSURE STATEMENT* OR A *SELLER'S*
      (Check one.)
105. *DISCLOSURE ALTERNATIVES* FORM.
106. Buyer acknowledges that no oral representations have been made regarding the property. Buyer relies solely on
107. Seller's written disclosure forms or a written report prepared by an independent third-party inspector that has been
108. provided to Buyer.
109. **BUYER HAS RECEIVED INSPECTION REPORTS, IF REQUIRED BY MUNICIPALITY.**
110. **BUYER HAS THE RIGHT TO A WALK-THROUGH REVIEW OF THE PROPERTY PRIOR TO CLOSING TO**
111. **ESTABLISH THAT THE PROPERTY IS IN SUBSTANTIALLY THE SAME CONDITION AS OF THE DATE OF**
112. **THIS PURCHASE AGREEMENT. SELLER AGREES TO NOTIFY BUYER IMMEDIATELY IN WRITING OF ANY**
113. **SUBSTANTIVE CHANGES FROM ANY PRIOR REPRESENTATIONS REGARDING THE PROPERTY.**

114. **DEED/MARKETABLE TITLE:** Upon performance by Buyer, Seller shall deliver a
115. ☒ **Warranty Deed** or ☐ **Other:** _____ **Deed** joined in by spouse, if any, conveying marketable title, subject to
     (Check one.)
116.  (a) building and zoning laws, ordinances, state and federal regulations;
117.  (b) restrictions relating to use or improvement of the property without effective forfeiture provisions;
118.  (c) reservation of any mineral rights by the State of Minnesota;
119.  (d) utility and drainage easements which do not interfere with existing improvements;
120.  (e) **rights of tenants as follows** (unless specified, not subject to tenancies): _____
121.  _____ ; and
122.  (f) others (must be specified in writing): _____
123.  _____

MN:VLPA-3 (8/09)

**VACANT LAND PURCHASE AGREEMENT**
164. Page 5

**LARSON GROUP**
REAL ESTATE

MINATION: Within a reasonable time period after Final Acceptance of this Purchase Agreement,
e one of the following title evidence options, at Seller's selection, which shall include proper searches
167. covering bankruptcies, state and federal judgments and liens, and levied and pending special assessments to Buyer
168. or Buyer's designated title service provider:

169. (1) A commitment for an owner's policy of title insurance on a current ALTA form issued by an insurer licensed to write
170.    title insurance in Minnesota as selected by Buyer. Seller shall be responsible for the title search and exam costs
171.    related to the commitment. Buyer shall be responsible for all additional costs related to the issuance of the title
172.    insurance policy(ies), including but not limited to the premium(s), Buyer's name search and plat drawing, if any.
173.    Seller shall surrender a copy of any owner's title insurance policy and Abstract of Title, if in Seller's possession or
174.    control, for this property to Buyer or Buyer's designated title service provider.

175. (2) An Abstract of Title certified to date if Abstract Property or a Registered Property Abstract (RPA) certified to date
176.    if Registered (Torrens) property. Seller shall pay for the abstracting or RPA costs and surrender any abstract for
177.    this property in Seller's possession or control to Buyer or Buyer's designated title service provider. If property is
178.    Abstract and Seller does not have an Abstract of Title, Option (1) will automatically apply.

179. Seller shall use Seller's best efforts to provide marketable title by the date of closing. In the event that Seller has not
180. provided marketable title by the date of closing, Seller shall have an additional 30 days to make title marketable or, in
181. the alternative, Buyer may waive title defects by written notice to Seller. In addition to the 30-day extension, Buyer
182. and Seller may by mutual agreement further extend the closing date. Lacking such extension, either party may declare
183. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
184. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
185. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
186. directing all earnest money paid hereunder to be refunded to Buyer.

187. **SUBDIVISION OF LAND:** If this sale constitutes or requires a subdivision of land owned by Seller, Seller shall pay all
188. subdivision expenses and obtain all necessary governmental approvals. This provision deals with the necessity of
189. subdividing land to complete the sale of the property described herein in contrast to the subdivision provision of lines
190. 54-55 which deals with the future development plans of Buyer. Seller warrants the legal description of the real property
191. to be conveyed has been or shall be approved for recording as of the date of closing. Seller warrants that there is a
192. right of access to the property from a public right of way. These warranties shall survive the delivery of the deed or
193. contract for deed.

194. Seller warrants that prior to the closing, payment in full will have been made for all labor, materials, machinery, fixtures
195. or tools furnished within the 120 days immediately preceding the closing. Seller warrants that Seller has not received
196. any notice from any governmental authority as to condemnation proceedings or violation of any law, ordinance or
197. regulation. If the property is subject to restrictive covenants, Seller warrants that Seller has not received any notice
198. from any person or authority as to a breach of the covenants. Any such notices received by Seller shall be provided to
199. Buyer immediately.

200. Seller agrees to allow Buyer reasonable access to the property for performance of any surveys, inspections or tests
201. or for water, sewer, gas or electrical service hookup as agreed to herein. Buyer shall restore the premises to the same
202. condition it was in prior to the surveys, inspections or tests and pay for any restoration costs relative thereto.

203. **RISK OF LOSS:** If there is any loss or damage to the property between the date hereof and the date of closing for
204. any reason, including fire, vandalism, flood, earthquake or act of God, the risk of loss shall be on Seller. If the property
205. is destroyed or substantially damaged before the closing date, this Purchase Agreement is canceled, at Buyer's
206. option, by written notice to Seller or licensee representing or assisting Seller. If Buyer cancels this Purchase Agreement,
207. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
208. directing all earnest money paid hereunder to be refunded to Buyer.

209. **TIME OF ESSENCE:** Time is of the essence in this Purchase Agreement.

210. **ENTIRE AGREEMENT:** This Purchase Agreement, any attached exhibits and any addenda or amendments signed
211. by the parties shall constitute the entire agreement between Buyer and Seller and supersedes any other written or
212. oral agreements between Buyer and Seller. This Purchase Agreement can be modified or canceled only in writing
213. signed by Buyer and Seller or by operation of law. All monetary sums are deemed to be United States currency for
214. purposes of this Purchase Agreement. **Buyer or Seller may be required to pay certain closing costs, which may**
215. **effectively increase the cash outlay at closing or reduce the proceeds from the sale.**

MN:VLPA-5 (8/09)

**LARSON GROUP** REAL ESTATE

**VACANT LAND PURCHASE AGREEMENT**

124. Page 4
125. Address ___34515 Happy Canoeings Rd___

126. Seller shall pay on the date of closing all real estate taxes due and payable in all prior years including all penalties and
127. interest.

128. ☐ **BUYER SHALL PAY** ☒ **SELLER SHALL PAY** on date of closing any deferred real estate taxes
____(Check one.)____
129. (e.g. Green Acres) or special assessments, payment of which is required as a result of the closing of this sale.

130. ☐ **BUYER AND SELLER SHALL PRORATE AS OF THE DATE OF CLOSING** ☒ **SELLER SHALL PAY ON**
____(Check one.)____
131. **DATE OF CLOSING** all installments of special assessments certified for payment, with the real estate taxes due and
132. payable in the year or closing.

133. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PAY** on date of closing all other special assessments levied as
____(Check one.)____
134. of the date of this Purchase Agreement.

135. ☐ **BUYER SHALL ASSUME** ☒ **SELLER SHALL PROVIDE FOR PAYMENT OF** special assessments pending as
____(Check one.)____
136. of the date of this Purchase Agreement for improvements that have been ordered by any assessing authorities.
137. (Seller's provision for payment shall be by payment into escrow of two (2) times the estimated amount of the
138. assessments or less, as required by Buyer's lender.)

139. Buyer shall pay any unpaid special assessments payable in the year following closing and thereafter, the payment of
140. which is not otherwise herein provided.

141. As of the date of this Purchase Agreement, Seller represents that Seller ☐ **HAS** ☒ **HAS NOT** received a notice
____(Check one.)____
142. regarding any new improvement project from any assessing authorities, the costs of which project may be assessed
143. against the property. Any such notice received by Seller after the date of this Purchase Agreement and before
144. closing shall be provided to Buyer immediately. If such notice is issued after the date of this Purchase Agreement and
145. on or before the date of closing, then the parties may agree in writing, on or before the date of closing, to pay, provide
146. for the payment of or assume the special assessments. In the absence of such agreement, either party may declare
147. this Purchase Agreement canceled by written notice to the other party, or licensee representing or assisting the other
148. party, in which case this Purchase Agreement is canceled. If either party declares this Purchase Agreement canceled,
149. Buyer and Seller shall immediately sign a *Cancellation of Purchase Agreement* confirming said cancellation and
150. directing all earnest money paid hereunder to be refunded to Buyer.

151. Buyer shall pay ☒ **PRORATED FROM DAY OF CLOSING** ☐ _____ **12ths OF** ☐ **ALL** ☐ **NO** real estate
____(Check one.)____
152. taxes due and payable in the year 20_09___ .

153. Seller shall pay, ☒ **PRORATED TO DAY OF CLOSING** ☐ _____ **12ths OF** ☐ **ALL** ☐ **NO** real estate taxes
____(Check one.)____
154. due and payable in the year 20_09_____ . If the closing date is changed, the real estate taxes paid shall, if prorated,
155. be adjusted to the new closing date.

156. Buyer shall pay real estate taxes due and payable in the year following closing and thereafter, the payment of which
157. is not otherwise herein provided. No representations are made concerning the amount of subsequent real estate
158. taxes.

159. **POSSESSION:** Seller shall deliver possession of the property no later than ___Day of_____ after closing.
160. All interest; unit owners' association dues; rents; and charges for city water, city sewer, electricity and natural gas shall
161. be prorated between the parties as of date of closing. Buyer shall pay Seller for remaining gallons of fuel oil or liquid
162. petroleum gas on the day of closing, at the rate of the last fill by Seller. Seller agrees to remove ALL DEBRIS AND
163. ALL PERSONAL PROPERTY NOT INCLUDED HEREIN from the property by possession date.

MN:VLPA-4 (8/09)



## VACANT LAND PURCHASE AGREEMENT
216. Page 6
217. Address _____ *34515 Happy Canyons Rd*

218. **FINAL ACCEPTANCE:** To be binding, this Purchase Agreement must be fully executed by both parties and a copy
219. must be delivered.

220. **CALCULATION OF DAYS:** Any calculation of days begins on the first day (calendar or Business Days as specified)
221. following the occurrence of the event specified and includes subsequent days (calendar or Business Days as specified)
222. ending at 11:59 P.M. on the last day.

223. **BUSINESS DAYS:** "Business Days" are days which are not Saturdays, Sundays or state or federal holidays unless
224. stated elsewhere by the parties in writing.

225. **DEFAULT:** If Buyer defaults in any of the agreements hereunder, Seller may terminate this Purchase Agreement
226. under the provisions of MN Statute 559.21. If either Buyer or Seller defaults in any of the agreements hereunder or
227. there exists an unfulfilled condition after the date specified for fulfillment, either party may cancel the Purchase
228. Agreement under MN Statute 559.217, Subd. 3. Whenever it is provided herein that the Purchase Agreement is
229. canceled, said language shall be deemed a provision authorizing a Declaratory Cancellation under MN Statute
230. 559.217, Subd. 4.

231. If this Purchase Agreement is not canceled or terminated as provided hereunder, Buyer or Seller may seek actual
232. damages for breach of this Purchase Agreement or specific performance of this Purchase Agreement; and, as to
233. specific performance, such action must be commenced within six (6) months after such right of action arises.

234. **NOTICE REGARDING AIRPORT ZONING REGULATIONS:** The property may be in or near an airport safety zone
235. with zoning regulations adopted by the governing body that may affect the property. Such zoning regulations are
236. filed with the county recorder in each county where the zoned area is located. If you would like to determine if such
237. zoning regulations affect the property, you should contact the county recorder where the zoned area is located.

238. **NOTICE REGARDING PREDATORY OFFENDER INFORMATION: Information regarding the predatory offender**
239. **registry and persons registered with the predatory offender registry under MN Statute 243.166 may be**
240. **obtained by contacting the local law enforcement offices in the community where the property is located**
241. **or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections web**
242. **site at www.corr.state.mn.us.**

---

243. **NOTICE**

244. *Rob Birkeland*
    _____          is ☐ Seller's Agent ☐ Buyer's Agent ☒ Dual Agent ☐ Facilitator.
    (Licensee)                                        -------------------(Check one.)-------------------

245. *Larson Group Real Estate*
    _____
    (Real Estate Company Name)

246. _____          is ☐ Seller's Agent ☐ Buyer's Agent ☐ Dual Agent ☐ Facilitator.
    (Licensee)                                        -------------------(Check one.)-------------------

247. _____
    (Real Estate Company Name)

248.      **THIS NOTICE DOES NOT SATISFY MINNESOTA STATUTORY AGENCY DISCLOSURE REQUIREMENTS.**

---

MN:VLPA-6 (8/09)



# VACANT LAND PURCHASE AGREEMENT

249. Page 7
250. Address _34515 Happy Lands Rd_

---

251. **DUAL AGENCY REPRESENTATION**

252. **PLEASE CHECK _ONE_ OF THE FOLLOWING SELECTIONS:**

253. ☐ Dual Agency representation DOES NOT apply in this transaction. *Do not complete lines 254-270.*

254. ☒ Dual Agency representation DOES apply in this transaction. *Complete the disclosure in lines 255-270.*

255. Broker represents both the Seller(s) and the Buyer(s) of the property involved in this transaction, which creates a
256. dual agency. This means that Broker and its salespersons owe fiduciary duties to both Seller(s) and Buyer(s). Because
257. the parties may have conflicting interests, Broker and its salespersons are prohibited from advocating exclusively for
258. either party. Broker cannot act as a dual agent in this transaction without the consent of both Seller(s) and Buyer(s).
259. Seller(s) and Buyer(s) acknowledge that

260.    (1) confidential information communicated to Broker which regards price, terms or motivation to buy or sell will
261.       remain confidential unless Seller(s) or Buyer(s) instructs Broker in writing to disclose this information. Other
262.       information will be shared;

263.    (2) Broker and its salespersons will not represent the interest of either party to the detriment of the other; and

264.    (3) within the limits of dual agency, Broker and its salespersons will work diligently to facilitate the mechanics of
265.       the sale.

266. With the knowledge and understanding of the explanation above, Seller(s) and Buyer(s) authorize and instruct Broker
267. and its salesperson to act as dual agents in this transaction.

268. Seller _____   Buyer X _____

269. Seller _____   Buyer _____

270. Date _____   Date _____

---

271. OTHER: _Buyer will Close 24 Hours upon Seller providing Clean title_
272. _____
273. _____
274. _____
275. _____
276. _____
277. _____
278. _____
279. _____
280. _____
281. _____
282. _____
283. _____
284. _____
285. _____
286. _____

MN:VLPA-7 (8/09)



# VACANT LAND PURCHASE AGREEMENT

287. Page 8
288. Address _____

289. Other addenda may be attached which are made a part of this Purchase Agreement. (Enter total number of pages of
290. this Purchase Agreement, including addenda, on line two (2) of page one (1).)

291. I, the owner of the property, accept this Purchase
292. Agreement and authorize the listing broker to withdraw
293. said property from the market, unless instructed otherwise
294. in writing.
295. **I have reviewed all pages of this Purchase Agreement.**

I agree to purchase the property for the price and on
the terms and conditions set forth above.
**I have reviewed all pages of this Purchase
Agreement.**

296. ☐ **If checked, this Agreement is subject to attached**
297. *Counteroffer Addendum.*

298. X _____
    (Seller's Signature)             (Date)

X _____
    (Buyer's Signature)            (Date)

299. X _____
    (Seller's Printed Name)

X *Tim Thone   TmT Land LLC*
    (Buyer's Printed Name)    *CHIEF MANAGER*

300. X _____
    (Marital Status)

X _____
    (Marital Status)

301. X _____
    (Seller's Signature)             (Date)

X _____
    (Buyer's Signature)            (Date)

302. X _____
    (Seller's Printed Name)

X _____
    (Buyer's Printed Name)

303. X _____
    (Marital Status)

X _____
    (Marital Status)

304. **FINAL ACCEPTANCE DATE** _____

305.        **THIS IS A LEGALLY BINDING CONTRACT BETWEEN BUYER(S) AND SELLER(S).**
306.        **IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.**

307. **I ACKNOWLEDGE THAT I HAVE RECEIVED AND HAVE HAD THE** OPPORTUNITY TO REVIEW THE *ARBITRATION*
308. *DISCLOSURE AND RESIDENTIAL REAL PROPERTY ARBITRATION AGREEMENT*, **WHICH IS AN OPTIONAL,**
309. **VOLUNTARY AGREEMENT AND IS NOT PART OF THIS PURCHASE AGREEMENT.**

310. **SELLER(S)** _____
    **BUYER(S)** *Not Requested.*

311. **SELLER(S)** _____
    **BUYER(S)** _____

MN:VLPA-8 (8/09)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

BKY No. 09-50779

In re:

Chapter 7

Dennis E. Hecker,

      Debtor.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I hereby certify that on December 1, 2009, I caused the following documents:

> ***Notice of Motion and Motion for Approval of Settlement Agreement and for
> Expedited Hearing and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be
delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice
pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail,
postage paid, to the following:

### SEE ATTACHED SERVICE LIST

             /e/  Stephanie Wood

Dated:  December 1, 2009

           Stephanie Wood
           100 South Fifth Street, Suite 2500
           Minneapolis, MN  55402
           (612) 332-1030

413108

UNITED STATES RENT A CAR
4744 PARADISE ROAD
LAS VEGAS,, NV  89121

ACE INSURANCE COMPANY
P.O. BOX 294836
CLEVELAND OH 44101

ALDRIDGE, DAN
11700 CROSS AVE
CROSSLAKE MN 56442

ALLEN EIDE
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS MN 55120

AMERICAN EXPRESS
P. O. BOX 0001
LOS ANGELES CA 90096

AMERICAN NAT'L BANK OF MN
7638 WOIDA RD
BAXTER MN 56425

ANCHOR BANK
1570 CONCORDIA AVE
SAINT PAUL MN 55104

ANCHOR BANK
P.O. BOX 7933
MADISON WI 53707

AV CARD/OASIS
164 LAKE FRONT DR
COCKEYSVILLE MD 21030

AXIS CAPITAL, INC.
308 N LOCUST ST
PO BOX 2555
GRAND ISLAND NE 68802

AXLE CAPITAL, LLC / SAGECREST
3 PICKWICK PLAZA
GREENWICH CT 06830

AMERICAN BANK
1578 UNIVERSITY AVENUE W
SAINT PAUL, MN 55104

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BARBARA LYNN CUTTER
2350 S BEVERLY GLEN BLVD #5
W LOS ANGELES CA 90064

BAYPORT MARINA ASSOCIATION
200 5TH STREET
BAYPORT MN 55003

BELISLE, WAYNE
1843 EAGLE RIDGE DR
SAINT PAUL MN 55118

BELLAGIO
3600 LAS VEGAS BLVD
LAS VEGAS NV 89109

BREICH, WALTER
13670 -- 122ND STREET
NORWOOD YOUNG AMERICA MN
55368

BREMER BANK
633 SOUTH CONCORD STREET,
SUITE 350
SOUTH ST. PAUL MN 55075

BRIGGS & MORGAN PA
2200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS MN 55402

C AND C BOAT WORKS
36448 CTY RD 66
CROSSLAKE MN 56442

CA BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279-7072

CA DEPT OF MOTOR VEHICLES
PO BOX 942869
SACRAMENTO CA 94269-0001

CARLTON FINANCIAL
CORPORATION
1907 E. WAYZATA BLVD. SUITE 180
WAYZATA MN 55391

CENTER POINT ENERGY
P.O. BOX 1144
MINNEAPOLIS MN 55440

CESSNA AIRCRAFT COMPANY
P.O. BOX 12270
WICHITA KS 67277

CHRYSLER FINANCIAL
CIMS 740-01-19
6400 S FIDDLERS GREEN CIR.,
STE. 700
ENGLEWOOD CO 80111-4979

CITY OF ASPEN
130 S. GALENA ST.
ASPEN CO 81611

CITY OF BAYPORT
294 N. 3RD STREET
BAYPORT MN 55003

CITY OF MEDINA
2052 CO RD 24
HAMEL MN 55340

COMMUNITY NATIONAL BANK
845 EAST COUNTY ROAD E
VADNAIS HEIGHTS MN 55127

D&H DOCKS
23624 SMILEY ROAD
NISSWA, MN 56468

COOPERATIVE POWER
P.O. BOX 69
TWO HARBORS MN 55616

CORNERSTONE BANK
2627 SOUTH UNIVERSITY
FARGO ND 58103

CROSSLAKE PROPERTY
SOLUTIONS
P.O. BOX 810
CROSSLAKE MN 56442

CROW WING COUNTY
TREASURER
JUDICIAL CENTER
213 LAUREL ST
BRAINERD MN 56401

DEERWOOD BANK
P.O. BOX 527
724 W. WASHINGTON STREET
BRAINERD MN 56401

DON GILBERT
1700 PHEASANT RUN
HUDSON WI 54016

DONALD M HALSTEAD III
15626 SUNSET WAY
BRAINERD MN 56401

ELIZABETH A JOHNSON
PO BOX 624
PINE RIVER MN 56474

ENCORE BANK
3003 TAMIAMI TRAIL NORTH, #100
NAPLES FL 34103

EXXONMOBILE OIL
CORPORATION
ATTN JENNIFER FRASER
120 MCDONALD STREET SUITE B
SAINT JOHN NB CANADA E2J 1M5

FAMILY HOLDINGS OF MN LLC
11614 ECHO BAY DRIVE
CROSSLAKE MN 56442

FIFTH THIRD BANK
C/O RICHARD J. SWIFT, JR.
GARLICK STETLER & SKRIVIAN
9115 CORSEA DE FONTANA WAY,
#100
NAPLES FL 34109

GE CAPITAL
1415 WEST 22ND STREET, SUITE
600
OAKBROOK IL 60523

GE CAPITAL, FLEET SERVICES
3 CAPITAL DRIVE
EDEN PRAIRIE MN 55344

GELCO CORPORATION
THREE CAPITAL DRIVE
ATTN: GENERAL COUNSEL
EDEN PRAIRIE MN 55344

GEMB LENDING INC
2995 RED HILL AVE STE 250
COSTA MESA CA 92626

GEMB LENDING, INC.
P.O. BOX 57091
IRVINE CA 92619

GMAC MORTGAGE
9661 W. 143RD STREET
SUITE 200
ORLAND PARK IL 60462

GMAC MORTGAGE
P.O. BOX 4622
WATERLOO IA 50704

GMAC, LLC
15303 94TH AVENUE
ORLAND PARK IL 60462

GWYN M DOENZ
10600 COUNTRY DRIVE
PINE CITY MN 55063

HECKER, SANDRA
13755 - 84TH PL N
MAPLE GROVE MN 55369

HENNEPIN COUNTY TREASURER
300 S SIXTH ST
A600 GOVERNMENT CNT
MINNEAPOLIS MN 55487

HOLY CROSS ENERGY
3799 HWY 82
GLENWOOD SPRINGS CO 81602

HOME FEDERAL SAVINGS BANK
1016 CIVIC CENTER DR NW
STE 300
ROCHESTER MN 55903

HSBC BANK NEVADA NA
BASS & ASSOCIATES, PC
3936 E FT LOWELL RD, STE 200
TUCSON AZ 85712

HYUNDAI MOTOR AMERICA
10550 TALBERT AVE
MOUNTAIN VALLEY CA 92708

INTER BANK
P.O. BOX 986
NEWARK NJ 07184

INTERBANK EDINA
3400 WEST 66TH STREET, SUITE 100
EDINA MN 55435

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
389 US COURTHOUSE 316 N ROBERT
ST. PAUL MN 55101

IRS
DEPARTMENT OF TREASURY
OGDEN UT 84201

JACOB HOLDINGS OF MEDINA, LLC
500 FORD RD
MINNEAPOLIS MN 55426

JACOB PROPERTIES OF ASPEN, LLC
500 FORD RD
MINNEAPOLIS MN 55426

JASON S. COLBAUGH
PO BOX 1220
BRAINERD MN 56401

JAVAN CARL
13942 GRAND OAKS DR
BAXTER MN 56425

JAVER ESQUIVEL
2807 W AVE 30
LOS ANGELES CA 90065

JC BROMAC
11860 S. LA CIENEGA BLVD.
LOS ANGELES CA 90250

JOHN J. SORCI TRUST
2300 EAST VALLEY COURT
SAN JOSE CA 95148

JP MORGAN CHASE BANK, N.A.
726 MADISON AVENUE
NEW YORK NY 10021

KAPLAN STRANGIS & KAPLAN PA
5500 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

KELLY K. HECKER
13905 - 53RD AVE N. APT. 1
PLYMOUTH MN 55446

KLEINBANK
14141 GLENDALE ROAD
SAVAGE MN 55378

KSTP-FM LLC
3415 UNIVERSITY AVE
SAINT PAUL MN 55114

LAKE BANK, N.A., THE
613 FIRST AVENUE
TWO HARBORS MN 55616

LLOYD SECURITY
1097 10TH SE
MINNEAPOLIS MN 55414

LUBIC, MICHAEL, ESQ.
601 S FIGUEROA ST
STE 2500
LOS ANGELES CA 90017-5704

M&I BANK
770 N. WATER STREET
MILWAUKEE WI 53202

MAC OF PINE CITY, LLC
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

MARC D. KOHL
39101 DARLING LANE
HINCKLEY MN 55037

MARC E TRESSLER
3400 BARBARA LN
BURNSVILLE MN 55337

MARSH CONSUMER
333 SOUTH SEVENTH, STE 1600
MINNEAPOLIS MN 55402-2427

MARSHALL BANK FIRST
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS MN 55402

MCENROE, CATHERINE
LEONARD STREET & DEINARD
150 S FIFTH ST STE 2300
MINNEAPOLIS MN 55402

MICHAEL REYES
PO BOX 205
BACKUS MN 56435

MIKDEN PROPERTIES
7002 6TH STREET NORTH
OAKDALE MN 55128

MINNESOTA DEPT. OF REVENUE
MAIL STATION 7701
SAINT PAUL MN 55146-7701

MINNESOTA DEPT. OF REVENUE
PO BOX 64649
SAINT PAUL MN 55164-0649

MN DEPT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES
445 MINNESOTA ST
SAINT PAUL MN 55101-5160

NATHAN THIEMAN
1030 8TH AVE SW
PINE CITY MN 55063

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NIEDERNHOEFER, MANFRED
1563 RIVERCREST RD
LAKELAND MN 55043

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

OLD REPUBLIC SURETY
1503 - 42ND ST
STE 100
DES MOINES IA 50305

PRALLE, GARY
3625 PINE HOLLOW PL
STILLWATER MN 55082

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

PRESS A DENT INC
1154 S HIGH ST
DENVER CO 80210

PRINDLE, DECKER & AMARO, LLP
310 GOLDER SHORE - 4TH FLOOR
LONG BEACH CA 90802

PROFESSIONAL SERVICE
BUREAU
11110 INDUSTRIAL CIRCLE NW
STE B
ELK RIVER MN 55330-0331

ROHOVSKY, BILL
11700 CROSS AVE
CROSSLAKE MN 56442

R. OLSON / WATERFORD
PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK
LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROE, JESSICA LIPSKY, ESQ.
BERNICK LIFSON ET AL
500 WAYZATA BLVD STE 1200
MINNEAPOLIS MN 55416

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

RUTH ANN BIEDERMAN
414 7TH AVE NE
PINE CITY MN 55063

SCHUYLER SCARBOROUGH
19181 SPENCER ROAD UNIT #15
BRAINERD MN 56401

SCOTT A. KEYPORT
1802 AIRWAVES RD NE
PINE CITY MN 55063

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIX YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF
REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY
MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS
BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND
FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY
TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK,
FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

DENNIS E. HECKER
PO BOX 1017
CROSSLAKE, MN  56442

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART M ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                              BKY No.:  09-50779

Dennis E. Hecker,                                                        Chapter 7

                    Debtor.

_____

## ORDER

_____

This case is before the court on the expedited motion of Randall L. Seaver, trustee seeking an

order authorizing approval of a Settlement Agreement.

Based on the motion and the file,

**IT IS ORDERED**:

1.       The trustee's motion for expedited relief is granted.

2.       The trustee's motion for approval of the Settlement Agreement is granted.

3.       Pursuant to the Settlement Agreement, the trustee is authorized to sell 34515 Happy

Landing Road, Crosslake, MN  56442 (the "**Property**") to TMT Land LLC, or its designee for the

sum of $260,000.00 free and clear of all liens and encumbrances

4.       The trustee is authorized to sell the Property to any other higher bidder on such terms

as are acceptable to the trustee.

5.       Notwithstanding Bankruptcy Rule 6004(h), this Order is effective immediately.

**BY THE COURT:**

Dated: _____         _____
                                                       Robert J. Kressel
                                                       U.S. Bankruptcy Court Judge

413074