## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: ) | |
| ) | **Bankruptcy Case No.** 09-50779 |
| Dennis E. Hecker, ) | **Chapter 7** |
| ) | |
| Debtor. ) | |
| ) | |

### MOTION FOR LEAVE TO APPEAL

### I.  MOTION

CORNERSTONE Bank, CORNERSTONE Holding Company, Inc., and BLACKSTONE Financial, LLC, hereafter jointly and severely referred to as "Cornerstone" hereby submits this Motion for leave to appeal under 28 U.S.C. § 158(a).

Randall L. Seaver is the Chapter 7 Trustee for the estate of Dennis E. Hecker. The Bankruptcy Court entertained the Trustee's motion for expedited hearing on November 25, 2009. The Trustee sought consent to a sale of Brainerd Imports, LLC, assets, an entity owned by Dennis Hecker, to the purchaser, Brainerd T, LLC, and Jacob Holdings of Baxter, LLC, assets, another Hecker entity, to Walzer Real Estate IV, LLC, in consideration of an alleged settlement of a preference action against Toyota Motor Credit Corporation. CornerStone Bank objected to the Trustee's attempt to have the proceeds earmarked and payable to unsecured creditors as a preference recovery, rather than as proceeds from the sale of assets subject to Cornerstone's security interests. The Trustee asserted that the proposed sale of assets was a settlement/recovery of preference action against Toyota Motor Credit Corporation. On November 25, 2009, the Bankruptcy Court granted the Trustee's Motion. Cornerstone

requested the Court to hold an evidentiary hearing to determine the legitimacy of the Trustee's motion. The Court denied Cornerstone's request. Cornerstone asserted that the Trustee failed to demonstrate that a preference occurred. The Trustee failed to demonstrate that Hecker actually tendered his own funds to Toyota Motor Credit Corporation and not the funds of Brainerd Imports, LLC, a non-debtor. In addition, the Trustee failed to provide any information regarding the amount of funds Toyota Motor Credit Corporation was owed 90 days prior to the bankruptcy filing, the value of Toyota Motor Credit Corporation's collateral 90 days prior to the bankruptcy filing, and the value of Toyota Motor Credit Corporation's collateral and the amount of the indebtedness outstanding at the time of the bankruptcy filing. The Trustee also failed to demonstrate that Denny Hecker himself tendered any funds personally during the 90 day preference period. The Trustee asserts that $160,000.00 of Denny Hecker's personal funds were tendered during the preference period the $160,000.00 is not equivalent to $425,000.00 that the Trustee received in settlement of the preference. The settlement proceeds are disguised as a preference to avoid Cornerstone's security interests in Denny Hecker's general intangibles. Cornerstone's security interests in Denny Hecker's intangibles extends to any proceeds the Trustee receives from the sale of Denny Hecker's interests in Brainerd Imports, LLC.

## II.    QUESTIONS TO BE DETERMINED AND RELIEF SOUGHT

The questions to be determined by the District Court are whether Cornerstone was a secured creditor that had a security interest in Hecker's general intangibles and whether that security interest was enough to include the Debtor's settlement proceeds.

### III. REASONS WHY AN APPEAL SHOULD BE GRANTED

This appeal should be granted because Cornerstone had a security interest in the sale of proceeds that the Trustee sought in the amount of $425,000.00. The Trustee improperly classified the settlement entered into between the Trustee and the inquiring parties of the assets of Brainerd Imports, LLC, and Jacob Holdings of Baxter, LLC, as a settlement preference action with Toyota Motor Credit Corporation because the agreement was a sale of assets free and clear.

Dated the 7th day of December, 2009.

/s/ Brad A. Sinclair
Brad A. Sinclair (#0161652), of
SERKLAND LAW FIRM
10 Roberts Street
PO Box 6017
Fargo, ND  58108-6017
(701) 232-8957
**ATTORNEYS FOR
CORNERSTONE BANK**