UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| DENNIS E. HECKER, | BKY 09-50779 |
| Debtor. | |

| | |
|---|---|
| Tamitha Hecker, | |
| Plaintiff, | Adv. Pro. No. |
| vs. | **COMPLAINT** |
| Randall L. Seaver, the chapter 7 trustee of the estate of Dennis E. Hecker, | |
| Defendant. | |

Plaintiff Tamitha Hecker, as and for her complaint against the defendant, Randall L. Seaver as the chapter 7 trustee, states and alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(A), Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 7 case was filed on June 4, 2009. The case is now pending in this court.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

3. Plaintiff Tamitha Hecker is the former spouse of the debtor, Dennis Hecker.

4. The debtor and Ms. Hecker had been married for approximately 15 years. They were married, but separated at the time of the debtor's bankruptcy case was filed. Ms. Hecker personally served her summons and petition on the debtor for dissolution of their marriage on or about May 15, 2009. The dissolution proceeding is pending in Hennepin County District Court. The court dissolved the marriage by an order filed on December 17, 2009. The judgment for dissolution was entered on December 18, 2009.

# FACTS

5. Randall L. Seaver is the chapter 7 trustee that has been duly appointed to oversee the bankruptcy case of Ms. Hecker's ex-husband.

6. Throughout the course of Ms. Hecker's marriage with the debtor, she and the debtor shared various homes: in Arizona, Colorado, several homes in Minnesota and in Mexico. Ms. Hecker furnished and decorated the various homes.

7. Throughout the course of Ms. Hecker's marriage with the debtor, the debtor gifted Ms. Hecker cash, jewelry and other personal property items. Some of the jewelry owned by Ms. Hecker includes jewelry given to her by other family members other than the debtor. Ms. Hecker is also listed as a joint owner of real property located in Colorado commonly referred to as the Timbers Club property, legally described as: Timbers Club at Snowmass Unit: S6 DESC: Parking Space, Parcel No. 273301406036, Snowmass Village, Colorado. There may be other properties unknown to her at this time for which she has a one-half interest.

8. The gifts of cash, jewelry and personal property given to Ms. Hecker were given to her while the debtor was solvent. At all times, when the gifts of cash, jewelry or other personal property was given to Ms. Hecker, the debtor was paying his bills as they came due. In addition, she is a co-owner of the Colorado real property, which was purchased while the debtor was solvent.

9. The trustee has asserted an interest in the jewelry, cash and personal property of Ms. Hecker. Ms. Hecker retains the majority of the jewelry as well as cash in a safety deposit box per an understanding reached with the trustee in September 2009.

10. The trustee has sold personal property belonging to Ms. Hecker during the course of his administration of the estate. Ms. Hecker has preserved her interest in the property sold and the trustee is holding the funds in escrow pending further order of this court.

# COUNT I
## (DECLARATORY JUDGMENT)

11. Ms. Hecker hereby incorporates by reference the allegations set forth in paragraphs 1 to 10 as though fully set forth herein.

12. The cash, jewelry and other personal property were given to Ms. Hecker as gifts and not while the debtor was insolvent. She is a co-owner of the Colorado real property. As such, the foregoing is the property of Ms. Hecker, not of the estate.

13. The estate has no interest in the cash, jewelry, personal property or one-half interest in the Colorado real property.

14. The cash, jewelry, personal property and one-half interest in the real property of Ms. Hecker are not property of the estate.

15. Ms. Hecker seeks a declaratory judgment that her interest in the cash, jewelry and other personal and real property, including the proceeds from the property sold by the trustee, are not property of the estate.

# COUNT II
## (ABANDONMENT)

16. Ms. Hecker hereby incorporates by reference the allegations set forth in paragraphs 1 to 15 as though fully set forth herein.

17. Pursuant to 11 USC §544(b), Ms. Hecker requests that the court order that the cash, jewelry, personal property and one-half interest in the Colorado real property be abandoned by the trustee as the benefit to the estate is inconsequential as the debtor and the estate has no interest in those items.

18. Ms. Hecker also requests that the chapter 7 trustee be required to turn over to her the proceeds from the sale of the personal property subject to her one-half interest.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Randall L. Seaver as chapter 7 trustee as follows:

1. That the cash, jewelry. personal property and Colorado real property are that of Ms. Hecker.

2. That the chapter 7 trustee be ordered to abandon his interest in the cash, jewelry, personal property and one-half interest in the real property.

3. That the chapter 7 trustee disburse to Ms. Hecker the sums attributable from the sale of her one-half interest in the personal property.

4. For such other relief as may be just and equitable.

Dated: January 12, 2010      MANTY & ASSOCIATES, P.A.

                  By: /e/ Nauni Jo Manty
                  Nauni J. Manty (#230352)
                  Jacqueline D. Kuiper (#0389387)
                  Timothy Pramas (#240321)
                  Bryan F. Brown (#11952)
                  510 First Avenue North, Suite 305
                  Minneapolis, MN 55403
                  (612) 340-7950
                  (612) 746-0310 (Fax)

                  **ATTORNEYS FOR TAMITHA HECKER**

## VERIFICATION

I, Tamitha Hecker, the Plaintiff named in the foregoing Complaint declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: January 12, 2010

_____
Tamitha Hecker