In re:

Dennis E. Hecker,                                                    BKY No. 09-50779
                                                                              Chapter 7

       Debtor.

## NOTICE OF HEARING AND MOTION FOR CONTEMPT OF COURT

TO:    Parties specified in Local Rule 9013-3.

## <u>NOTICE OF HEARING</u>

1.    Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**"), by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this Motion at 2:00 p.m. on February 3, 2010, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Any response to this motion must be filed and served by delivery no later than January 29, 2010 which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays).  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  The case is now pending in this Court.

5.     This motion arises under 11 U.S.C. §105(a) and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure.  Movant requests relief with respect to the failure of Debtor Dennis E. Hecker ("**Debtor**") to comply with the Court's Order of October 21, 2009 (granting the Trustee's motion for turnover) ("**Turnover Order**"), the Court's Order of November 3, 2009 extending the time for the Debtor's compliance with the Turnover Order, and the Court's Order holding Debtor in contempt of court dated November 19, 2009.  A copy of Turnover Order, the November 3, 2009 Order and the November 19, 2009 Order are attached hereto as Exhibits A, B and C, respectively.

6.     Movant further requests that Christi Rowan, Debtor's live-in girlfriend, be held in contempt.  Ms. Rowan was served with the subpoena that is attached hereto as Exhibit D and appeared for her 2004 examination on October 13, 2009.   The e-mail correspondence produced by Ms. Rowan for her examination was limited to a stack of printed pages less than half an inch thick.  Ms. Rowan did not produce any records from Associated Bank or Wells Fargo.

7.     The Debtor has failed or refused to comply with the Court's Orders.

8.     More particularly, the Debtor has failed as follows:

A.     The turnover order (attached hereto as Exhibit A), at item 17 required Debtor to turnover "Copies of all e-mails between Dennis E. Hecker and anyone, except for e-mails between Hecker and his attorneys, and e-mails between Hecker and his spouse, for the time period of June 1, 2008 to date."  Debtor originally produced about nine banker's boxes of printed emails.  None contain the attachments.  It is believed that these e-mails were simply printed copies of the Cindy Bowser e-mails and counsel's recollection is that Debtor's counsel has represented this to be true.

That the originally-produced e-mails are Bowser e-mails is evidenced by the fact that many e-mails are personal to Cindy Bowser (and Debtor would not have access to the same).

The Trustee met with Debtor and his counsel on December 9, 2009 and, among other things, brought up the deficiency in Debtor's e-mail production. It was agreed that Debtor would fully-comply with the Trustee's turnover order by December 21, 2009.

On December 21, 2009, two five ream boxes were delivered to the Trustee's counsel purporting to be Debtor's compliance with the turnover order (i.e., the remaining e-mail items). (About a two foot stack.) However, **every single e-mail produced on December 21, 2009 was printed from the Yahoo account of Ms. Rowan**. Debtor's e-mail records (which were not Yahoo-based) were not produced. Since the e-mails produced were Ms. Rowan's e-mail records, every e-mail involved a communication between the Debtor and Ms. Rowan. Debtor has not complied with the turnover order as (a) he certainly corresponded with others than Ms. Rowan and, (b) Debtor's e-mails are sent from non-Yahoo accounts. Debtor primarily made use of a "heckerauto" e-mail account.

B.    The turnover order required the production of records related to Bremer Bank. More specifically, it required "Copies of all loan agreements between Northstate Financial Corporation and Bremer Bank." No such documents have been produced.

C.    The turnover order contained a number of items directed toward Debtor's entity, Northstate Financial Corporation (items 8, 9, 10 and 11). As to each, Debtor produced nothing stating, through an in-house accountant, in handwriting, that those pages were taken by the U.S. government. An example of the responses is attached hereto as Exhibit E. There is no representation that the Debtor has made any effort to access the

3

information or otherwise comply with the subpoena. However, it is known that the Debtor recently accessed the documents at the office of the U.S. Attorney for a short period of time.

9. Debtor's production of Ms. Rowan's e-mail records also demonstrates that Ms. Rowan did not comply with the Trustee's subpoena. Volumes more of her e-mails were produced on December 21, 2009 than were initially produced by Ms. Rowan (prior to her 2004 examination).

10. Further, at her 2004 examination, Ms. Rowan testified that she had only banked at Teachers Federal Credit Union (now TruStone Financial). Exhibit F (2004 Examination excerpt, at p. 8). This is not true. She also maintained and used an account at Associated Bank.[1] She did not produce any records from Associated Bank despite the clear mandate of the subpoena. Exhibit G (Associated Bank Statements). It is believed that she also possessed an account at Wells Fargo and the records for that account were not been produced.

11. The Trustone Financial bank records produced by Ms. Rowan were, largely, illegible.

12. Item 7 of the subpoena for Ms. Rowan required the production of all gift cards, or the like, in her possession. She did not produce any. However, her testimony, and the Trustee's own discovery, revealed that she possessed a $1,194.03 gift card from Gorsuch, a luxury ski apparel store in Aspen, Colorado (where Ms. Rowan and the Debtor recently spent the Holiday season). The purchases that generated the card were made by the Debtor and Ms. Rowan received the card by making returns. In any event, neither this card nor any others were produced.

13. The Trustee expects that he will incur attorney's fees of not less than $1,500.00 in propounding this motion.[2]

14. If required, the Trustee gives notice that he may testify at the hearing of this matter.[3]

---

[1] Ms. Rowan did verbally discuss the account but claimed not to use it.

**WHEREFORE**, the Trustee requests that this Court find the Debtor in civil contempt and that the Court:

1.    Again directing Debtor to comply with the Turnover Order within two days of the Court's order;

2.    Directing Christi Rowan to fully-comply with the Trustee's subpoena within two days of the Court's order;

3.    Directing Christi Rowan to reimburse the Trustee for the costs of her 2004 examination which was conducted with less than full disclosure by Ms. Rowan. Those costs are estimated to be $3,500.00.

4.    Award the Trustee his costs and fees incurred in bringing this motion together with an additional monetary sanction at the Court's discretion; and,

5.    For such other relief the Court deems just and proper under the circumstances.

                                   **LEONARD, O'BRIEN,**
                                   **SPENCER, GALE & SAYRE LTD.**

                                          /e/ Matthew R. Burton
Dated: January 20, 2010            By: _____
                                         Matthew R. Burton, #210018
                                         Attorneys for Trustee
                                         100 South Fifth Street, Suite 2500
                                         Minneapolis, MN 55402
                                         (612) 332-1030

---

[2] Counsel's hourly rate is $360.00.
[3] Counsel for the Trustee is verifying this motion as he is the one with knowledge of the facts detailed herein.

## VERIFICATION

I, Matthew R. Burton, attorney for Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, named in the foregoing Notice of Hearing and Motion for Contempt of Court, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

/e/ Matthew R. Burton

Dated:  January 20, 2010

_____

Matthew R. Burton

413448

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

BKY No. 09-50779

In re:

Dennis E. Hecker,

       Debtor.

**ORDER**

This case is before the court on the motion of Randall L. Seaver, chapter 7 trustee, for turnover of property of the estate.

Upon the motion and the file,

IT IS ORDERED:  Within seven days from the entry of this order Dennis E. Hecker shall turnover to the trustee the following:

1.     Copies of all bank statements, check images and registers for all Hecker business entities listed on Exhibit B-13 of the debtor's bankruptcy schedules as well as those of New Dimension Advisors LLC from June 1, 2009 to October 1, 2009.

2.     Copies of all utility bills for the properties at Crosslake and 1615 North Ridge Drive from June 1, 2009 to October 1, 2009.

3.     Copies of all credit card statements for any credit cards that Dennis Hecker has used or upon which he is a signatory from May 1, 2009 to October 1, 2009.

4.     Copies of all documents relating to or evidencing expenses incurred or paid in conjunction with any travel and lodging of Dennis Hecker outside the State of Minnesota from June 1, 2009 to October 1, 2009.

5.     Copies of all checks, wire transfers and all other documents relating to or evidencing any payments to any attorney or law firm by Dennis Hecker, New Dimension Advisors LLC or any of the business entities listed at Exhibit B-13 of the Dennis Hecker bankruptcy schedules from January 1, 2009 to October 1, 2009.



EXHIBIT

A

tabbies

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 10/21/2009
Lori Vosejpka, Clerk, by LMH

6.      Copies of all documents relating to or evidencing the transfer of any monies or property to or for the benefit of Christi Rowan made by Dennis Hecker, New Dimension Advisors LLC, or any of the business entities listed on Exhibit B-13 of the Dennis Hecker bankruptcy schedules, from January 1, 2008 to October 1, 2009.

7.      Copies of all account statements for any bank account held by any person or entity from June 1, 2009 - October 1, 2009 into which any monies paid to any of the business entities listed on Exhibit B13 of the bankruptcy schedules have been deposited.

8.      Any and all bank account statements, check registers, check images, account receivable ledgers, balance sheets, depreciation schedules and income statements for Northstate Financial Corporation from January 1, 2008 to date.

9.      Copies of all loan agreements between Northstate Financial Corporation and Bremer Bank.

10.     Copies of all insurance policies maintained by Northstate Financial Corporation for any of its property on January 1, 2008 to date.

11.     Tax returns for Northstate Financial Corporation from 2006 - 2008.

12.     Copies of the following for Inver Grove Investments LLC:

    a.  Tax returns from 2006 - 2008;

    b.  Bank account statements and check images, together with check register, from January 1, 2008 to date;

    c.  Copies of all insurance policies maintained by Inver Grove Investments for any of its property.

    d.  Copies of all documents evidencing the purchase by Inver Grove Investments LLC of a 2006 Prevost.

    e.  Copies of any and all documents evidencing the receipt of funds from the sale of the Prevost, including, without limitation, documents evidencing the disposition or transfer of any funds received which were in excess of the amount of the TCF lien on the vehicle.

13.     Any and all documents reflecting or relating to the lease or purchase by the debtor or any of his business entities of any aircraft from and after May 1, 2009,

including copies of any leases and purchase agreements and checks making payments on any leases or purchase agreements.

14.     Copies of all checks or other instruments by which any payments were made by the debtor or any related entity to Simcon Training Center, or any other entities, from May 1, 2009 to date, for the training of any pilots, including, without limitation, Jayson Gallus.

15.     Copies of all checks and other items by which any payments were made by the debtor or any related entity to Jayson Gallus from April 1, 2009 to date.

16.     All documents evidencing maintenance of, improvements made to and services provided by anyone to the property located at 1615 North Ridge Drive, Medina, MN from June 1, 2008 to date. Also, for the same time frame, copies of checks or other financial instruments which paid for services, improvement or items provided, for or to the property located at 1615 North Ridge Drive, Medina, MN, from June 1, 2008 to date.

17.     Copies of all e-mails between Dennis E. Hecker and anyone, except for e-mails between Hecker and his attorneys, and e-mails between Hecker and his spouse, for the time period of June 1, 2008 to date.

18.     Copies of all records evidencing the transfer of funds to the debtor, personally, from any source, either as income, loan or repayment, since June 4, 2009.

Dated:  October 21, 1009          /e/ Robert J. Kressel
                                   Robert J. Kressel
                                   UnitedStates Bankruptcy Judge

410086

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                    Case No. BKY 09-50779
                     Debtor.                          Chapter 7 Case

## ORDER

In accordance with a stipulation between the trustee and the debtor,

IT IS ORDERED: The time for the debtor to turn over documents set forth in the order dated October 21, 2009

[Docket No. 248], is extended through November 11, 2009.

Dated:  November 03, 2009              /e/ Robert J. Kressel
                                       Robert J. Kressel
                                       United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *11/03/2009*
Lori Vosejpka, Clerk, By SLS, Deputy Clerk



EXHIBIT

B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,                                                      Chapter 7

            Debtor.

## ORDER

This case is before the court on the motion of Randall L. Seaver, the trustee seeking an order holding the debtor in civil contempt of court.

Based on the motion and the file,

**IT IS ORDERED**:

1.      The trustee's request for expedited relief is approved.

2.      The debtor must comply with the turnover order by 12:00 p.m. on November 23, 2009.

3.      The trustee is awarded his costs and fees incurred in bringing this motion.  The debtor shall pay $660.00 to the trustee, by check made payable to "Randall L. Seaver, Trustee," on or before November 20, 2009.

Dated: _ November 19, 2009 __

/e/ Robert J. Kressel
Robert J. Kressel
United States Bankruptcy Judge

412337

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 11/19/2009
Lori Vosejpka, Clerk, by LMH


EXHIBIT
C
tabbies

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

        Debtor.

BKY No. 09-50779
Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Christi Rowan, 1615 North Ridge Drive, Medina, MN 55391.

☒YOU ARE COMMANDED to appear pursuant to a court order issued under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. | October 1, 2009 |
| 100 South Fifth Street, Suite 2500 | 9:00 A.M. |
| Minneapolis, MN 55402 | |

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. | September 24, 2009 |
| 100 South Fifth Street, Suite 2500 | 9:00 A.M. |
| Minneapolis, MN 55402 | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Randall L. Seaver, Trustee | September 2, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew R. Burton, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: 612-332-1030


EXHIBIT
tabbies
D

408491

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R.Bankr.P.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify

the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT A TO CHRISTI ROWAN SUBPOENA

1.  Copies of all records and documents evidencing or relating to any monies paid or transferred to you by Dennis E. Hecker from June 1, 2008 to date. This request includes, but is not limited to, copies of checks and copies of bank account statements reflecting the deposit of any such monies.

2.  Your account statements and registers for all bank, brokerage, and similar account into which your have deposited any monies from June, 2008 to date or from which any of your bills have been paid. For checking accounts, also include copies of the check register for any such account, together with microfiche or other check copies you receive them from the bank. This request includes, if applicable, the requested documents from accounts which are not held in your name but into you have deposited monies, and from which any of his bills have been paid within the time period specified.

3.  Copies of all itineraries and airline tickets reflecting any travel by you from June 1, 2008 to date.

4.  Copies of all credit card statements for any credit card used by you since January 1, 2008 to date.

5.  All e-mail correspondence between you and Dennis E. Hecker from January 1, 2008 to date.

6.  All correspondence between you and Dennis E. Hecker from January 1, 2008 to date.

7.  If you have purchased or received any cashiers checks, money orders, gift cards, or travelers checks from January 1, 2008 to date, provide copies of all such items.

8.  Copies of all insurance policies, riders and schedules there to for any real property, personal property, and vehicles which you owned, leased or have had possession of from January 1, 2008 to date.

9.  Copy of your passport.

10. Copies of all leases for any properties in which you have resided from June 1, 2008 to date, including, without limitation, the lease or rental agreement for the property located at 150 Portland Avenue South, Minneapolis, MN.

11. Copies of any and all receipts for any items purchased by you or purchased on your behalf by Dennis Hecker, or paid for by Dennis Hecker, from June 1, 2008 to date, including, but not limited to, purchases from the following:

a. Leeds & Son Fine Jewelers;
b. Dennis Basso, Furrier and Fur Shop;
c. Chanel Boutique at Bellagio,
d. Chrome Hearts,
e. Molina Fine Jewelers,
f. RF Moeller Jeweler,
g. Harrison K-9,
h. Moncler Aspen Doudounes;
i. Fendi Aspen, Inc.,
j. Gucci;
k. Nordstroms; and
l. Nieman Marcus.

12. Copies of all utility bills from May 1, 2008 for the home in which you are residing, together with evidence of the source of funds by which those bills have been paid.

13. Copies of any and all checks or other instruments by which you paid for the lease of property located at 150 Portland Ave. S., Minneapolis, Minnesota.

14. Copies of bank account statements for all accounts from which any payments were made for the lease at 150 Portland Ave. S.

15. Copies of all documents evidencing the payment by you of any expenses associated with your occupancy of property at 150 Portland Ave. S., including, without limitation utilities and insurance.

16. Copies of your 2008 state and federal income tax return, together with all attachments thereto, including without limitation 1099s, K-1s, and W-2s.

Northstate
Financial
_____

(1) All Electronic Records are on Reynolds & Reynolds. R+R will not give us access to any of our Companies records.

(2) We have searched entire office multiple times and are unable to locate any Northstate records for 2008. We will continue to search next q week. I am aware that FBI seized a number of cases of documents related to Northstate





EXHIBIT

E

## Page 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - -

In re:                       BKY No. 09-50779
Dennis E. Hecker,            Chapter 7
          Debtor.

- - - - - - - - - - - - - -

RULE 2004 EXAMINATION OF
CHRISTI MICHELE ROWAN

Taken October 13, 2009
Commencing at 9:14 a.m.

REPORTED BY:  Kay Lynn Hinsch, RPR
www.paradigmreporting.com

## Page 2

Rule 2004 Examination of CHRISTI MICHELE
ROWAN, taken on the 13th day of October, 2009,
commencing at 9:14 a.m., at Leonard, O'Brien,
Spencer, Gale & Sayre, 100 South Fifth Street, Suite
2500, Minneapolis, Minnesota, before Kay Lynn
Hinsch, Registered Professional Reporter and Notary
Public of and for the State of Minnesota.

APPEARANCES

On Behalf of Randall L. Seaver, Trustee:
   MATTHEW R. BURTON, ESQUIRE
   Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
   100 South Fifth Street
   Suite 2500
   Minneapolis, Minnesota 55402
   mburton@losgs.com
On Behalf of Christi Michele Rowan:
   WILLIAM R. SKOLNICK, ESQUIRE
   Skolnick & Shiff, P.A.
   2100 Rand Tower
   527 Marquette Avenue South
   Minneapolis, Minnesota 55402
   wskolnick@visi.com
   NOTE:  The original transcript will be
delivered to Matthew R. Burton, Esquire, pursuant to
the applicable Rules of Civil Procedure.

## Page 3

INDEX
WITNESS:  Christi Michele Rowan
Examination by Mr. Burton
EXHIBITS:
Number 1 - Subpoena for Rule 2004 Examination......6
Number 2 - Compilation of documents..9,49,95,140,187
Number 3 - Letter dated October 6, 2009 to William
    Skolnick from Matthew R. Burton..............17
Number 4 - Findings of Fact, Conclusions of Law,
    Order for Judgment and Judgment and Decree...19
Number 5 - Amended Bankruptcy Schedule............28
Number 6 - Documents from Jaguar for 2008 Range
    Rover.......................................30
Number 7 - Documents from Jaguar for 2008 Range
    Rover...................................48, 52
Number 8 - Documents from Jaguar for 2006 Range
    Rover.......................................55
Number 9 - Letter of Intent dated April 18, 2008
    for 150 Portland Avenue, Suite 201...........61
Number 10 - Neiman Marcus documents...............63
Number 11 - Invoice for ladies diamond oval hoop
    earrings....................................67
Number 12 - US Bank Visa charges..................68
Number 13 - Optical Shop of Aspen invoice.........75
Number 14 - Dennis Basso invoice for fur coat.....77

## Page 4

EXHIBITS (cont'd)
Number 15 - Letter dated August 24, 2009 from
    Matthew R. Burton..........................78
Number 16 - Receipts from Chrome Hearts..........83
Number 17 - Client Detail for Dennis Hecker and
    Christi Rowan.............................84
Number 18 - Sales receipts from R.F. Moeller.....89
Number 19 - Receipts from Belle Reve Boutique....91
Number 20 - Information from Harrison K-9
    Security Services.........................93
Number 21 - Residential Lease...................139
Number 22 - E-mails between Christi Rowan and
    Jane Ketroser.............................173
Number 23 - E-mails between Christi Rowan and
    Dennis Hecker.............................175
Number 24 - Compilation of e-mails..............177
Number 25 - Check number 5503 for $8,000........185
Number 26 - Compilation of checks...............186
Number 27 - Accounting of Dennis E. Hecker......192
Number 28 - Third Supplemental Affidavit of
    Tamitha D. Hecker.........................205
OBJECTIONS:
By Mr. Skolnick:  Pages 21, 29, 47, 162

EXHIBIT

F

Page 5

PROCEEDINGS

(Whereupon, the Rule 2004 Examination of CHRISTI MICHELE ROWAN was commenced at 9:14 a.m. as follows:)

(Witness sworn.)

CHRISTI MICHELE ROWAN, called as a witness, being first duly sworn, was examined and testified as follows:

THE WITNESS: Correct.

EXAMINATION

BY MR. BURTON:

Q. Can you please state your name for the record?

A. Christi Michele Rowan.

Q. Hi, Ms. Rowan. My name is Matt Burton. I am, excuse me, getting over a cold, but I'm also the attorney for Randy Seaver, who is the Bankruptcy Trustee in the Dennis Hecker bankruptcy case. And you're here today pursuant to a 2004 Subpoena; is that right?

A. Correct.

Q. Okay. And have you ever had your deposition or -- this is called an Examination. Have you ever had either one of those before?

Page 6

A. No.

Q. Okay. Well, I'm guessing that Mr. Skolnick's given you some tips on how to answer questions, but I'll give you a couple real quick. Please listen to the questions that I ask you and carefully respond to the question. If you don't understand a question let me know, because I want to make sure that you're actually answering the question I'm asking.

The other thing is, you have to answer out loud, because the court reporter, Kay, here, is taking down everything that we say and she can't write down a head nod. And then the only other thing, and this is something that I'm not very good at, is, we have to be careful not to speak over each other, because she can only take down one person speaking at a time, so wait until I finish asking a question before you answer. And I'll try to wait to ask the next question. I'll wait for you to answer. So do you understand that?

A. I do.

MR. BURTON: Okay. So why don't I just get that marked.

(Whereupon, Rowan Exhibit Number 1 was marked for identification and a copy is hereby

Page 7

attached.)

BY MR. BURTON:

Q. Is Exhibit 1 the Subpoena that was served upon you?

A. I believe this was sent to Mr. Skolnick's office.

Q. Okay. And this is the Subpoena that you were responding to, and that's why you're here today; correct?

A. Correct.

Q. And you saw there's an exhibit requesting that you produce certain records?

A. Correct.

Q. Now, we received some records from you a couple of Fridays ago. Were those the totality of the records that you possess or control that are responsive to the Subpoena? In other words, do you have any other records that should be produced that haven't been?

A. Yes.

Q. Okay. What are those?

A. Number 12.

Q. Okay. Anything else?

A. Number 13. That's it.

Q. What efforts have you made to collect those

Page 8

items?

A. I didn't pay utilities from May 1st through -- May 1st of '09, because that was included into my rent at the Loft.

Q. Okay. Which we'll talk about in a bit. So --

A. So I've --

Q. Let's start with May 1st of '09. Have you been paying any utilities at all?

A. Correct.

Q. And are those the ones that you need to get still?

A. Correct.

Q. And I guess my question is, what have you done to collect those?

A. Called each company.

Q. Okay. And the bank records that you produced are the totality of the bank records that you have?

A. I only bank at one bank.

Q. And which bank is that?

A. Teachers Federal Credit Union, which is now TruStone Financial.

MS. REPORTER: I'm sorry, what was the name of the first facility?

ASSOCIATED BANK N.A.
200 N ADAMS ST
PO BOX 19006
GREEN BAY, WI 54307-9006
24 Hour Telephone Banking: 1-800-236-7160
24 Hour Customer Care Center: 1-800-236-8866

**FINANCIAL STATEMENT OF ACCOUNTS**
Primary Account:

*Statement Activity Period*
*11/25/2008 - 12/24/2008*

BRENT ROWAN
OR CHRISTI ROWAN
715 EASTRIDGE DR
NORTHFIELD MN 55057-3909

Bank: 001

Mail Code: 0

Gift giving just got easier with Associated Bank's "Use It Anywhere" Gift Card. An excellent idea for friends and family, the "Use It Anywhere" Gift Card is easy to use, safer than cash, more flexible than single merchant gift cards and can be used anywhere Debit MasterCard® is accepted (except ATMs). It's perfect for holidays, anniversaries, birthdays, promotions, thank you gifts...you name it! Available at any convenient Associated Bank location. Purchase one today!

## FINANCIAL SUMMARY

| DEPOSIT ACCOUNTS | ACCOUNT# | BALANCE |
|---|---|---|
| FREE CHECKING | | |

| DEPOSIT ACCOUNTS | | -$155.56 |
|---|---|---|

**FREE CHECKING**

| | | |
|---|---|---|
| Beginning Balance | | 19.44 |
| Plus: Deposits and Other Additions | | 5,200.00 |
| Minus: Withdrawals and Other Deductions | | 5,375.00 |
| **ENDING BALANCE ON 12/24/2008** | | **$-155.56** |

**Deposits and Other Additions**

| Date | Description | Amount |
|---|---|---|
| 11/25/2008 | CUSTOMER DEPOSIT | 2,000.00 |
| 12/12/2008 | CUSTOMER DEPOSIT | 1,200.00 |
| 12/19/2008 | EXCPT FRC CR STAT 7 | 2,000.00 |
| | TOTAL | **$5,200.00** |

**Withdrawals and Other Deductions**

| Date | Description | Amount |
|---|---|---|
| 12/01/2008 | DEPOSIT RETURN ITEM 1243 | 2,000.00 |
| 12/01/2008 | DEPOSIT ITEM RET FEE | 8.00 |
| 12/01/2008 | CHECKING/MMA WD | 2,000.00 |
| 12/01/2008 | OVD FEE-ITEM PAID Overdraft | 34.00 |
| 12/19/2008 | DEPOSIT ITEM RET FEE | 8.00 |
| 12/19/2008 | EXCPT FORCE DR 3055 | 1,200.00 |
| 12/22/2008 | OVD FEE-ITEM PA000000000003055 3055 Overdraft | 34.00 |
| 12/25/2008 | Continued Overdraft Fee | 91.00 |
| | TOTAL | **$5,375.00** |

**Balance Summary**

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 11/25/2008 | 2,019.44 | 12/12/2008 | -822.56 | 12/22/2008 | -64.56 |
| 12/01/2008 | -2,022.56 | 12/19/2008 | -30.56 | 12/25/2008 | -155.56 |

**Current Service Fee Period Balances**

| | |
|---|---|
| Average Ledger Balance | $-523.85 |
| Minimum Ledger Balance | $-2,022.00 |



EXHIBIT

tabbies

6

ASSOCIATED BANK N.A.
200 N ADAMS ST
PO BOX 19006
GREEN BAY, WI 54307-9006
24 Hour Telephone Banking: 1-800-236-7160
24 Hour Customer Care Center: 1-800-236-8866

**FINANCIAL STATEMENT OF ACCOUNTS**

Primary Account:

*Statement Activity Period*
*05/18/2009 - 06/15/2009*

Bank: 001

Mail Code: 0

CHRISTI ROWAN
150 PORTLAND AVE UNIT 201
MINNEAPOLIS MN 55401-2620

Go Green! Small changes make a big difference, even when it comes to everyday banking. Limit the number of checks you write by using your Associated Bank Check Card and Online Bill Pay, and stop receiving paper statements in the mail by selecting our eStatements option. All of these great services lower your exposure to identity theft, reduce clutter and help the environment. Visit associatedbank.com or call our Customer Care Center, 24 hours a day, seven days a week, at 1-800-236-8866 for more information.

## FINANCIAL SUMMARY

| | ACCOUNT# | BALANCE |
|---|---|---|
| **DEPOSIT ACCOUNTS** | | |
| ADVANTAGE PLUS CHECKING | | |
| **DEPOSIT ACCOUNTS** | | -$661.92 |

### ADVANTAGE PLUS CHECKING

| | | |
|---|---|---|
| Beginning Balance | | |
| Plus: Deposits and Other Additions | | 1,974.05 |
| Minus: Withdrawals and Other Deductions | | 785.03 |
| Minus: Checks Paid | | 70.00 |
| **ENDING BALANCE ON 06/15/2009** | | 3,351.00 |
| | | $-661.92 |

**Deposits and Other Additions**

| | | |
|---|---|---|
| 06/11/2009 | RETURNED ITEM 5038 | |
| 06/11/2009 | RETURNED ITEM 5036 | 450.00 |
| 06/15/2009 | INTEREST CREDIT | 335.00 |
| | | 0.03 |
| | TOTAL | $785.03 |

**Withdrawals and Other Deductions**

| | | |
|---|---|---|
| 06/11/2009 | Ret NSF/OD DR s000000000005038 5038 Overdraft | |
| 06/11/2009 | Ret NSF/OD DR s000000000005036 5036 Overdraft | 35.00 |
| | | 35.00 |
| | TOTAL | $70.00 |

**Checks Paid**

| DATE | CHECK# | AMOUNT | DATE | CHECK# | AMOUNT |
|---|---|---|---|---|---|
| 05/18/2009 | 5030 | 23.00 | 06/11/2009 | 5036 R | 335.00 |
| 05/29/2009 | 5033 * | 1,400.00 | 06/15/2009 | 5037 | 918.00 |
| 06/09/2009 | 5035 * | 225.00 | 06/11/2009 | 5038 R | 450.00 |
| | | | | TOTAL | $3,351.00 |

* Indicates a check number missing from sequence
R Indicates that this item was returned

**Balance Summary**

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 05/18/2009 | 1,951.05 | 06/09/2009 | 326.05 | 06/15/2009 | -661.92 |
| 05/29/2009 | 551.05 | 06/11/2009 | 256.05 | | |

In re:

Dennis E. Hecker,                                      Bankr. No. 09-50779

       Debtor.

**MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR CONTEMPT**

## INTRODUCTION

The Trustee submits the following Memorandum of Law in Support of his Motion for Civil Contempt of Court. The relevant facts are outlined in the Notice of Hearing and Motion for Contempt of Court filed herewith.

## ARGUMENT

**I.     THE COURT SHOULD FIND DEBTOR IN CIVIL CONTEMPT OF COURT BECAUSE DEBTOR VIOLATED A SPECIFIC ORDER OF WHICH HE WAS AWARE.**

A bankruptcy court has the power to issue an order of contempt. *Koehler v. Grant*, 213 B.R. 567, 570 (8th Cir. 1997). Section 105(a) of the Bankruptcy Code provides, in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

Civil contempt, in contrast to criminal contempt, is meant to compensate the complaining party and/or coerce the defendant into complying with the court's order. *Hubbard v. Fleet Mortg. Co.,* 810 F.2d 778, 781 (8th Cir. 1987). The complaining party need not show that the defendant "willfully" violated the order. *In re Atkins*, 176 B.R. 998, 1009 (Bankr. D. Minn. 1994); see also, *United States v. Open Access Technology International, Inc.* 527 F.Supp.2d 910, 912 (D. Minn. 2007). Rather, the complaining party need only establish that the other party violated a specific order of which he was aware. *Atkins* at 1009.

In this case, it is undisputed that Debtor was on notice of the Turnover Order. His counsel sought and obtained an extension of the same. The Debtor has already been found in contempt of the turnover order.

Debtor was simply required to provide the information outlined in the Turnover Order on or before two dates and he did not.

The Court may levy a fine against the party in contempt, which is payable to the moving party or the Court, or may order imprisonment. *Open Access*, at 912. The Trustee submits that his attorney's fees, estimated to be $1,500.00 should be paid by the Debtor and Rowan so that the estate's creditors are not harmed by the Trustee having to seek the Court's assistance in this matter. The Trustee also requests that the Court impose an additional monetary sanction to incite future compliance with its orders.

## CONCLUSION

Based on the above, the Trustee requests that the Court find Debtor in civil contempt of court. The Trustee also respectively requests that the Court direct Debtor to fully comply with the Turnover Order within two days of the entry of the Order finding the Debtor in contempt.[1] Finally, the Trustee requests that the Court award, at a minimum, the Trustee all of his costs and fees incurred in bringing this motion, as well as an additional sanction.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE LTD.**

/e/ Matthew R. Burton

Dated: January 20, 2010
By: _____

Matthew R. Burton #210018
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

413456

---

[1] By the time of the hearing, the Debtor will have had many additional days to comply with this Court's orders.

BKY No. 09-50779

In re:

Chapter 7

Dennis E. Hecker,

Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2010, I caused the following documents:

**_Notice of Hearing and Motion for Contempt of Court, Memorandum of Law in Support of Motion for Contempt and Order (proposed)_**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

Dennis E. Hecker
P.O. Box 1017
Crosslake, MN 56442

Christi M. Rowan
1615 Northridge Drive
Medina, MN 55391

Michael B. Lubic
Sonnenschein Nath & Rosenthal LLP
601 S Figueroa St Ste 2500
Los Angeles, CA 90017-5704

Michael W. Malter
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

Dated: January 20, 2010

/e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

415428

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    BKY No. 09-50779

Dennis E. Hecker,                                                    Chapter 7

                    Debtor.

## ORDER

This case is before the court on the motion of Randall L. Seaver, trustee seeking an order holding debtor Dennis E. Hecker and Christi Rowan in civil contempt of court.

Based on the motion and the file,

**IT IS ORDERED**:

1.      The debtor must comply with the turnover order dated October 21, 2009 by 12:00 p.m. on _____, including, but not limited to, the production of all e-mails responsive thereto.

2.      Christi Rowan shall fully comply with the trustee's subpoena on or before _____ including the production of e-mails, complete and legible bank records and any other items which are responsive to the subpoena and were previously withheld from the trustee.

3.      The trustee is awarded his costs and fees incurred in bringing this motion.  Debtor and Christi Rowan shall jointly and severally pay $1,500.00 to the trustee, by way of a check made payable to "Randall L. Seaver, Trustee," on or before _____.

4.      Christi Rowan shall pay the trustee $3,750.00 as a sanction for failing to comply with trustee's subpoena.

5.      As an additional sanction, debtor shall pay the sum of $5,000.00 to the trustee by way of a check made payable to "Randall L. Seaver, Trustee," on or before _____.

Dated: _____

_____

413450

2