**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,

       Debtor.

Chapter 7
Case No. BKY 09-50779

**NOTICE OF HEARING AND MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

To the parties specified in Local Rule 9013-3:

1.      Jeffrey Klinger hereby moves the Court for relief from the automatic stay and gives notice of hearing.

2.      The Court will hold a hearing on this motion at 2:00 p.m. on February 25, 2010, in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota before the Honorable Robert J. Kressel, United States Bankruptcy Judge.

3.      Any response to this motion must be filed and served by delivery or by mail not later than February 20, 2010, which is five days, including intermediate Saturdays, Sundays and legal holidays, before the time set for hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.

5.      The petition commencing this Chapter 7 case was filed on June 4, 2009 and the case is now pending in this Court.

6. On September 30, 2009, AnchorBank, fsb brought a motion for relief from the automatic stay to foreclose its mortgage against the real estate owned by the Debtor located at 205 Mariner Way, Bayport, Minnesota 55003 (the "Property"), legally described as:

> Unit 4, Building 8, Condominium No. 62, Waterford on the St. Croix, Second Supplemental Condominium Plat, together with an undivided 1/41st interest in common areas and facilities as set forth in the Declaration and shown on the Condominium plat on file and of record in the office of the Washington County Recorder, Minnesota.

7. AnchorBank's indebtedness secured by the Property was evidenced by a promissory note and mortgage dated December 12, 1994, filed of record in the County Recorder's Office in and for Washington County, Minnesota on December 22, 1994 as document number 826869.

8. This Court granted AnchorBank's motion for relief from the automatic stay on October 22, 2009 and thereby permitted AnchorBank to foreclose its mortgage in accordance with Minnesota law. A true and correct copy of the Court's October 22, 2009 order is attached as <u>Exhibit A</u>.

9. On December 17, 2009, the trustee, Randall L. Seaver, filed a notice of abandonment notifying parties-in-interest that as of January 14, 2010 the trustee of the estate of the Debtor would abandon the Property. A true and correct copy of the trustee's notice of abandonment is attached as <u>Exhibit B</u>.

10. Upon information and belief, no party objected to the trustee's notice of abandonment and the Property was abandoned by the Debtor's estate as of January 14, 2010.

11. According to the Amended Schedule A, the Debtor estimated the value of the Property as $300,000.00. The amount of the secured claims against the Property was estimated by the Debtor as $550,000.00. Accordingly, the Debtor has no equity in the Property.

6627177v1

12.     On February 2, 2010, the Washington County Sheriff sold the Property at a foreclosure sale to movant Jeffrey Klinger for the sum of $165,000.00.  A true and correct copy of the Sheriff's Certificate of Sale and Foreclosure Record Under Power of Sale in Mortgage is attached as Exhibit C.

13.     The six month redemption period from the foreclosure sale will expire on August 2, 2010.  However, the Debtor has abandoned the Property and it is not currently being monitored, secured or maintained.

14.     Upon information and belief, the Debtor is not providing for any maintenance of the Property and the Property is not insured.

15.     There are currently past due and outstanding real estate taxes for the Property in the amount of $1,582.03.  The Debtor has not indicated that he intends to pay these past due real estate taxes.

16.     Mr. Klinger, as the holder of the Sheriff's Certificate of Sale, is entitled to reduce the redemption period to five weeks under Minn. Stat. § 582.032 because the Debtor has abandoned the Property.

17.     Mr. Klinger is entitled to relief from the automatic stay because the Debtor has abandoned the Property and is not providing adequate protection.  Relief from the stay is also required because the Debtor has no equity in the Property and there will be no reorganization for which the Property will be necessary.

**WHEREFORE**, Mr. Klinger requests that the Court enter an order granting Mr. Klinger relief from the automatic stay, so as to permit him to proceed with his remedies under applicable non-bankruptcy law, and granting such other and further relief as the Court deems just and equitable.

6627177v1

Dated:  February 11, 2010

/e/ Adam D. Maier
Adam D. Maier (#0386870)

**LEONARD, STREET AND DEINARD**
   *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

**ATTORNEYS FOR**
**JEFFREY KLINGER**

EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                          Case No.  09-50779-RJK
                                                                          Chapter 7
                    Debtor.

---

## ORDER FOR RELIEF FROM AUTOMATIC STAY

---

       This case is before the court on the motion of AnchorBank,

fsb, seeking relief from the automatic stay pursuant to 11 U.S.C. § 362.  Based on the motion

and the file,

       IT IS ORDERED:

       The automatic stay imposed by 11 U.S.C. § 362 is lifted  as to the real property over

which the movant has an interest; said property is legally described as

> Parcel A:
> Unit 3, Building 1, Condominium Number 62, Waterford on the St. Croix, a Condominium
> together with an undivided 1/41st interest in the common areas and facilities as set forth in the
> Declaration and shown on the Condominium Plan on file and of record in the office of the
> Washington County Recorder.

> Parcel B:
> Unit 4, Building 8, Condominium No. 62, Waterford on the St. Croix, Second Supplemental
> Condominium Plat, together with an undivided 1/41st interest in common areas and facilities
> as set forth in the Declaration and shown on the Condominium plat on file and of record in
> the office of the Washington County Recorder, Minnesota.

       The movant,  its  successors  and  assigns  may  foreclose  its  mortgages  in  accordance  with

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/22/2009*
Lori Vosejpka, Clerk, by LMH

Minnesota Statutes.

Notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3), this order is effective

immediately.

DATED: October 22, 2009

/e/ Robert J. Kressel
_____
Robert J. Kressel
United States Bankruptcy Judge

EXHIBIT B

MN - 204

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

-----------------------------------------------------

BKY No. 09-50779

In re:

Dennis E. Hecker,                                    **NOTICE OF ABANDONMENT**

       Debtor.

-----------------------------------------------------

To:    The United States Trustee, all creditors and other parties in interest.

On January 14, 2010 or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the Debtor named above will abandon property of the estate as follows:  The debtor scheduled two condominium units located in Bayport, Minnesota, legally described as:

> Unit 3, Building 1, Condominium Number 62, Waterford on the St. Croix, a Condominium, together with an undivided 1/41st interest in the common areas and facilities as set forth in the Declaration and shown on the Condominium Plat on file and of record in the office of the Washington County Recorder, Minnesota.
> and
> Unit 4, Building 8, Condominium Number 62, Waterford on the St. Croix, Second Supplemental Condominium Plat, together with an undivided 1/41st interest in the common areas and facilities as set forth in the Declaration and shown on the Condominium Plat on file and of record in the office of the Washington County Recorder, Minnesota.

The trustee believes there is no equity in either of the Bayport units and therefore that real property will be abandoned.  This is an abandonment only of real property, and is not an abandonment of any personal property.

**OBJECTION: MOTION: HEARING.**  Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date.  If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate.  If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| | | |
|---|---|---|
| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | below) |
| 404 U.S. Courthouse | 300 South Fourth Street | |
| 515 West First Street | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: December 17, 2009                    /e/ Randall L. Seaver
                                          Randall L. Seaver, Trustee
                                          12400 Portland Avenue South, Suite 132
                                          Burnsville, MN 55337
                                          (952) 890-0888

EXHIBIT C

Receipt# 129732

SCF                         $46.00
Attest Copy                 $2.00

CRV Not Required
Exempt from Tax

Return to:
JEFF KLINGER
12 POINT RD
BAYPORT MN 55003



3778102

**Certified Filed and/or recorded on:**
2/02/2010  12:20 PM

3778102

Office of the County Recorder
Property Records & Taxpayer Services
Washington County, MN

*Kevin J Corbid, County Recorder*

11-029.20.34.0030

# SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD UNDER POWER OF SALE IN MORTGAGE

THIS SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD CONSISTS OF THE FOLLOWING DOCUMENTS:

I. Sheriff's Certificate of Sale
II. Affidavit of Costs and Disbursements
III. Affidavit of Non-Military Status
IV. Affidavit of Compliance
V. Affidavit of Mailing of Request for Notice
VI. Affidavit of Publication
VII. Affidavit of Vacancy

205

AUDITOR'S NOTE: Absent redemption and at expiration of redemption, send Tax Statements for the real property described herein to:

Jeff Klinger
12 point Rd
Bayport, MN 55003

THIS INSTRUMENT WAS DRAFTED BY:
**Eckberg, Lammers, Briggs,**
    **Wolff & Vierling, P.L.L.P. (NJV)**
1809 Northwestern Avenue
Stillwater, Minnesota 55082

# I. SHERIFF'S CERTIFICATE OF SALE

STATE OF MINNESOTA      )
                            ) ss.

COUNTY OF WASHINGTON    )

     I, William Hutton, Sheriff of the County of Washington, State of Minnesota, do hereby certify that pursuant to the printed Notice of Mortgage Foreclosure Sale attached hereto and the power of sale contained in the following described mortgage:

| | |
|---|---|
| Date of Mortgage: | December 12, 1994 |
| Mortgagor(s): | Dennis E. Hecker and Tamitha D. Hecker, husband and Wife |
| Mortgagee: | AnchorBank, fsb |
| Date And Place of Filing: | December 22, 1994 as Document No. 826869 in the Office of the County Recorder, Washington County, Minnesota |
| Assignment of Mortgage: | None |
| Transaction Agent: | None |
| Mortgage Servicer: | AnchorBank, fsb |
| Lender: | AnchorBank, fsb |
| Mortgage Originator: | AnchorBank, fsb |
| Interest Rate on Date of Sale: | 5.375% |

at the time and place in said notice specified:

| | |
|---|---|
| Date and Time of Sale: | February 2, 2010 at 10:00 a.m. |
| Place of Sale: | Washington County Sheriff's Office |
| | 15015 62nd Street North |
| | Stillwater, MN 55082 |

offer for sale and sell at public auction to the highest and best bidder, the real property described as follows, to-wit:

     Unit 4, Building 8, Condominium No. 62, Waterford on the St. Croix, Second Snpplemental Condominium Plat, together with an undivided 1/41st interest in common areas and facilities as set forth in the Declaration and shown on the Condominium plat on file and of record in the office of the Washington County Recorder, Minnesota.

| | |
|---|---|
| Parcel No. | 11.029.20.34.0030 |
| Address: | 205 Mariner Way, Bayport, MN 55003 |

and did strike off and sell the same to: *JEFFERY ALAN KLINGER*
for the sum of: *$ 165,000.00*

said purchaser being the highest bidder and said sum being the highest and best bid offered therefore; and that said sale was in all respects openly, honestly, fairly, and lawfully conducted,

and the time allowed for redemption by the mortgagor, its personal representatives, or assigns, is **six (6) months** from the date of said sale.

IN TESTIMONY WHEREOF, I have hereunto set my hand on this 2nd day of February, 2010.

_William Hutton_
Sheriff of Washington County, Minnesota.

By: _Bradley R Marquardt_ , Deputy

STATE OF MINNESOTA          )
                            ) ss.
COUNTY OF WASHINGTON        )

On the 2nd day of February, 2010, before me personally appeared _Bradley R Marquardt_ known to be the Deputy Sheriff / Sheriff (strike one) of said County, and the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed as such Deputy Sheriff / Sheriff (strike one).

_Signature of Notary_

PATRICIA ANN GRIESHABER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

## II.  AFFIDAVIT OF COSTS AND DISBURSEMENTS

STATE OF MINNESOTA )
) ss.
COUNTY OF WASHINGTON )

Nicholas J. Vivian, being first duly sworn on oath says that he/she is one of the attorneys foreclosing the mortgage described in the printed notice of mortgage foreclosure sale attached hereto and that the following is a detailed bill of the costs and disbursements of said foreclosure, and the same have been absolutely and unconditionally paid or incurred therein.

| | | |
|---|---:|---|
| $ | 1,290.00 | Statutory attorneys' fees for foreclosing said mortgage |
| | 729.94 | Publication |
| | 46.00 | Recording Notice of Pendency |
| | 60.00 | Sheriff's Sale |
| | 68.00 | Service Fees |
| | 400.00 | Title Work |
| $ | 2,593.94 | **TOTAL** |

Nicholas J. Vivian, Esq.

Subscribed and sworn to before me
this _____ day of January, 2010.

_Signature of Notary Public_

OFFICIAL SEAL OF NOTARY PUBLIC
Danette A. Neumann
Notary Public, State of Minnesota
My Commission Expires
January 31, 2012

## III.   AFFIDAVIT OF NON-MILITARY STATUS

STATE OF MINNESOTA      )
                       ) ss.
COUNTY OF WASHINGTON   )

      Nicholas J. Vivian, being first duly sworn, on oath says that he/she knows the facts relating to the military status of Dennis E. Hecker, who was the owner of the mortgaged premises described in the printed notice of mortgage foreclosure sale attached hereto and that Dennis E. Hecker was not in the military or naval service of the United States at the time of said sale or during the three months preceding said sale, as appears from facts known at the time of the sale.

                                            Nicholas J. Vivian, Esq.

Subscribed and sworn to before me
this 26 day of January, 2010.

_Signature of Notary Public_

Jennifer A. Neumann
Notary Public, State of Minnesota
My Commission Expires
**January 31, 2012**

# IV.    AFFIDAVIT OF COMPLIANCE

STATE OF MINNESOTA           )
                             ) ss.
COUNTY OF WASHINGTON         )

Nicholas J. Vivian, being first duly sworn on oath says that he/she is one of the attorneys foreclosing the mortgage described in the notice of mortgage foreclosure sale attached hereto and that the following sections of Minnesota Statutes are applicable to the foreclosure sale of said mortgage and all notices required by said applicable section have been provided.

| Section | Notice |
|---------|--------|
| 580.021 | n/a |
| 580.04 | Provided |
| 580.041 | Provided |
| 580.042 | Provided |
| 582.039 | n/a |
| 582.041 | Provided |
| 582.042 | n/a |

_____
Nicholas J. Vivian, Esq.

Subscribed and sworn to before me
this 20 day of January, 2010.

_____
*Signature of Notary Public*

Official Seal of Notary Public

Danette A. Neumann
Notary Public, State of Minnesota
My Commission Expires
January 31, 2012

## V. AFFIDAVIT OF MAILING OF REQUEST FOR NOTICE

The Affidavit of Mailing of Request for Notice relative to the within foreclosure is attached hereto and incorporated by reference as *Exhibit A*.

## VI.    AFFIDAVIT OF PUBLICATION

The Affidavit of Publication and Notice of Mortgage Foreclosure Sale relative to the within foreclosure is attached hereto and incorporated by reference as *Exhibit B*.

## VII.    AFFIDAVIT OF VACANCY

The Affidavit of Vacancy relative to the within foreclosure is attached hereto and incorporated by reference as *Exhibit C*.

# EXHIBIT A

## TO
## SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD
## UNDER POWER OF SALE IN MORTGAGE

## AFFIDAVIT OF MAILING OF REQUEST FOR NOTICE

STATE OF MINNESOTA )
) ss.   **AFFIDAVIT OF SERVICE BY MAIL**
COUNTY OF WASHINGTON )

Re:   *Notice of Mortgage Foreclosure Sales for 205 Mariner Way*

Danette A. Neumann, of the County of St. Croix, in the State of Wisconsin, being duly

sworn, says that on January 7, 2010, I served the following documents:

**Notice of Foreclosure Sale for 205 Mariner Way**

by placing a true and accurate copy of said document in a sealed envelope with sufficient postage

and depositing the same in the United States Mail at a mailbox located in Stillwater, Minnesota,

directed to said person or persons at their last known address:

**US Bank National Association**
**101 East Fifth Street**
**St. Paul, MN 55101**

Danette A. Neumann

Subscribed and sworn to before me
this 7th day of January, 2010.

*Signature of Notary Public*

OFFICIAL SEAL OF NOTARY PUBLIC
JULIENNE MARIE VALSVIK
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/15

(/21235-19113)

**EXHIBIT B**

**TO**
**SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD**
**UNDER POWER OF SALE IN MORTGAGE**

**AFFIDAVIT OF PUBLICATION**

# AFFIDAVIT OF PUBLICATION

## STATE OF MINNESOTA

## COUNTY OF WASHINGTON

Stillwater Gazette • December 10, 2009

### NOTICE OF MORTGAGE FORECLOSURE SALE

Date:     December 2, 2009

**THE RIGHT TO VERIFICATION OF THE DEBT AND IDENTIFICATION OF THE ORIGINAL CREDITOR WITHIN THE TIME PROVIDED BY LAW IS NOT AFFECTED BY THIS ACTION**

NOTICE IS HEREBY GIVEN that default has occurred in the conditions of the following described mortgage:
DATE OF MORTGAGE: December 12, 1994
MORTGAGOR: AnchorBank, fsb
MORTGAGEE: Dennis E. Hecker and Tamitha D. Hecker, husband and wife
DATE AND PLACE OF RECORDING: December 22, 1994 as Document No. 826869 in the Office of the County Recorder, Washington County, Minnesota
ASSIGNMENTS OF MORTGAGE: None

TRANSACTION AGENT: None
TRANSACTION AGENT'S MORTGAGE IDENTIFICATION NUMBER ON MORTGAGE: None
LENDER OR BROKER AND MORTGAGE ORIGINATOR STATED ON MORTGAGE: AnchorBank, fsb
RESIDENTIAL MORTGAGE SERVICER: AnchorBank, fsb

MORTGAGED PROPERTY ADDRESS: 205 Mariner Way, Bayport, MN
TAX PARCEL I.D. # 11.029.20.34.0030
LEGAL DESCRIPTION OF PROPERTY:
Unit 4, Building 6, Condominium No. 62, Waterford on the St. Croix, Second Supplemental Condominium Plat, together with an undivided 1/41st interest in common areas and facilities as set forth in the Declaration and shown on the Condominium plat on file and of record in the office of the Washington County Recorder, Minnesota.
COUNTY IN WHICH PROPERTY IS LOCATED: Washington
ORIGINAL PRINCIPAL AMOUNT OF MORTGAGE: $155,000.00
AMOUNT DUE AND CLAIMED TO BE DUE AS OF THE DATE OF THIS NOTICE, INCLUDING TAXES, IF ANY, PAID BY MORTGAGEE: $52,312.54

No action or proceeding at law is now pending to recover the debt secured by the Mortgage, or any part thereof.

The holder of the Mortgage has complied with all conditions precedent to acceleration of the debt secured by the Mortgage and foreclosure of the Mortgage, and all notice and other requirements of applicable statutes.

Pursuant to the power of sale contained in said Mortgage, the above-described property will be sold by the Sheriff of Washington County as follows:

DATE AND TIME OF SALE: February 2, 2010 at 10:00 a.m.
PLACE OF SALE: Washington County Sheriff's Office, 15015 62nd Street North, Stillwater, MN 55082

to pay the debt then secured by said Mortgage, and taxes, if any, on said premises, and the costs and disbursements, including attorneys' fees allowed by law subject to redemption within six (6) months from the date of said sale by the mortgagors, their personal representatives or assigns, unless reduced to five (5) weeks under Minn. Stats. §580.07.

TIME AND DATE TO VACATE PROPERTY: If the real estate is an owner-occupied, single-family dwelling, unless otherwise provided by law, the date on or before which the mortgagors must vacate the property if the mortgage is not reinstated under Minn. Stats. §580.30 or the property is not redeemed under Minn. Stats. §580.23 is 11:59 p.m. on August 2, 2010.

MORTGAGORS RELEASED FROM FINANCIAL OBLIGATION ON THE MORTGAGE: None.

THE TIME ALLOWED BY LAW FOR REDEMPTION BY THE MORTGAGOR, THE MORTGAGOR'S PERSONAL REPRESENTATIVES OR ASSIGNS MAY BE REDUCED TO FIVE WEEKS IF A JUDICIAL ORDER IS ENTERED UNDER MINNESOTA STATUTES, SECTION 582.032, DETERMINING, AMONG OTHER THINGS, THAT THE MORTGAGED PREMISES ARE IMPROVED WITH A RESIDENTIAL DWELLING OF LESS THAN FIVE UNITS, ARE NOT PROPERTY USED IN AGRICULTURAL PRODUCTION, AND ARE ABANDONED.

AnchorBank, fsb
Mortgagee

---

Julie Athey,
being duly sworn on oath, says: that she is, and during all times herein states has been, Clerk of Sun Newspapers
Publisher of the newspaper known as the Stillwater Gazette, a newspaper of general circulation within the City of Stillwater and the County of Washington.

That the notice hereto attached was cut from the columns of said newspaper and was printed and published therein on the following date(s):

10th, 17th, 24th, 31st of December 2009,
7th & 14th of January 2010
Newspaper Ref./Ad #961315

*[signature: Julie Athey]*

Subscribed and sworn to before me this 14th day of January 2010

**Mark Berriman** *[signature]*

**NOTARY PUBLIC**

**Washington County, Minnesota**

**My commission expires January 31, 2011**

MARK EDWARD BERRIMAN
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2011

ECKBERG, LAMMERS, BRIGGS,
WOLFF & VIERLING, P.L.L.P.

/S/ Nicholas J. Vivian
Attorneys for Mortgagee
1809 Northwestern Avenue
Stillwater, MN 55082
Telephone: (651) 439-2878

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

(Dec. 10,17,24,31, 2009, Jan. 7,14, 2010) Hecker Foreclosure

**EXHIBIT C**

**TO**
**SHERIFF'S CERTIFICATE OF SALE AND FORECLOSURE RECORD**
**UNDER POWER OF SALE IN MORTGAGE**

**AFFIDAVIT OF VACANCY**

**STATE OF MINNESOTA**

**COUNTY OF RAMSEY**

**AFFIDAVIT OF VACANCY**

*METRO LEGAL SERVICES*

Michael Hanson, being duly sworn, on oath says that on January 5, 2010 he went upon the land and premises commonly known as 205 Mariner Court, Bayport, County of Washington, State of Minnesota, and described in the attached Notice of Mortgage Foreclosure Sale, Help for Homeowners in Foreclosure, Homestead Designation Notice and Foreclosure Advice to Tenants for the purpose of serving the attached Notice of Mortgage Foreclosure Sale, Help for Homeowners in Foreclosure, Homestead Designation Notice and Foreclosure Advice to Tenants; that on said day and for sometime prior thereto, said premises were and have been vacant and unoccupied.

Subscribed and sworn to before me on

_____ , 2010

CHRISTOPHER H. RAND
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2012

1183694 - 2

RE: 21236-19113

**Receipt No. 7722**

FORM 46808

CK #
40478
40482
40483
40486

RECEIVED FROM Jeff Klinger
ADDRESS
One hundred twenty four thousand eight hundred $ 175,000.00
Bid on kitchen property

DATE 2-2-10     NO. 7722

HOW PAID: CASH / CHECK / MONEY ORDER
FOR RENT
FOR No. 205

BY Betty Sokke

---

**Receipt No. 7721**

FORM 46808

Cash
100.00
CK #
40477
40479
40481

RECEIVED FROM Jeff Klinger
ADDRESS
One hundred sixty five thousand — DOLLARS $ 165,000.00
Bid on Kitchen property

DATE 2-2-10     NO. 7721

HOW PAID: CASH 1,000 / CHECK / MONEY ORDER
FOR RENT
FOR No. 106

BY Betty Sokke

---

**Washington County**

County Recorder/Registrar
Washington County, Minnesota

ABSTRACT

Receipt:   123732
Date:      2/02/2010
Time:      12:20PM

JEFF KLINGER

| Fee | Doc #/Cert # | Amount |
|-----|--------------|--------|
| SCF | 3778102 | $46.00 |
| AT  |         | $2.00 |
| SCF | 3778103 | $46.00 |
| AT  |         | $2.00 |
| Total Due: |    | $96.00 |

Cash

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,

Chapter 7
Case No. BKY 09-50779

Debtor.

**VERIFICATION**

Jeffrey Klinger, being first duly sworn, deposes and states he has read the Notice of Hearing and Motion for Relief From the Automatic Stay, and that it is true to the best of his knowledge and information.

Jeffrey Klinger

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

       Debtor.

Chapter 7
Case No. BKY 09-50779

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

Jeffrey Klinger hereby submits the following memorandum in support of his motion seeking relief from the automatic stay under Bankruptcy Code, 11 U.S.C. § 362.

## FACTUAL BACKGROUND

Mr. Klinger respectfully refers the Court to his motion for a recitation of the relevant facts.

## DISCUSSION

Section 362 of the Bankruptcy Code governs motions for relief from the automatic stay.

Section 362(d), which sets forth grounds for granting relief, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay as provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

"Sections 362(d)(1) and (d)(2) are disjunctive. This means that the Court must lift the stay if the movant prevails under either of the grounds." *In re Elmira Litho, Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994). *See also In re Wieseler*, 934 F.2d 965, 966 (8th Cir. 1991) (a bankruptcy court need only address one of the two available grounds to lift the stay). In this case, both grounds for granting relief from the stay are satisfied.

**A.** **CAUSE EXISTS FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(D)(1) BECAUSE THE DEBTOR HAS ABANDONED THE PROPERTY AND IS NOT PROVIDING ADEQUATE PROTECTION.**

An "interest is not adequately protected if the security is depreciating during the term of the stay." *United Savings Association v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 370 (1988). A debtor's failure to maintain insurance coverage for collateral will cause the security to depreciate and constitutes a lack of adequate protection. *See In re Tofsrud*, 230 B.R. 862, 874 (Bankr. D. N.D. 1999) (relief from stay granted where debtor failed to obtain insurance). Moreover, a showing that the debtor has failed to pay real estate taxes is also sufficient to grant relief for cause. *See In re James River Associates*, 148 B.R. 790, 796 (E.D. Va. 1992) (relief granted where debtor had not paid real estate taxes). Accordingly, the Debtor's failure to provide insurance, pay real estate taxes and maintain the Property during the redemption period requires the Court to grant relief from the automatic stay under § 362(d)(1). *See also In re 160 Bleecker Street Associates*, 156 B.R. 405, 413-14 (S.D.N.Y. 1993) (failure to maintain real estate decreases the value of security and is failure to provide adequate protection).

**B.** **MR. KLINGER IS ALSO ENTITLED TO RELIEF FROM THE STAY UNDER 11 U.S.C. § 362(D)(2) BECAUSE THE DEBTOR HAS ADMITTED THAT HE LACKS EQUITY IN THE PROPERTY AND THERE WILL BE NO REORGANIZATION IN THIS CHAPTER 7 CASE.**

"The classic test for determining equity under section 362(d) focuses on a comparison between the total liens against the property and the property's current value." *In re Indian Palms*

2

*Associates, Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995). Moreover, a debtor's computation of equity, or lack thereof, is a sufficient basis upon which to lift the automatic stay. *See, e.g.*, *In re White*, 216 B.R. 232, 236 (Bankr. S.D. Ohio 1997) (relying on debtor's property valuation of $450,000.00 in schedules in comparison to $687,488.00 scheduled liens to support conclusion that debtor lacked equity in property).

In this case, the Debtor has represented to the Court that the Property has a current value of $300,000.00. *See* Petition, Schedule A at 1 [Docket No. 148]. The Debtor further represents that the Property is encumbered by liens in the amount of $550,000.00. *Id.* Thus, the Debtor lacks any equity in the Property. Indeed, the creditors holding liens in the Property are undersecured by at least $250,000.00. *See In re Salmons*, 13 B.R. 408, 409 (Bankr. D. Minn. 1981) (relief from stay is appropriate where the debtor admits that it lacks equity in the property).

Furthermore, this is a Chapter 7 case and there will be no reorganization for which the Property would be necessary. *In re Sanabria*, 317 B.R. 59, 61-2 (8th Cir. B.A.P. 2004) (in Chapter 7 cases there is no reorganization in process for which the debtor's property could be necessary). *See also In re Albany Partners, Ltd.*, 749 F.2d 670, 673 (11th Cir. 1984) ("[f]or property to be 'necessary to an effective reorganization' of the debtor…it must be demonstrated that an effective reorganization is realistically possible"). Accordingly, both prerequisites have been satisfied to lift the stay under § 362(d)(2).

## CONCLUSION

Mr. Klinger is entitled to relief from the automatic stay because the Debtor has failed to adequately protect the Property. Mr. Klinger is also entitled to relief because the Debtor has acknowledged that he lacks equity in the Property and there is no reorganization in process in

this Chapter 7 case for which the Property could be necessary.  Thus, the Court should grant the requested relief and allow Mr. Klinger to proceed with his state law remedies against the Property.

Dated:  February 11, 2010

/e/ Adam D. Maier
Adam D. Maier (#0386870)

**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

**ATTORNEYS FOR**
**JEFFREY KLINGER**

6627177v1

In re:

Dennis E. Hecker,

        Debtor.

Chapter 7
Case No. BKY 09-50779

---

**CERTIFICATE OF SERVICE**

---

I, Ma Xiong, declare, under penalty of perjury, that on February 11, 2010, I filed a:

**NOTICE OF HEARING AND MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

with the Clerk of Bankruptcy Court through ECF, and that ECF will send an e-notice of electronic filing to the following:

    **Aaron R. Hartman**; ahartman@aoblaw.com
    **Andrea M. Hauser**; ahauser@losgs.com
    **Andrew Paul Moratzka**; apm@mcmlaw.com
    **Brad A. Sinclair**; bsinclair@serklandlaw.com
    **Bruce H. Carlson**; bruce.carlson@mlcfargolaw.com
    **Clinton E. Cutler**; ccutler@fredlaw.com
    **Connie Lahn**; connie.lahn@fmjlaw.com
    **Craig E. Reimer**; creimer@mayerbrown.com
    **Cynthia A. Moyer**; cmoyer@fredlaw.com
    **David E. Runck**; david.runck@fmjlaw.com
    **Douglas W. Kassebaum**; dkassebaum@fredlaw.com
    **Eric J. Sherburne**; esherburne@steinmoore.com
    **Gordon B. Conn**; conn@kwgc-law.com
    **Gregory L. Taddonio**; gtaddonio@reedsmith.com
    **James A. Geske**; jgeske@wilfordgeske.com
    **Jamie R. Pierce**; jpierce@hinshawlaw.com
    **Jeffrey D. Klobucar**; jklobucar@foleymansfield.com
    **Joseph W. Lawver**; jlawver@messerlikramer.com
    **Kathleen K. Statler**; kstatler@gr-espel.com
    **Kendall L. Bader**; kbader@fredlaw.com
    **Larry D. Espel**; lespel@greeneespel.com
    **Matthew R. Burton**; mburton@losgs.com

**Michael L. Meyer**; mlmeyer@ravichmeyer.com
**Michael W. Malter**; michael@bindermalter.com
**Monica L. Clark**; clark.monica@dorseylaw.com
**Nauni J. Manty**; ecf@mantylaw.com
**Nicholas J. Vivian**; nvivian@eckberglammers.com
**Nicholas N. Nierengarten**; nicholas.nierengarten@gpmlaw.com
**Patti H. Bass**; ecf@bass-associates.com
**Ralph Mitchell**; rmitchell@lapplibra.com
**Rebecca G. Sluss**; rsluss@oppenheimer.com
**Recovery Management Systems Corp**; claims@recoverycorp.com
**Robert G. Parish**; rparish@faegre.com
**Robert J. Hennessey**; rhennessey@lindquist.com
**Stephen F. Grinnell**; stephen.grinnell@gpmlaw.com
**Thomas Lallier**; tlallier@foleymansfield.com
**Timothy J. Peters**; tpeters@peterslawplc.com
**Will R. Tansey**; wrtansey@ravichmeyer.com
**William F. Mohrman**; mohrman@mklaw.com
**William R. Skolnick**; wskolnick@skolnick-shiff.com
**US Trustee**; ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing document and the Notice of

Electronic Filing to be served by First Class Mail on the following parties:

> **Leonard Obrien Spencer Gale & Sayre Ltd**
> 100 South 5th Street, Suite 2500
> Minneapolis, MN  55376
>
> **Micahel B. Lubic**
> 10100 Santa Monica Blvd 7th Floor
> Los Angeles, CA  90067
>
> **Fuller Seaver & Ramette**
> c/o Randall Seaver
> 12400 Portland Ave S Ste 132
> Burnsville, MN  55337

Dated:  February 11, 2010           */e/ Ma Xiong*_____
                                    Ma Xiong

6627177v1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

        Debtor.

Chapter 7
Case No. BKY 09-50779

## ORDER FOR RELIEF FROM THE AUTOMATIC STAY

This case came before the Court on the motion of Jeffrey Klinger seeking relief from the automatic stay. Based on the files, records and proceedings,

**IT IS ORDERED:**

1.    Jeffrey Klinger's motion seeking relief from the automatic stay is granted and he may pursue his remedies under applicable state law, including an action to reduce the foreclosure redemption period to five weeks under Minn. Stat. § 582.032, in connection with the real estate owned by the Debtor located at 205 Mariner Way, Bayport, Minnesota 55003, legally described as:

> Unit 4, Building 8, Condominium No. 62, Waterford on the St. Croix, Second Supplemental Condominium Plat, together with an undivided 1/41st interest in common areas and facilities as set forth in the Declaration and shown on the Condominium plat on file and of record in the office of the Washington County Recorder, Minnesota.

2.    Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

_____
Robert J. Kressel
United States Bankruptcy Judge