# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                            BKY No. 09-50779

                                                                                                 Chapter 7

           Debtor.

## TRUSTEE'S REPLY MEMORANDUM

### INTRODUCTION

Randall L. Seaver, the Chapter 7 Trustee of the above-referenced bankruptcy estate ("Trustee"), has requested to authority to conduct Bankruptcy Rule 2004 discovery of James Gustafson ("Gustafson"). One reason that the Trustee desires to examine Gustafson is that he is known to have paid personal obligations of the Debtor after the commencement of this case. An example is attached as Exhibit A.

On or about March 3, 2010, Mr. Gustafson mailed an objection to the Trustee's motion arguing that granting the motion "would necessarily jeopardize" Gustafson's "right against self-incrimination." The Trustee disagrees that this would be the case (as has the Court in related matters such as *Chrysler Financial Services Americas, LLC. v. Dennis E. Hecker,* Adv. No. 09-5019).

### ARGUMENT

The Fifth Amendment provides: "No person shall be ... compelled in any criminal case to be a witness against himself...." U.S. Const. amend. V. "The core protection afforded by the Fifth Amendment is a prohibition on compelling a criminal defendant to testify against himself at trial." *U.S. v. Hogan*, 539 F.3d 916, 924 (8th Cir. 2008), citing *United States v. Frazier*, 408 F.3d

1102, 1109 (8th Cir.2005), citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (plurality opinion). "The Fifth Amendment's protection applies only when the accused is compelled to make a testimonial communication that is incriminating." *Id.*, citing *Barrett v. Acevedo*, 169 F.3d 1155, 1167 (8th Cir.1999) (emphasis in original), citing *Fisher v. United States*, 425 U.S. 391, 408 (1976). The privilege protects against compelled testimony; it does not protect the contents of preexisting or voluntarily prepared documents and records. See *United States v. Doe*, 465 U.S. 605, 611-12 (1976).

If served with a subpoena, Mr. Gustafson is free to assert his rights under the 5th Amendment as to testimony. He may still be required to produce documentary evidence. As noted by Chrysler, "[a]" blanket assertion of privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of questions." *Morganroth v. Donovan*, 718 F.2d 161, 167 (6th Cir. 1983). A witness is not entitled to make a blanket assertion of the Fifth Amendment privilege as basis for quashing a subpoena. *Waldemar E. Alters Revocable Trust v. Mid-America Energy, Inc.*, 2008 WL 4544438, *5 (E.D. Ky. Oct. 10, 2008).

## CONCLUSION

Gustafson's motion is premature and misplaced. He should be made subject to the Bankruptcy Rule 2004 subpoena power. Upon examination, if the 5th Amendment is implicated, his rights are preserved as to testimony.

Gustafson's motion should be denied.

|  |  |
|---|---|
|  | **LEONARD, O'BRIEN,** |
|  | **SPENCER, GALE & SAYRE LTD.** |
|  |  |
|  | /e/ Matthew R. Burton |
| Dated: March 8, 2010 | By: _____ |
|  | Matthew R. Burton, #210018 |
|  | Attorneys for Trustee |
|  | 100 South Fifth Street, Suite 2500 |
|  | Minneapolis, MN 55402 |
|  | (612) 332-1030 |

417989



| | | | |
|---|---|---|---|
| Account | 0000000000000001 | Routing | 091000019 |
| Amount | 368.74 | OF6 | 0 |
| Post Date | 20090708 | Check | 0000000000 |
| Sequence | 9720 | Tran | 005054 |

HARRIS N.A.
SCOTTSDALE, AZ
9720 07-08-09

For Deposit Only
The Golf Club Scottsdale

https://www.fiservcws.com/1_5/uiView/3ar.aspx          EXHIBIT A          2/18/2010

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

          Debtor.
_____

**UNSWORN CERTIFICATE OF SERVICE**
_____

I hereby certify that on March 8, 2010, I caused the following documents:

    *Trustee's Reply Memorandum*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

James Gustafson
c/o Steven J. Meshbesher, Esq.
Meshbesher & Associates PA
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402


                                                    /e/ Stephanie Wood
Dated: March 8, 2010                            _____
                                                    Stephanie Wood
                                                    100 South Fifth Street, Suite 2500
                                                    Minneapolis, MN 55402
                                                    (612) 332-1030

418065