UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                                    BKY No. 09-50779

Dennis E. Hecker,                                                                Chapter 7

      Debtor.
_____

**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**
_____

TO:    All parties and other entities specified in Local Rule 9013-3.

    1.    Randall L. Seaver, trustee in the above matter moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 2:00 p.m. on April 7, 2010, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    Any response to this motion must be filed and served by delivery not later than April 2, 2010 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    The petition commencing this case was filed on June 4, 2009. The case is now pending in this court. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This motion arises under Bankruptcy Rule 9019. This motion is filed under Fed.R.Bankr.P. 9014 and Local Rule 5005-1.

    5.    Randall L. Seaver is the duly appointed Chapter 7 trustee in the above case, which was commenced by the filing of a voluntary Chapter 7 petition on June 4, 2009. The time for the trustee to file a complaint under 11 U.S.C. §727 was extended, by Stipulation and court order, to

January 15, 2010. On January 13, 2010, the trustee filed a complaint commencing ADV No. 10-5003 ("**§727 complaint**") objecting to the debtor's discharge. By Stipulation and Court order, the time for the debtor to respond to the §727 complaint was extended through March 15, 2010. On February 24, 2010, the trustee filed an amended complaint in ADV No. 10-5003 which, in addition to seeking a denial of the debtor's discharge, sought an order requiring the debtor to turnover watches to the trustee.

6. The trustee has obtained a judgment in ADV No. 10-5004 against Christi Rowan which judgment, among other things, provided for recovery and turnover of a Harrison dog to the trustee.

7. The trustee and the debtor have agreed to settle ADV No. 10-5003 on the terms set forth in the Settlement Agreement attached hereto as Exhibit A. The primary terms of the agreement are as follows:

    a. The debtor consents to entry of order denying his discharge, in the form attached to the Settlement Agreement as Exhibit A.

    b. The portion of the amended complaint seeking turnover of watches will be dismissed without prejudice.[1]

    c. The trustee will transfer to Christi Rowan all of the estate's interest in the Harrison dog.

8. The trustee believes the above terms to be reasonable and in the best interests of the estate.

---

[1] The Trustee will dismiss the entire adversary matter without prejudice.

WHEREFORE, the trustee requests an order of the court:

1. Authorizing the trustee to enter into a Settlement Agreement with Dennis E. Hecker in substantially the form attached hereto as Exhibit A.

2. Authorizing the trustee to sign such documents as are necessary to implement the terms of the settlement agreement.

3. For such other and further relief as the court deems just and equitable.

                              **LEONARD, O'BRIEN, SPENCER,**
                              **GALE & SAYRE, LTD.**

                                /e/ Matthew R. Burton

Dated: March 12, 2010         By:_____
                                Matthew R. Burton
                                100 South Fifth Street, Suite 2500
                                Minneapolis, MN 55402
                                (612) 332-1030

                                Attorneys for Randall L. Seaver, Trustee

# VERIFICATION

       I, Randall L. Seaver, Trustee for the above bankruptcy estate, the moving party named in the foregoing Notice of Motion and Motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

                                                     /e/ Randall L. Seaver

Executed on March 11, 2010                _____

                                              Randall L. Seaver, Trustee

418338.2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>      Debtor. | BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>Dennis E. Hecker,<br><br>      Defendant. | ADV No. 10-5003 |

## SETTLEMENT AGREEMENT
## BETWEEN
## RANDALL L. SEAVER AS TRUSTEE ("TRUSTEE") OF THE ESTATE
## DENNIS E. HECKER ("ESTATE") AND
## DENNIS E. HECKER ("DEBTOR")

WHEREAS, Randall L. Seaver is the duly appointed Chapter 7 trustee in the above case, which was commenced by the filing of a voluntary Chapter 7 petition on June 4, 2009; and

WHEREAS, the time for the trustee to file a complaint under 11 U.S.C. §727 was extended, by Stipulation and court order, to January 15, 2010; and

WHEREAS, on January 13, 2010, the trustee filed a complaint commencing ADV No. 10-5003 ("§727 complaint") objecting to the debtor's discharge; and

WHEREAS, by Stipulation and court order, the time for the debtor to respond to the §727 complaint was extended through March 15, 2010; and

WHEREAS, on February 24, 2010, the trustee filed an amended complaint in ADV No. 10-5003 which, in addition to seeking a denial of the debtor's discharge, sought an order requiring the debtor to turnover watches to the trustee; and



WHEREAS, the trustee obtained a judgment in ADV No. 10-5004 against Christi Rowan which judgment, among other things, provided for recovery and turnover of a Harrison dog to the trustee; and

WHEREAS, the trustee and the debtor desire to settle ADV No. 10-5003 without further cost or expense to either party.

NOW, THEREFORE, it is hereby agreed as follows:

1. The debtor consents to entry of an order denying his discharge in the form attached hereto as Exhibit A.

2. The portion of the amended complaint seeking turnover of watches will be dismissed without prejudice.

3. The trustee will transfer to Christi Rowan all of the estate's interest in the Harrison dog.

4. In the event that this Agreement is not approved by the Bankruptcy Court, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties hereto.

5. This Agreement constitutes the whole and complete agreement between the parties. No modifications of the terms of this Agreement shall be effective unless made in writing and signed by the party against whom such modification should run. This Agreement supersedes all prior agreements and understandings between the parties.

6. This Agreement shall be governed and interpreted in accordance with the laws of the State of Minnesota without reference to principles of conflicts of law except to the extent that Federal Bankruptcy law preempts Minnesota State law.

7. This Agreement may be executed in counterparts, but shall be construed as if signed in one document.

8. Each party received independent legal advice from its attorneys with respect to the advisability of making this settlement provided for herein and with respect to the advisability of making this Agreement.

9. The parties to this Agreement have jointly participated in the drafting of this Agreement and therefore if there should be any dispute as to the meaning of any part of this Agreement, the parties hereto agree that all of the parties hereto shall be considered to have drafted such language so that the court does not construe or interpret the language against any of the parties hereto.

10. Each party acknowledges that such party has read this Agreement and understands the contents hereof.

11. Each party shall execute all further additional documents which are reasonably necessary to carry out the provisions of this Agreement.

12. This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective assigns, heirs and successors-in-interest.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly signed.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: March 8, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Plaintiff
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

SKOLNICK & SHIFF, P.A.

Dated: March 9, 2010

By_____
William R. Skolnick, #137182
527 Marquette Avenue
Suite 2100
Minneapolis, MN 55402
(612) 677-7600
Attorneys for Defendant

418091

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

      Debtor.

_____

BKY Case No.: 09-50779

Chapter 7

**ORDER DENYING DISCHARGE**

Pursuant to the settlement agreement of the parties,

IT IS ORDERED that the discharge of the debtor is denied.

Dated:

_____

418067

**EXHIBIT A TO SETTLEMENT AGREEMENT**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                BKY No. 09-50779

Dennis E. Hecker,                                                      Chapter 7

      Debtor.
_____

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING SETTLEMENT**
_____

### FACTUAL AND PROCEDURAL BACKGROUND

Randall L. Seaver is the duly appointed Chapter 7 trustee in the above case, which was commenced by the filing of a voluntary Chapter 7 petition on June 4, 2009.

The time for the trustee to file a complaint under 11 U.S.C. §727 was extended, by stipulation and court order, to January 15, 2010. On January 13, 2010, the trustee filed a complaint commencing ADV No. 10-5003 ("**§727 complaint**") objecting to the debtor's discharge. By Stipulation and Court order, the time for the debtor to respond to the §727 complaint was extended through March 15, 2010. On February 24, 2010, the trustee filed an amended complaint in ADV No. 10-5003 which, in addition to seeking a denial of the debtor's discharge, sought an order requiring the debtor to turnover watches to the trustee.

The trustee has obtained a judgment in ADV No. 10-5004 against Christi Rowan which judgment, among other things, provided for recovery and turnover of a Harrison dog to the trustee.

The trustee and the debtor desire to settle ADV No. 10-5003 without further cost or expense to either party.

## ARGUMENT

This Court should approve the Settlement Agreement because it is in the best interests of the estate.

The Court may approve a compromise or settlement following a hearing upon notice to creditors. Bankruptcy Rule 9019(a). A settlement should be approved if the settlement is in the best interests of the estate. *In re Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

A bankruptcy court must consider the following factors (the "***Drexel* Factors**") when deciding whether to approve a proposed compromise:

1. the probability of success in the litigation;

2. the difficulties in collection of any litigated judgment;

3. the complexity of the litigation and expense, inconvenience, and delay necessarily attending it;

4. the paramount interests of creditors; and (in appropriate cases); and,

5. whether the conclusion of the litigation promotes the integrity of the judicial system.

*Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989); *In re Hanson Industries, Inc.*, 88 B.R. 942, 946 (Bankr. D. Minn. 1988); *In re Lakeland Dev. Corp.*, 48 B.R. 85, 89-90 (Bankr. D. Minn. 1985). The paramount consideration for the court is the interest of the estate's creditors. *In re Hancock-Nelson*, 95 B.R. at 990.

In agreeing to settlement with the Defendant, the Trustee took into consideration all of the *Drexel* factors, as indicated by the following discussion.

### 1. Probability of success.

The trustee believed that he would be successful in the discharge litigation.

## 2. Difficulty in collection.

Because this is a settlement of the discharge component of the complaint, this factor is not relevant.

## 3. Complexity, expense and litigation delay.

The trustee believes that he would prevail on the discharge component of the case on a summary judgment motion, and the trustee had begun preparation of the motion and supporting documents. However, the estate would have incurred significant additional expense in pursuing the motion and there is no guaranty that the trustee would have prevailed on summary judgment. If he had not prevailed on summary judgment, a trial would have been necessary which would have caused a substantial expense to the estate and substantial delay.

As a part of the settlement, the trustee has agreed to transfer the estate's interest in the Harrison dog to Christi Rowan. The original purchase price of the Harrison dog in the spring of 2009 was in excess of $30,000. However, after the trustee discovered the purchase of the dog, he discussed, with the individual who sold the dog, how much that individual would be willing to pay to repurchase the dog. The trustee was advised that he might pay $5,000 to repurchase the dog, but, until he had personally viewed and interacted with the dog, he was not sure that he would pay anything. Accordingly, the trustee believes that the value of the dog is, possibly, $5,000. The costs of administering the dog would not, in the trustee's opinion, be an economically justified endeavor. Further, parting with an interest in the dog is a worthwhile exchange for denial of debtor's discharge.

## 4. Paramount interests of creditors.

The paramount interests of creditors are served by this settlement. As a result of the settlement, the debtor's discharge will be denied and all creditors will retain their claims against

the debtor. In addition to the settlement preserving the rights of those creditors, the settlement saves those creditors, who commenced actions under 11 U.S.C. §523, substantial amounts of money that they would have had to pay in attorney's fees and expenses to proceed with their actions.

   5.   **Integrity of the judicial system.**

The trustee believes this settlement promotes the integrity of the system. Loss of a discharge is a substantial consequence for any debtor and, in particular, for this debtor who is subject to very large creditor claims.

### CONCLUSION

The terms of the settlement agreement, when considered in light of the *Drexel* Factors, constitute a very acceptable resolution of the trustee's §727 claim. For those reasons the trustee believes that the settlement agreement should be approved.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

Dated: March 12, 2010

By: /e/ Matthew R. Burton
_____
Matthew R. Burton
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

418339.2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010, I caused the following documents:

*Notice of Motion and Motion for Order Approving Settlement Agreement, Memorandum in Support of Motion for Order Approving Settlement and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

**SEE ATTACHED SERVICE LIST**

Dated: March 12, 2010

/e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

418433

| | | |
|---|---|---|
| UNITED STATES RENT A CAR<br>4744 PARADISE ROAD<br>LAS VEGAS,, NV 89121 | ACE INSURANCE COMPANY<br>P.O. BOX 294836<br>CLEVELAND OH 44101 | ALDRIDGE, DAN<br>1600 KENWOOD PKWY.<br>MINNEAPOLIS MN 55405 |
| ALLEN EIDE<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 | AMERICAN BANK<br>1060 DAKOTA DRIVE<br>MENDOTA HEIGHTS MN 55120 | AMERICAN EXPRESS<br>P. O. BOX 0001<br>LOS ANGELES CA 90096 |
| AMERICAN NAT'L BANK OF MN<br>7638 WOIDA RD<br>BAXTER MN 56425 | ANCHOR BANK<br>1570 CONCORDIA AVE<br>SAINT PAUL MN 55104 | ANCHOR BANK<br>P.O. BOX 7933<br>MADISON WI 53707 |
| AV CARD/OASIS<br>164 LAKE FRONT DR<br>COCKEYSVILLE MD 21030 | AXIS CAPITAL, INC.<br>308 N LOCUST ST<br>PO BOX 2555<br>GRAND ISLAND NE 68802 | AXLE CAPITAL, LLC / SAGECREST<br>3 PICKWICK PLAZA<br>GREENWICH CT 06830 |
| AMERICAN BANK<br>1578 UNIVERSITY AVENUE W<br>SAINT PAUL, MN 55104 | AMERICAN EXPRESS BANK FSB<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | BARBARA LYNN CUTTER<br>2350 S BEVERLY GLEN BLVD #5<br>W LOS ANGELES CA 90064 |
| BAYPORT MARINA ASSOCIATION<br>200 5TH STREET<br>BAYPORT MN 55003 | BELISLE, WAYNE<br>1843 EAGLE RIDGE DR<br>SAINT PAUL MN 55118 | BELLAGIO<br>3600 LAS VEGAS BLVD<br>LAS VEGAS NV 89109 |
| BREICH, WALTER<br>13670 -- 122ND STREET<br>NORWOOD YOUNG AMERICA MN 55368 | BREMER BANK<br>633 SOUTH CONCORD STREET, SUITE 350<br>SOUTH ST. PAUL MN 55075 | BRIGGS & MORGAN PA<br>2200 IDS CENTER<br>80 SOUTH EIGHTH STREET<br>MINNEAPOLIS MN 55402 |
| C AND C BOAT WORKS<br>36448 CTY RD 66<br>CROSSLAKE MN 56442 | CA BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO CA 94279-7072 | CA DEPT OF MOTOR VEHICLES<br>PO BOX 942869<br>SACRAMENTO CA 94269-0001 |
| CARLTON FINANCIAL CORPORATION<br>1907 E. WAYZATA BLVD. SUITE 180<br>WAYZATA MN 55391 | CENTER POINT ENERGY<br>P.O. BOX 1144<br>MINNEAPOLIS MN 55440 | CESSNA AIRCRAFT COMPANY<br>P.O. BOX 12270<br>WICHITA KS 67277 |
| CHRYSLER FINANCIAL<br>CIMS 740-01-19<br>6400 S FIDDLERS GREEN CIR., STE. 700<br>ENGLEWOOD CO 80111-4979 | CITY OF ASPEN<br>130 S. GALENA ST.<br>ASPEN CO 81611 | CITY OF BAYPORT<br>294 N. 3RD STREET<br>BAYPORT MN 55003 |

| | | |
|---|---|---|
| CITY OF MEDINA<br>2052 CO RD 24<br>HAMEL MN 55340 | COMMUNITY NATIONAL BANK<br>845 EAST COUNTY ROAD E<br>VADNAIS HEIGHTS MN 55127 | D&H DOCKS<br>23624 SMILEY ROAD<br>NISSWA, MN 56468 |
| COOPERATIVE POWER<br>P.O. BOX 69<br>TWO HARBORS MN 55616 | CORNERSTONE BANK<br>2627 SOUTH UNIVERSITY<br>FARGO ND 58103 | CROSSLAKE PROPERTY SOLUTIONS<br>P.O. BOX 810<br>CROSSLAKE MN 56442 |
| CROW WING COUNTY TREASURER<br>JUDICIAL CENTER<br>213 LAUREL ST<br>BRAINERD MN 56401 | DEERWOOD BANK<br>611 WASHINGTON STREET NE<br>BRAINERD MN 56401-3377 | DON GILBERT<br>1700 PHEASANT RUN<br>HUDSON WI 54016 |
| DONALD M HALSTEAD III<br>15626 SUNSET WAY<br>BRAINERD MN 56401 | ELIZABETH A JOHNSON<br>PO BOX 624<br>PINE RIVER MN 56474 | ENCORE BANK<br>3003 TAMIAMI TRAIL NORTH, #100<br>NAPLES FL 34103 |
| EXXONMOBILE OIL CORPORATION<br>ATTN JENNIFER FRASER<br>120 MCDONALD STREET SUITE B<br>SAINT JOHN NB CANADA E2J 1M5 | FAMILY HOLDINGS OF MN LLC<br>11614 ECHO BAY DRIVE<br>CROSSLAKE MN 56442 | FIFTH THIRD BANK<br>C/O RICHARD J. SWIFT, JR.<br>GARLICK STETLER & SKRIVIAN<br>9115 CORSEA DE FONTANA WAY, #100<br>NAPLES FL 34109 |
| GE CAPITAL<br>1415 WEST 22ND STREET, SUITE 600<br>OAKBROOK IL 60523 | GE CAPITAL, FLEET SERVICES<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE MN 55344 | GELCO CORPORATION<br>THREE CAPITAL DRIVE<br>ATTN: GENERAL COUNSEL<br>EDEN PRAIRIE MN 55344 |
| GEMB LENDING INC<br>2995 RED HILL AVE STE 250<br>COSTA MESA CA 92626 | GEMB LENDING, INC.<br>P.O. BOX 57091<br>IRVINE CA 92619 | GMAC MORTGAGE<br>1100 VIRGINIA DRIVE<br>FORT WASHINGTON, PA 19034 |
| GMAC MORTGAGE<br>P.O. BOX 4622<br>WATERLOO IA 50704 | GMAC, LLC<br>15303 94TH AVENUE<br>ORLAND PARK IL 60462 | GWYN M DOENZ<br>10600 COUNTRY DRIVE<br>PINE CITY MN 55063 |
| HECKER, SANDRA<br>13755 - 84TH PL N<br>MAPLE GROVE MN 55369 | HENNEPIN COUNTY TREASURER<br>300 S SIXTH ST<br>A600 GOVERNMENT CNT<br>MINNEAPOLIS MN 55487 | HOLY CROSS ENERGY<br>3799 HWY 82<br>GLENWOOD SPRINGS CO 81602 |
| HOME FEDERAL SAVINGS BANK<br>1016 CIVIC CENTER DR NW<br>STE 300<br>ROCHESTER MN 55903 | HSBC BANK NEVADA NA<br>BASS & ASSOCIATES, PC<br>3936 E FT LOWELL RD, STE 200<br>TUCSON AZ 85712 | HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>MOUNTAIN VALLEY CA 92708 |

| | | |
|---|---|---|
| INTER BANK<br>P.O. BOX 986<br>NEWARK NJ 07184 | INTERBANK EDINA<br>3400 WEST 66TH STREET, SUITE 100<br>EDINA MN 55435 | INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES BRANCH<br>389 US COURTHOUSE 316 N ROBERT<br>ST. PAUL MN 55101 |
| IRS<br>DEPARTMENT OF TREASURY<br>OGDEN UT 84201 | JACOB HOLDINGS OF MEDINA, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 | JACOB PROPERTIES OF ASPEN, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 |
| JASON S. COLBAUGH<br>PO BOX 1220<br>BRAINERD MN 56401 | JAVAN CARL<br>13942 GRAND OAKS DR<br>BAXTER MN 56425 | JAVER ESQUIVEL<br>2807 W AVE 30<br>LOS ANGELES CA 90065 |
| JC BROMAC<br>11860 S. LA CIENEGA BLVD.<br>LOS ANGELES CA 90250 | JOHN J. SORCI TRUST<br>2300 EAST VALLEY COURT<br>SAN JOSE CA 95148 | JP MORGAN CHASE BANK, N.A.<br>726 MADISON AVENUE<br>NEW YORK NY 10021 |
| KAPLAN STRANGIS & KAPLAN PA<br>5500 WELLS FARGO CENTER<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | KELLY K. HECKER<br>13905 - 53RD AVE N. APT. 1<br>PLYMOUTH MN 55446 | KLEINBANK<br>14141 GLENDALE ROAD<br>SAVAGE MN 55378 |
| KSTP-FM LLC<br>3415 UNIVERSITY AVE<br>SAINT PAUL MN 55114 | LAKE BANK, N.A., THE<br>613 FIRST AVENUE<br>TWO HARBORS MN 55616 | LLOYD SECURITY<br>1097 10TH SE<br>MINNEAPOLIS MN 55414 |
| LUBIC, MICHAEL, ESQ.<br>601 S FIGUEROA ST<br>STE 2500<br>LOS ANGELES CA 90017-5704 | M&I BANK<br>770 N. WATER STREET<br>MILWAUKEE WI 53202 | MAC OF PINE CITY, LLC<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 |
| MARC D. KOHL<br>39101 DARLING LANE<br>HINCKLEY MN 55037 | MARC E TRESSLER<br>3400 BARBARA LN<br>BURNSVILLE MN 55337 | MARSH CONSUMER<br>333 SOUTH SEVENTH, STE 1600<br>MINNEAPOLIS MN 55402-2427 |
| MARSHALL BANK FIRST<br>225 SOUTH SIXTH STREET, SUITE 2900<br>MINNEAPOLIS MN 55402 | MCENROE, CATHERINE<br>LEONARD STREET & DEINARD<br>150 S FIFTH ST STE 2300<br>MINNEAPOLIS MN 55402 | MICHAEL REYES<br>PO BOX 205<br>BACKUS MN 56435 |
| MIKDEN PROPERTIES<br>7002 6TH STREET NORTH<br>OAKDALE MN 55128 | MINNESOTA DEPT. OF REVENUE<br>MAIL STATION 7701<br>SAINT PAUL MN 55146-7701 | MINNESOTA DEPT. OF REVENUE<br>PO BOX 64649<br>SAINT PAUL MN 55164-0649 |

| | | |
|---|---|---|
| MN DEPT OF PUBLIC SAFETY<br>DRIVER & VEHICLE SERVICES<br>445 MINNESOTA ST<br>SAINT PAUL MN 55101-5160 | NATHAN THIEMAN<br>1030 8TH AVE SW<br>PINE CITY MN 55063 | NEIMAN MARCUS<br>P.O. BOX 5235<br>CAROL STREAM IL 60197 |
| NEVADA STATE BANK<br>6505 NORTH BUFFALO DRIVE<br>LAS VEGAS NV 89131 | NIEDERNHOEFER, MANFRED<br>1563 RIVERCREST RD<br>LAKELAND MN 55043 | NITROGREEN<br>P.O. BOX 41<br>MAPLE PLAINE MN 55359 |
| NORTHMARQ CAPITAL<br>3500 AMERICAN BLVD WEST,<br>SUITE 500<br>BLOOMINGTON MN 55431 | NORTHRIDGE FARM<br>ASSOCIATION<br>P.O. BOX 767<br>WAYZATA MN 55391 | NORTHWOODS BANK<br>PO BOX 112<br>PARK RAPIDS MN 56470 |
| OLD REPUBLIC SURETY<br>1503 - 42ND ST<br>STE 100<br>DES MOINES IA 50305 | PRALLE, GARY<br>3625 PINE HOLLOW PL<br>STILLWATER MN 55082 | PREMIER AQUARIUM<br>6340 IRVING AVE S.<br>RICHFIELD MN 55423 |
| PREMIER BANKS<br>1875 W. HIGHWAY 36<br>ROSEVILLE MN 55113 | PRESS A DENT INC<br>1154 S HIGH ST<br>DENVER CO 80210 | PRINDLE, DECKER & AMARO, LLP<br>310 GOLDER SHORE - 4TH FLOOR<br>LONG BEACH CA 90802 |
| PROFESSIONAL SERVICE<br>BUREAU<br>11110 INDUSTRIAL CIRCLE NW<br>STE B<br>ELK RIVER MN 55330-0331 | MICHAEL W. MALTER<br>BINDER & MALTER LLP<br>2775 PARK AVENUE<br>SANTA CLARA, CA 95050 | R. OLSON / WATERFORD<br>PROPERTIES<br>73 N. BROADWAY<br>FARGO ND 58102 |
| RANDY'S SANITATION<br>P.O. BOX 169<br>DELANO MN 55328 | RIVERLAND BANCORPORATION<br>700 SEVILLE DRIVE<br>JORDAN MN 55352 | RIVERWOOD BANK<br>LOAN PRODUCTION OFFICE<br>PO BOX 899<br>CROSSLAKE MN 56442 |
| ROE, JESSICA LIPSKY, ESQ.<br>BERNICK LIFSON ET AL<br>500 WAYZATA BLVD STE 1200<br>MINNEAPOLIS MN 55416 | ROYAL JEWELERS<br>73 BROADWAY<br>FARGO, ND 58102 | RUTH ANN BIEDERMAN<br>414 7TH AVE NE<br>PINE CITY MN 55063 |
| SCHUYLER SCARBOROUGH<br>19181 SPENCER ROAD UNIT #15<br>BRAINERD MN 56401 | SCOTT A. KEYPORT<br>1802 AIRWAVES RD NE<br>PINE CITY MN 55063 | SILVER CLIFF ASSOCIATION<br>1201 CEDAR LAKE RD S.<br>MINNEAPOLIS MN 55416 |
| SOURCE GAS<br>P.O. BOX 660474<br>DALLAS TX 75266 | ST. CROIX YACHT CLUB<br>P.O. BOX 2263<br>STILLWATER MN 55082 | STATE OF MINNESOTA DEPT OF<br>REVENUE<br>600 NORTH ROBERT STREET<br>ST. PAUL MN 55101 |

| | | |
|---|---|---|
| STORCHECK CLEANERS<br>857 7TH STREET<br>ST. PAUL MN 55106 | SUMMERS PROPERTY MANAGEMENT<br>111K AABC<br>ASPEN CO 81611 | TCF NATIONAL BANK<br>801 MARQUETTE AVENUE<br>MINNEAPOLIS MN 55402 |
| TCHIDA, BRYANT D., ESQ.<br>LEONARD STREET & DEINARD<br>150 S 5TH ST STE 2300<br>MINNEAPOLIS MN 55402 | THE MIRAGE CASINO-HOTEL<br>C/O MARK W. RUSSELL ESQ<br>3400 LAS VEGAS BLVD S<br>LAS VEGAS NV 89109 | TOYOTA FINANCIAL SAVINGS BANK<br>2485 VILLAGE VIEW DRIVE<br>SUITE 200<br>HENDERSON NV 89074 |
| TOYOTA FINANCIAL SERVICES<br>301 CARLSON PKWY, STE. 210<br>MINNETONKA MN 55305 | TOYOTA MOTOR CREDIT CORP<br>301 CARLSON PKWY STE 210<br>MINNETONKA MN 55305 | U.S. BANK<br>BC-MN-H22A<br>800 NICOLLET MALL, 22ND FLOOR<br>MINNEAPOLIS MN 55402 |
| US BANK VISA CARD<br>P.O. BOX 790408<br>ST. LOUIS MO 63179 | VENTURE BANK<br>5601 GREEN VALLEY DRIVE<br>SUITE 120<br>BLOOMINGTON MN 55437 | VFS FINANCING, INC.<br>10 RIVERVIEW DR<br>ATTN BETH BONELL<br>DANBURY CT 06810 |
| VICTORIA INSURANCE<br>1100 LOCUST STREET<br>DES MOINES IA 50391 | VISION BANK<br>3000 25TH ST. SOUTH<br>P.O. BOX 10008<br>FARGO ND 58106 | WAGENER, MAURICE J.<br>13700 WAYZATA BLVD<br>HOPKINS MN 55305 |
| WASHINGTON COUNTY TREASURER<br>GOVERNMENT CENTER<br>14949 - 62ND ST N<br>STILLWATER MN 55082 | WASHINGTON MUTUAL BANK, FA<br>400 E MAIN ST<br>STOCKTON CA 95290 | WASTE PARTNERS<br>P.O. BOX 677<br>PINE RIVER MN 56474-0677 |
| WATERFORD ASSOCIATION<br>P.O. BOX 1353<br>MINNEAPOLIS MN 55480-1353 | WAYNE BELISLE<br>1843 EAGLE RIDGE<br>MENDOTA HEIGHTS MN 55118 | WELLS FARGO<br>C/O DAVID GALLE<br>45 SOUTH SEVENTH ST, STE 3300<br>MINNEAPOLIS MN 55402 |
| WELLS FARGO BANK N.A.<br>LOAN ADJUSTMENT GROUP<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | WELLS FEDERAL BANK<br>53 FIRST ST. SW<br>WELLS MN 56097 | WI DEPT OF TRANSPORTATION<br>PO BOX 7949<br>MADISON WI 53707 |
| WILLIAM BRODY<br>BUCHALTERNEMER<br>1000 WILSHIRE BLVD, STE 1500<br>LOS ANGELES CA 90017-2457 | WORLD OMNI FINANCIAL CORP.<br>190 JIM MORAN BOULEVARD<br>DEERFIELD BEACH FL 33442 | ZAPPIA, THOMAS M., ESQ.<br>ZAPPIA & LEVAHN<br>941 HILLWIND RD NE STE 301<br>MINNEAPOLIS MN 55432 |
| CRAIG E REIMER<br>MAYER BROWN LLP<br>71 SOUTH WACKER DRIVE<br>CHICAGO, IL 60606 | DENNIS E. HECKER<br>PO BOX 1017<br>CROSSLAKE, MN 56442 | HOWARD J ROIN<br>MAYER BROWN LLP<br>71 SOUTH WACKER DRIVE<br>CHICAGO, IL 60606 |

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MICHAEL B. LUBIC
SONNENSCHEIN NATH &
ROSENTHAL LLP
601 S FIGUEROA ST STE 2500
LOS ANGELES, CA 90017-5704

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.
_____

**ORDER**
_____

The above matter came before the court on the trustee's motion for approval of a settlement agreement. Based upon the files, records and proceedings herein,

IT IS ORDERED AS FOLLOWS:

1. The trustee's settlement agreement with Dennis E. Hecker is approved and Debtor's discharge shall be denied.

2. The trustee is authorized to sign such documents as are necessary to implement the terms of the settlement agreement.


Dated:

                                                                                                                        _____

418337