UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                                    BKY No. 09-50779
                                                                                                Chapter 7
Dennis E. Hecker,

        Debtor.
_____

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND FOR EXPEDITED HEARING**
_____

TO:    ENTITIES SPECIFIED IN LOCAL RULE 9013-3

    1.    Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**") herein, moves the Court for the relief request below and gives Notice of hearing herewith.

    2.    The Court will hold a hearing on this motion at 2:00 p.m. on April 7, 2010 Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 or as soon thereafter as counsel can be heard. Under applicable rules, any objection must be in writing, be delivered to the Trustee and the United States Trustee. Because of the expedited nature of this hearing, the Trustee will not object, as to timeliness, to any response. UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    3.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Fed.R.Bankr.P. 5005, and Local Rule 1070-1. The petition commencing this chapter 7 case was filed on June 4, 2009. The case is now pending in this court.

    4.    This Motion arises under 11 U.S.C. §554, Fed.R.Bankr.P. 9019, Local Rule 9019-1 and is filed under Local Rules 9013-2 and 9013-5. The Trustee seeks approval of the Settlement Agreement between the Trustee and Tamitha Hecker. The Settlement Agreement is attached hereto as Exhibit A.

5. The Settlement Agreement was the result of a mediation conducted with the assistance of the Honorable Gregory F. Kishel on March 5, 2010.

6. The Trustee believes the settlement is in the best interest of creditors of this estate.

7. Expedited approval of the proposed settlement is requested as Tamitha Hecker has noted a need for living expenses and indicated that the funds generated by this settlement may be her only source of capital.

8. Pursuant to Local Rule 9013-2(c), the Trustee gives notice that he may, if necessary, testify at the hearing regarding the proposed sale.

WHEREFORE, the Trustee requests an Order of the court:

1. Granting the Trustee's motion for expedited hearing.

2. Granting the Trustee's motion for approval of the Settlement Agreement.

**LEONARD, O'BRIEN, SPENCER,**
**GALE & SAYRE, LTD.**

Dated: March 18, 2010

By: /e/ Matthew R. Burton
Matthew R. Burton
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

## VERIFICATION

     I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker named in the foregoing Notice of Hearing and Motion for Approval of Settlement Agreement and Expedited Hearing declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

                                                                      /e/ Randall L. Seaver

Executed on March 18, 2010                                _____

                                                                     Randall L. Seaver, Trustee

418095

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

    Debtor.

Tamitha Hecker,  Adv. 10-5001

    Plaintiff,

vs.

Randall L. Seaver,

    Defendant.

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Agreement**") is entered into between Tamitha Hecker and Randall L. Seaver, the (collectively referred to as the "**Parties**").

WHEREAS, on January 12, 2010, Tamitha Hecker commenced the above-captioned adversary proceeding seeking a declaratory judgment and abandonment of money and personal property;

WHEREAS, Randall L. Seaver alleged various claims against Ms. Hecker for avoidance of various transfers made within the two years prior the filing;

WHEREAS, on March 5, 2010, the Parties mediated this matter with the Honorable Gregory F. Kishel, U.S. Bankruptcy Judge; and

# EXHIBIT A

WHEREAS, as a consequence of a full-day mediation session, the Parties resolved their claims against each other. The terms of the settlement were memorialized on the record at the conclusion of the mediation.

NOW, THEREFORE, in consideration of the foregoing recitals, the covenants undertaken herein and for other good and valuable consideration, the parties make the following:

**STIPULATION**

1. Any and all jewelry owned by Tamitha Hecker shall remain property of Ms. Hecker free and clear of any claims of the Trustee or the estate, except for a Rolex watch given to Ms. Hecker by the debtor in July 2008. The Rolex watch shall be turned over to the Trustee within ten days of the approval of the settlement and shall become property of the bankruptcy estate. The jewelry shall not be property of the bankruptcy estate and the Trustee abandons any interest that the estate may have in the jewelry.

2. Any and all monies held by Ms. Hecker as of the commencement of the debtor's bankruptcy case including monies held in her safety deposit box or Ms. Hecker's bank accounts shall be and remain the property of Ms. Hecker free and clear of any claims of the Trustee and the estate. The cash shall not be property of the bankruptcy estate and the Trustee abandons any interest that the estate may have in the cash.

3. The Trustee and the estate shall keep the $17,700 seized at the home in Cross Lake, Minnesota, when the search warrants were executed on or about June 17, 2009.

4. The personal property and all funds received from the sale of the personal property in all homes whether titled in the names of business entities or in the name of the debtor shall be property of the estate, with the exception of $10,000. The $10,000 shall be paid to Ms. Hecker within ten days of approval of the settlement.

5. The estate shall release any interest in the Hublot watch given to the debtor's son within the year prior to filing.

6. Ms. Hecker shall release any interest in any of the real or personal, property held by the debtor or in the name of any of the debtor's business entities, except as provided herein, as of the date of the bankruptcy case.

7. As to the large piece of glass artwork referenced in the Trustee's preliminary answer and in mediation (which the parties referred to as the "disc"), the artwork shall be turned over to the Trustee to liquidate upon approval of the settlement. The proceeds from the sale, after deducting the costs of liquidation, shall be divided equally among the Parties. Any and all attorneys' fees and costs in connection with the sale shall be borne by the estate. The Trustee shall pay Ms. Hecker within ten days after consummation of the sale of the glass artwork.

8. The real property legally described as Timbers Club at Snowmass Unit: S6 DESC: Parking Space, Parcel No. 273301406036, Snowmass Village, Colorado, shall be sold by the Trustee. The net proceeds from the sale, after deducting any costs of liquidation or unpaid assessments, shall be divided between the Parties. The estate shall retain 60 percent of the net proceeds and Ms. Hecker shall receive 40 percent of the net proceeds. Any and all attorneys' fees and costs in connection with the sale shall be borne by the estate. The Trustee shall pay Ms. Hecker within ten days after the sale of the Colorado real property.

9. Ms. Hecker releases any and all claims or interest in the income tax refunds that may be subject to the estate's interest as of the time of bankruptcy filing.

10. The automatic stay shall be modified so as to permit Ms. Hecker to liquidate her claims in the pending dissolution matter.

11. The estate releases any interest in Ms. Hecker's vehicles, the 2008 Mini Cooper and the 2008 Cadillac Escalade.

12. Ms. Hecker will provide sworn testimony in the form of an affidavit and through a bankruptcy rule 2004 examination for the purpose of establishing her assets as of June 4, 2009 and any transfers of assets by her in the year prior to filing bankruptcy. It is assumed, as part of this settlement agreement, that the information to be provided under oath will be consistent with that formerly represented by Ms. Hecker. This settlement agreement will not release any claims possessed by the Trustee against Ms. Hecker which arise from or relate to any materially false information (material meaning a difference in excess of $5,000) provided in the aforementioned affidavit or examination. Any assets having a value of $5,000 or more in excess of that disclosed by Ms. Hecker shall be property of the estate and Ms. Hecker shall have no interest in those assets.

13. Ms. Hecker shall continue to cooperate with the Trustee and shall provide truthful testimony as reasonably necessary, without expense to the estate. To the extent permitted by the family court, Ms. Hecker shall share all financial information and filings made in that case with the Trustee.

14. The Trustee shall release any and all avoidance claims against Ms. Hecker, Becky Toevs Rooney and Edward F. Rooney.

15. This resolution does not affect any personal or real property that may be discovered by the Parties in the future. The Parties reserve their respective rights and interest in the unscheduled or unknown assets.

16. If the settlement is not approved, the Trustee shall have ten days to answer the Complaint filed by Ms. Hecker.

17. Due to the financial hardship of Ms. Hecker, the Parties agreed that the Trustee shall move for the approval of the settlement on an expedited basis.

18. Except as provided for in this Agreement, the Parties do hereby, on behalf of themselves, agents, attorneys, heirs, successors and assigns, release, acquit, forever discharge each other and any agents, attorneys, heirs, successors and assigns, from any and all claims, demands or causes of action of any kind, nature or description whether arising in law or equity or upon contract or tort or under state or federal laws or otherwise, whether known or unknown, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected.

19. The undersigned, by execution hereof, state that they have reviewed this Agreement with their respective legal counsel, if any, and that they understand and fully agree to each, all, and every provision hereof, and hereby acknowledge receiving a copy hereof.

20. This Agreement shall be construed under the laws of the State of Minnesota and is subject to final approval of the United States Bankruptcy Court. If approval is not obtained, this Agreement shall become null and void.

21. This Agreement is valid if executed in counterparts which if read together constitute a fully executed Agreement.

22. It is specifically understood and agreed that the consideration recited herein is in full, final, and complete compromise, settlement, accord, and satisfaction of disputed claims; and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

Dated: March __, 2010         By_____
                                              Randall L. Seaver, Trustee

Dated: March __, 2010         By_____
                                              Tamitha Hecker
418343

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                                          BKY No. 09-50779
                                                                                                      Chapter 7
Dennis E. Hecker,

        Debtor.
_____

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT ON AN EXPEDITED BASIS**
_____

**ARGUMENT**

**I.    EXPEDITED RELIEF**

The Trustee believes that the Verified Notice of Hearing and Motion served and filed herewith demonstrates that expedited relief is appropriate pursuant to Local Rule 9006-1(e).

**II.    APPROVAL OF SETTLEMENT**

Local Rule 9013-5 dictates that a memorandum is not required with respect to a motion to approve a settlement unless a "serious contest is anticipated." The Trustee does not anticipate a serious contest to the subject settlement. However, the Trustee does believe that the Settlement Agreement is in the best interest of the estate and its creditors. Federal Rules of Bankruptcy Procedure 9019(a) provides, "On motion by the trustee in and after notice of a hearing, the court may approve a compromise or settlement." The guiding principal for the Court's approval of a settlement is whether the settlement is in "the best interest of the estate." *See In re A&C Properties*, 784 F.2d 1377, 1390 (9th Cir. 1986); *In re Hanson Indus., Inc.*, 88 B.R. 942, 946 (Bankr. D. Minn. 1988).

## **CONCLUSION**

The Trustee requests that the Court:

1. Grant his request for expedited relief;

2. Grant the Trustee's request to approve the Settlement Agreement; and,

3. Award the Trustee such other relief as is just and equitable.

                                              **LEONARD, O'BRIEN**
                                              **SPENCER, GALE & SAYRE, LTD.**

                                              /e/ Matthew R. Burton

Dated: March 18, 2010            By_____
                                            Matthew R. Burton, #210018
                                            Attorney for Randall L. Seaver, Trustee
                                            100 South Fifth Street, Suite 2500
                                            Minneapolis, Minnesota 55402-1234
                                            (612) 332-1030

418102

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.
_____

## UNSWORN CERTIFICATE OF SERVICE
_____

I hereby certify that on March 18, 2010, I caused the following documents:

*Notice of Motion and Motion for Approval of Settlement Agreement and for Expedited Hearing, Memorandum in Support of Expedited Motion for Approval of Settlement Agreement on an Expedited Basis and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

**SEE ATTACHED SERVICE LIST**


                                                                         /e/ Stephanie Wood

Dated: March 18, 2010                _____
                                                 Stephanie Wood
                                                 100 South Fifth Street, Suite 2500
                                                 Minneapolis, MN 55402
                                                 (612) 332-1030

418834

| | | |
|---|---|---|
| UNITED STATES RENT A CAR<br>4744 PARADISE ROAD<br>LAS VEGAS,, NV 89121 | ACE INSURANCE COMPANY<br>P.O. BOX 294836<br>CLEVELAND OH 44101 | ALDRIDGE, DAN<br>1600 KENWOOD PKWY.<br>MINNEAPOLIS MN 55405 |
| ALLEN EIDE<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 | AMERICAN BANK<br>1060 DAKOTA DRIVE<br>MENDOTA HEIGHTS MN 55120 | AMERICAN EXPRESS<br>P. O. BOX 0001<br>LOS ANGELES CA 90096 |
| AMERICAN NAT'L BANK OF MN<br>7638 WOIDA RD<br>BAXTER MN 56425 | ANCHOR BANK<br>1570 CONCORDIA AVE<br>SAINT PAUL MN 55104 | ANCHOR BANK<br>P.O. BOX 7933<br>MADISON WI 53707 |
| AV CARD/OASIS<br>164 LAKE FRONT DR<br>COCKEYSVILLE MD 21030 | AXIS CAPITAL, INC.<br>308 N LOCUST ST<br>PO BOX 2555<br>GRAND ISLAND NE 68802 | AXLE CAPITAL, LLC / SAGECREST<br>3 PICKWICK PLAZA<br>GREENWICH CT 06830 |
| AMERICAN BANK<br>1578 UNIVERSITY AVENUE W<br>SAINT PAUL, MN 55104 | AMERICAN EXPRESS BANK FSB<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | BARBARA LYNN CUTTER<br>2350 S BEVERLY GLEN BLVD #5<br>W LOS ANGELES CA 90064 |
| BAYPORT MARINA ASSOCIATION<br>200 5TH STREET<br>BAYPORT MN 55003 | BELISLE, WAYNE<br>1843 EAGLE RIDGE DR<br>SAINT PAUL MN 55118 | BELLAGIO<br>3600 LAS VEGAS BLVD<br>LAS VEGAS NV 89109 |
| BREICH, WALTER<br>13670 -- 122ND STREET<br>NORWOOD YOUNG AMERICA MN 55368 | BREMER BANK<br>633 SOUTH CONCORD STREET, SUITE 350<br>SOUTH ST. PAUL MN 55075 | BRIGGS & MORGAN PA<br>2200 IDS CENTER<br>80 SOUTH EIGHTH STREET<br>MINNEAPOLIS MN 55402 |
| C AND C BOAT WORKS<br>36448 CTY RD 66<br>CROSSLAKE MN 56442 | CA BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO CA 94279-7072 | CA DEPT OF MOTOR VEHICLES<br>PO BOX 942869<br>SACRAMENTO CA 94269-0001 |
| CARLTON FINANCIAL CORPORATION<br>1907 E. WAYZATA BLVD. SUITE 180<br>WAYZATA MN 55391 | CENTER POINT ENERGY<br>P.O. BOX 1144<br>MINNEAPOLIS MN 55440 | CESSNA AIRCRAFT COMPANY<br>P.O. BOX 12270<br>WICHITA KS 67277 |
| CHRYSLER FINANCIAL<br>CIMS 740-01-19<br>6400 S FIDDLERS GREEN CIR., STE. 700<br>ENGLEWOOD CO 80111-4979 | CITY OF ASPEN<br>130 S. GALENA ST.<br>ASPEN CO 81611 | CITY OF BAYPORT<br>294 N. 3RD STREET<br>BAYPORT MN 55003 |

| | | |
|---|---|---|
| CITY OF MEDINA<br>2052 CO RD 24<br>HAMEL MN 55340 | COMMUNITY NATIONAL BANK<br>845 EAST COUNTY ROAD E<br>VADNAIS HEIGHTS MN 55127 | D&H DOCKS<br>23624 SMILEY ROAD<br>NISSWA, MN 56468 |
| COOPERATIVE POWER<br>P.O. BOX 69<br>TWO HARBORS MN 55616 | CORNERSTONE BANK<br>2627 SOUTH UNIVERSITY<br>FARGO ND 58103 | CROSSLAKE PROPERTY SOLUTIONS<br>P.O. BOX 810<br>CROSSLAKE MN 56442 |
| CROW WING COUNTY TREASURER<br>JUDICIAL CENTER<br>213 LAUREL ST<br>BRAINERD MN 56401 | DEERWOOD BANK<br>611 WASHINGTON STREET NE<br>BRAINERD MN 56401-3377 | DON GILBERT<br>1700 PHEASANT RUN<br>HUDSON WI 54016 |
| DONALD M HALSTEAD III<br>15626 SUNSET WAY<br>BRAINERD MN 56401 | ELIZABETH A JOHNSON<br>PO BOX 624<br>PINE RIVER MN 56474 | ENCORE BANK<br>3003 TAMIAMI TRAIL NORTH, #100<br>NAPLES FL 34103 |
| EXXONMOBILE OIL CORPORATION<br>ATTN JENNIFER FRASER<br>120 MCDONALD STREET SUITE B<br>SAINT JOHN NB CANADA E2J 1M5 | FAMILY HOLDINGS OF MN LLC<br>11614 ECHO BAY DRIVE<br>CROSSLAKE MN 56442 | FIFTH THIRD BANK<br>C/O RICHARD J. SWIFT, JR.<br>GARLICK STETLER & SKRIVIAN<br>9115 CORSEA DE FONTANA WAY, #100<br>NAPLES FL 34109 |
| GE CAPITAL<br>1415 WEST 22ND STREET, SUITE 600<br>OAKBROOK IL 60523 | GE CAPITAL, FLEET SERVICES<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE MN 55344 | GELCO CORPORATION<br>THREE CAPITAL DRIVE<br>ATTN: GENERAL COUNSEL<br>EDEN PRAIRIE MN 55344 |
| GEMB LENDING INC<br>2995 RED HILL AVE STE 250<br>COSTA MESA CA 92626 | GEMB LENDING, INC.<br>P.O. BOX 57091<br>IRVINE CA 92619 | GMAC MORTGAGE<br>1100 VIRGINIA DRIVE<br>FORT WASHINGTON, PA 19034 |
| GMAC MORTGAGE<br>P.O. BOX 4622<br>WATERLOO IA 50704 | GMAC, LLC<br>15303 94TH AVENUE<br>ORLAND PARK IL 60462 | GWYN M DOENZ<br>10600 COUNTRY DRIVE<br>PINE CITY MN 55063 |
| HECKER, SANDRA<br>13755 - 84TH PL N<br>MAPLE GROVE MN 55369 | HENNEPIN COUNTY TREASURER<br>300 S SIXTH ST<br>A600 GOVERNMENT CNT<br>MINNEAPOLIS MN 55487 | HOLY CROSS ENERGY<br>3799 HWY 82<br>GLENWOOD SPRINGS CO 81602 |
| HOME FEDERAL SAVINGS BANK<br>1016 CIVIC CENTER DR NW<br>STE 300<br>ROCHESTER MN 55903 | HSBC BANK NEVADA NA<br>BASS & ASSOCIATES, PC<br>3936 E FT LOWELL RD, STE 200<br>TUCSON AZ 85712 | HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>MOUNTAIN VALLEY CA 92708 |

| | | |
|---|---|---|
| INTER BANK<br>P.O. BOX 986<br>NEWARK NJ 07184 | INTERBANK EDINA<br>3400 WEST 66TH STREET, SUITE 100<br>EDINA MN 55435 | INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES BRANCH<br>389 US COURTHOUSE 316 N ROBERT<br>ST. PAUL MN 55101 |
| IRS<br>DEPARTMENT OF TREASURY<br>OGDEN UT 84201 | JACOB HOLDINGS OF MEDINA, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 | JACOB PROPERTIES OF ASPEN, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 |
| JASON S. COLBAUGH<br>PO BOX 1220<br>BRAINERD MN 56401 | JAVAN CARL<br>13942 GRAND OAKS DR<br>BAXTER MN 56425 | JAVER ESQUIVEL<br>2807 W AVE 30<br>LOS ANGELES CA 90065 |
| JC BROMAC<br>11860 S. LA CIENEGA BLVD.<br>LOS ANGELES CA 90250 | JOHN J. SORCI TRUST<br>2300 EAST VALLEY COURT<br>SAN JOSE CA 95148 | JP MORGAN CHASE BANK, N.A.<br>726 MADISON AVENUE<br>NEW YORK NY 10021 |
| KAPLAN STRANGIS & KAPLAN PA<br>5500 WELLS FARGO CENTER<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | KELLY K. HECKER<br>13905 - 53RD AVE N. APT. 1<br>PLYMOUTH MN 55446 | KLEINBANK<br>14141 GLENDALE ROAD<br>SAVAGE MN 55378 |
| KSTP-FM LLC<br>3415 UNIVERSITY AVE<br>SAINT PAUL MN 55114 | LAKE BANK, N.A., THE<br>613 FIRST AVENUE<br>TWO HARBORS MN 55616 | LLOYD SECURITY<br>1097 10TH SE<br>MINNEAPOLIS MN 55414 |
| LUBIC, MICHAEL, ESQ.<br>601 S FIGUEROA ST<br>STE 2500<br>LOS ANGELES CA 90017-5704 | M&I BANK<br>770 N. WATER STREET<br>MILWAUKEE WI 53202 | MAC OF PINE CITY, LLC<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 |
| MARC D. KOHL<br>39101 DARLING LANE<br>HINCKLEY MN 55037 | MARC E TRESSLER<br>3400 BARBARA LN<br>BURNSVILLE MN 55337 | MARSH CONSUMER<br>333 SOUTH SEVENTH, STE 1600<br>MINNEAPOLIS MN 55402-2427 |
| MARSHALL BANK FIRST<br>225 SOUTH SIXTH STREET, SUITE 2900<br>MINNEAPOLIS MN 55402 | MCENROE, CATHERINE<br>LEONARD STREET & DEINARD<br>150 S FIFTH ST STE 2300<br>MINNEAPOLIS MN 55402 | MICHAEL REYES<br>PO BOX 205<br>BACKUS MN 56435 |
| MIKDEN PROPERTIES<br>7002 6TH STREET NORTH<br>OAKDALE MN 55128 | MINNESOTA DEPT. OF REVENUE<br>MAIL STATION 7701<br>SAINT PAUL MN 55146-7701 | MINNESOTA DEPT. OF REVENUE<br>PO BOX 64649<br>SAINT PAUL MN 55164-0649 |

| | | |
|---|---|---|
| MN DEPT OF PUBLIC SAFETY<br>DRIVER & VEHICLE SERVICES<br>445 MINNESOTA ST<br>SAINT PAUL MN 55101-5160 | NATHAN THIEMAN<br>1030 8TH AVE SW<br>PINE CITY MN 55063 | NEIMAN MARCUS<br>P.O. BOX 5235<br>CAROL STREAM IL 60197 |
| NEVADA STATE BANK<br>6505 NORTH BUFFALO DRIVE<br>LAS VEGAS NV 89131 | NIEDERNHOEFER, MANFRED<br>1563 RIVERCREST RD<br>LAKELAND MN 55043 | NITROGREEN<br>P.O. BOX 41<br>MAPLE PLAINE MN 55359 |
| NORTHMARQ CAPITAL<br>3500 AMERICAN BLVD WEST, SUITE 500<br>BLOOMINGTON MN 55431 | NORTHRIDGE FARM ASSOCIATION<br>P.O. BOX 767<br>WAYZATA MN 55391 | NORTHWOODS BANK<br>PO BOX 112<br>PARK RAPIDS MN 56470 |
| OLD REPUBLIC SURETY<br>1503 - 42ND ST<br>STE 100<br>DES MOINES IA 50305 | PRALLE, GARY<br>3625 PINE HOLLOW PL<br>STILLWATER MN 55082 | PREMIER AQUARIUM<br>6340 IRVING AVE S.<br>RICHFIELD MN 55423 |
| PREMIER BANKS<br>1875 W. HIGHWAY 36<br>ROSEVILLE MN 55113 | PRESS A DENT INC<br>1154 S HIGH ST<br>DENVER CO 80210 | PRINDLE, DECKER & AMARO, LLP<br>310 GOLDER SHORE - 4TH FLOOR<br>LONG BEACH CA 90802 |
| PROFESSIONAL SERVICE BUREAU<br>11110 INDUSTRIAL CIRCLE NW<br>STE B<br>ELK RIVER MN 55330-0331 | MICHAEL W. MALTER<br>BINDER & MALTER LLP<br>2775 PARK AVENUE<br>SANTA CLARA, CA 95050 | R. OLSON / WATERFORD PROPERTIES<br>73 N. BROADWAY<br>FARGO ND 58102 |
| RANDY'S SANITATION<br>P.O. BOX 169<br>DELANO MN 55328 | RIVERLAND BANCORPORATION<br>700 SEVILLE DRIVE<br>JORDAN MN 55352 | RIVERWOOD BANK<br>LOAN PRODUCTION OFFICE<br>PO BOX 899<br>CROSSLAKE MN 56442 |
| ROE, JESSICA LIPSKY, ESQ.<br>BERNICK LIFSON ET AL<br>500 WAYZATA BLVD STE 1200<br>MINNEAPOLIS MN 55416 | ROYAL JEWELERS<br>73 BROADWAY<br>FARGO, ND 58102 | RUTH ANN BIEDERMAN<br>414 7TH AVE NE<br>PINE CITY MN 55063 |
| SCHUYLER SCARBOROUGH<br>19181 SPENCER ROAD UNIT #15<br>BRAINERD MN 56401 | SCOTT A. KEYPORT<br>1802 AIRWAVES RD NE<br>PINE CITY MN 55063 | SILVER CLIFF ASSOCIATION<br>1201 CEDAR LAKE RD S.<br>MINNEAPOLIS MN 55416 |
| SOURCE GAS<br>P.O. BOX 660474<br>DALLAS TX 75266 | ST. CROIX YACHT CLUB<br>P.O. BOX 2263<br>STILLWATER MN 55082 | STATE OF MINNESOTA DEPT OF REVENUE<br>600 NORTH ROBERT STREET<br>ST. PAUL MN 55101 |

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK, FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

DENNIS E. HECKER
PO BOX 1017
CROSSLAKE, MN 56442

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MICHAEL B. LUBIC
SONNENSCHEIN NATH &
ROSENTHAL LLP
601 S FIGUEROA ST STE 2500
LOS ANGELES, CA 90017-5704

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                                     BKY No.: 09-50779

Dennis E. Hecker,                                                          Chapter 7

        Debtor.

_____

## ORDER
_____

This case is before the court on the motion of Randall L. Seaver, trustee seeking an order authorizing approval of a settlement agreement.

Based on the motion and the file,

It is ordered:

1.        Expedited relief is granted.

2.        The trustee's motion for approval of the settlement agreement is granted.


Dated:                                                           _____

418103