UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                                    Case No. BKY 09-50779
                      Debtor.                                                         Chapter 7 Case

# NOTICE OF HEARING AND MOTION
# BY FREDRIKSON & BYRON, P.A., TO WITHDRAW
# AS DEBTOR'S COUNSEL

TO: The Office of the United States Trustee and Other Parties in Interest as Specified in Local Rule 9013.

1. Fredrikson & Byron, P.A., ("Fredrikson") moves the Court for the relief requested below and gives notice of a hearing.

2. The Court will hold a hearing on Fredrikson's Motion to Withdraw as Debtor's Counsel (the "Motion") at 2:30 p.m. on Wednesday, April 21, 2010, in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, before the Honorable Robert J. Kressel.

3. Any response to this Motion must be served and filed not later than April 16, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and Holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1070-1 and 1073-1. The petition commencing this chapter 7 case was filed on June 4, 2009 (the "Filing Date"). The case is currently pending in this Court.

5. This motion arises under Fed. R. Bankr. P. 9010, Local Rule 9010-3(e)(2), and Minnesota Rule of Professional Conduct 1.16. This motion is filed under Local Rules 9013-1

through 3. Notice of the hearing on this motion is provided pursuant to Bankruptcy Rule 2002(a) and Local Rules 9013-1 through 3 and 2002-1(a). Fredrikson requests the relief described below.

## FACTUAL BACKGROUND

6. Pre-filing, Fredrikson was retained by the Debtor to represent Debtor in connection with this case.

7. Accordingly, Fredrikson worked with the Debtor to prepare the necessary paperwork to commence the case, and continued thereon from the Filing Date through approximately September 2009. Fredrikson represented Debtor in connection with the preparation and filing of the petition and schedules and amendments to certain schedules. Fredrikson also represented Debtor at the Section 341 meeting and appeared on Debtor's behalf in connection with court hearings on various motions in the case from June to September 2009.

8. In August or September 2009, Debtor retained Mr. William R. Skolnick, of Skolnick & Shiff, to also represent him in connection with this proceeding. See Docket Entry No. 158 (Notice of Appearance of William R. Skolnick), dated September 2, 2009. Mr. Skolnick also undertook to represent Debtor in various adversary proceedings in which Fredrikson has not appeared.

9. While Fredrikson was not terminated when Mr. Skolnick was retained, Fredrikson's role was greatly reduced. After Mr. Skolnick was retained, apart from some document-production related issues that Mr. Skolnick eventually took over, the only tasks for which Fredrikson assumed primary responsibility were (1) the appeal of the homestead exemption ruling, (2) representation of the Debtor for some portion of his 2004 examination (both of which have been completed), and (3) occasional consultation with Debtor or Mr. Skolnick regarding aspects of the case.

10. As noted above, Fredrikson did not represent Debtor in any of the adversary cases commenced against Debtor.

11. In early March 2010, Debtor (through Mr. Skolnick) negotiated a settlement with the Trustee whereby the Debtor would not contest the action commenced by the Trustee to deny Debtor a discharge. <u>See</u> Docket Entry No. 420 (Notice of Hearing and Motion to Approve Compromise and Settlement), dated March 12, 2010. As a result of that settlement, while the Debtor's duty to cooperate with the Trustee remains, there is likely very little additional legal work to be done on behalf of the Debtor.

## BASIS FOR MOTION TO WITHDRAW

12. Except for a $30,000 retainer, Fredrikson has not received payment for work beyond what was initially agreed upon for the scope of Debtor's representation in the case. Debtor has been unable to pay for services beyond the scope of the representation in the case, such as representation in connection with the appeal of the homestead exemption ruling and consultations on other motions. Given the settlement on the discharge denial, it does not appear likely that Debtor will be able to pay Fredrikson any portion of the balance owed.

13. In addition, in early March, the United States Grand Jury issued a superseding indictment of the Debtor. The superseding indictment may appear to raise questions about the Debtor's use of Fredrikson's services.

14. In light of these factors, Fredrikson believes it has no choice but to seek permission to withdraw from further representation of Debtor in this case. Fredrikson has advised the Debtor that it intended to file this Motion seeking permission to withdraw.

15. Because of the present posture of the case (namely, the Debtor is not contesting the denial of his discharge), withdrawal does not present any prejudice to the Debtor.

## RELIEF REQUESTED

WHEREFORE, Fredrikson respectfully requests that this Court enter an order: (a) granting its motion to withdraw as counsel for the Debtor.

Pursuant to Local Rule 9013-2(a), Debtor's Motion is verified and is accompanied by a Memorandum of Law, Proposed Order, and Certificate of Service.

Dated: April 5, 2010

FREDRIKSON & BYRON, P.A.

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Cynthia A. Moyer (#211229)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077

## VERIFICATION

I, Clinton E. Cutler, am a Vice President of Fredrikson & Byron, P.A. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: April 5, 2010     Signed: */s/ Clinton E. Cutler*
                                 Clinton E. Cutler

4719143

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                     Case No. BKY 09-50779
                    Debtor.                                           Chapter 7 Case

**MEMORANDUM IN SUPPORT OF MOTION
BY FREDRIKSON & BYRON, P.A., TO WITHDRAW
AS DEBTOR'S COUNSEL**

Fredrikson & Byron, P.A. ("Fredrikson") submits this memorandum in support of its Motion to withdraw as Debtor's counsel. The facts are as set forth in the Motion.

## **Legal Argument**

Fredrikson & Byron, P.A. should be allowed to withdraw from the case because Debtor has failed to honor his payment obligations for legal fees and expenses, and for the other reasons set forth in the Notice of Hearing and Motion. Local Bankruptcy Rule 9010-3(e)(2) requires only that the movant file a motion for leave to withdraw. Under the Minnesota Rules of Professional Conduct 1.16, a lawyer may withdraw from representation if:

. . .
    (3)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (4)    the representation has been rendered unreasonably difficult by the client;

    (5)    or other good cause for withdrawal exists.
. . .

Here, Fredrikson has good cause for seeking to withdraw as counsel to the Debtor as set forth in the Notice of Hearing and Motion. The Debtor is aware of this Motion. The Debtor will

not be prejudiced by Fredrikson's withdrawal.  He has decided not to contest the denial of his discharge, thereby effectively ending the legal work required in connection with this case.

## **Conclusion**

For all of these reasons, Fredrikson & Byron, P.A.'s Motion to withdraw as counsel should be granted.

Dated:  April 5, 2010

FREDRIKSON & BYRON, P.A.

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Cynthia A. Moyer (#211229)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Case No. BKY 09-50779
Chapter 7 Case

## CERTIFICATE OF SERVICE

Cynthia A. Moyer, under penalty of perjury, states that on April 5, 2010, she caused to be served the following:

1. Notice of Hearing and Motion by Fredrikson & Byron, P.A. to Withdraw as Debtor's Counsel;

2. Memorandum in Support of Motion by Fredrikson & Byron, P.A. to Withdraw as Debtor's Counsel;

3. [Proposed] Order; and

4. Certificate of Service

by sending true and correct copies via ECF and U.S. Mail to the parties on the attached service list.


Dated: April 5, 2010          */s/ Cynthia A. Moyer*
                              Cynthia A. Moyer


4721650

Dennis E. Hecker
Service List
Bky No. 09-50779

## SERVICE VIA ECF

U.S. Trustee's Office
1015 US Courthouse
300 S Fourth St
Minneapolis MN 55415
ustpregion12.mn.ecf@usdoj.gov

Randall L. Seaver
U.S. Trustee
Portland Corporate Center
12400 Portland Avenue South, #132
Burnsville, MN 55337
rlseaver@fullerseaverramette.com

Matthew R. Burton Esq.
Andrea Hauser, Esq.
Leonard, O'Brien, Spencer, Gale & Sayre
100 South Fifth Street, #2500
Minneapolis MN 55402
mburton@losgs.com
ahauser@losgs.com

Gordon B. Conn Jr.
Kalina, Wills, Gisvold & Clark & PLLP
6160 Summit Drive, Suite 560
Minneapolis MN 55430
conn@kwgc-law.com

U.S. Bank National Association
c/o Monica Clark
Dorsey & Whitney, LLP
50 South Sixth Street, #1500
Minneapolis, MN 55402-1498
clark.monica@dorseylaw.com

Hyundai Capital America
c/o Connie A. Lahn
David E. Runck
Fafinski Mark & Johnson, PA
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
connie.lahn@fmjlaw.com
david.runck@fmjlaw.com

Tamitha Hecker
c/o Nauni Jo Manty
Manty & Associates, P.A.
510 First Avenue North, #305
Minneapolis, MN 55403
ecf@mantylaw.com

United States Rent A Car and
Maria Romano
c/o Jamie R. Pierce
Hinshaw & Culbertson, LLP
333 South Seventh Street, #2000
Minneapolis, MN 55402
jpierce@hinshawlaw.com

William F. Mohrman
Mohrman & Kaardal P.A.
33 S. 6th Street, Suite 4100
Minneapolis, MN 55402
mohrman@mklaw.com

William Skolnick
Skolnick & Shiff
2100 Rand Tower
527 Marquette Avenue South
Minneapolis, MN 55402
wskolnick@skolnick-shiff.com

Chrysler Financial Services
Americas, LLC, f/k/a
DaimlerChrysler Financial Services
Americas, LLC
c/o Stephen F. Grinnell
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
stephen.grinnell@gpmlaw.com

Chrysler Financial Services
Americas LLC, f/k/a
DaimlerChrysler Financial Services
Americas, LLC
c/o Craig E. Reimer
Mayer Brown, LLP
71 South Wacker Drive
Chicago, IL 60606
creimer@mayerbrown.com

Chrysler Financial Services
Americas, LLC, f/k/a
DaimlerChrysler Financial Services
Americas, LLC
c/o Marilyn J. Washburn
Riezman Berger, P.C.
7700 Bonhonne, 7th Floor
St. Louis, MO 63105
MN_bank@riezmanberger.com

Crown Bank
c/o Thomas J. Lallier
Jeffrey D. Klobucar
Foley & Mansfield, P.L.L.P.
250 Marquette Avenue, #1200
Minneapolis MN 55401
tlallier@foleymansfield.com
jklobucar@foleymansfield.com

JPMorgan Chase Bank, N.A.
c/o Matthew A. Swanson
Leonard, Street and Deinard, PA
2300 Fifth Street Towers
150 South Fifth Street
Minneapolis MN 55402
matthew.swanson@leonard.com

Toyota Financial Savings Bank
Toyota Motor Credit Corporation
c/o Michael L. Meyer
Ravich Meyer Kirkman McGrath
Nauman & Tansey, P.A.
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
mlmeyer@ravichmeyer.com

GE Money Bank
c/o Recovery Management Systems Corp.
Attn: Ramesh Singh
25 S.E. Second Avenue, #1120
Miami, FL 33131-1605
claims@recoverycorp.com

HSBC Bank Nevada, N.A.
c/o Patti H. Bass
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, #200
Tucson, AZ 85712-1083
ecf@bass-associates.com

Associated Bank
c/o Joseph W. Lawver
Messerli & Kramer P.A.
1400 Fifth Street Towers
100 South Fifth Street
Minneapolis MN 55402-1217
jlawver@messerlikramer.com

VISIONBank
c/o Bruce H. Carlson
McNair, Larson & Carlson, Ltd.
51 Broadway, #600
Fargo, ND 58102
bruce.carlson@mlcfargolaw.com

Blackstone Financial, LLC
c/o Brad A. Sinclair
Serkland Law Firm
10 Roberts Street
P.O. Box 6017
Fargo, ND 58108-6017
bsinclair@serklandlaw.com

TCF National Bank
c/o Robert G. Parish
Faegre & Benson, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
rparish@faegre.com

Ralph Mitchell
Lapp Libra Thomson et al.
120 S. 6th Street, Suite 2500
Minneapolis, MN 55402
rmitchell@lapplibra.com

Andrew P. Moratzka
Mackall Crounce and Moore
901 Marquette Aveneu
1400 AT&T Tower
Minneapolis, MN 55402
amp@mcmlaw.com

Dennis E. Hecker
Service List
Bky No. 09-50779

| **SERVICE VIA U.S. Mail** |
|---|
| ***Debtor*** |
| Dennis Hecker<br>Denny Hecker Automotive Group, Inc.<br>500 Ford Road<br>Minneapolis MN 55426<br>heckerauto@aol.com |
| Toyota Financial Savings Bank<br>c/o Michael B. Lubic<br>Sonnenschein Nath & Rosenthal, LLP<br>601 S. Figueroa Street, #2500<br>Los Angeles, CA 90017-5704<br>mlubic@sonnenschein.com |

4721650_1.DOC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                      Case No. BKY 09-50779

                         Debtor.                                                 Chapter 7 Case

## ORDER ON MOTION OF FREDRIKSON & BYRON, P.A.
## TO WITHDRAW AS THE DEBTOR'S COUNSEL

This case came on for hearing before the Court on the motion of Fredrikson & Byron, P.A. to Withdraw as the Debtor's Counsel. Appearances are noted on the record. All capitalized terms not otherwise defined in this order have the meaning ascribed to them in the motion.

Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, and the Court's findings of fact and conclusions of law, if any, have been stated orally and recorded in open court following the close of argument:

IT IS ORDERED:

1. The motion is GRANTED. Fredrikson & Byron, P.A. is authorized to withdraw from representation of the debtor in this case and may terminate its representation of the debtor.

Dated:                                                  _____

                                                            Robert J. Kressel
                                                            United States Bankruptcy Judge