# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                    Chapter 7

       Debtor.

_____

Randall L. Seaver, Trustee,                              Adv. Case No.:  09-5042

       Plaintiff,

vs.

Jacob Holdings of Ventanas LLC,
Jacob Properties of Minnesota LLC,
Wells Fargo Bank, Cornerstone Bank,
and Chrysler Financial Services Americas, LLC,

       Defendants.

_____

## NOTICE OF HEARING AND EXPEDITED MOTION
## FOR APPROVAL OF SETTLEMENT AGREEMENT
_____

TO:    THE ENTITIES SPECIFIED IN LOCAL RULE 9013.

    1.    Plaintiff Randall L. Seaver, the Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy Case, moves the Court for the relief requested below and gives notice of hearing herewith.

    2.    The Court will hold a hearing on this Motion at 2:30 p.m. on April 21, 2010, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota  55415, or as soon thereafter as counsel can be heard.  Under applicable rules, any objection must be in writing and must be delivered to the Trustee and the United States Trustee.  Because of the expedited nature of this hearing, the Trustee will not object, as to timeliness, to

any response that is delivered to the Trustee prior to the hearing.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  The case is now pending in this Court.

5.    This Motion arises under 11 U.S.C. §§ 544 and 548, Fed. R. Bankr. P. 7005, 7007 and 9019(a), and Local Rule 9019-1, and is filed pursuant to Local Rules 9006-1(e), 9013-1, 9013-2 and 9013-5.  The Trustee seeks approval of the Settlement Agreement between the Trustee and Wells Fargo Bank ("Wells Fargo") in the above-captioned Adversary Proceeding. The Settlement Agreement is attached hereto as Exhibit A.

## BACKGROUND

6.    The Trustee commenced the above-captioned Adversary Proceeding through filing and service of an Adversary Summons and Adversary Complaint on September 16, 2009. The Trustee thereafter filed and served an Amended Adversary Summons and Amended Adversary Complaint.

7.    In the Amended Adversary Complaint, the Trustee has alleged, *inter alia*, claims to avoid the lien and/or beneficial interest claimed by Wells Fargo in certain property held in the name of Defendant Jacob Holdings of Ventanas, LLC ("JHV") and described as Unit 3103, Sur del Area Privativa Fase III del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "Property"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso Resort.

8.     Wells Fargo has asserted a secured claim against the Property in the amount of $674,659.52. Wells Fargo has provided the Trustee with documentation which shows, among other things, that (1) Wells Fargo provided JHV with the purchase money that was used by JHV to purchase the Property in 2007; and (2) Wells Fargo has received an assignment pledge of JHV's beneficial interest in and to the Property.

9.     Based upon his investigation, the Trustee has determined that the continued pursuit of the avoidance claims against Wells Fargo in the above-captioned Adversary Proceeding will be very expensive and will result in an unwarranted depletion of the assets of the bankruptcy estate.

## THE PROPOSED SETTLEMENT

10.     Pursuant to the terms of the Settlement Agreement, Wells Fargo will receive an allowed, secured claim in the amount and limited to the amount of $674,659.52 (the "Wells Fargo Secured Claim").

11.     The Wells Fargo Secured Claim will be secured by a first priority lien and beneficial interest in and to all of the right, title and interest of the Debtor and JHV in and to the Property.

12.     The settlement contemplates that the Property will be marketed and sold by or under the direction of the Trustee through a listing agent or other intermediary to be approved by the Bankruptcy Court.

13.     The settlement further provides that proceeds from the sale of the Property will be applied first in payment of the Wells Fargo Secured Claim, with any excess sale proceeds (the "Excess Proceeds") to be deposited with and held by the Trustee pending a determination by this Court as to the respective rights and interests, if any, of the Estate of Dennis E. Hecker and

Defendants Chrysler Financial Services Americas, LLC ("Chrysler") and Cornerstone Bank ("Cornerstone") in and to the Excess Proceeds.

14. In consideration of the allowance of the Wells Fargo Secured Claim and in compromise of the Trustee's avoidance and other claims against Wells Fargo herein, the settlement provides that upon receipt of payment of the full amount of the Wells Fargo Secured Claim, Wells Fargo will immediately remit payment to the Trustee, in good and immediately available funds, of the amount of $125,000.00, for the benefit of the bankruptcy estate.

15. The Trustee believes that the settlement is in the best interest of creditors of this estate.

16. The Trustee requests expedited approval of the proposed settlement. Expedited approval of the settlement will conserve resources of the bankruptcy estate by obviating the need for retention of expert witnesses and the expenditure of extensive resources of the estate that would be required to continue pursuit of the Trustee's avoidance claims against Wells Fargo.

17. Through a separate stipulation contemporaneously filed, the Trustee and other parties are requesting a 120-day continuance of the trial date in the Adversary Proceeding pending either settlement or resolution of certain claims the Trustee intends to pursue against Cornerstone in relation to certain pre-petition transfers made by Dennis E. Hecker and certain of his affiliates to Cornerstone, including without limitation the transfer to Cornerstone which gives rise to Cornerstone's claims at issue in this Adversary Proceeding.

18. Although the Settlement Agreement has been approved by Wells Fargo and the Trustee, due to time constraints, signature pages bearing the signatures of the parties will be filed at a later date prior to the hearing on the Motion.

19.     Pursuant to Local Rule 9013-2, the Trustee gives notice that he may, if necessary, testify at the hearing regarding the proposed settlement.

WHEREFORE, the Trustee requests an Order of the Court:

1.     Granting the Trustee's motion for expedited hearing.

2.     Granting the Trustee's motion for approval of the Settlement Agreement.

Dated:  April 9, 2010

LEONARD,  O'BRIEN,  SPENCER,  GALE  &
SAYRE, LTD.

By:____/e/ *James M. Jorissen*_____
    Matthew R. Burton
    James M. Jorissen
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
(612) 332-1030

ATTORNEYS FOR RANDALL L. SEAVER
TRUSTEE

## <u>VERIFICATION</u>

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Expedited Motion to Approve Settlement Agreement, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on April 9, 2010

_____/e/  *Randall L. Seaver*_____
Randall L. Seaver

418945

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                    Chapter 7

       Debtor.

_____

Randall L. Seaver, Trustee,                              Adv. Case No.:  09-5042

       Plaintiff,

vs.

Jacob Holdings of Ventanas LLC,
Jacob Properties of Minnesota LLC,
Wells Fargo Bank, Cornerstone Bank,
and Chrysler Financial Services Americas, LLC,

       Defendants.

_____

## SETTLEMENT AGREEMENT
_____

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into among and between Wells Fargo Bank ("Wells Fargo") and Randall L. Seaver, in his capacity as Trustee for the Estate of Dennis E. Hecker (the "Trustee").

## RECITALS

WHEREAS, on or about September 16, 2009, the Trustee commenced the above-captioned Adversary Proceeding seeking, *inter alia*, to avoid Wells Fargo's claimed liens and/or beneficial interests in and to certain real property held in trust for the benefit of Defendant Jacob Holdings of Ventanas, LLC ("JHV") and described as Unit 3103, Sur del Area Privativa Fase III

del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "Property"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso Resort; and

WHREAS, subsequent to the commencement of the Adversary Proceeding, Wells Fargo and the Trustee have engaged in negotiations aimed at resolving the claims and counterclaims asserted by the Trustee and Wells Fargo in the Adversary Proceeding; and

WHEREAS, in view of the anticipated costs of continued litigation related to the Trustee's avoidance and other claims against Wells Fargo, as well as the inherent uncertainty related to the outcome of such claims, the Trustee believes that the Settlement embodied in the Stipulation set forth below is in the best interest of creditors and the Chapter 7 Estate; and

WHEREAS, Wells Fargo and the Trustee are mutually desirous of resolving all claims among and between themselves in the Adversary Proceeding and/or related to the Property upon the terms embodied in the Stipulation below;

NOW, THEREFORE, in consideration of the mutual promises and undertakings of the parties as set forth below, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereto hereby acknowledge.

## **STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, among and between the parties, as follows:

1.      Wells Fargo shall have an allowed, secured claim in the above-captioned Chapter 7 case in the amount of $674,659.52 (the "Wells Fargo Secured Claim").  The Wells Fargo Secured Claim shall be secured by a first priority lien and beneficial interest in and to all of the right, title and interest of the Debtor and JHV in and to the Property.

EXHIBIT A

2.      The Property shall be marketed and sold by or under the direction of the Trustee through a listing agent or other intermediary to be approved by the Bankruptcy Court.

3.      Proceeds from the sale of the Property shall be applied first in payment of any costs or commissions associated with the sale and then in payment of the Wells Fargo Secured Claim, with any excess sale proceeds (the "Excess Proceeds") to be deposited with and held by the Trustee pending a determination by this Court as to the respective rights and interests, if any, of the Estate of Dennis E. Hecker and Defendants Chrysler Financial Services Americas, LLC and Cornerstone Bank in and to the Excess Proceeds.  In no event shall the Property be sold for a price insufficient to pay the Wells Fargo Secured Claim in full.

4.      In consideration of the allowance of the Wells Fargo Secured Claim and in compromise of the Trustee's avoidance and other claims against Wells Fargo herein, Wells Fargo agrees that upon receipt of payment of the full amount of the Wells Fargo Secured Claim, Wells Fargo will immediately remit payment to the Trustee, in good and immediately available funds, in the amount of $125,000.00, for the benefit of the bankruptcy estate.

5.      Upon the Trustee's receipt of payment in the amount specified in Paragraph 4 above, the Trustee shall release all claims asserted against Wells Fargo in the Adversary Proceeding and any and all claims that could be asserted against Wells Fargo related to the facts at issue in the Adversary Proceeding, including but not limited to any claims related to the loans an loan documents resolved as part of the Wells Fargo Secured Claim.

6.      The undersigned, by execution hereof, state that they have reviewed this Agreement with their respective legal counsel, and that they understand and fully agree to each, all, and every provision hereof, and hereby acknowledge receiving a copy of this Agreement.

EXHIBIT A

7.      This Agreement shall be construed and interpreted under the laws of the State of Minnesota and is subject to final approval of the United States Bankruptcy Court.  If approval is not obtained, this Agreement shall become null and void.

8.      This Agreement may be executed in one or more counterparts, each of which, upon execution, shall constitute but one and the same Agreement.

9.      It is specifically understood and agreed that the consideration recited herein is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims, and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

Dated: April ____, 2010                          By:_____
                                                          Randall L. Seaver, Trustee


Dated: April ___, 2010                           WELLS FARGO BANK, N.A.


                                                          By:_____


                                                          Its:_____

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                        BKY No.:  09-50779

Dennis E. Hecker,                                                       Chapter 7

                    Debtor.

_____

Randall L. Seaver, Trustee,                              Adv. Case No.:  09-5042

                    Plaintiff,

vs.

Jacob Holdings of Ventanas LLC,
Jacob Properties of Minnesota LLC,
Wells Fargo Bank, Cornerstone Bank,
and Chrysler Financial Services Americas, LLC,

                    Defendants.

_____

## MEMORANDUM IN SUPPORT OF MOTION
## TO APPROVE SETTLEMENT
## AND FOR EXPEDITED RELIEF

_____

## INTRODUCTION

Randall L. Seaver, Chapter 7 Trustee for the Estate of Dennis Hecker (the "Trustee")

seeks the expedited approval of a Settlement Agreement (the "Agreement") with Wells Fargo

Bank, National Association ("Wells Fargo") in the above-captioned Adversary Proceeding.  As

discussed more fully below, the Trustee believes that the compromise embodied in the proposed

settlement is in the best interests of the estate.  Relief on an expedited basis, moreover, is

warranted.  The Adversary Proceeding has several looming deadlines.  If no settlement is

reached soon, the Trustee will have to take actions in prosecution of the case, costing the estate

significant funds. Granting relief on an expedited basis and approving the settlement with Wells Fargo will preserve assets of the bankruptcy estate.

## STATEMENT OF FACTS

1.     The Trustee commenced the above-captioned Adversary Proceeding and has alleged, *inter alia*, claims to avoid the lien and/or beneficial interest claimed by Wells Fargo in certain property held in the name of Defendant Jacob Holdings of Ventanas, LLC ("JHV") and described as Unit 3103, Sur del Area Privativa Fase III del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "Property"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso Resort near Cabo San Lucas, Mexico.

2.     Wells Fargo has asserted a secured claim against the Property in the amount of $674,659.52. Wells Fargo has provided the Trustee with documentation which shows, among other things, that (1) Wells Fargo provided JHV with the purchase money that was used by JHV to purchase the Property in 2007; and (2) Wells Fargo has received an assignment pledge of JHV's beneficial interest in and to the Property.

3.     Pursuant to the terms of the Settlement Agreement, Wells Fargo will receive an allowed, secured claim in the amount and limited to the amount of $674,659.52 (the "Wells Fargo Secured Claim"). The Wells Fargo Secured Claim will be secured by a first priority lien and beneficial interest in and to all of the right, title and interest of the Debtor and JHV in and to the Property.

4.     The settlement contemplates that the Property will be marketed and sold by or under the direction of the Trustee through a listing agent or other intermediary to be approved by the Bankruptcy Court. The settlement further provides that proceeds from the sale of the Property will be applied first in payment of the Wells Fargo Secured Claim, with any excess sale

proceeds (the "Excess Proceeds") to be deposited with and held by the Trustee pending a determination by this Court as to the respective rights and interests, if any, of the Estate of Dennis E. Hecker and Defendants Chrysler Financial Services Americas, LLC ("Chrysler") and Cornerstone Bank ("Cornerstone") in and to the Excess Proceeds.

5.      In consideration of the allowance of the Wells Fargo Secured Claim and in compromise of the Trustee's avoidance and other claims against Wells Fargo herein, the settlement provides that upon receipt of payment of the full amount of the Wells Fargo Secured Claim, Wells Fargo will immediately remit payment to the Trustee, in good and immediately available funds, of the amount of $125,000.00, for the benefit of the bankruptcy estate.

## **ARGUMENT**

Federal Rule of Bankruptcy Procedure 9019(a) provides that "the Court may approve a compromise or settlement."  There are no perfect settlements, merely a range of reasonable settlements.  *PW Enterprises, Inc. v. Kaler* (*In re Racing Services, Inc.*) 332 B.R. 581, 586 (8th Cir. BAP 2005).  If the proposed settlement falls within the range of reasonable settlements, it may be approved by the Court.  *Id*.  The Court may approve the settlement, even over objections, if it is found to be in the best interest of the estate as a whole.  *La'Teacha Tigue v. Sosne* (*In re La'Teacha Tigue*), 363 B.R. 67, 72 (8th Cir.BAP 2007) (*citing Lambert v. Flight Transp. Corp. (In re Fligh Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984)).  In determining whether the settlement is in the best interest of the estate, "the Court must consider: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; 4) the paramount interest of the creditors and a proper deference to

their reasonable views in the premises." *Id.* A balancing of these factors weighs in favor of a finding that the settlement should be approved.

## I. Probability of Success in the Litigation

In order to avoid Wells Fargo's interest in the Property, the Trustee would need to do several things. The Trustee would need to invalidate the Wells Fargo Secured Claim. The Trustee would further need to prove that Hecker and JHV were alter egos, essentially a corporate veil piercing claim. Finally, issues relating to the interplay between the laws of the United States and Mexico would need to be resolved. Proving the avoidance claims and resolving these issues would require intensive discovery and the use of multiple experts. The cost and expense to the estate to obtain a successful result could be prohibitive. Ultimately, the Trustee is confident that a successful legal outcome could be obtained. That result, however, is far from certain.

## II. Difficulties of Collection

Through the adversary proceeding, the Trustee is not seeking a money judgment against Wells Fargo. In that sense, this factor weighs less heavily. There are, however, some collection issues and the settlement would ensure a substantial recovery for the estate. This factor does, therefore, weigh in favor of the settlement being in the best interest of the estate.

The Trustee is attempting to liquidate the property and to collect the funds generated through liquidation. The settlement will simplify that process and maximize the overall return for the estate. The settlement will ultimately result in the inflow of at least $125,000.00 to the estate. Those funds will be paid by Wells Fargo, a large, national bank, ensuring that the funds will actually be collected. The estate will further retain its interest in the Excess Proceeds if, as expected, the Property sells for more than the amount of the Wells Fargo Secured Claim.

## III.     Complexity of the litigation

This Adversary Proceeding has several layers of complexity.  The Trustee must invalidate the Wells Fargo Secured Claim.  Such a claim for invalidation already involves a certain level of complexity.  This case is further complicated with claims relating to piercing the corporate veil.  Adding a final layer of complexity, this case raises questions related to Mexican law.

The Trustee must prove that Hecker and JHV were alter egos and that piercing the corporate veil is warranted.  Proving a corporate veil piercing claim is generally fact intensive. In order to be successful on such a claim, extensive written and oral discovery would need to be taken.  The veil piercing claim in this action, moreover, involves Hecker, JHV, and Jacob Properties of Minnesota, LLC, adding to its complexity.

The Property is located in Mexico and at least some of the agreements relating to the Property are, therefore, governed by Mexican law.  The Trustee must resolve the validity of various agreements under Mexican law.  Such a determination would require hiring expert witnesses to testify on issues relating to Mexican law.  The location of the Property and the likely location of experts and potential deponents could also require the estate to incur substantial travel expenses.

## IV.     Interests of the creditors

The Trustee believes that the interests of creditors are best served by the settlement. Through the settlement, the Trustee expects to obtain a substantial return for the estate while eliminating the expense and risk inherent in litigation related to the Wells Fargo interest in this action.  The court in *In re Hanson Industries, Inc*. recognized the prudence of settlement as an alternative to complex and expensive litigation.  88 B.R. 942 (D.Minn. 1988).  In that case, the

court held that, without the settlement, the creditors would "take a gamble on a piece of litigation which would likely drag on in the future and which could drain the estate of any assets it might otherwise have for distribution.  Settling for less than one might like is often the best answer to resolve what has become a 'can of worms'." *Id*. at 950.

Here, continued prosecution of the Adversary Proceeding would impose considerable risk and expense on the estate.  The outcome of the Adversary Proceeding as it relates to Wells Fargo is less than certain.  Its continued prosecution involves the risk of considerable estate funds being spent with no ultimate benefit to the estate.  Even if the Trustee is successful in avoiding Wells Fargo's interest in the Property in this Adversary Proceeding, the net return to the estate would be reduced significantly by the expenditure of funds necessary to reach that result.  The proposed settlement will result in no further funds being expended in the Adversary Proceeding and a guaranteed return to the estate.

## CONCLUSION

The Trustee believes the settlement is in the best interest of the estate.  While the Trustee believes there is a good probability of success on the claims against Wells Fargo, that outcome is by no means a certainty.  Proving up those claims, moreover, would be complex and extremely expensive, reducing the overall return to the estate.  Inherent in pursuing the Wells Fargo avoidance claims to their conclusion is the risk that the claims fail and the estate will have expended significant sums with no gain.  The settlement will bring in funds to the estate and eliminates risk *vis a vis* Wells Fargo.  The Trustee is charged with maximizing the return for the estate.  This settlement preserves assets of the estate while simultaneously generating significant revenue for the estate.  The Trustee, therefore, respectfully requests that the settlement with Wells Fargo be approved.

Dated:  April 9, 2010

LEONARD,  O'BRIEN,  SPENCER,  GALE &
SAYRE, LTD.

By:_____/e/ *James M. Jorissen*_____
    Matthew R. Burton
    James M. Jorissen
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
(612) 332-1030

ATTORNEYS FOR RANDALL L. SEAVER
TRUSTEE

419121

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                     BKY No. 09-50779

Dennis E. Hecker,                                                    Chapter 7

                        Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I caused the following documents:

***Notice of Hearing and Expedited Motion for Approval of Settlement Agreement, Memorandum in Support of Motion to Approve Settlement and for Expedited Relief and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage paid, to the following:

### SEE ATTACHED SERVICE LIST

                                                /e/  Stephanie Wood

Dated:  April 9, 2010                    _____
                                                Stephanie Wood
                                                100 South Fifth Street, Suite 2500
                                                Minneapolis, MN  55402
                                                (612) 332-1030

419941

UNITED STATES RENT A CAR
4744 PARADISE ROAD
LAS VEGAS,, NV  89121

ACE INSURANCE COMPANY
P.O. BOX 294836
CLEVELAND OH 44101

ALDRIDGE, DAN
1600 KENWOOD PKWY.
MINNEAPOLIS MN 55405

ALLEN EIDE
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS MN 55120

AMERICAN EXPRESS
P. O. BOX 0001
LOS ANGELES CA 90096

AMERICAN NAT'L BANK OF MN
7638 WOIDA RD
BAXTER MN 56425

ANCHOR BANK
1570 CONCORDIA AVE
SAINT PAUL MN 55104

ANCHOR BANK
P.O. BOX 7933
MADISON WI 53707

AV CARD/OASIS
164 LAKE FRONT DR
COCKEYSVILLE MD 21030

AXIS CAPITAL, INC.
308 N LOCUST ST
PO BOX 2555
GRAND ISLAND NE 68802

AXLE CAPITAL, LLC / SAGECREST
3 PICKWICK PLAZA
GREENWICH CT 06830

AMERICAN BANK
1578 UNIVERSITY AVENUE W
SAINT PAUL, MN 55104

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BARBARA LYNN CUTTER
2350 S BEVERLY GLEN BLVD #5
W LOS ANGELES CA 90064

BAYPORT MARINA ASSOCIATION
200 5TH STREET
BAYPORT MN 55003

BELISLE, WAYNE
1843 EAGLE RIDGE DR
SAINT PAUL MN 55118

BELLAGIO
3600 LAS VEGAS BLVD
LAS VEGAS NV 89109

BREICH, WALTER
13670 -- 122ND STREET
NORWOOD YOUNG AMERICA MN
55368

BREMER BANK
633 SOUTH CONCORD STREET,
SUITE 350
SOUTH ST. PAUL MN 55075

BRIGGS & MORGAN PA
2200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS MN 55402

C AND C BOAT WORKS
36448 CTY RD 66
CROSSLAKE MN 56442

CA BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279-7072

CA DEPT OF MOTOR VEHICLES
PO BOX 942869
SACRAMENTO CA 94269-0001

CARLTON FINANCIAL
CORPORATION
1907 E. WAYZATA BLVD. SUITE 180
WAYZATA MN 55391

CENTER POINT ENERGY
P.O. BOX 1144
MINNEAPOLIS MN 55440

CESSNA AIRCRAFT COMPANY
P.O. BOX 12270
WICHITA KS 67277

CHRYSLER FINANCIAL
CIMS 740-01-19
6400 S FIDDLERS GREEN CIR.,
STE. 700
ENGLEWOOD CO 80111-4979

CITY OF ASPEN
130 S. GALENA ST.
ASPEN CO 81611

CITY OF BAYPORT
294 N. 3RD STREET
BAYPORT MN 55003

CITY OF MEDINA
2052 CO RD 24
HAMEL MN 55340

COMMUNITY NATIONAL BANK
845 EAST COUNTY ROAD E
VADNAIS HEIGHTS MN 55127

D&H DOCKS
23624 SMILEY ROAD
NISSWA, MN 56468

COOPERATIVE POWER
P.O. BOX 69
TWO HARBORS MN 55616

CORNERSTONE BANK
2280 45TH STREET SOUTH
FARGO, ND 58104

CROSSLAKE PROPERTY
SOLUTIONS
P.O. BOX 810
CROSSLAKE MN 56442

CROW WING COUNTY
TREASURER
JUDICIAL CENTER
213 LAUREL ST
BRAINERD MN 56401

DEERWOOD BANK
611 WASHINGTON STREET NE
BRAINERD MN 56401-3377

DON GILBERT
1700 PHEASANT RUN
HUDSON WI 54016

DONALD M HALSTEAD III
15626 SUNSET WAY
BRAINERD MN 56401

ELIZABETH A JOHNSON
PO BOX 624
PINE RIVER MN 56474

ENCORE BANK
3003 TAMIAMI TRAIL NORTH, #100
NAPLES FL 34103

EXXONMOBILE OIL
CORPORATION
ATTN JENNIFER FRASER
120 MCDONALD STREET SUITE B
SAINT JOHN NB CANADA E2J 1M5

FAMILY HOLDINGS OF MN LLC
11614 ECHO BAY DRIVE
CROSSLAKE MN 56442

FIFTH THIRD BANK
C/O RICHARD J. SWIFT, JR.
GARLICK STETLER & SKRIVIAN
9115 CORSEA DE FONTANA WAY,
#100
NAPLES FL 34109

GE CAPITAL
1415 WEST 22ND STREET, SUITE
600
OAKBROOK IL 60523

GE CAPITAL, FLEET SERVICES
3 CAPITAL DRIVE
EDEN PRAIRIE MN 55344

GELCO CORPORATION
THREE CAPITAL DRIVE
ATTN: GENERAL COUNSEL
EDEN PRAIRIE MN 55344

GEMB LENDING INC
2995 RED HILL AVE STE 250
COSTA MESA CA 92626

GEMB LENDING, INC.
P.O. BOX 57091
IRVINE CA 92619

GMAC MORTGAGE
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

GMAC MORTGAGE
P.O. BOX 4622
WATERLOO IA 50704

GMAC, LLC
15303 94TH AVENUE
ORLAND PARK IL 60462

GWYN M DOENZ
10600 COUNTRY DRIVE
PINE CITY MN 55063

HECKER, SANDRA
13755 - 84TH PL N
MAPLE GROVE MN 55369

HENNEPIN COUNTY TREASURER
300 S SIXTH ST
A600 GOVERNMENT CNT
MINNEAPOLIS MN 55487

HOLY CROSS ENERGY
3799 HWY 82
GLENWOOD SPRINGS CO 81602

HOME FEDERAL SAVINGS BANK
1016 CIVIC CENTER DR NW
STE 300
ROCHESTER MN 55903

HSBC BANK NEVADA NA
BASS & ASSOCIATES, PC
3936 E FT LOWELL RD, STE 200
TUCSON AZ 85712

HYUNDAI MOTOR AMERICA
10550 TALBERT AVE
MOUNTAIN VALLEY CA 92708

INTER BANK
P.O. BOX 986
NEWARK NJ 07184

INTERBANK EDINA
3400 WEST 66TH STREET, SUITE 100
EDINA MN 55435

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
389 US COURTHOUSE 316 N ROBERT
ST. PAUL MN 55101

IRS
DEPARTMENT OF TREASURY
OGDEN UT 84201

JACOB HOLDINGS OF MEDINA, LLC
500 FORD RD
MINNEAPOLIS MN 55426

JACOB PROPERTIES OF ASPEN, LLC
500 FORD RD
MINNEAPOLIS MN 55426

JASON S. COLBAUGH
PO BOX 1220
BRAINERD MN 56401

JAVAN CARL
13942 GRAND OAKS DR
BAXTER MN 56425

JAVER ESQUIVEL
2807 W AVE 30
LOS ANGELES CA 90065

JC BROMAC
11860 S. LA CIENEGA BLVD.
LOS ANGELES CA 90250

JOHN J. SORCI TRUST
2300 EAST VALLEY COURT
SAN JOSE CA 95148

JP MORGAN CHASE BANK, N.A.
726 MADISON AVENUE
NEW YORK NY 10021

KAPLAN STRANGIS & KAPLAN PA
5500 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

KELLY K. HECKER
13905 - 53RD AVE N. APT. 1
PLYMOUTH MN 55446

KLEINBANK
14141 GLENDALE ROAD
SAVAGE MN 55378

KSTP-FM LLC
3415 UNIVERSITY AVE
SAINT PAUL MN 55114

LAKE BANK, N.A., THE
613 FIRST AVENUE
TWO HARBORS MN 55616

LLOYD SECURITY
1097 10TH SE
MINNEAPOLIS MN 55414

LUBIC, MICHAEL, ESQ.
601 S FIGUEROA ST
STE 2500
LOS ANGELES CA 90017-5704

M&I BANK
770 N. WATER STREET
MILWAUKEE WI 53202

MAC OF PINE CITY, LLC
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

MARC D. KOHL
39101 DARLING LANE
HINCKLEY MN 55037

MARC E TRESSLER
3400 BARBARA LN
BURNSVILLE MN 55337

MARSH CONSUMER
333 SOUTH SEVENTH, STE 1600
MINNEAPOLIS MN 55402-2427

MARSHALL BANK FIRST
225 SOUTH SIXTH STREET, SUITE 2900
MINNEAPOLIS MN 55402

MCENROE, CATHERINE
LEONARD STREET & DEINARD
150 S FIFTH ST STE 2300
MINNEAPOLIS MN 55402

MICHAEL REYES
PO BOX 205
BACKUS MN 56435

MIKDEN PROPERTIES
7002 6TH STREET NORTH
OAKDALE MN 55128

MINNESOTA DEPT. OF REVENUE
MAIL STATION 7701
SAINT PAUL MN 55146-7701

MINNESOTA DEPT. OF REVENUE
PO BOX 64649
SAINT PAUL MN 55164-0649

MN DEPT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES
445 MINNESOTA ST
SAINT PAUL MN 55101-5160

NATHAN THIEMAN
1030 8TH AVE SW
PINE CITY MN 55063

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NIEDERNHOEFER, MANFRED
1563 RIVERCREST RD
LAKELAND MN 55043

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

OLD REPUBLIC SURETY
1503 - 42ND ST
STE 100
DES MOINES IA 50305

PRALLE, GARY
3625 PINE HOLLOW PL
STILLWATER MN 55082

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

PRESS A DENT INC
1154 S HIGH ST
DENVER CO 80210

PRINDLE, DECKER & AMARO, LLP
310 GOLDER SHORE - 4TH FLOOR
LONG BEACH CA 90802

PROFESSIONAL SERVICE
BUREAU
11110 INDUSTRIAL CIRCLE NW
STE B
ELK RIVER MN 55330-0331

MICHAEL W. MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

R. OLSON / WATERFORD
PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK
LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROE, JESSICA LIPSKY, ESQ.
BERNICK LIFSON ET AL
500 WAYZATA BLVD STE 1200
MINNEAPOLIS MN 55416

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

RUTH ANN BIEDERMAN
414 7TH AVE NE
PINE CITY MN 55063

SCHUYLER SCARBOROUGH
19181 SPENCER ROAD UNIT #15
BRAINERD MN 56401

SCOTT A. KEYPORT
1802 AIRWAVES RD NE
PINE CITY MN 55063

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIX YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF
REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY
MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS
BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND
FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY
TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK,
FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

DENNIS E. HECKER
1615 NORTHRIDGE DRIVE
MEDINA, MN 55391

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MICHAEL B. LUBIC
SONNENSCHEIN NATH &
ROSENTHAL LLP
601 S FIGUEROA ST STE 2500
LOS ANGELES, CA 90017-5704

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                              Chapter 7

                        Debtor.

_____

**ORDER**

_____

      This case is before the court on the expedited motion of Randall L. Seaver, trustee, seeking an order authorizing approval of a settlement agreement with Wells Fargo Bank National Association on an expedited basis for the purpose of resolving the claims among and between the trustee and Wells Fargo in the adversary proceeding captioned *Randall L. Seaver. v. Jacob Holdings of Ventanas, LLC*, Adv. No. 09-5042.

      Based on the motion and the file,

      IT IS ORDERED:

      1.     The trustee's motion for an expedited hearing and for expedited relief is granted.

      2.     The trustee's motion for approval of the settlement agreement is granted.

      3.     Only those claims against Wells Fargo identified in the settlement agreement are being released.


Dated: _____

                                   _____
                                   United States Bankruptcy Judge

414472