**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY No.: 09-50779

Dennis E. Hecker, Chapter 7

Debtor.

**TRUSTEE'S RESPONSE TO MOTION TO QUASH SUBPOENA**

## INTRODUCTION

James C. Gustafson ("**Gustafson**") seeks to quash the subpoena served upon him by Randall L. Seaver, Trustee ("**Trustee**") through the blanket assertion of the Fifth Amendment privilege. Through his motion to quash, Gustafson seeks to avoid both the production of documents responsive to the subpoena and the giving of testimony at deposition. Gustafson, however, has not come close to making the factual showing the law requires as a condition precedent to such extraordinary relief.

Gustafson, moreover, brings his motion without regard to the Local Rules as to form and timing. The Trustee has not been provided with adequate notice of this motion and the pleadings fail to comply with the local rules. Notably, there is **not a verified statement or affidavit** setting forth the factual foundation for Gustafson's professed fear of criminal prosecution. In view of Gustafson’s failure to satisfy either the substantive or procedural requirements requisite to the relief he requests, this Court can and should deny the motion to quash.

## ARGUMENT

### 1. Gustafson Has not Met his Burden

That Gustafson fails to present the Court with any basis to rule on this motion is significant. He seeks this Court's dispensation to refuse to produce documents or provide testimony in these proceedings through a blanket assertion of the Fifth Amendment privilege. Gustafson, however, has utterly failed to lay the groundwork necessary for application of the privilege.

As a general rule, a party who seeks to avoid producing documents through invocation of the Fifth Amendment must, at a minimum, make some factual showing as to how production of the requested documents might be incriminating. For example, in *Butcher v. Bailey*, 753 F.2d 465 (6th Cir. 1985), the Sixth Circuit rejected a debtor's attempt to quash a document subpoena and held that

> [T]he debtor must, at least, classify documents and indicate something about why the act of production of each class of documents might be incriminating. His showing will be sufficient of the court can, 'by the use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution.

*Id.*, at 169.

In this instance, Gustafson has failed to provide an affidavit or verification to support his motion. He has thus failed to provide a meaningful factual predicate upon which this Court might conclude that production of any particular document or category of documents might incriminate him. His quest to quash the subpoena must therefore be denied.

**2. Gustafson's Blanket Assertion of Fifth Amendment Privilege is Impermissible**

As to Gustafson's attempted blanket assertion of privilege, the Treatise, McCormick on Evidence, sets forth a good summary of the law addressing the issues raised by Gustafson. While the Trustee would normally provide independent research, the summary appears to be concise distillation of the law and it is therefore provided as follows:

> §138. The privilege as related to documents and tangible items: (b) compulsory production and incrimination by the "act of production"
>
> [1] One in possession of documents or tangible items may have a right under the privilege to refuse a demand—usually made by subpoena—to produce those items. Under *Fisher v. United States*, [2] *United States v. Doe*, [3] and United States v. Hubbell [4] this is the case, however, only if the act of production involves a self-incriminating testimonial communication.
>
> By producing an item in response to a subpoena a person may make one or more of several explicit or implicit representations: (a) the person believes that items described by the subpoena exist; (b) the person believes that such items are within the person's possession or control; and (c) the person believes that the items produced are within the description of the subpoena.[5] Any such representations are unquestionably testimonial communications. Under *Fisher*, *Doe*, and *Hubbell*, whether the Fifth Amendment applies to a demand for production of items depends upon whether any communications of these sorts as might be involved in a particular case involve a real and appreciable risk of incrimination.
>
> Under *Fisher* and *Doe*, if the information available to the prosecution is such that the item's existence, the person's possession of it, and its authenticity as what the demand calls for are "foregone conclusion[s]," the act of production does not add significantly to the incriminating information available to the government. In this event, testimonial communications involved in production do not create the "real and appreciable risk" of self-incrimination necessary to invoke the privilege, and the privilege provides no basis for refusing the demand for production.[6]
>
> *Hubbell*, made clear that the question is whether the prosecution's derivative use of the testimonial aspects of the act of production would be incriminating.[7] Further, *Hubbell's* willingness to find incriminating derivative use [8] and depreciating reference to the foregone conclusion analysis [9] suggest that at least as applied pre-Hubbell that analysis may have been insufficiently sensitive to the risks that demanded productions would be derivatively incriminating.
>
> To overcome an assertion of the privilege made in response to a subpoena calling for production of documents, then, the prosecution must establish two things. First it

must show that it already has sufficient information that the documents exist and are in the person's possession.[10] The broader the language of the subpoena, the more difficult this task becomes. The prosecution must establish the existence and possession of the documents with reasonable particularity, although this does not require actual knowledge of each and every responsive document.[11]

Second, it must show that it can establish independent of the act of production that the documents are in fact what they purport to be. [12] This showing may, for example, be that prosecution handwriting experts will be able to establish (if it is the case) that produced documents were written by the witness asserting the privilege. Under *Hubbell*, the prosecution must negate the possibility that by selecting and assembling documents for production, the witness will not be tacitly providing information that will contribute to the prosecution's ability later to authenticate those documents.[13]

Although many of the cases involve demands for documents, the protection of the privilege extends to other demands. The privilege was violated, therefore, by a court's order of protection requiring a subject in illegal possession of a pistol to "[s]urrender any and all firearms owned or possessed." [13.1]

If one on whom a demand for production is made can decline to comply in reliance on the privilege, this basis for refusal to comply can be eliminated by giving the person immunity from the results of the acknowledgments made by the act of production of the item sought. [14] This is the case even it the item is a document with incriminating contents, since one in possession of a document with self-incriminating contents has no Fifth Amendment protection for the contents of those documents. Immunity must be as broad as the protection of the privilege. Thus under *Hubbell* it must provide protection against even derivative use of the testimonial aspects of the act of production.[15] . . .

[FN2] *Fisher v. United States*, 425 U.S. 391 (1976).

[FN3] *United States v. Doe*, 465 U.S. 605 (1984).

[FN4] *United States v. Hubbell*, 530 U.S. 27 (2000).

[FN5] *Fisher v. United States*, note 2 supra, 425 U.S. at 410.

[FN6] *Id*. at 411; *United States v. Doe*, note 3 supra, 465 U.S. at 614 n. 13.

[FN7] *United States v. Hubbell*, note 4 supra, 530 U.S. at 41. Thus a client may have act of production privilege to have his attorney refuse to respond to a subpoena demanding production of any statements taken from a specific witness. A grand jury was investigating claims of tampering with that witness and admission of possession of any statements might link Client to the alleged witness intimidation. *In re Public Defender Service*, 831 A.2d 890, 913 (D.C. App. 2003) (production may be barred

despite the showing that the Government already knows the statements exist and can authenticate them by the testimony of the witness).

[FN8] In *Hubbell*, the defendant produced 13,120 pages of records in response to a subpoena issued to determine whether he had violated a prior plea agreement. The contents of those documents led to his prosecution for tax crimes. Although the Government argued that the testimonial aspects of his production of the documents—as distinguished from the substantive contents of the documents—were not incriminating with regard to the tax offenses, the Court rejected this. The Government made no showing it knew of the existence or location of the 13,120 pages of documents, and it obtained the records leading to the prosecution only through the defendant's response to the subpoena. *United States v. Hubell*, note 4 supra, 530 U.S. at 42–45.

[FN9] *Id*. at 44 ("Whatever the scope of his 'foregone conclusion' rationale …").

[FN10] *In re Grand Jury Subpoena*, Dated April 18, 2003, 383 F.3d 905, 910–12 (9th Cir. 2004).

[FN11] *Id*. at 910. On the other hand, an "overbroad argument" that people like the witness always possess documents that would come within the terms of the subpoena is not sufficient. *United States v. Hubbell*, note 4 supra, 530 U.S. at 45. Compare, *United States v. Teeple*, 286 F.3d 1047 (8th Cir. 2002) (witness's admission during testimony that he had the documents sought by the subpoena met the requirement).

[FN12] *In re Grand Jury Subpoena*, Dated April 18, 2003, note 10 supra, 383 F.3d at 912–13.

[FN13] *Id*. at 912. An in camera examination of the documents by the court may be an appropriate manner of resolving whether the act of production is sufficiently likely to be testimonially incriminating. *Id*. at 910 (district court erred in refusing to examine documents in camera to determine whether witness's act of production would be incriminating); *United States v. Cianciulli*, 2002 WL 1484396 (S.D.N.Y.2002) (concluding after in camera review of documents that production of them could furnish a link in the chain of evidence needed to convict the witness).

[FN13.1] *People v. Havrish*, 866 N.E.2d 1009, 1014–16 (N.Y.2007).

[FN14] *United States v. Doe*, note 3 supra, 465 U.S. at 614–615.

[FN15] *United States v. Hubbell*, note 4 supra, 530 U.S. at 45–46 (grant of immunity required dismissal of indictment where act of production of documents contributed to investigation and indictment of witness).

McCormick on Evid. §138 (6th ed.).

Gustafson is attempting to assert a blanket privilege against both testifying pursuant to the Trustee's subpoena and with respect to the production of documents. The blanket assertion is inappropriate. A person may not make a "blanket assertion" of the privilege. *See*, *United States v. Brown*, 918 F.2d 82, 84 (9th Cir. 1990). The person must claim the privilege on a document-by-document or question-by-question basis. *See id*.; *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984); *United States v. Ellsworth*, 460 F.2d 1246, 1248 (9th Cir. 1972); *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971); *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991). Similarly, whether there are "substantial hazards of self incrimination" in a testimonial setting is generally determined from an in camera "examination of the questions, their setting, and the peculiarities of the case." *Neff*, 615 F.2d at 1240; see *Argomaniz*, 925 F.2d at 1355 (holding that district court should review assertions of privilege on a question-by-question basis during an in camera proceeding).

As this Court has ruled numerous times in this bankruptcy case, the appropriate course is for Gustafson to appear for his 2004 examination and to asset the Fifth Amendment privilege when merited by the question. He cannot assert the privilege in a blanket fashion.

**3. The Documents Requested are not Subject to Protection**

Gustafson cannot claim a privilege in documents which he is known to possess. His counsel seems to admit that Gustafson possesses these papers. *See* Gustafson Memorandum at p.10 ("All documents requested by the Trustee . . . are Mr. Gustafson's personal papers."). In the case of *In re Grand Jury Subpoena Duces Tecum v. Doe*, 1 F.3d 87 (2nd Cir. 1993), the court ruled:

> Production may not be refused "[i]f the government can demonstrate with reasonable particularity that it **knows of the existence and location of subpoenaed documents**." *In re Grand Jury Subpoena Duces Tecum*, 616 F.Supp. 1159, 1161 (E.D.N.Y.1985). Since Doe produced a copy of the calendar to the

> SEC and testified about his possession and use of it, its existence and location are **"foregone conclusion[s]," and his production of the original "adds little or nothing to the sum total of the Government's information**." *Fisher*, 425 U.S. at 411, 96 S.Ct. at 1581.
>
> Nor would Doe's compliance with the subpoena implicitly authenticate the calendar; his production is not "a necessary link to incriminating evidence contained in [it]." *Fox*, 721 F.2d at 38 (quoting *In re Grand Jury Proceedings United States (Martinez)*, 626 F.2d 1051, 1055 (1st Cir. 1980)). The government could authenticate the calendar, either in the grand jury or at trial, simply by establishing Doe's prior production of the copy to the SEC and asking the trier of fact to compare the copy and the original. Such a comparison, considered in light of Doe's SEC testimony regarding his use of the calendar, would leave no doubt that the calendar was that described in the subpoena.

*Id.*, at 93.

Where the existence, possession, and authenticity of the documents are foregone conclusions, and the defendant would add little or nothing to the government's case by his act of producing the documents, the Fifth Amendment is not violated because nothing he has said or done is deemed to be sufficiently testimonial for purposes of the privilege. *See, United States v. Rue*, 819 F.2d 1488, 1492 (8th Cir.1987).

The requested documents are not all protected. For instance, the passport must be produced. *See, In re Grand Jury Subpoena Duces Tecum (Passports)*, 544 F. Supp. 721, 726 (D. C. Fla. 1982) (Because compelling production of the passport under the terms of the Court's Order neither compels testimonial communication by the witness under *Fisher*, nor infringes the interest protected by *Boyd*, compelling compliance with the subpoena will not violate the witness' Fifth Amendment protection against self-incrimination.)

Further, most of what has been requested does not present a risk of incrimination. For instance, it is already known that Gustafson paid at least one bill for the Debtor.[1] It is known

[1] The check attached to the subpoena, and omitted in Gustafson's response, is attached hereto as Exhibit 1.

that he has a bank account at Wells Fargo and that he, therefore, has bank records. It is known that Gustafson was required to file tax returns and that those, most likely, are in existence.

As to the balance of the documents Gustafson seeks to shield from production, no showing has been made at all that such documents would tend to incriminate him. No meaningful analysis of the viability of his privilege claim can be made without such a showing.

## CONCLUSION

The Trustee requests that the Court deny Gustafson's motion as to his own testimony. Gustafson must appear for a 2004 examination and assert any privilege on a question by question basis. Further, the Trustee requests that the Court either deny Gustafson's motion to quash as it relates to the subpoenaed documents or, alternatively, require that Gustafson produce the documents which were the subject of the Trustee's subpoena and, to the extent there is a question as to whether the records are incriminating, that the Court conduct an in camera review of the same before ruling on the motion to quash.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

Dated: April 9, 2010

By: /e/ Matthew R. Burton

Matthew R. Burton
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

419556

02/18/2010 11:29 FAX 480 951 6087 HARRIS BANK ☒004/004
Page 1 of 1

JAMES C. GUSTAFSON

MAPLE GROVE, MN 55369-2656

17-1/910 633
3334132887

5054

Date June 24 2009

Pay to the Order of The Golf Club Scottsdale $ 368 74/100

Three hundred sixty eight and 74/100 Dollars

Wells Fargo Bank, N.A.
Minneapolis, MN 55479
wellsfargo.com

Memo Hecker 067

⑆091000019⑆ 2887⑈ 05054 ⑈0000036874⑈

| Account | 0000000000000001 | Routing | 091000019 |
|---|---|---|---|
| Amount | 368.74 | OF6 | 0 |
| Post Date | 20090708 | Check | 0000000000 |
| Sequence | 404289720 | Tran | 005054 |

HARRIS N.A. >122105249
SCOTTSDALE, AZ
404289720 07-08-09 00

For Deposit Only
The Golf Club Scottsdale

https://www.fiservcws.com/1_5/uiView/3ar.aspx 2/18/2010

EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2010, I caused the following documents:

***Trustee's Response to Motion to Quash Subpoena***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Dated: April 9, 2010

/e/ Stephanie Wood

Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

419947