# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

    Debtor.

BKY No. 09-50779

---

Randall L. Seaver, Trustee,

    Plaintiff,

vs.

Dennis E. Hecker,

    Defendant.

ADV No. 10-5003

---

### SETTLEMENT AGREEMENT
### BETWEEN
### RANDALL L. SEAVER AS TRUSTEE ("TRUSTEE") OF THE ESTATE
### DENNIS E. HECKER ("ESTATE") AND
### DENNIS E. HECKER ("DEBTOR")

---

WHEREAS, Randall L. Seaver is the duly appointed Chapter 7 trustee in the above case, which was commenced by the filing of a voluntary Chapter 7 petition on June 4, 2009; and

WHEREAS, the time for the trustee to file a complaint under 11 U.S.C. §727 was extended, by Stipulation and court order, to January 15, 2010; and

WHEREAS, on January 13, 2010, the trustee filed a complaint commencing ADV No. 10-5003 ("§727 complaint") objecting to the debtor's discharge; and

WHEREAS, by Stipulation and court order, the time for the debtor to respond to the §727 complaint was extended through March 15, 2010; and

WHEREAS, on February 24, 2010, the trustee filed an amended complaint in ADV No. 10-5003 which, in addition to seeking a denial of the debtor's discharge, sought an order requiring the debtor to turnover watches to the trustee; and

WHEREAS, the trustee obtained a judgment in ADV No. 10-5004 against Christi Rowan which judgment, among other things, provided for recovery and turnover of a Harrison dog to the trustee; and

WHEREAS, the trustee and the debtor desire to settle ADV No. 10-5003 without further cost or expense to either party.

NOW, THEREFORE, it is hereby agreed as follows:

1. The debtor consents to entry of an order denying his discharge in the form attached hereto as Exhibit A.

2. The portion of the amended complaint seeking turnover of watches will be dismissed without prejudice.

3. The trustee will transfer to Christi Rowan all of the estate's interest in the Harrison dog.

4. In the event that this Agreement is not approved by the Bankruptcy Court, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties hereto.

5. This Agreement constitutes the whole and complete agreement between the parties. No modifications of the terms of this Agreement shall be effective unless made in writing and signed by the party against whom such modification should run. This Agreement supersedes all prior agreements and understandings between the parties.

6. This Agreement shall be governed and interpreted in accordance with the laws of the State of Minnesota without reference to principles of conflicts of law except to the extent that Federal Bankruptcy law preempts Minnesota State law.

7. This Agreement may be executed in counterparts, but shall be construed as if signed in one document.

8. Each party received independent legal advice from its attorneys with respect to the advisability of making this settlement provided for herein and with respect to the advisability of making this Agreement.

9. The parties to this Agreement have jointly participated in the drafting of this Agreement and therefore if there should be any dispute as to the meaning of any part of this Agreement, the parties hereto agree that all of the parties hereto shall be considered to have drafted such language so that the court does not construe or interpret the language against any of the parties hereto.

10. Each party acknowledges that such party has read this Agreement and understands the contents hereof.

11. Each party shall execute all further additional documents which are reasonably necessary to carry out the provisions of this Agreement.

12. This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective assigns, heirs and successors-in-interest.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly signed.

|  |  |
|---|---|
| Dated: March 8, 2010 | **LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**<br><br>By /e/ Matthew R. Burton<br>Matthew R. Burton, #210018<br>Attorneys for Plaintiff<br>100 South Fifth Street, Suite 2500<br>Minneapolis, Minnesota 55402-1234<br>(612) 332-1030 |
| Dated: March 9, 2010 | **SKOLNICK & SHIFF, P.A.**<br><br>By [signature]<br>William R. Skolnick, #137182<br>527 Marquette Avenue<br>Suite 2100<br>Minneapolis, MN 55402<br>(612) 677-7600<br>Attorneys for Defendant |

418091

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

    Debtor.

BKY Case No.: 09-50779

Chapter 7

## ORDER DENYING DISCHARGE

Pursuant to the settlement agreement of the parties,

IT IS ORDERED that the discharge of the debtor is denied.

Dated: _____

418067

**EXHIBIT A TO SETTLEMENT AGREEMENT**