# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:                                                                  Bky No. 09-50779

Dennis E. Hecker,                                        Chapter 7

        Debtor.

---

Mackall, Crounse & Moore, PLC,

                                                                                             Adv. No. 10-___

        Plaintiff,

vs.                                                    **COMPLAINT FOR INTERPLEADER**

Dennis E. Hecker; Chrysler Financial Services
Americas LLC; Toyota Motor Credit Corporation;
Toyota Financial Savings Bank; Inver Grove Motors LLC d/b/a Denny Hecker's
Inver Grove Toyota; Jacob Holdings of Highway 110 LLC;
Jacob Holdings of Akron Avenue, LLC; and Randall Seaver,

        Defendants.

---

Mackall, Crounse & Moore, PLC ("MCM") for its Complaint of Interpleader against Defendants Dennis E. Hecker ("Debtor"), Chrysler Financial Services Americas LLC ("Chrysler"), Toyota Motor Credit Corporation ("TMCC"), Toyota Financial Savings Bank ("TFSB"), Inver Grove Motors LLC d/b/a Denny Hecker's Inver Grove Toyota ("IGM"), Jacob Holdings of Highway 110 LLC ("JH 110"), Jacob Holdings of Akron Avenue, LLC ("JH Akron"), and Randall Seaver ("Trustee") (collectively "Interpleader Defendants"), states and alleges as follows:

1

**PARTIES**

1.     MCM is a Minnesota professional limited liability company with its principal place of business at 1400 AT&T Tower, 901 Marquette Ave. S., Minneapolis, MN, 55402.

2.     Debtor is a debtor under the Bankruptcy Code, having filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 4, 2009.

3.     Chrysler is a Michigan corporation with its registered place of business at 30600 Telegraph Road, Suite 2345, Bingham Farms, MI, 48025.

4.     TMCC is a California corporation with its registered place of business at 19001 South Western Avenue, Torrance, CA 90501.

5.     TFSB is a Nevada corporation with its registered place of business at 2485 Village View Drive, Suite 220, Henderson, NV 89074.

6.     IGM is a Minnesota limited liability company with its principal place of business at 500 Ford Road, Minneapolis, MN, 55426.

7.     JH 110 is a Minnesota limited liability company with its principal place of business at 500 Ford Road, Minneapolis, MN, 55426.

8.     JH Akron is a Minnesota limited liability company with its principal place of business at 500 Ford Road, Minneapolis, MN 55426.

9.     Trustee is the Chapter 7 bankruptcy trustee for Debtor.

10.     As a result of Debtor's bankruptcy petition, Trustee is the majority shareholder or owner of IGM, JH 110 and JH Akron.

**JURISDICTION AND VENUE**

11.     This is an action for interpleader under Rule 7022 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 22 of the Federal Rules of Civil Procedure, and

28 U.S.C. §§ 1335 and 2361.

12. Jurisdiction is proper under 28 U.S.C. §§ 157 and 1334 because this is a core proceeding.

13. Chrysler, TMCC, and TFSB are all creditors of the Debtor.

14. Venue is proper under 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

15. On or about June 18, 2009, IGM, Midwest Motors, LLC ("Midwest Motors"), Toyota Motor Sales USA, Inc. ("TMS"), and MCM entered into an escrow agreement (the "Escrow Agreement").

16. The Escrow Agreement was entered into as part of the transaction whereby Midwest Motors and LKMCD Properties, LLC ("LKMCD") purchased from IGM, JH 110 and JH Akron certain assets and real estate used in the operations of a Toyota automobile dealership located in Inver Grove Heights, Minnesota.

17. MCM is the escrow agent under the Escrow Agreement.

18. As escrow agent, MCM originally held $400,000. The sum of $41,005.01 was released by MCM to TMS pursuant to written instructions of TMS with notice thereof provided to IGM and Debtor. The balance of $358,994.99 is being held by MCM, plus all accrued interest thereon (the "Escrow Property").

19. Pursuant to the Escrow Agreement, the Escrow Property is subject to liens and security interests in favor of TMCC.

20. The Escrow Agreement provides that after MCM receives notice from TMS that any outstanding debt owed to it by IGM has been paid in full, then any remaining Escrow Property shall first be applied to those liens and security interests of TMCC, with the residual to

3

be deposited in an account of IGM.

21. On or about August 21, 2009, MCM was provided written instructions from TMCC and TFSB (the "Escrow Instructions").

22. The Escrow Instructions, signed by TFSB and TMCC, provide that any amounts of Escrow Property payable to TMCC be paid to TFSB.

23. On or about December 16, 2009, TMS sent MCM written confirmation that all outstanding debt owed by IGM to TMS had been paid in full as of November 4, 2009.

24. MCM's scope of responsibility under the Escrow Agreement is to perform only ministerial duties.

25. MCM has no authority under the Escrow Agreement to determine the secured status of any of the parties.

26. To the extent there is excess Escrow Property after satisfying any obligations owed to TFSB or any other party, MCM has no authority under the Escrow Agreement to determine whether the Escrow Property should be remitted to TFSB, IGM, Trustee, one or more of IGM's creditors, such as Chrysler, or one or more of Debtor's creditors.

## COUNT I: INTERPLEADER

27. MCM restates and realleges the foregoing paragraphs in this complaint.

28. The Interpleader Defendants assert multiple and conflicting claims to the Escrow Property.

29. MCM is without authority under the Escrow Agreement to determine the validity and extent of these claims.

30. MCM asserts no interest in the Escrow Property, except to the extent to recover the reasonable and necessary fees and costs (including attorneys' fees) incurred in association

with commencing this interpleader action or responding thereto, as provided in the Escrow Agreement.

31. Once MCM deposits the Escrow Property into the registry of the Court, it has satisfied its obligations under the Escrow Agreement and is entitled to a dismissal from this action with prejudice.

WHEREFORE, MCM seeks judgment of this Court as follows:

A. That the Interpleader Defendants be ordered to interplead and litigate their claims to the above-entitled funds and property;

B. That the Interpleader Defendants be restrained and enjoined from instituting or further prosecuting any other proceeding against MCM in any court affecting the rights and obligations between the parties to this action;

C. That upon determining that this is a proper suit for interpleader, and that any other interpleader defendants have had opportunity to join, the Court dismiss MCM with prejudice;

D. That the court permit MCM to deposit the Escrow Property into the Court under Rule 7067 of the Federal Rules of Bankruptcy Procedure;

E. That MCM, as a disinterested stakeholder, be awarded its costs and attorneys' fees for bringing the interpleader action, and that the Court permit MCM to offset its fees from the Escrow Property prior to depositing the remaining funds with the Court; and

F. That MCM be granted such other and further relief as the Court deems just and reasonable.

Dated: <u>April 13, 2010</u>  MACKALL, CROUNSE & MOORE, PLC


By <u>/e/ Andrew P. Moratzka</u>
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR MACKALL, CROUNSE & MOORE, PLC.