# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                      BKY No. 09-50779
                                                Chapter 7
        Debtor.

## MOTION TO STAY EXECUTION
## OF SUBPOENA PENDING APPEAL

TO:    Trustee Randall L. Seaver, by and through his attorney of record, Matthew R. Burton, Leonard, O'Brien, Spencer, gale & Sayre, Ltd., 100 South Fifth Street Ste. 2500, Minneapolis, MN 55402.

James C. Gustafson, by and through undersigned counsel, hereby moves this court for relief in the form of a stay of subpoena in accordance with Rule 8005 of the of the Federal Rules of Bankruptcy Procedure and Local Rules 8005-1 and 8011-1(a) of the U.S. Bankruptcy Court for the District of Minnesota.

                                               Respectfully submitted,

                                               MESHBESHER & ASSOCIATES, P.A.

                                               /s/ Steven J. Meshbesher
                                               Steven J. Meshbesher
                                               225 Lumber Exchange Building
                                               10 South Fifth Street
                                               Minneapolis, MN 55402
Dated: April 14, 2010                       (612) 332-2000

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

---

In re:

Dennis E. Hecker, BKY No. 09-50779
 Chapter 7
 Debtor.

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY EXECUTION OF SUBPOENA**
_____

Procedurally, this case presents a situation similar to that encountered by the courts in In re Grand Jury Proceedings (Robert G. Malone).[1] In Malone, federal officers served Robert Malone with a subpoena duces tecum at his law office, directing his appearance before a grand jury and commanding him to produce a series of financial and corporate records.[2] As directed, Malone appeared and presented the documents to the U.S. District Judge (Donald Alsop) who provided Malone's attorney an opportunity to first review the documents to determine if they were privileged.[3] The majority of the documents were deemed privileged, and were taken into custody by the clerk of court under seal while the parties were directed to submit briefs on the issue of privilege.[4] Malone then filed a motion to quash the subpoena, which motion was denied except as to two of the documents reviewed in camera.[5] The remaining documents which had

---

[1] 655 F.2d 882 (8th Cir. 1981).
[2] Id. at 883-84.
[3] Id. at 884.
[4] Id.
[5] Id.

been placed under seal were ordered released to the government, which order was stayed by the district court pending appeal.[6]

Likewise, in the case of <u>In re Grand Jury Proceedings Subpoena to Testify To: Donald A. Wine</u>[7], Donald Wine (an attorney) and his former client (Dale Luckow) were subpoenaed to appear before a grand jury and were also commanded to produce all records of billings to and money received from Luckow.[8]  The government was seeking the subpoenaed documents in connection with a criminal investigation involving allegations of misappropriated bank funds, and suspected Luckow of unlawfully using misappropriated bank funds to pay his own attorney's fees.[9]  Wine filed a motion to quash the subpoena on grounds that production would violate both the attorney-client privilege and that his compelled production would violate his privilege against self-incrimination.[10]  Following an in camera inspection, the district court granted in part and denied in part Wine's motion to quash, finding that while portions of the documents were protected by the attorney-client privilege, Wine's involuntary production would not violate his Fifth Amendment rights.[11]  Wine immediately followed an appeal and a motion for stay pending appeal, which motion was granted by the 8th Circuit.[12]

This is not an unfamiliar pattern for the U.S. Bankruptcy Courts, the U.S. District Courts, or for the 8th Circuit U.S. Court of Appeals.  Given the nature of the issues presented for appeal, the Trustee's interest in obtaining the requested documents is clearly outweighed by Mr. Gustafson's interest in asserting and protecting his Fifth

---

[6] <u>Id</u>.
[7] 841 F.2d 230 (8th Cir. 1988).
[8] <u>Id</u>. at 231.
[9] <u>Id</u>.
[10] <u>Id</u>.
[11] <u>Id</u>. at 231-32.
[12] <u>Id</u>. at 232.

Amendment rights against self-incrimination. For these reasons, this court should grant Mr. Gustafson's motion and stay the execution of the Trustee's subpoena duces tecum pending appeal of this matter to the U.S. District Court and (if necessary) to the 8th Circuit U.S. Court of Appeals.

        Respectfully submitted,

MESHBESHER & ASSOCIATES, P.A.

   /s/ Steven J. Meshbesher
Steven J. Meshbesher
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402

Dated: April 14, 2010         (612) 332-2000

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                          BKY No. 09-50779
                                                                                                       Chapter 7

        Debtor.

## ORDER

This case is before the court on the Motion to Stay Execution of Subpoena of Mr. James C. Gustafson.

It is ordered:

Mr. Gustafson's motion is granted.

The subpoena issued by the Trustee for Mr. Gustafson's Rule 2004 Examination and for the production of documents is hereby stayed pending the appeal of this court's April 13, 2010 order.

Dated: _____                _____
                                                                                 Robert J. Kressel
                                                                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,   BKY No. 09-50779
                    Chapter 7
     Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2010, I caused the following document(s):

*Motion to Stay Execution of Subpoena Pending Appeal and Order (Proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above docuements will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice in accordance with Local Rule 9006-1(a).

I further certify that I caused copies of the foregoing documents to be mailed via U.S. Mail to the following persons:

Matthew R. Burton
Leonard, O'Brien, et al
100 South Fifth Street, Ste. 2500
Minneapolis, MN 55402



      /s/ Kevin M. Gregorius
Kevin M. Gregorius
Meshbesher & Associates, P.A.
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 332-2000