# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

_____

## TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION TO STAY EXECUTION OF SUBPOENA PENDING APPEAL
_____

## INTRODUCTION

On April 13, 2010, the Bankruptcy Court entered an Order the denying the Motion of James C. Gustafson ("**Gustafson**") to Quash a subpoena duces tecum served upon him by Randall L. Seaver, Trustee ("**Trustee**"), under Bankruptcy Rule 2004. The Motion to Quash was based on Gustafson's blanket assertion of his Fifth Amendment privilege against self-incrimination with regard to all testimony and with respect to the production of documents. Gustafson filed his Motion for Leave to Appeal the Bankruptcy Court's interlocutory order to the United State District Court on April 14, 2010 under Bankruptcy Rule 8003(a). Gustafson also filed a Motion to Stay Execution of the Subpoena Pending Appeal in the Bankruptcy Court.

The Trustee objects to the Motion to Stay Execution of Subpoena Pending Appeal as Gustafson has not met his burden of proving his entitlement to a stay of discovery pending appeal, and because a stay would delay the Trustee's investigation and recovery of assets for unsecured creditors.

# ARGUMENT

**A. Gustafson Has Not Met His Burden of Establishing a Basis for Staying the Execution of the Subpoena Pending the Appeal of the Motion to Quash.**

Bankruptcy Rule 8005 allows an appellant to seek a stay of a bankruptcy court's order pending appeal.

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

Bankruptcy Rule 8005.

Gustafson bears the burden of proving his entitlement to a stay of discovery pending appeal." *See, United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.,* 44 F.3d 1082, 1084 (2d Cir.1995). In determining whether a stay is appropriate, the court must weigh four factors:

> 1) the likelihood that the appellant will be successful on the merits of the appeal;
> 2) the injury that the appellant would sustain injury if the judgment were not stayed;
> 3) the injury that the appellee would sustain if the judgment were stayed; and
> 4) the impact on the public interest if the judgment were stayed.

*In re Dakota Rail,* Inc., 111 B.R. 818, 820 (Bankr. D. Minn. 1990). Here Gustafson made no attempt to address the above factors. "An appellant's failure to persuade the Court regarding any one of these factors can be sufficient grounds for denying a stay." *See id., citing John P. Maguire & Co. v. Sapir (In re Candor Diamond Corp.),* 26 B.R. 844, 847 (Bankr. S.D.N.Y.1983).

With regard to the first and most important factor, Gustafson cannot show any likelihood of success on the merits of the appeal. *See, In re Metion*, 319 B.R. 263, 271 (Bankr. S.D. N.Y. 2004) (movant's failure to satisfy the one prong...dooms the motion"). Here the Bankruptcy Court's order denying the motion to quash is reviewed for abuse of discretion. *Metion*, 319 B.R. at 263, *citing In re Enron Corp.,* 281 B.R. 836, 840 (Bankr.S.D.N.Y.2002); *see also, In re Dinubilo,* 177 B.R. 932, 939 (E.D.Cal.1993).

> A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. A [bankruptcy] court [also] abuses its discretion if the reviewing court has a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached based on all the appropriate factors.

*In re Williams,* 224 B.R. 523, 529 (2d Cir. BAP 1998).

Gustafson's Motion to Quash was based solely on his blanket assertion of the Fifth Amendment privilege against self-incrimination. Generally a person in possession of documents which have been subpoenaed cannot refuse to produce the documents unless the person can establish that "the act of production involves a self-incriminating testimonial communication." *United States v. Doe,* 465 U.S. 605 (1984). Here, Gustafson attempts to convert this narrow exception to a general rule that the Fifth Amendment privilege applies to documents.

As the Fifth Amendment privilege applies only to testimonial acts, the person must claim the privilege on a document-by-document or question-by-question basis. *See, Fisher v. United States*, 425 U.S. 391, 408 (1976); *United States v. Brown*, 918 F. 2d 82, 84 (9th Cir. 1990); *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984); *United States v. Ellsworth*, 460 F.2d 1246, 1248 (9th Cir. 1972); *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971); *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991). Here, Gustafson made no attempt to "classify documents and indicate something about why the act of production of each class of documents

3

might be incriminating." *See, Butcher v. Bailey*, 753 F.2d 465 (6th Cir. 1985). Therefore, the Bankruptcy Court was unable "by the use of reasonable inference or judicial imagination, [to] conceive a sound basis for a reasonable fear of prosecution." *See*, *id.* at 470, *citing In re Morganroth*, 718 F. 2d 161,169 (6th Cir. 1983). Whether there are "substantial hazards of self-incrimination" is generally determined from an *in camera* "examination of the questions, their setting, and the peculiarities of the case." *United States v. Neff*, 615 F. 2d 1235, 1240 (9th Cir. 1980); *see also*, *United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991) (district court should review assertions of privilege on a question-by-question basis during *in camera* proceeding). Gustafson failed to meet his burden of establishing a legal and factual basis for application of the privilege.

As Gustafson failed to assert the privilege with regard to the content of specific documents to be produced pursuant to the subpoena, there is nothing in the record to support any claim that Gustafson might make regarding the second factor, that he would suffer irreparable harm if the Order is not stayed.

With regard to the third and fourth factors, the Trustee and the unsecured creditors would be harmed if discovery is stayed pending the appeal. Although bankruptcy courts have the equitable and statutory authority to stay discovery, they are hesitant to do so. *See, Hale, et al. v. Carlson (In re Hale)*, 980 F. 2d 1176, 1179 (8th Cir. 1992); *Carroll, et al. v. Unicom AP Chemical Corp., et al. (In re MGL Corporation),* 262 B.R. 324, 328 (Bankr. E.D. Pa. 2001) (stay denied as it would impede trustee's ability to recover assets for unsecured creditors); *accord, Kozyak v. Poindexter, et al. (In re Financial Federated Title & Trust, Inc.),* 252 B.R. 834, 839 (Bankr. S.D. Fla. 2000*); see also, Amsave Credit Corporation v. Marceca (In re Marceca)*, 131

B.R. 774, 778 (Bankr. S.D.N.Y. 1991) ("stay of pending civil action until the outcome of related criminal proceeding is an extraordinary remedy"). The *Hale* Court stated,

> We are dissuaded here from finding that the bankruptcy court had an affirmative obligation to exercise its equitable power to enter a stay in the bankruptcy proceeding below. The appellants provide us with no authority indicating a bankruptcy court is compelled to grant a stay of proceedings, when such testimony constitutes an election between protecting civil interests in a bankruptcy proceeding and safeguarding fifth and seventh amendment rights in a criminal action.

*Hale*, 980 F. 2d at 1179. Similarly, here, Gustafson, by his blanket assertion of a Fifth Amendment privilege, has made no record which would support the entry of a stay pending the appeal.

### B. Gustafson Cites Two 8th Circuit Cases Involving Motions to Quash a Subpoena Which Confirm the Importance of the Witness's Assertion of the 5th Amendment Privilege to the Specific Contents of Each Document.

Gustafson cites the case, *In re Grand Jury Proceedings (Robert G. Malone)*, 655 F. 2d 882 (8th Cir. 1981), in support of his request for a stay of execution of the subpoena. The *Malone* case illustrates the well-established procedure for asserting the Fifth Amendment privilege relating to the production of documents.

Malone, an attorney, was served with a subpoena duces tecum directing him to appear before a grand jury and produce documents relating the financial transactions of his client, Horvath, and others. Malone appeared at the grand jury with the subpoenaed documents but refused to turn them over or to testify about his professional relationship with any of the persons named in the subpoena. He answered personal questions about travel out of the country, finances, bank accounts, and business trust accounts and testified that he currently represented Horvath.

Thereafter, Malone appeared with his attorney before the District Court Judge, who heard brief arguments on the privilege issue, ordered that the documents be sealed, and directed the parties to submit briefs on the privilege issue. Having identified specific documents which he claimed to be privileged, Malone moved to quash the subpoena, and for protective orders relating to his future testimony before the grand jury. The District Court made an *in camera* inspection of the documents and denied Malone's motion to quash, except as to two of the documents. When Malone appealed, the District Court stayed its own order that the non-privileged documents be released to the government, pending the appeal. The Eight Circuit affirmed the District Court's ruling on the asserted Fifth Amendment privilege and the documents were released to the government.

In the *Malone* case, the District Court stayed its order requiring the release of non-privileged documents pending Malone's appeal. Unlike the instant case, Malone and his attorney characterized each document and indicated why the act of production might be incriminating. *See Butcher v. Bailey*, 753 F.2d 465 (6th Cir. 1985). Malone identified the documents, asserted the privilege with regard to each document, briefed the legal basis for the assertion of the privilege, and the District Court conducted an *in camera* review of the documents.

The second case which Gustafson cites, *In re Grand Jury Proceedings subpoena to Testify: to Donald A. Wine*, 841 F. 2d 230 (8th Cir. 1988), also involves a motion to quash a grand jury subpoena requiring the production of documents, based on the assertion of attorney-client privilege and the privilege against self-incrimination. As in the *Malone* matter, the moving party submitted the subpoenaed documents to the district court for an *in camera* inspection, enabling the court to determine whether the specific contents of each of the documents was privileged. *Id.* at 231-32. As in the *Malone* case, the parties asserted the privilege with regard to

specific documents, presenting a factual basis for each assertion of the privilege.

In the instant case, Gustafson summarily asserted his Fifth Amendment privilege to any testimony or any documents requested, without providing the court with a factual basis for determining whether "substantial hazards of self-incrimination" exist.

### C. Gustafson Has Not Shown Why a Stay Should Be Entered Pending an Appeal of an Interlocutory Order.

In both the *Malone* and the *Wine* cases, the district courts first determined that they had jurisdiction, before considering the motions for a stay of execution of the subpoenas pending appeal. *See Wine*, 841 F. 2d at 232; *Malone*, 655 F. 2d at 884. Here, Gustafson's appeal is interlocutory and he has not established any basis for a stay of the execution of the subpoena pending an interlocutory appeal.

"Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right." as they are not final appealable orders as of right. *Hoffenberg v. Cohen (In re Towers Financial Corporation)* 164 B.R. 719,720 (Dist. Ct. S.D.N.Y. 1994*), citing International Horizons, Inc. v. Committee of Unsecured Creditors* (*In re International Horizons, Inc.*), 689 F.2d 996, 1001 (11th Cir. 1982) (bankruptcy court order compels production of allegedly privileged documents); *Aetna Casualty & Surety Co. v. Glinka,* 154 B.R. 862, 866 (D. Vermont 1993) (bankruptcy court order defines scope of subpoena); *Hotel Syracuse, Inc. v. Syracuse Industrial Development Agency,* No. 90-02921, 1991 WL 274253 (N.D.N.Y.1991) (bankruptcy court enforcement of subpoena).

As the *Malone* court stated,

> [A] person to whom a grand-jury subpoena is directed cannot appeal from the denial of a motion to quash the subpoena, but must first refuse to comply with the subpoena and litigate his claims in contempt proceedings. A well-established

7

exception to this rule, however, permits an individual claiming a privilege or other interest in subpoenaed documents to appeal from an order to produce directed to a third-party custodian of the documents. *Perlman v. United States*, 247 U.S. 7 (1918). The theory for allowing immediate appeal is that the appellant himself, not having the documents in his possession, cannot resist compliance in order to obtain review in contempt proceedings, and the third-party custodian cannot be expected to risk contempt to secure review on his behalf. *United States v. Ryan,* 402 U.S. 530, 533 (1971); *In re Berkley & Co.*, 629 F.2d 548, 550-52 (8th Cir. 1980).

*Malone*, 655 F. 2d at 884.

Here Gustafson is not appealing an order directing a third-party custodian to produce documents which Gustafson does not have in his possession. Unlike the factual situations in both the *Malone* and *Wine* matters, the *Perlman* exception does not apply here. Gustafson has established no legal or factual basis supporting his motion for a stay pending the interlocutory appeal of the order denying the motion to quash the subpoena.

## **CONCLUSION**

For the above reasons, the Trustee requests that the Court deny Gustafson's motion to stay the execution of the subpoena pending appeal.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

Dated: April 19, 2010

By: /e/ Andrea M. Hauser
_____
Matthew R. Burton
Andrea M. Hauser, #207469
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030
ahauser@losgs.com
Attorneys for Randall L. Seaver, Trustee

420291

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.
_____

**UNSWORN CERTIFICATE OF SERVICE**
_____

I hereby certify that on April 19, 2010, I caused the following documents:

> ***Trustee's Response in Opposition to Motion to Stay Execution of Subpoena Pending Appeal***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).


Dated: April 19, 2010

        /e/ Stephanie Wood
      _____
      Stephanie Wood
      100 South Fifth Street, Suite 2500
      Minneapolis, MN 55402
      (612) 332-1030

420469