# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |
| Randall L. Seaver, Trustee, | Adv. Case No.: 10-5___ |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Patrick Terhaar, | |
| Defendant. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Defendant Patrick Terhaar ("**Defendant**") states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§542, 544, 548, 550 and 551.

5. Defendant is a former employee of the Debtor's business entities and resides at 1600 Northridge Drive, Medina, MN, across the street from the Debtor's home.

6. During the year before Debtor filed bankruptcy, Debtor caused to be transferred to Defendant property including, but not limited to, the following:

> 3 Bronze bears purchased in an Aspen, CO boutique which had been in the yard of Debtor's home at 1492 Hunter Drive, Medina, MN

> A number of all-terrain vehicles

(the "**Property**")

7. Defendant may be the recipient of, nominally control or be the conduit of other assets of the Debtor which are presently unknown to the Trustee.

## COUNT I - TURNOVER

8. The Trustee realleges the foregoing paragraphs of his Complaint in their entirety.

9. The Property is property of the estate pursuant to 11 U.S.C. §541(a).

10. The Trustee is entitled to an order requiring Defendant to turnover the Property pursuant to 11 U.S.C. §542(a) and (e).

## COUNT II – FRAUDULENT TRANSFER AS TO PRESENT AND FUTURE CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.44(a)(2)

11. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

12. Debtor transferred the Property to Defendant (the "**Transfers**") without receiving a reasonably equivalent value in exchange for the Transfers at a time when the Debtor was engaged in or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or when the

Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

13. Pursuant to Minn. Stat. §513.44(a)(2) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, Trustee seeks recovery from Defendant the value of the Transfers, plus prejudgment interest.

### COUNT III – FRAUDULENT TRANSFER AS TO PRESENT CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.45(a)

14. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

15. Debtor made the Transfers to Defendant without receiving a reasonably equivalent value in exchange for the Transfers at a time when the Debtor was insolvent or the Debtor became insolvent as a result of the Transfers.

16. Pursuant to Minn. Stat. §513.45(a) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, the Trustee seeks recovery from Defendant the value of the Transfers, plus prejudgment interest.

### COUNT IV – U.S.C. §548 (FRAUDULENT TRANSFER)

17. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

18. Pursuant to 11 U.S.C. §548, the Trustee seeks avoidance of the Transfers and recovery from Defendant of the Transfers or judgment in the amount of the value of said Transfers, together with prejudgment interest.

## COUNT V – PREFERENCE (ALTERNATIVE RELIEF)

19. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

20. Prior to commencement of this Chapter 7 case, Defendant received the Transfers.

21. At the time of the Transfers, Defendant was a creditor of the Debtor.

22. The Transfers constituted transfers of an interest of the Debtor in property.

23. The Transfers were for or on account of an antecedent debt owed by the Debtor to Defendant.

24. The Debtor was insolvent at the time of the Transfers or is deemed to have been insolvent.

25. The Transfers enabled Defendant to recover more than he would receive as a creditor in this Chapter 7 case.

26. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the Transfers.

27. Pursuant to 11 U.S.C. §547(b), the Transfers are avoidable.

28. Pursuant to 11 U.S.C. §550(a) and 551, Plaintiff may recover from Defendant the Transfers or the value thereof.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against Defendant as follows:

1. Pursuant to Count I, directing Defendant to turnover the Property to the Trustee.

2. For judgment under Counts II through IV, avoiding the Transfers, ordering recovery of the Transfers, and awarding a judgment in an amount to be proven at trial together with interest thereon.

3. Pursuant to Count V, awarding Plaintiff a money judgment equal to the value of the Transfers or, alternatively, avoiding the Transfers and preserving the same for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551.

4. Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: May 5, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

417009