UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                   BKY No. 09-50779
                                                                    Chapter 7
      Debtor.

## NOTICE OF HEARING AND MOTION FOR CONTEMPT OF COURT

TO:    Parties specified in Local Rule 9013-3.

### NOTICE OF HEARING

1.    Randall L. Seaver, the Chapter 7 Trustee ("**Trustee**"), by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this Motion at 2:00 p.m. on June 2, 2010, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.    Any response to this motion must be filed and served by delivery no later than May 28, 2010 which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays).  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009.  The case is now pending in this Court.

5. This motion arises under 11 U.S.C. §105(a) and Rules 9014 and 9020 of the Federal Rules of Bankruptcy Procedure. The Trustee requests relief with respect to the failure of James Gustafson ("**Gustafson**") to comply with the Court's Order of April 13, 2010 denying Gustafson's Motion to Quash a Subpoena for Rule 2004 Authorization and the Court's Order of April 21, 2010, denying Gustafson's Motion for Stay of Subpoena Pending Appeal of Motion to Quash. Copies of April 13, 2010 order and the April 21, 2010 order are attached as Exhibits A and B, respectively.

6. Gustafson has failed to produce any of the documents listed on Exhibit A of the Subpoena for Rule 2004 Authorization, a copy of which is attached as Exhibit C.

7. The Trustee expects that he will incur attorney's fees of not less than $550.00 in propounding this motion.[1]

**WHEREFORE**, the Trustee requests that this Court find James Gustafson in civil contempt and that the Court:

1. Direct James Gustafson to comply with the Subpoena for 2004 Examination by producing the documents requested within two days of the Court's order;

2. Award the Trustee his costs and fees incurred in bringing this motion together with an additional monetary sanction at the Court's discretion; and,

5. For such other relief the Court deems just and proper under the circumstances.

---

[1] Counsel's hourly rate is $275.00.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE LTD.**

Dated: May 10, 2010  By: /e/ Andrea M. Hauser
_____
Matthew R. Burton, #210018
Andrea M. Hauser, #207469
Attorneys for Trustee
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030
ahauser@losgs.com

## **VERIFICATION**

I, Andrea M. Hauser, attorney for Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, named in the foregoing Notice of Hearing and Motion for Contempt of Court, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 10, 2010

/e/ Andrea M. Hauser
_____
Andrea M. Hauser

420605

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No.: 09-50779

Dennis E. Hecker,  Chapter 7

Debtor.

## ORDER

This case is before the court on the motion of James C. Gustafson to quash a subpoena served upon him by the trustee.

Based on the motion and the file,

IT IS ORDERED: The motion is denied.

Dated: April 13, 2010

/e/ Robert J. Kressel
United States Bankruptcy Judge

420109

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 04/13/2010
Lori Vosejpka, Clerk, by LMH


EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

Chapter 7

ORDER DENYING
MOTION TO STAY
EXECUTION OF
SUBPOENA PENDING
APPEAL

BKY 09-50779

At Minneapolis, Minnesota, April 21, 2010.

This case came on for hearing on April 21, 2010 on James C. Gustafson's motion to stay execution of a subpoena pending appeal. Steven J. Meshbesher appeared on behalf of James C. Gustafson. Andrea Hauser appeared on behalf of the trustee, Randall L. Seaver.

## BACKGROUND

James Gustafson is a longtime employee of one of Dennis E. Hecker's business entities. Gustafson received a letter on November 16, 2009 from the United States Attorney's office, notifying him that he was the target of a federal criminal investigation. On February 23, 2010, the trustee in the Hecker bankruptcy case, Randall L. Seaver, filed a motion for an order authorizing the Rule 2004 examinations of James Gustafson and others. On March 3, Gustafson filed an objection to the motion, asserting a general objection based on his Fifth Amendment privileges. After a hearing on March 10, I overruled Gustafson's objection and granted the trustee's motion. On March 15, the trustee issued a subpoena for Gustafson's examination. The subpoena commanded Gustafson to produce a variety of documents, including tax returns, receipts, bank statements, and his passport. On April 5, Gustafson filed a motion to quash the trustee's subpoena. On April 13, I denied Gustafson's motion to quash. On April 14, Gustafson filed a notice of appeal and a motion for leave to appeal. He also filed this motion to stay the



NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 04/21/2010
Lori Vosejpka, Clerk, by LMH

execution of the trustee's subpoena pending appeal. Because Gustafson has failed to persuade me that a stay is warranted, I deny his motion.

## DISCUSSION

A court must consider four factors in determining whether a stay is warranted: "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Iowa Util. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996). Petitioners "need not establish an absolute certainty of success," but "must show that they are 'likely' to succeed on the merits." *Id.* (quoting *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.D.Cir. 1986)). Although Gustafson's motion does not directly address these four factors, he discussed them at oral argument.

The first factor overwhelmingly favors denial of Gustafson's motion. First of all, it is clear that Gustafson has the right to assert his privilege in response to the trustee's questions. As to that part of the subpoena requiring the production of documents, Gustafson has not asserted his Fifth Amendment rights in response to particular documents. Rather, he has asserted his Fifth Amendment rights as a basis for refusing to provide *any*[1] of the documents demanded or answering *any* of the trustee's questions. At oral argument on the hearing for his stay motion, he informed the court for the first time that it is the contents of the documents that are incriminating, rather than the production itself, and for the first time he requested *in camera* review. Considering that there is no evidentiary record and the law on privilege is well-established, the likelihood that Gustafson will prevail on the merits of his appeal is very remote.

In *U.S. v. Doe*, the Supreme Court addressed whether the Fifth Amendment extends to the production of documents such as business records or tax returns. *U.S. v. Doe*, 465 U.S. 605,

---

[1] One of the items requested is Gustafson's passport, which is clearly not privileged. *See U.S. v. Falley*, 489 F.2d 33, 41 (2d Cir. 1973) (because a passport is government property, it is not "owned" by the holder and not subject to Fifth Amendment privilege). He has not articulated any theory under which its compelled production would violate his Fifth Amendment rights.

104 S.Ct. 1237 (U.S. 1984). The Court held that the contents of the subpoenaed records were not privileged, where the respondent "does not contend that he prepared the documents involuntarily or that the subpoena would force him to restate, repeat, or affirm the truth of their contents." *Id.* at 425 U.S., 611-612, 104 S.Ct., 1242. The Court reasoned, "A subpoena that demands production of documents 'does not compel oral testimony; nor would it ordinarily compel the taxpayer to restate, repeat, or affirm the truth of the contents of the documents sought.'" *Id.* at 611 (quoting *Fisher v. U.S.*, 425 U.S. 391, 396, 96 S. Ct. 1569, 1573 (U.S. 1976)). "The fact that the records are in respondent's possession is irrelevant to the determination of whether the creation of the records was compelled." *Id.* at 425 U.S., 612, 104 S.Ct., 1242. In some cases, the production of documents itself may implicate the Fifth Amendment, if the production itself has "testimonial aspects and an incriminating effect." *Id.* However, Gustafson has provided no evidence, let alone allegations, to suggest that this is the basis of his objection.

The first factor of the four-prong analysis weighs heavily against granting a stay pending appeal, and I am not persuaded that any of the other factors would support a stay. Although I recognize the potential harm to Gustafson, there is also potential harm to the trustee, who must administer the Hecker bankruptcy estate. The final factor, the public interest, is not implicated here.

THEREFORE, IT IS ORDERED:

The movant's motion to stay execution of the trustee's subpoena pending appeal is denied.

/e/ Robert J. Kressel
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  

Dennis E. Hecker,

      Debtor.

BKY No. 09-50779  
Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: James C. Gustafson, 10514 – 106th Place North, Maple Grove, MN 55369.

☒YOU ARE COMMANDED to appear pursuant to a court order issued under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. 100 South Fifth Street, Suite 2500 Minneapolis, MN 55402 | April 22, 2010 9:00 a.m. |

☒YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| Leonard, O'Brien, Spencer, Gale & Sayre, Ltd. 100 South Fifth Street, Suite 2500 Minneapolis, MN 55402 | April 15, 2010 9:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorney for Randall L. Seaver, Trustee | March 15, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Matthew R. Burton, Esq.  
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.  
100 South Fifth Street, Suite 2500  
Minneapolis, MN 55402  
Phone: 612-332-1030

418545



# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R.Bankr.P.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A TO JAMES GUSTAFSON SUBPOENA

1. Copies of any and all documents relating to, or evidencing, the receipt of any monies checks, other transfers, or property by you, from January 1, 2009 to date from Dennis E. Hecker ("**Debtor**") or any one of his entities. This includes monies received for any reason, including, without limitation, from loans, earnings, gifts, withdrawals, sales and transfers. This request also includes, but is not limited to, copies of checks and copies of bank account statement reflecting the deposit of any such monies.

2. Copies of any and all receipts for any items purchased for Debtor by you since June 4, 2008 to date.

3. A list of all gifts and all items received by you from Debtor since June 4, 2008 and any documentation related thereto.

4. All correspondence between you and Debtor, written or electronic, since June 4, 2008.

5. Bring to the 2004 examination your U.S. passport that was in effect during the period of June 4, 2007 to June 4, 2009.

6. Complete copies of your personal bank statements for the period of June 4, 2008 through December 1, 2009 including copies of all deposits (other than checks from the U.S. government) and copies of all transfers from said accounts.

7. All documents evidencing the payment, by you to Hecker, or made by you for the benefit of Hecker, or to Christi Rowan or any of Hecker's creditors or family members from June 1, 2008 to present.

8. Your travel records for the period of June 4, 2007 through November 1, 2009.

9. Your personal income tax returns for the years 2008 and 2009.

10. Attached as Exhibit 1 is a copy of check number 5054 drawn on a Wells Fargo account held in the name of James Gustafson, which account ends in number 2887. That check is a check payable to The Golf Club of Scottsdale. Provide all documents, including bills, invoices and any other documents which you consulted, or which directed you or advised you in making the payment to The Golf Club Scottsdale represented by check number 5054.

11. If you have paid any bills or other obligations of Dennis Hecker or Christi Rowan from March 1, 2009 to date, provide copies of all checks by which any such bills were paid.

12. If you have paid any bills or other obligations of Dennis Hecker or Christi Rowan from March 1, 2009 to date, provide copies of all documents evidencing the bills or invoices for which those payments were made, any instructions to you to make such payments, and any and all other correspondence relating to or evidencing any payment of such bills.

418358



| | | | |
|---|---|---|---|
| Account | 0000000000000001 | Routing | 091000019 |
| Amount | 368.74 | OF6 | 0 |
| Post Date | 20090708 | Check | 0000000000 |
| Sequence | 404289720 | Tran | 005054 |

HARRIS N.A.
SCOTTSDALE, AZ
404289720 07-08-09

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

BKY No.: 09-50779
Chapter 7

ACKNOWLEDGMENT OF SERVICE OF
SUBPOENA FOR RULE 2004 EXAMINATION

The undersigned hereby acknowledges service of the Subpoena for Rule 2004 Examination on behalf of James C. Gustafson.

Dated: 3/15, 2010

MESHBESHER & ASSOCIATES, P.A.

By: _____
Steven J. Meshbesher, #127413
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
612-332-2000
Attorneys for James C. Gustafson

418547

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                                      Bankr. No. 09-50779

      Debtor.

**MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR CONTEMPT**

### INTRODUCTION

Randall L. Seaver, Trustee ("**Trustee**") submits the following Memorandum of Law in Support of his Motion for Civil Contempt of Court regarding James Gustafson ("**Gustafson**"). The relevant facts are outlined in the Notice of Hearing and Motion for Contempt of Court filed herewith.

### ARGUMENT

**I.    THE COURT SHOULD FIND GUSTAFSON IN CIVIL CONTEMPT OF COURT BECAUSE HE VIOLATED A SPECIFIC ORDER OF WHICH HE WAS AWARE.**

A bankruptcy court has the power to issue an order of contempt. *Koehler v. Grant*, 213 B.R. 567, 570 (8th Cir. 1997). Section 105(a) of the Bankruptcy Code provides, in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).

Civil contempt, in contrast to criminal contempt, is meant to compensate the complaining party and coerce the defendant into complying with the court's order. *Hubbard v. Fleet Mortg. Co.,* 810 F.2d 778, 781 (8th Cir. 1987). The complaining party need not show that the defendant "willfully" violated the order. *In re Atkins*, 176 B.R. 998, 1009 (Bankr. D. Minn. 1994); *see*

*also, United States v. Open Access Technology International, Inc.* 527 F.Supp.2d 910, 912 (D. Minn. 2007). Rather, the complaining party need only establish that the other party violated a specific order of which he was aware. *Atkins* at 1009.

In this case, it is undisputed that Gustafson was served with the Subpoena for 2004 Examination with a document production request attached as Exhibit A. Mr. Gustafson knew that the Court denied the Motion to Quash on April 13, 2010. Furthermore, Gustafson was present in court on April 21, 2010 when the Court issued its ruling denying the Motion for a Stay of Execution of Subpoena and explained the United States Supreme Court precedent which governed the ruling. The Subpoena for 2004 Examination and attached Exhibit A requesting the production of specific documents is clear. Debtor was required to produce documents specified by the Subpoena on or before April 15, 2010 and he has not done so.

The court may levy a fine against the party in contempt, which is payable to the moving party or to the court, or the court may order imprisonment. *Open Access*, 527 F.Supp.2d at 912. The Trustee submits that Gustafson should pay his attorney's fees, estimated to be $550.00, so that the estate's creditors are not harmed by the Trustee having to seek this Court's assistance in this matter.

## CONCLUSION

Based on the above, the Trustee requests that the Court find James Gustafson in civil contempt of court. The Trustee also respectively requests that the Court direct James Gustafson to comply fully with the Subpoena for 2004 Examination by producing the documents specified on Exhibit A attached to the Subpoena within two (2) days of the entry of the Order finding the Debtor in contempt. Finally, the Trustee requests that the Court award the Trustee all of his costs and fees incurred in bringing this motion.

|  | LEONARD, O'BRIEN,<br>SPENCER, GALE & SAYRE LTD. |
|---|---|
| Dated: May 10, 2010 | /e/ Andrea M. Hauser<br>By: _____<br>   Matthew R. Burton #210018<br>   Andrea M. Hauser, #207469<br>   100 South Fifth Street, Suite 2500<br>   Minneapolis, MN 55402<br>   (612) 332-1030<br>    ahauser@losgs.com<br>  Attorneys for Trustee, Randall L. Seaver |

420664

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:  BKY No. 09-50779

Dennis E. Hecker,

      Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE
_____

I hereby certify that on May 10, 2010, I caused the following documents:

*Notice of Hearing and Motion for Contempt of Court, Memorandum of Law in Support of Motion for Contempt and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused the same to be mailed by first-class mail, to the following:

Dennis E. Hecker
1615 Northridge Drive
Medina, MN 55391

Michael B. Lubic
Sonnenschein Nath & Rosenthal LLP
601 S Figueroa St Ste 2500
Los Angeles, CA 90017-5704

Michael W. Malter
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

                                                               /e/ Stephanie Wood

Dated: May 10, 2010                   _____

                                                    Stephanie Wood
                                                    100 South Fifth Street, Suite 2500
                                                    Minneapolis, MN 55402
                                                    (612) 332-1030

421596

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.

**ORDER**

This case is before the court on the motion of Randall L. Seaver, trustee, seeking an order holding James Gustafson in civil contempt of court.

Based on the motion and the file,

IT IS ORDERED:

1. James Gustafson must comply with the Subpoena for 2004 Examination by producing the documents requested in Exhibit A to the Subpoena by 12:00 p.m. on June 4, 2010.

2. The trustee is awarded his costs and fees incurred in bringing this motion. James Gustafson shall pay $550.00 to the trustee, by way of a check made payable to "Randall L. Seaver, Trustee," on or before June ____, 2010.

Dated: _____

                                                  U.S. Bankruptcy Court Judge

420611