**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,                              BKY No. 09-50779
                                                                     Chapter 7
        Debtor.

## NOTICE OF HEARING AND MOTION FOR IN CAMERA REVIEW OF DOCUMENTS

TO:    Trustee Randall L. Seaver, by and through his attorney of record, Matthew R. Burton, Leonard, O'Brien, Spencer, gale & Sayre, Ltd., 100 South Fifth Street Ste. 2500, Minneapolis, MN 55402.

James C. Gustafson, by and through undersigned counsel, hereby moves this court for an in camera review of the documents sent to the court on CD-ROM on the same date as the filing of this motion. A hearing on this motion will be held on June, 9, 2010 at 10:00 a.m. in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 In support of this Motion, Mr. Gustafson and undersigned counsel state as follows:

1) Undersigned counsel received a copy of the Trustee's Notice of Hearing and Motion For Contempt Of Court on May 10, 2010 filing electronic filing of the same via ECF by attorney Matthew Burton. A hearing on the Motion was scheduled for June 2, 2010 at 2:00 p.m.

2) The Trustee's Motion was filed from Mr. Gustafson's failure to comply with a subpoena duces tecum requesting the production of documents as well as Mr. Gustafson's appearance at a Rule 2004 Examination.

3) In accordance with Local Rule 9013-2(b) of the U.S. Bankruptcy Court for the District of Minnesota, any responsive pleadings to motion documents must be filed no later than five (5) days prior to the motion hearing.

4) Upon review of the documents provided to undersigned counsel by Mr. Gustafson, undersigned counsel determined that the vast majority of the documents could (and should) be provided to the Trustee in accordance with the subpoena. However, undersigned counsel also identified several documents (numbering approximately 52 total pages) that could not, in good faith, be provided to the Trustee without potentially waiving Mr. Gustafson's 5th and/or 6th Amendment rights. As such, undersigned counsel determined that those particular documents ought to be provided to the court for an in camera review.

5) Applicable case law appears to suggest that in camera review of documents for which a 5th or 6th Amendment privilege has been asserted is appropriate, and that any such documents are presented to the appropriate court at a court proceeding involving either a motion to quash subpoena or a motion to compel production.[1]

6) Neither undersigned counsel nor his associate attorney, Kevin M. Gregorius, could locate a specific U.S. Bankruptcy Court procedural rule for the submission of documents for an in camera review. Given the posture of this case, undersigned counsel thought it appropriate and expedient under the rules to provide most of the requested documents to the Trustee at the June

---

[1] See, e.g., In re: Grand Jury Proceedings (Robert G. Malone) 655 F.2d 882 (8th Cir. 1981), and In re: Grand Jury Proceedings to Testify to: Donald A. Wine, 841 F.2d 230 (8th Cir. 1988).

2, 2010 hearing, and to provide the remaining documents to this court for in camera review at the same hearing.

7) Civil Rule XII (B) of the Electronic Case Filing Procedures for the District of Minnesota indicates that a party seeking to present a document to a judge for an in camera review "shall present the document to the presiding District or Magistrate Judge by either (1) causing the document to be mailed or hand-delivered to the judge's chambers in a conventional (i.e., paper), format, or (2) transmitting the document via e-mail" to the judge's e-mail box. Undersigned counsel did, in fact, attempt to comply with this rule by presenting the documents in question to the court in conventional format at the June 2, 2010 hearing.

8) Following the June 2, 2010 hearing, Mr. Gregorius contacted the Clerk of U.S. Bankruptcy Court in Duluth for guidance regarding the filing of documents for in camera review. Mr. Gregorius spoke with "Anita", who informed Mr. Gregorius that she was wholly unaware as to how such a review would be accomplished or requested from a procedural standpoint. "Anita" then suggested that Mr. Gregorius and undersigned counsel adhere to the procedure for the filing of **sealed** documents (i.e. placing the in camera documents onto a CD-ROM, or e-mailing the documents to the court), and filing a motion specifically requesting in camera review.[2]

---

[2] See Affidavit of Kevin M. Gregorius, Attached as Exhibit A.

Whereby, undersigned counsel respectfully requests that the documents provided to the court either by e-mail to calander clerk Carrie Nordstrom, or via e-mail through the ECF "inbox" function, be reviewed in camera. Specifically, undersigned counsel presents the court with two separate batches of documents.

Thie first batch[3] contains approximately 40 pages of e-mail communications primarily between debtor Dennis Hecker and his former attorney William Skolnick, which communications were either forwarded to Mr. Gustafson or were copied to Mr. Gustafson through use of the carbon-copy (cc:) e-mail function. With regard to these documents, Mr. Gustafson only asserts that they may be attorney-client privileged communications. Though any such privilege may have been waived by Mr. Hecker's actions in forwarding or copying the communications to Mr. Gustafson, neither he nor undersigned counsel wish to unnecessarily (or unfairly) prejudice any party to these proceedings. As such, the documents are presented to the court for in camera review and its determination of the issue.

The second batch[4] contains approximately 12 pages of e-mail communications between Mr. Hecker, Mr. Gustafson, and other individuals. With regard to these documents, Mr. Gustafson asserts his Fifth Amendment privilege insofar as the documents may either specifically incriminate Mr. Gustafson or, if produced, potentially be used by to "furnish a link in the chain of evidence needed to prosecute" Mr. Gustafson for a criminal offense.[5]

---

[3] Saved to the CD-ROM in pdf format as Gustafson Attorney Client.pdf
[4] Saved to the CD-ROM in pdf format as Gustafson.5th.pdf.
[5] Hoffman v. United States, 341 U.S. 479, 487 (1951), citing Blau v. United States, 340 U.S. 159 (1950).

Undersigned counsel initially made every attempt to comply with the established Rules of Civil Procedure and the Electronic Case Filing Procedures for the District of Minnesota prior to (and during) the June 2, 2010 hearing. Further guidance with regard to any specific U.S. Bankruptcy Court procedure for the presentation of material for in camera review was sought through the clerk of court for the U.S. Bankruptcy Court for the District of Minnesota following the June 2, 2010 hearing. Undersigned counsel now respectfully requests that the documents provided to the court, on CD-ROM per the suggestion of the clerk of court, be reviewed in camera for a determination of whether the documents are privileged by either the 5th or 6th Amendments to the U.S. Constitution before they are released or provided directly to the Trustee.

                                    Respectfully submitted,

                                    MESHBESHER & ASSOCIATES

                                    __/s/ Steven J. Meshbesher_____
                                    Steven J. Meshbesher, #127413
                                    225 Lumber Exchange Building
                                    10 South Fifth Street
                                    Minneapolis, MN 55402
Dated: June 3, 2010                      (612) 332-2000

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.

**AFFIDAVIT OF KEVIN M. GREGORIUS**

Your affiant, Kevin M. Gregorius, having first been sworn, states as follows:

1) Your affiant is Kevin M. Gregorius, an associate attorney at the law firm of Meshbesher & Associates, P.A., where he has worked as a practicing attorney since October, 2003.

2) As part of his duties to the firm, your affiant was responsible for the research, preparation, and filing of documents in the above-referenced matter.

3) On June, 2, 2010, following a hearing with regard to the Trustee's Motion for Contempt of Court, your affiant had a discussion with Mr. Steven J. Meshbesher, lead counsel in this case. Mr. Meshbesher informed your affiant that the court was displeased with the manner in which Mr. Gustafson and/or Mr. Meshbesher responded to the Motion for Contempt. Specifically, Mr. Meshbesher indicated that the court had been expecting a formal response to the Trustee's Motion for Contempt. Further, Mr. Meshbesher indicated that the court made reference to an accepted "procedure" for the presentation of materials for in camera review, and that the court would not accept certain documents for in camera review during the June 2, 2010 hearing.

4) Your affiant then contacted the clerk of court for the U.S. Bankruptcy Court for the District of Minnesota in Duluth via telephone. Your affiant requested guidance with regard to the presentation of materials for in camera review. The individual who answered the phone indicated that your affiant would need to speak with "Anita", and then connected your affiant directly to that person.

5) Your affiant spoke briefly with Anita at approximately 3:30 p.m. on June 2, 2010, and requested guidance with regard to the presentation of materials to a judge for in camera review. Anita informed your affiant that she did not know of any procedural rule governing that specific practice. Anita then stated she would look into the matter and call your affiant back.

6) At approximately 4:15 p.m. on June 2, 2010, Anita called your affiant back and again stated that, to the best of her knowledge, there was no specific procedural rule outlining the requirements for presentation of materials to a judge for in camera review. Instead, Anita stated that she "assumed" such presentation would be made in the same manner by which a party would file something under seal. Anita suggested that your affiant file a Motion for In Camera Review, and that the your affiant follow the procedures outlined or detailed in 9013-2(g) of the U.S. Bankruptcy Court for the District of Minnesota Rules of Procedure.

Further your affiant sayeth not.

Signed: _____
Kevin M. Gregorius

Subscribed and sworn to before me

this 3rd day of June, 2010.

_____
Notary Public



LORI ADELINE HANNAH
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2014

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

    Debtor.
_____

**ORDER**
_____

This case is before the court on the motion of Mr. James C. Gustafson seeking an order for an in camera review of documents.

Based on the motion and the file,

IT IS ORDERED:

1. The documents provided to the court (in pdf format on CD-ROM) are accepted and will be reviewed in camera for purposes of determining whether any of the documents are privileged by either the 5th or 6th Amendments to the U.S. Constitution.

Dated: _____        _____
                                                                               The Hon. Robert J. Kressel
                                                                               U.S. Bankruptcy Court Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,  BKY No. 09-50779
 Chapter 7
　　　　Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2010, I caused the following document(s):

> *Notice of Hearing and Motion For In Camera Review of Documents and Order (Proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above docuements will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice in accordance with Local Rule 9006-1(a).

I further certify that I caused copies of the foregoing documents to be mailed via U.S. Mail to the following persons:

Matthew R. Burton
Leonard, O'Brien, et al
100 South Fifth Street, Ste. 2500
Minneapolis, MN 55402


　　　/s/　Kevin M. Gregorius
Kevin M. Gregorius
Meshbesher & Associates, P.A.
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 332-2000