# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,                                    BKY No. 09-50779
                                                          Chapter 7

        Debtor.

## RESPONSE TO ORDER WITH REGARD TO COMPLIANCE

On June 3, 2010, this court entered an Order regarding the Motion for Contempt of Court filed by the Trustee on May 10, 2010. By that Order, this court held Mr. James C. Gustafson in civil contempt of court for failure to produce documents as directed by a subpoena duces tecum issued by the Trustee on March 15, 2010. The Order directed compliance with the Trustee's subpoena by 12:00 p.m. on June 4, 2010, and also ordered payment of costs/fees to the Trustee in the amount of $550.00. Finally, the Order directs Mr. Gustafson to appear personally before the court on June 9, 2010 to determine compliance, and directs a response from counsel prior to the June 9th hearing with regard to the parties' position(s) as to compliance.

On June 2, 2010, at the scheduled hearing for the Trustee's Motion for Contempt of Court, Mr. Gustafson, by and through undersigned counsel, personally provided Mr. Matthew Burton, counsel for the Trustee, with the majority of the documents requested by subpoena.[1] Specifically, Mr. Burton was provided with an accordian file containing

---

[1] It should be noted that, by his Motion for Contempt of Court, the Trustee was requesting production of the documents by June 4, 2010. Mr. Gustafson, through undersigned counsel, provided the overwhelming majority of the documents two days earlier than requested and BEFORE this court found Mr. Gustafson to be in contempt.

separate, organized/itemized folders of documents in Mr. Gustafson's possession in response to the Trustee's subpoena. Those files/documents are as follows:

1) Copies of all documents relating to receipt of monies, checks or transfers of property Dennis Hecker to Mr. Gustafson from 1/01/2009 to the present. (approximately 118 pages).

2) Copies of any and all receipts for any items purchased for Mr. Hecker by Mr. Gustafson from 6/04/2008 to the present. (no such receipts exist)

3) A list of all gifts and all items received by Mr. Gustafson from Mr. Hecker since 6/04/2008 and documentation related thereto. (1 page)

4) All correspondence between Mr. Gustafson and Mr. Hecker since 6/04/2008. (approximately 81 pages)

5) Mr. Gustafson's U.S. Passport in effect between 6/04/2007 and 6/04/2009 (9 pages, photocopied. Mr. Gustafson will bring the original to the 2004 Examination to be scheduled at a later date as directed by the subpoena).

6) Complete copies of personal bank statements for the period of 6/04/2008 through 12/01/2009. (approximately 68 pages)[2]

7) All documents evidencing payment by Mr. Gustafson to Mr. Hecker or on behalf of Mr. Hecker, or to Christi Rowan, or any creditors or family members of Mr. Hecker from 6/01/2008 to the present. (2 pages)

8) Travel records for the period of 6/04/2007 through 11/01/2009. (1 page)

9) Personal income tax returns for the years 2008 and 2009. (approximately 27 pages).

10) All documents related to Wells Fargo check number 5054 made payable to the Golf Club of Scottsdale. (2 pages)

---

[2] Note, the Trustee sent a separate subpoena to Wells Fargo Bank on or about March 15, 2010 directing that bank to provide copies of all account statements for Mr. Gustafson from 12/01/2008 to present, all deposit slips and instruments regarding any deposits of $3,000.00 or more for that time period, and all checks or instruments regarding withdrawal of money from 3/01/2009 to 10/01/2009. That subpoena commanded Wells Fargo to produce the documents on March 25, 2010.

11) Copies of checks with regard to bills or other obligations of Mr. Hecker or Christi Rowan from 3/01/2009 to the present paid by Mr. Gustafson, and all documents evidening the bills/invoices for which those payments were made, as well as any correspondence or instructions relating to the payment of such bills. (approximately 22 pages)

On June 3, 2010, a check in the amount of $550.00 made payable to the Trustee, Mr. Randall L. Seaver, was personally delivered to the law office of Leonard, O'Brien, et al at 100 South Fifth Street, Ste. 2500, Minneapolis, MN by Mr. Adam Johnson, an associate attorney at the law firm of Meshbesher & Associates, P.A.

Finally, on June 3, 2010 at approximately 1:58 p.m., undersigned counsel filed a Notice of Hearing and Motion for In Camera Review of Documents with regard to the remaining documents not provided to Mr. Burton during the June 2nd hearing. Those documents were sent to the court for in camera review via e-mail to calendar clerk Carrie Nordstrom per her request and instruction. The documents were sent in pdf format in two batches. The first batch, containing approximately 40 pages, includes documents which may be subject to an attorney client privilege. The second batch, containing approximately 12 pages, includes documents for which Mr. Gustafson asserts a 5th Amendment privilege against production.

Because Mr. Gustafson has fully complied with the Trustee's subpoena in good faith and to the best best of his abilities by providing the Trustee with the vast majority of the requested documents. As any remaining documents not provided directly to the Trustee were provided in good faith to the court for an in camera review, Mr. Gustafson has fully complied with the dictates of this court's June 3, 2010 order.

Respectfully submitted,

MESHBESHER & ASSOCIATES, P.A.

_____/s/ Steven J. Meshbesher_____
Steven J. Meshbesher, #127413
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 332-2000

Dated: June 3, 2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Dennis E. Hecker,                                    BKY No. 09-50779
                                                          Chapter 7

              Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2010, I caused the following document(s):

     *Response to Order With Regard to Compliance*

to be filed electronically with the Clerk of Court through ECF, and that the above
docuements will be delivered by automatic e-mail notification pursuant to ECF and this
constitutes service or notice in accordance with Local Rule 9006-1(a).

I further certify that I caused copies of the foregoing documents to be mailed via U.S.
Mail to the following persons:

Matthew R. Burton
Leonard, O'Brien, et al
100 South Fifth Street, Ste. 2500
Minneapolis, MN 55402


    ___/s/_ Kevin M. Gregorius
Kevin M. Gregorius
Meshbesher & Associates, P.A.
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 332-2000