

JUN 0 7 2010

# MESHBESHER & ASSOCIATES
ATTORNEYS AT LAW

STEVEN J. MESHBESHER
CERTIFIED CRIMINAL TRIAL SPECIALIST BY
THE NATIONAL BOARD OF TRIAL ADVOCACY
LICENSED TO PRACTICE IN WISCONSIN

KEVIN M. GREGORIUS
ADAM T. JOHNSON

June 4, 2010

The Honorable Robert J. Kressel
Judge of U.S. Bankruptcy Court
Courtroom 8-West
U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: In re: Dennis E. Hecker, Debtor
BKY No. 09-50779

Dear Judge Kressel,

I am writing on behalf of both myself and Mr. James C. Gustafson, my client in the above-referenced case.

First, and foremost, I would like to apologize to the court if your Honor took any offense at anything I said or intimated during the June 2nd hearing.

Second, I would like to explain why this office elected not to file a formal, written response to the Trustee's Motion for Contempt of Court five days prior to the June 2, 2010 hearing.

This office received the Trustee's Motion for Contempt of Court on or about May 10, 2010, the same day the U.S. District Court denied Mr. Gustafson's Motion for Leave to Appeal. This office immediately contacted Mr. Gustafson and instructed him to compile and organize all the documents requested by the Trustee's original subpoena of March 15, 2010. I instructed Mr. Gustafson to provide all the documents in his possession to this office in order that we could review them in order to determine whether it would be necessary to assert any constitutional privilege with respect to any specific documents prior to producing them for the Trustee.

Following our review of the documents, it became clear to me that the vast majority of the documents could (and should) be turned over to the Trustee without objection. Of the remaining documents – approximately 52 pages – it appeared that it would be necessary to assert either a 5th or 6th Amendment privilege, and that those same documents should be provided to the court for an in camera review.

I and my associate, Mr. Kevin M. Gregorius, reviewed the U.S. Bankruptcy Court Rules of Procedure and could not find any guidance with respect to the presentation of materials for in camera review. We did, however, find such guidance within the Electronic Filing Procedures for the U.S. District Court of Minnesota. That particular procedure simply indicated that any materials for which in camera review is sought should be provided to the court either in person in a conventional format (i.e. paper), or via e-mail directly to the reviewing judge.

As the June 2, 2010 hearing was already scheduled, affording a convenient opportunity for the conventional presentation of materials, and as Mr. Gustafson and I intended to provide the Trustee with the majority of the requested documents, I saw no need to file a formal response to the Trustee's Motion. I now understand and recognize that your Honor would have preferred and appreciated a response, if only so the court was apprised in advance of our intentions. Therefore, to the extent that my actions (or inactions) were the cause of an unnecessary court proceeding or waste of judicial time and resources, I also offer my sincerest apologies.

I thank you for your time and for your consideration.

Respectfully,

Steven J. Meshbesher

SJM:kg
Cc: Matthew Burton