UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                    BKY No. 09-50779

Dennis E. Hecker,                                                Chapter 7 Bankruptcy

               Debtor.

_____

### TRUSTEE'S RESPONSE TO MOTION FOR "IN CAMERA REVIEW"

James Gustafson's motion for review by the Court should be granted in part and denied in part.[1]

To the extent that Gustafson seeks the Court's review of documents to determine if they are incriminating, it seems that Gustafson should have provided the Court some guidance as to why the records may be incriminating. Generally, documents are not protected by the Fifth Amendment privilege. See, Order Denying Motion to Stay, 09-50779 (April 21, 2010) (Docket entry 447).

As to attorney/client privilege issues, Gustafson's motion should be denied. The very fact that Gustafson was copied on the emails destroys any privileged nature of the communications. See, *Ayers Oil Co. v. American Business Brokers, Inc.*, 2009 W.L. 472597, *2 (E. D. Mo. 2009) (email to third party waived the document's confidentiality and the attorney-client privilege as to it). Further, the privilege would not have been Gustafson's to assert. Any privilege belonged to the client sending or receiving the email (and it was waived by copying Gustafson). This seems to be a basic concept that should have been readily understood by Gustafson's counsel and the documents should have been turned over long ago.

_____

[1] Gustafson's motion fails to comply in many respects with the Local Rules. Nonetheless, the gist of the motion is clear and the Trustee does not oppose Gustafson's procedural defects.

In the end, the parties will have gone through many motions and an appeal to what will eventually boil down to <u>12 pages</u> that the Court may elect to review. Gustafson's production made on June 2, 2010 was 341 pages. So, only a fraction of the documents were the root of many months and many dollars of legal expenses.

Gustafson's motion should be denied in part and granted in part in accord with the Trustee's proposed order.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/ Matthew R. Burton

Dated: June 8, 2010    By_____
  Matthew R. Burton, #210018
  Attorneys for Randall L. Seaver, Trustee
  100 South Fifth Street, Suite 2500
  Minneapolis, Minnesota 55402-1234
  (612) 332-1030

422989

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,                                                        Chapter 7

                        Debtor.
_____

## UNSWORN CERTIFICATE OF SERVICE
_____

I hereby certify that on June 8, 2010, I caused the following documents:

**_Trustee's Response to Motion for "In Camera Review"_**

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be
delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice
pursuant to Local Rule 9006-1(a).


                                                        /e/  Stephanie Wood
Dated:  June 8, 2010                          _____
                                                        Stephanie Wood
                                                        100 South Fifth Street, Suite 2500
                                                        Minneapolis, MN  55402
                                                        (612) 332-1030

423243