# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    BKY No. 09-50779

Dennis E. Hecker,                                              Chapter 7

        Debtor.

## REPLY TO TRUSTEE'S REPORT REGARDING PRODUCTION OF JAMES GUSTAFSON

       In brief reply to the Trustee's Report Regarding Production of James Gustafson, and as previously stated in the Response to Order With Regard to Compliance (document # 546 filed 6/03/2010), Mr. Gustafson has, in fact, complied fully, to the best of his abilities and in good faith, with the Trustee's subpoena. Although the Trustee alleges that Mr. Gustafson has not complied with the subpoena, such allegations are based on little more than mere speculation. While Debtor Hecker has certainly given the Trustee ample reason for distrust during the pendency of these proceedings, any such inherent mistrust of Mr. Gustafson is misplaced and unwarranted as Mr. Gustafson and undersigned counsel have only ever acted in good faith. An affidavit of Mr. Gustafson responding to the Trustee's most recent allegations (document #550) and demonstrating his compliance is attached for the court's review.

       The Trustee's request for additional costs in the amount of $1,700.00 is wholly unwarranted given Mr. Gustafson's full compliance, and no further finding or order for contempt is justified. Specifically, the Trustee cannot demonstrate or prove (by any standard of prove) that Gustafson has either disobeyed a court order or misbehaved to such an extent as to obstruct the administration of justice.[1] To the extent the Trustee has not received every document requested by subpoena, Mr. Gustafson's affidavit provides both detail as to his inability to provide certain documents, and demonstrates that he has made all reasonable and good faith efforts to provide

---

[1] 18 U.S.C. § 401.

the requested documents.[2]  The Trustee's request for additional costs should, therefore, be denied.

Respectfully submitted,

MESHBESHER & ASSOCIATES, P.A.


_____/s/ Steven J. Meshbesher_____
Steven J. Meshbesher, #127413
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
Dated: June 9, 2010                (612) 332-2000

---

2 <u>Chicago Truck Drivers v. Brotherhood of Labor Leasing</u>, 207 F.3d 500, 506 (8th Cir. 2000).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,                                                        Chapter 7

        Debtor.

## AFFIDAVIT OF JAMES C. GUSTAFSON

Your affiant, James C. Gustafson, having first been sworn, states as follows:

1) Your affiant is James C. Gustafson, a former employee of Debtor Dennis Hecker.

2) Your affiant is providing this affidavit in response to the Trustee's Report Regarding
   Production of James Gustafson, filed with the court at approximately 3:15 p.m. on
   June 8, 2010.

3) Your affiant reviewed the Trustee's Report with his counsel, Mr. Steven J.
   Meshbesher and Kevin M. Gregorius and, in response thereto, states and avers as
   follows:

   A) Regarding the Trustee's assertions as to items produced in response to
      "Category 1" (records of monies received from Hecker or his entities):

      1. Document Bates Stamp 50:  This document was most likely produced
         by mistake and has no relation to the Trustee's request.

      2. Document Bates Stamp 51:  Your affiant's spouse, Jami Gustafson,
         was formerly employed by the Oracle software company.  This
         document was provided in an attempt at full compliance to produce
         records of all deposits.  This deposit (and any others) marked "Oracle"
         were not received from Hecker or any of his entities.  Neither your
         affiant nor his spouse are in personal possession of Oracle payroll
         checks.

      3. Document Bates Stamp 108:  Your affiant is unsure what or where the
         deposit came from.  Your affiant believes it may be from an Farmer's
         Insurance settlement check from hail damage done to your affiant's
         home.  Your affiant does not have a copy of that check in his
         possession.

3

4. Your affiant is not in possession of all checks (payroll or otherwise) deposited into his accounts. Your affiant did provide the Trustee with copies of all checks (cancelled or otherwise) in his possession.

5. Your affiant is aware that many business records for Hecker entities were placed in storage at one or more of six different storage facilities. Your affiant does not personally have access to each storage facility. Even if such were not the case, your affiant is unaware as to specifically where and how the records would be stored.

B) Regarding the Trustee's assertions as to items produced in response to "Category 2" (receipts for items purchased by your affiant for Hecker): No such receipts exist. From June 4, 2008 to present, your affiant has not directly purchased any items for Hecker. As for any items purchased by Hecker utilizing your affiant's credit card account(s), your affiant is not in possession of any receipts.

C) Regarding the Trustee's assertions as to items produced in response to "Category 4" (correspondence between your affiant and Hecker):

1) Your affiant produced copies of all correspondence between himself and Hecker in his possession.

2) While the Hecker entities were in full operation, your affiant would often receive approximately 200 or more e-mails per day.

3) As a result, your affiant would regularly delete a large number of e-mails from the account to which he had/has access.

4) The majority of the communications between your affiant and Hecker were conducted either in person or telephonically.

D) Regarding the Trustee's assertions as to items produced in response to "Category 6" (personal bank statements):

1) Your affiant attempted to fully comply with the Trustee's request.

2) Specifically regarding records of wire transfers, your affiant did not make any wire or bank transfers other than regular transfers for purposes of bill payments (i.e. "Bill Pay") or transfers between personal accounts – which transfers are denoted in the records provided.

2

4

3) Specifically regarding cancelled checks – the Trustee's subpoena for personal bank statements did not request copies of cancelled checks.

4) In the spirit of full compliance, your affiant will visit Wells Fargo Bank at the earliest possible opportunity, and will specifically request copies of all cancelled checks for the period of June 4, 2008 through December 1, 2009. Your affiant will provide copies of any and all cancelled checks obtained on or before June 16, 2010.

E) Regarding the Trustee's assertions as to items produced in response to "Category 12" (payment of bills or obligations of Hecker or Christi Rowan):

1) Document Bates Stamps 333 through 341: The Trustee is correct insofar as Hecker did, in fact, use your affiant's credit card – with your affiant's permission.

2) Specifically, Hecker requested assistance from your affiant in booking hotel accommodations and plane travel reservations for Hecker and his family for their holiday season vacation in December of 2009.

3) Your affiant agreed to assist Hecker in that manner, but later learned that Hecker had used your affiant's credit card for additional purposes.

4) Your affiant did not receive (and is not in possession of) any receipts for the transactions conducted by Hecker on your affiant's credit card.

5) Your affiant did not produce any documents regarding his own payment of these credit card bills because such documents would have been outside the scope of the Trustee's subpoena. However, in the spirit of full compliance, your affiant will seek to obtain those documents and will provide them to the Trustee on or before June 16, 2010.

3

Further your affiant sayeth not.

Signed: 
James C. Gustafson

Subscribed and sworn to before me
this 8th day of June, 2010.

Notary Public

LORI D SCHINDLER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2011

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Dennis E. Hecker,                                    BKY No. 09-50779
                                                           Chapter 7

                    Debtor.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I hereby certify that on June 9, 2010, I caused the following documents:

    *Reply to Trustee's Report Regarding Production of James Gustafson*

to be filed electronically with the Clerk of Court through ECF, and that the above docuements will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice in accordance with Local Rule 9006-1(a).

     /s/  Kevin M. Gregorius
Kevin M. Gregorius
Meshbesher & Associates, P.A.
225 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
(612) 332-2000