UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER,                                    BKY. No. 09-50779
                                                     DEBTOR'S VERIFIED STATEMENT

        Debtor.
----------------------------------------------------

Debtor, as and for his Response to the trustee's motion for turnover, provides as follows:

1.     The trustee asked debtor, through his attorney, where two Hummer golf carts were. Debtor responded that he had not seen them in years, and the last he knew they were at one of his former car dealerships (There were more than 20 dealerships).

2.     The trustee has now brought a motion for turnover. Debtor cannot comply with a demand for turnover because, as he has previously told the trustee, he does not have the golf carts, and he has not seen the golf carts in years.

3.     When debtor received the latest motion from the trustee, he called one of the former general managers of his former stores named Pat Terhaar. Mr. Terhaar told Mr. Hecker he had no knowledge of where or who the golf carts were sold to.

4.     Debtor last saw the Hummer golf carts on Halloween evening in 2006, when they were delivered to his home to help shuttle guests.

5.     Mr. Tehaar recalled that the golf carts were returned to one of the dealerships after the party, where they were part of the regular resale inventory. He believes that one or both golf carts were sold or traded to a tribal member from the Mystic Lake community.

6.     The golf carts were sold or traded at the time that Mr. Hecker's dealerships were selling approximately 20,000 plus cars, trucks, boats, and golf carts per year. Debtor has no way of knowing which dealership sold them or to whom they were sold.

7. Debtor encourages the trustee to contact the repair service garage who supplied information regarding the golf cart's existence. They may have information of when and who brought them in for service.

Date: June 10, 2010                  /e/ Barbara J. May

Barbara J. May
2780 N. Snelling #102
Roseville, MN 55113
651-486-8887
Attorney ID 129689

Debtor herein, having reviewed the attached document, declares under penalty of perjury that he knows the information contained herein to be true and correct to the best of his knowledge.

Dated: 6/9/10

DENNIS E. HECKER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:

DENNIS E. HECKER,  BKY. No. 09-50779

Debtor.
-------------------------------------------------------

**DEBTOR'S MEMORANDUM OF LAW
IN OPPOSITION TO TURNOVER MOTION**

**INTRODUCTION**

The Trustee has brought a Motion for Turnover of Property, seeking an order directing the Debtor to turn over two Hummer golf carts within 7 days. The Trustee does not allege that these golf carts are presently in the Debtor's possession or control. The Debtor's Response states that he has not seen the golf carts since 2006, and that he believes the golf carts were part of one of his car dealerships' regular inventory, and that they were sold or traded in the ordinary course of business.

1

# ARGUMENT

11 U.S.C. §542(a) DOES NOT AUTHORIZE A TURNOVER ORDER DIRECTED TO A PERSON NOT IN POSSESSION OF THE PROPERTY TO BE TURNED OVER.

The Trustee brings this motion under 11 U.S.C. §542(a), which requires a person to "deliver to the trustee" certain property within his "possession, custody, or control":

> [A]n entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The Trustee does not allege that the Debtor has possession, custody or control of these golf carts. The Debtor has in fact not seen those golf carts since 2006, and his efforts to determine their present whereabouts have not been successful.

The property, initially, must be property of the estate under §541. That is, the debtor must have had an interest in the property *at the time of filing*. *In re Pyatt*, 489 F. 3d 423, 427 (8th Cir. 2007). In addition, the person directed to turn over property must have possession, custody or control of the property *at the time of the trustee's motion*. *Pyatt*, 486 F. 3d at 428 ["**[T]he trustee cannot now compel him to turn over property which is no longer within his control.**"]. [Emphasis added].

## CONCLUSION

The Trustee asks for a turnover order directing the Debtor to do the impossible: to turn over property over which he has neither possession, custody, nor control. Such an order is not authorized by §542(a) or any other provision of the Bankruptcy Code. The motion must be denied.

Date: June 11, 2010

/e/ Barbara J. May

Barbara J. May
2780 N. Snelling #102
Roseville, MN 55113
(651)486-8887
Attorney ID 129689

# UNITED STATES BANKRUPTCY COURT
## District of Minnesota

_____

In Re: DENNIS E. HECKER                    Case No.09-50779

            Debtors                     Chapter 13
_____

## ORDER
_____

This matter came before the court on the trutee's motion for turnover. Based on all of the files and pleadings, this court makes the following ORDER:

1)     The trustee's motion is denied.


Dated:_____            _____
                                            Robert F. Kressel
                                            Chief of Bankruptcy Court

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) SS | Case No.:BKY  09-50779 |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 11th day of June, 2010, she served via US

Mail, the Verified statement, memorandum in opposition and  proposed order,  on:

U.S. Trustee                                      BY ELECTRONIC NOTICE  
1015 U.S. Courthouse  
300 South 4th Street  
Minneapolis, MN 55415

RANDY SEAVER                            BY ELECTRONIC NOTICE  
12400 PORTLAND AVE S  
SUITE 132  
BURNSVILLE, MN  55337

DENNIS HECKER                          BY EMAIL  
PO BOX 1017  
CROSSLAKE, MN 56442

All creditors on attached list           BY ELECTRONIC NOTICE


   /e/ Barbara J. May

   Barbara J. May

Kendall L. Bader
Fredrikson & Byron, PA
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402

Patti H Bass
Bass & Associates
3936 East Ft Lowell Road
Suite 200
Tucson, AZ 85712

Bass & Associates, P.C.
3936 E. Ft. Lowell Rd., Suite 200
Tucson, AZ 85712

Matthew R. Burton
Leonard O'Brien et al
100 S 5th St Ste 2500
Minneapolis, MN 55402

Randy Seaver
12400 Portland Avenue South
Suite 132
Burnsville, MN 55337

Bruce H. Carlson
PO Box 2189
Fargo, ND 58108-2189
(701) 293-9190

Monica L. Clark
Dorsey & Whitney LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

Gordon B. Conn
Kalina Wills Gisvold & Clark PLLP
6160 Summit Drive
Suite 560
Minneapolis, MN 55430

Larry D. Espel
Greene Espel, PLLP
200 South Sixth St

Ste 1200
Minneapolis, MN 55402

James A. Geske
Wilford & Geske
8425 Seasons Parkway
Ste 105
Woodbury, MN 55125

Stephen F Grinnell
Gray Plant Mooty Mooty & Bennett
80 S 8th Street Suite 500
Minneapolis, MN 55402

Aaron R. Hartman
Anthony Ostlund & Baer, P.A.
3600 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402

Robert J. Hennessey
Lindquist & Vennum
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

James M. Jorissen
Leonard O'Brien et al
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402

Jeffrey D. Klobucar
Foley & Mansfield P.L.L.P.
250 Marquette Ave
Suite 1200
Minneapolis, MN 55401
612-338-8788

Robert T. Kugler
Leonard Street & Deinard P.A.
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402

Connie Lahn

Fafinski Mark & Johnson, P.A
775 Prairie Center Drive
Suite 400
Eden Prairie, MN 55344

Thomas Lallier
Foley & Mansfield P.L.L.P.
250 Marquette Ave Ste 1200
Minneapolis, Mn 55401

Joseph W. Lawver
Messerli & Kramer PA
100 S. 5th Street
1400 5th Street Towers
Minneapolis, MN 55402-4218

Micahel B. Lubic
10100 Santa Monica Blvd 7th Floor
Los Angeles, CA 90067

MICHAEL W MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

Adam D. Maier
Leonard Street and Deinard
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402

Nauni J Manty
Manty & Associates PA
510 First Ave N
Ste 305
Minneapolis, MN 55403

Steven Meshbesher
Meshbesher & Associates P A
225 Lumber Exchange Bldg
10 S 5th St
Minneapolis, MN 55402


Michael L Meyer
Ravich Meyer Kirkman McGrath Nauman

4545 IDS Center
80 South Eighth St.
Mineapolis, MN 55402

Ralph Mitchell
Lapp Libra Thomson Stoebner & Pusch
One Financial Plaza Suite 2500
120 S 6th St
Minneapolis, Mn 55402

Andrew Paul Moratzka
Mackall Crounce & Moore
901 Marquette Ave
1400 AT&T Tower
Minneapolis, MN 55402

Cynthia A. Moyer
Fredrikson & Byron, PA
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402

Nicholas N Nierengarten
Gray Plant Mooty & Bennett P A
500 IDS Center
80 S 8th St
Minneapolis, Mn 55402

Robert G. Parish
Faegre & Benson LLP
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402

Timothy J Peters
2116 2nd Ave S
Minneapolis, MN 55404

Jamie R. Pierce
Hinshaw & Culbertson LLP
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402

Craig E. Reimer
Mayer Brown LLP

71 Wacker Drive
Chicago, IL 60640

David E. Runck
Fafinski Mark & Johnson, P.A
775 Prairie Center Dr
Suite 400
Eden Prairie, MN 55344

Brad A Sinclair
Serkland Law Firm
10 Roberts St
PO Box 6017
Fargo, ND 58108-6017

Rebecca G. Sluss
Openheimer
45 South 7th Street
Suite 3300
Minneapolis, MN 55402

Kathleen K. Statler
Greene Espel, P.L.L.P.
200 S Sixth Street
Suite 1200
Minneapolis, MN 55402

Mark D. Stephenson
Stephenson & Sanford PLC
1905 E Wayzata Blvd
Suite 220
Wayzata, MN 55391

Gregory L. Taddonio
Reed Smith LLP
225 Fifth Ave
Pittsburgh, PA 15222

Will R. Tansey
Ravich Meyer Kirkman McGrath & Nauman
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Nicholas J. Vivian
Eckberg Lammers Briggs Wolff Vierling

1809 Northwestern Ave
Stillwater, MN 55082