# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

## RESPONSE TO SETTLEMENT MOTION

Midwest Motors, LLC ("MM"), and LKMCD Properties, LLC ("LKMCD"), hereby submit the following response to Randall Seaver's ("Trustee") settlement motion filed with this Court on May 25, 2010 (the "Settlement Motion").

## I.  INTRODUCTION

Under bankruptcy law in this jurisdiction, courts consider a number of factors to assess whether a settlement is in the best interests of the estate. These factors include, but are not limited to, the following: (i) probability of success on the merits, (ii) difficulties in collection, (iii) complexity and expense associated with litigation, and (iv) the interests of creditors. Here, these factors all weigh in favor of approving the settlement agreement attached to the Settlement Motion. Furthermore, Dennis E. Hecker ("Debtor") waived his rights to object to the Settlement Motion under the facts of this case. The issue is whether the Settlement Motion should be granted.

## II.  FACTS

The Settlement Motion accurately portrays the facts surrounding the negotiation and ultimate execution of the settlement agreement dated on or about May 24, 2010. Since that time,

1

Debtor deposed Stephen McDaniels, chief manager for MM and LKMCD. From this deposition, the following facts are clear:

- Mr. McDaniels did not draft the personal services agreement ("PSA") that is the subject of the Settlement Motion.[1]

- Mr. McDaniels accepted the terms of the PSA as written "as a valid, enforceable Personal Services Motion."[2]

- On or about July 7, 2009, Mr. McDaniels wrote to the Debtor detailing his expectations of services to be provided under the PSA and suggested to Debtor a personal meeting to discuss the scope of those services.[3]

- On or about July 22, 2009, Mr. McDaniels cancelled this meeting and suspended the need for the Debtor to provide the services contemplated by the PSA.[4]

- Mr. McDaniels explained that the Debtor's business activities, personal issues, and bankruptcy issues negatively impacted the perception of his customers, forcing him to suspend any need for Debtor's services.[5]

- On or about September 29, 2009, the Trustee commenced an action claiming, *inter alia*, the PSA is reallocated purchase price (the "PSA Litigation").

- On or about September 30, 2009, Mr. McDaniels terminated the PSA.[6]

---

[1] Deposition of Stephen McDaniels, May 28, 2010, pg. 39, lns. 18-21 (hereinafter, "McDaniels Depo., __:__"), a true and correct copy of which is attached as Exhibit A to the Affidavit of Andrew P. Moratzka.
[2] McDaniels Depo., 47:16 – 48:18; 72:7 – 8.
[3] McDaniels Depo., 79:18 – 80:7; Ex. 8.
[4] McDaniels Depo., 87:13 – 88:7; Ex. 9.
[5] McDaniels Depo., 88:14 – 23 ("The entire business environment surrounding Mr. Hecker and his business activities, as well as his bankruptcy issues, as well as his personal issues that we all were made painfully aware about caused it. It wasn't just what was in the press. It was what was real. It was what was out there. It was the perception of the customers, especially the customers in the primary market area where I bought that store."); *see also* 82:16 – 20; 83:3 – 84:12; 85:13 – 19.
[6] McDaniels Depo., 89:7 – 9; Ex. 10.

- Mr. McDaniels explained that the continuing negativity surrounding the Debtor, such as the criminal investigations, as well as the Trustee's lawsuit regarding the PSA, forced Mr. McDaniels to terminate the PSA.[7]
- Since the Trustee commenced the PSA Litigation, and even before, MM and LKMCD have made every effort to defend against the Trustee's claim that the PSA is reallocated purchase price.[8]
- After extensive negotiations with all parties, including the Debtor, Mr. McDaniels made a business decision to resolve PSA Litigation through a settlement agreement dated May 24, 2010 (the "Settlement Agreement").[9]

### III. ANALYSIS

In deciding whether to approve a settlement agreement, the court must consider all factors bearing on the fairness of the agreement, including the following: (i) probability of success on the merits, (ii) difficulties in collection, (iii) complexity and expense associated with litigation, and (iv) the interests of creditors.[10] As set forth in detail in the Settlement Motion, these factors weigh in favor of approving the Settlement Agreement. MM and LKMCD submit this analysis because the interpretation of the PSA is an additional factor bearing on the fairness of the Settlement Agreement.

Under the PSA, the Debtor is deemed to have accepted the terms of any settlement resolving a claim that the PSA is reallocated purchase price, provided MM has not breached its

---

[7] McDaniels Depo., 90:17 – 24 ("[T]he continuing constant negativity surrounding Mr. Hecker, Mr. Hecker's entities, his personal and business life, and the criminal proceedings, as well as the fact that the trustee now was taking a legal stance against the Personal Service Agreement being a Personal Services Agreement, was what prompted the cancellation.").
[8] McDaniels Depo., 103:20 – 104:5.
[9] McDaniels Depo., 106:8 – 108:17.
[10] *Lambert v. Flight Transp. Corp., FTC (In re Flight Transportation Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984) (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)).

obligation to use commercially reasonable efforts to defend the claim. The entire relevant portion of the PSA reads as follows:

> The Company and its affiliates will use commercially reasonable efforts to defend against any Claims so long as Hecker is not in default under the terms of this Agreement. For the avoidance of doubt the term commercially reasonable efforts in this context shall include that the Company will not settle any Claims for a period of at least six (6) months from the date a Claim is first asserted, in litigation or otherwise, and notice thereof has been provided to Hecker. Buyer or Company, as applicable, shall present to Hecker any settlements it intends to enter into in advance for his approval, which settlements shall be deemed to be approved by Hecker unless the Company or Buyer has breached its obligations to use commercially reasonable efforts to defend.[11]

In other words, Debtor agreed to provide MM full legal authority to settle any claim regarding the validity of the PSA if MM has used its best efforts to defend such a claim for greater than six months or if Debtor is in default. Both factors are present in this case.

First, MM has used its best efforts to defend its respective rights in the PSA Litigation. MM has adamantly denied the Trustee's claims through filings with this court in the general case and applicable adversary proceedings.[12] These efforts are reflected in the Settlement Agreement, which clearly accounts for the fact that the Trustee's claims may not be successful via a negotiated reduction in the total potential payable by MM under the PSA.

Second, the myriad negative articles regarding Debtor's personal and business dealings should demonstrate Debtor is in default. MM may terminate the PSA "in the event Hecker takes any action that adversely impacts the business, reputation or goodwill of the Company or any of the Company's affiliates in any material manner."[13] Again, Mr. McDaniels testified MM suspended the need for Debtor's services because

---

[11] McDaniels Depo., 32:9 – 14; Ex. 3 (PSA, ¶ 12(b)).
[12] McDaniels Depo., 103:20 – 104:5.
[13] McDaniels Depo., 32:9 – 14; Ex. 3 (PSA, ¶ 2(c)).

> The entire business environment surrounding Mr. Hecker and his business activities, as well as his bankruptcy issues, as well as his personal issues that we all were made painfully aware about caused it. It wasn't just what was in the press. It was what was real. It was what was out there. It was the perception of the customers, especially the customers in the primary market area where I bought that store.[14]

The continuing negative press regarding Mr. Hecker's personal life, business, and criminal proceedings, as well as the initiation of the PSA Litigation forced MM to terminate the PSA. These facts demonstrate neither MM nor LKMCD had an obligation under the PSA to continue defending the claims asserted in the PSA Litigation. These facts further demonstrate that the linchpin of Debtor's defense in this case, namely his ability to render services consistent with the terms of PSA, is dubious at best.

## IV. CONCLUSION

MM and LKMCD support the Motion to fully resolve the claims in the two presently pending adversary proceedings, captioned as follows: (1) *Randall L. Seaver v. Dennis E. Hecker, et al.*, Adv. No. 09-05405 and (2) *Mackall Crounse & Moore, PLC v. Dennis E. Hecker, et al.*, Adv. No. 10-05015. All parties, including the Debtor, participated in the settlement discussions. At this time, it appears the Debtor is the only party objecting to the Settlement Agreement. He asserts the parties cannot resolve the PSA Litigation over his objection. The evidence revealed in the deposition of Mr. McDaniels, as well as a plain reading of the PSA, demonstrate otherwise. MM and LKMCD therefore respectfully request the Court grant the Settlement Motion, approve the Settlement Agreement, and dismiss any and all claims inconsistent with the Settlement Agreement as moot.

---

[14] McDaniels Depo., 88:14 – 23.

Dated: June 11, 2010                    MACKALL, CROUNSE & MOORE, PLC

/s/ Andrew P. Moratzka
Andrew P. Moratzka (#322131)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400
ATTORNEYS FOR DEFENDANTS
MIDWEST MOTORS, LLC, and LKMCD
PROPERTIES, LLC

1254805.2-APM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No. 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

## AFFIDAVIT OF ANDREW P. MORATZKA

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF HENNEPIN   )

Andrew P. Moratzka, attorney for Midwest Motors, LLC ("MM"), and LKMCD Properties, LLC ("LKMCD") in this case, having been sworn on oath states as follows:

1. I am one of the attorneys Midwest Motors, LLC and LKMCD Properties, LLC.

2. Attached as Exhibit A is a true and correct copy of the Deposition of Stephen McDaniels on May 28, 2010.

FURTHER YOUR AFFIANT SAITH NOT.

Dated: June 11, 2010				MACKALL CROUNSE & MOORE, PLC

						*/s/ Andrew P. Moratzka*
						Andrew P. Moratzka (# 0322131)
						1400 AT&T Tower
						901 Marquette Avenue
						Minneapolis, Minnesota 55402
						(612) 305-1400

Subscribed and sworn to before me
this 11th day of June, 2010.

*/s/ Jinah Finnes*
Notary Public

JINAH E. FINNES
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2011

1254808.1-APM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                          Case No.: 09-50779

Dennis E. Hecker,                                               Chapter 7

        Debtor.
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

<u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**<u>Response to Settlement Motion and Affidavit of Andrew P. Moratzka</u>**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Patti H Bass    ecf@bass-associates.com
- Daniel C. Beck    dbeck@winthrop.com, tcooke@winthrop.com
- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- Tyler D. Candee    tcandee@lapplibra.com, dwegler@lapplibra.com
- Bruce H. Carlson    bruce.carlson@mlcfargolaw.com, tricia.fossen@mlcfargolaw.com
- Monica L. Clark    clark.monica@dorseylaw.com
- Gordon B. Conn    conn@kwgc-law.com
- Larry D. Espel    lespel@greeneespel.com, lbulson@greeneespel.com;sholenko@greeneespel.com
- David B Galle    dgalle@oppenheimer.com
- James A. Geske    jgeske@wilfordgeske.com, mroue-chambers@wilfordgeske.com;mpeterson@wilfordgeske.com
- Stephen F Grinnell    stephen.grinnell@gpmlaw.com
- Aaron R. Hartman    ahartman@aoblaw.com, lwilhelm@aoblaw.com
- Joshua A. Hasko    jhasko@messerlikramer.com, nkuhnly@messerlikramer.com
- Andrea M. Hauser    ahauser@losgs.com
- Robert J. Hennessey    rhennessey@lindquist.com, lsatriano@lindquist.com
- David L. Johnson    david.johnson@mlcfargolaw.com
- James M. Jorissen    jjorissen@losgs.com, vrittenbach@losgs.com
- Jeffrey D. Klobucar    jklobucar@foleymansfield.com
- Robert T. Kugler    robert.kugler@leonard.com, ma.xiong@leonard.com
- Jacqueline D. Kuiper    jacqueline@mantylaw.com, ecf@mantylaw.com
- Jordan S Kushner    kushn002@umn.edu

- Connie Lahn    connie.lahn@fmjlaw.com, Aong.Moua@fmjlaw.com
- Thomas Lallier    ECF_Notices@foleymansfield.com
- Joseph W. Lawver    jlawver@messerlikramer.com, kmilner@messerlikramer.com
- Seth Leventhal    seth.leventhal@fmjlaw.com, sherri.debettignies@fmjlaw.com
- Adam D. Maier    adam.maier@leonard.com, callie.sanford@leonard.com,ma.xiong@leonard.com
- Nauni J Manty    ecf@mantylaw.com
- Manty & Associates PA    ecf@mantylaw.com
- Barbara J May    babsjmay7@aol.com
- Steven Meshbesher    smeshmesh@aol.com, kgregorius@gmail.com
- Michael L Meyer    mlmeyer@ravichmeyer.com
- Ralph Mitchell    rmitchell@lapplibra.com, jpipp@lapplibra.com
- Andrew Paul Moratzka    apm@mcmlaw.com, jef@mcmlaw.com;ldj@mcmlaw.com
- John R. Neve    jneve@nevewebb.com, cwhiting@nevewebb.com
- Nicholas N Nierengarten    nicholas.nierengarten@gpmlaw.com
- Timothy J Peters    tpeters@peterslawplc.com, peters.timothy.james@gmail.com;bfrank@peterslawplc.com
- Jamie R. Pierce    jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com;mpocock@hinshawlaw.com;kmoore@hinshawlaw.com
- Steven R Qualley    steveq@gqlaw.net, squalley@gqlaw.net
- Recovery Management Systems Corp    claims@recoverycorp.com
- Craig E. Reimer    creimer@mayerbrown.com, samahdi@mayerbrown.com;srozen@mayerbrown.com;hroin@mayerbrown.com
- David E. Runck    david.runck@fmjlaw.com, Aong.Moua@fmjlaw.com
- Randall L. Seaver    rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com
- Brad A Sinclair    bsinclair@serklandlaw.com, crohr@serklandlaw.com
- William R. Skolnick    wskolnick@skolnick-shiff.com, zpuchtel@skolnick-shiff.com;rcargill@skolnick-shiff.com;dlarson@skolnick-shiff.com;sshiff@skolnick-shiff.com
- Rebecca G. Sluss    rsluss@oppenheimer.com
- Kathleen K. Statler    kstatler@gr-espel.com, lrichart@greeneespel.com
- Mark D. Stephenson    marks@stephenson-sanford.com, chrish@sstmnlaw.com
- Michael R. Stewart    mstewart@faegre.com
- Gregory L. Taddonio    gtaddonio@reedsmith.com, kpalmer@reedsmith.com
- Will R. Tansey    wrtansey@ravichmeyer.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov
- Nicholas J. Vivian    nvivian@eckberglammers.com, dneumann@eckberglammers.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

FREDRIKSON & BYRON PA  
200 SOUTH SIXTH ST, STE 4000  
MINNEAPOLIS, MN 55402

FULLER SEAVER & RAMETTE  
C/O RANDALL SEAVER  
12400 PORTLAND AVE S, STE 132  
BURNSVILLE, MN 55337

LEONARD OBRIEN SPENCER GALE &
SAYRE LTD
100 SOUTH 5TH STREET, STE 2500
MINNEAPOLIS, MN 55376

MICHAEL B. LUBIC
10100 SANTA MONICA BLVD 7TH FLOOR
LOS ANGELES, CA 90067

MICHAEL W MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

WILLIAM R. SKOLNICK
2100 RAND TOWER
527 MARQUETTE AVENUE SOUTH
MINNEAPOLIS, 55402

JOHN R. NEVE
8500 NORMANDALE BLVD, STE 1080
MINNEAPOLIS, MN 55437

Dated: June 11, 2010         Signed: /e/Jinah E. Finnes

1254974.1-JEF