**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bankruptcy Case No: 09-50779-RJK |
| DENNIS E. HECKER, | Chapter 7 |
| Debtor. | |
| RANDALL L. SEAVER, Trustee, | Adversary Proceeding No.: 09-05045 |
| Plaintiff, | |
| v. | |
| DENNIS E. HECKER, et al., | |
| Defendant. | |

**CHRYSLER FINANCIAL SERVICES AMERICAS LLC'S REPLY TO DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Chrysler Financial Services Americas LLC ("**Chrysler Financial**") respectfully submits the following reply to Debtor Dennis E. Hecker's ("**Hecker**") Memorandum of Law in Opposition to the motion (the "**Motion**") of Randall Seaver (the "**Trustee**") for approval of a settlement agreement by and between Trustee, Midwest Motors,[1] LKMCD, Chrysler Financial, TMCC and TFSB (the "**Settlement Agreement**").

---

[1] Capitalized terms used but not otherwise defined herein have the meaning attributed to them in the Motion

# STATEMENT OF CHRYSLER FINANCIAL

The Settlement Agreement presently before the Court presents an eminently reasonable and heavily negotiated resolution to a complex factual and legal dispute involving the appropriate characterization of and entitlements to $1,000,000 in deferred compensation (the "**Deferred Compensation**") alleged to be payable by Midwest Motors to Hecker on account of a Personal Services Agreement executed in connection with the sale of the assets of Inver Grove Motors, LLC ("**IGM**") to Midwest Motors. In his complaint, the Trustee has alleged that the Personal Services Agreement is not a bona fide personal services contract but is instead simply disguised consideration for IGM's assets. The complaint further alleges that the Personal Services Agreement was conceived by Hecker as a means to provide $1 million in value generated by IGM's assets directly to Hecker when, in fact, such consideration should go to the benefit of Hecker's bankruptcy estate and/or IGM's creditors. Midwest Motors further asserts that even if the Deferred Compensation is rightfully characterized as being attributable to the personal services required of Hecker under the Personal Services Agreement, events subsequent to the execution of the Personal Services Agreement—i.e., Hecker's well-publicized personal and financial difficulties, his indictment on Federal criminal charges and the illumination of his prepetition conduct leading to the denial of his discharge—excuse further performance by Midwest Motors under the Personal Services Agreement. Chrysler Financial, TMCC and TFSB contend that any recharacterized consideration would be subject to their respective security interests in IGM's assets and thus rightfully should be allocated between them—not the estate. Chrysler Financial further asserts that any amount of the Deferred Compensation eventually payable and paid to Hecker would be subject to garnishment and levy by Chrysler Financial in

partial satisfaction of its non-dischargeable judgment against Hecker, regardless of any recharacterization.[2]

The proposed Settlement Agreement is intended to resolve the numerous disputes and claims at issue in this adversary proceeding. In light of the number of parties involved, the complexity of the underlying factual and legal issues—in particular the facts and circumstances that resulted in the inclusion in the IGM transaction of the Personal Services Agreement in the first place—and the expense of pursuing their claims through trial, the parties have entered into the Settlement Agreement to resolve the present dispute, settle the competing claims to the Deferred Compensation, and avoid costly and protracted litigation. "A court's role in evaluating a proposed settlement under Rule 9019 is to determine if the settlement is in the best interest of the estate." *ReGen Capital III, Inc. v. Official Committee of Unsecured Creditors (In re Trism, Inc.)*, 282 B.R. 662 (8th Cir. B.A.P. 2002) "A major purpose of compromise is to avoid the expense, burdens, and uncertainty associated with litigation." *Id.* at 668 (citing *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr.E.D.Mo.1988)). The present settlement will resolve this convoluted dispute to the satisfaction of all parties with a real interest in its resolution and avoid the expense, burdens, and uncertainty associated with litigation, and provide a meaningful payment to the Hecker estate. As such, the settlement is in the best interests of the Hecker estate and its creditors.

Moreover, the Personal Services Agreement anticipated that claims precisely of the sort made in this proceeding by the Trustee, Chrysler Financial, TMCC and TFSB would be made,

---

[2] As such, any interest Hecker has in the resolution of the present dispute is, therefore, arguably de minimis since he is unlikely to be in a position to retain any amounts that may be paid to him. However, even in spite of any de minimis interest he may have in the Deferred Compensation, Hecker substantially benefits under the Settlement Agreement. In particular, a $100,000 promissory note in favor of Midwest Motors will be cancelled and returned to Hecker, and Hecker will receive clear title to a 2007 Toyota Tundra pickup truck.

and the Personal Services Agreement clearly and specifically provides that Midwest Motors may settle such claims without Hecker's consent. *See* Personal Services Agreement, ¶¶ 11 and 12. To argue otherwise as Hecker does is to read these provisions out of the agreement he negotiated and by which he is bound.

## CONCLUSION

For the foregoing reasons, Chrysler Financial respectfully requests that the Court overrule Hecker's objections and grant Trustee's motion for approval of the Settlement Agreement.

Respectfully submitted,

June 15, 2010

        GRAY, PLANT, MOOTY,
         MOOTY & BENNETT, P.A.


        By /e/ Stephen F. Grinnell
           Nicholas N. Nierengarten (#79169)
           Stephen F. Grinnell (#37928)
        500 IDS Center
        80 South Eighth Street
        Minneapolis, Minnesota 55402-3796
        Telephone: (612) 632-3000
        Telecopier: (612) 632-4444


        MAYER BROWN LLP
        Howard J. Roin (Admitted *Pro Hac Vice*)
        Stuart M. Rozen (Admitted *Pro Hac Vice*)
        71 South Wacker Drive
        Chicago, Illinois 60606
        Telephone: (312) 782-0600
        Facsimile: (312) 701-7711

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | ) Case No. 09-50779 |
| | ) |
| Dennis E. Hecker, | ) Chapter 7 |
| | ) |
| Debtor. | ) Hon. Robert J. Kressel |
| | ) |
| Randall L. Seaver, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No. 09-05045 |
| | ) |
| Dennis E. Hecker, Midwest Motors, LLC, LKMCD Properties, LLC, Chrysler Financial Services Americas LLC, Toyota Motor Credit Corporation, Toyota Financial Savings Bank, Inver Grove Motors LLC, d/b/a Denny Hecker's Inver Grove Toyota, Jacob Holdings of Highway 110 LLC, Jacob Holdings of Akron Avenue LLC, | ) |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Stephen F. Grinnell , hereby certify that on June 15, 2010, I caused the following:

Chrysler Financial Services Americas LLC's Reply to Debtor's Memorandum of Law in Opposition to Trustee's Motion for Approval of Settlement Agreement

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

| | |
|---|---|
| Matthew R. Burton | mburton@losgs.com |
| Andrew P. Moratzka | apm@mcmlaw.com; jef@mcmlaw.com; ldj@mcmlaw.com |
| Timothy J. Peters | tpeters@peterslawplc.com; |
| | peters.timothy.james@gmail.com |
| Will R. Tansey | wrtansey@ravichmeyer.com |
| James M. Jorissen | jjorissen@losgs.com, vrittenbach@losgs.com |
| John R. Neve | jneve@nevewebb.com |

| | |
|---|---|
| Patti H. Bass | ecf@bass-associates.com |
| Daniel C. Beck | dbeck@winthrop.com, tcooke@winthrop.com |
| Tyler D. Candee | tcandee@lapplibra.com, dwegler@lapplibra.com |
| Bruce H. Carlson | bruce.carlson@mlcfargolaw.com, tricia.fossen@mlcfargolaw.com |
| Monica L. Clark | clark.monica@dorseylaw.com |
| Gordon B. Conn | conn@kwgc-law.com |
| Larry D. Espel | lespel@greeneespel.com, lbulson@greeneespel.com |
| David B. Galle | dgalle@oppenheimer.com |
| James A. Geske | jgeske@wilfordgeske.com, mroue-chambers@wilfordgeske.com, mpeterson@wilfordgeske.com |
| Aaron R. Hartman | ahartman@aoblaw.com, lwilhelm@aoblaw.com |
| Joshua A. Hasko | jhasko@messerlikramer.com, nkuhnly@messerlikramer.com |
| Andrea M. Hauser | ahauser@losgs.com |
| Robert J. Hennessey | rhennessey@lindquist.com, lsatriano@lindquist.com |
| David L. Johnson | david.johnson@mlcfargolaw.com |
| Jeffrey D. Klobucar | jklobucar@foleymansfield.com |
| Robert T. Kugler | robert.kugler@leonard.com, ma.xiong@leonard.com |
| Jacqueline D. Kuiper | jacqueline@mantylaw.com, ecf@mantylaw.com |
| Jordan S. Kushner | kushn002@umn.edu |
| Connie Lahn | connie.lahn@fmjlaw.com, Aong.Moua@fmjlaw.com |
| Thomas Lallier | ECF_Notices@foleymansfield.com |
| Joseph W. Lawver | jlawver@messerlikramer.com, kmilner@messerlikramer.com |
| Seth Leventhal | seth.leventhal@fmjlaw.com, sherri.debettignies@fmjlaw.com |
| Adam D. Maier | adam.maier@leonard.com, callie.sanford@lenoard.com |
| Nauni J. Manty | ecf@mantylaw.com |
| Manty & Assoc. PA | ecf@mantylaw.com |
| Barbara J. May | babajmay7@aol.com |
| Steven Meshbesher | smeshmesh@aol.com, kgregorius@gmail.com |
| Michael L. Meyer | mlmeyer@ravichmeyer.com |
| Ralph Mitchell | rmitchell@lapplibra.com, jpipp@lapplibra.com |
| Jamie R. Pierce | jpierce@hinshawlaw.com, akulbeik@hinshawlaw.com, mpocock@hinshawlaw.com, kmoore@hinshawlaw.com |
| Steven R. Qualley | steveq@gqlaw.net, sqalley@gqlaw.net |
| Recovery Mgmt. | claims@recoverycorp.com |
| David E. Runck | david.runck@fmjlaw.com, Aong.Moua@fmjlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.eqipsystems.com |
| Brad A. Sinclair | bsinclair@serklandlaw.com, crohr@serklandlaw.com |
| Rebecca G. Sluss | rsluss@oppenheimer.com |
| Kathleen K. Statler | kstatler@gr-espel.com, lrichart@greenespel.com |
| Mark D. Stephenson | mark@stephenson-sanford.com, chrish@sstmnlaw.com |

| Michael R. Stewart | mstewart@faegre.com |
| Gregory L. Toddonio | gtaddonio@reedsmith.com, kpalmer@reedsmith.com |
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Nicholas J. Vivian | nvivian@eckberglammers.com, |
| | dneumann@eckberglammers.com |

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

Inver Grove Motors LLC
d/b/a Denny Hecker's Inver Grove Toyota
500 Ford Rd.
Minneapolis, MN 55426

Jacob Holdings of Akron Avenue LLC
500 Ford Rd.
Minneapolis, MN 55426

Jacob Holdings of Highway 110 LLC
500 Ford Rd.
Minneapolis, MN 55426

Michael W. Malter
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050

Fredrikson & Byron PA
200 South 6th Street, Ste. 2500
Minneapolis, MN 55402

Fuller Seaver & Ramette
c/o Randall Seaver
12400 Portland Ave. S., Ste. 132
Burnsville, MN 55337

Leonard O'Brien Spencer Gale & Sayre
100 South 5th Street, Ste. 2500
Minneapolis, MN 55402

Michael B. Lubic
10100 Santa Monica Blvd.
7th Floor
Los Angeles, CA 90067


Dated: June 15, 2010

GRAY, PLANT, MOOTY
MOOTY & BENNETT, P.A.

 /e/  Stephen F. Grinnell
Stephen F. Grinnell (#37928)

GP:2800814 v1