# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,                                                                                         BKY No. 09-50779

        Debtor.

_____

Randall L. Seaver, Trustee,                                                                          ADV No. 10-_____

        Plaintiff,

vs.                                                                                                                   **COMPLAINT**

Northstate Financial Corporation;
Southview Chevrolet Co.; Bremer Bank, N.A.;
Chrysler Financial Services Americas LLC;
General Motors Acceptance Corporation; and
National City Commercial Capital Company, LLC;

        Defendants.

_____

      Randall L. Seaver, Trustee ("**Trustee**") of the Bankruptcy Estate of Dennis E. Hecker as and for his Complaint against Defendant Northstate Financial Corporation and Bremer Bank N.A., states and alleges as follows:

      1.     The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

      2.     The Debtor, Dennis E. Hecker, filed his voluntary Chapter 7 bankruptcy petition on June 4, 2009 (**"Petition Date"**).

      3.     This Complaint is brought under Bankruptcy Rule 7001, and this action arises under 11 U.S.C. §§544, 547, 548, 549 and 550, Minn. Stat. §§513.44 and 513.45, and other applicable federal and state law.

4. This Court has jurisdiction over this adversary proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001, and Local Rule 1070-1.

**PARTIES**

5. According to Hecker's bankruptcy schedules, Defendant Northstate Financial Corporation ("**Northstate**") is a Minnesota corporation which was 100% owned and controlled by Dennis E. Hecker ("**Hecker**").

6. Northstate is an insider affiliate of Hecker under 11 U.S.C. §101(31)(A)(iv).

7. According to Hecker's bankruptcy schedules, Defendant Southview Chevrolet Co. ("**Southview**") is a Minnesota corporation which was 100% owned and controlled by Dennis E. Hecker ("**Hecker**").

8. Southview is an insider affiliate of Hecker under 11 U.S.C. §101(31)(A)(iv).

9. On information and belief, Defendant Bremer Bank, N.A. ("**Bremer**") is a national banking association with an office at 633 South Concord Street, South St. Paul, MN 55075.

10. On information and belief, Defendant Chrysler Financial Services Americas LLC ("**Chrysler**") is a Michigan limited liability company with a registered agent of CT Corporation having an address of 100 S 5th Street #1075, Minneapolis, MN 55402.

11. On information and belief, General Motors Acceptance Corp. ("**GMAC**") is a Delaware corporation with a registered agent of CT Corporation having an address of 100 S 5th Street #1075, Minneapolis, MN 55402.

12. On information and belief, Defendant National City Commercial Capital Company, LLC ("**National City**") is an Indiana limited liability company with a registered agent of Corporate Service Corporation having an address of 380 Jackson Street, Suite 700, St. Paul, MN 55101.

2

## THE TWO HARLEY DAVIDSON MOTORCYCLES

13. Upon information and belief, the two Harley Davidson motorcycles identified on Exhibit A hereto as items 1 & 2 (the **"Motorcycles"**) were nominally owned or titled in whole or in part by Northstate as described in Exhibit A.

14. Upon information and belief, Northstate did not operate as a business engaged in the purchase and sale of personal property but simply nominally held title to the Motorcycles for the benefit of Hecker.

15. Northstate is the alter ego of the Debtor, and its purported ownership of the Motorcycles existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result in substantial unfairness to the creditors of this estate.

16. Debtor was simply dealing with his own property through Northstate as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, and defeat strong equitable claims.

17. The 2006 and 2007 tax returns of Northstate make no mention of the Motorcycles.

18. The September 30, 2007 and September 30, 2008 balance sheets and lending certificates provided by Northstate to Bremer make no mention of the Motorcycles.

19. Documents produced by Bremer relating to loans to Northstate contain no mention of the Motorcycles.

20. On information and belief, at all times relevant, Hecker has maintained possession, use and control of the Motorcycles.

21. Alternatively, the purchases of the Motorcycles by Northstate were constructive dividends or distributions to Hecker, and the Motorcycles were Hecker's property, and are now estate property.

22. Upon information and belief, on the Petition Date, Bremer may claim some interest in property of Northstate as evidenced by one or more of: (a) a UCC financing statement filed with the Minnesota Secretary of State on July 2, 1994 as Filing Number 1690557; (b) an amendment filed on May 3, 1999 as Filing Number 2127833; (c) a Continuation Statement filed May 3, 1999 as Filing Number 2127834; (d) a Continuation Statement filed on February 27, 2004 as Filing Number 20041075140; or (e) a Continuation Statement filed June 26, 2009 as Filing Number 20091655583.

23. Upon information and belief, neither Bremer nor any other entity is identified as a secured party on the title certificates for the Motorcycles.

## THE MERCEDES

24. Upon information and belief, ownership of the 1988 Mercedes Benz automobile identified on <u>Exhibit A</u> hereto as item 3 (the **"Mercedes"**) was attributed by Hecker to Southview but the Mercedes has never been titled in Southview.

25. Upon information and belief, Southview nominally held title to the Mercedes for the benefit of Hecker and not as inventory for resale.

26. On information and belief, at all times relevant, Hecker has maintained possession, use and control of the Mercedes.

27. Alternatively, the purchases of the Mercedes by Southview was a constructive dividend or distribution to Hecker, and the Mercedes was Hecker's property, and is now estate property.

28. Upon information and belief, on the Petition Date, Chrysler Financial may claim some interest in property of Southview as evidenced by one or more of: (a) a UCC financing statement filed with the Minnesota Secretary of State on November 18, 1994 as Filing Number 1717559; (b) an amendment filed on October 15, 1996 as Filing Number 1885694; (c) an amendment filed on November 25, 1998 as Filing Number 2086456; (d) a Continuation

Statement filed July 16, 1999 as Filing Number 2147769; (e) an amendment filed on October 8, 2003 as Filing Number 2003900943; (f) a Continuation Statement filed on September 1, 2004 as Filing Number 20041310052; (g) an amendment filed on January 20, 2006 as Filing Number 20061027297; (h) an amendment filed on January 8, 2009 as Filing Number 20091449583; or a Continuation Statement filed June 26, 2009 as Filing Number 20091687661.

29. Upon information and belief, on the Petition Date, GMAC may claim some interest in property of Southview as evidenced by one or more of: (a) a UCC financing statement filed with the Minnesota Secretary of State on March 29, 2001 as Filing Number 2311475; (b) a Continuation Statement filed November 3, 2005 as Filing Number 20051862749; (c) an amendment filed on April 19, 2006 as Filing Number 20061153824; (c) or an amendment filed on June 17, 2008 as Filing Number 20081219376.

30. Upon information and belief, on the Petition Date, National City may claim some interest in property of Southview as evidenced by one or more of: (a) a UCC financing statement filed with the Minnesota Secretary of State on August 19, 2005 as Filing Number 200517685829; (b) an Assignment filed January 2, 2008 as Filing Number 20081001155; or (c) an Assignment filed on May 11, 2009 as Filing Number 20091605439.

31. Upon information and belief, none of Chrysler Financial, GMAC or National City or any other entity is identified as a secured party on any title certificates for the Mercedes.

## COUNT I - DECLARATORY RELIEF
## AGAINST NORTHSTATE AND BREMER

32. Plaintiff realleges the foregoing Paragraphs of his Adversary Complaint.

33. Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that:

a. The Debtor and Northstate are alter egos and that the Personal Property nominally titled in the name of Northstate is truly property of the estate at all times material herein;

5

b. The corporate fiction of Northstate should be disregarded for purposes of this bankruptcy case;

c. Bremer has no interest in the Motorcycles;

d. Alternatively, the purchases of the Motorcycles by Northstate were constructive dividends or distributions to Hecker and the Motorcycles were Hecker's property from the time of purchase and are now estate property.

### COUNT II - DECLARATORY RELIEF AGAINST SOUTHVIEW, CHRYSLER FINANCIAL, GMAC AND NATIONAL CITY

34. Plaintiff realleges the foregoing Paragraphs of his Adversary Complaint.

35. Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that:

a. Chrysler Financial, GMAC and National City have no interest in the Mercedes;

b. The purchase of the Mercedes by Southview was a constructive dividend or distribution to Hecker and the Mercedes was Hecker's property from the time of purchase and is now estate property.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against the Defendants as follows:

1. Pursuant to Count I, determining that: (a) the corporate fiction of Northstate be disregarded, (b) the Motorcycles held in Northstate's name are property of this estate, and (c) Bremer has no liens or interests in the Motorcycles;

2. Pursuant to Count II, determining that: the Mercedes is property of this estate and Chrysler Financial, GMAC and/or National City have no liens or interests in the Mercedes;

3. Awarding Randall L. Seaver, Trustee, his costs, disbursements and attorneys' fees as allowed by law; and

4. For such other and further relief as the Court deems just and equitable.

Dated: June 18, 2010									LAPP, LIBRA, THOMSON, STOEBNER
    & PUSCH, CHARTERED

By: /e/ Ralph V. Mitchell
    Ralph V. Mitchell (#184639)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
T (612) 338-5815
F (612) 338-6651
RMitchell@lapplibra.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

1. 2006 Harley Davidson, VIN# 1HD1 PPG116K 97621 (Northstate Financial Corporation).

2. 2003 Harley Davidson, VIN# 1HD1 HAZ4X3K842893 (Northstate Financial Corporation).

3. 1988 Mercedes Benz, 560SL, VIN# WDBBA48DJA088304.