# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>       Debtor. | BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>       Plaintiff,<br><br>vs.<br><br>New Buffalo Auto Sales, LLC,<br>a Minnesota limited liability company,<br>f/k/a New Buffalo Chrysler, LLC and<br>Maurice J. Wagener,<br><br>       Defendants. | ADV No. 10-____<br><br>**COMPLAINT** |

Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Debtor**"), for his Complaint against New Buffalo Auto Sales, LLC, a Minnesota limited liability company, f/k/a New Buffalo Chrysler, LLC and Maurice J. Wagener (collectively "**Defendants**"), states and alleges as follows:

    1.    Randall L. Seaver is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

    2.    This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 petition.

    3.    This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

    4.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§547, 550 and 551.

5. Defendant New Buffalo Auto Sales, LLC is believed to be a Ford dealer in Buffalo, MN owned or controlled by Defendant Maurice J. Wagener.

6. Prior to May 7, 2009, Defendants, apparently, had a claim against the Debtor in an amount approximating $324,938.72.

7. In January, 2009, Defendants commenced an action in Hennepin County, MN against the Debtor to collect on the debt (Hennepin County Court File No. 27-CV-09-2692).

8. On or about May 7, 2010, a judgment in the amount of $324,938.72 was entered and docketed against the Debtor and in favor of Defendants (the "**Judgment**").

9. At the time of filing, Debtor owned real estate located at 1615 Northridge Drive, Medina, MN 55391 and legally described as follows:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

("**North Ridge**").

10. Defendants' judgment was obtained within 90 days prior to the commencement of this bankruptcy case.

11. North Ridge was a non-exempt asset of the Debtor.

12. U.S. Bank held the first mortgage on North Ridge. It obtained stay relief, foreclosed the mortgage and purchased North Ridge at the sheriff's sale for $213,263.00.

13. The second and third mortgage holders, whose original principal balances totaled $900,000.00 did not redeem.

14. Upon information and belief, North Ridge has a value of in excess of $800,000.00. The county tax value for North Ridge is $1,838,000.00.

15. On or about July 22, 2010, Defendants through use of the Judgment, redeemed from the U.S. Bank foreclosure by tendering less than $225,000.00 to the Hennepin County Sheriff (the "**Redemption**").

16. As a result of the Judgment and subsequent Redemption, Defendants now hold an interest in North Ridge.

### COUNT I: AVOIDANCE OF JUDGMENT LIEN
### AS A PREFERENTIAL TRANSFER

17. Prior to commencement of this Chapter 7 case, Defendants obtained the Judgment which was a "transfer" of an interest of the Debtor in property.

18. At the time of the transfer, Defendants were creditors of the Debtor.

19. The transfer was for or on account of an antecedent debt owed by the Debtor to Defendants.

20. The Debtor was insolvent at the time of the transfer or is deemed to have been insolvent.

21. The transfer will enable Defendants to recover more than they would receive as creditors in this Chapter 7 case by the means of the Redemption.

22 None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the transfer.

23. Pursuant to 11 U.S.C. §547(b), the transfer is avoidable.

24. Pursuant to 11 U.S.C. §§550 and 551, Plaintiff may avoid the transfer and preserve the Judgment and the resulting Redemption for the benefit of the bankruptcy estate.

25. Alternatively, Plaintiff is entitled to a judgment against Defendants in the amount of the value of the transfer.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. Avoiding and recovering the Judgment pursuant to 11 U.S.C. §§547 and 550 and automatically preserving the Judgment pursuant to 11 U.S.C. §551.

2. Holding that all rights in the real property legally described as:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

obtained by the Defendants, as a result of the Judgment and Redemption, are property of the estate.

   3. Entering a monetary judgment against Defendants in the amount of the value of the transfer.

   4. Awarding Plaintiff his costs and disbursements in this action, and such other or further relief as the Court deems just and equitable.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: July 26, 2010  By: /e/ Matthew R. Burton
           Matthew R. Burton, #210018
           100 South Fifth Street
           Suite 2500
           Minneapolis, Minnesota 55402-1234
           (612) 332-1030

           Attorneys for Randall L. Seaver, Trustee

425325