UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.
_____

**NOTICE OF HEARING AND MOTION FOR
TURNOVER OF RECORDS**
_____

TO:    PARTIES SPECIFIED IN LOCAL RULE 9013-3.

    1.    Randall L. Seaver, the Chapter 7 Trustee herein, moves the Court for the relief request below and gives Notice of hearing herewith.

    2.    The Court will hold a hearing on this motion at 2:00 p.m. on August 18, 2010, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    Any response to this motion must be filed and served by delivery not later than August 13, 2010 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This court has jurisdiction over this motion under 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. The petition commencing this chapter 7 case was filed on June 4, 2009. The case is now pending in this Court.

    5.    This motion arises under Bankruptcy Rule 1009(a) and is filed under Bankruptcy Rule 9014 and Local Rule 9013-5. The trustee requests an order pursuant to 11 U.S.C. §§541(a)(4) and 542(3) the turnover of records of the debtor.

6. The trustee seeks turnover from the debtor of all documents evidencing or relating to the payment of all the debtor's bills or expenses whether paid by the debtor, or by others for the debtor from January 1, 2010 – July 31, 2010, including, but not limited to the following:

    a. Lafayette Club

    b. Spring Hill Golf Club

    c. Wayzata Country Club

    d. Manny's Restaurant

    e. Oceanaire Restaurant

    f. Auto insurance and loan or lease payments on all vehicles driven or possessed by the debtor including:

        (i) Escalade(s)

        (ii) Range Rover(s)

        (iii) Pickup Truck

        (iv) Mercedes

        (v) Kia Soul

        (vi) Any other vehicle

    g. Utilities at Northridge

    h. Lawn care at Northridge

    i. Pool service at Northridge

    j. Phone service used by Debtor, whether landline or wireless

    k. All credit cards used by the debtor as well as any records related to debtor's use of the credit cards of other individuals or entities.

    l. Any gift cards or other prepaid cards purchased or used by the debtor.

7. The trustee has received information indicating that the debtor received and deposited with 21st Century Bank a $30,000 check for some sort of insurance payment. The debtor did not report the receipt of the funds to the trustee. The trustee's attorney contacted Barbara May, debtor's current bankruptcy counsel, on July 16, 2010 about the payment and to demand turnover if it was a prepetition asset. Ms. May apparently learned from the debtor that he had received such a check and that it was an estate asset. Ms. May tendered $30,000 to the trustee on Monday, July 19, 2010.

8. The trustee seeks an order requiring the debtor to turnover to the trustee, within 7 days from the hearing date:

a. All correspondence, communications and documents relating to or evidencing the debtor's receipt of the $30,000 check.

b. All documents evidencing the debtor's attempted or actual use of the proceeds of that check.

c. All documents relating to or evidencing the source of the funds used by the debtor to pay $30,000 to the trustee.

d. All documents evidencing the Debtor's receipt of any cash, checks, money orders and any other negotiable instruments from January 1, 2010 to July 31, 2010.

WHEREFORE, the trustee requests an order of the court requiring the debtor to turnover to the trustee, within seven (7) days from the date of the hearing on this motion, the following:

1. All documents evidencing or relating to the debtor's bills or expenses whether paid by the debtor, or by others for the debtor from January 1, 2010 – July 31, 2010, including, but not limited to the following:

a. Lafayette Club

b. Spring Hill Golf Club

c. Wayzata Country Club

d. Manny's Restaurant

e. Oceanaire Restaurant

f. Auto insurance and loan or lease payments on all vehicles driven or possessed by the debtor including:

   (i) Escalade(s)

   (ii) Range Rover(s)

   (iii) Pickup Truck

   (iv) Mercedes

   (v) Kia Soul

   (vi) Any other vehicle

g. Utilities at Northridge

h. Lawn care at Northridge

i. Pool service at Northridge

j. Phone service used by Debtor, whether landline or wireless

k. All credit cards used by the debtor as well as any records related to debtor's use of the credit cards of other individuals or entities.

2. Any gift cards or other prepaid cards purchased or used by the debtor.

3. All correspondence, communications and documents relating to or evidencing the Debtor's receipt of the $30,000 check.

4. All documents evidencing the Debtor's attempted or actual use of the proceeds of that check.

5. All documents relating to or evidencing the source of the funds used by the Debtor to pay $30,000 to the Trustee.

6. All documents evidencing the Debtor's receipt of any cash, checks, money orders and any other negotiable instruments from January 1, 2010 to July 31, 2010.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: July 28, 2010

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

# VERIFICATION

      I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, named in the foregoing Notice of Hearing and Motion for Turnover of Records declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

|  |  |
|---|---|
| Executed on July 28, 2010 | /e/ Randall L. Seaver <br> _____ <br> Randall L. Seaver, Trustee |

425111

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

      Debtor.

_____

BKY No. 09-50779

Chapter 7

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2010, I caused the following documents:

*Notice of Hearing and Motion for Turnover of Records and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Dated: July 28, 2010

          /e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

425480

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.
_____

**ORDER**
_____

This case is before the court on the motion of Randall L. Seaver, trustee, for turnover of records of the estate.

Upon the motion and the files,

IT IS ORDERED that within seven (7) days from the entry of this order, Dennis E. Hecker shall turnover to the trustee:

1. All documents evidencing or relating to the debtor's bills or expenses whether paid by the debtor, or by others for the debtor from January 1, 2010 – July 31, 2010, including, but not limited to the following:

    a. Lafayette Club

    b. Spring Hill Golf Club

    c. Wayzata Country Club

    d. Manny's Restaurant

    e. Oceanaire Restaurant

    f. Auto insurance and loan or lease payments on all vehicles driven or possessed by the debtor including:

        (i) Escalade(s)

    (ii)  Range Rover(s)

    (iii)  Pickup Truck

    (iv)  Mercedes

    (v)  Kia Soul

    (vi)  Any other vehicle

  g.  Utilities at Northridge

  h.  Lawn care at Northridge

  i.  Pool service at Northridge

  j.  Phone service used by Debtor, whether landline or wireless

  k.  All credit cards used by the debtor as well as any records related to debtor's use of the credit cards of other individuals or entities.

  2.  Any gift cards or other prepaid cards purchased or used by the debtor.

  3.  All correspondence, communications and documents relating to or evidencing the Debtor's receipt of the $30,000 check.

  4.  All documents evidencing the Debtor's attempted or actual use of the proceeds of that check.

  5.  All documents relating to or evidencing the source of the funds used by the Debtor to pay $30,000 to the Trustee.

  6.  All documents evidencing the Debtor's receipt of any cash, checks, money orders and any other negotiable instruments from January 1, 2010 to July 31, 2010.

Dated:

                _____

425108