# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No.: 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.

## TRUSTEE'S REPLY

## INTRODUCTION

The Trustee, Randall L. Seaver, is faced once again with a party in this case asserting a Fifth Amendment privilege as to documents. The Court has ruled on this issue many times before. The Trustee believes that the Debtor should respond, in full, to the Trustee's request for turnover.

## ARGUMENT

The lead case relied upon by the Debtor in opposing the Trustee's turnover request is the case of *In re French*, 127 B.R. 434 (Bankr. D. Minn. 1991). In that case, Judge Dreher held that debtor could invoke Fifth Amendment privilege to refuse to answer questions put to him at meeting of creditors. The issue in *French* was actual testimony, not the production of documents. Accordingly, *French* has no bearing on this matter. The issue here is the production of documents, not testimony of the Debtor (who has already been asserting the Fifth Amendment as to testimony).

The case of *In re Connelly*, 59 B.R. 421 (Bankr. N.D. Ill. 1987) contains an interesting discussion of the 5th Amendment with respect to the production of documents. The *Connelly* court noted:

> Bankruptcy Code §521(4) commands a debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and

papers, relating to property of the estate, whether or not immunity is granted under section 344" of title 11. 11 U.S.C. §521(4). If §521(4) is construed literally a debtor has no Fifth Amendment right to withhold documents pertaining to property of the estate. Indeed, the 1984 amendment to §521(4) requires surrender whether or not a debtor is granted immunity

Under the implied admissions rationale of *Fisher v. United States*, 425 U.S. 391 (1976), "the privilege does not protect any voluntarily prepared documents as such; it only prohibits compelling a person to utter self-incriminating testimony. The only reason a person may refuse to submit subpoenaed documents, therefore, is the act of submitting the documents carries with it implied, self-incriminating admissions."

*Id.*, at 435-36.

The mere assertion that the act of producing a document would violate the witness's Fifth Amendment privilege is insufficient; the person asserting the privilege "must demonstrate that the potential for self-incrimination is real and substantial." *In re Acquisition Corp.*, 208 B.R. 323, 330 (Bankr. S.D. N.Y. 1997), afirmed 151 F.3d 75 (2nd Cir. 1998), citing *Zicarelli v. New Jersey State Comm'n of Investigation*, 406 U.S. 472 (1972).

Debtor has made no reasoned argument or showing that the documentation sought by the Trustee is testimonial in nature. In fact, in every instance listed in the motion (i.e., paying membership dues at clubs, restaurant dining and gift cards), these are all things which are known events or facts. The Debtor is paying dues at clubs. He is eating at high-end restaurants and he did possess preloaded gift cards. He also did commandeer $30,000 which was property of the estate (he turned over $30,000 to the Trustee once caught). This motion seeks to obtain the records as to how each of these events occurred or property (i.e., Kia Soul) came into existence.

In the main bankruptcy case, James Gustafson was directed to produce documents despite his claim that the act of production was testimonial in nature. These facts are no different and the result should be the same.

## **CONCLUSION**

The Court should overrule the objection of the Debtor and grant the Trustee's request for turnover of records.

                                  **LEONARD, O'BRIEN**
                                  **SPENCER, GALE & SAYRE, LTD.**

                                    /e/ Matthew R. Burton

Dated: August 24, 2010          By:_____
                                       Matthew R. Burton, #210018
                                  100 South Fifth Street, Suite 2500
                                  Minneapolis, Minnesota 55402
                                  Telephone: (612) 332-1030
                                  Facsimile: (612) 332-2740

                                  ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

426710

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

BKY No. 09-50779

In re:

Chapter 7

Dennis E. Hecker,

      Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2010, I caused the following documents:

    *Trustee's Reply*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Dated: August 24, 2010

                                                              /e/ Stephanie Wood
                                         Stephanie Wood
                                         100 South Fifth Street, Suite 2500
                                         Minneapolis, MN 55402
                                         (612) 332-1030

426751