**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                          Bky. No.:  09-50779

Dennis E. Hecker,                                                                          Chapter 7

                    Debtor.

_____

**NOTICE OF HEARING**
**AND EXPEDITED MOTION TO APPROVE**
**SETTLEMENT AGREEMENT**

_____

TO:     THE ENTITIES SPECIFIED IN LOCAL RULE 9013.

        1.      Randall L. Seaver, the Chapter 7 Trustee (the "Trustee") in the above-captioned

Bankruptcy Case, moves the Court for the relief requested below and gives notice of hearing

herewith.

        2.      The Court will hold a hearing on this Motion at 10:00 a.m. on September 8, 2010,

in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis,

Minnesota  55415, or as soon thereafter as counsel can be heard.  Under applicable rules, any

objection must be in writing and must be delivered to the Trustee and the United States Trustee.

Because of the expedited nature of this hearing, the Trustee will not object, as to timeliness, to

any response that is delivered to the Trustee prior to the hearing.  UNLESS A RESPONSE IS

TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A

HEARING.

        3.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334,

Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  The petition commencing this Chapter 7 case

was filed on June 4, 2009.  The case is now pending in this Court.

5.    This Motion arises under 11 U.S.C. §§ 547, 548, 550 and 551, Fed. R. Bankr. P. 7005, 7007 and 9019(a), and Local Rule 9019-1, and is filed pursuant to Local Rules 9006-1(e), 9013-1, 9013-2 and 9013-5.  The Trustee seeks approval of a Settlement Agreement between the Trustee and Cornerstone Bank (the "Bank"), Cornerstone Holding Company, Inc. ("Holding") and Blackstone Financial LLC ("Blackstone") (the Bank, Holding and Blackstone are collectively referred to as "Cornerstone").  The Settlement Agreement is attached hereto as Exhibit A.

6.    If approved, the Settlement will resolve all claims among and between Cornerstone and the Trustee in this bankruptcy case and all claims between such parties in the following proceedings:

a.    *Randall L. Seaver v. Cornerstone Bank, et al.*, Adv. No. 10-5022 (RJK) (the "Cornerstone Adversary");

b.    *Randall L. Seaver Seaver v. Jacob Holdings of Ventanas, LLC, at al.*, Bky. No. 09-5042 (the "Ventanas Adversary"); and

c.    *Cornerstone Bank, et al. v. Randall L. Seaver*, Case No. 09-cv-03645 (the "Appeal").

## **BACKGROUND**

7.    The Bank is a North Dakota corporation.  Prior to the commencement of this bankruptcy case, the Bank made loans to various entities owned and controlled by the Debtor, Dennis E. Hecker (the "Debtor" or "Hecker").  Hecker personally guaranteed repayment of certain of the loans.

8.    In Fall 2009, many of the loans were overdue, and Cornerstone sought to restructure the indebtedness and to add collateral to secure repayment of the loans.  To that end,

in December 2009, Hecker and several entities he owned and controlled entered into new transactions involving, in some instances, the assumption of debt by a new Hecker entity and in all instances, the grant of additional collateral to Cornerstone.  Among other things, Hecker granted to Cornerstone a blanket lien in all of his personal assets, including his interest in general intangibles and rights to payment.

## I.  THE CORNERSTONE ADVERSARY PROCEEDING

9.  Following a prior Rule 2004 examination of Cornerstone, the Trustee, on June 21, 2010, commenced the Cornerstone Adversary.  In the Cornerstone Adversary, the Trustee seeks to avoid the Transfers as preferential or fraudulent under applicable provisions of the Bankruptcy Code and state law, and to recover the property transferred, including any liens or security interests, to be preserved for the benefit of the bankruptcy estate of Dennis E. Hecker.  The Trustee also asserted claims for the equitable subordination and disallowance of Cornerstone's claims in the bankruptcy case.

10.  In response to the Adversary Complaint filed in the Cornerstone Adversary, Cornerstone filed a Motion to Dismiss.  On August 20, 2010, the bankruptcy court entered an Order denying the motion to dismiss.

11.  Subsequent to entry of the Order, the parties engaged in negotiations and have reached a settlement.  Based upon his investigation, the Trustee has concluded that in view of the proposed settlement with Cornerstone, continued pursuit of the claims asserted against Cornerstone in the Cornerstone Adversary would be expensive, time consuming, and would result in depletion of assets of the bankruptcy estate without guarantee of a more favorable outcome.

## II.  THE VENTANAS ADVERSARY PROCEEDING

12.     The Trustee commenced the Ventanas Adversary on September 16, 2009.  The Ventanas Adversary involves competing claims to certain property held in the name of Jacob Holdings of Ventanas, LLC ("JHV") and described as Unit 3103, Sur del Area Privativa Fase III del Paraiso, KM 19.5 Transp, San Jose del Cabo, Baja California Sur, 23400 (the "Property"), a condominium on the Sea of Cortez at the Las Ventanas Al Paraiso Resort.

13.     On April 21, 2010, the court approved a settlement in the main bankruptcy case pursuant to which the parties agreed that the Property at issue in the Ventanas Adversary would be sold, with a specified amount of the net proceeds from the sale being paid to Wells Fargo Bank in satisfaction of its secured claim, and the balance of the net proceeds, if any, to be held in trust pending the resolution of the remaining parties' claims to such proceeds.

14.     The Property has been for sale and is being actively marketed, but to date, no buyer has emerged for the Property.

15.     In the Ventanas Adversary, Cornerstone claims a lien and security interest in any proceeds in excess of Wells Fargo's secured claim derived from the sale of the Property, by virtue of the debtor's prepetition transfer to Cornerstone of Debtor's general intangibles, including rights to payment on account of the Debtor's equity interests in certain entities, including Jacobs Holding of Venanas, LLC.  As noted above, this is one of the Transfers the Trustee seeks to avoid in the Cornerstone Adversary.

## II.     THE APPEAL

16.     Cornerstone and the Trustee are also parties to the pending Appeal.   In the Appeal, Cornerstone seeks reversal of this Court's ruling that Cornerstone's interest in the Debtor's general intangibles, including the Debtor's rights to payment, do not constitute a lien on

certain proceeds from a settlement reached by the Trustee in relation to the sale of the Debtor's Brainerd Toyota dealership.

17.     On August 30, 2010, the District Court entered an Order affirming this Court's earlier ruling that Cornerstone has no interest in the settlement proceeds.  Cornerstone, through its counsel, has indicated that it may further appeal the District Court's Order if the Settlement Agreement is not approved.

## THE PROPOSED SETTLEMENT

18.     Pursuant to the terms of the Settlement Agreement, Cornerstone will retain payments it has received to date on account of the sale of six (6) Mikden entities formerly owned by the Debtor, as well as prepetition payments made to the Bank in relation to a loan from the Bank to Hogrider, LLC, an entity owned by Hecker.  The Trustee has further agreed to cause the Estate of Dennis E. Hecker to pay to Cornerstone the sum of $56,124.44 within 15 days from entry of any Order approving the Settlement Agreement.

19.     In exchange, Cornerstone has agreed that all prepetition liens, mortgages, security interests or other interests in property transferred to Cornerstone by the Debtor, or any entity owned or controlled by the Debtor (with the exception of Jacob Holdings of Stillwater LLC), shall be avoided and recovered by the Trustee pursuant to 11 U.S.C. §§ 547, 548 and 550 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.  This includes the security interest in general intangibles and attendant rights to payment through which Cornerstone has asserted claims to virtually all of the funds coming into the bankruptcy estate.  The Trustee believes that the estate's recovery of the security interest certainly has a value substantially in excess of $1,000,000, and the value could exceed $2,000,000 or more.

20.     Cornerstone has further agreed to assign to the Trustee all of Cornerstone's right, title and interest in five (5) judgments against various entities totaling in excess of $6.9 million and in a pending action commenced by Cornerstone against United States Rent-A-Car, along with all of the files, loan documents and other instruments evidencing the obligations Cornerstone has sued upon.

21.     Cornerstone has further agreed to forego an further appeal or other relief in relation to the Appeal and the Ruling in the Appeal, and the parties have agreed to dismiss all claims among and between them in the Ventanas Adversary and the Cornerstone Adversary.

22.     Finally, Cornerstone has agreed to release any and all claims against the Trustee and the Estate of Dennis E. Hecker, and the Trustee, on behalf of the Estate of Dennis E. Hecker, has agreed to release all claims against Cornerstone.

23.     The Trustee believes that the proposed Settlement Agreement is in the best interests of creditors and the bankruptcy estate.

## REQUEST FOR EXPEDITED APPROVAL

24.     The Trustee requests expedited approval of the Settlement Agreement. Among other things, a trial is currently set in the Ventanas Adversary for September 21, 2010, and pretrial submissions are due on or before September 14, 2010.

25.     Through a separate Stipulation, the Trustee and Chrysler Financial Services Americanas, LLC, the other remaining defendant in the Ventanas Adversary, have agreed to dismissal of the Ventanas Adversary, and that any proceeds derived from the sale of the Property at issue in the Ventanas Adversary will be paid to the Trustee for the benefit of the bankruptcy estate of Dennis E. Hecker. The agreement with Chrysler is contingent upon approval of the Settlement Agreement. As Wells Fargo has settled, and the remaining defendants have been

found to be in default, approval of the Settlement Agreement with Cornerstone would result in the dismissal of the Ventanas Adversary and the termination of all attendant litigation.

26. Given the recent disposition of the Appeal, moreover, Cornerstone will be forced to make an election soon in relation to any further appeal it may wish to pursue. Under applicable rules, Cornerstone has only 14 days from the date of issuance of the Order to file its appeal. Expedited approval of the Settlement Agreement will therefore bring final closure to the Appeal and will obviate the need for any further expenditure by any party in relation to the Appeal.

27. Cornerstone's Answer in the Cornerstone Adversary will soon be due, and in the absence of a ruling on the Motion on an expedited basis, the Trustee and Cornerstone would be forced to initiate discovery in order to move that litigation forward.

28. Expedited approval of the settlement will conserve resources of the bankruptcy estate by eliminating the need for the expenditure of extensive resources of the estate that would be required to continue pursuit of the Trustee's avoidance claims against Cornerstone, as well as the need to prepare for and try the claims at issue in the Ventanas Adversary.

29. Pursuant to Local Rule 9013-2, the Trustee gives notice that he may, if necessary, testify at the hearing regarding the proposed settlement.

WHEREFORE, the Trustee requests an Order of the Court:

1.      Granting the Trustee's motion for expedited hearing.

2.      Granting the Trustee's motion for approval of the Settlement Agreement.

Dated:  September 1, 2010                    LEONARD, O'BRIEN, SPENCER, GALE &
                                            SAYRE, LTD.

                                            By:____/e/ *James M. Jorissen*_____
                                                 Matthew R. Burton
                                                 James M. Jorissen
                                            100 South Fifth Street
                                            Suite 2500
                                            Minneapolis, Minnesota  55402
                                            (612) 332-1030

                                            ATTORNEYS FOR RANDALL L. SEAVER
                                            TRUSTEE

## <u>VERIFICATION</u>

       I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Expedited Motion to Approve Settlement Agreement, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on September 1, 2010

                                     _____*/e/  Randall L. Seaver*_____
                                     Randall L. Seaver

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                          Bky. No.:  09-50779

Dennis E. Hecker,                                                          Chapter 7

       Debtor.

_____

## SETTLEMENT AGREEMENT

_____

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into among and between the following parties:

- RANDALL L. SEAVER, in his capacity as trustee for the Chapter 7 Estate of Dennis E. Hecker (the "Trustee");

- CORNERSTONE BANK, a North Dakota state bank with a business address of 2280 45th Street South, Fargo, North Dakota  58104 (the "Bank");

- CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation ("Holding"); and

- BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company ("Blackstone").

The Bank, Holding and Blackstone are hereafter collectively referred to as "Cornerstone."

## RECITALS

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case; and

WHEREAS, there is presently pending in the United States Bankruptcy Court for the District of Minnesota an adversary proceeding under the caption *Randall L. Seaver v. Cornerstone Bank, et al.*, Adv. No. 10-5022 (RJK) (the "Cornerstone Adversary"); and

WHEREAS, in the Cornerstone Adversary, the Trustee has asserted claims to avoid and recover certain prepetition transfers from the Debtor and entities owned or controlled by the

Debtor to Cornerstone (the "Transfers") and for the equitable subordination or disallowance of Cornerstone's claims herein pursuant to applicable provisions of the Bankruptcy Code and state law; and

WHEREAS, Cornerstone denies receipt of any avoidable transfers or that it otherwise engaged in wrongdoing in connection with any prepetition transfers from the Debtor or entities owned or controlled by the Debtor and further alleges the Trustee lacks standing to assert any claim with respect to a number of the Transfers; and

WHEREAS, one of the prepetition transfers from the Debtor to Cornerstone at issue in the Cornerstone Adversary involved the granting of a security interest in all of the Debtor's general intangibles, including rights to payment; and

WHEREAS, by virtue of the security interest in Debtor's general intangibles, Cornerstone has claimed a lien and security interest in and to the proceeds derived from a settlement related to the Trustee's sale of the Debtor's Brainerd Toyota dealership, which claim is currently the subject of an appeal initiated by Cornerstone and presently pending in the United States District Court for the District of Minnesota under the caption *Cornerstone Bank, et al. v. Randall L. Seaver*, Case No. 09-cv-03645 (the "Appeal"); and

WHEREAS, on or about August 30, 2010, the District Court issued its Memorandum Opinion and Order Affirming the Bankruptcy Court Order in the Appeal, and finding that Cornerstone has no entitlement to the proceeds derived from the subject settlement (the "Ruling");

WHEREAS, by virtue of the security interest in Debtor's general intangibles, Cornerstone has claimed a lien and security interest in and to any proceeds that may be derived from the sale of the condominium unit at issue in an adversary proceeding presently pending in

the United States Bankruptcy Court for the District of Minnesota under the caption *Seaver v. Jacob Holdings of Ventanas, LLC, at al.*, Bky. No. 09-5042 (the "Ventanas Adversary"); and

WHEREAS, the Trustee believes that continued litigation with Cornerstone in pursuit of the avoidance and recovery of the Transfers in the Cornerstone Adversary, the Appeal, and the Ventanas Adversary would be time-consuming and expensive and result in the depletion of assets of the estate with no guarantee of success; and

WHEREAS, the Trustee and Cornerstone have reached a settlement of their disputes related to the Transfers in the Cornerstone Adversary, the Appeal, and the Ventanas Adversary upon the terms set forth below; and

WHEREAS, the Trustee believes that the settlement set forth below is in the best interests of creditors and the bankruptcy estate.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and undertakings of the parties as set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereto hereby acknowledge.

IT IS HEREBY AGREED:

1. <u>Avoidance of Transfers</u>. Except as set forth in Paragraph 2 below, the security interest granted to Cornerstone in Debtor's personal property, including all inventory, chattel paper, accounts, equipment and general intangibles as more fully described in that certain Commercial Security Agreement dated as of December 15, 2008, shall be avoided and recovered by the Trustee pursuant to 11 U.S.C. §§ 547, 548 and 550 and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

2. <u>Retention of Certain Payments</u>. Notwithstanding the provisions of Paragraph 1, the Bank shall be entitled to retain all funds it has received to date in relation to (a) the sale of six

(6) Mikden entities, including Clearwater Retail Center, LLC, Michael Holdings of Baxter, LLC, Mikden of Oakdale, LLC, Mikden, LLC, Mikden of Minnetonka, LLC, and Mikden of Stillwater, LLC; and (2) the settlement between Bank, Hogrider Investments, LLC, and Debtor of a loan from the Bank to Hogrider Investments, LLC.

3.     <u>Relinquishment of Appeal Rights</u>.   Upon entry of an order from this Court approving this Settlement, Cornerstone agrees that it will not further appeal or take any other action to set aside or otherwise seek relief from the Ruling in the Appeal.  Cornerstone hereby releases and relinquishes to the Trustee any claim Cornerstone might otherwise have to any proceeds derived from the Trustee's settlement that is the subject of the Appeal.

4.     <u>Dismissal of Claims in Adversary Proceedings</u>.   The Trustee shall cause to be dismissed all claims against Cornerstone, and Cornerstone shall cause to be dismissed all claims against the Trustee and/or the Estate of Dennis E. Hecker, which any of the parties to this Agreement asserted or could have asserted in the Cornerstone Adversary or the Ventanas Adversary.

5.     <u>Assignment of Collection Rights and Judgments</u>.   Cornerstone shall assign to the Trustee all of Cornerstone's right, title and interest in and to the following judgments and causes of action and in and to the underlying loan documents and security interests, if any:

- *Cornerstone Bank, et al. v. DEH Funding LLC*, 09-2010-CV-00241 ($3,172,304.75 judgment entered in Cass County, North Dakota District Court on January 28, 2010).

- *Cornerstone Bank, et al. v. Snapdragon's Ventures, LLC*, 27-CV-10-10142 ($481,126.26 judgment entered in Hennepin County, Minnesota on July 1, 2010).

- *Cornerstone Bank, et al. v. Denny Hecker & Holmers Commercial Real Estate Company*, 27-CV-10-1629 ($200,316.71 judgment entered in Hennepin County, Minnesota on August 8, 2010).

- *Cornerstone Bank, et al. v. Denny Hecker Real Estate Company, LLC, et al*., 27-CV-10-1775 ($463,478.50 judgment entered in Hennepin County, Minnesota on August 2, 2010).

- *Cornerstone Bank, et al. v. Denny Hecker Real Estate Company, LLC, et al.*, 27-CV-10-1776 ($2,365,911.65 judgment entered in Hennepin County, Minnesota on August 2, 2010).

- *Cornerstone Bank, et al. v. United States Rent-A-Car,* 27-CV-10-1338 (litigation pending).

Cornerstone agrees to execute and deliver to the Trustee loan documents, security agreements, correspondence between the parties, and pleadings filed with the court, as such documents may be necessary to effect the assignments contemplated in this Paragraph 5. Cornerstone further agrees to cooperate with the Trustee and his counsel to ensure the orderly transition and substitution of parties and counsel in any pending proceedings.

6.    <u>Payment to Cornerstone</u>.  Within 15 days of entry of an Order approving this Agreement, the Trustee shall cause the Estate of Dennis E. Hecker to pay to the Bank the sum of $56,124.44.

7.    <u>Release and Waiver of Claims</u>.  Cornerstone hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against the Trustee and the Bankruptcy Estate of Dennis E. Hecker.  The Trustee, for and on behalf of the Estate of Dennis E. Hecker, hereby releases and waives all known and unknown present and future claims, counterclaims, actions, losses, damages, costs, and expenses (including attorneys' fees) against Cornerstone, its predecessors, successors, and assigns along with the current and former officers, directors, board members, shareholders, members, employees, agents, representatives, parent corporations, subsidiaries and affiliates, save and except the pending claims against Richard Olson and Royal Jewelers.

8.    <u>No Admission of Fault</u>.  Cornerstone's entry into this Agreement shall not be interpreted as an admission of any fault or wrongdoing.  This Agreement is entered into in compromise of disputed claims, the validity of which Cornerstone disputes.

9. <u>Bankruptcy Court Approval</u>.  This Agreement shall be construed and interpreted under the laws of the State of Minnesota and all obligations herein are subject to and conditioned upon final approval of the United States Bankruptcy Court.  This Agreement is also conditioned upon Bankruptcy Court approval of that certain Settlement Agreement between Cornerstone and Patti L. Sullivan, trustee for the Estate of Jacob Holdings of Stillwater, LLC, in *In re Jacob Holdings of Stillwater, LLC,* Bky. No. 10-44574 (Bankr. D. Minn.).  If approval is not obtained by October 1, 2010, this Agreement shall become null and void.  In the interim, the parties to this Agreement agree to stay and indefinitely extend all appeal deadlines and pending discovery deadlines in the Cornerstone Adversary, Appeal, and Ventanas Adversary.  The parties further stipulate to indefinitely extend the time to answer the Trustee's Complaint in the Cornerstone Adversary.

10. <u>Further Assurances</u>.  Should any additional instruments be necessary or desirable to accomplish the purpose of this Agreement, such additional instruments will be promptly executed and delivered upon the request of the other party.  The Trustee shall, immediately upon execution of this Agreement, take such actions as are necessary to obtain an order, in form and substance acceptable to the parties, approving this Agreement.

11. <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which, upon execution, shall constitute but one and the same Agreement.

12. <u>Complete Agreement</u>.  It is specifically understood and agreed that the consideration recited herein is in full, final, and complete compromise, settlement, accord and satisfaction of disputed claims, and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

Dated: 9-1-10

_Randall L. Seaver, Trustee_

Dated: 9-1-10

CORNERSTONE BANK, a North Dakota corporation.

By: _____

Its: Chairmen / CEO

Dated: 9-1-10

CORNERSTONE HOLDING COMPANY, INC., a North Dakota corporation.

By: _____

Its: Chairmen

Dated: 9-1-10

BLACKSTONE FINANCIAL, LLC, a North Dakota limited liability company

By: _____

Its: Agent

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                              BKY No.:  09-50779

Dennis E. Hecker,                                                        Chapter 7

Debtor.

_____

## MEMORANDUM IN SUPPORT OF EXPEDITED
## MOTION TO APPROVE SETTLEMENT

_____

### INTRODUCTION

Randall L. Seaver, Chapter 7 Trustee for the Estate of Dennis Hecker (the "Trustee") seeks the approval of a Settlement Agreement (the "Agreement") with Cornerstone Bank, Cornerstone Holding Company, Inc. and Blackstone Financial, LLC (collectively "Cornerstone")) in the above-captioned proceeding.  As discussed more fully below, the Trustee believes that the compromise embodied in the proposed settlement is in the best interests of the estate.  Approval of the settlement with Cornerstone will avoid litigation expense and uncertainty and, preserve assets of the bankruptcy estate and result in a significant recovery.

### STATEMENT OF FACTS

The Trustee incorporates by reference the factual averments set forth in the accompanying verified Expedited Motion to Approve Settlement Agreement ("Motion").

### ARGUMENT

Federal Rule of Bankruptcy Procedure 9019(a) provides that "the Court may approve a compromise or settlement."  There are no perfect settlements, merely a range of reasonable settlements.  *PW Enterprises, Inc. v. Kaler* (*In re Racing Services, Inc.*) 332 B.R. 581, 586 (8th Cir. BAP 2005).  If the proposed settlement falls within the range of reasonable settlements, it

may be approved by the Court. *Id.* The Court may approve the settlement, even over objections, if it is found to be in the best interest of the estate as a whole. *La'Teacha Tigue v. Sosne* (*In re La'Teacha Tigue*), 363 B.R. 67, 72 (8th Cir. BAP 2007) (*citing Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984)).

> In determining whether the settlement is in the best interest of the estate:

> [T]he Court must consider: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; 4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* Application of these factors demonstrates that the settlement should be approved.

## I.      Probability of Success in the Litigation

The proposed Settlement Agreement will resolve two adversary proceedings and a separate appeal, all of which involve Cornerstone's claim – based on a security interest in the Debtor's general intangibles – of entitlement to all funds collected or which will be collected on account of settlements or the disposition of property of the estate. Cornerstone has clearly manifested its intent to vigorously contest the Trustee's avoidance action through the filing of a motion to dismiss and related actions. While the Trustee believes that he will ultimately prevail in the avoidance action against Cornerstone, that outcome cannot be guaranteed, and fees and expenses of litigation will no doubt be high.

## II.     Difficulties of Collection

To the best of the Trustee's knowledge, the Bank is a solvent financial institution. It therefore appears that collection would likely not be an issue if the Trustee were to prevail on his avoidance and recovery claims. What is clear, however, is that getting to the collection stage will involve substantial expenditure of time and resources through trial and perhaps multiple

levels of appeal. Anticipated difficulties attendant to obtaining, defending and someday executing upon a judgment are thus not insignificant.

## III.     Complexity of the litigation

Litigation involving the disputes framed in the Trustee's avoidance action against Cornerstone will unquestionably be complex. The Trustee's adversary complaint in the avoidance action contains 173 numbered paragraphs and eight separate counts. Certain of the Trustee's theories related to the avoidance of liens granted to Cornerstone, moreover, are predicated upon a finding that Cornerstone is an insider of the Debtor. Such claims are, by their very nature, fact intensive, and their resolution will involve a substantial amount of discovery. The complexity of the pending litigation between the parties quite clearly weighs in favor of approval of the Settlement Agreement.

## IV.     Interests of the creditors

It is equally clear that the interests of creditors are best served by the settlement. Through the settlement, the Trustee expects to obtain a substantial return for the estate while eliminating the expense and risk inherent in continued litigation with Cornerstone. Notably, the Trustee anticipates that the benefit to the estate derived from the avoidance and recovery of Cornerstone's lien on general intangibles will be in excess of $1 million and could well be in excess of $2 million.

The court in *In re Hanson Industries, Inc*. recognized the prudence of settlement as an alternative to complex and expensive litigation. 88 B.R. 942 (D.Minn. 1988). In *Hanson*, the court held that, without the settlement, the creditors would "take a gamble on a piece of litigation which would likely drag on in the future and which could drain the estate of any assets it might

otherwise have for distribution.  Settling for less than one might like is often the best answer to resolve what has become a 'can of worms.'"  *Id*. at 950.

The Settlement Agreement in this case will resolve three pending proceedings involving Cornerstone.  It will eliminate any future claims by Cornerstone against the estate.  It will provide more than $1 million in positive recoveries and possibly much more.  In sum, approval of the Settlement Agreement is in the best interests of the estate and its creditors, and this Court can and should approve the Settlement Agreement.

## CONCLUSION

The Trustee believes the settlement is in the best interest of the estate.  While the Trustee believes there is a good probability of success on claims against Cornerstone, that outcome is by no means a certainty.  Proving up those claims, moreover, would be complex and extremely expensive, reducing the overall return to the estate.  Inherent in pursuing the Cornerstone claims to their conclusion is the risk that the claims fail and the estate will have expended significant sums with no gain.  The settlement will bring in funds to the estate and eliminates risk *vis a vis* Cornerstone.  The Trustee is charged with maximizing the return for the estate.  This settlement preserves assets of the estate while simultaneously generating significant revenue for the estate. The Trustee, therefore, respectfully requests that the Settlement Agreement with Cornerstone be approved.

Dated:  September 1, 2010

LEONARD,  O'BRIEN,  SPENCER,  GALE & SAYRE, LTD.

By:_____/e/ *James M. Jorissen*_____
    Matthew R. Burton
    James M. Jorissen
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
(612) 332-1030

ATTORNEYS FOR RANDALL L. SEAVER TRUSTEE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                    Chapter 7

                    Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2010, I caused the following documents:

> ***Notice of Hearing and Expedited Motion to Approve Settlement Agreement; Memorandum in Support of Expedited Motion to Approve Settlement; and Proposed Order***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

### SEE ATTACHED SERVICE LIST

                                                    /e/  Valerie Rittenbach

Dated:  September 1, 2010                 _____

                                                    Valerie Rittenbach
                                                    100 South Fifth Street, Suite 2500
                                                    Minneapolis, MN  55402
                                                    (612) 332-1030

427226

UNITED STATES RENT A CAR
4744 PARADISE ROAD
LAS VEGAS,, NV  89121

ACE INSURANCE COMPANY
P.O. BOX 294836
CLEVELAND OH 44101

ALDRIDGE, DAN
1600 KENWOOD PKWY.
MINNEAPOLIS MN 55405

ALLEN EIDE
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS MN 55120

AMERICAN EXPRESS
P. O. BOX 0001
LOS ANGELES CA 90096

AMERICAN NAT'L BANK OF MN
7638 WOIDA RD
BAXTER MN 56425

ANCHOR BANK
1570 CONCORDIA AVE
SAINT PAUL MN 55104

ANCHOR BANK
P.O. BOX 7933
MADISON WI 53707

AV CARD/OASIS
164 LAKE FRONT DR
COCKEYSVILLE MD 21030

AXIS CAPITAL, INC.
308 N LOCUST ST
PO BOX 2555
GRAND ISLAND NE 68802

AXLE CAPITAL, LLC / SAGECREST
3 PICKWICK PLAZA
GREENWICH CT 06830

AMERICAN BANK
1578 UNIVERSITY AVENUE W
SAINT PAUL, MN 55104

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BARBARA LYNN CUTTER
7001 W. CHARLESTON BLVD.,
#1088
LAS VEGAS, NV 89117

BAYPORT MARINA ASSOCIATION
200 5TH STREET
BAYPORT MN 55003

BELISLE, WAYNE
1843 EAGLE RIDGE DR
SAINT PAUL MN 55118

BELLAGIO
3600 LAS VEGAS BLVD
LAS VEGAS NV 89109

BREICH, WALTER
13670 -- 122ND STREET
NORWOOD YOUNG AMERICA MN
55368

BREMER BANK
633 SOUTH CONCORD STREET,
SUITE 350
SOUTH ST. PAUL MN 55075

BRIGGS & MORGAN PA
2200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS MN 55402

C AND C BOAT WORKS
36448 CTY RD 66
CROSSLAKE MN 56442

CA BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279-7072

CA DEPT OF MOTOR VEHICLES
PO BOX 942869
SACRAMENTO CA 94269-0001

CARLTON FINANCIAL
CORPORATION
1907 E. WAYZATA BLVD. SUITE 180
WAYZATA MN 55391

CENTER POINT ENERGY
P.O. BOX 1144
MINNEAPOLIS MN 55440

CESSNA AIRCRAFT COMPANY
P.O. BOX 12270
WICHITA KS 67277

CHRYSLER FINANCIAL
CIMS 740-01-19
6400 S FIDDLERS GREEN CIR.,
STE. 700
ENGLEWOOD CO 80111-4979

CITY OF ASPEN
130 S. GALENA ST.
ASPEN CO 81611

CITY OF BAYPORT
294 N. 3RD STREET
BAYPORT MN 55003

| | | |
|---|---|---|
| CITY OF MEDINA<br>2052 CO RD 24<br>HAMEL MN 55340 | COMMUNITY NATIONAL BANK<br>845 EAST COUNTY ROAD E<br>VADNAIS HEIGHTS MN 55127 | D&H DOCKS<br>23624 SMILEY ROAD<br>NISSWA, MN 56468 |
| COOPERATIVE POWER<br>P.O. BOX 69<br>TWO HARBORS MN 55616 | CORNERSTONE BANK<br>2280 45TH STREET SOUTH<br>FARGO, ND 58104 | CROSSLAKE PROPERTY<br>SOLUTIONS<br>P.O. BOX 810<br>CROSSLAKE MN 56442 |
| CROW WING COUNTY<br>TREASURER<br>JUDICIAL CENTER<br>213 LAUREL ST<br>BRAINERD MN 56401 | DEERWOOD BANK<br>611 WASHINGTON STREET NE<br>BRAINERD MN 56401-3377 | DON GILBERT<br>1700 PHEASANT RUN<br>HUDSON WI 54016 |
| DONALD M HALSTEAD III<br>15626 SUNSET WAY<br>BRAINERD MN 56401 | ELIZABETH A JOHNSON<br>PO BOX 624<br>PINE RIVER MN 56474 | ENCORE BANK<br>3003 TAMIAMI TRAIL NORTH, #100<br>NAPLES FL 34103 |
| EXXONMOBILE OIL<br>CORPORATION<br>ATTN JENNIFER FRASER<br>120 MCDONALD STREET SUITE B<br>SAINT JOHN NB CANADA E2J 1M5 | FAMILY HOLDINGS OF MN LLC<br>11614 ECHO BAY DRIVE<br>CROSSLAKE MN 56442 | FIFTH THIRD BANK<br>C/O RICHARD J. SWIFT, JR.<br>GARLICK STETLER & SKRIVIAN<br>9115 CORSEA DE FONTANA WAY,<br>#100<br>NAPLES FL 34109 |
| GE CAPITAL<br>1415 WEST 22ND STREET, SUITE<br>600<br>OAKBROOK IL 60523 | GE CAPITAL, FLEET SERVICES<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE MN 55344 | GELCO CORPORATION<br>THREE CAPITAL DRIVE<br>ATTN: GENERAL COUNSEL<br>EDEN PRAIRIE MN 55344 |
| GEMB LENDING INC<br>2995 RED HILL AVE STE 250<br>COSTA MESA CA 92626 | GEMB LENDING, INC.<br>P.O. BOX 57091<br>IRVINE CA 92619 | GMAC MORTGAGE<br>1100 VIRGINIA DRIVE<br>FORT WASHINGTON, PA 19034 |
| GMAC MORTGAGE<br>P.O. BOX 4622<br>WATERLOO IA 50704 | GMAC, LLC<br>15303 94TH AVENUE<br>ORLAND PARK IL 60462 | GWYN M DOENZ<br>10600 COUNTRY DRIVE<br>PINE CITY MN 55063 |
| HECKER, SANDRA<br>13755 - 84TH PL N<br>MAPLE GROVE MN 55369 | HENNEPIN COUNTY TREASURER<br>300 S SIXTH ST<br>A600 GOVERNMENT CNT<br>MINNEAPOLIS MN 55487 | HOLY CROSS ENERGY<br>3799 HWY 82<br>GLENWOOD SPRINGS CO 81602 |
| HOME FEDERAL SAVINGS BANK<br>1016 CIVIC CENTER DR NW<br>STE 300<br>ROCHESTER MN 55903 | HSBC BANK NEVADA NA<br>BASS & ASSOCIATES, PC<br>3936 E FT LOWELL RD, STE 200<br>TUCSON AZ 85712 | HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>MOUNTAIN VALLEY CA 92708 |

INTER BANK
P.O. BOX 986
NEWARK NJ 07184

INTERBANK EDINA
3400 WEST 66TH STREET, SUITE
100
EDINA MN 55435

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
389 US COURTHOUSE 316 N
ROBERT
ST. PAUL MN 55101

IRS
DEPARTMENT OF TREASURY
OGDEN UT 84201

JACOB HOLDINGS OF MEDINA,
LLC
500 FORD RD
MINNEAPOLIS MN 55426

JACOB PROPERTIES OF ASPEN,
LLC
500 FORD RD
MINNEAPOLIS MN 55426

JASON S. COLBAUGH
PO BOX 1220
BRAINERD MN 56401

JAVAN CARL
13942 GRAND OAKS DR
BAXTER MN 56425

JAVER ESQUIVEL
2807 W AVE 30
LOS ANGELES CA 90065

JC BROMAC
11860 S. LA CIENEGA BLVD.
LOS ANGELES CA 90250

JOHN J. SORCI TRUST
2300 EAST VALLEY COURT
SAN JOSE CA 95148

JP MORGAN CHASE BANK, N.A.
726 MADISON AVENUE
NEW YORK NY 10021

KAPLAN STRANGIS & KAPLAN PA
5500 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

KELLY K. HECKER
13905 - 53RD AVE N. APT. 1
PLYMOUTH MN 55446

KLEINBANK
14141 GLENDALE ROAD
SAVAGE MN 55378

KSTP-FM LLC
3415 UNIVERSITY AVE
SAINT PAUL MN 55114

LAKE BANK, N.A., THE
613 FIRST AVENUE
TWO HARBORS MN 55616

LLOYD SECURITY
1097 10TH SE
MINNEAPOLIS MN 55414

LUBIC, MICHAEL, ESQ.
601 S FIGUEROA ST
STE 2500
LOS ANGELES CA 90017-5704

M&I BANK
770 N. WATER STREET
MILWAUKEE WI 53202

MAC OF PINE CITY, LLC
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

MARC D. KOHL
39101 DARLING LANE
HINCKLEY MN 55037

MARC E TRESSLER
3400 BARBARA LN
BURNSVILLE MN 55337

MARSH CONSUMER
333 SOUTH SEVENTH, STE 1600
MINNEAPOLIS MN 55402-2427

MARSHALL BANK FIRST
225 SOUTH SIXTH STREET, SUITE
2900
MINNEAPOLIS MN 55402

MCENROE, CATHERINE
LEONARD STREET & DEINARD
150 S FIFTH ST STE 2300
MINNEAPOLIS MN 55402

MICHAEL REYES
PO BOX 205
BACKUS MN 56435

MIKDEN PROPERTIES
7002 6TH STREET NORTH
OAKDALE MN 55128

MINNESOTA DEPT. OF REVENUE
MAIL STATION 7701
SAINT PAUL MN 55146-7701

MINNESOTA DEPT. OF REVENUE
PO BOX 64649
SAINT PAUL MN 55164-0649

MN DEPT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES
445 MINNESOTA ST
SAINT PAUL MN 55101-5160

NATHAN THIEMAN
1030 8TH AVE SW
PINE CITY MN 55063

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NIEDERNHOEFER, MANFRED
1563 RIVERCREST RD
LAKELAND MN 55043

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

OLD REPUBLIC SURETY
1503 - 42ND ST
STE 100
DES MOINES IA 50305

PRALLE, GARY
3625 PINE HOLLOW PL
STILLWATER MN 55082

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

PRESS A DENT INC
1154 S HIGH ST
DENVER CO 80210

PRINDLE, DECKER & AMARO, LLP
310 GOLDER SHORE - 4TH FLOOR
LONG BEACH CA 90802

PROFESSIONAL SERVICE
BUREAU
11110 INDUSTRIAL CIRCLE NW
STE B
ELK RIVER MN 55330-0331

MICHAEL W. MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

R. OLSON / WATERFORD
PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK
LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROE, JESSICA LIPSKY, ESQ.
BERNICK LIFSON ET AL
500 WAYZATA BLVD STE 1200
MINNEAPOLIS MN 55416

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

RUTH ANN BIEDERMAN
414 7TH AVE NE
PINE CITY MN 55063

SCHUYLER SCARBOROUGH
19181 SPENCER ROAD UNIT #15
BRAINERD MN 56401

SCOTT A. KEYPORT
1802 AIRWAVES RD NE
PINE CITY MN 55063

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIX YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF
REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY
MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS
BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND
FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY
TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK,
FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

DENNIS E. HECKER
1615 NORTHRIDGE DRIVE
MEDINA, MN 55391

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV 89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

MICHAEL B. LUBIC
SONNENSCHEIN NATH &
ROSENTHAL LLP
10100 SANTA MONICA BLVD, 7TH FL.
LOS ANGELES, CA 90067

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                BKY No.:  09-50779

Dennis E. Hecker,                                                              Chapter 7

                        Debtor.

_____

## ORDER

_____

     This case is before the court on the motion of Randall L. Seaver, trustee seeking an order authorizing approval of a settlement agreement with Cornerstone Bank, Cornerstone Holding Company, Inc. and Blackstone Financial, LLC (collectively "Cornerstone").

     Based on the motion and the files and records,

     IT IS ORDERED:

1.     The trustee's motion for approval of the settlement agreement is granted.


Dated: _____

                                        _____
                                        Robert J. Kressel
                                        United States Bankruptcy Judge

423260