MN - 204

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

-------------------------------------------------

In re:

Dennis E. Hecker,

        Debtor.

-------------------------------------------------

BKY No. 09-50779

**NOTICE OF SETTLEMENT**

To:    The United States Trustee, all creditors and other parties in interest.

On December 29, 2010 or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows: The trustee alleged receipt by Jessica Robb ("Robb") of a preferential payment and fraudulent transfer made by the debtor including the transfer of money, jewelry and other property. Robb has cooperated with the trustee by way of providing detailed personal financial statements, a history of transfers from the debtor and the disposition of assets, together with her e-mail correspondence with the debtor. The trustee has agreed to settle issues with Robb on the following terms: (1) Robb agrees to fully and timely pay to the trustee in collected U.S. funds the sum of $6,000 to be made contemporaneously with the execution of the agreement and made payable to "Randall L. Seaver, Hecker Trustee." (2) Robb has provided the trustee with an affidavit, including documents attached thereto, regarding the representations that she has made to the trustee (the "Sworn Statement"). The Sworn Statement, and every page on the exhibits attached thereto, is labeled "Confidential – Rule 408 Privileged – Not for Publication." The sworn statement shall not be published or filed with the court except in the event that Robb's Sworn Statement to the trustee is ever established to be false in any material respect. (3) The Agreement is subject to approval by the Court, but is binding upon the parties unless such approval is denied. If the Court fails to approve this settlement, the funds paid by Robb pursuant to paragraph 1 will be remitted back to Robb by the trustee. (4) It is specifically understood and agreed that the consideration hereinfore recited is in full, final and complete compromise, settlement, accord, and satisfaction of disputed claims; and there are no covenants, promises, or undertakings outside of the Agreement other than as specifically set forth herein. However, if Robb's sworn statement to the trustee is ever established to be false in any material respect, this settlement shall cease to be binding on the trustee and the trustee will retain his claims against Robb, as well as retain the settlement payment paid pursuant to the Agreement. The trustee believes the settlement terms to be reasonable and in the best interests of the estate.

**OBJECTION: MOTION: HEARING.** Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not

later than 12:00 o'clock noon on the day before the above date.  If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate.  If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | below) |
| 404 U.S. Courthouse | 300 South Fourth Street | |
| 515 West First Street | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: December 1, 2010                     /e/ Randall L. Seaver
                                                          Randall L. Seaver, Trustee
                                                          12400 Portland Avenue South, Suite 132
                                                          Burnsville, MN 55337
                                                          (952) 890-0888