# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:                                                                     BKY No. 09-50779

Dennis E. Hecker,                                       **NOTICE OF SETTLEMENT**

       Debtor.

---

To: The United States Trustee, all creditors and other parties in interest.

On December 30, 2010 or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows: The trustee commenced ADV No. 10-5011 against Bremer Bank and others seeking a determination that certain items as described in that lawsuit were property of the bankruptcy estate and not subject to any interest of Bremer Bank. The items which were the subject of ADV No. 10-5011 were sold at auction and, pursuant to stipulation, $225,537.40 of the auction funds, together with other sale proceeds, were segregated, pending resolution of ADV No. 10-5011. The trustee commenced ADV No. 10-5021, against Bremer Bank and others seeking a determination that a 1988 Mercedes Benz SL, a 2006 Harley Davidson motorcycle, and a 2003 Harley Davidson motorcycle were property of the bankruptcy estate and not subject to any interest of Bremer Bank. The trustee asserted to Bremer Bank that he believed there was a possible monetary avoidable transfer claim against Bremer Bank in the net amount of $226,626.59. Bremer Bank asserted defenses to the trustee's claims in both adversary proceedings, and asserted that no avoidable transfers had been made to Bremer Bank. The trustee and the Bank have agreed to a resolution of all known issues between them on the following terms: (1) Upon Bankruptcy Court approval of this agreement, the estate shall pay Bremer Bank $63,000 from the segregated funds held by the trustee and Bremer releases all claims to any further interest in the segregated funds held by the trustee. (2) Bremer releases all claims that it has in the 1988 Mercedes Benz SL, the 2006 Harley Davidson motorcycle, and the 2003 Harley Davidson motorcycle which are the subject of ADV No. 10-5021. (3) The trustee releases all claims against Bremer Bank arising under Chapter 5 of the United States Bankruptcy Code. The trustee also releases any and all other claims relating to any of the loans having Bremer Note Nos. of 137855, 413444, 418481, 89017, 110914, 124036, 103962, 103963, 416990, 138592, 417727 and 400764 and Letters of Credit having numbers of 120010460, 120010384 and 120010530. The trustee represents that he is not aware of any further claims of the estate against Bremer Bank. (4) Upon entry of the Order of the Bankruptcy Court approving this settlement agreement, this settlement agreement shall serve as a stipulation for dismissal with prejudice, without an award of costs, of ADV No. 10-5011, and a dismissal of all claims asserted against Bremer Bank in ADV No. 10-5021, without an award of costs. (5) Bremer Bank claims no interest in the items which are the subject of the motion to sell assets free and clear filed by the trustee on

November 9, 2010. If in the future, the trustee or Bremer become aware of other property, claims or rights that may be "Northstate Financial" assets Bremer Bank and the trustee shall attempt to resolve any issues relating to those items. (6) The trustee has reviewed the proof of claim filed by Bremer Bank and is unaware of any objection to that claim and does not intend to object to that claim, except that, Bremer agrees if the proof of claim is subject to any security interest, the proof of claim will be reduced by the net proceeds from liquidation of any such collateral. The trustee believes the settlement terms to be reasonable and in the best interests of the estate.

**OBJECTION: MOTION: HEARING.** Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | below) |
| 404 U.S. Courthouse | 300 South Fourth Street | |
| 515 West First Street | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: December 3, 2010         /e/ Randall L. Seaver
                                Randall L. Seaver, Trustee
                                12400 Portland Avenue South, Suite 132
                                Burnsville, MN 55337
                                (952) 890-0888