UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                              BKY No.: 09-50779
                                                                    Chapter 7
Dennis E. Hecker,

        Debtor.

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Estate of William James Prohofsky,

        Defendant.

## NOTICE OF REMOVAL

TO:   Clerk of Court
       United States Bankruptcy Court
       District of Minnesota
       300 South Fourth Street
       Minneapolis, MN 55415

       Court Administrator
       Hennepin County District Court
       300 South Sixth Street
       Minneapolis, MN 55487

       Scott M. Hoffman
       1108 Nicollet Mall, Suite 210
       Minneapolis, MN  55403

**PLEASE TAKE NOTICE** that Randall L. Seaver, Trustee, by his undersigned attorneys, removes this matter to the United States Bankruptcy Court for the District of Minnesota.

The grounds for removal are:

1. The Personal Representative of the Probate Estate of William J. Prohofsky has commenced a proceeding in state court claiming an interest in property believed to be property of the bankruptcy estate, namely $10,000.00 which had been held by William J. Prohofsky.

2. The Trustee's position as to the funds is detailed in correspondence attached hereto as Exhibit A (redacted to exclude settlement communications).

3. This is a core proceeding.

4. All pleadings in the Trustee's possession are attached hereto as Exhibit B.

5. The above-entitled action is a civil action over which this Court would have original jurisdiction pursuant to 28 U.S.C. §1334, and which therefore may be removed to this Court pursuant to 28 U.S.C. §1441, in that the action arises under the laws of the United States.

6. The Trustee consents to this Court entering a final order.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: January 5, 2011

By /e/ Matthew R. Burton
    Matthew R. Burton, #210018
    Attorneys for Randall L. Seaver, Trustee
    100 South Fifth Street, Suite 2500
    Minneapolis, Minnesota 55402-1216
    (612) 332-1030

432733

# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W. Newcome**
Brian F. Leonard+
Eldon J. Spencer, Jr.+
Michael R. O'Brien‡
Edward W. Gale†
Grover C. Sayre, III+◊
Thomas W. Newcome III*
Michelle McQuarrie Colton
Joseph J. Deuhs, Jr.
Thomas C. Atmore +
Ernest F. Peake
Matthew R. Burton◊
James M. Jorissen+
Peter J. Sajevic, III□
Jennifer K. Eggers+§

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402-1234
Telephone (612) 332-1030
Fax (612) 332-2740

Internet:  www.losgs.com

Andrea M. Hauser✶
Scott S. Payzant∞
Jordan W. Sayre
Patrick J. Lindmark
Andrew J. Budish

Of Counsel
  George B. Ingebrand, Jr.

□ Also admitted in Arizona
∞ Also admitted in California
✶ Also admitted in Illinois
◊ Also admitted in Iowa
§ Also admitted in Montana
+ Also admitted in Wisconsin
† Board Certified Civil Trial Specialist
    *(Minnesota State Bar Association and
    National Board of Trial Advocacy)*
* Certified Real Property Law Specialist
    *(Minnesota State Bar Association)*
‡ Qualified Neutral (Rule 114)
** Retired Status

December 2, 2010

Scott M. Hoffman, Esq.
210 Lafayette Building
1108 Nicollet Mall
Minneapolis, MN 55403



Re:   Randall L. Seaver, Trustee v. Estate of William Prohofsky
      Dennis E. Hecker (Bankr. No. 09-50779)

Dear Mr. Hoffman:

We are in receipt of your letter of the 24th and are disappointed in the position of the Prohofsky estate as to the $10,000.00 found in the safe deposit box of Mr. William Prohofsky.

Before I further address our position, I do want to note that despite our sympathy for the Prohofsky family, my client, Randall L. Seaver ("**Trustee**"), has a duty to recover assets of the Hecker bankruptcy estate. We believe that the $10,000.00 is such an asset and that our offer to the Prohofsky estate was more than fair. I have personally enjoyed speaking with Dr. Lee Prohofsky and the bankruptcy estate's position is not going to be affected by our compassion for the Prohofsky family.

During the case, we issued a subpoena upon Mr. Prohofsky and took his 2004 examination. As part of that process, he wanted, and obtained, a confidentiality agreement so that his personal affairs would not be made a part of the public record. His attorney, Joe Dicker, made a strong point that Mr. Prohofsky was a proud man and did not want the public to be able to examine his finances. We agreed to the confidentiality agreement but the bankruptcy estate is permitted to use the information if required for litigation.

Mr. Prohofsky did not have a safe deposit box until around the time that Mr. Hecker filed bankruptcy.[1] During the period before Mr. Hecker filed his case, and after, Mr. Prohofsky cleared tens of thousands of dollars through his personal account. He testified in his examination

---

[1] At his examination on February 10, 2010, he testified that, "I just opened that box - - this year."

Scott M. Hoffman, Esq.
December 2, 2010
Page 2

that he took a $10,000.00 "fee." All of the funds from which a fee could be taken were property of the bankruptcy estate.

The case that you cite, *Marshall v. Marshall*, 547 U.S. 293 (2006) is not dispositive of venue, as clearly in your favor as you posit in your letter. Tort claims can certainly be litigated in the bankruptcy arena. Further, we believe that we can establish that the *res* is property of the estate. The *Marshall* case is not a bar to our action. Further, any action commenced by you in the state court would be immediately removed to the bankruptcy court by the Trustee.

If we litigate this matter, Mr. Prohofsky's actions in many matters are going to surface none of which are favorable to Mr. Prohofsky. Items to consider are:

- Mr. Prohofsky became the trustee of the Hecker children's trusts for the sole purpose of allowing Mr. Hecker to convert in excess of $75,000 of Mr. Hecker's children's assets. Attorney Bruce Parker had refused to participate in this endeavor.

- The fact that Mr. Prohofsky's income was limited to social security (about $19,000.00) a year, yet he executed a lease to rent one of Mr. Hecker's estate's at Crosslake for $2,000.00 per month. When demand for payment was made by the Trustee, Mr. Prohofksy gave him a $24,000.00 check which would not have cleared if it had been deposited.

- Mr. Prohofsky took tens of thousands of dollars from Mr. Hecker in the period leading to the bankruptcy case and assisted Mr. Hecker in concealing these funds from the Trustee, and after, used those funds for Mr. Hecker's benefit and took a $10,000.00 fee for doing so.

- During the same time that he took the fee, he deposited $10,000.00 into his newly-opened safe deposit box.

- Mr. Prohofsky is believed to have assisted, or was asked to assist, Mr. Hecker in secreting other bankruptcy estate assets (such as watches), an issue which will be fully-explored.

- The amount at stake is limited to $10,000.00. Any litigation is going to increase the costs of administration of your already-insolvent probate estate beyond any amount that you could hope to recover.

- You cannot prove that the $10,000.00 came from a source other than the Hecker funds.

Again, we regret that this issue pits us against the Prohofsky family. However, we believe that our proposal is just and the bankruptcy estate is not going to waiver.

Scott M. Hoffman, Esq.
December 2, 2010
Page 3

Please advise.

                    Very truly yours,

                    LEONARD, O'BRIEN
                    SPENCER, GALE & SAYRE, LTD.

                    By

                    Matthew R. Burton
                    Email:   *mburton@losgs.com*

MRB/slw

431284

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED
2010 DEC 21 PM 3:50
BY: PROBATE/MENTAL HEALTH
FOURTH DISTRICT COURT

DISTRICT COURT
PROBATE COURT DIVISION
FOURTH JUDICIAL DISTRICT

In the Matter of the Estate of:

Court File No.: 27-PA-PR-10550

William James Prohofsky,
a/k/a William J. Prohosky
a/k/a Bill Prohofsky

Deceased.

ORDER AND NOTICE OF HEARING
ON PETITION FOR RECOVERY
AND TURN-OVER
OF ESTATE PROPERTY

TO: ALL INTERESTED PARTIES

It is Ordered and Notice is hereby given that on the 21st day of January, at 10:00 o'clock a.m., a hearing will be held in the above-named Court at Hennepin County Government Center, 300 South Sixth Street, Minneapolis, Minnesota, on the petition from the Personal Representative of the above referenced estate for an Order from this Court requiring the United States Attorney and the Federal Bureau of Investigation to turn over property belonging to the Estate of William Prohofsky to the Personal Representative of said Estate for the purpose administering the Estate and paying legal obligations of the Estate, and that any objections thereto must be filed with the Court. That, if proper, and no objections are filed, an Order for the return of the property listed in the Petition will be issued by the Court.

Dated: December 21, 2010

_____
Judge of District Court

_____
Court Administrator

Scott M. Hoffman, I.D. No. 0317020
Attorney at Law
1108 Nicollet Mall, Suite 210
Minneapolis, MN 55403
(612) 333-8225

EXHIBIT
B

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT
PROBATE COURT DIVISION
FOURTH JUDICIAL DISTRICT

In the Matter of the Estate of:

William James Prohofsky,
a/k/a William J. Prohofsky,
a/k/a Bill Prohofsky,

Deceased.

Court File No.: 27-PA-PR-10-550

**PETITION FOR RECOVERY OF PROPERTY AND ORDER DIRECTING UNITED STATES ATTORNEY TO TURN OVER ESTATE PROPERTY**

TO THE HONORABLE JUDGE OF THE ABOVE NAMED COURT:

Petitioner, Lee Prohofsky, respectfully states:

1. Petitioner resides at 11625 67th Place N., Maple Grove, Minnesota 55369;

2. Petitioner has an interest herein as the Personal Representative of the Estate of William James Prohofsky, and is, therefore, an interested person as defined by the laws of this state;

3. Decedent died on March 4, 2010, at Robbinsdale, Minnesota;

4. At the time of the decedent's death, the following assets belonging to the decedent were in a safe deposit box located at Wells Fargo Bank in the decedent's name:

    i. $10,000.00 cash;
    ii. an envelope containing a Residential Lease;
    iii. bankruptcy court Motion for Approval Settlement Agreement;
    iv. memo related to Hecker/Jacob Holdings St. Cloud;

5. At the time of the decedent's death, the following items belonging to the decedent were in the decedent's car:

    i. HP Laptop computer with black Samsonite bag, model Compaq nc6320, Serial # CNU6420SDK;
    ii. brown leather briefcase (with documents);
    iii. LG Verizon Wireless Cell Phone, Serial # 903CYDG2302514
    iv. Wells Fargo safe deposit box key.

6. In March 2010, after the death of the decedent, the Federal Bureau of Investigation executed search warrants and removed the property listed above that was in the decedent's safe deposit box and in the decedent's car as part of the investigation in the criminal case against Dennis Hecker;

7. At the time the Federal Bureau of Investigation removed the property from the decedent's safe deposit box and from the decedent's car, the property was under the jurisdiction of this court;

8. Both the petitioner and Randall Seaver, the Chapter 7 court-appointed trustee for the bankruptcy estate of Dennis Hecker, have made demands on the United States Attorney for the $10,000.00 cash being held by the Federal Bureau of Investigation;

9. The United States Attorney's office notified the petitioner of its intent to turn-over the money to Randall Seaver to be held in escrow until such time as any dispute over the money is resolved (see Exhibit A);

10. That upon the petitioner's objection to the United States Attorney about turning over the $10,000.00 to Randall Seaver, the United States Attorney's office has notified the petitioner that the government will hold the property seized from the decedent's estate until there is a determination by a court as to which party is entitled to possession of the $10,000.00;

11. There has been no judicial determination in any court that the $10,000.00 is the property of Randall Seaver as trustee for the bankruptcy estate of Dennis Hecker, and Randall Seaver has not filed a claim in this case;

12. The petitioner is entitled to possession of the seized property as an asset of the Estate of William James Prohofsky, and the Probate Court has subject matter jurisdiction over all the property seized from the estate pursuant to the probate exception to federal jurisdiction as decided by the United States Supreme Court in *Marshall v. Marshall*, 547 U.S. 293 (2006).

WHEREFORE, your petitioner requests the order of this court fixing a time and place for hearing on this petition, and that after the time for any notice has expired, upon proof of notice, and hearing, the court enter a judicial order formally directing the United States Attorney to turn over all property seized from the Estate of William James Prohofsky and listed in this petition to the petitioner as Personal Representative of the Estate of the William James Prohofsky.

FURTHER, under penalties for perjury for deliberate falsification therein; I declare or affirm that I have read the foregoing petition and to the best of my knowledge or information, its representations are true, correct and complete.

Dated: 12-14-10

_____
Petitioner

Scott M. Hoffman, I.D. No. 0317020
Attorney for Petitioner
1108 Nicollet Mall, Suite 210
Minneapolis, MN 55403
(612) 333-8225



**U.S. Department of Justice**

United States Attorney
District of Minnesota

600 United States Courthouse
300 South Fourth Street        (612)664-5600
Minneapolis, MN 55415
www.usdoj.gov/usao/mn

November 18, 2010

Scott M. Hoffman, Esq.
210 Lafayette Building
1108 Nicollet Mall
Minneapolis, MN 55403

    Re: <u>United States v. Dennis Earl Hecker</u>
        Criminal No. 10-32(1)(JNE/SRN)

Dear Mr. Hoffman:

    I am writing in response to your letter dated November 5, 2010. In your letter, you indicate you represent Lee Prohofsky, the son of William Prohofsky and the Personal Representative of the Estate of William Prohofsky. Your letter references cash in the amount of $10,000 seized from a safe deposit box belonging to Mr. William Prohofsky, and you request that the government provide that cash to the Estate of William Prohofsky.

    You are correct that, in connection with a search warrant that was executed in March 2010, the government seized $10,000 in cash from a safe deposit box in the name of William Prohofsky. The cash was located in an envelope labeled "2009 Money for Taxes." These funds are currently in the custody of the FBI.

    The government has received a demand for the $10,000 cash from Randall Seaver, the Chapter 7 court-appointed trustee for Mr. Dennis Hecker's estate. Mr. Seaver's position is that these funds represent assets of the Hecker estate.

    In the near future, the government will be turning the $10,000 in cash over to Mr. Seaver, based on Mr. Seaver's representations that he will hold the funds in a separate account and will not liquidate the funds until such time as any dispute over the funds is resolved. Accordingly, we respectfully request that you pursue this matter from this point forward with Mr. Seaver and his counsel, Matthew Burton.

    With respect to related issues, please be aware that the FBI also has in its possession other items that were seized pursuant to

Mr. Scott M. Hoffman
November 18, 2010
Page 2

search warrants executed in March 2010, including with respect to the safe deposit box and Mr. Prohofsky's Volvo sedan. In addition to the above-described envelope and cash, also found in the safe deposit box were some documents; namely, an envelope containing a Residential Lease with respect to Jacob Holdings of Cross Lake, a bankruptcy court Motion for Approval Settlement Agreement, a copy of memo related to Focus Rental, LLC., and emails and a copy of a check related to Hecker/Jacob Holdings St. Cloud. Found in Mr. Prohofsky's car were an HP Laptop computer with black Samsonite bag, model Compaq nc6320, Serial # CNU6420SDK; a soft, brown leather briefcase containing documents; LG Verizon Wireless Cell Phone, Serial # 903CYDG2302514; and a Wells Fargo safe deposit box key (for the same safe deposit box searched in March 2010). Please let us know if your client would like any of those items.

I am copying Mr. Seaver and Mr. Burton, as well as William Mauzy, counsel for Mr. Hecker, on this letter so that they are all aware of this matter and can raise any concerns or objections they may have, if any. If I do not hear from any of them within ten days from the date of this letter, I will assume they have no objections, and I will proceed as outlined above with respect to the $10,000. Absent any objections, I will also arrange to provide you with any of the other items obtained during the above-described search warrants that you may request.

Sincerely,

B. TODD JONES
United States Attorney

BY: NICOLE A. ENGISCH
    NANCY E. BRASEL
    DAVID M. GENRICH
Assistant United States Attorneys

cc: Randall Seaver, Esq.
    Matthew Burton, Esq.
    William Mauzy, Esq.