# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779
                                                            Chapter 7
Dennis E. Hecker,

        Debtor.

## STIPULATION

WHEREAS, the parties to this Stipulation, Randall L. Seaver, Trustee ("**Trustee**") and the subpoenaed parties: Fidelity Warranty Services, Inc., Jim Moran & Associates, Inc., Fidelity Insurance Agency, Inc. and Courtesy Insurance Company ("**Subpoenaed Parties**") wish to maintain the confidentiality of certain documents and information that may be disclosed pursuant to the 2004 Subpoena served by the Trustee on the Subpoenaed Parties, and wish to ensure that such information shall not be used for any purpose other than in this bankruptcy case, the Trustee and the Subpoenaed Parties, through their undersigned counsel, hereby stipulate and agree that the Bankruptcy Court may enter the Protective Order submitted with this Stipulation in the above-captioned bankruptcy case.

        **LEONARD, O'BRIEN**
        **SPENCER, GALE & SAYRE, LTD.**

        /e/ Matthew R. Burton
Dated: January 10, 2011        By:_____
        Matthew R. Burton, #210018
        100 South Fifth Street, Suite 2500
        Minneapolis, Minnesota 55402
        Telephone: (612) 332-1030

        ATTORNEYS FOR RANDALL L. SEAVER, TRUSTEE

Dated: Jan. 7, 2011

MASLON EDELMAN BORMAN & BRAND

By /s/ ABell
    Virginia A. Bell, #149147
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: 612-672-8200

ATTORNEYS FOR FIDELITY WARRANTY SERVICES, INC., JIM MORAN & ASSOCIATES, INC., FIDELITY INSURANCE AGENCY, INC. AND COURTESY INSURANCE COMPANY

433043

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:  BKY No. 09-50779
 Chapter 7
Dennis E. Hecker,

      Debtor.

## ORDER

Upon the stipulation by Randall L. Seaver, trustee and the subpoenaed parties: Fidelity Warranty Services, Inc., Jim Moran & Associates, Inc., Fidelity Insurance Agency, Inc. and Courtesy Insurance Company for an order maintaining the confidentiality of certain documents and information that the subpoenaed parties deem to be confidential, and ensuring that such information shall not be used for any purpose other than in this bankruptcy case, and for good cause shown;

IT IS ORDERED:

1.    Any one of the subpoenaed parties from time to time may designate as confidential any subpoenaed materials which contain confidential information, the disclosure of which would, in the good faith judgment of the subpoenaed party, result in disclosure of confidential commercial information or undue invasion of privacy. Any information produced in response to subpoena, including without limitation, documents or things, testimony and deposition transcripts, may be designated as confidential by the subpoenaed party who has produced the documents, information, things or testimony.

2.    <u>Confidential Information</u>: Any matter designated as confidential may be disclosed only to the following persons:

    a.    The subpoenaed parties;

b. The trustee;

c. Attorneys of record for the trustee and the subpoenaed parties;

d. Experts or consultants hired by or consulted by such attorneys in connection with this bankruptcy case provided that the identity of such experts or consultants be disclosed to the subpoenaed party producing such documents at least three business days prior to such disclosure, the subpoenaed party producing the information does not make written objection for cause to disclosure to such experts or consultants, and the expert or potential expert agrees in writing to the restrictions set forth herein;

d. The court and court personnel in accordance with the procedures set forth in paragraph 8 below; and,

e. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

4. To the extent feasible, all confidential material shall be stamped or otherwise designated confidential prior to its production. In the event that a subpoenaed party inadvertently fails to designate any confidential material, any subpoenaed party may within thirty days of production, or from the date of this order, whichever is later, make such a designation by notifying the trustee's attorney in writing.

5. In the case of deposition testimony, counsel for a subpoenaed party shall, either at the deposition or within thirty days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning confidential materials. During this 30-day period, the entire transcript shall be treated as though it was designated confidential and shall be disclosed only to those persons listed above.

6. Confidential materials or confidential deposition testimony shall not be used by or communicated to any person or entity for business or competitive purposes, or for any other

purpose whatsoever except as set forth in paragraph 2 and in connection with this bankruptcy case and any appeals taken therefrom.

7. All confidential materials or confidential deposition testimony submitted to or filed with the court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the court and persons authorized by this protective order.

8. This protective order shall not prevent any confidential materials or confidential deposition testimony from being used by the court or counsel of record at any hearing in this bankruptcy case, subject to such confidentiality measures as the court may then prescribe.

9. No person who obtains access to confidential materials or confidential deposition testimony pursuant to this protective order may disclose that information to any persons other than those permitted access under this protective order, unless it first secures the written consent of the subpoenaed party who provided the materials or testimony or obtains permission from the court, upon motion and with notice to all parties.

10. Anytime after two years following the closing of the bankruptcy case, and upon request, all confidential materials or confidential deposition transcripts shall be returned to the subpoenaed party who produced it or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this protective order which restrict the disclosure and use of confidential materials or confidential deposition testimony shall continue to be binding after the conclusion of this bankruptcy case.

11. Any subpoenaed party may apply to the court for an order modifying this protective order, removing the confidential designation from any materials, or extracts or portions thereof, reclassifying confidential materials or confidential deposition testimony or

further protecting confidential materials or confidential deposition testimony. This protective order is without prejudice to the rights of any subpoenaed party to object to the production of documents or information or to move to quash or modify a subpoena.

Dated: _____

_____
United States Bankruptcy Court Judge

433043