# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 case |
| Debtor. | |
| | Adv. Case No.: 11-5___ |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Prudential Financial, Inc., Holly Hecker Aldridge, and U.S. Bank National Association ND, | |
| Defendants. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Prudential Financial, Inc. ("**Prudential**"), Holly Hecker Aldridge ("**Aldridge**") and U.S. Bank National Association ND ("**U.S. Bank**") (collectively, "**Defendants**") states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §105 and Bankr. Rule 7001(9).

5. Defendant Prudential is a nationwide insurance provider.

6. Defendant Aldridge is the daughter of the Debtor.

7. U.S. Bank in a national bank with offices located in Minnesota.

8. Prior to 2001, an insurance policy (now known as C 0014327240) was owned by Debtor and Aldridge as tenants in common (the "**Policy**")

9. In 2001, the Policy was demutualized and converted to stock in Prudential. As of December 2006, there were 217 shares/units held in the Debtor/Aldridge account (the "**Prudential Stock**").

10. The Prudential Stock, upon information and belief was funded entirely by Debtor and without the knowledge of Aldridge.

11. On March 15, 2011, Aldridge stated that, "I was aware that there was a prudential life insurance policy I however was not aware of any prudential stocks related to the policy or of any Prudential stocks at all for that matter or existence of the us bank accounts in question until this issue came to light about a month ago."

12. Despite Aldridge's name being placed on the account (maintained by Computershare Shareholder Services, Inc.) so as to create a nominal interest in the Prudential Stock in her favor, the Prudential Stock is property of the bankruptcy estate.

13. Aldridge is also named on a U.S. Bank account held in the name of the Debtor and Aldridge, ending in numbers 0545 (the "**U.S. Bank Account**").

14. Despite Aldridge's name being placed on the U.S. Bank Account so as to create a nominal interest in her favor, the U.S. Bank Account is property of the bankruptcy estate.

## COUNT I - DECLARATORY RELIEF

15. Plaintiff realleges the foregoing paragraphs of this Adversary Complaint.

16. Plaintiff is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that all rights in the Prudential Stock (Account No. 0014327240) and the U.S. Bank Account are truly property of the bankruptcy estate of Dennis E. Hecker.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order as follows:

1. Pursuant to Count I, determining that all rights in the Prudential Stock (Account No. 0014327240), and any dividend checks issued as a result of that stock, are property of the bankruptcy estate of Dennis E. Hecker, and that the U.S. Bank account is solely property of the bankruptcy estate of Dennis E. Hecker.

2. Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: April 13, 2011

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

437213

3