# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:

Dennis E. Hecker,

        Debtor.

---

BKY No. 09-50779

**NOTICE OF SETTLEMENT**

To:    The United States Trustee, all creditors and other parties in interest.

On May 27, 2011 or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows: the trustee asserted that the following entities, Michael J. Givens ("Givens"), Nester Falls Holdings, Inc., f/k/a Jacob Holdings of Nestor Falls, Inc. ("Nestor Falls"), Clearwater Retail Center, LLC ("CRC"), Michael Holdings of Baxter, LLC ("Baxter"), Michael Holdings, LLC ("Michael Holdings"), Mikden of Oakdale, Mikden, LLC, Mikden of Stillwater, LLC and Mikden of Minnetonka, LLC (collectively "Mikden Parties") may have received avoidable transfers from the debtor. The Mikden Parties have denied liability and have substantiated that, even assuming one or more transfers were avoidable, certain of the Mikden Parties are insolvent and without assets with which to satisfy any claims including a judgment in the trustee's favor. The trustee and the Mikden Parties desire to settle and have agreed to settle the disputed transfers on the following terms: (1) upon court approval of the settlement agreement the Mikden Parties shall immediately pay to the trustee the sum of $15,000 in cash or certified funds; (2) upon court approval of the settlement agreement, the trustee shall execute a release of all of the Mikden Parties and provide the original to counsel for the Mikden Parties; (3) the trustee hereby waives, discharges and releases the Mikden Parties from any and all claims or causes of action arising under Title 11 of the United States Code or state law, known or unknown, arising through the date of the settlement agreement; and (4) the Mikden Parties hereby waive, discharge and release the trustee and the estate from any and all claims or causes of action, known or unknown, arising through the date of the settlement agreement. The Mikden Parties will not file a proof of claim in this bankruptcy case and any such claim shall be disallowed. The trustee believes the settlement to be reasonable and in the best interests of the estate.

**OBJECTION: MOTION: HEARING.** Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited

hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| | | |
|---|---|---|
| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address below) |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | |
| 404 U.S. Courthouse | 300 South Fourth Street | |
| 515 West First Street | Minneapolis, MN 55415 | |
| Duluth, MN 55802 | | |

Dated: April 29, 2011                                             /e/ Randall L. Seaver
                                                          Randall L. Seaver, Trustee
                                                          12400 Portland Avenue South, Suite 132
                                                          Burnsville, MN 55337
                                                          (952) 890-0888