# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Dennis E. Hecker, | BKY No. 09-50779 |
| Debtor. | |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | Adv. No.: 11-5___ |
| vs. | **ADVERSARY COMPLAINT** |
| World Omni Financial Corp., | |
| Defendant. | |

Randall L. Seaver, the Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Trustee**"), for his Complaint against World Omni Financial Corp. ("**Defendant**"), states and alleges as follows:

1. On June 4, 2009, Debtor Dennis E. Hecker commenced this bankruptcy case by filing a voluntary Chapter 7 petition in the District of Minnesota. Trustee was appointed as the Chapter 7 Trustee.

2. Defendant is a diversified financial services company, headquartered at 500 Jim Moran Blvd, Deerfield Beach, FL.

3. Defendant was formed by Jim Moran ("**Moran**") and is one of many affiliated companies established by Moran which operate from 500 Jim Moran Blvd., Deerfield Beach, Fl (the "**Moran Entities**").

4. Debtor and his business entities had a longstanding relationship with the Moran Entities. Some of the Moran Entities served as the backbone to automotive warranty programs in

which Debtor's entities participated. The warranty programs were, essentially, partnerships in which the dealerships sold warranty programs to be administered by the Moran Entities for a fee.

5. In addition to the warranty programs, Defendant also lent $1,435,000.00 to one of Debtor's entities, Lake Country Auto Center, Inc. on December 20, 2006. Subsequently, additional advances were made bringing the total due to roughly $2,000,000.00 (the "**Lake Country Debt**").

6. Defendant, in the year prior to the commencement of this case, made payments on the Lake Country Debt from his personal funds totaling approximately $200,634.31 (the "**Transfers**").

7. Due to the nature of the relationships between Debtor, his entities and the Moran Entities, Defendant is an "insider" as defined by the Bankruptcy Code and Minnesota state law.

## COUNT ONE - PREFERENCE

8. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

9. During the year prior to the commencement of this Chapter 7 case, Defendant, an insider, received the Transfers.

10. At the time of the Transfers, Defendant was a creditor of the Debtor by way of a guaranty.

11. The Transfers constituted transfers of an interest of the Debtor's property.

12. The preferential payments were for, or on account of, an antecedent debt owed by the Debtor to Defendant.

13. The Debtor was insolvent at the time of the preferential payments or was presumed to have been insolvent.

14. The Transfers enabled Defendant to recover more than it would receive as a creditor in this Chapter 7 case.

15. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the preferential payments.

16. Pursuant to 11 U.S.C. §547(b), the preferential payments are avoidable.

17. Pursuant to 11 U.S.C. §550(a), Plaintiff may recover from Defendant the preferential payments.

**WHEREFORE**, the Trustee seeks a judgment of this Court for the following:

1. Avoiding the Transfers to Defendant as preferential pursuant to 11 U.S.C. §547;

2. Entering judgment for the total value of the Transfers, together with interest, against Defendant and in favor of Randall L. Seaver, Trustee, under 11 U.S.C. §547 and 550; and,

3. Awarding Randall L. Seaver, Trustee, his costs, disbursements and attorneys' fees as allowed by law, and for such other relief as the Court deems just.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: May 17, 2011

By /e/ Matthew R. Burton
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030
mburton@losgs.com

Attorneys for Randall L. Seaver, Trustee

438486