UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7

      Debtor.

**NOTICE OF HEARING AND MOTION FOR AN ORDER
AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS**

To:    Parties specified in Local Rule 9013-3.

    1.    Randall L. Seaver, the duly-appointed Chapter 7 Trustee in the above-referenced bankruptcy case ("**Trustee**"), moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 10:00 a.m. on June 15, 2011 Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415 or as soon thereafter as counsel can be heard.

    3.    Any response to this motion must be filed and delivered no later than June 10, 2011 which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

    4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure, and Local Rules 1070-1 and 1073-1. This is a core proceeding. This case was commenced as a voluntary Chapter 7 proceeding on June 4, 2009. The case is now pending before this Court.

    5.    This Motion arises under 11 U.S.C. §363(b) and (f) and Bankruptcy Rule 6004.

6. The Trustee owns 5,000 shares of CarSoup of Minnesota, Inc. ("**CarSoup**") which he desires to sell to CarSoup for $15,000.00, plus the potential for future compensation, pursuant to the Stock Purchase Agreement attached hereto Exhibit A.

7. The Trustee believes that the Stock Purchase Agreement is fair and reasonable and proposes the best opportunity to obtain value for the estate's interest in CarSoup.

8. The sale will be free and clear of any liens, claims or interests.

9. The Trustee does not believe that any party holds a perfected non-avoidable security interest in the CarSoup shares

10. Pursuant to Local Rule 9013-2(c), the Trustee gives notice that he may, if necessary, testify at the hearing regarding the proposed sale.

**WHEREFORE**, the Trustee moves the Court for an order authorizing the Trustee to enter into the Stock Purchase Agreement with the sale being free and clear of interests in such property pursuant to 11 U.S.C. §363(b) and (f) with such interests, if any, attaching to the proceeds of sale with the same priority, dignity and effect as such interests existed pre-petition and granting such other relief as the Court may deem just and equitable.

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**

Dated: May 19, 2011

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
(612) 332-1030

## VERIFICATION

       I, Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Motion for an Order Authorizing Sale of Assets Free and Clear of Liens, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

                                                          /e/ Randall L. Seaver

Dated: May 19, 2011                                       _____
                                                           Randall L. Seaver, Trustee

438885

# STOCK PURCHASE AGREEMENT

**THIS STOCK PURCHASE AGREEMENT** ("Agreement") by and between Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker ("Seller") and CarSoup of Minnesota, Inc. ("Buyer") is effective as of the ____ day of May, 2011 (the "Effective Date").

**RECITALS:**

**WHEREAS**, Seller owns five thousand (5,000) shares of the issued and outstanding shares of Buyer (the "Shares"); and

**WHEREAS**, Seller desires to sell and Buyer desires to purchase from Seller all of the Shares, upon the terms and subject to the conditions set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the above, and the terms and covenants set forth below, the parties stipulate and agree as follows:

## ARTICLE I
## PURCHASE AND SALE OF SHARES

1.1 **Sale of Shares**. Upon approval by the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court") of the terms of this Agreement, Seller shall transfer, assign, and convey to Buyer, and Buyer shall purchase, all of the Shares, free and clear of all liens, encumbrances, purchase rights, claims, pledges, mortgages, security interests, or other limitations or restrictions whatsoever. To effectuate this sale, Seller shall execute and deliver to Buyer at Closing an Assignment Separate From Certificate in the form attached hereto as Exhibit A, along with either the original certificate or an Affidavit of Lost Certificate in the form attached hereto as Exhibit B.

1.2 **Purchase Price**. In consideration of the conveyance of the Shares, Seller shall pay to Buyer $15,000.00, plus any future payments required under Section 1.3 of this Agreement (the "Purchase Price").

1.3 **"Look Back" Rights**. Since Buyer is a closely held corporation with few transactions in its stock, the current fair market value of the Shares is difficult to establish. Consequently, Buyer agrees that if prior to the one (1) year anniversary of the Closing it sells a material amount of its shares for a price that is greater than Three Dollars ($3.00) per share other than in connection with an employee exercise of option rights, Buyer shall pay to Seller, as additional consideration for purchase of the Shares, the difference between the subsequent per share sale price and $3.00 multiplied by 5,000 (the "Full Look Back Payment"). Buyer further agrees that if no Full Look Back Payment is made during the year after Closing but Buyer sells a material amount of its shares on or after the one (1) year anniversary but before the two (2) year anniversary of the Closing other than in connection with an employee exercise of option rights, Buyer shall pay to Seller, as additional consideration for the Shares, fifty percent (50%) of the difference between the subsequent per share sale price and $3.00 multiplied by 5,000 (the "Partial Look Back Payment"). Notwithstanding anything the contrary set forth above, Buyer shall be required to make only one Full or Partial Look Back Payment even if more than one sale of stock occurs during the two year "look back" period. The right to further consideration created by this Section 1.3 automatically terminates on the two year anniversary of the Closing.



DOCS-#3442222-v1

Nothing contained herein shall be construed to require Buyer to sell any of its stock prior to the two year anniversary of the Closing. This Section is intended solely to provide for the possibility of additional consideration if, in fact, such a sale occurs. Furthermore, nothing contained herein shall be construed to cause Seller to owe money to Buyer if Buyer sells shares during the two year "look back" period for less than $3.00 per share.

## ARTICLE II
## REPRESENTATIONS AND WARRANTIES OF SELLER

Seller represents and warrants to Buyer as follows:

2.1     **Title to Shares**.  Seller is the owner of the Shares, free and clear of all liens, encumbrances, purchase rights, claims, pledges, mortgages, security interests, or other limitations or restrictions.  To the best of Seller's knowledge, the Shares represent all of the ownership interests Seller has in Buyer.  Upon receipt of Bankruptcy Court approval and delivery to Buyer of the documents of conveyance described herein, Buyer will acquire lawful, valid and marketable title to the Shares free and clear of all liens, encumbrances, purchase rights, claims, pledges, mortgages, security interests, or other limitations or restrictions.

2.2     **Authority of the Seller**.  Upon Bankruptcy Court approval, Seller will have full and unrestricted legal right, power and authority to enter into this Agreement, and to sell, assign, transfer, and deliver to Buyer valid, lawful and marketable title to the Shares.

2.3     **Negotiated Purchase Price**.  Seller represents and warrants that the Purchase Price is an amount negotiated between and agreed upon by the parties hereto and acknowledges that such amount is not based on any valuation or representation made by Buyer or any third party.

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES OF BUYER

Buyer represents and warrants to Seller as follows:

3.1     **Authority of Buyer**.  Buyer has full and unrestricted legal right, power and authority to enter into this Agreement and to acquire the Shares from Seller.

3.2     **Negotiated Purchase Price**.  Buyer represents and warrants that the Purchase Price is an amount negotiated between and agreed upon by the parties hereto and acknowledges that such amount is not based on any valuation or representation made by Company, Seller, or any third party.

## ARTICLE IV
## CONTINGENCY AND CLOSING

4.1     **Bankruptcy Court Approval**.  The rights and duties of the parties hereto are contingent upon approval by the Bankruptcy Court of the terms of this Agreement.  Upon execution of this Agreement, Seller shall promptly take such steps as are reasonably required in order to obtain an Order of the Bankruptcy Court enabling Seller to implement this Agreement. If Bankruptcy Court approval has not been obtained by September 1, 2011, either party can, by

provision of written notice to the other, terminate this Agreement. Delivery of written notice of termination shall cause the terms of this Agreement to be of no further forced and effect.

4.2     **Closing**. The closing of the purchase and sale of the Shares (the "Closing") shall occur within ten (10) business days of the date on which Seller delivers to Buyer's counsel a copy of an Order of the Bankruptcy Court approving sale of the Shares pursuant to the terms of this Agreement. At the Closing, Buyer shall deliver to Seller a check for Fifteen Thousand Dollars ($15,000.00). Seller shall deliver to Buyer a (i) certificate representing the Shares, if such certificate can be found by Seller, along with (ii) an executed Assignment Separate From Certificate in the form attached hereto as Exhibit A, or (iii) an Affidavit of Lost Certificate in the form attached hereto as Exhibit B, along with an executed Assignment Separate From Certificate.

## ARTICLE V
## MISCELLANEOUS

5.1     **Survival of Warranties and Representations**. The warranties and representations made herein shall survive the Closing.

5.2     **Successors and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns, and no other person shall acquire or have any right under or by virtue of this Agreement.

5.3     **Further Assurances**. At the request of either party and without further consideration, the other party will promptly execute and deliver to the requesting party such documents, including assignments, as may be reasonably requested by the other party to sell, convey, assign, and transfer to Buyer all of the Shares.

5.4     **Governing Law**. This Agreement shall be construed and enforced in accordance with the internal laws of the State of Minnesota.

5.5     **Counterparts and Faxed and E-Mailed Signatures**. This Agreement may be executed in counterparts, both of which shall be deemed an original, and each of which such counterparts together shall constitute one and the same instrument. A faxed or e-mailed signature shall be sufficient to bind a party hereto.

5.6     **Entire Agreement**. This Agreement contains the entire understanding of the parties hereto with respect to the subject matter contained herein. There are no restrictions, promises, warranties, covenants, or undertakings, other than those expressly provided for herein. This Agreement supersedes all prior agreements and undertakings between the parties with respect to such subject matter. No waiver and no modification or amendment of any provision of this Agreement shall be effective unless specifically made in writing and duly signed by the party to be bound thereby.

**IN WITNESS WHEREOF**, this Agreement has been executed by the parties hereto on the day and year first above written.

**SELLER: RANDALL L SEAVER , TRUSTEE**  **BUYER: CARSOUP OF MINNESOTA, INC.**

_____  By_____
Randall L. Seaver, Trustee of the Bankruptcy    Darrell Schmidt
Estate of Dennis E. Hecker    Its Chief Financial Officer

# EXHIBIT A

## ASSIGNMENT SEPARATE FROM CERTIFICATE

**FOR VALUE RECEIVED**, the receipt and sufficiency of which is hereby acknowledged, the undersigned Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker (hereinafter "Assignor") hereby sells, transfers, conveys, and assigns to CarSoup of Minnesota, Inc. ("Assignee") all of Assignor's right, title, and interest in and to all of the Shares and to other ownership rights held by him in CarSoup of Minnesota, Inc. (the "Shares"). Assignor represents and warrants to Assignee that: (i) this Assignment Separate From Certificate has been duly executed and delivered by Assignor, and is the valid and binding obligation of Assignor, enforceable in accordance with its terms; (ii) Assignor is the sole owner of the Shares; and (iii) Assignor has good and marketable title to the Shares, free and clear of any liens, claims, encumbrances, security interests, or options. Assignor irrevocably constitutes and appoints J. Christopher Cuneo attorney-in-fact to transfer the said stock on the books of the Company, with full power of substitution in the premises.

The effective date of the transfer of the Shares hereunder is the date set forth below (the "Effective Date"). Assignor agrees to cooperate at all times from and after the Effective Date with respect to transfer of the Shares, and to execute such further deeds, assignments and bills of sale, or other documents as Assignee may reasonably request for the purpose of giving effect to, evidencing or giving notice of the transaction evidenced by this Assignment Separate From Certificate.

This Assignment Separate From Certificate shall be binding upon Assignor and its respective successors and assigns, and shall inure to the benefit of Assignee and its respective successors and assigns. This Assignment Separate From Certificate shall be governed by the internal laws of the State of Minnesota.

**IN WITNESS WHEREOF,** Seller has caused this Assignment Separate From Certificate to be executed effective the _____ day of _____, 2011.

          **RANDALL L. SEAVER, TRUSTEE OF THE**
          **BANKRUPTCY ESTATE OF DENNIS E. HECKER**

          _____
          Randall L. Seaver, Trustee

# EXHIBIT B

## AFFIDAVIT OF LOST CERTIFICATE

**STATE OF MINNESOTA** )
                              ) ss.
**COUNTY OF** _____ )

Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker (the "Affiant"), being first duly sworn, deposes and states as follows:

1. That Affiant is the true, lawful, present and sole owner of Certificate No. 29, issued to Dennis E. Hecker for 5,000 shares of common stock of CarSoup of Minnesota, Inc., a corporation organized under the laws of the State of Minnesota (the "Company"), which the Affiant believes to have been lost, stolen or destroyed.

2. That Affiant has reason to believe that the Certificate has been lost, stolen or destroyed because the Affiant caused a diligent search to be made for the Certificate and the Certificate was nowhere to be found.

3. That Affiant states that the Certificate is not in his possession or subject to his control, and that he has not disposed of the Certificate or the shares represented thereby to any other person or entity, nor given any transfer, power of attorney, order, or other authority of any kind or nature whatsoever to transfer the rights to purchase the shares represented by the Certificate, nor any part or portion thereof.

4. That Affiant agrees that in case the lost, stolen or destroyed Certificate is found or comes into the hands or power of the Affiant or his successors or assigns, the Certificate will be delivered to the Company to be canceled, and further agrees that the Bankruptcy Estate of Dennis E. Hecker or its successors or assigns will at all times indemnify and hold harmless the Company and its officers, directors, employees, agents, successors, and assigns from and against any and all liabilities, losses, damages, costs, charges, attorneys' fees, and other expenses of every nature and character by reason of said lost, stolen or destroyed Certificate.

5. That Affiant further states that this statement is made under oath in order to induce the Company to redeem the shares represented by the Certificate.

Dated: _____, 2011

_____
Name: Randall L. Seaver, Trustee of the
Bankruptcy Estate of Dennis E. Hecker

Subscribed and sworn to before me this
___ day of _____, 2010.

_____
Notary Public
My Commission Expires:_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

___

In re: BKY No.: 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.

___

## UNSWORN CERTIFICATE OF SERVICE
___

I hereby certify that on May 19, 2011, I caused the following documents:

*Notice of Hearing and Motion for an Order Authorizing Sale of Assets Free and Clear of Liens and Order (proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

SEE ATTACHED SERVICE LIST


Dated: May 19, 2011

/e/ Stephanie Wood
_____
Stephanie Wood
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
(612) 332-1030

439075

| | | |
|---|---|---|
| UNITED STATES RENT A CAR<br>4744 PARADISE ROAD<br>LAS VEGAS, NV 89121 | ACE INSURANCE COMPANY<br>P.O. BOX 294836<br>CLEVELAND OH 44101 | ALDRIDGE, DAN<br>1600 KENWOOD PKWY.<br>MINNEAPOLIS MN 55405 |
| ALLEN EIDE<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 | AMERICAN BANK<br>1060 DAKOTA DRIVE<br>MENDOTA HEIGHTS MN 55120 | AMERICAN EXPRESS<br>P. O. BOX 0001<br>LOS ANGELES CA 90096 |
| AMERICAN NAT'L BANK OF MN<br>7638 WOIDA RD<br>BAXTER MN 56425 | ANCHOR BANK<br>1570 CONCORDIA AVE<br>SAINT PAUL MN 55104 | ANCHOR BANK<br>P.O. BOX 7933<br>MADISON WI 53707 |
| AV CARD/OASIS<br>164 LAKE FRONT DR<br>COCKEYSVILLE MD 21030 | AXIS CAPITAL, INC.<br>308 N LOCUST ST<br>PO BOX 2555<br>GRAND ISLAND NE 68802 | AXLE CAPITAL, LLC / SAGECREST<br>3 PICKWICK PLAZA<br>GREENWICH CT 06830 |
| AMERICAN BANK<br>1578 UNIVERSITY AVENUE W<br>SAINT PAUL, MN 55104 | AMERICAN EXPRESS BANK FSB<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | BARBARA LYNN CUTTER<br>10175 SPRING MTN. ROAD, #1151<br>LAS VEGAS, NV 89117 |
| BAYPORT MARINA ASSOCIATION<br>200 5TH STREET<br>BAYPORT MN 55003 | BELISLE, WAYNE<br>1843 EAGLE RIDGE DR<br>SAINT PAUL MN 55118 | BELLAGIO<br>3600 LAS VEGAS BLVD<br>LAS VEGAS NV 89109 |
| BREICH, WALTER<br>13670 -- 122ND STREET<br>NORWOOD YOUNG AMERICA MN 55368 | BREMER BANK<br>633 SOUTH CONCORD STREET,<br>SUITE 350<br>SOUTH ST. PAUL MN 55075 | BRIGGS & MORGAN PA<br>2200 IDS CENTER<br>80 SOUTH EIGHTH STREET<br>MINNEAPOLIS MN 55402 |
| C AND C BOAT WORKS<br>36448 CTY RD 66<br>CROSSLAKE MN 56442 | CA BOARD OF EQUALIZATION<br>PO BOX 942879<br>SACRAMENTO CA 94279-7072 | CA DEPT OF MOTOR VEHICLES<br>PO BOX 942869<br>SACRAMENTO CA 94269-0001 |
| CARLTON FINANCIAL CORPORATION<br>PO BOX 580<br>WAYZATA, MN 55391-0580 | CENTER POINT ENERGY<br>P.O. BOX 1144<br>MINNEAPOLIS MN 55440 | CESSNA AIRCRAFT COMPANY<br>P.O. BOX 12270<br>WICHITA KS 67277 |
| CHRYSLER FINANCIAL<br>CIMS 740-01-19<br>6400 S FIDDLERS GREEN CIR., STE. 700<br>ENGLEWOOD CO 80111-4979 | CITY OF ASPEN<br>130 S. GALENA ST.<br>ASPEN CO 81611 | CITY OF BAYPORT<br>294 N. 3RD STREET<br>BAYPORT MN 55003 |

| | | |
|---|---|---|
| CITY OF MEDINA<br>2052 CO RD 24<br>HAMEL MN 55340 | COMMUNITY NATIONAL BANK<br>845 EAST COUNTY ROAD E<br>VADNAIS HEIGHTS MN 55127 | D&H DOCKS<br>23624 SMILEY ROAD<br>NISSWA, MN 56468 |
| COOPERATIVE POWER<br>P.O. BOX 69<br>TWO HARBORS MN 55616 | CORNERSTONE BANK<br>2280 45TH STREET SOUTH<br>FARGO, ND 58104 | CROSSLAKE PROPERTY SOLUTIONS<br>P.O. BOX 810<br>CROSSLAKE MN 56442 |
| CROW WING COUNTY TREASURER<br>JUDICIAL CENTER<br>213 LAUREL ST<br>BRAINERD MN 56401 | DEERWOOD BANK<br>611 WASHINGTON STREET NE<br>BRAINERD MN 56401-3377 | DON GILBERT<br>1700 PHEASANT RUN<br>HUDSON WI 54016 |
| DONALD M HALSTEAD III<br>15626 SUNSET WAY<br>BRAINERD MN 56401 | ELIZABETH A JOHNSON<br>PO BOX 624<br>PINE RIVER MN 56474 | ENCORE BANK<br>3003 TAMIAMI TRAIL NORTH, #100<br>NAPLES FL 34103 |
| EXXONMOBILE OIL CORPORATION<br>ATTN JENNIFER FRASER<br>120 MCDONALD STREET SUITE B<br>SAINT JOHN NB CANADA E2J 1M5 | FAMILY HOLDINGS OF MN LLC<br>11614 ECHO BAY DRIVE<br>CROSSLAKE MN 56442 | FIFTH THIRD BANK<br>C/O RICHARD J. SWIFT, JR.<br>GARLICK STETLER & SKRIVIAN<br>9115 CORSEA DE FONTANA WAY, #100<br>NAPLES FL 34109 |
| GE CAPITAL<br>1415 WEST 22ND STREET, #600<br>OAKBROOK IL 60523 | GE CAPITAL, FLEET SERVICES<br>3 CAPITAL DRIVE<br>EDEN PRAIRIE MN 55344 | GELCO CORPORATION<br>THREE CAPITAL DRIVE<br>ATTN: GENERAL COUNSEL<br>EDEN PRAIRIE MN 55344 |
| GEMB LENDING INC<br>2995 RED HILL AVE STE 250<br>COSTA MESA CA 92626 | GEMB LENDING, INC.<br>P.O. BOX 57091<br>IRVINE CA 92619 | GMAC MORTGAGE<br>1100 VIRGINIA DRIVE<br>FORT WASHINGTON, PA 19034 |
| GMAC MORTGAGE<br>P.O. BOX 4622<br>WATERLOO IA 50704 | GMAC, LLC<br>15303 94TH AVENUE<br>ORLAND PARK IL 60462 | GWYN M DOENZ<br>10600 COUNTRY DRIVE<br>PINE CITY MN 55063 |
| HECKER, SANDRA<br>13755 - 84TH PL N<br>MAPLE GROVE MN 55369 | HENNEPIN COUNTY TREASURER<br>300 S SIXTH ST<br>A600 GOVERNMENT CNT<br>MINNEAPOLIS MN 55487 | HOLY CROSS ENERGY<br>3799 HWY 82<br>GLENWOOD SPRINGS CO 81602 |
| HOME FEDERAL SAVINGS BANK<br>1016 CIVIC CENTER DR NW<br>STE 300<br>ROCHESTER MN 55903 | HSBC BANK NEVADA NA<br>BASS & ASSOCIATES, PC<br>3936 E FT LOWELL RD, STE 200<br>TUCSON AZ 85712 | HYUNDAI MOTOR AMERICA<br>10550 TALBERT AVE<br>MOUNTAIN VALLEY CA 92708 |

| | | |
|---|---|---|
| INTER BANK<br>P.O. BOX 986<br>NEWARK NJ 07184 | INTERBANK EDINA<br>3400 WEST 66TH STREET, SUITE 100<br>EDINA MN 55435 | INTERNAL REVENUE SERVICE<br>SPECIAL PROCEDURES BRANCH<br>389 US COURTHOUSE 316 N ROBERT<br>ST. PAUL MN 55101 |
| IRS<br>DEPARTMENT OF TREASURY<br>OGDEN UT 84201 | JACOB HOLDINGS OF MEDINA, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 | JACOB PROPERTIES OF ASPEN, LLC<br>500 FORD RD<br>MINNEAPOLIS MN 55426 |
| JASON S. COLBAUGH<br>1914 OAK STREET<br>BRAINERD MN 56401-3811 | JAVAN CARL<br>13942 GRAND OAKS DR<br>BAXTER MN 56425 | JAVER ESQUIVEL<br>2807 W AVE 30<br>LOS ANGELES CA 90065 |
| JC BROMAC<br>11860 S. LA CIENEGA BLVD.<br>LOS ANGELES CA 90250 | JOHN J. SORCI TRUST<br>2300 EAST VALLEY COURT<br>SAN JOSE CA 95148 | JP MORGAN CHASE BANK, N.A.<br>726 MADISON AVENUE<br>NEW YORK NY 10021 |
| KAPLAN STRANGIS & KAPLAN PA<br>5500 WELLS FARGO CENTER<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | KELLY K. HECKER<br>13905 - 53RD AVE N. APT. 1<br>PLYMOUTH MN 55446 | KLEINBANK<br>14141 GLENDALE ROAD<br>SAVAGE MN 55378 |
| KSTP-FM LLC<br>3415 UNIVERSITY AVE<br>SAINT PAUL MN 55114 | LAKE BANK, N.A., THE<br>613 FIRST AVENUE<br>TWO HARBORS MN 55616 | LLOYD SECURITY<br>204 N. FIRST STREET<br>MINNEAPOLIS MN 55401 |
| MICHAEL B. LUBIC<br>10100 SANTA MONICA BLVD, 7TH FL.<br>LOS ANGELES, CA 90067 | M&I BANK<br>770 N. WATER STREET<br>MILWAUKEE WI 53202 | MAC OF PINE CITY, LLC<br>3221 32ND AVENUE SOUTH<br>SUITE 900<br>GRAND FORKS ND 58201 |
| MARC D. KOHL<br>39101 DARLING LANE<br>HINCKLEY MN 55037 | MARC E TRESSLER<br>147C W. 116TH AVE, APT. 17<br>DENVER CO 80234-2853 | MARSH CONSUMER<br>333 SOUTH SEVENTH, STE 1600<br>MINNEAPOLIS MN 55402-2427 |
| MARSHALL BANK FIRST<br>225 SOUTH SIXTH STREET, SUITE 2900<br>MINNEAPOLIS MN 55402 | MCENROE, CATHERINE<br>LEONARD STREET & DEINARD<br>150 S FIFTH ST STE 2300<br>MINNEAPOLIS MN 55402 | MICHAEL REYES<br>PO BOX 205<br>BACKUS MN 56435 |
| MIKDEN PROPERTIES<br>7002 6TH STREET NORTH<br>OAKDALE MN 55128 | MINNESOTA DEPT. OF REVENUE<br>MAIL STATION 7701<br>SAINT PAUL MN 55146-7701 | MINNESOTA DEPT. OF REVENUE<br>PO BOX 64649<br>SAINT PAUL MN 55164-0649 |

| | | |
|---|---|---|
| MN DEPT OF PUBLIC SAFETY<br>DRIVER & VEHICLE SERVICES<br>445 MINNESOTA ST<br>SAINT PAUL MN 55101-5160 | NATHAN THIEMAN<br>1030 8TH AVE SW<br>PINE CITY MN 55063 | NEIMAN MARCUS<br>P.O. BOX 5235<br>CAROL STREAM IL 60197 |
| NEVADA STATE BANK<br>6505 NORTH BUFFALO DRIVE<br>LAS VEGAS NV 89131 | NIEDERNHOEFER, MANFRED<br>1563 RIVERCREST RD<br>LAKELAND MN 55043 | NITROGREEN<br>P.O. BOX 41<br>MAPLE PLAINE MN 55359 |
| NORTHMARQ CAPITAL<br>3500 AMERICAN BLVD WEST,<br>SUITE 500<br>BLOOMINGTON MN 55431 | NORTHRIDGE FARM<br>ASSOCIATION<br>P.O. BOX 767<br>WAYZATA MN 55391 | NORTHWOODS BANK<br>PO BOX 112<br>PARK RAPIDS MN 56470 |
| OLD REPUBLIC SURETY<br>1503 - 42ND ST<br>STE 100<br>DES MOINES IA 50305 | PRALLE, GARY<br>3625 PINE HOLLOW PL<br>STILLWATER MN 55082 | PREMIER AQUARIUM<br>6340 IRVING AVE S.<br>RICHFIELD MN 55423 |
| PREMIER BANKS<br>1875 W. HIGHWAY 36<br>ROSEVILLE MN 55113 | PRESS A DENT INC<br>1154 S HIGH ST<br>DENVER CO 80210 | PRINDLE, DECKER & AMARO, LLP<br>310 GOLDER SHORE - 4TH FLOOR<br>LONG BEACH CA 90802 |
| PROFESSIONAL SERVICE<br>BUREAU<br>11110 INDUSTRIAL CIRCLE NW<br>STE B<br>ELK RIVER MN 55330-0331 | MICHAEL W. MALTER<br>BINDER & MALTER LLP<br>2775 PARK AVENUE<br>SANTA CLARA, CA 95050 | R. OLSON / WATERFORD<br>PROPERTIES<br>73 N. BROADWAY<br>FARGO ND 58102 |
| RANDY'S SANITATION<br>P.O. BOX 169<br>DELANO MN 55328 | RIVERLAND BANCORPORATION<br>700 SEVILLE DRIVE<br>JORDAN MN 55352 | RIVERWOOD BANK<br>LOAN PRODUCTION OFFICE<br>PO BOX 899<br>CROSSLAKE MN 56442 |
| ROE, JESSICA LIPSKY, ESQ.<br>BERNICK LIFSON ET AL<br>500 WAYZATA BLVD STE 1200<br>MINNEAPOLIS MN 55416 | ROYAL JEWELERS<br>73 BROADWAY<br>FARGO, ND 58102 | RUTH ANN BIEDERMAN<br>414 7TH AVE NE<br>PINE CITY MN 55063 |
| SCHUYLER SCARBOROUGH<br>19181 SPENCER ROAD UNIT #15<br>BRAINERD MN 56401 | SCOTT A. KEYPORT<br>1802 AIRWAVES RD NE<br>PINE CITY MN 55063 | SILVER CLIFF ASSOCIATION<br>1201 CEDAR LAKE RD S.<br>MINNEAPOLIS MN 55416 |
| SOURCE GAS<br>P.O. BOX 660474<br>DALLAS TX 75266 | ST. CROIX YACHT CLUB<br>P.O. BOX 2263<br>STILLWATER MN 55082 | STATE OF MINNESOTA DEPT OF<br>REVENUE<br>600 NORTH ROBERT STREET<br>ST. PAUL MN 55101 |

| | | |
|---|---|---|
| STORCHECK CLEANERS<br>857 7TH STREET<br>ST. PAUL MN 55106 | SUMMERS PROPERTY MANAGEMENT<br>111K AABC<br>ASPEN CO 81611 | TCF NATIONAL BANK<br>801 MARQUETTE AVENUE<br>MINNEAPOLIS MN 55402 |
| TCHIDA, BRYANT D., ESQ.<br>LEONARD STREET & DEINARD<br>150 S 5TH ST STE 2300<br>MINNEAPOLIS MN 55402 | THE MIRAGE CASINO-HOTEL<br>C/O MARK W. RUSSELL ESQ<br>3400 LAS VEGAS BLVD S<br>LAS VEGAS NV 89109 | TOYOTA FINANCIAL SAVINGS BANK<br>2485 VILLAGE VIEW DRIVE<br>SUITE 200<br>HENDERSON NV 89074 |
| TOYOTA FINANCIAL SERVICES<br>301 CARLSON PKWY, STE. 210<br>MINNETONKA MN 55305 | TOYOTA MOTOR CREDIT CORP<br>301 CARLSON PKWY STE 210<br>MINNETONKA MN 55305 | U.S. BANK<br>BC-MN-H22A<br>800 NICOLLET MALL, 22ND FLOOR<br>MINNEAPOLIS MN 55402 |
| US BANK VISA CARD<br>P.O. BOX 790408<br>ST. LOUIS MO 63179 | VENTURE BANK<br>5601 GREEN VALLEY DRIVE<br>SUITE 120<br>BLOOMINGTON MN 55437 | VFS FINANCING, INC.<br>10 RIVERVIEW DR<br>ATTN BETH BONELL<br>DANBURY CT 06810 |
| VICTORIA INSURANCE<br>1100 LOCUST STREET<br>DES MOINES IA 50391 | VISION BANK<br>3000 25TH ST. SOUTH<br>P.O. BOX 10008<br>FARGO ND 58106 | WAGENER, MAURICE J.<br>13700 WAYZATA BLVD<br>HOPKINS MN 55305 |
| WASHINGTON COUNTY TREASURER<br>GOVERNMENT CENTER<br>14949 - 62ND ST N<br>STILLWATER MN 55082 | WASHINGTON MUTUAL BANK, FA<br>400 E MAIN ST<br>STOCKTON CA 95290 | WASTE PARTNERS<br>P.O. BOX 677<br>PINE RIVER MN 56474-0677 |
| WATERFORD ASSOCIATION<br>P.O. BOX 1353<br>MINNEAPOLIS MN 55480-1353 | WAYNE BELISLE<br>1843 EAGLE RIDGE<br>MENDOTA HEIGHTS MN 55118 | WELLS FARGO<br>C/O DAVID GALLE<br>45 SOUTH SEVENTH ST, STE 3300<br>MINNEAPOLIS MN 55402 |
| WELLS FARGO BANK N.A.<br>LOAN ADJUSTMENT GROUP<br>90 SOUTH 7TH STREET<br>MINNEAPOLIS MN 55402 | WELLS FEDERAL BANK<br>53 FIRST ST. SW<br>WELLS MN 56097 | WI DEPT OF TRANSPORTATION<br>PO BOX 7949<br>MADISON WI 53707 |
| WILLIAM BRODY<br>BUCHALTERNEMER<br>1000 WILSHIRE BLVD, STE 1500<br>LOS ANGELES CA 90017-2457 | WORLD OMNI FINANCIAL CORP.<br>190 JIM MORAN BOULEVARD<br>DEERFIELD BEACH FL 33442 | ZAPPIA, THOMAS M., ESQ.<br>ZAPPIA & LEVAHN<br>941 HILLWIND RD NE STE 301<br>MINNEAPOLIS MN 55432 |
| CRAIG E REIMER<br>MAYER BROWN LLP<br>71 SOUTH WACKER DRIVE<br>CHICAGO, IL 60606 | DENNIS E. HECKER #15080-041<br>FPC DULUTH<br>FEDERAL PRISON CAMP<br>P.O. BOX 1000<br>DULUTH, MN 55814 | HOWARD J ROIN<br>MAYER BROWN LLP<br>71 SOUTH WACKER DRIVE<br>CHICAGO, IL 60606 |

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7

      Debtor.

**ORDER AUTHORIZING SALE OF ASSETS**

This case is before the court on the motion of Randall L. Seaver, trustee, seeking an order authorizing the trustee to enter into a stock purchase agreement with respect to debtor's 5,000 shares of stock in CarSoup of Minnesota, Inc.

Based on the motion and the file,

IT IS ORDERED:

A. The trustee is authorized to enter into the stock purchase agreement.

B. The property and rights sold shall be free and clear of any interest in such property pursuant to 11 U.S.C. §363(b) and (f) with such interests, if any, attaching to the proceeds of sale with the same priority, dignity and effect as such interests existed pre-petition.

C. The proceeds shall be deposited in the trustee's account and held subject to further order of the court.

D. Notwithstanding Fed. R. Bankr. P. 6004(g), this order is effective immediately.

_____                                _____

438887