# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    Bky. No.:  09-50779

Dennis E. Hecker,                                                    Chapter 7

       Debtor.

_____

## NOTICE OF HEARING AND
## MOTION TO APPROVE
## SETTLEMENT

_____

TO:    The entities specified in Local Rule 9013-3

      1.    Randall L. Seaver, Chapter 7 Trustee in the above-captioned case (the "Trustee"),

hereby moves this Court for the relief requested and gives notice of hearing.

      2.    The Court will hold a hearing on this Motion before Robert J. Kressel, United

States Bankruptcy Judge, at 10:00 a.m. on June 15, 2011, or as soon thereafter as counsel may be

heard, in Courtroom No. 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis,

Minnesota  55145.

      3.    Pursuant to Local Rule 9006(1)(c), any response to the Motion must be filed with

the Court and served by mail or delivery not later than June 10, 2011, which is five (5) days

before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A

RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY

GRANT THE MOTION WITHOUT A HEARING.**

      4.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This is a core proceeding.  The voluntary

petition commencing this Chapter 7 case was filed on June 4, 2009.  The case is now pending

before this Court.

5.     This Motion arises under 11 U.S.C. §§ 542, 547, 548, 549, 550, and 553 and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Federal Rules").  This Motion is filed under Federal Rules 2002 and 9014 and Local Rules 2002-1, 9013-1 through 3 and 9019-1. The Trustee respectfully seeks this Court's approval of a Settlement Agreement between the Trustee, GELCO Corporation, d/b/a GE Fleet Services ("GELCO"), U.S. Bank National Association ("US Bank"), and CorePointe Capital Finance, LLC ("CorePointe"), as successor in interest to Chrysler Financial Services Americas, LLC ("Chrysler") with respect to Chrysler's claims in this case and as against the SCA, as defined below.  The Settlement Agreement is attached as Exhibit A.

## BACKGROUND

### I.     THE LEASING BUSINESSES

6.     Prior to September 2005, the Debtor, Dennis E. Hecker ("Hecker"), through multiple entities he wholly-owned and controlled, operated fleet leasing businesses which purchased cars and light trucks and then rented them to rental car companies.

7.     These entities included (a) Rosedale Dodge, Inc. (d/b/a Rosedale Leasing and d/b/a/ Rosedale Leasing, Inc.); (b) Walden Fleet Services, II, Inc.; (c) Walden Leasing, Inc.; (d) Walden Fleet Sales Group, Inc. (d/b/a Walden Automotive); (e) Rosedale Leasing of Minnesota, LLC; and (f) Rosedale Leasing of Minneapolis, LLC (together the "Assignors").

### II.     GELCO BUYS THE LEASING BUSINESSES FROM HECKER

8.     In 2005, certain of the Assignors, Hecker, and GELCO negotiated terms for a transaction that would involve, among other things, GELCO's acquisition of certain fleet leasing assets owned by the Assignors and the assignment to GELCO of (i) claims against Rosedale Dodge, Inc. held by Chrysler, and (ii) claims against Walden Fleet held by U.S. Bank.

A.      **The Assignment and Assumption**

9.      On or about September 30, 2005, GELCO and the Assignors entered into an Assignment, Assumption, Non-Competition and Non-Solicitation Agreement (the "Assignment and Assumption") setting forth the terms and conditions upon which GELCO acquired certain fleet leasing and other assets from, and assumed certain liabilities of the Assignors.

10.     In connection with the Assignment and Assumption, GELCO also purchased and received separate assignments of existing indebtedness owed to U.S. Bank and Chrysler on account of the leasing and other assets acquired.

11.     The Assignment and Assumption transaction contemplated, among other things, the payment of $20 million to Rosedale Dodge, Inc. and Walden Fleet Services II, Inc. ("Walden Fleet") at closing and certain incentive payments over time as described below.

B.      **The Sales Commission Agreement**

12.     To that end, on September 30, 2005, GELCO entered into a Sales Commission Agreement (the "SCA") with Hecker and two entities wholly-owned and controlled by Hecker, Denny Hecker's Automotive Group, Inc. ("DHAG") and Walden Fleet.

13.     Pursuant to the terms of the SCA, GELCO agreed to make an initial advance of $7,500,000, and subsequent incentive payments (including monthly $75,000 advances on the anticipated annual incentive payments) to be determined through application of formulas based on the size and composition of the leasing fleets.  The Service Providers and Hecker agreed to provide various services related to the leasing businesses in exchange for the payments to be made under the terms of the SCA.

14.     Payments under the SCA were to be made to the "Service Provider", defined in the preamble to the agreement as DHAG and Walden Fleet.  Language in the SCA, however,

gave Hecker unfettered discretion to direct the flow of payments to himself or to any entities in which he possessed a 90% ownership interest. As of December 2008, payments under the SCA were being deposited directly into one of Hecker's personal bank accounts.

## III.  GELCO WITHHOLDS PAYMENT AND TERMINATES THE SCA

15.     In November 2008, Walden Fleet, DHAG and Hecker each defaulted on guaranties of indebtedness owed to GELCO by Rosedale Leasing LLC, Rosedale Dodge, Inc. and Southwest-Tex Leasing Co., Inc.,, and GELCO, on account of such defaults subsequently held and set off amounts owed under the SCA against amounts owed to GELCO under such guaranties.

16.     On June 4, 2009, Hecker filed his voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code. Subsequent to the filing of the Petition, GELCO informed the Trustee that it was holding proceeds from the SCA. GELCO also informed the Trustee that US Bank, a prepetition secured lender with a security interest in the general intangibles of Walden Fleet, claimed that it was entitled to some or all of the proceeds from the SCA by virtue of its security interest.

17.     On February 27, 2010, this Court entered judgment in *Chrysler Financial Services Americas, LLC v. Dennis E. Hecker*, Adv. No. 90-05019 (the "Chrysler Adversary") and excepted from discharge the obligations owed to Chrysler at issue therein.

18.     On March 26, 2010, GELCO sent to Hecker and the Service Providers a notice of termination of the SCA "for cause," citing, among other things, the judgment entered in the Chrysler Adversary, as the basis for the termination. As of the date of GELCO's termination of the SCA, approximately $2.1 million in payments had accrued but had not been distributed under the SCA.

## IV.    THE TRUSTEE'S DEMAND AND ENSUING NEGOTIATIONS

19.    The Trustee thereafter undertook to investigate potential claims in favor of the Hecker estate, DHAG and Walden Fleet in view of GELCO's conduct in withholding payments and terminating the SCA.  In March 2011, the Trustee made written demand upon GELCO to turn over and pay in full all amounts due and owing under the terms of the SCA, asserting, *inter alia*, that GELCO breached and improperly terminated the SCA.

20.    During ensuing discussions between GELCO, the Trustee, and their respective counsel, GELCO has alerted the Trustee to various defenses and offsets GELCO may have to the Trustee's claims in relation to the SCA.

21.    As a result of these discussions, as well as negotiations involving the Trustee, US Bank, and CorePointe[1], the parties have reached agreement upon the terms of the Settlement Agreement described in more detail below.

22.    Pursuant to a judgment entered in an Adversary Proceeding captioned *Randall L. Seaver v. Denny Hecker's Automotive Group, Inc.*, Adv. No. 10-5040 (Bankr. D. Minn.), the Trustee holds all of the right, title and interest of DHAG under the SCA and DHAG's rights to payment under the SCA as one of the designated Service Providers.

23.    US Bank claims an interest in the proceeds from the SCA pursuant to a properly perfected, pre-petition security interest in general intangibles, including rights to payment, of Walden Fleet, one of the designated Service Providers under the SCA.

---

[1] As a result of Chrylser's assignment to CorePointe of all of Chrysler's right, title and  interest in and to its claims against Hecker and the Assignors, including Chrysler's claims to proceeds from the SCA, Chrysler no longer has any claim against Hecker, the Assignors or to proceeds from the SCA.

24.     Chrysler claims an interest in proceeds from the SCA and believes that all or a portion of the payments owed under the SCA may constitute proceeds from collateral financed by Chrysler.

## THE PROPOSED SETTLEMENT

25.     Pursuant to the terms of the Settlement Agreement, GELCO has agreed to pay $4.1 million within five (5) days from the entry of an order approving the settlement.  The proceeds will be paid as follows: (a) $2,071,300.00 to the Trustee; (b) $1,528,700.00 to U.S. Bank; and (c) $500,000 to Chrysler.  In exchange, the Trustee, DHAG and Walden Fleet will release GELCO from all claims, and US Bank and CorePointe (as successor in interest to Chrysler with respect to the claims herein) have agreed to release GELCO from any other or further liability arising under or related to the SCA.

26.     U.S. Bank will release all other rights and interests it may have related to the SCA or any rights to payment thereunder, except he right to share ratably in the recovery through the proof of claim process in the above-captioned case.  CorePointe will similarly release its rights and interests related to the SCA or rights to payment under the SCA, except the right to share ratably in the recovery through the proof of claim process in the above-captioned case.

## RELIEF REQUESTED

27.     The Trustee believes that by entering into the Settlement Agreement, the Trustee will maximize the recovery of assets and distributions to creditors while minimizing the risks, costs, and delay in the administration of the Bankruptcy Case.

28.     The Trustee has evaluated and assessed the potential claims against GELCO, as well as the claims of US Bank and CorePointe to the proceeds from the SCA, and the anticipated litigation costs that will undoubtedly flow from protracted, multi-party litigation should this

matter not settle, and the Trustee believes that the Settlement Agreement is in the best interests of (i) the bankruptcy estate and its creditors; (ii) DHAG; and (iii) Walden Fleet.

29.     The parties negotiated the terms of the Settlement Agreement to resolve claims and avoid protracted litigation.  In light of the costs, expenses and risks associated with the commencement and prosecution of litigation, as well as the substantial benefit to the Estate of Dennis E. Hecker to be derived from the settlement, the Trustee has concluded that the pursuit of litigation to seek a final determination of these matters would be wasteful and unnecessary.

30.     Notice is hereby given that, if necessary, the Trustee, Randall L. Seaver, will testify at the hearing on this Motion in support of the Settlement Agreement.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order (i) authorizing the Trustee's entry into and performance in accordance with the terms of the Settlement Agreement; (ii) approving the releases granted in the Settlement Agreement; and (iii) granting such other and further relief as the Court may deem to be just, fair and equitable.

                                        LEONARD, O'BRIEN,
                                        SPENCER, GALE & SAYRE, LTD.

Dated: May 23, 2011                     By:___/e/ *James M. Jorissen*_____
                                           James M. Jorissen, #262833
                                           Matthew R. Burton, #210018
                                        100 South Fifth Street, Suite 2500
                                        Minneapolis, Minnesota  55402
                                        (612) 332-1030

                                        ATTORNEYS FOR RANDALL L. SEAVER
                                        TRUSTEE

## <u>VERIFICATION</u>

I, Randall L. Seaver, Chapter 7 Trustee for the Estate of Dennis E. Hecker, declare under penalty of perjury that the factual statements set forth in the foregoing Motion to Approve Settlement are true and correct to the best of my knowledge, information and belief.

Executed on May 23, 2011.

<i>/e/ Randall L. Seaver</i>
Randall L. Seaver, Trustee

439254

# EXHIBIT A

## SETTLEMENT AGREMENT

This SETTLEMENT AGREEMENT is made and entered into as of the ___ day of May, 2011, among and between the following parties:

- RANDALL L. SEAVER, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker (the "Trustee");

- GELCO CORPORATION (d/b/a GE Fleet Services) ("GELCO"), a Delaware corporation with business offices located at Three Capital Drive, Eden Prairie, Minnesota;

- U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank"), a national banking association with business offices located at 101 East Fifth Street, St. Paul, Minnesota;

- COREPOINTE CAPITAL FINANCE LLC ("COREPOINTE"), a Delaware limited liability company with business offices located at 401 S. Old Woodward Avenue, Suite 300, Birmingham, Michigan, as assignee of and successor to Chrysler Financial Services Americas LLC ("Chrysler");

- DENNY HECKER'S AUTOMOTIVE GROUP, INC. ("DHAG"), a Minnesota corporation with business offices located at 500 Ford Road, Minneapolis, Minnesota 55426; and

- WALDEN FLEET SERVICES II, INC. ("Walden Fleet"), a Minnesota corporation with business offices located at 500 Ford Road, Minneapolis, Minnesota 55426.

## RECITALS

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee for the Estate of Dennis E. Hecker in the bankruptcy case captioned *In re Dennis E. Hecker*, Bky. No. 09-50779 (Bankr. D. Minn.) (the "Bankruptcy Case"); and

WHEREAS, the Trustee asserts that prior to September 2005, the Debtor, Dennis E. Hecker (hereafter "the Debtor" or "Hecker"), through multiple entities he wholly-owned and controlled, operated fleet leasing businesses which purchased cars and light trucks and rented them to rental car companies; and

WHEREAS, the Trustee asserts that entities owned and controlled by Hecker and engaged in the fleet leasing businesses described above included (a) Rosedale Dodge, Inc. (d/b/a

Rosedale Leasing and d/b/a Rosedale Leasing, Inc.); (b) Walden Fleet;  (c) Walden Leasing, Inc.; (d) Walden Fleet Sales Group, Inc. (d/b/a Walden Automotive); (e) Rosedale Leasing of Minnesota, LLC; and (f) Rosedale Leasing of Minneapolis LLC (together the "Assignors"); and

WHEREAS, in 2005, (i) Walden Fleet, DHAG and other Assignors (each through Hecker and other representatives) and (ii) GELCO, negotiated terms for a transaction that would involve, among other things, GELCO's acquisition of certain fleet leasing assets owned by the Assignors and the assignment to GELCO of (i) claims against Rosedale Dodge, Inc. held by Chrysler, and (ii) claims against Walden Fleet held by U.S. Bank; and

WHEREAS, the transaction contemplated, among other things, the payment of $20 million to Rosedale Dodge, Inc. and Walden Fleet at closing and certain incentive payments payable over time to Walden Fleet and DHAG or certain qualified designees subsequently designated by Walden Fleet and DHAG, including Hecker; and

WHEREAS, on or about September 30, 2005, GELCO and the Assignors entered into an Assignment, Assumption, Non-Competition and Non-Solicitation Agreement (the "Assignment and Assumption") setting forth the terms and conditions upon which GELCO (i) acquired from the Assignors certain leasing and other assets specified therein, and (ii) assumed certain liabilities of the Assignors; and

WHEREAS, in connection with the Assignment and Assumption, GELCO also purchased and received separate assignments of existing indebtedness owed to (i) U.S. Bank by Walden Fleet, and (ii) Chrysler by Rosedale Dodge, Inc. relating to the leasing assets acquired; and

WHEREAS, also in connection with the Assignment and Assumption, on September 30, 2005, GELCO entered into a Sales Commission Agreement (the "SCA") with Hecker, DHAG and Walden Fleet; and

WHEREAS, pursuant to the terms of the SCA, GELCO agreed to make an initial advance of $7,500,000 and subsequent incentive payments (including monthly $75,000 advances on the anticipated annual incentive payments) to be determined through application of formulas based on the size and composition of the leasing fleets; and

WHEREAS, the SCA provided that payments were to be made to the "Service Provider," defined in the preamble to the SCA as DHAG and Walden Fleet; and

WHEREAS, Walden Fleet and DHAG, through Hecker, were obligated to provide various services related to the leasing businesses in exchange for the payments made and to be made under the terms of the SCA; and

WHEREAS, under the terms of the SCA, Walden Fleet and DHAG had the right to assign their respective rights to payments under the SCA to Hecker or any entities in which Hecker possessed a 90% ownership interest without GELCO's consent; and

WHEREAS, in December 2008, pursuant to direction made by Walden Fleet and DHAG, GELCO did distribute funds due under the SCA to one of Hecker's personal accounts; and

WHEREAS, in November 2008, Walden Fleet, DHAG and Hecker each defaulted on guaranties of indebtedness owed to GELCO by Rosedale Leasing LLC, Rosedale Dodge, Inc. and Southwest-Tex Leasing Co., Inc.,, and GELCO, on account of such defaults subsequently heldand set off amounts owed under the SCA against amounts owed to GELCO under such guaranties; and

WHEREAS, on or about June 4, 2009, Hecker filed a voluntary petition (the "Petition") for relief under Chapter 7 of the United States Bankruptcy Code; and

WHEREAS, U.S. Bank asserts that it possesses a properly perfected pre-petition security interest in the rights to payment and other general intangibles of Walden Fleet; and

WHEREAS, subsequent to the filing of the Petition, GELCO informed the Trustee that it was holding proceeds from the SCA and that U.S. Bank claimed that it was entitled to some or all of the proceeds by virtue of its security interest in the general intangibles of Walden Fleet; and

WHEREAS, on or about February 27, 2010, the Bankruptcy Court entered judgment in *Chrysler Financial Services Americas, LLC v. Dennis E. Hecker*, Adv. No. 09-05019 (the "Chrysler Adversary") excepting from discharge debts owing from Hecker to Chrysler; and

WHEREAS, on March 26, 2010, GELCO sent to the Service Providers, through their designated notice party Hecker, a notice of termination of the SCA "for cause," citing, among other things, the judgment entered in the Chrysler Adversary, as the basis for the termination; and

WHEREAS, as of the time of GELCO's termination of the SCA, there was approximately $2.1 million in incentive payments that had accrued but not been distributed under the SCA; and

WHEREAS, subsequent to receipt of the March 26, 2010 termination letter, the Trustee undertook to investigate potential claims in favor of the Estate in view of GELCO's termination of the SCA; and

WHEREAS, the Trustee holds all of the right, title and interest of DHAG under the SCA pursuant to a judgment entered in an Adversary Proceeding captioned *Randall L. Seaver v. Denny Hecker's Automotive Group, Inc.*, Adv. No. 10-5040 (Bankr. D. Minn.); and

WHEREAS, the Trustee, by virtue of his succession to the rights of Hecker, is the sole shareholder of Walden Fleet; and

WHEREAS, pursuant to an Order issued in settlement of various adversary proceedings the Trustee had commenced against Cornerstone Bank, the Trustee possesses a first priority lien and security interest in and to all of Hecker's general intangibles, including all rights to payment; and

WHEREAS, in March 2011, the Trustee made demand upon GELCO to turn over and pay in full all amounts due and owing under the terms of the SCA and has asserted, among other things, that GELCO breached and improperly terminated the SCA; and

WHEREAS, GELCO has informed the Trustee of various defenses and offsets GELCO may have to the Trustee's claims in relation to the SCA; and

WHEREAS, U.S. Bank claims an interest in the proceeds from the SCA pursuant to its security interest; and

WHEREAS, CorePointe represents and warrants that Chrysler assigned all of its right, title and interest in and to its claims against Hecker and the Assignors, including its claims to proceeds from the SCA, to CorePointe and, as a result of such assignment, Chrysler holds or claims no interests relating to the SCA; and

WHEREAS, CorePointe claims an interest in the proceeds from the SCA and believes that payments owed under the SCA may constitute proceeds from collateral financed by Chrysler; and

WHEREAS, the Trustee claims an interest in the proceeds from the SCA on behalf of the bankruptcy estate of Dennis E. Hecker; and

WHEREAS, a *bona fide* dispute exists, among and between the parties, as to their respective rights, obligations and entitlements in relation to the SCA and payments owed, if any, under the SCA; and

WHEREAS, the parties hereto are mutually desirous of resolving all disputes among and between them related to the SCA and payments owed, if any, under the terms of the SCA, upon the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual promises and undertakings of the parties as set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereto hereby acknowledge,

## **AGREEMENT**

IT IS HEREBY AGREED, among and between the parties, as follows:

1.    <u>Payment to Trustee</u>.  Within five (5) business days of Bankruptcy Court approval of this Settlement Agreement, GELCO agrees to pay to the Trustee the sum of Two Million Seventy One Thousand Three Hundred Dollars and 00/100 Cents ($2,071,300.00).  Payment shall be made in good and immediately available funds via cashier's check or bank draft payable to "Randall L. Seaver, Hecker Trustee" or his order, and delivered to the Trustee at 12400 Portland Avenue South, Suite 132, Burnsville, Minnesota  55337.

2.    <u>Payment to U.S. Bank</u>.  Within five (5) business days of Bankruptcy Court approval of the Settlement Agreement, GELCO agrees to pay to U.S. Bank the sum of One Million Five Hundred Twenty Eight Thousand Seven Hundred Dollars and 00/100 Cents ($1,528,700.00). Payment shall be made in good and immediately available funds via cashier's check or bank draft payable to "U.S. Bank National Association" by delivery to Monica Clark, counsel for U.S. Bank.

3.    <u>Payment to CorePointe</u>.  Within five (5) business days of Bankruptcy Court approval of the Settlement Agreement, GELCO agrees to pay to CorePointe the sum of Five

Hundred Thousand Dollars and 00/100 Cents ($500,000.00). Payment shall be made in good and immediately available funds via cashier's check or bank draft payable to "CorePointe Capital Finance LLC" by delivery to Stephen Grinnell, counsel for CorePointe.

4. <u>Release by U.S. Bank</u>. Upon U.S. Bank's receipt of the payment specified in Paragraph 2 above, U.S. Bank agrees to release any and all- rights or interests, of whatever kind, nature or description, arising under or related to the SCA or any payments due or to become due to the Trustee or any other party thereunder, other than through the proof of claim process in the Bankruptcy Case. U.S. Bank claim no. 63-1 in the Bankruptcy Case shall be reduced in an amount equal to the payment received by U.S. Bank pursuant to this Settlement Agreement.

5. <u>Release by CorePointe</u>. Upon CorePointe's receipt of the payment specified in Paragraph 3 above, CorePointe agrees to release any and all rights or interests, of whatever kind, nature or description, arising under or related to the SCA or any payments due or to become due to the Trustee or any other party thereunder, other than through the proof of claim process in the Bankruptcy Case. CorePointe acknowledges that Chrysler's claim in the Bankruptcy Case (which claim has been transferred and assigned by Chrysler to CorePointe) shall be reduced in an amount equal to the payment received by CorePointe pursuant to this Settlement Agreement.

6. <u>Release of GELCO by Trustee and Hecker Entities</u>. Upon the Trustee's receipt of full and timely payment from GELCO in accordance with Paragraph 1 above: (a) the Trustee, for and on behalf of the Estate of Dennis E. Hecker, (b) DHAG; and (c) Walden Fleet, and (as applicable) their respective parents, affiliates, divisions, subsidiaries, officers, directors, shareholders, governors, managers, members, partners, agents, employees, representatives and attorneys, and their respective heirs, predecessors, successors, subrogees and assigns, and each of

them, hereby release, acquit and forever discharge GELCO, and (as applicable) its parents, affiliates, divisions, subsidiaries, officers, directors, shareholders, governors, managers, members, partners, agents, employees, representatives and attorneys, and their respective heirs, predecessors, successors, subrogees and assigns, and each of them, of and from any manner of action or actions, causes of action, claims, damages, debts, demands, executions, expenses, judgments, liabilities or losses, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, legal or equitable, and whether sounding in tort, contract, equity or otherwise, including without limitation any claims for avoidance and/or recovery under Part 5 of Title 11 of the United States Code.

7.      Release of GELCO by U.S. Bank and CorePointe.  Upon their receipt of full and timely payment from GELCO as specified in Paragraphs 2 and 3 above, U.S. Bank and CorePointe, for itself and as successor in interest to Chrysler, and (as applicable) their respective parents, affiliates, divisions, subsidiaries, officers, directors, shareholders, governors, managers, members, partners, agents, employees, representatives and attorneys, and their respective heirs, predecessors, successors, subrogees and assigns, and each of them, hereby release, acquit and forever discharge GELCO, and (as applicable) its parents, affiliates, divisions, subsidiaries, officers, directors, shareholders, governors, managers, members, partners, agents, employees, representatives and attorneys, and their respective heirs, predecessors, successors, subrogees and assigns, and each of them, of and from any manner of action or actions, causes of action, claims, damages, debts, demands, executions, expenses, judgments, liabilities or losses, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, legal or equitable,

and whether sounding in tort, contract, equity or otherwise, arising out of or relating to the SCA or any right of payment arising under the SCA.

8.      <u>Bankruptcy Court Approval</u>.   This Settlement Agreement is expressly made conditional upon Bankruptcy Court approval.   All parties agree to cooperate in seeking Bankruptcy Court approval of this Settlement Agreement.

9.      <u>Further Assurances</u>.  Should any additional instruments be necessary or desirable to accomplish the purpose of this Settlement Agreement, such additional instruments will be promptly executed and delivered upon request.  The Trustee shall, immediately upon execution of this Settlement Agreement, take such actions as are necessary to obtain an order, in form and substance acceptable to the parties, approving this Settlement Agreement.

10.     <u>Representations and Warranties of the Parties</u>.  Each party to this Settlement Agreement warrants and represents to each of the other parties as follows:

a.      The parties to this Settlement Agreement have received independent legal advice from attorneys of their own choosing with respect to the advisability of executing this Settlement Agreement, and prior to the execution of this Settlement Agreement by each party, such party's attorneys reviewed this Settlement Agreement at length and made all desired changes.

b.      Except as expressly stated in this Settlement Agreement, no party to this Settlement Agreement has made any statement or representation to any other party to this Settlement Agreement regarding any fact relied upon by such other party in entering into this Settlement Agreement, and each party specifically does not rely upon any statement, representation, or promise of the other party in executing this Settlement Agreement,

except as expressly stated in this Settlement Agreement. There are no other agreements or understanding between the parties, except as stated in this Settlement Agreement.

c.  Each party to this Settlement Agreement, together with its attorneys, has made such investigation of the facts pertaining to this Settlement Agreement, and of all other matters pertaining thereto, as it deems necessary.

d.  The terms of this Settlement Agreement are contractual, not a mere recital, and this Settlement Agreement is the result of negotiations between the parties to this Settlement Agreement, each of which has participated in the drafting of this Settlement Agreement through its respective attorneys.

e.  This Settlement Agreement has been carefully read by, the contents hereof are known and understood by, and it is signed freely by each person executing this Settlement Agreement.

f.  Each party to this Settlement Agreement has the power and authority to enter into and perform this Settlement Agreement, and the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate or other appropriate organizational action.

g.  Each party to this Settlement Agreement agrees that such party will not take any action that would interfere with the performance of this Settlement Agreement by the other parties or that would adversely affect any of the rights provided for in this Settlement Agreement.

11.  No Representation Regarding Tax Implications.  No party hereto makes any representations or warranties relating to any tax implications or consequences that may arise as a

result of the payment of the settlement and/or the performance of any other undertaking by any party as set forth herein.  Each party has obtained its own, independent tax advice in connection with this Settlement Agreement and has not relied upon any other party for such advice.

12.     Integration.  This Settlement Agreement represents a single, integrated, written contract expressing the entire agreement of the parties hereto with respect to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any party to this Settlement Agreement, except as expressly set forth in this Settlement Agreement.  All prior discussions and negotiations have been and are merged into, and are superseded by, this Settlement Agreement.  This Settlement Agreement may not be supplemented, changed, or modified orally and may be modified only by written agreement executed by each of the parties hereto.  The Recitals of the parties, as set forth above, constitute an integral part of this Settlement Agreement.

13.     Severability.  In the event any provision of this Settlement Agreement shall be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect.

14.     Governing Law; Venue.  This Settlement Agreement shall be construed in accordance with, and governed by, the internal laws of the State of Minnesota, without regard to any choice of law rules.  Subsequent to approval of this Settlement Agreement, the Bankruptcy Court shall retain continuing jurisdiction over any dispute arising under or related to the Settlement Agreement, and each Party hereto hereby consents to the exclusive jurisdiction and venue of such court, and expressly waives any and all defenses based on lack of personal jurisdiction, improper venue, or forum non conveniens.

15.     Construction.  The terms of this Settlement Agreement shall be construed in an evenhanded manner as between the parties.  Should it be determined that there is a lack of clarity or ambiguity as regards any of the language of this Settlement Agreement, the issue of the meaning of such language shall be resolved in a manner consistent with the relevant terms of the Settlement Agreement and without regard to authorship.

16.     **WAIVER OF JURY TRIAL**.  **THE PARTIES HERETO EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR IN ANY WAY RELATING TO THIS SETTLEMENT AGREEMENT.**

17.     Execution in Counterparts, Facsimile and/or Electronic Signatures.  This Settlement Agreement may be executed and delivered by facsimile and/or as an electronic image in PDF format and in two or more counterparts, each of which, when so delivered, shall be an original; but such counterparts shall together constitute but one and the same instrument and agreement.  This Settlement Agreement shall be deemed to be executed upon the last day any such counterpart is executed.

**{Signatures Appear on the Following Pages}**

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives as of the date set forth below.

Dated:_____

_____
Randall L. Seaver, Trustee

Dated:_____

GELCO CORPORATION, d/b/a GE Fleet Services, a Delaware corporation

By:_____

Its:_____

Dated:_____

U.S. BANK NATIONAL ASSOCIATION, a national banking association

By:_____

Its:_____

Dated:_____

COREPOINTE CAPITAL FINANCE LLC, a Delaware limited liability company, as assignee of and successor in interest to Chrysler Financial Services Americas LLC

By:_____

Its:_____

Dated:_____

DENNY HECKER'S AUTOMOTIVE
GROUP, INC., a Minnesota corporation


By:_____
   Randall L. Seaver, Trustee
In his Capacity as Sole Shareholder
and secured creditor of the company


Dated:_____

WALDEN FLEET SERVICES II, INC., a
Minnesota corporation


By:_____
   Randall L. Seaver, Trustee
In his Capacity as Sole Shareholder
and secured creditor of the company

_____

In re:                                                                 Bky. No.:  09-50779

Dennis E. Hecker,                                                                        Chapter 7

       Debtor.

_____

## MEMORANDUM IN SUPPORT OF
## MOTION TO APPROVE SETTLEMENT

_____

## INTRODUCTION

Randall L. Seaver (the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Dennis

E. Hecker, respectfully submits this Memorandum in Support of his verified Motion to Approve

Settlement Agreement.  The Trustee believes that the compromises embodied in the proposed

settlement are in the best interests of the estate.  Approval of the settlement will avoid litigation

expense and uncertainty, preserve assets of the bankruptcy estate and result in a significant

recovery.

## STATEMENT OF FACTS

The Trustee incorporates by reference the factual matters set forth in the accompanying

verified Motion as though fully set forth herein.

## ARGUMENT

Federal Rule of Bankruptcy Procedure 9019 provides in pertinent part that "[o]n motion

by the trustee, and after notice and a hearing, the court may approve a compromise or

settlement."  Fed. R. Bankr. P 9019(a).  The law favors settlements.  Indeed, "[t]he general

principle that the law favors settlement agreements has been recognized" in the federal courts for

well over one-hundred years. *Liddell by Liddell v. Bd. Of Educ. Of City of St. Louis*, 126 F.3d

1049, 1056 n. 9 (8th Cir. 1997) (citing *Williams v. First Nat'l Bank*, 216 U.S. 582, 595, 30 S.Ct. 441, 445, 54 L.Ed. 625 (1910) (compromises favored by federal courts) (citing *Hennessy v. Bacon*, 137 U.S. 78, 11 S.Ct. 17, 34 L.Ed. 605 (1890)).

The decision to approve a settlement is committed to the sound discretion of the Bankruptcy Court. *Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135-36 (8th Cir. 1984). In ruling on a motion pursuant to Rule 9019(a), a court must whether the proposed settlement is fair, equitable and in the best interests of the estate. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). There are, however, no perfect settlements, merely a range of reasonable settlements. *PW Enterprises, Inc. v. Kaler* (*In re Racing Services, Inc.*) 332 B.R. 581, 586 (8th Cir. BAP 2005). Courts, moreover, are not to substitute their own judgment for that of the trustee or otherwise require that the settlement be the best available. *In re Hanson Indus., Inc.* 88 B.R. 942, 945 (Bankr. D. Minn. 1988). Instead, a settlement should be approved unless it "falls below the lowest point in the realm of reasonableness." *In re Hanson Indus., Inc.*, 88 B.R. at 945 (quoting *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ill. 1987)); *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (court should sanction settlement unless it "falls below the lowest point in the range of reasonableness.")

In gauging whether a settlement falls within the broad "range of reasonableness," courts consider the following factors: (a) the probability of success in litigation; (b) the likely difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors; and (e) whether the agreement promotes the integrity of the judicial process. *In re Hancock-Nelson Mercantile Co., Inc.*, 95 B.R. 982, 990 (Bankr. D. Minn. 1989 (citing *Drexel v.*

*Loomis*, 35 F.2d 800, 806 (8th Cir. 1929). A Court may approve a settlement, even over objections, if the settlement is found to be in the best interests of the estate as a whole. *La'Teacha Tigue v. Sosne (In re La'Teacha Tigue)*, 363 B.R. 67, 72 (8th Cir. BAP 2007) (*citing Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984)). Application of the above factors in the context of the instant Motion clearly favors approval of the Settlement Agreement

## I.      PROBABILITY OF SUCCESS

The proposed settlement resolves fully several parties' competing claims to proceeds payable under the SCA. The amount GELCO has agreed to pay, moreover, represents in excess of 80% of that which would have been owed under the SCA assuming no breach by any party to the agreement. The Trustee has evaluated the estate's claims and the probable claims and defenses of the other parties to the Settlement Agreement. While the Trustee believes that the estate's claims are meritorious, there are no guaranties in litigation, and it is at least conceivable that the pursuit of litigation to its conclusion might produce a lesser recovery for the estate.

## II.     DIFFICULTIES IN COLLECTION

To the best of the Trustee's knowledge, GELCO is a solvent entity. It therefore appears that collection would likely not be an issue if the Trustee were to prevail on his claims. What is clear, however, is that getting to the collection stage will involve substantial expenditure of time and resources through trial and perhaps multiple levels of appeal. Anticipated difficulties attendant to obtaining, defending and someday executing upon a judgment are thus not insignificant. Further, both US Bank and Chrysler claim an interest in the proceeds under the SCA in competition with the interest of the estate. Resolution of these issues through the

Settlement Agreement ensures that a substantial portion of the settlement, approximately $2.1 million, will remain in the bankruptcy estate of Dennis E. Hecker.

## III.     COMPLEXITY OF THE LITIGATION

Litigation surrounding the rights and obligations of the parties in relation to the SCA will unquestionably be complex.  Among other things, the litigation will of necessity entail an examination of the sufficiency of the parties' performance under the SCA.  Discovery related to this topic will be expensive and time consuming.  Expense and complexity weigh in favor of the settlement.

## IV.     INTERESTS OF CREDITORS

Finally, the interests of creditors are best served by the settlement.  Through the settlement, the Trustee will recover $4.1 million for the benefit of the estate and its creditors. More than $2 million of this amount will ultimately be retained by the estate.  The Settlement Agreement also resolves claims, avoids protracted and expensive litigation, and it is therefore in the best interest of the creditors and the estate.

## CONCLUSION

The Trustee believes the settlement is in the best interest of the estate.  While the Trustee believes that the estate's claims are meritorious and that the Trustee would prevail in litigation, that outcome is by no means a certainty.  Proving up those claims, moreover, would be complex and extremely expensive, potentially reducing the overall return to the estate.  Inherent in pursuing the claims to their conclusion is the risk that the claims fail and the estate will have expended significant sums with no gain.  The settlement will bring in funds to the estate and eliminate risk.  The Trustee is charged with maximizing the return for the estate.  This settlement preserves assets of the estate while simultaneously generating significant revenue for the estate.

The Trustee, therefore, respectfully requests that the Settlement Agreement GELCO, US Bank

and Chrysler be approved.

LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE, LTD.

Dated: May 23, 2011                    By:    /e/ James M. Jorissen
                                            James M. Jorissen, #262833
                                            Matthew R. Burton, #210018
                                       100 South Fifth Street, Suite 2500
                                       Minneapolis, Minnesota  55402
                                       (612) 332-1030

                                       ATTORNEYS FOR RANDALL L. SEAVER
                                       TRUSTEE

In re:                                                                          BKY No.:  09-50779

Dennis E. Hecker,                                                                          Chapter 7

                        Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2011, I caused the following documents:

      1.      Notice of Hearing and Motion to Approve Settlement Agreement;

      2.      Memorandum in Support of Motion to Approve Settlement;

      3.      Proposed Order.

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following:

SEE ATTACHED SERVICE LIST

                                        /e/  Valerie Rittenbach

Dated:  May 23, 2011                  _____
                                        Valerie Rittenbach
                                        100 South Fifth Street, Suite 2500
                                        Minneapolis, MN  55402
                                        (612) 332-1030

439232

UNITED STATES RENT A CAR
4744 PARADISE ROAD
LAS VEGAS, NV  89121

ACE INSURANCE COMPANY
P.O. BOX 294836
CLEVELAND OH 44101

ALDRIDGE, DAN
1600 KENWOOD PKWY.
MINNEAPOLIS MN 55405

ALLEN EIDE
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

AMERICAN BANK
1060 DAKOTA DRIVE
MENDOTA HEIGHTS MN 55120

AMERICAN EXPRESS
P. O. BOX 0001
LOS ANGELES CA 90096

AMERICAN NAT'L BANK OF MN
7638 WOIDA RD
BAXTER MN 56425

ANCHOR BANK
1570 CONCORDIA AVE
SAINT PAUL MN 55104

ANCHOR BANK
P.O. BOX 7933
MADISON WI 53707

AV CARD/OASIS
164 LAKE FRONT DR
COCKEYSVILLE MD 21030

AXIS CAPITAL, INC.
308 N LOCUST ST
PO BOX 2555
GRAND ISLAND NE 68802

AXLE CAPITAL, LLC / SAGECREST
3 PICKWICK PLAZA
GREENWICH CT 06830

AMERICAN BANK
1578 UNIVERSITY AVENUE W
SAINT PAUL, MN 55104

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

BARBARA LYNN CUTTER
10175 SPRING MTN. ROAD, #1151
LAS VEGAS, NV 89117

BAYPORT MARINA ASSOCIATION
200 5TH STREET
BAYPORT MN 55003

BELISLE, WAYNE
1843 EAGLE RIDGE DR
SAINT PAUL MN 55118

BELLAGIO
3600 LAS VEGAS BLVD
LAS VEGAS NV 89109

BREICH, WALTER
13670 -- 122ND STREET
NORWOOD YOUNG AMERICA MN
55368

BREMER BANK
633 SOUTH CONCORD STREET,
SUITE 350
SOUTH ST. PAUL MN 55075

BRIGGS & MORGAN PA
2200 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS MN 55402

C AND C BOAT WORKS
36448 CTY RD 66
CROSSLAKE MN 56442

CA BOARD OF EQUALIZATION
PO BOX 942879
SACRAMENTO CA 94279-7072

CA DEPT OF MOTOR VEHICLES
PO BOX 942869
SACRAMENTO CA 94269-0001

CARLTON FINANCIAL
CORPORATION
PO BOX 580
WAYZATA, MN 55391-0580

CENTER POINT ENERGY
P.O. BOX 1144
MINNEAPOLIS MN 55440

CESSNA AIRCRAFT COMPANY
P.O. BOX 12270
WICHITA KS 67277

CHRYSLER FINANCIAL
CIMS 740-01-19
6400 S FIDDLERS GREEN CIR.,
STE. 700
ENGLEWOOD CO 80111-4979

CITY OF ASPEN
130 S. GALENA ST.
ASPEN CO 81611

CITY OF BAYPORT
294 N. 3RD STREET
BAYPORT MN 55003

CITY OF MEDINA
2052 CO RD 24
HAMEL MN 55340

COMMUNITY NATIONAL BANK
845 EAST COUNTY ROAD E
VADNAIS HEIGHTS MN 55127

D&H DOCKS
23624 SMILEY ROAD
NISSWA, MN 56468

COOPERATIVE POWER
P.O. BOX 69
TWO HARBORS MN 55616

CORNERSTONE BANK
2280 45TH STREET SOUTH
FARGO, ND  58104

CROSSLAKE PROPERTY
SOLUTIONS
P.O. BOX 810
CROSSLAKE MN 56442

CROW WING COUNTY
TREASURER
JUDICIAL CENTER
213 LAUREL ST
BRAINERD MN 56401

DEERWOOD BANK
611 WASHINGTON STREET NE
BRAINERD MN 56401-3377

DON GILBERT
1700 PHEASANT RUN
HUDSON WI 54016

DONALD M HALSTEAD III
15626 SUNSET WAY
BRAINERD MN 56401

ELIZABETH A JOHNSON
PO BOX 624
PINE RIVER MN 56474

ENCORE BANK
3003 TAMIAMI TRAIL NORTH, #100
NAPLES FL 34103

EXXONMOBILE OIL
CORPORATION
ATTN JENNIFER FRASER
120 MCDONALD STREET SUITE B
SAINT JOHN NB CANADA E2J 1M5

FAMILY HOLDINGS OF MN LLC
11614 ECHO BAY DRIVE
CROSSLAKE MN 56442

FIFTH THIRD BANK
C/O RICHARD J. SWIFT, JR.
GARLICK STETLER & SKRIVIAN
9115 CORSEA DE FONTANA WAY,
#100
NAPLES FL 34109

GE CAPITAL
1415 WEST 22ND STREET, #600
OAKBROOK IL 60523

GE CAPITAL, FLEET SERVICES
3 CAPITAL DRIVE
EDEN PRAIRIE MN 55344

GELCO CORPORATION
THREE CAPITAL DRIVE
ATTN: GENERAL COUNSEL
EDEN PRAIRIE MN 55344

GEMB LENDING INC
2995 RED HILL AVE STE 250
COSTA MESA CA 92626

GEMB LENDING, INC.
P.O. BOX 57091
IRVINE CA 92619

GMAC MORTGAGE
1100 VIRGINIA DRIVE
FORT WASHINGTON, PA 19034

GMAC MORTGAGE
P.O. BOX 4622
WATERLOO IA 50704

GMAC, LLC
15303 94TH AVENUE
ORLAND PARK IL 60462

GWYN M DOENZ
10600 COUNTRY DRIVE
PINE CITY MN 55063

HECKER, SANDRA
13755 - 84TH PL N
MAPLE GROVE MN 55369

HENNEPIN COUNTY TREASURER
300 S SIXTH ST
A600 GOVERNMENT CNT
MINNEAPOLIS MN 55487

HOLY CROSS ENERGY
3799 HWY 82
GLENWOOD SPRINGS CO 81602

HOME FEDERAL SAVINGS BANK
1016 CIVIC CENTER DR NW
STE 300
ROCHESTER MN 55903

HSBC BANK NEVADA NA
BASS & ASSOCIATES, PC
3936 E FT LOWELL RD, STE 200
TUCSON AZ 85712

HYUNDAI MOTOR AMERICA
10550 TALBERT AVE
MOUNTAIN VALLEY CA 92708

INTER BANK
P.O. BOX 986
NEWARK NJ 07184

INTERBANK EDINA
3400 WEST 66TH STREET, SUITE
100
EDINA MN 55435

INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
389 US COURTHOUSE 316 N
ROBERT
ST. PAUL MN 55101

IRS
DEPARTMENT OF TREASURY
OGDEN UT 84201

JACOB HOLDINGS OF MEDINA,
LLC
500 FORD RD
MINNEAPOLIS MN 55426

JACOB PROPERTIES OF ASPEN,
LLC
500 FORD RD
MINNEAPOLIS MN 55426

JASON S. COLBAUGH
1914 OAK STREET
BRAINERD MN 56401-3811

JAVAN CARL
13942 GRAND OAKS DR
BAXTER MN 56425

JAVER ESQUIVEL
2807 W AVE 30
LOS ANGELES CA 90065

JC BROMAC
11860 S. LA CIENEGA BLVD.
LOS ANGELES CA 90250

JOHN J. SORCI TRUST
2300 EAST VALLEY COURT
SAN JOSE CA 95148

JP MORGAN CHASE BANK, N.A.
726 MADISON AVENUE
NEW YORK NY 10021

KAPLAN STRANGIS & KAPLAN PA
5500 WELLS FARGO CENTER
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

KELLY K. HECKER
13905 - 53RD AVE N. APT. 1
PLYMOUTH MN 55446

KLEINBANK
14141 GLENDALE ROAD
SAVAGE MN 55378

KSTP-FM LLC
3415 UNIVERSITY AVE
SAINT PAUL MN 55114

LAKE BANK, N.A., THE
613 FIRST AVENUE
TWO HARBORS MN 55616

LLOYD SECURITY
204 N. FIRST STREET
MINNEAPOLIS MN 55401

MICHAEL B. LUBIC
10100 SANTA MONICA BLVD, 7TH FL.
LOS ANGELES, CA 90067

M&I BANK
770 N. WATER STREET
MILWAUKEE WI 53202

MAC OF PINE CITY, LLC
3221 32ND AVENUE SOUTH
SUITE 900
GRAND FORKS ND 58201

MARC D. KOHL
39101 DARLING LANE
HINCKLEY MN 55037

MARC E TRESSLER
147C W. 116TH AVE, APT. 17
DENVER CO 80234-2853

MARSH CONSUMER
333 SOUTH SEVENTH, STE 1600
MINNEAPOLIS MN 55402-2427

MARSHALL BANK FIRST
225 SOUTH SIXTH STREET, SUITE
2900
MINNEAPOLIS MN 55402

MCENROE, CATHERINE
LEONARD STREET & DEINARD
150 S FIFTH ST STE 2300
MINNEAPOLIS MN 55402

MICHAEL REYES
PO BOX 205
BACKUS MN 56435

MIKDEN PROPERTIES
7002 6TH STREET NORTH
OAKDALE MN 55128

MINNESOTA DEPT. OF REVENUE
MAIL STATION 7701
SAINT PAUL MN 55146-7701

MINNESOTA DEPT. OF REVENUE
PO BOX 64649
SAINT PAUL MN 55164-0649

MN DEPT OF PUBLIC SAFETY
DRIVER & VEHICLE SERVICES
445 MINNESOTA ST
SAINT PAUL MN 55101-5160

NATHAN THIEMAN
1030 8TH AVE SW
PINE CITY MN 55063

NEIMAN MARCUS
P.O. BOX 5235
CAROL STREAM IL 60197

NEVADA STATE BANK
6505 NORTH BUFFALO DRIVE
LAS VEGAS NV 89131

NIEDERNHOEFER, MANFRED
1563 RIVERCREST RD
LAKELAND MN 55043

NITROGREEN
P.O. BOX 41
MAPLE PLAINE MN 55359

NORTHMARQ CAPITAL
3500 AMERICAN BLVD WEST,
SUITE 500
BLOOMINGTON MN 55431

NORTHRIDGE FARM
ASSOCIATION
P.O. BOX 767
WAYZATA MN 55391

NORTHWOODS BANK
PO BOX 112
PARK RAPIDS MN 56470

OLD REPUBLIC SURETY
1503 - 42ND ST
STE 100
DES MOINES IA 50305

PRALLE, GARY
3625 PINE HOLLOW PL
STILLWATER MN 55082

PREMIER AQUARIUM
6340 IRVING AVE S.
RICHFIELD MN 55423

PREMIER BANKS
1875 W. HIGHWAY 36
ROSEVILLE MN 55113

PRESS A DENT INC
1154 S HIGH ST
DENVER CO 80210

PRINDLE, DECKER & AMARO, LLP
310 GOLDER SHORE - 4TH FLOOR
LONG BEACH CA 90802

PROFESSIONAL SERVICE
BUREAU
11110 INDUSTRIAL CIRCLE NW
STE B
ELK RIVER MN 55330-0331

MICHAEL W. MALTER
BINDER & MALTER LLP
2775 PARK AVENUE
SANTA CLARA, CA 95050

R. OLSON / WATERFORD
PROPERTIES
73 N. BROADWAY
FARGO ND 58102

RANDY'S SANITATION
P.O. BOX 169
DELANO MN 55328

RIVERLAND BANCORPORATION
700 SEVILLE DRIVE
JORDAN MN 55352

RIVERWOOD BANK
LOAN PRODUCTION OFFICE
PO BOX 899
CROSSLAKE MN 56442

ROE, JESSICA LIPSKY, ESQ.
BERNICK LIFSON ET AL
500 WAYZATA BLVD STE 1200
MINNEAPOLIS MN 55416

ROYAL JEWELERS
73 BROADWAY
FARGO, ND 58102

RUTH ANN BIEDERMAN
414 7TH AVE NE
PINE CITY MN 55063

SCHUYLER SCARBOROUGH
19181 SPENCER ROAD UNIT #15
BRAINERD MN 56401

SCOTT A. KEYPORT
1802 AIRWAVES RD NE
PINE CITY MN 55063

SILVER CLIFF ASSOCIATION
1201 CEDAR LAKE RD S.
MINNEAPOLIS MN 55416

SOURCE GAS
P.O. BOX 660474
DALLAS TX 75266

ST. CROIX YACHT CLUB
P.O. BOX 2263
STILLWATER MN 55082

STATE OF MINNESOTA DEPT OF
REVENUE
600 NORTH ROBERT STREET
ST. PAUL MN 55101

STORCHECK CLEANERS
857 7TH STREET
ST. PAUL MN 55106

SUMMERS PROPERTY
MANAGEMENT
111K AABC
ASPEN CO 81611

TCF NATIONAL BANK
801 MARQUETTE AVENUE
MINNEAPOLIS MN 55402

TCHIDA, BRYANT D., ESQ.
LEONARD STREET & DEINARD
150 S 5TH ST STE 2300
MINNEAPOLIS MN 55402

THE MIRAGE CASINO-HOTEL
C/O MARK W. RUSSELL ESQ
3400 LAS VEGAS BLVD S
LAS VEGAS NV 89109

TOYOTA FINANCIAL SAVINGS
BANK
2485 VILLAGE VIEW DRIVE
SUITE 200
HENDERSON NV 89074

TOYOTA FINANCIAL SERVICES
301 CARLSON PKWY, STE. 210
MINNETONKA MN 55305

TOYOTA MOTOR CREDIT CORP
301 CARLSON PKWY STE 210
MINNETONKA MN 55305

U.S. BANK
BC-MN-H22A
800 NICOLLET MALL, 22ND
FLOOR
MINNEAPOLIS MN 55402

US BANK VISA CARD
P.O. BOX 790408
ST. LOUIS MO 63179

VENTURE BANK
5601 GREEN VALLEY DRIVE
SUITE 120
BLOOMINGTON MN 55437

VFS FINANCING, INC.
10 RIVERVIEW DR
ATTN BETH BONELL
DANBURY CT 06810

VICTORIA INSURANCE
1100 LOCUST STREET
DES MOINES IA 50391

VISION BANK
3000 25TH ST. SOUTH
P.O. BOX 10008
FARGO ND 58106

WAGENER, MAURICE J.
13700 WAYZATA BLVD
HOPKINS MN 55305

WASHINGTON COUNTY
TREASURER
GOVERNMENT CENTER
14949 - 62ND ST N
STILLWATER MN 55082

WASHINGTON MUTUAL BANK,
FA
400 E MAIN ST
STOCKTON CA 95290

WASTE PARTNERS
P.O. BOX 677
PINE RIVER MN 56474-0677

WATERFORD ASSOCIATION
P.O. BOX 1353
MINNEAPOLIS MN 55480-1353

WAYNE BELISLE
1843 EAGLE RIDGE
MENDOTA HEIGHTS MN 55118

WELLS FARGO
C/O DAVID GALLE
45 SOUTH SEVENTH ST, STE 3300
MINNEAPOLIS MN 55402

WELLS FARGO BANK N.A.
LOAN ADJUSTMENT GROUP
90 SOUTH 7TH STREET
MINNEAPOLIS MN 55402

WELLS FEDERAL BANK
53 FIRST ST. SW
WELLS MN 56097

WI DEPT OF TRANSPORTATION
PO BOX 7949
MADISON WI 53707

WILLIAM BRODY
BUCHALTERNEMER
1000 WILSHIRE BLVD, STE 1500
LOS ANGELES CA 90017-2457

WORLD OMNI FINANCIAL CORP.
190 JIM MORAN BOULEVARD
DEERFIELD BEACH FL 33442

ZAPPIA, THOMAS M., ESQ.
ZAPPIA & LEVAHN
941 HILLWIND RD NE STE 301
MINNEAPOLIS MN 55432

CRAIG E REIMER
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

DENNIS E. HECKER #15080-041
FPC DULUTH
FEDERAL PRISON CAMP
P.O. BOX 1000
DULUTH, MN 55814

HOWARD J ROIN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL 60606

MARIA ROMANO
4744 PARADISE ROAD
LAS VEGAS, NV  89121

SAJIDA MAHDI ALI
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

STUART ROZEN
MAYER BROWN LLP
71 SOUTH WACKER DRIVE
CHICAGO, IL  60606

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA

In re:                                                                                      BKY No. 09-50779

Dennis E. Hecker,                                                                                      Chapter 7

        Debtor.

## ORDER

The above matter came before the court on the trustee's motion to approve a settlement among and between the trustee, GELCO Corporation, U.S. Bank National Association, Corepointe Capital Finance LLC, as assignee of and successor to Chrysler Financial Services Americas, LLC, Denny Hecker's Automotive Group, Inc., and Walden Fleet Services II, Inc.

Based upon all the files, records and proceedings herein, and the court being fully advised in the premises, the court makes the following findings:

### FINDINGS

1.     After extensive negotiations and discussion over several months, the parties agreed to settle all outstanding issues among them. The full and complete terms of the settlement are set out in the settlement agreement appended to the trustee's motion to approve settlement.

2.     In the exercise of his business judgment, the trustee believes the settlement agreement is in the best interests of the estate, Denny Hecker's Automotive Group, Inc., and Walden Fleet Services II, Inc. The settlement is a product of numerous discussions, comprehensive analysis and mutual compromises.

3.     After carefully analyzing the legal and factual issues and the costs, risks and benefits of continued litigation, the trustee concluded that the compromise will serve the best interests of the

estate and its creditors. The court approves and adopts the trustee's exercise of his business judgment to enter into the settlement.

4.      The court finds the terms of the settlement fair and equitable to the creditors of the estate and to Denny Hecker's Automotive Group, Inc., and Walden Fleet Services II, Inc.

5.      The trustee provided notice of the motion to approve settlement to those parties entitled to notice. The court finds that the trustee has properly served the motion to approve settlement on all parties-in-interest. No objection was filed to the motion, and counsel for all necessary parties have endorsed this order.

## ORDER

In view of the foregoing findings, IT IS HEREBY ORDERED:

1.      The trustee's motion to approve settlement is hereby granted.

2.      The trustee's settlement with GELCO Corporation, U.S. Bank National Association, Corepointe Capital Finance LLC, as assignee of and successor to Chrysler Financial Services Americas, LLC, Denny Hecker's Automotive Group, Inc., and Walden Fleet Services II, Inc. is hereby approved.

3.      The terms of the settlement agreement and the transactions contemplated therein are hereby adopted, ratified, and approved. The trustee is hereby authorized, empowered and directed to enter into, and to perform his obligations under, the settlement agreement and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the settlement agreement. Upon the satisfaction of all conditions precedent set forth in the settlement agreement, the releases granted therein shall become fully effective without further notice or order.

4.      No later than five business days after this order becomes final, GELCO shall pay the trustee $2,071,300.00, U.S. Bank $1,528,700, and Centerpointe $500,000.

5.      This order and the terms herein shall survive the conversion, dismissal or refiling of any bankruptcy petition by the Debtor or any party to the settlement agreement and shall be binding on all successors and assigns, including any trustee or committees appointed under the Bankruptcy Code.

6.      The court shall retain jurisdiction to adjudicate any dispute relating to the settlement.

Dated: _____

_____
United States Bankruptcy Court Judge

439237