UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>       Debtor. | Chapter 7<br><br>BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>       Plaintiff,<br><br>vs.<br><br>Ally Financial, Inc. f/k/a<br>General Motor Acceptance Corporation<br>and GMAC,<br><br>       Defendant. | Adv. No.: 11-5___<br><br>**ADVERSARY COMPLAINT** |

Randall L. Seaver, the Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Trustee**"), for his Complaint against Ally Financial, Inc. f/k/a General Motor Acceptance Corporation and GMAC. ("**Defendant**"), states and alleges as follows:

1. On June 4, 2009, Debtor Dennis E. Hecker commenced this bankruptcy case by filing a voluntary Chapter 7 petition in the District of Minnesota. Trustee was appointed as the Chapter 7 Trustee.

2. Defendant, previously known as GMAC, Inc., is a bank holding company headquartered in Detroit, Michigan.

3. Prior to the commencement of this bankruptcy case, entities affiliated with the Debtor were indebted to Defendant.

4. On or about March 11, 2009, Ralph Thomas gave $266,575.42 to the Debtor, at his request, by causing a wire to be made in Debtor's name to Defendant's account at JP Morgan Chase (the "**Transfer**").

5. The $266,575.42 transfer to Debtor, consistent with the other transfers from Thomas, was, upon information and belief, a gift to the Debtor.

## COUNT ONE - PREFERENCE

6. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

7. During the ninety days prior to the commencement of this Chapter 7 case, Defendant received the Transfer.

8. At the time of the Transfer, Defendant was a creditor of the Debtor.

9. The Transfer constituted a transfer of an interest of the Debtor's property.

10. The Transfer was for, or on account of, an antecedent debt owed by the Debtor to Defendant.

11. Debtor was insolvent at the time of the Transfer or was presumed to have been insolvent.

12. The Transfer enabled Defendant to recover more than it would receive as a creditor in this Chapter 7 case.

13. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the Transfer.

14. Pursuant to 11 U.S.C. §547(b), the Transfer is avoidable.

15. Pursuant to 11 U.S.C. §550(a), Plaintiff may recover from Defendant $266,575.42.

WHEREFORE, the Trustee seeks a judgment of this Court for the following:

1. Avoiding the Transfer to Defendant as preferential pursuant to 11 U.S.C. §547;

2.	Entering judgment in the amount of $266,575.42, together with interest, against Defendant and in favor of Randall L. Seaver, Trustee, under 11 U.S.C. §547 and 550; and,

3.	Awarding Randall L. Seaver, Trustee, his costs, disbursements and attorneys' fees as allowed by law, and for such other relief as the Court deems just.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: June 1, 2011

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030
*mburton@losgs.com*

Attorneys for Randall L. Seaver, Trustee

438897