**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 7 |
| Dennis E. Hecker, | BKY No. 09-50779 |
| Debtor. | |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | Adv. No.: 11-5___ |
| vs. | **ADVERSARY COMPLAINT** |
| J. C. Bromac Corporation, | |
| Defendant. | |

Randall L. Seaver, the Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Trustee**"), for his Complaint against J. C. Bromac Corporation, a California corporation ("**Defendant**"), states and alleges as follows:

1. On June 4, 2009, Debtor Dennis E. Hecker commenced this bankruptcy case by filing a voluntary Chapter 7 petition in the District of Minnesota. Trustee was appointed the Chapter 7 Trustee.

2. Defendant is a corporation which does business as Eagle Travel or EagleRider.

3. In October of 2008, Debtor, through an entity he solely owned, Hogrider Investments LLC ("**HLLC**"), owned 19,646 shares of Defendant, 19,646 shares of EagleRider, Inc. and 962 shares of Eagle Travel Systems, Inc (collectively, the "**Stock**").

4. Debtor was a director for each of the foregoing entities.

5. The Stock represented an identical equity stake in each of the three corporate entities of approximately 15.545%.

6. On or about October 2, 2008, Debtor borrowed $1,000,000.00 from Defendant and pledged the Stock as collateral pursuant to a Stock Pledge Agreement.

7. The Stock Pledge Agreement refers to each the Debtor and HLLC as the singular "Pledgor."

8. HLLC was formerly known as EagleRider Investments LLC. It does not appear that Debtor properly capitalized HLLC or that he honored corporate formalities.

9. Upon information and belief, the funds to purchase the Stock were derived from the Debtor and not any operations of HLLC.

10. Upon information and belief, HLLC and Debtor were alter egos with HLLC having been formed for tax or other purposes.

11. Although nominally held in HLLC, the Stock was an asset of the Debtor.

12. Pursuant to a letter issued by Defendant's counsel, the Debtor defaulted on the $1.0 million dollar loan the very next month, November 2008.

13. After Debtor's default, Defendant began taking steps to take, or accept, the Stock in full satisfaction of Debtor's obligations to it.

14. As of the time that Debtor commenced this bankruptcy case, Defendant had not, yet, conducted a sale of the Stock or accepted the Stock in satisfaction of the debt.

15. Counsel for Defendant has alleged that on June 23, 2009, 19 days after the commencement of this bankruptcy case, that the defaults had not been cured and that Defendant accepted the Stock in full satisfaction of Debtor's obligations.

16. Either within the year prior to the commencement of this case, or after the commencement of this case, Debtor consented to the application of the Stock to the debt in full satisfaction of the debt (the "**Transfers**").

17. Upon information and belief, the value of the Stock exceeded the amount pursuant to Defendant's loan to Debtor.

**COUNT ONE: FRAUDULENT TRANSFER UNDER 11 U.S.C. §548**

18. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

19. The Debtor made the Transfers for which the Debtor did not receive a reasonably equivalent value.

20. The Transfers were made when the Debtor was insolvent, or the Transfers made the Debtor insolvent.

21. At the time of the Transfers, the Debtor intended to incur, or believed that he would incur, debts beyond its ability to repay his debts as they matured.

22. Under 11 U.S.C. §548, the Trustee is entitled to avoid the Transfers and to recover from Defendant the value of the Transfers, together with prejudgment interest under 11 U.S.C. §550.

**COUNT TWO: FRAUDULENT TRANSFER UNDER MINN. STAT. §§513.44 and 513.45.**

23. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

24. The Debtor made the Transfers to Defendant without receiving reasonably equivalent value in exchange for the Transfers, at a time when the Debtor was engaged in or was about to engage in a business or a transaction for which the Debtor's remaining assets were unreasonably small in relation to his business, or when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

25. The Transfers were made at a time when creditors' claims existed, without the Debtor receiving reasonably equivalent value, and while the Debtor was insolvent or became insolvent as a result of the Transfers.

26. Under Minn. Stat. §§513.44 and 513.45, made applicable to this proceeding by 11 U.S.C. §544, and under 11 U.S.C. §550, the Trustee is entitled to recover the value of the Transfers from Defendant plus interest.

### COUNT THREE: FRAUDULENT TRANSFER UNDER MINN. STAT. §513.45(b).

27. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

28. Defendant's claim against Debtor arose prior to the Transfers.

29. The Transfers were made to Defendant on account of an antecedent debt at time when Debtor was insolvent.

30. The Transfers were made to Defendant, an insider, at a time when Defendant had reasonable cause to believe that Debtor was insolvent.

31. Under Minn. Stat. §513.45(b), made applicable to this proceeding by 11 U.S.C. §544, and under 11 U.S.C. §550, the Trustee is entitled to recover the value of the Transfers from Defendant plus interest.

### COUNT FOUR: AVOIDANCE UNDER 11 U.S.C. §549

32. The Trustee realleges the foregoing paragraphs of this Complaint.

33. After the commencement of this case, Debtor consented to the application of the Stock, which was property of the estate, to the debt owed by Debtor to Defendant.

34. The Transfers are avoidable as unauthorized transfers pursuant to 11 U.S.C. §549 and are recoverable by the Trustee pursuant to 11 U.S.C. §550.

WHEREFORE, the Trustee seeks a judgment of this Court for the following:

1. Avoiding the Transfers to Defendant as fraudulent transfers under 11 U.S.C. §§544, 548 and under Minn. Stat. §§513.44 and 513.45;

2. Avoiding the Transfers to Defendant as fraudulent transfers under 11 U.S.C. §544 and under Minn. Stat. §513.45(b);

3. Avoiding the Transfers to Defendant as unauthorized transfers under 11 U.S.C. §§549 and 550 and awarding a judgment for the value of the same.

4. Entering judgment for the total value of the Transfers and unauthorized payments, together with interest, against Defendant and in favor of Randall L. Seaver, Trustee, under 11 U.S.C. §§544,548, 549 and 550 and under Minn. Stat. §§513.44 and 513.45; and,

5. Awarding Randall L. Seaver, Trustee, his costs, disbursements and attorneys' fees as allowed by law, and for such other relief as the Court deems just.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: June 2, 2011

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030
*mburton@losgs.com*

Attorneys for Randall L. Seaver, Trustee

439552