# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

    Debtor.

BKY No. 09-50779
ADV No. 11-\_\_\_\_\_

Randall L. Seaver, Trustee,

    Plaintiff,

vs.

Center of Acupuncture,
U.S. Bank, N.A.,

    Defendants.

**COMPLAINT**

    Randall L. Seaver, Trustee ("Trustee") of the Bankruptcy Estate of Dennis E. Hecker ("Estate") as and for his Complaint against Center of Acupuncture and U.S. Bank, N.A.("U.S. Bank"), states and alleges as follows:

    1.    Trustee is the duly appointed Chapter 7 trustee of the bankruptcy estate of the debtor, which was commenced by the filing of a voluntary Chapter 7 petition ("Petition") on June 4, 2009.

    2.    Defendant Center of Acupuncture is believed to be a fictitious business name for a business formerly operated in Webster, South Dakota. The South Dakota Secretary of State's office has no contact information for a legal entity named Center of Acupuncture, nor is "Center of Acupuncture" recorded as a fictitious business name with Day County, the county in which Webster is located.

3. Defendant U.S. Bank, is a national banking association with a principal place of business in Minnesota.

4. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 petition.

5. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) and 1334.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

**Background Facts**

7. The debtor Dennis E. Hecker ("Hecker") was in possession of a 1988 Mercedes VIN# WDBBA48D9JA088304 ("Mercedes") on the date of his bankruptcy filing.

8. On the date of Hecker's filing he was believed to be the owner of the Mercedes, and that the vehicle was unencumbered by any lien interests.

9. On December 10, 2010, after motion by the trustee, the court entered an order approving the sale of the Mercedes free and clear of any interest in pursuant to 11 U.S.C. §363(b) and (f) with such interests, if any, attaching to the proceeds of sale with the same priority, dignity and effect as such interests existed pre-petition.

10. On December 16, 2010 the Mercedes was sold at auction and the proceeds were deposited into the trustee's account for the Estate.

11. Upon attempting to complete the transfer of title to the purchaser, the Trustee learned that the Mercedes title appears to be currently held in the name of the Defendant Center of Acupuncture, registered with the South Dakota Department of Motor Vehicles.

12. Upon information and belief, Hecker purchased the Mercedes from Center of Acupuncture.

13. Upon information and belief, the Mercedes' South Dakota title currently lists as a lien holder First Bank Southeast, N.A. of Owatonna ("First Bank").

14. Upon information and belief, through multiple acquisitions, the assets of First Bank are now property of the Defendant U.S. Bank.

15. Upon information and belief, at the time Hecker purchased the Mercedes from Defendant Center of Acupuncture the lien interest held in the Mercedes by First Bank was satisfied.

## COUNT ONE: Declaratory Relief Against
## Center of Acupuncture

16. The Trustee realleges the foregoing paragraphs of this Complaint.

17. An actual controversy has arisen and now exists between the Trustee and Defendant Center of Acupuncture concerning the ownership of the 1988 Mercedes VIN# WDBBA48D9JA088304.

18. The Plaintiff asserts that the debtor Hecker, perhaps through use of a business entity, purchased the Mercedes for consideration, but the title was not transferred to Hecker's name.

19. The Plaintiff seeks a declaration that the 1988 Mercedes, VIN # WDBBA48D9JA088304, became property of the bankruptcy estate of Dennis E. Hecker upon the filing of the Petition.

20. The Plaintiff also seeks a declaration authorizing the South Dakota Department of Motor Vehicles to issue to the Plaintiff a new title to the Mercedes, VIN # WDBBA48D9JA088304.

## COUNT TWO: Declaratory Relief Against
## U.S. Bank, N.A.

21. The Trustee realleges the foregoing paragraphs of this Complaint.

22. An actual controversy has arisen and now exists between the Trustee and U.S. Bank concerning the enforceability of a lien against an asset of the Estate.

23. The Plaintiff seeks a declaration that the lien currently filed against the Mercedes, VIN # WDBBA48D9JA088304, is satisfied and released.

24.     The Plaintiff also seeks a declaration authorizing the South Dakota Department of Motor Vehicles to issue to the Plaintiff a new title to the Mercedes, VIN # WDBBA48D9JA088304, clear of any lien.

**WHEREFORE**, the Trustee requests judgment of the court as follows:

1.     Declaring that the Mercedes, VIN# WDBBA48D9JA088304, became property of the bankruptcy estate upon the filing of the bankruptcy petition; and

2.     Declaring that Defendant Center of Acupuncture no longer has any interest in the Mercedes; and

3.      Declaring that the South Dakota Department of Motor Vehicles is authorized to issue a new title for the Mercedes, VIN# WDBBA48D9JA088304, to the Plaintiff, in the name of "Randall L. Seaver, Hecker Trustee"; and

4.     Declaring that U.S. Bank, N.A. has no interest in the Mercedes, VIN # WDBBA48D9JA088304; and

5.     Declaring that any interest once held by U.S. Bank, N.A. in the Mercedes, is hereby released; and

6.     Declaring that the South Dakota Department of Motor Vehicles is authorized to issue a new title to "Randall L. Seaver, Hecker Trustee" for the Mercedes, VIN # WDBBA48D9JA088304, free and clear of any lien; and

7.     Such other and further relief as the court deems just and equitable.

                                                **FULLER, SEAVER & RAMETTE, P.A.**

Dated: August _3_, 2011                 By:___/e/ Matthew D. Swanson_____
                                                Matthew D. Swanson       390271
                                                Fuller, Seaver & Ramette, P.A.
                                                12400 Portland Avenue South, Suite 132
                                                Burnsville, MN 55337

                                                Attorneys for Plaintiff