**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

BKY No. 09-50779

In re:

Dennis E. Hecker,

       Debtor.

## NOTICE OF SETTLEMENT

To:    The United States Trustee, all creditors and other parties in interest.

      On April 1, 2014, or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the Debtor named above will settle a controversy as follows: Randall L. Seaver is the duly appointed Chapter 7 Trustee in the above case, which was commenced by the filing of a voluntary Chapter 7 petition on June 4, 2009 (**"Petition Date"**) by Dennis E. Hecker ("Hecker" or "Debtor"). Hecker owned and operated dozens of auto dealerships, car rental franchises, and other businesses in the year prior to the Petition Date. One of the dealerships that was part of the Debtor's businesses was Advantage Motors-Airport, LLC d/b/a LAX Hyundai ("LAX Hyundai"). LAX Hyundai was located in Inglewood, CA.

According to an affidavit executed by the Debtor: 1) the LAX Hyundai dealership employed a chief financial officer and a separate controller specifically entrusted to handle the day to day financial responsibilities of the California dealership; and 2) the financial responsibilities of the chief financial officer and the controller included the payment of any sales and use taxes relating to the operation of LAX Hyundai.

LAX Hyundai issued a check, signed by its controller, in the amount of $75,063, dated March 24, 2009, payable to the SBE for payment of the estimated sales tax for the first quarter of 2009. The payment to the SBE was not honored by U.S. Bank. On or about April 3, 2009 LAX Hyundai surrendered its entire vehicle inventory to Hyundai Capital America.

On August 28, 2009, the SBE issued a compliance assessment to LAX Hyundai for its unreported taxes due for the first quarter of 2009. On December 8, 2009, the SBE filed proof of claim no. 114-1 in Bankruptcy Case No. 09-50779, asserting a contingent claim in the amount of $260,278.97.   Claim 114-1 asserted priority status pursuant to 11 U.S.C. § 507(a)(8) in the amount of $217,665.02. On August 10, 2010, the SBE issued a Notice of Determination to the debtor pursuant to California Revenue and Taxation Code § 6829 finding him to be personally liable for LAX Hyundai's unpaid tax liability. The Debtor did not appeal the determination, and as a result the determination became a final liability pursuant to California Revenue and Taxation Code § 6829 on September 9, 2010. On September 17, 2012, the SBE filed an amended claim, proof of claim no. 114-2, in which it asserted a priority claim in the amount of $301,449.31. On January 17, 2013, the SBE filed a second amended claim, proof of claim no. 114-3, in which it asserted a priority claim in the amount of $217,665.02 and a general unsecured non-priority claim in the amount of $88,080.33. The SBE claim against the Debtor was asserted pursuant to the

California Revenue and Taxation Code § 6829.

On September 20, 2013, the Trustee filed an objection to Proof of Claim 114-3. On October 18, 2013 the SBE filed a response to the Trustee's objection. On January 31, 2014, the Trustee filed an amended motion for determination pursuant to 11 U.S.C. § 505(a), asserting that the Debtor, and therefore the Estate, was not liable for the asserted tax debt pursuant to California Revenue and Taxation Code § 6829. On February 21, 2014, the SBE filed a response to the Trustee's amended motion and disputes the facts alleged by the Debtor and the Trustee.

## AGREEMENT

The parties have agreed, subject to bankruptcy court approval, to resolve the pending claim objection and January 31, 2013 amended motion as follows:

1. The parties agree to resolve any and all claims arising from the non-payment of sales and use taxes relating to the LAX Hyundai dealership by allowing the claim as follows:
    a. $75,063 shall be allowed as a general unsecured claim entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8); and
    b. The remaining balance of the SBE claim, $230,682.35, shall be allowed as a general unsecured non-priority claim.

2. Within 21 days of the entry of an order approving this settlement, the SBE shall file an amended proof of claim to comply with this Agreement and the claim amounts provided for in Paragraph 1 above.

The Trustee believes this settlement is in the best interest of the Estate.

**OBJECTION: MOTION: HEARING.**   Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date.   If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate.   If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.   The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| | | |
|---|---|---|
| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | below) |
| 301 U.S. Courthouse | 300 South Fourth Street | |
| 300 South Fourth Street | Minneapolis, MN 55415 | |
| Minneapolis, MN 55415 | | |

Dated:   March 7, 2014                                                  __/e/ Randall L. Seaver_____
                                                                        Randall L. Seaver, Trustee
                                                                        12400 Portland Avenue South, Suite 132
                                                                        Burnsville, MN 55337
                                                                        (952) 890-0888