# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 case |
| Debtor. | |
| | Adv. Case No.: 11-5013 |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Minnesota Department of Commerce and Dennis E. Hecker, | |
| Defendants. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against the Minnesota Department of Commerce ("**DOC**") and Dennis E. Hecker ("**Debtor**") (collectively, "**Defendants**"), states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §542 and Bankruptcy Rule 7001(9). This action is also in furtherance of execution on a judgment in favor of the Trustee against the

{00593742.3 }

Debtor in the amount of $294,899.20 dated April 19, 2011 (Adv. No. 10-05032) (the "**Judgment**").

5. The Trustee consents to final orders or judgment of this Court.

6. The purpose of this action is to preserve and collect the interest of the bankruptcy estate with respect to unclaimed funds held by the DOC as to which Debtor may claim an interest.

7. While incarcerated, Debtor has received funds which could have been used to partially satisfy the Judgment. For instance, in August of 2016, the City of Inver Grove Heights mailed a check in the amount of $34,469.28 owed to Jacob Holdings of Highway 110 LLC (one of Debtor's many defunct corporate entities) to the Debtor via a federal prison P.O. Box for federal inmate deposits. The check was deposited in Debtor's inmate account and the Department of Justice subsequently obtained the majority of those funds for restitution purposes.

8. Prior to the commencement of this bankruptcy case, Debtor had a sole or controlling interest in numerous corporate entities, many of which now have unclaimed funds on deposit with the DOC (together with funds held in Debtor's name, the "**Unclaimed Funds**").

9. Debtor may claim an interest in the Unclaimed Funds and any such claimed interest, to the extent that it is not property of the estate, would be subject to the Judgment.

10. To the best of the Trustee's knowledge, the Unclaimed Funds include, but are not limited to, funds deposited with the DOC in the name of the Debtor and in the names and/or on behalf of the following entities:

   a. Jacob Holdings of Crosslake LLC
   b. Jacob Holdings of Monticello LLC
   c. Jacob Holdings of Texas LLC
   d. Jacob Properties of Long Lake LLC
   e. Jacob Holdings of Burnsville LLC
   f. Jacob Holdings of County Rd 36 LLC

{00593742.3 }

2

    g.      Jacob Holdings of Forest Lake LLC
    h.      Jacob Holdings of Long Lake Rd LLC
    i.       Jacob Holdings of St. Louis Park LLC
    j.       Southview Chevrolet Co.
    k.      Rosedale Dodge Inc.
    l.       Rosedale Leasing LLC
    m.     Walden Automotive Group, Inc.
    n.      Walden Leasing, Inc.
    o.      Hecker and Holmers Holding Company LLC

11.    The Unclaimed Funds are either property of the bankruptcy estate or subject to the Judgment and therefore subject to execution.

## COUNT I - ACCOUNTING

12    The Trustee realleges the foregoing paragraphs of this Adversary Complaint.

13.    The DOC holds funds which are either property of the bankruptcy estate or subject to execution by way of the Judgment.

14.    The Trustee is entitled to an Order of this Court mandating an accounting with respect to the Unclaimed Funds and identifying all funds held by the DOC in the name of the Debtor or one of his corporate entities including, but not limited to, those identified in paragraph 9, above.

## COUNT II - DECLARATORY RELIEF

15.    The Trustee realleges the foregoing paragraphs of this Adversary Complaint.

16.    The Trustee is entitled to declaratory relief pursuant to 28 U.S.C. §2201 et seq. and 11 U.S.C. §541 determining that some or all of the Unclaimed Funds are property of the bankruptcy estate of Dennis E. Hecker or subject to the Judgment.

## COUNT III – TURN OVER

17.    The Trustee restates and realleges the foregoing paragraphs of this Complaint.

18. Some or all of the Unclaimed Funds are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

19. The Trustee is entitled to a judgment of this Court directing that the DOC turn over property of the bankruptcy estate to the Trustee pursuant to 11 U.S.C. §§542 and 550.

### COUNT IV – EXECUTION OF JUDGMENT

20. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

21. Bankruptcy Rule 7064, incorporating Rule 64 of the Federal Rules of Civil Procedure, provides for the application of state law with respect to this Court's ability to aid the Trustee with execution with respect to the Judgment.

22. Minn. Stat. §575.05 provides in relevant part that, "The judge may order any of the judgment debtor's property in the hands of the judgment debtor or any other person, or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment."

23. The Unclaimed Funds include funds in the name of the Debtor or his defunct entities which are property of the bankruptcy estate.

24. The Unclaimed Funds also include funds directed to administratively dissolved and defunct corporate entities owned or controlled by the Debtor, the result of which being that such funds can be determined to be property of the estate or subject to the Judgment.

25. The Trustee is entitled to a judgment of this Court enforcing the Judgment against the Unclaimed Funds to the fullest extent possible.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order as follows:

1. Pursuant to Count I, directing an accounting with respect to the Unclaimed Funds.

2. Pursuant to Count II, determining that some or all of the Unclaimed Funds are property of the bankruptcy estate of Dennis E. Hecker or subject to execution with respect to the Judgment.

3. Pursuant to Count III, directing that the DOC turn over property of the estate pursuant to 11 U.S.C. §§542 and 550.

4. Pursuant to Count IV, enforcing the Judgment against the Unclaimed Funds to the fullest extent possible.

5. Granting such other relief as the Court deems just and equitable in the premises.

        **LEONARD, O'BRIEN**
        **SPENCER, GALE & SAYRE, LTD.**

Dated: August 29, 2017        By /e/ Matthew R. Burton
        Matthew R. Burton, #210018
        Attorneys for Randall L. Seaver, Trustee
        100 South Fifth Street, Suite 2500
        Minneapolis, Minnesota 55402-1216
        (612) 332-1030